*AP-76.207*

\* \* \* \* \*   DEATH PENALTY   \* \* \* \* \*
Volume One

# C L E R K ' S   R E C O R D

Volume of __1__ Of __3__
Trial Court Cause Number __F08-24667-V__
In the __CRIMINAL__ District Court __NO. 7__
of Dallas County, Texas,

Honorable __MIKE SNIPES__, Judge Presiding.

__THE STATE OF TEXAS__, Plaintiff

vs.

__JAMES GARFIELD BROADNAX__, Defendant

Appealed to the Court of
Criminal Appeals of Texas at Austin, Texas

Name __John Tatum__
Address __990 S. Sherman, Richardson, TX   75081__
Telephone No. __972.705.9200__
Fax No. __972.690.9901__
SBOT No. __19672500__
Attorney for: __James Garfield Broadnax__

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 28 2009

Louise Pearson, Clerk

Delivered to the Court of Criminal Appeals of Texas at Austin, Texas
_____ day of _____, _____

Signature of Clerk _____
Name of Clerk _____
Title _____

FILED IN
COURT OF CRIMINAL APPEALS

JAN 06 2010

Louise Pearson, Clerk

Appellate Court Cause No.
Filed in the Court of Criminal Appeals of Texas at Austin, Texas
this __18th__ day of __December__, __2009__

GARY FITZSIMMONS, DALLAS COUNTY DISTRICT CLERK

By __Ana McDaniel__, Deputy

SCANNED

_____
DATE

JAMES GARFIELD BROADNAX          CAUSE NO.          F08-24667-Y

VS                               IN THE CRIMINAL DISTRICT COURT

THE STATE OF TEXAS               NO. 7, OF DALLAS, COUNTY, TEXAS

==================================================================

## * INDEX *

Caption                                                              Vol. 1-01

True Bill of Indictment     (15 Sep 08)                             Vol. 1-02

Trial Docket                                                         Vol. 1-04

Writ/Officer's Return     (22 Sep 08)                               Vol. 1-17

Subpoena Duces Tecum Request     (04 Dec 08)                        Vol. 1-18
Record Custodian - Parkland Hospital

Order of the Court     (05 Dec 08)                                 Vol. 1-20
Custodian of Records - Texarkana, Arkansas Independent
School District

State's Notice of Intent to Seek the Death Penalty                 Vol. 1-21
(30 Jan 09)

Discovery and Notice of Extraneous (1st)                           Vol. 1-22
(17 Feb 09)

Order of the Court   (03 Mar 09)                                   Vol. 1-27
Custodian of Records for Hope High School

Objections to State's Proposed Questionnaire                       Vol. 1-28
(06 Apr 09)

Jury Questionnaire - draft 3(4-1-09)                               Vol. 1-36
(07 Apr 09)

State's Motion in Support of Proposed Questionnaire                Vol. 1-54
(07 Apr 09)

Order Changing Name of Defendant                                  Vol. 1-56
(07 Apr 09)

JAMES GARFIELD BROADNAX                                    PAGE    2

F08-24667-Y

========================================================================

Motion to Exclude Evidence of So-Called Lack of              Vol. 1-57
Remorse    (16 Apr 09)

Motion in Limine to Preclude Testimony About Violent        Vol. 1-61
Acts by Others    (16 Apr 09)

Defendant's Motion in Limine Voir Dire    (16 Apr 09)       Vol. 1-65

Mr. Broadnax's Motion to Exercise Retroactive               Vol. 1-71
Peremptory Challenges and to Alternate Questioning
Potential Jurors During Individual Voir Dire
(16 Apr 09)

Motion to Limit State's Cross-Examination of Defendant      Vol. 1-87
to the Scope of the Direct Examination by the Defense
During Punishment Phase    (16 Apr 09)

Motion to Read, Mark and Inwardly Digest Jones V.           Vol. 1-90
State and Threadgill V. State Relating to Defense Challenges
for Cause    (16 Apr 09)

State's Motion for Psychiatric Examination of Defendant     Vol. 1-93
for Rebuttal Testimony/Granted    (20 Apr 09)

State's Omnibus Pretrial Motions/Granted                    Vol. 1-96
(20 Apr 09)

Motion to Disclose Experts and Hearing/Granted              Vol. 1-99
(20 Apr 09)

State's Motion in Limine/Granted    (20 Apr 09)             Vol. 1-102

Discovery and Notice of Extraneous    (2nd)                 Vol. 1-104
(21 Apr 09)

Discovery and Notice of Extraneous    (3rd)                 Vol. 1-106
(21 Apr 09)

Discovery and Notice of Extraneous    (4th)                 Vol. 1-108
(18 May 09)

JAMES GARFIELD BROADNAX                                         PAGE   3

F08-24667-Y

====================================================================

State's Notice of Intent to Use Business Records                Vol. 1-190
Accompanied by Affidavit    (18 May 09)
Jay R. Soules/KDFW FOX 4
Disc #1,2, & 3

State's Notice of Intent to Use Business Records                Vol. 1-194
Accompanied by Affidavit    (18 May 09)
Sharla Alford/KXAS-TV
Disc #1

State's Notice of Intent to Use Business Records                Vol. 1-198
Accompanied by Affidavit    (18 May 09)
Angela Williams/KTVT-TV
Disc #1 and Video

State's Notice of Intent to Use Business Records                Vol. 1-202
Accompanied by Affidavit    (18 May 09)
Merrill J. Balanciere/Garland Fire Department

State's Response to Defendant's Motion to Give Notice           Vol. 1-212
of State's Intent to Use Certified Documents
(18 May 09)

Defendant's Application for Probation in Jury Trial             Vol. 1-215
(18 May 09)

Motion to Quash Subpoena of Non-Party Shaun Rabb                Vol. 1-216
(27 May 09)

Order - Motion to Quash the Subpoena of Non-Party              Vol. 1-259
Shaun Rabb/Denied    (28 May 09)

Non-Party Ellen Goldberg's Motion to Quash Trial               Vol. 1-260
Subpoena    (29 May 09)

Clerk's Certification that Appellate Record is True and         Vol. 1-279
Correct

CAPTION

The State of Texas            §

County of Dallas              §

In the   Criminal District Court No. 7   of Dallas County, Texas, the Honorable  Mike Snipes , Judge Presiding, the following proceedings were held and the following instruments and other papers were filed in this cause, to wit:

Trial Court Cause No.   F08-24667-Y

| | | |
|---|---|---|
| The State of Texas | § | In the   Criminal |
| Vs. | § | District Court  No. 7 , |
| James Garfield Broadnax | § | of Dallas County, Texas |

00001

I.M

DEFENDANT  Broadnax, James Gardield        B M  10301988  CHARGE CAP MUR FEL

AKA:

ADDRESS    Pinehurst Village 104, Texarkana, Ar        LOCATION DSO

FILING AGENCY  TX0571100   DATE FILED September 08, 2008        COURT        CDC 7

COMPLAINANT  Swan, Stephen                    F-0824667        VT#:

C/C        Demarius Cummings

## TRUE BILL INDICTMENT

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:  The Grand Jury of

Dallas County, State of Texas, duly organized at the _____ July _____ Term, A.D., ___ 2008 ___ of the

_____ 204th Judicial District Court _____, Dallas County, in said Court at said

Term, do present that one        **BROADNAX, JAMES GARDIELD**        , Defendant,

On or about the      19 th   day of June A.D., 2008        in the County of Dallas and said State, did

unlawfully then and there intentionally cause the death of STEPHEN SWAN, an individual, hereinafter
called deceased, by SHOOTING THE DECEASED WITH A FIREARM, A DEADLY WEAPON, and the
defendant was then and there in the course of committing and attempting to commit the offense of
ROBBERY of said deceased,

against the peace and dignity of the State.

**CRAIG WATKINS**

Criminal District Attorney of Dallas County, Texas

Foreman of the Grand Jury.

COURT

00002



FILED

08 SEP 15 AM 11: 39

GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO.. TEXAS

DEPUTY

00003

BAIL STATUS:   JAIL

No. F08-24629-QY

FORM 385 REV

00004

| STATE OF TEXAS | ATTORNEYS | OFFENSE | DATE OF FILING |
|---|---|---|---|
| JAMES GARDIELD BROADNAX | | CAPITAL MURDER, A CAPITAL FELONY OFFENSE AS CHARGED IN THE INDICTMENT/MULT | 9-15-08 |
| | | | |
| | | | |
| | | | |

| DATE OF ORDER | ORDERS OF COURT |
|---|---|
| | 9·23·08 First |
| | 9·30·08 Ann |
| | 10-7-08 Ann |
| | 10-13-08 Ann need Rec |
| | 10·16·08 Ann |
| | 10·30·08 Ann |
| | 11·20·08 Ann |
| | 12·18·08 Ann Rec needed |
| | 12·22·08 Ann Rec. |
| | 1·30·08 Ann |
| | 2-11-09 Ann (Trial) |
| | 7·27·09 Trial |
| | 8-10·09 Trial |
| | 6-16·09 Ann MTQ TV |

| BAIL STATUS: | JAIL | | | No. F08-24667-QY |
|---|---|---|---|---|

| STATE OF TEXAS | ATTORNEYS | OFFENSE | DATE OF FILING |
|---|---|---|---|
| JAMES GARDIELD BROADNAX | | CAPITAL MURDER, A CAPITAL FELONY OFFENSE AS CHARGED IN THE INDICTMENT/FEL | 9-15-08 |
| | | | APR 16 2009 |
| | | | |
| | | | |

| DATE OF ORDER | ORDERS OF COURT |
|---|---|
| | 9.23.08 First |
| | 9.30.08 Ann |
| | 10-7.08 Ann |
| | 10-13.08 Ann red Rec |
| | 10.16.08 Ann |
| | 10.30.08 Ann |
| | 11.20.08 Ind |
| | 12.18.08 Ann Recruited |
| | 12.22.08 Ann red Rec |
| | 1.30.09 Ann |
| | 2.11.09 Ann trial Date |
| | 7.27.09 trial |
| 7 APR 09 | Hearing on questionnaire and script for big panel. Hearing on defense motions set for 21 APR at 9:00 [signature] |

STATE OF TEXAS

vs. No. _____

_____

| DATE OF ORDER | ORDERS OF COURT |
|---|---|
| APR 16 2009 | Defendant served with jury list. Questionnaire admitted as State's A. Motions hearing set for 0830 21 APR. _Michael R. Snipes_ |
| 21 APR 09 | Hearing on motions. Granted. as noted. 38.22 Hearing on 23 July. 0830 702-705 " " 24 July 0830 _Michael R. Snipes_ |
| 24 APR 09 | Introduction to panel. Set for trial on 10 AUG 2009 at 0820. _Michael R. Snipes_ |
| 18 MAY 2009 | Motions hearing. Voir dire set for 26 May 2009. _Michael R. Snipes_ |

000007

TRIAL DOCKET — CRIMINAL DISTRICT COURT — DALLAS COUNTY, TEXAS

BAIL STATUS:                                                                    No._____
                                                                               FORM 311 REV

| STATE OF TEXAS | ATTORNEYS | OFFENSE | DATE OF FILING |
|---|---|---|---|
| *BROADNAX* | | *CAPITAL MURDER* | |
| | | | |
| | | | |
| | | | |
| | | | |

| DATE OF ORDER | ORDERS OF COURT |
|---|---|
| 5/26/09 → | Patti cr ① Jerome Pulleams — #1 ②BRAGG - Cause — ③DUZAN - cause ④ Ross #2 ⑤ Truell cause ⑥Morrison cause — Venire no show |
| 5/27/09 | Bauder cr - Akerry #3 Swift cause Nang - Desmond #4 McConnell #5 Pelle cause Oliver cause Abadie cause |
| 5/28/09 | McCravey #6 Clements → #7 Watkins cause, Magnen cause Annab cause Pritchie #8 |
| 5/29/09 | Willie → McGovern - cause used, Kovak cause Nation #9 Herrera cause |
| 6/1/09 | Meredith Green - cause, Folz #10 ; Herlstein - Cause ; Essary - Cause ; Riley - Cause ; Rivera #11 |
| 6/2/09 | RIZER - #12 GAMEZ - Cause ; Sanford - #13 ; Wood #14 ; Tofel - Cause ; Harrison - Cause ; ▉▉▉ |
| 6/3/09 | McDonald #15 ; Coleman - CAUSE DAVIS - EXCUSED , Nobel #16 ; Oham - Cause ; Parra - Cause ; HENRY #17 |

BAIL STATUS:

No. F08-24667

| STATE OF TEXAS | ATTORNEYS | OFFENSE | DATE OF FILING |
|---|---|---|---|
| | BRAD LoLLAR DOUG PARKS | Capitol Murder | |
| | | | |
| | | | |
| | | | |

| DATE OF ORDER | ORDERS OF COURT |
|---|---|
| JUN 01 2009 | ~~St Lopez~~ Steven Pickett Troy Larkin are sworn as witnesses for hearing on July 23. Michael R. Snipes Hearing on witness Ellen Goldberg. Goldberg sworn. Rebecca Lopez sworn Sean Robb. Michael R. Snipes |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

00003

TRIAL DOCKET — CRIMINAL DISTRICT COURT — DALLAS COUNTY, TEXAS

BAIL STATUS:                                No._____

FORM III REV

| STATE OF TEXAS | ATTORNEYS | OFFENSE | DATE OF FILING |
|---|---|---|---|
| JAMES BROADNAX | | CAPITAL MURDER | |
| | | | |
| | | | |

| DATE OF ORDER | ORDERS OF COURT |
|---|---|
| Court Reporter - Anne Merideth | |
| 6/4/09 | Gallardo - Cause; MARTINEZ - Cause; Bukin - CAUSE; Munson - Cause; EGAR (#18) Jackson - Excused by Agreement. |
| 6/8/09 ct Rptr | Maguire (#19) CASTRO - CAUSE - Riddle - Cause. Alexander - Cause. Mercer - Challenged; Davis - CAUSE; Murphy - Cause |
| Heather Vezina 6/9/09 ct Rptr Heather Vezina | Herrera - Cause, Davidson (#20) Jackson (#21) Rendon - CAUSE. Shuler - Cause. Knowles - Cause; Bookmie - Cause; Gruenow - Cause |
| 6/10/09 ct Rptr Heather Vezina | Kinnard (#22) Davis - Cause. Barbosa - Cause. Gaynor - cause; Coleman - Excused. Newton - cause; Fincher - cause (Theft case) |
| 6/11/09 | McDonald (#23) LANE - Disqualified (Theft Conviction). Mills - Cause. Parker - Cause; ROACH - Cause; Price - EXcused by Agreement; Aguilera - Cause |

#3

PageID 633

Page 14 of 219

Filed 06/28/16

Document 38-4

Case 3:15-cv-01758-N

00010

TRIAL DOCKET — CRIMINAL DISTRICT COURT — DALLAS COUNTY, TEXAS

BAIL STATUS: _____ No._____ FORM 311 REV

| STATE OF TEXAS | ATTORNEYS | OFFENSE | DATE OF FILING |
|---|---|---|---|
| JAME⁵ BROADNAX | | CAPITAL MURDER | |
| | | | |
| | | | |
| | | | |

| DATE OF ORDER | ORDERS OF COURT |
|---|---|
| 6/15/09 Ct Reporter Vicki Tack #5606 | 6/15/09 - WATSON - EXEMPT (Children under 5); RANDELL - Qualified #24), HUYNH - CAUSE; Dixon - CAUSE; HORNE - EXCUSED PHLATTS - CAUSE |
| 6/16/09 | HAMilTON - Cause, HENVEY - Cause; Whitton - CAUSE, Morris - Qualified #25) |
| 6/17/09 | Anderson - Cause; FERREIRA - Qualified #26; HARDY - Cause; Woodward - Qualified #27 |
| 6/18/09 | Johnson - CAUSE; Cantwell - Qualified #28), Lopez - CAUSE; Young - CAUSE MOTA - CAUSE |
| 6/22/09 | KONKLE - QUALIFIED #29) Others excused After sworn reduced to officer - Knowles Cause Marijovich Cause |
| 6/23/09 | Marshall Qualified #30 Moreno excused Bidford Qualified #31 |

BAIL STATUS:

No. _____

0011

| STATE OF TEXAS ✔ | ATTORNEYS | OFFENSE | DATE OF FILING |
|---|---|---|---|
| BROWNAX | HAWLEY, EVANS, MIKEL, ALEX | CAPITAL MURDER | |
| | | | |
| | COCEAN, FRANKS, MALLOW | | |

| DATE OF ORDER | ORDERS OF COURT |
|---|---|
| 6/24/09 | Heard - [illegible] accused came. Friedel Qualified #32 Stinson #38 Holmes Cause |
| 6/25/09 | Meyer, Langford Nelson Bail [illegible] Cause |
| 6/29/09 | Livingston Qualified #34 Allan came Stockton #35 Parker Cause |
| 6/30/09 | Rush excused Smith excused Saulter no show Long Qualified #36 Jones Cause |
| 7/1/09 | Kohanga unqualified Patterson Qualified #37 [illegible] excused Gard Excused |
| 7/2/09 | Kreighbaum Qualified #38 Richman excused Cash — excused |
| 7/6/09 | [illegible] excused Bridges Cave Clark Gatured, Nicholson, Barnadin, [illegible] Oliver, Saulter Campbell, Gautier, Alger, Malangi, Perez, Hallan, Lindsey Trifield, Crime Boykin |
| 7/6/09 | Hodges Qualified #39 |
| 7/7/09 | Jackson Qualified #40 Morrison Qualified #41 Please excused Benefield Qualified #42 |
| 7/8/09 | Daniels Qualified #43 Trotter excused Blevins Qualified #44 Sanchez exempt [illegible] |
| 7/9/09 | Riddick Qualified #45 Olvera Qualified #46 Faulkner Qualified #47 Jury [illegible] |
| 7/17/09 | Put on record that prospective #27 Woodward [illegible] prospective jury [illegible] with severe head injuries. Her Attending Physician sent a fax that she would not be in any condition physically or mentally to participate in the trial. She was excused by agreement of parties and |

Prospective Jurors #45 Olvera McElhannon [illegible] Qualified #46 [illegible] [illegible] #47 [illegible]

Case 3:15-cv-01758-N   Document 38-4   Filed 06/28/16   Page 16 of 219   PageID 635

00012

STATE OF TEXAS

vs. No. _____

| DATE OF ORDER | ORDERS OF COURT |
|---|---|
| 7/20/09 | Case called to order #6 Williams J#1 - 58 Pass state #1 - #34 O'Henry state #2 - #101 Desmond Δ#1 - #123 McCaulagh state #3 - #145 McCraney state #4 Batson challenge denied - #134 Clements J#2 - Valdez state #5 Batson challenge denied - Phillips |
| 7/20/09 | #29 Alex Foltz - Juror #3, #208 - Ashley Lewis SS#6 - Batson challenge - Denied, #222 - Curtis Riser - SS#7 - Batson challenge - Denied; #265 - Johnny Sanford SS#8; #277 - Vicki Wood Δ#3; #272 Kelly McDonald - Juror #4; #337 Helen Noble - ΔS#4; #301 - Bill Henry - ΔS#5; #284 - Heather Egan - ΔS#6; #289 - John Maurice - ΔS#7; #392 - Lisa Davidson - ΔS#8; #544 Carl Jackson - SS#9; #401 Leah Kinard - SS#10; #451 - Bruce McDonald - ΔS#9; #601 - Teresa Randeals - ΔS#10; #626 - Kimberly Morris - Juror #5; #573 - Guy Ferreira - JUROR #6; #474 - John Cantrell - ΔS#11.   Quay J. Paul |
| 7/20/09 | #660 Krahle Δ#12 - #551 Marshall st #11 - 468 Bedford Δ#13 - Zandel J#7 #684 Stanson J#8 - #797 Livingston Δ#84 - #824 Alberton Δ#15 - #868 Lengot #12 Batson challenge denied - #930 Patteson state #13 Batson challenge denied #874 Greezbaum Juran #9 - #977 Hodges Δ#16 - #1391 - state #14 Batson challenge denied - #1062 Maureau Batson challenge state #15 Batson challenge denied Alfred J#10 - Δ requests additional strike denied - #1345 Jewell J#11 - Δ denied addl strike #1313 Blurris J#12 Δ denied extra strike #1094 Fiddick J#13 - #1178 Owen Δ#1 #1708 Paradin st #1 ## - #1335 McElroy J#14 |

BAIL STATUS:

No. F08-2466

| STATE OF TEXAS | ATTORNEYS | OFFENSE | DATE OF FILING |
|---|---|---|---|
| v. | BRAD Lollan | Capital Murder | |
| James Broadnax | DouG Parks | | |
| | Keri Mallon | | |
| | | | |
| | | | |

| DATE OF ORDER | ORDERS OF COURT |
|---|---|
| 24 July 2009 | Nathan Johnson sworn. Michael R. Snipes DR John Roached qualified as witness after hearing under TRE 702-705 Same for officer Barrett Nelson Alice Gatewood, Arneshia Luckey, Dymond Smith sworn. Michael R. Snipes |
| 24 July 2009 | Evelyn Berg Courtney Bottie are sworn as witnesses. Michael R. Snipes John Calhoun sworn. Michael R. Snipes DR. Cheryl Silver qualified as expert witness 702-705 Michael R. Snipes |

Case 3:15-cv-01758-N    Document 38-4    Filed 06/28/16    Page 18 of 219    PageID 637

00014

27 July
2009

Hearing on motion to suppress statements. Stayed as to testimony of various reporters pursuant to order from Court of Appeals, Fifth District of Texas at Dallas.

*Michael R. Snipes*

**JUL 3 0 2009**

Hearing on Batson challenge. Challenge granted as to juror 45. Juror reinstated. State moves to strike array. Motion denied.

Sharina

*Michael R. Snipes*

4 AUG
2009

Hearing on motion to statements continued from 27 July 2009 after mandamus denied and stay lifted. Motion to suppress is denied.

*Michael R. Snipes*

6 AUG
2009

Hearing on objections to evidence. All objections overruled except as to State's 52 and punishment exhibits held in abeyance. *Michael R. Snipes*

BAIL STATUS:

No. _F08-2466_

0015

| STATE OF TEXAS | ATTORNEYS | OFFENSE | DATE OF FILING |
|---|---|---|---|
| v. | BRAD LOllAR | Capital MURDER | |
| James BROAD- | DOUG PARKS | | |
| NAX | Keri Mallon | | |
| | | | |
| | | | |
| | | | |

| DATE OF ORDER | ORDERS OF COURT |
|---|---|
| AUG 1 0 2009 | Jury trial. Plea of not guilty michael R. Snipes |
| AUG 1 1 2009 | Jury trial. verdict of guilty to capital murder michael R. Snipes |
| AUG 1 2 2009 | Jury trial. Punishment phase. michael R. Snipes |
| AUG 1 3 2009 | Jury trial. Punishment phase. michael R. Snipes |
| AUG 1 4 2009 | Jury trial. Punishment phase. michael R. Snipes |
| | Jury trial. Punishment phase. michael R. Snipes |
| AUG 1 7 2009 | Jury trial. Punishment phase. michael R. Snipes |

Case 3:15-cv-01758-N   Document 38-4   Filed 06/28/16   Page 20 of 219   PageID 639

Jury trial. Punishment phase.

Michael R. Snipes

AUG 18 2009

Jury trial. Punishment phase.

Michael R. Snipes

AUG 19 2009

Jury trial. Punishment phase.
Defendant sentenced to death.

Michael R. Snipes

AUG 20 2009

00016

WRIT

CAUSE NO. F-0824667-QY

THE STATE OF TEXAS
VS.
JAMES GARDIELD BROADNAX

2E066

08047374

CRIMINAL DISTRICT COURT 7
OF DALLAS COUNTY, TEXAS

OFFENSE:   CAP MUR FEL

---

TO THE SHERIFF OF DALLAS COUNTY, TEXAS-GREETINGS:

YOU ARE HEREBY COMMANDED TO IMMEDIATELY SERVE  JAMES GARDIELD BROADNAX

THE DEFENDANT IN THE ABOVE TITLED CAUSE,

WITH ACCOMPANYING CERTIFIED COPY OF THE ORIGINAL INDICTMENT IN SAID CAUSE.

   WITNESS MY OFFICIAL SEAL AND SIGNATURE AT MY OFFICE IN THE CITY OF DALLAS,

THIS THE  15TH DAY OF  SEPTEMBER  A.D. 2008.



GARY FITZSIMMONS
CLERK OF THE DISTRICT COURTS
DALLAS COUNTY, TEXAS

BY _____   DEPUTY

---

OFFICER'S RETURN

CAME TO HAND ON THIS THE ____ DAY OF ____ Sept ____ A.D. 20 08

AND EXECUTED ON THIS THE __22__ DAY OF ____ Sept ____ A.D. 20__08

BY DELIVERING TO THE DEFENDANT IN PERSON

THE CERTIFIED COPY OF THE INDICTMENT ATTACHED HERETO.

RETURNED ON THIS THE 22 DAY OF ____ Sept ____ A.D. 20__08

BY _____#5069_____ DEPUTY          SHERIFF,  DALLAS COUNTY,TEXAS

00017

NO. F0824669

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE CRIMINAL |
| VS. | § | DISTRICT COURT # 7 |
| JAMES BROADNAX | § | DALLAS COUNTY, TEXAS |

## SUBPOENA DUCES TECUM REQUEST

Now comes the below signed and asks the Court to Subpoena Duces Tecum the below listed witness(es) to appear in Court on the said date and time and bring the requested evidence:

DATE/TIME OF TRIAL: DECEMBER 22, 2008 at 9:00 A.M.

WITNESS: **RECORD CUSTODIAN**
PARKLAND HOSPITAL
5201 HARRY HINES
DALLAS, TEXAS 75235
972-590-5255; (FAX) 972-590-4215

**Witness needs to bring or mail to us the following evidence: 133 N. INDUSTRIAL BLVD., LB 19, DALLAS, TEXAS 75207; (214) 653-3790.**

Any and all medical records including pathology, hematology, chemistry, QA and QI reports pertaining to:

Name: JAMES BROADNAX

DOB: 10-30-1988

SSN: 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

Admitted on: UNK

REQUESTED BY: INVESTIGATOR ROBERT MILLER

PHONE NUMBER: 214-653-3790

FAX NUMBER: 214-653-5774

DATE REQUESTED: 12-04-2008

The testimony of said witness...is believed to be material to the STATE.

**ELAINE EVANS**
469-385-1710
Assistant District Attorney
133 N. Industrial Blvd., Dallas, Tx. 75207

00018

CAUSE NO.___F0824669

| | |
|---|---|
| STATE OF TEXAS | IN THE _CRIMINAL_ |
| VS. | DISTRICT COURT # 7 OF |
| JAMES BROADNAX | DALLAS COUNTY, TEXAS |

## ORDER FOR MEDICAL/MENTAL HEALTH RECORD RELEASE

On this _04_ day of _DECEMBER,_ 2008, the Court has reviewed the attached subpoena and good cause has been shown for the issuance of the attached subpoena to further the prosecution of a criminal matter pending before this court.

**IT IS HEREBY ORDERED** that the health care provider/mental health care provider named in the subpoena release all records designated therein.

SIGNED ___12 – 4___,2008

MICHAEL SNIPES

The Honorable

Judge Presiding

**In lieu of personally appearing before the said court at said time place, the said witness may comply with this subpoena by furnishing true and correct certified copies of the aforesaid records to the following named person at the following address: Robert Miller Criminal Investigator, Frank Crowley Courts Building, 133 N. Industrial Blvd., LB 19, Dallas, Texas 75207-4399 (214) 653.3600.**

00019

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | CAUSE NO. F08-24667 |
| | § | |
| VS. | § | CRIMINAL DISTRICT COURT #7 |
| | § | |
| JAMES GARDIELD BROADNAX | § | DALLAS COUNTY, TEXAS |

## ORDER OF THE COURT

IT IS HEREBY ORDERED ON THE 5TH DAY OF DECEMBER, 2008 THAT IN A MATTER PENDING BEFORE THIS COURT.......

The Custodian of Records or designee for Texarkana, Arkansas Independent School District (TISD) provide **true and correct copies under affidavit authenticating same of any and all TISD school records for the former student James Gardield Broadnax, date of birth 10/30/88, SS# 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, to include transcripts, attendance records, special education/alternative school records, evaluations, disciplinary records and/or counseling records.**

**The Custodian or designee may comply with this order by submitting the requested records on or before December 19, 2008 to:**

**David Barger, Lt./Investigation Div.
Dallas District Attorney's Office
133 N. Industrial Blvd. LB19
Dallas, Texas 75207-4399
214-653-3614**

JUDGE
CRIMINAL DISTRICT COURT #7
DALLAS COUNTY, TEXAS

00020

NO. F08-24667-Y

| STATE OF TEXAS | § | IN THE CRIMINAL |
| | § | |
| VS. | § | DISTRICT COURT NO. 7 OF |
| | § | |
| BROADNAX, JAMES | § | DALLAS COUNTY, TEXAS |

## STATE'S NOTICE OF INTENT TO SEEK THE DEATH PENALTY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the STATE OF TEXAS by and through her Assistant District Attorney, David Alex, and files this Motion and gives written notice that the State of Texas intends to seek the Death Penalty in Cause Number F08-24667-Y.

RESPECTFULLY SUBMITTED,

_____
David Alex
Assistant District Attorney
Dallas County, Texas
Bar No. 24003256

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument has been served upon the attorney for the Defendant by hand delivery on this the 30th day of January, 2009.

_____
David Alex
Assistant District Attorney
Dallas County, Texas

FILED
2009 JAN 30 AM 10: 00
GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO. TEXAS
DEPUTY

00021

NO. F08 24629 Y
F08 24667 Y

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE CRIMINAL |
| VS. | § | DISTRICT COURT #7 |
| Broadnax, James | § | DALLAS COUNTY, TX |

## DISCOVERY and NOTICE OF EXTRANEOUS (1st)

The enclosed Disks (11 of 11) filed with the Court are for

**Discovery Purposes Only.** In addition, copies of the

enclosed Disks (11 of 11) were turned over to Counsel for

the Defendant.

Also, Pursuant to TEX. CODE CRIM. PRO. ART. 38.37, TEX. R.

CRIM. EVID. 404(B), and CODE CRIM. PRO. ART. 37.07, the

State of Texas is hereby giving you notice of intent to use during

presentation of State's case in chief, or during punishment, in the

above-captioned and numbered criminal actions, **Any and All**

extraneous crimes, wrongs or acts included in this discovery turned

over to the defense.

Received By:

Brad Lollar
On February 17, 2009

00022

State of Texas vs James Broadnax
F08-24667 Cap Murder

Garland Police Dept.
Cummings Interview
Disc 1 of 2

DISCOVERY

State of Texas vs James Broadnax
F08-24667 Cap Murder

Garland Police Dept.
Cummings Interview
Disc 2 of 2

DISCOVERY

00023



State of Texas vs James Broadnax
F08-24667  Cap Murder

Garland Police Dept.
Harris Interview

DISCOVERY

State of Texas vs James Broadnax
F08-24667  Cap Murder

Garland Police Dept.
DPS Helicopter Video
of Crime Scene

DISCOVERY

State of Texas vs James Broadnax
F08-24667  Cap Murder

Texarkana Police Dept.
in-car video

DISCOVERY

State of Texas vs James Broadnax
F08-24667  Cap Murder

GPD Crime Scene Photos
ME Photos and Reports

DISCOVERY

00025





0026

THE STATE OF TEXAS              §    CAUSE NO. F08-24667
                               §
VS.                            §    CRIMINAL DISTRICT COURT #7
                               §
JAMES GARDIELD BROADNAX        §    DALLAS COUNTY, TEXAS

## ORDER OF THE COURT

IT IS HEREBY ORDERED ON THE 3rd DAY OF MARCH, 2009 THAT IN A MATTER PENDING BEFORE THIS COURT.......

Tommy Morrison, Principal of Hope High School (or designee) as Custodian of Records for Hope High School, 1701 South Main St., Hope, Arkansas 71801, provide **true and correct copies under affidavit authenticating same of any and all Hope Public School records for the former student James Gardield Broadnax, date of birth 10/30/88, SS# 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, to include transcripts, attendance records, special education/alternative school records, evaluations, disciplinary records and/or counseling records.**

The Custodian or designee may comply with this order by submitting the requested records on or before March 20, 2009 to:

David Barger, Lt./Investigation Div.
Dallas District Attorney's Office
133 N. Industrial Blvd. LB19
Dallas, Texas  75207-4399
214-653-3614

_____
JUDGE
CRIMINAL DISTRICT COURT #7
DALLAS COUNTY, TEXAS

00027

NO. F08-24629-FY
NO. F08-24667-FY

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | § | IN THE CRIMINAL |
| | § | |
| **VS.** | § | DISTRICT COURT NO. 7 OF |
| | § | |
| **JAMES GARFIELD BROADNAX** | § | DALLAS COUNTY, TEXAS |

## OBJECTIONS TO STATE'S PROPOSED QUESTIONNAIRE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW JAMES GARFIELD BROADNAX, Defendant herein and files this, his Objections to the State's Proposed Questionnaire and in support thereof would respectfully show as follows:

I.

Defendant objects to the State's proposal to only advise the venire of the name of one of the complainants when it is clear that the jury will hear about both of the deceased complainants during the trial. Where a prospective juror might not recall the case if she is under the impression there was only one deceased, she might well recall the situation where two people were killed outside a Garland Music Studio. If the purpose is to identify those people who have read or heard the facts of the case so that proper inquiry can be made the venire must be given enough information to make that judgement.

II.

Defendant objects to the State's proposed recitation beginning on page 2 with the words, "There has been news media . . . and continuing on page 3 where the prospective juror

OBJECTIONS TO STATE'S PROPOSED QUESTIONNAIRE   P. 1

00028

is called upon to indicate her agreement or disagreement with various statements.

### III.

TEX. CODE CRIM. PROC., art. 35.17, <u>Voir dire examination</u>, states the following:

1. When the court in its discretion so directs, except as provided in Section 2, the state and defendant shall conduct the voir dire examination of prospective jurors in the presence of the entire panel.

2. In a capital felony case in which the State seeks the death penalty, **the court *shall* propound to the entire panel of prospective jurors** questions concerning the principles, as applicable to the case on trial, of reasonable doubt, burden of proof, return of indictment by grand jury, presumption of innocence, **and opinion.** Then, on demand of the State or defendant, either is entitled to examine each juror on voir dire individually and apart from the entire panel, and may further question the juror on the principles propounded by the court.

The term "opinion," above, has been interpreted by this Court to include questions concerning the venire members' "knowledge of the case." *Martinez v. State,* 867 S.W.2d 30, 35, n.7 (Tex. Crim. App. 1993), citing *Esquivel v. State*, 595 S.W.2d 516, 522 (Tex. Crim. App.1980).

Meanwhile, TEX. CODE CRIM. PRO. Art. 35.16, <u>Reasons for Challenge for Cause,</u> states as follows:

(a) A challenge for cause is an objection made to a particular juror, alleging some fact which renders him incapable or unfit

OBJECTIONS TO STATE'S PROPOSED QUESTIONNAIRE  P. 2

00029

to serve on the jury. A challenge for cause may be made by either the state or the defense for any one of the following reasons:

1. That he is not a qualified voter in the state and county under the Constitution and laws of the state; provided, however, the failure to register to vote shall not be a disqualification. That he has been convicted of theft or any felony;

...

10. That from hearsay, or otherwise, there is established in the mind of the juror such a conclusion as to the guilt or innocence of the defendant as would influence him in his action in finding a verdict. To ascertain whether this cause of challenge exists, the juror shall first be asked whether, in his opinion, the conclusion so established will influence his verdict. *If he answers in the affirmative, he shall be discharged without further interrogation by either party or the court.* If he answers in the negative, he shall be further examined as to how his conclusion was formed, and the extent to which it will affect his action; and, if it appears to have been formed from reading newspaper accounts, communications, statements or reports or mere rumor or hearsay, and if the juror states that he feels able,

OBJECTIONS TO STATE'S PROPOSED QUESTIONNAIRE  P. 3

00030

notwithstanding such opinion, to render an impartial verdict

upon the law and the evidence, the court, if satisfied that he is

impartial and will render such verdict, may, in its discretion,

admit him as competent to serve in such case. If the court, in its

discretion, is not satisfied that he is impartial, the juror shall be

discharged;

. . .

TEX. CODE CRIM. PRO. Art. 35.16 (Emphasis supplied; remaining portions omitted).

Appellant asserts that the express language of art. 35.17, supra, dictates that the trial court judge "shall" propound questions to the entire panel of prospective jurors concerning their "opinions," which necessarily includes any knowledge the venire members have about the entire case. Then, according to article 35.16(a)(10), if it is found that a particular venire member has a preexisting conclusion as to the guilt or innocence of the accused which will influence their determination of a verdict, then that potential juror must be discharged for cause without any further questioning by either the parties or the trial judge.

The obvious purpose of the State's proposed language is to "frontload" rehabilitation which is otherwise prohibited by the statute. The idea being that, contrary to the plain meaning and intent of the statute, a prospective juror can be taught to set aside bias and

OBJECTIONS TO STATE'S PROPOSED QUESTIONNAIRE  P. 4

00031

prejudice, so long as it is done before asking the statutory question, by advising her that she is not qualified to sit unless she will say she can set her opinion aside.

In order to comply with the statute, the questionnaire should have a short rendition of the agreed facts, sufficient to call the incident to mind for any prospective juror who has formed an opinion based upon hearsay and then ask the following:

Do you think you have heard about this case? __ Yes __ No

If yes, please give details (including how you heard - radio, TV, newspaper, word of mouth).

_____

_____

_____

Based upon anything you have heard or read, have you formed an opinion of the guilt or innocence of the Defendant which would influence your verdict?

_____ Yes    _____ No

Based upon anything you have heard or read, have you formed an opinion as to the proper punishment for the Defendant, if he is found guilty?

_____ Yes    _____ No

OBJECTIONS TO STATE'S PROPOSED QUESTIONNAIRE  P. 5

00032

IV.

The objective of voir dire examination "is to cause to be assembled a competent, fair, impartial, and unprejudiced jury to judge the facts of the case. *Scaley v. State,* 887 S.W.2d 885, 896-7 (Tex. Crim. App. 1994), citing *Yanez v. State,* 677 S.W.2d 62, 65 (Tex. Crim. App.1984). Having potential jurors who may have already formed opinions as to Defendant's guilt, and who should therefore have been excused without further questioning by either side or the court, in violation of the Code of Criminal Procedure would deny Defendant due process of law and due course of law.

V.

The Sixth Amendment to the United States Constitution states:

> In all criminal prosecutions the accused shall have a speedy and public trial by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law.

U.S.CONST., amend. VI. The right embodied in this clause of the Sixth Amendment is one that, under the Due Process Clause of the Fourteenth Amendment, states may not deny. *Duncan v. Louisiana,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968).

Consistent with the TEX. CODE CRIM. PRO., articles 35.16 & 35. 17, the trial court judge is required to inquire of potential jurors whether those jurors have any knowledge of the case which would affect their determination of a verdict, and if so, the trial court is required to excuse the ineligible veniremember without further questioning by any party.

OBJECTIONS TO STATE'S PROPOSED QUESTIONNAIRE  P. 6

00033

Appellant makes this timely request that the trial judge make such inquiry and excuse any such disqualified veniremember. This inquiry should be made before either party has an opportunity to "educate" the biased juror what she must say to be qualified or to otherwise circumvent the purpose and intent of the law. The objective of voir dire examination "is to cause to be assembled a competent, fair, impartial, and unprejudiced jury to judge the facts of the case. *Staley v. State,* 887 at 896-7, citing *Yanez v. State,* 677 S.W.2d at 65. This concern with assembling such a jury is consistent with the 6th Amendment to the United States Constitution. Further, the necessity of an impartial jury is amplified in a capital case, where the State is seeking the death penalty as evidenced by the provisions of the Code of Criminal Procedure which relate specifically to jury selection in death penalty cases. Potential jurors with preexisting opinions as to guilt or punishment should be excused without further questioning by either side or the court. A trial judge's failure to ensure that only impartial jurors are selected denies Appellant due process of law pursuant to the 6th and 14th Amendments to the United States Constitution.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Honorable Court sustain his objections to the State's proposed questionnaire and substitute the questions suggested herein, or other appropriate questions that comport with law.

OBJECTIONS TO STATE'S PROPOSED QUESTIONNAIRE  P. 7

00034

Respectfully submitted,

_____

BRADLEY K. LOLLAR
State Bar No. 12508700
1700 Commerce Street, Ste. 404
Dallas, TX 75201
(214) 384-8178

_____
DOUGLAS H. PARKS
State Bar No. 15520000
321 Calm Water Lane
Holly Lake Ranch, TX 75765
(214) 521-2670
(903) 769-3465 - Telefax

*Counsel to James Garfield Broadnax*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been served

upon David Alex, Assistant District Attorney, Dallas County, Texas, on this the 6th day of

March, 2009, by hand delivery.

_____
DOUGLAS H. PARKS

OBJECTIONS TO STATE'S PROPOSED QUESTIONNAIRE  P. 8



# JURY QUESTIONNAIRE – draft 3(4-1-09)

Juror No._____

*You have taken an oath to truthfully, correctly and completely answer the following questions. Please answer each and every question. The information you give in this questionnaire will only be used by the court and the parties to select a qualified jury. After a jury has been selected, all copies of your responses will be kept secret. The parties are under orders to maintain the secrecy of any information they learn in the course of reviewing these questionnaires.*

**PLEASE PRINT DARK ENOUGH TO MAKE COPIES:**

NAME:_____

        Last        First        Middle        Maiden (If Applicable)

Age _____      Date of Birth _____

Sex _____              Month        Day        Year

Race _____     Place of Birth _____

                            City/Town        State

Social Security Number: _____

Driver's License Number: _____

Home Address: _____

        Number        Street        City/Town        Zip

Home Number   ( )_____   Work Number   ( )_____

Cellular Number  ( )_____   Fax Number    ( )_____

Pager Number   ( )_____

## DEATH PENALTY

Are you in favor of the death penalty?   [ ] YES   [ ] NO   Please explain your answer. _____

_____

_____

_____

_____

With reference to the death penalty, which of the following statements best represents your feelings? **(Circle only one).**

1. I believe that the death penalty is appropriate in all murder cases.

2. I believe that the death penalty is appropriate in some murder cases, and I could return a verdict in a proper case which assessed the death penalty.

3. Although I do not believe that the death penalty ever ought to be invoked, as long as the law provides for it, I could assess it under the proper set of circumstances.

4. I believe that the death penalty is appropriate in some murder cases, but I could never return a verdict which assessed the death penalty.

5. I could never, under any circumstances, return a verdict which assessed the death penalty.

00036

**PLEASE ANSWER EACH AND EVERY QUESTION**

If you are in favor of the death penalty in some cases, do you agree that a life sentence, rather than the death penalty, would be appropriate under the proper circumstances in some cases?    [  ] YES    [  ] NO

Do you have any moral, religious or personal beliefs that would prevent you from sitting in judgment of another human being?    [  ] YES    [  ] NO    If yes, please explain. _____

_____

_____

Do you have any moral, religious or personal beliefs that would prevent you from returning a verdict which would result in the execution of another human being?    [  ] YES    [  ] NO    If yes, please explain.

_____

_____

Has there been any particular event in your life that has influenced the way you feel about the death penalty? [  ] YES    [  ] NO    If yes, please explain. _____

_____

_____

_____

The best argument **for** the death penalty is _____

_____

_____

The best argument **against** the death penalty is _____

_____

_____

Although neither side is permitted to tell you their version of the facts in this case, both sides have agreed to summarize the allegations as follows, to see if you know anything about this case:

It is alleged that on June 19, 2008, Stephen Swan was shot to death outside of a Garland Music studio.

There has been news media coverage regarding this case. If chosen as a juror you will have taken an oath that requires you to return a verdict, whatever that verdict is, on the basis of the evidence that you hear in the courtroom and not from some outside source. Therefore, there is nothing wrong with a prospective juror, such as yourself, having heard of this case, or having heard of this defendant. However, it is not permissible if what you have heard causes you to have a preconceived conclusive opinion that the defendant is guilty or not guilty, or a preconceived conclusive opinion as to what punishment the defendant should receive, if found guilty. A juror is not qualified to serve if there is established in the mind of the juror such a conclusion as to the guilt or innocence of the defendant as would influence the jurors action(s) in reaching a verdict.

2

00037

PLEASE ANSWER EACH AND EVERY QUESTION

All defendants are presumed to be innocent. This presumption requires the State to prove a defendant's guilt beyond a reasonable doubt before a jury would be authorized in finding the defendant guilty of an offense. Only evidence presented in court, under oath, and subject to cross examination is to be considered by a jury in determining whether the State has satisfied its burden of proof in a particular case. A juror, to be qualified, must set aside any opinion held concerning a defendant's guilt that was formed by the reading of newspaper accounts, by seeing or hearing other media reports, or through rumor or hearsay.

## PLEASE ANSWER EACH AND EVERY QUESTION

PLEASE INDICATE WHETHER YOU AGREE OR DISAGREE WITH THE FOLLOWING STATEMENTS:

(1) A defendant in a criminal case should be presumed to be innocent unless the State proves their guilt beyond a reasonable doubt, if it does. [  ] Agree    [  ] Disagree

(2) A jury's verdict should be based only on the evidence heard in the courtroom, and not from what one hears outside the courtroom.   [  ] Agree    [  ] Disagree

(3) What one hears in the news media is a better source of information than testimony one hears in the courtroom. [  ] Agree    [  ] Disagree

Do you think you have heard about this case?    [  ] Yes    [  ] No
If yes, please give details (including how you heard - radio, TV, newspaper, word of mouth).

_____

_____

_____

_____

For what crimes do you think the death penalty should be available in Texas? _____

_____

_____

Do you agree with the law in the State of Texas that says murder (intentionally taking a life without legal justification) in the course of committing or attempting to commit robbery is a capital offense for which the death penalty may be imposed?    [  ] YES    [  ] NO
Please explain. _____

_____

_____

_____

3

00038

**PLEASE ANSWER EACH AND EVERY QUESTION**

Do you think there are some crimes which call for the death penalty **solely** because of their severe facts and circumstances, regardless of whether or not the guilty person has committed prior violent acts?
[ ] YES    [ ] NO    Please explain. _____
_____
_____

If you believe in using the death penalty, how strongly, on a scale of 1 to 10 (with 1 being least and 10 being most) do you hold that belief? _____

Do you think the death penalty is a deterrent to other criminals?    [ ] YES    [ ] NO

Do you feel the death penalty in Texas is used too often or too seldom?  Please explain.
_____
_____
_____

Do you think the death penalty is ever misused?    [ ] YES    [ ] NO    If yes, please explain.
_____
_____
_____

Are your views on the death penalty different from your spouse or a close family member's views?
[ ] YES    [ ] NO    Please explain your answer.
_____
_____
_____

Have your, your spouse's or close family member's views on the death penalty changed in the past five years?    [ ] YES    [ ] NO
If yes, please explain what caused the change. _____
_____
_____

Have you ever watched any TV shows or movies or read any books or articles dealing with the death penalty or life on death row?
[ ] YES    [ ] NO    If yes, which ones? _____
_____

How did those shows, movies, books or articles influence your opinion about the death penalty? _____
_____
_____

4

00039

**PLEASE ANSWER EACH AND EVERY QUESTION**

Do you believe in "an eye for an eye"?    [  ] YES    [  ] NO

Do you think that spending a lifetime in prison is equivalent to the death penalty?    [  ] YES    [  ] NO

Which of the following accurately states your general belief regarding a sentence of life without the possibility of parole?    **(Circle one).**
  (Strongly in favor)    (Moderately in favor)    (Neutral)    (Moderately opposed)    (Strongly opposed)

Please explain your response. _____
_____
_____

What purposes, if any, do you believe life without the possibility of parole serves? _____
_____
_____

What would be important to you in deciding whether a person received a death sentence rather than a life sentence in a capital murder case? _____
_____
_____

Have you, a family member, or close friend had any involvement with drug usage?    [  ] YES    [  ] NO
If yes, please explain. _____
_____
_____

The law in the state of Texas is: "*Voluntary intoxication does not constitute a defense to the commission of crime.*" Do you agree with this law?  [  ] YES    [  ] NO
Please explain. _____
_____
_____

The law in Texas further provides that evidence of intoxication may be considered in mitigation of punishment. Do you agree with this law?  [  ] YES    [  ] NO    Please explain. _____
_____
_____

Would a person's use of drugs or alcohol at the time of the offense automatically prevent you from assessing the death penalty if you found him guilty of capital murder?  [  ] YES    [  ] NO    If yes, please explain.
_____
_____
_____

5

00040

**PLEASE ANSWER EACH AND EVERY QUESTION**

Have you or any family member or close personal friend ever undergone counseling or treatment for emotional, psychiatric, behavioral or substance abuse (alcohol or drug) problems? [ ] YES  [ ] NO   If yes, please explain. _____

_____

_____

Have you, family member or a close friend ever worked in the mental health profession as a psychologist, psychiatrist, therapist, marriage counselor, nurse or in any other mental health capacity? [ ] YES  [ ] NO If yes, please explain. _____

_____

_____

Have you, family member or a close friend ever been diagnosed with Post Traumatic Stress Disorder (PTSD)? [ ] YES  [ ] NO   If yes, please explain. _____

_____

_____

Have you ever known anyone to experience any kind of trauma related to war or warfare? [ ] YES  [ ] NO If yes, please explain. _____

_____

_____

What are your thoughts and feelings, either positive or negative, about psychiatrists, psychologists or other mental health professionals? _____

_____

_____

How would you feel about a psychiatrist, psychologist, or other mental health professional testifying in a capital murder case as an expert witness? _____

_____

_____

### CRIMINAL JUSTICE SYSTEM
What are your thoughts and feelings in general about the criminal justice system? _____

_____

_____

Do you believe crime is on the increase or decrease? _____
Please explain why you believe this is happening. _____

_____

6

00041

**PLEASE ANSWER EACH AND EVERY QUESTION**

What is the first thing that comes to mind when you think of the following:

Police officers _____

Prosecutors _____

Defense lawyers _____

Private investigators _____

Do you believe police officers are more likely to tell the truth than the average person?

[ ] YES   [ ] NO   Please explain. _____

_____

_____

_____

**Please check the response which best reflects your personal belief regarding the following five (5) statements:**

"Most criminals are actually victims of society's problems."

[ ] Strongly Agree      [ ] Agree      [ ] Uncertain      [ ] Disagree      [ ] Strongly Disagree

"The criminal justice system fairly protects the rights of persons accused of committing a crime."

[ ] Strongly Agree      [ ] Agree      [ ] Uncertain      [ ] Disagree      [ ] Strongly Disagree

"The criminal justice system fairly protects the rights of victims of crime."

[ ] Strongly Agree      [ ] Agree      [ ] Uncertain      [ ] Disagree      [ ] Strongly Disagree

"My city's police officers are enforcing the laws in a professional and fair way."

[ ] Strongly Agree      [ ] Agree      [ ] Uncertain      [ ] Disagree      [ ] Strongly Disagree

"Criminal laws treat criminal defendants too harshly."

[ ] Strongly Agree      [ ] Agree      [ ] Uncertain      [ ] Disagree      [ ] Strongly Disagree

Where would you place our criminal justice system on a scale of 1 to 10 with respect to punishment of criminal offenders (1 being the most lenient and 10 being the most severe)? **(Circle a number).**

1      2      3      4      5      6      7      8      9      10

Rank the following objectives of punishment in order of their importance to you: (1st, 2nd or 3rd)

_____  Rehabilitate those convicted

_____  Deter others from similar crimes

_____  Punish those convicted

Please explain your above answer. _____

_____

_____

00042

**PLEASE ANSWER EACH AND EVERY QUESTION**

Where would you place yourself on a scale of 1 to 10 with respect to your attitude towards proper punishment in the criminal justice system (1 being the most lenient and 10 being the most severe)? **(Circle a number)**.

1        2        3        4        5        6        7        8        9        10

Do you think that prison rehabilitates people?  [ ] YES    [ ] NO    Please explain your answer.

_____

_____

_____

What do you think makes a person dangerous? _____

_____

_____

Some people feel genetics, circumstances of birth, upbringing and environment should be considered when determining the proper punishment of someone convicted of a crime.  What do you think? _____

_____

_____

_____

Have you, your spouse, any family members or close personal friends ever been accused, arrested or convicted (including probation, deferred adjudication, conditional discharge, fine, etc.) of a crime _above_ the level of a traffic ticket?        [ ] YES    [ ] NO    If yes, please give the following details:

| Person Charged | Relation to You | Type of Crime | Date | Outcome of Charge |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |

Do you know anyone who is now or has ever been in jail or prison?    [ ] YES    [ ] NO
If yes, please give details:

| Person Charged | Relation to You | Date | Name of Jail or Prison | Type of Charge | Outcome of Charge |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |

Have you, your spouse, any family members or close personal friends ever been the _victim_ of a crime or a _witness_ to a crime?    [ ] YES    [ ] NO    If yes, please give details. _____

_____

_____

00043

**PLEASE ANSWER EACH AND EVERY QUESTION**

Have you ever known anyone that was killed either accidentally or otherwise?    [ ] YES    [ ] NO
If yes, please explain. _____
_____
_____

Have you ever used the services of this or any other District Attorney's office (hot checks, child support, protective order, etc.)?    [ ]YES    [ ] NO    If yes, please give details. _____
_____
_____

Have you or any family members ever requested or been placed under a Protective Order or Restraining Order?    [ ] YES    [ ] NO    If yes, please give details. _____
_____
_____

Have you, your spouse, any family members or close personal friends ever had any training in law enforcement, applied for employment in law enforcement or been employed in law enforcement (police officer, constable, deputy sheriff, secretary in police department, etc.)?    [ ] YES    [ ] NO    If yes, please give details. _____
_____
_____

Have you, your spouse, any family members or close personal friends ever used the services of an attorney, been involved in litigation, or had friends or associates (professionally or socially) who are attorneys?
[ ] YES    [ ] NO    If yes, please give details. _____
_____
_____

Have you, your spouse, any family members or close personal friends ever been associated with, supported, or worked with any group or organization opposed to the death penalty or any group dedicated to defendants' rights or rehabilitation such as Amnesty International or the American Civil Liberties Union?
[ ] YES    [ ] NO    If yes, please give details. _____
_____
_____

Have you or your spouse ever been associated with, or worked with any state, local or national citizen law enforcement group such as a crime commission, group dedicated to victims' rights, traffic commission, neighborhood crime watch, Mothers Against Drunk Driving or police or sheriff's auxiliary?
[ ] YES    [ ] NO    If yes, please give details. _____
_____
_____

Have you, your spouse or any family members ever hired the services of a private investigator or private security agency?    [ ] YES    [ ] NO    If yes, please give details. _____
_____
_____

9

00044

**PLEASE ANSWER EACH AND EVERY QUESTION**

Have you ever been interested in the outcome of a criminal case either personally or through the media?
[ ] YES    [ ] NO    If yes, please give details. _____
_____
_____

Did you form any opinion as a result of this interest?      [ ] YES   [ ] NO    Please give details.
_____
_____
_____

Have you or your spouse ever been a juror in a civil or criminal case or a grand juror?  [ ] YES    [ ] NO
If yes, please give the following details:

| Year of Case | Type of Case | Verdict Punishment Amount | Judge or Jury Set Punishment |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

If no verdict was reached, please explain why. _____
_____
_____

Were you the Foreman of that jury?     [ ] YES   [ ] NO

If you have served on a jury, how much did you participate in that jury's discussion? (Check one)
___Less than other jurors      ___More than other jurors      ___Same as other jurors

If you have served on a jury, how much influence do you think you had on that jury's verdict? (Check one)
___Less influence than other jurors   ___More influence than other jurors    ___Same influence as others

If you have served on a jury, was there anything that upset you to the extent that such jury service was an
unsatisfactory experience?     [ ] YES   [ ] NO   If yes, please explain. _____
_____
_____

Have you ever owned a gun?     [ ] YES   [ ] NO

How do you feel about gun control? _____
_____
_____

10

00045

**PLEASE ANSWER EACH AND EVERY QUESTION**

Do you agree with the following statement: "It is better that ten guilty people go free than one innocent man be convicted."    [  ] YES    [  ] NO    Please explain. _____

_____

_____

Do you agree with the following statement: "Regardless of what a judge says the law is, jurors should do what they believe is the right thing."    [  ] YES    [  ] NO    Please explain. _____

_____

_____

_____

## *BIOGRAPHICAL INFORMATION*

How long have you lived in Dallas County? _____

What other cities have you lived in and how many years did you live in each?

_____

_____

_____

Your current employer: _____

Location: _____

Occupation/duties: _____

_____

_____

How long have you been employed there? _____

Supervisor: _____

Work phone number: ( __ ) _____

Excluding the above, list your occupations for the past ten years:

| Title | Job Description | Employer | Length of Employment |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

Do you have any projects in progress at your job which might affect your ability to concentrate if you were to serve as a juror on this case for a week or more?   [  ] YES    [  ] NO    If yes, please explain. _____

_____

_____

Have you ever gone by any other name(s) or nickname(s)?    [  ] YES    [  ] NO

If so, please list all of them. _____

_____

_____

00046

**PLEASE ANSWER EACH AND EVERY QUESTION**

### *MARITAL STATUS*

Are you:

Widowed __      Married __      Separated __      Divorced __      Single __      Living with someone __

How long married? _____

Married previously? _____

How many times married? _____

How many times divorced? _____

List your maiden name and any last names you have had from previous marriages (if applicable).

_____

_____

Spouse's/housemate's name: _____

|        | Last | First | Middle | (Maiden) |
|--------|------|-------|--------|----------|

Age _____      Date of Birth _____

Sex _____

|  | Month | Day | Year |
|--|-------|-----|------|

Place of Birth _____

|  | City/Town | State |
|--|-----------|-------|

Spouse's employer: _____

Occupation/duties_____

_____

How long employed there? _____

Work phone number: _____

If not employed, what is spouse's/housemate's source of income? _____

What other types of jobs has your spouse held? _____

_____

### *CHILDREN INFORMATION ( INCLUDING CHILDREN, STEPCHILDREN AND DEPENDANTS)*

| Full Name | Date of Birth | Age | Sex | Current School or Occupation |
|-----------|---------------|-----|-----|------------------------------|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |
| 6. | | | | |

12

00047

## PLEASE ANSWER EACH AND EVERY QUESTION

Do you think that concern about your children or dependents might distract your concentration if you served as a juror in this case for a week or more?  [  ] YES    [  ] NO

### *BROTHER AND SISTER INFORMATION*

| Full Name | Date of Birth | Age | Sex | Current School or Occupation |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |
| 6. | | | | |

### *PARENT INFORMATION*

Mother's full name: _____

Mother's date of birth: _____

Mother:  Living [  ]    Deceased [  ]

If living, current residence (City/Town/State): _____

Occupation/Job: _____

If retired or deceased, type of prior work: _____

_____

Father's full name: _____

Father's date of birth: _____

Father:  Living [  ]    Deceased [  ]

If living, current residence (City/Town/State): _____

Occupation/Job: _____

If retired or deceased, type of prior work: _____

_____

### *EDUCATION*

Please give us your educational background. Be sure to indicate how far you went in school, the name of any colleges or trade schools you attended, your major subject and degrees received. If you did graduate work, please list your field of study. _____

_____

_____

Are you presently a student? [  ] YES  [  ] NO    If yes, please give details_____

_____

_____

00048

PLEASE ANSWER EACH AND EVERY QUESTION

Have you, any family members or close personal friends ever studied psychology, sociology, criminology or law (or worked for a person in one of these fields)? [ ] YES [ ] NO If yes, please give details. ____
_____
_____

## MILITARY SERVICE

If applicable, please list branch, years of service, duties, rank, and type of discharge:
Yourself: _____
Spouse: _____

## RELIGIOUS, POLITICAL, AND OTHER ACTIVITIES

Religious preference: _____ Church denomination, if any: _____
Name and location of church or synagogue: _____
How often do you attend? _____
If your church has a position on capital punishment, please state it: _____
_____
Do you agree? _____

Other than attendance, what other activities are you involved in at your church or synagogue? _____
_____
_____

Were you raised in some other denomination? [ ] YES [ ] NO If yes, which one? _____
_____
_____

Have you, family member or close personal friend ever been involved in prison / jail ministry?
[ ] YES [ ] NO If yes, please explain the experience _____
_____
_____

Have you, family member or close personal friend ever visited a prison / jail ? [ ] YES [ ] NO If yes, please explain the experience _____
_____

Are you registered to vote? [ ] YES [ ] NO When did you last vote in an election? _____
_____

Do you consider yourself politically liberal, conservative, or moderate? _____

14

00049

**PLEASE ANSWER EACH AND EVERY QUESTION**

Do you consider yourself a Democrat, Republican, or Independent? _____

If you have stated a preference for a political party, do you admire any member of the opposition party? If so, state who that person is and why you admire him/her. _____

_____

_____

Have you or any member of your family ever been active in a political campaign as a volunteer, fund raiser, paid campaign worker, etc.? [ ] YES  [ ] NO  If yes, please explain. _____

_____

_____

What are your hobbies, recreations, or pastimes? _____

_____

Are you a member of, or do volunteer work for, any civic clubs, societies, unions, professional associations or other organizations? [ ] YES  [ ] NO  If yes, please give details including any offices held in any of these organizations. _____

_____

Have you ever written a Letter to the Editor?  [ ] YES  [ ] NO  If yes, on what subject? _____

_____

What newspapers or magazines do you routinely read? _____

_____

What are your favorite movies? _____

_____

What are your favorite TV shows? _____
What is your favorite radio station? _____

What books about murder cases have you read? _____

_____

What are your favorite web sites? _____

Please list any web sites of your own (i.e., MySpace.com). _____

_____

15

00050

**PLEASE ANSWER EACH AND EVERY QUESTION**

List three (3) men and women who are **publicly** known whom you **most** respect:

Men:                                          Women:

_____                    _____

_____                    _____

_____                    _____

List three (3) men and women who are **publicly** known whom you **least** respect:

Men:                                          Women:

_____                    _____

_____                    _____

_____                    _____

Please list the one person that you feel most influenced your life and why._____

_____

_____

_____


### *THIS CASE*

Do you know any of the prosecutors, Assistant District Attorneys David Alex, Andrea Handley, Gorden Hikel or Elaine Evans?    [  ] YES    [  ] NO

If yes, please explain. _____

_____


Do you know District Attorney Craig Watkins or anyone else in the Dallas County District Attorney's office?
[  ] YES    [  ] NO    If yes, please explain. _____

_____


Do you know any of the defense attorneys, Brad Lollar, or Doug Parks?   [  ] YES    [  ] NO

If yes, please explain. _____

_____

_____


Do you know, *or think you might know*, the defendant, James Broadnax, or any of his family?
[  ] YES    [  ] NO    If yes, please explain. _____

_____


Do you have any plans to move out of Dallas County within the next six (6) months?  If yes, please give details. _____

_____

16

00051

PLEASE ANSWER EACH AND EVERY QUESTION

If you have any plans to be out of Dallas County within the next six (6) months, please state the dates:

_____

_____

Are you currently taking any medication?   [  ] YES   [  ] NO
If yes, please give details. _____

_____

Do you have any personal or health problems (hearing, medications, etc.) that would prevent you from giving your full attention to the testimony during the trial?   [  ] YES   [  ] NO
If yes, please give details. _____

_____

_____

Do you have any specific problems dealing with stress or pressure?   [  ] YES   [  ] NO
If yes, please explain. _____

_____

Do you know any reason why you could not sit as a juror for this trial, be absolutely fair to the Defendant and the State, and render a verdict based solely upon the evidence presented to you?   [  ] YES   [  ] NO
If yes, please explain. _____

_____

How would you feel about being chosen as a juror in this case? _____

_____

_____

Is there anything not mentioned in this questionnaire that you want the Court and the parties to know about you in making a decision as to whether or not you will be selected as a juror in this case?
[  ] YES   [  ] NO
If yes, please explain. _____

---

**I HAVE NEVER BEEN CONVICTED OF ANY FELONY.  I HAVE NEVER BEEN CONVICTED OF ANY KIND OF THEFT OR SHOPLIFTING (REGARDLESS OF VALUE).  I AM NOT UNDER INDICTMENT, NOR AM I UNDER ANY LEGAL ACCUSATION FOR ANY GRADE OF THEFT OR ANY FELONY.**

As applied to you, is the above statement true and correct?   [  ] YES   [  ] NO

17

00052

**PLEASE ANSWER EACH AND EVERY QUESTION**

**I DECLARE UNDER PENALTY OF PERJURY THAT ALL OF MY ANSWERS IN THIS JUROR QUESTIONNAIRE ARE TRUE, CORRECT AND COMPLETE TO THE BEST OF MY KNOWLEDGE.**

_____

(Signature)

00053

Cause Number F-08 24667 Y
Cause Number F-08 24629 Y

STATE OF TEXAS          §        IN THE CRIMINAL JUDICIAL
                        §
VS.                     §        DISTRICT COURT #7
                        §
JAMES BROADNAX          §        OF DALLAS COUNTY, TEXAS

## STATE'S MOTION IN SUPPORT OF PROPOSED QUESTIONNAIRE

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, the STATE OF TEXAS by and through her Assistant District Attorney, David Alex, and files this Motion in Support of Proposed Questionnaire and would respectfully show as follows:

I.

The defendant is objecting to the statement of the case in the Proposed Questionnaire at page 2, which states, "It is alleged that on June 19, 2008, Stephen Swan was shot to death outside a Garland Music Studio", because it does not mention Matthew Butler, the second victim. At this time the State intends to proceed to trial under cause number F08 24667 Y, which alleges the defendant Intentionally caused the death of Stephen Swan in the course of committing Robbery. The State at this time proposes adding, "in the course of a Robbery" after "Garland Music Studio". This addition would track the indictment. The memory trigger would be the shooting death and the Robbery outside the Garland Music Studio on June 19, 2009, not the names.

II

In addition, the defendant is objecting to the language following the brief statement of the facts on pages two and three. The language objected to was taken word for word from one of the Texas 7 cases tried here in Dallas, *Newberry v. State,* 135 S.W. 3d 22, 26 (Tex. Crim. App. 2004), citing *Freeman v. State,* 556 S.W.2d 287, 294 (Tex. Cr. App 1977), cert denied, 434 U.S.1088, 98 S.Ct. 1284, 55 L.Ed. 2d 794 (1978). In *Newberry,* Counsel for the defendant, Doug Parks, objected to this exact language with the same arguments at pages 26 – 31. The trial court overruled these objections and the Court of Criminal Appeals Affirmed. The reasoning of the Court of Criminal Appeals is a solid precedent and should be followed in this case.

RESPECTFULLY SUBMITTED,

_____
David Alex
Assistant District Attorney
Dallas County, Texas

## CERTIFICATE OF SERVICE

This is to certify that a copy of this Motion in Support of Proposed Questionnaire has been served upon the attorney for the Defendant on this the 7th day April 2008.

_____
David Alex
Assistant District Attorney
Dallas County, Texas

00054

It is alleged that on June 19, 2008, Stephen Swan was shot to death outside of a Garland Music studio.

There has been news media coverage regarding this case. If chosen as a juror you will have taken an oath that requires you to return a verdict, whatever that verdict is, on the basis of the evidence that you hear in the courtroom and not from some outside source. Therefore, there is nothing wrong with a prospective juror, such as yourself, having heard of this case, or having heard of this defendant. However, it is not permissible if what you have heard causes you to have a preconceived conclusive opinion that the defendant is guilty or not guilty, or a preconceived conclusive opinion as to what punishment the defendant should receive, if found guilty. A juror is not qualified to serve if there is established in the mind of the juror such a conclusion as to the guilt or innocence of the defendant as would influence the jurors action(s) in reaching a verdict.

All defendants are presumed to be innocent. This presumption requires the State to prove a defendant's guilt beyond a reasonable doubt before a jury would be authorized in finding the defendant guilty of an offense. Only evidence presented in court, under oath, and subject to cross examination is to be considered by a jury in determining whether the State has satisfied its burden of proof in a particular case. A juror, to be qualified, must set aside any opinion held concerning a defendant's guilt that was formed by the reading of newspaper accounts, by seeing or hearing other media reports, or through rumor or hearsay.

### PLEASE ANSWER EACH AND EVERY QUESTION

PLEASE INDICATE WHETHER YOU AGREE OR DISAGREE WITH THE FOLLOWING STATEMENTS:

(1) A defendant in a criminal case should be presumed to be innocent unless that the State proves their guilt beyond a reasonable doubt, if it does. [  ] Agree    [  ] Disagree

(2) A jury's verdict should be based only on the evidence heard in the courtroom, and not from what one hears outside the courtroom.  [  ] Agree    [  ] Disagree

(3) What one hears in the news media is a better source of information than testimony one hears in the courtroom. [  ] Agree    [  ] Disagree

Do you think you have heard about this case?   [  ]Yes   [  ]No
If yes, please give details (including how you heard - radio, TV, newspaper, word of mouth).

_____

_____

_____

_____

_____


DEPUTY
TEXAS
DISTRICT CLERK
GARY FITZSIMMONS

2009 APR -7 AM 9: 06

FILED    00055

CAUSE NO. _F08246¢7_

THE STATE OF TEXAS

VS.

Jawres Garfield

IN THE CRIMINAL

DISTRICT COURT #7

DALLAS COUNTY, TX

ORDER CHANGING NAME OF DEFENDANT

The defendant in the above cause having suggested to the Court that his true name is other than that set forth in the Indictment, it is hereby Ordered that the Indictment herein and all other papers in this cause be amended so that the name of the Defendant will hereafter be shown to be:

_James Garfield Broadnax_

SIGNED AND ENTERED THIS THE __7__ DAY OF ___A P___ , 20 _09_

JUDGE, CRIMINAL DISTRICT
COURT #7
DALLAS COUNTY, TEXAS

00056

Text at top in blue:

**CAUSE NO. F08-24667-FV**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE CRIMINAL |
| | § | |
| VS. | § | DISTRICT COURT NO. 7 OF |
| | § | |
| JAMES GARFIELD BROADNAX | § | DALLAS COUNTY, TEXAS |

**MOTION TO EXCLUDE EVIDENCE**
**OF SO-CALLED LACK OF REMORSE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW JAMES GARFIELD BROADNAX, Defendant herein, and files this, his Motion to Exclude Evidence of So-Called Lack of Remorse and therein moves this Honorable Court to exclude any and all prosecution evidence, comment and argument contending or describing that defendant allegedly exhibited any lack of remorse after the commission of the crimes herein.

This motion is based on the independent state and federal constitutional guarantees to a fair trial, cross-examination and confrontation of adverse witnesses, due process of law, the right to affirmatively present evidence in one's defense, right to effective assistance of counsel, and right to a reliable verdict and sentence under both the United States Constitution and the Constitution of the State of Texas, the attached Memorandum Law, and any argument and/or evidence to be presented at the hearing on the instant motion.

Respectfully submitted,

DOUGLAS H. PARKS
State Bar No. 15520000
321 Calm Water Lane
Holly Lake Ranch, Texas 75765
(214) 521-2670
(903) 769-3465 - Telefax

00057

COUNSEL FOR THE ACCUSED

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Motion and the attached

Memorandum of Law was served upon Davis Alex, Assistant District General on _____ day of

April, 2009.

DOUGLAS H. PARKS

00058

CAUSE NO. F08-24667-FV

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE CRIMINAL |
| | § | |
| VS. | § | DISTRICT COURT NO. 7 OF |
| | § | |
| JAMES GARFIELD BROADNAX | § | DALLAS COUNTY, TEXAS |

## MEMORANDUM OF LAW AND AUTHORITIES IN SUPPORT OF MOTION TO EXCLUDE EVIDENCE OF SO-CALLED LACK OF REMORSE

### STATEMENT OF FACTS:

Based on the discovery provided to Defendant by the prosecution, and the experience of defense counsel it is Defendant's belief that the prosecution contends that Defendant has exhibited a lack of remorse for his alleged commission of the offense herein. Defendant recognizes that, if he presents any evidence of his remorse at any stage of the proceedings, then the prosecution will be permitted to present its evidence in rebuttal. However, out of an abundance of caution, Defendant hereby requests this Court to order that no such evidence of Defendant's purported lack of remorse is admissible unless and until Defendant affirmatively presents evidence of his remorse.

### ARGUMENT:

### AS A MATTER OF LAW, THE PROSECUTION IS NOT PERMITTED TO PRESENT ANY EVIDENCE OF OR COMMENT ON ANY CONDUCT OR STATEMENTS BY DEFENDANT AFTER THE COMMISSION OF THE CRIMES HEREIN WHICH ALLEGEDLY EXHIBIT A LACK OF REMORSE.

The law is well settled that testimony as to contrition or remorse can only come from the accused, and when offered by witnesses other than the accused himself, is inadmissible. *See Swallow v. State*, 829 S.W.2d 223, 225 (Tex. Crim. App. 1992); *Thomas v. State*, 638 S.W.2d

00059

481 (Tex. Crim. App. 1982).

Not only is post-offense lack of remorse irrelevant and inadmissible, but evidence of lack of remorse is extremely powerful (Eisenberg, Garvey and Wells, *But Was he Sorry? The Role of Remorse in Capital Sentencing*, 83 Cornell Law Review 1599, 1637; Sundby, *The Capital Jury and Absolultion: The Intersection of Trial Strategy, Remorse, and the Death Penalty*, 83 Cornell Law Review 1558, 1559) and would violate defendant's constitutional rights to due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and due course of law as guaranteed by Article I, § 13 of the Texas Constitution. Therefore, it must be prohibited except in rebuttal to defense evidence that defendant was remorseful.

## CONCLUSION:

Unless and until defendant presents evidence that he is remorseful for his crimes, the prosecution may not be permitted to present any evidence, comments or insinuations that defendant was allegedly not remorseful for his crimes.

Respectfully submitted,

DOUGLAS H. PARKS

00060

CAUSE NO. F08-24667-FV

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE CRIMINAL |
| | § | |
| VS. | § | DISTRICT COURT NO. 7 OF |
| | § | |
| JAMES GARFIELD BROADNAX | § | DALLAS COUNTY, TEXAS |

## MOTION IN LIMINE
## TO PRECLUDE TESTIMONY ABOUT VIOLENT ACTS BY OTHERS

COMES NOW JAMES GARFIELD BROADNAX, the Defendant, by counsel, and pursuant to Tex.R.Evid. 104 and the 8th and 14th Amendments to the United States Constitution, Article 1, Sections 3, 10, 13, 19 and 29 of the Texas Constitution, and Articles 1.05, 1.06 and 1.09, Tex.C.Crim.Proc. and moves the Court to preclude the testimony of Royce Smithy and/or A. P. Merrilott, or their like, and in support hereof would show the Court the following:

I.

Movant reasonably anticipates that the State will offer evidence concerning the "potential" for violence in the Texas Department of Criminal Justice (TDCJ), probably through the testimony of Royce Smithy or A. P. Merrilott. This testimony will include isolated incidences of violence in maximum security facilities. These acts were committed by others in the past, under often unknown security rules, measures and regulations, and as such have no relevancy to Mr. Broadnax.

II.

These alleged incidents of violence will have naturally occurred prior to Mr. Broadnax ever entering TDCJ, if he does. They may be isolated and never occur again if

TDCJ successfully implements policies of intervention and prevention that are designed to prevent them occurring again. This whole analysis reveals how simplistic and speculative that such evidence can make the sentencing process. The speculation that is inherent in the anticipated testimony denies to the Court, and Mr. Broadnax, the heightened reliability in the sentencing requirement that is mandated by the 8th and 14th Amendments to the United States Constitution.

### III.

The jury's consideration of such evidence will violate the Constitutional requirement that sentencing of a defendant in a capital case be "individualized" as to that defendant. *Jurek v. Texas*, 428 U.S. 262 (1976) and *Woodson v. North Carolina*, 428 U.S. 280, 303-305 (1976).

### IV.

As the Court of Criminal Appeals held in a case involving the admission of a lengthy video tape that dealt only with a person being housed in administrative segregation, "Texas Rule of Evidence 401 defines relevant evidence as 'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" Further, except as otherwise provided by statute or rule, a jury is entitled to have before it all possible relevant information about the individual defendant whose fate it must determine. *Matson v. State*, 819 S.W.2d 839, 850 (Tex.Crim.App. 1991). The video tape was not offered as information about the individual defendant or about how the individual defendant might be handled.

00062

Rather, as the judge noted, it portrayed only one aspect of an entire system and offered only general information about some procedures used in that system. That others have been controlled in the prison system or that certain procedures are in place without specifically connecting those procedures to appellant was not evidence of consequence to the jury's factual determination of whether *appellant* would pose a continuing threat to society. (Emphasis by the Court). *Sells v. State*, 121 S.W.3d 748 (Tex.Crim.App. 2003).

The same rationale can be applied to the testimony by the State's witness that offers to "scare" the jurors by providing anecdotal evidence about the "potential" or "opportunity" for violence that is entirely unrelated to Mr. Broadnax and which all occurred prior to the witness' testimony. It cannot be imagined that the Court of Criminal Appeals would have one rule that would govern admission of evidence offered by the defense and a contrary rule that would govern evidence that is offered by the State.

WHEREFORE PREMISES CONSIDERED, Movant prays that upon hearing hereof, this Court order that during the penalty phase of Mr. Broadnax's trial, the State be precluded from offering on direct exam, or eliciting on cross-exam, any evidence of prior acts of violence in TDCJ that have been committed by offenders other than Mr. Broadnax and any other evidence that is not otherwise individualized to Mr. Broadnax.

Respectfully submitted,

DOUGLAS H. PARKS
Texas Bar No. 15520000
321 Calm Water Lane

Holly Lake Ranch, Texas 75765
(903) 769-3120
(903) 769-3465 - Telefax

*Counsel to James Garfield Broadnax*

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copy of the foregoing motion was served upon David

Alex, Assistant District Attorney, by hand delivery on the _____ day of April, 2009.

DOUGLAS H. PARKS

00064

CAUSE NO. F08-24667-FV

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE CRIMINAL |
| | § | |
| VS. | § | DISTRICT COURT NO. 7 OF |
| | § | |
| JAMES GARFIELD BROADNAX | § | DALLAS COUNTY, TEXAS |

## DEFENDANT'S MOTION IN LIMINE
## VOIR DIRE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW JAMES GARFIELD BROADNAX, Defendant herein, and files his Motion in Limine regarding voir dire and respectfully moves the Court to instruct the State not to engage in any of the improper acts, set out below, during the course of the voir dire in this case and in support hereof would respectfully show:

1. The Defendant has been indicted for the offense of capital murder.

2. The State is seeking the death penalty. The Eighth Amendment to the United States Constitution requires a "greater degree of accuracy and factfinding than would be true in a non-capital case." *Gilmore v. Taylor*, 508 U.S. 333, 342 (1993); see also *Woodson v. North Carolina*, 428 U.S. 280, 305 (1976).

3. It is the duty of this Court and the Texas Court of Criminal Appeals to make certain that the death penalty is not "wantonly or freakishly" imposed and that the purposes of Art. 37.0711 are accomplished. *Ellason v. State*, 815 S.W.2d 656, 660 (Tex. Crim. App. 1991).

4. The Supreme Court of the United States has held that "[a]ccurate sentencing information is an indispensable prerequisite to a reasoned determination of whether a defendant shall live or die." *Gregg v. Georgia*, 428 U.S. 153, 190 (1976).

MOTION IN LIMINE - VOIR DIRE                    PAGE 1

00065

5. The State should be prohibited by this Court from the following improper conduct:

A. The use of examples involving incapacity or inability to commit acts of violence in the future, either physically or mentally. In this regard, the State has, in times past, consistently used an example describing a defendant who has been rendered a paraplegic or quadriplegic since the commission of the offense charged, to show how a defendant could be found guilty of capital murder, yet the prospective juror could answer the future dangerousness special issue "no". The use of this example is intended by the State to convey to the prospective juror that the future dangerousness special issue is provided to spare only those defendants who could not possibly commit acts of violence in the future and/or to attempt to qualify a prospective juror who has indicated she would automatically answer the future dangerousness special issue "yes" for a convicted capital murderer. The example is intended to convey a false impression and focuses the prospective juror away from the particularized circumstances of the individual defendant and his crime. The imposition of the death penalty constitutes cruel and unusual punishment, violates the Eighth and Fourteenth Amendments to the United States Constitution where the procedural safeguards in capital trials are abrogated so that they do not act to prevent the imposition of the death penalty in every case in which the defendant has been convicted of capital murder. See generally, *Furman v. Georgia*, 408 U.S. 238 (1972); *Gregg v. Georgia*, 428 U.S. 153 (1976); *Woodson v. North Carolina*, 428 U.S. 280 (1976).

MOTION IN LIMINE - VOIR DIRE                 PAGE 2

00066

B. Describing, in detail, the process of execution in the State of Texas, including, but not limited to telling the prospective jurors that, if they return a verdict resulting in the death penalty:

    a.  the defendant will be taken, kicking and screaming, from his cell and placed on a gurney to be taken to the place of execution;

    b.  that last rites will be said over him with his family and that of the victim present and all present will be crying and mourning;

    c.  that the defendant will gasp, or cry out for mercy, or maintain his innocence, or foam at the mouth; and/or

    d.  that the prospective juror will read or hear about the execution in the media and know she had a part in killing a person and that such knowledge could haunt her the rest of her life.

Such morbid and sensational bombast is intended to direct the prospective juror's attention away from the actual procedural process and is always followed by an attempt to commit the prospective juror to an inability to participate in a process with such a barbaric outcome. Very often this is done before the prospective juror is given any explanation of the law she would be expected to follow, with the intention of obtaining a commitment that cannot be changed by an explanation of the law. The manner in which a person is executed, his/her reaction to that execution, the victim's family's reaction, etc. are *irrelevant* to whether or not the prospective juror can listen to the evidence and answer the special issues, in accordance with her oath.

MOTION IN LIMINE - VOIR DIRE          PAGE 3

00067

Due process forbids the disqualification of a prospective juror because she is opposed to the death penalty. *Witherspoon v. Illinois*, 391 U.S. 410 (1969). *Witherspoon* allows disqualification of such a juror only if her views about the death penalty would prevent or substantially impair her ability to follow the court's instructions and the juror's oath. *Wainwright v. Witt*, 469 U.S. 412, 424 (1985). The State's morbid recitation of this irrelevant and fictional novella is intended to disqualify potential jurors judged to be "weak" by so frightening and disgusting those potential jurors that they will be easy prey when, and if, the State actually explains the law and asks proper "disqualifying" questions. This process violates both the letter and the spirit of *Witherspoon* and *Wainwright*.

C. Committing, or attempting to commit, any potential juror to an inability to "give the death penalty" without first explaining the process set out by the Legislature in cases where the State seeks the death penalty.

D. Implying directly, or indirectly, that the Defendant would be released from prison if assessed a life sentence. The State has done this, in times past, by advising potential jurors that, in considering the answer to the future dangerousness special issue, they may properly consider the Defendant's potential for future violence as if he were free in society.

The United States Supreme Court has clearly stated the meaning of society in the context of the future dangerousness special issue: "the question of a

MOTION IN LIMINE - VOIR DIRE                PAGE 4

00068

defendant's likelihood of injuring others *in prison* is precisely the question posed by the second Texas Special Issue." *Franklin v. Lynaugh*, 467 U.S. 164, 179 n.9 (1987) (plurality opinion)(emphasis added). Likewise, the Court of Criminal Appeals has stated that the "society" that would exist for the defendant would be the "society" that is within the Texas Department of Corrections. *Rougeau v. State*, 738 S.W.2d 651, 660 (Tex. Crim. App. 1987).

If the State is allowed to "dilute" the meaning of the future dangerousness special issue in this way, the Defendant will be subjected to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments of the United States Constitution, deprived of due process of law in violation of the Fifth and Fourteenth Amendments of the United States Constitution and deprived of due course of law in violation of Art. I, § 13 of the Texas Constitution.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Motion be, in all things, granted and for such other relief to which he may be justly entitled.

Respectfully submitted,

DOUGLAS H. PARKS
State Bar No. 15520000
321 Calm Water Lane
Holly Lake Ranch, Texas 75765
(214) 521-2670
(903) 769-3465 - Telefax

COUNSEL FOR THE ACCUSED

MOTION IN LIMINE - VOIR DIRE                    PAGE 5

00069

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion in Limine has been served upon David Alex, Assistant District Attorney, by hand-delivery, on the ____ day of April, 2009.

DOUGLAS H. PARKS

MOTION IN LIMINE - VOIR DIRE                PAGE 6

00070

CAUSE NO. F08-24667-FV

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE CRIMINAL |
| | § | |
| VS. | § | DISTRICT COURT NO. 7 OF |
| | § | |
| JAMES GARFIELD BROADNAX | § | DALLAS COUNTY, TEXAS |

## MR. BROADNAX'S MOTION TO EXERCISE RETROACTIVE PEREMPTORY CHALLENGES AND TO ALTERNATE QUESTIONING POTENTIAL JURORS DURING INDIVIDUAL VOIR DIRE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, James Garfield Broadnax, by counsel, and pursuant to the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and Article 1, Sections 3, 10, 13, 19 and 29 of the Texas Constitution and moves the Court to allow Mr. Broadnax to (1) exercise his peremptory challenges at the end of voir dire and/or (2) to alternate, between Mr. Broadnax's counsel and the State, the order of questioning potential jurors. In support thereof Mr. Broadnax would show:

1. Mr. Broadnax stands charged by indictment with the offense of capital murder. TEX. P. CODE §19.03.

2. The State is seeking the punishment of death.

3. "Death is different." *See* Woodson v. North Carolina, 428 U.S. 280 (1976); Gregg v. Georgia, 428 U.S. 153 (1976); Ford v. Wainwright, 477 U.S. 399 (1986); Harmelin v. Michigan, 501 U.S. 957 (1991); Monge v. California, 524 U.S. 721 (1998). The penalty of death is "unique in both its severity and finality." Gardner v. Florida, 430 U.S. 349, 357 (1977). As a result, the Constitution demands "a greater degree of accuracy...than

00071

would be true in a noncapital case." Gilmore v. Taylor, 508 U.S. 333, 342 (1993). This demand for heightened reliability, in turn, dictates that capital defendants, such as Mr. Broadnax, enjoy "protections that the Constitution nowhere else provides." Harmelin, 501 U.S., at 994.

4. The Constitution also ensures that capital defendants, such as Mr. Broadnax, receive these special protections at all stages of a capital trial, including voir dire. *See* Turner v. Murray, 476 U.S. 28 (1986).

5. There are three possible purposes for conducting the voir dire examination of veniremen. Sanchez v. State, 165 S.W. 3d 707, 710-11 (Tex.Crim.App. 2005). (1) The first purpose is to elicit information, which would identify bias in the potential juror that may serve as a basis for a challenge for cause. This function "furthers the defendant's constitutional right to (and society's interest in) an impartial jury." Id., at 11. (2) Voir dire examination also facilitates the intelligent use of peremptory challenges. Id. The intelligent exercise of peremptory challenges, in turn, is an essential part of the defendant's Sixth Amendment guarantee to the right to a trial before an impartial jury. Franklin v. State, 138 S.W. 3d 351, 354 (Tex.Crim.App. 2004). (3) And, "the third purpose…is to indoctrinate the jurors on the party's theory of the case and to establish rapport with the prospective jury members." Sanchez, 165 S.W.3d, at 711. This is "of important practical interest to both the State and the defendant." Id.

00072

## A. Retroactive Peremptory Challenges

6. Retroactive peremptory challenges are an important type of special protection for capital defendants. By allowing the defense to exercise its peremptory challenges after the selection of the entire panel, the trial court will ensure that Mr. Broadnax receives a fair and reliable trial before a fair and impartial jury.

This process of retroactive peremptory challenges is necessary for a fair and reliable trial because Mr. Broadnax and his counsel cannot make fully informed challenges to prospective jurors without the benefit of viewing the entire venire. Individual voir dire lasts for several weeks. During that lengthy process, defense counsel will rank each individual juror in an order of preference and attempt to use his limited number of peremptory challenges in a wise manner. Early in the individual voir dire process, however, a well-informed exercise of peremptory challenges is impossible.

Mr. Broadnax and his defense counsel cannot possibly know how early jurors will rank with later jurors. Therefore, defense counsel is forced to haphazardly guess about how best to use, or not use, early strikes. These decisions, of course, are not (and cannot be) based upon a systematic plan. Instead, they are nothing more than well-meaning, but futile, attempts to foretell the future.

Such an arbitrary approach to exercising peremptory challenges is unacceptable. Jury selection and the laws governing jury selection should ensure that juries in criminal cases are fair to both sides. *See* Smith v. State, 703 S.W. 2d 641 (Tex.Crim.App. 1985). The strategic use of peremptory challenges and the laws, which facilitate that process, are vital

00073

to achieving this goal of fairness. In fact, the Texas Court of Criminal Appeals stated that the defendant's right to intelligently exercise peremptory challenges is "of paramount concern" Smith, 703 S.W. 2d, at 643 (Tex.Crim.App. 1985). The Court has also stated that the right to exercise peremptory challenges intelligently is "an essential part" of the Sixth Amendment guarantee to a trial before an impartial jury. Franklin, 138 S.W. 3d, at 354.

Without the benefit of retroactive peremptory challenges, however, these guarantees of fairness and impartiality are meaningless. In order to effectively represent Mr. Broadnax and secure the selection of a fair and impartial jury, Mr. Broadnax's counsel should be allowed to question the entire pool of qualified jurors before exercising their limited number of peremptory challenges. Only this method of jury selection will provide Mr. Broadnax with his constitutionally mandated right to a trial before an impartial jury.

Furthermore, the United States Supreme Court has recently stated that a comparative analysis of the State's treatment of veniremen, especially in the exercise of its peremptory strikes, is an important tool for determining the existence of a *Batson* violation. *Miller-El v. Dretke*, 545 U.S. 231 (2005). This analysis, however, cannot be made until the State's exercise of its peremptory strikes is complete. If individual jurors are ruled on as the voir dire process progresses, defense counsel cannot meaningfully compare how veniremen are treated because the lapse of time between strikes and the selection of the final jury is too great. The problematic nature of this situation is further augmented by the fact that the striking of even a single juror for a discriminatory purpose is both harmful and

00074

unconstitutional. *Walker v. Girdich*, 410 F.3d 120 (2nd 2005). *See also Batson v. Kentucky*, 476 U.S. 79 (1986). As a result, the defense's ability to identify and prevent the discriminatory use of peremptory strikes is severely limited. This limitation increases the likelihood that Mr. Broadnax's fate will rest in the hands of an unconstitutionally selected jury. *See Batson*, 476 U.S. 79 (1986). *See also Miller-El*, 545 U.S. 231 (2005).

Since Mr. Broadnax only has a limited number of strikes with which to select the jury that will decide whether he lives or dies, Mr. Broadnax needs the opportunity to exercise each challenge based upon the utmost knowledge about both the individual jurors and the venire as a whole. This type of informed jury selection, however, is not possible if defense counsel is forced to exercise its challenges as the lengthy voir dire progresses over the course of several weeks. Only retroactive peremptory challenges make informed choices possible and secure Mr. Broadnax's constitutional right to a fair and reliable trial.

7. The Texas Code of Criminal Procedure provides a procedure for selecting the jury in a capital case. TEX.C.CRIM.PRO. art. 35.13. This procedure does not allow parties to retroactively exercise their peremptory challenges. Rather, Article 35.13 states that each side should exercise their challenge upon the completion of questioning each individual prospective juror. TEX.C.CRIM.PRO. art. 35.13.

8. The statutory formula, however, is not unduly rigid. The procedure "controlling the order and timing of peremptory challenges is not an absolute requirement." *Busby v. State*, 990 S.W. 2d 263,268 (Tex. Crim. App. 1999). Instead, the trial court retains "broad discretion to control the conduct of jury selection." *Valle v. State*, 109 S.W. 3d 500, 504

(Tex.Crim.App. 2003). *See also Bridge v. State*, 726 S.W. 2d 558 (Tex.Crim.App. 1986); *Smith v. State*, 683 S.W. 2d 393 (Tex.Cr.App. 1984); *Robison v. State*, 888 S.W. 2d 473 (Tex.Crim.App. 1994); *Barajas v. State*, 93 S.W. 3d 39 (Tex.Crim.App. 2002). As a result, this court possesses the power to freely grant Mr. Broadnax's request for retroactive peremptory challenges.

9. Not only does this court have the authority to allow peremptory challenges, it also has justification for that action. Since "death is different," the Supreme Court has mandated that states provide capital defendants with additional protections, which are otherwise unavailable to criminal defendants. *See Harmelin*, 501 U.S. at 994. *See also Lockett v. Ohio*, 438 U.S. 586 (1978); *Turner*, 476 U.S. 28 (1986); *Eddings*, 555 U.S. 104 (1982); *Beck*, 447 U.S. 625 (1980).

Here, Mr. Broadnax is not even asking for an additional protection or for relief that the case law says the court cannot grant. Rather, Mr. Broadnax is simply asking for the trial court to exercise its broad discretion in ensuring a fair trial and provide Mr. Broadnax with the same protection that is already secured to non-capital defendants through TEX.C.CRIM.PRO. art. 35.25. In this article, non-capital criminal defendants are given the benefit of examining the entire venire before exercising their peremptory strikes. TEX.C.CRIM.PRO. art. 35.25. Given current Supreme Court case law and the Court's "death is different" jurisprudence, this disparate treatment of capital and non-capital defendants is difficult, if not impossible, to justify and provides further support for the court's granting of the requested relief.

00076

10. Moreover, the disparate treatment between capital and non-capital defendants violates the Equal Protection Clause of the Fourteenth Amendment. The Equal Protection Clause is "essentially a direction that all persons similarly situated should be treated alike." *Cleburne v. Cleburne Living Center, Inc.,* 473 U.S. 432, 439 (1985). Legislation that deprives similarly situated persons of a fundamental right, such as the right to an impartial jury, must be narrowly-tailored to serve a compelling state interest. *See Loving v. Virginia,* 388 U.S. 1 (1967). *See also Georgia v. McCollum,* 505 U.S. 42 (1992).

Although the Texas Court of Criminal Appeals has held that TEX.C.CRIM.PRO. art. 35.13 does not violate the Equal Protection Clause, this ruling is clearly erroneous. *See Janecka v. State,* 739 S.W.2d 813 (1987). In upholding the constitutionality of TEX.C.CRIM.PRO. art 35.13, the Court mistakenly applied a rational basis review to the constitutionality of TEX.C.CRIM.PRO. art. 35.13, holding that the alleged discrimination does not implicate a fundamental right. *Janecka,* 739 S.W.2d at 834. While a defendant does not have a general right to peremptory challenges, the strategic and well-informed use of peremptory challenges is essential to guaranteeing the right to an impartial jury. *See McCollum,* 505 U.S. at 56. Therefore, in order to survive constitutional scrutiny, the State of Texas must articulate a compelling interest for the disparate treatment of capital and non-capital defendants under the regime in TEX.C.CRIM.PRO. art. 35.13. The State has not (and cannot) meet this burden.

Furthermore, the Texas Court of Criminal Appeals itself has acknowledged that denying a defendant retroactive use of peremptory challenges works a disadvantage to capital

00077

defendants not suffered by non-capital defendants. *Janecka,* 739 S.W. 2d at 834. The Court, however, has been persuaded that this disadvantage is counteracted by the five extra peremptory strikes granted to capital defendants. Id. at 834. Unfortunately, the Court's reliance on the five extra peremptory strikes is misplaced. By granting the capital defendant five extra peremptory strikes, the statute does nothing to counteract the disadvantage a defendant suffers when the State is permitted to initiate each individual questioning during voir dire. *See infra.* Section B, Alternating the Questioning of Potential Jurors. Moreover, while granting the defendant five extra peremptory strikes may counteract the disadvantage of not being able to exercise challenges retroactively in some cases, it cannot be contended that such an allowance counteracts such a disadvantage in all cases because each venire, each case, and each client are unique. Such an uncertain and arbitrary procedure, in a capital case, poses an unconstitutional risk. *See* Furman v. Georgia, 408 U.S. 238 (1972).

## B. **Alternating the Questioning of Potential Jurors**

11. Additionally, Mr. Broadnax requests that his defense counsel and the prosecution be allowed to alternate questioning individual members of the venire. Specifically, Mr. Broadnax asks that defense counsel and the prosecution be allowed an equal number of opportunities to question the potential jurors first, before the other side is allowed to question them.

12. The party, who questions a venireman first, sets the tone for the conversation and shapes the contours of the discussion during voir dire. This is an advantageous position because it allows the questioning party to develop a rapport with the individual, which

will continue throughout trial if the individual is selected as a juror. Studies show that counsel's rapport with jurors is important because it significantly affects the jurors' receptivity to the attorney's case and other aspects of the trial. *See e.g.* MARGARET C. ROBERTS, TRIAL PSYCHOLOGY: COMMUNICATION AND PERSUASION IN THE COURTROOM, (Matthew Bender & Co.) (1987) (study showed approximately 70% of jurors reached a verdict by the end of voir dire and rarely, if ever, changed that opinion). *See also* DOAK R. BISHOP & SASHE D. DIMITROFF, PSYCHOLOGY OF PERSUASION, *at* http://www.http://www.kslaw.com/library/pdf/dimi3.pdf

Courts and legal scholars have also noted the importance of creating a favorable first impression during voir dire. For example, the Texas Court of Criminal Appeals listed establishing rapport with prospective jury members as one of the principle purposes of individual voir dire examinations. *See Sanchez,* 165 S.W. 3d, at 711. Likewise, many legal scholars have written about jurors' first impressions during voir dire and the effects of those impressions. For example, Southern Methodist University law school professor, William Dorsaneo, III noted "counsel should not underestimate the importance of...conduct during voir dire, and must endeavor to create a favorable first impression." 5 WILLIAM DORSANEO, TEXAS LITIGATION GUIDE, §120.02 [1] (2005). Professor Dorsaneo further stated that the purposes of voir dire included "creating a degree of rapport with [potential jurors]...in a way that the jurors will be on counsel's side from the beginning." Id.

This is also an advantageous position because both the State and the Defense must select

jurors who conform to the standards set out by the United States Supreme Court in *Witt* and *Morgan. Wainwright v. Witt*, 469 U.S. 412 (1986); *Morgan v. Illinois*, 504 U.S. 719 (1992). State individual voir dire often focuses on "can you follow the law" questions. These questions and the answers to them are not adequate to allow a litigant to exercise challenges either for cause or peremptorily. *See Morgan*, 504 U.S. 719 (1992). A potential juror may become committed to the "follow the law" doctrine before the venireman's true bias against the law can be determined and challenges exercised accordingly. As a result, the ability to speak with a venireman before the Defense allows the State to question the prospective juror in a manner that secures him/her from a challenge for cause by the Defense. Under the current statute, however, the Defense does not enjoy this advantage. TEX.C.CRIM.PRO. art. 35.13.

It is difficult to understand why the State enjoys the aforementioned benefits and the Defense does not, especially since both parties enjoy equality in all other aspects of the voir dire process. Both sides have the same number of peremptory strikes. Both sides are allowed strikes for cause. Both sides, therefore, should be allowed an equal opportunity to speak with potential jurors first. Equal opportunities to speak with veniremen ensures that the State and the Defense possess equal access to members of the venire and thereby equal opportunities to select a fair and impartial jury.

Moreover, although both sides will have an opportunity to secure an individual from a challenge for cause and to develop a rapport with the veniremen, the State maintains the most advantageous position as the party who questions the individual veniremen first.

00080

The advantage of questioning individuals thereby tilts the scales of justice in favor of the prosecutor and the State. In capital trials, however, such an advantage for the State runs contrary to case law, both state and federal. Capital defendants, not the State, should enjoy the benefits of additional protections and advantages throughout the trial process. *See, e.g. Harmelin*, 501 U.S. 957 (1991).

13. The voir dire procedure of allowing the State to speak with each and every individual before defense counsel violates the Due Process and Equal Protection guarantees of the Fourteenth Amendment as well. The procedure is grossly unfair and prejudicial because it grants the State, and only the State, the unfettered privilege to speak with potential jurors first. Therefore, the State, and only the State, enjoys all of the privileges and advantages that inure from that position.

The grossly unfair nature of this scheme and its inherent inequality is further amplified by the fact that it is Mr. Broadnax, not the State of Texas, who is facing capital charges and the ultimate penalty of death. Moreover, Mr. Broadnax's rights are further compromised by the fact that Mr. Broadnax is bound to the selection of a "death qualified" jury to consider his guilt or innocence when "death qualification" only has relevance to the punishment phase.

The State, of course, may argue that its burden of proof justifies its exclusive privilege. This argument, however, fails for several reasons. First, the privilege of questioning a potential juror first has no relevance to the fact that the State has the burden of proof. Moreover, this argument is a tacit admission by the State of Texas that it does, in fact,

00081

gain a benefit from questioning potential jurors first.

Second, the State's interest in meeting its burden of proof cannot compare to Mr. Broadnax's interest in selecting a jury that will fairly decide whether he lives or dies. Mr. Broadnax cannot select a jury of fair and impartial citizens, however, without *wholly* equal access to the individual members of the venire and an equal opportunity to intelligently exercise challenges to those members.

Finally, the argument fails because the State's burden to prove guilt beyond a reasonable doubt exists to protect *the accused. See Hoover v. Beto,* 439 F.2d 913, 924 (5th Cir. 1971) (rev'd on other grounds). In fact, the State's burden of proof merely creates a concrete substantive due process requirement with which to protect the "'axiomatic and elementary'" principle of the presumption of innocence. *Estelle v. Williams,* 425 U.S. 501 (1977) (Brennan, J. dissenting). This presumption of innocence, of course, belongs exclusively to and inures to the sole benefit of Mr. Broadnax. As such, it should not be used by the State to create rules that are grossly unfair and prejudicial to Mr. Broadnax.

**C. The Current Procedure for Voir Dire, As Set Out in the Texas Code of Criminal Procedure, Is Outdated.**

14. The current procedure for voir dire, as set out in TEX.C.CRIM.PRO. art. 35.13, is not only unfair and prejudicial to Mr. Broadnax but outdated as well. The Texas Legislature passed Article 35.13 in 1965 during the 59th Regular Legislative Session. In the original article, the procedure for jury selection applied to both capital and non-capital cases. After 1965, however, the article was amended to limit the application of the article

00082

exclusively to capital cases. This amendment occurred in 1967 and remains the only amendment to the article. The reasons for amending the article in this manner, which places additional burdens on the capital defendant, are undocumented and unknown. Nevertheless, the reasons are irrelevant because the additional burdens placed on the capital defendant by the amendment are no longer consistent with Supreme Court case law.

Since the Legislature's last tinkering with the article in 1967, the law concerning capital cases has dramatically changed both in Texas and the United States. In 1972, the United States Supreme Court issued its legendary ruling that the death penalty, as it currently operated, was unconstitutional. *Furman*, 408 U.S. 238 (1972). This decision, of course, changed the legal landscape forever.

States across the nation, including Texas, were forced to halt executions and discard their existing capital punishment systems. Texas, like many other states in the union, responded to this development by formulating an entirely new death penalty statute. The new statute was a vast improvement, but several inequities, including the issues raised in this motion, still pervaded Texas's statutory scheme. Therefore, the task of creating a constitutional capital punishment system in Texas was far from complete.

Over the course of the next 34 years, the Supreme Court issued over 100 opinions regarding the operation of the death penalty in the United States. Sometimes these decisions did not affect Texas's death penalty law, but most of the time, these changes forced Texas to dramatically alter its capital punishment system. Virtually no aspect of

00083

capital punishment has been immune to these changes. From jury selection to the punishment phase, the Supreme Court has consistently demanded that states, including Texas, review and amend their capital punishment laws. In fact, the Court directly forced Texas to alter its post-*Furman* capital punishment statute in 1989. *Penry v. Lynaugh*, 492 U.S. 302 (1989).

Likewise, the process of selecting a jury has been subject to intense scrutiny by the Court, especially in capital cases. A variety of decisions, all handed down after the adoption of Article 35.13, have altered the voir dire process in Texas. *See e.g. Batson*, 476 U.S. 79 (1986); *Witt,* 469 U.S. 412; *Morgan,* 504 U.S. 719 (1992). During this time, however, Article 35.13 has never subjected to scrutiny or amendment. Whether by willful or unintentional oversight, Article 35.13 remains one of the oldest vestiges from the pre-*Furman* world of an unconstitutional death penalty system and an unconstitutional system of jury selection.

Moreover, the drafts of Senate Bill 107, which created Article 35.13 and the Code of Criminal Procedure, reveal the outdated nature of the law. In Article 35.12, which was created concurrently with Article 35.13, poll taxes are mentioned as a qualification for prospective jurors. The Supreme Court ruled that these taxes were unconstitutional a year later in *Harper v. Virginia State Board of Elections*, 383 U.S. 663 (1966).

Likewise, Article 35.16, which was also created concurrently with Article 35.13, cited several acceptable reasons for challenges for cause. Acceptable challenges for cause included that the individual was "neither a householder...nor a freeholder...nor the wife

00084

of such a householder." These provisions are the remnants of outdated time with outdated ideas about individuals and their roles, both in society at large and in the legal system.

Moreover, Articles 35.12, 35.13, and 35.16 were adopted before the Voting Rights Act of 1965. Since then, there have been only minor amendments to the provisions. As a result, the articles do not reflect the ideals of the new era of equality, which was ushered in by the Civil Rights Movement. Instead, they are left over relics from a time when racial discrimination ran rampant through the halls of the courthouse.

Therefore, although the provisions of Article 35 once reflected the prominent and constitutional law for jury selection, they no longer do so. The Court of Criminal Appeals does not feel these changes warrant a revision, but the trial court may feel differently and retains "broad discretion to control the conduct of jury selection." *Valle*, 109 S.W. 3d 500, 504 (Tex.Crim.App. 2003). *See also Bridge*, 726 S.W. 2d 558 (Tex.Crim.App. 1986); *Smith*, 683 S.W. 2d 393 (Tex.Cr.App. 1984); *Robison*, 888 S.W. 2d 473 (Tex.Crim.App. 1994).

15. Mr. Broadnax's ability to exercise challenges based upon complete and adequate information is critical because it determines which jurors Mr. Broadnax will select for his trial. If Mr. Broadnax is denied the ability to either exercise retroactive peremptory strikes or to alternate with the State when questioning members of the venire, Mr. Broadnax will be denied his rights to select the fair and impartial jury guaranteed to him by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10

00085

of the Texas Constitution.

WHEREFORE, PREMISES CONSIDERED, Mr. Broadnax prays that this Court allow the State and Mr. Broadnax to exercise retroactive peremptory strikes, and to alternate who questions members of the venire first during individual voir dire.

Respectfully submitted on this the ____ day of April, 2009.

By: _____
DOUGLAS H. PARKS
*Counsel to James Garfield Broadnax*
State Bar No. 15520000
Address: 321 Calm Water Lane
Holly Lake Ranch, Texas 75765
Telephone: (903) 769-3120
Telefax: (903) 769-3465

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was served upon David Alex, Assistant District Attorney, by hand delivery, on the ____ day of April, 2009.

_____
DOUGLAS H. PARKS

00086

CAUSE NO. F08-24667-FV

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE CRIMINAL |
| | § | |
| VS. | § | DISTRICT COURT NO. 7 OF |
| | § | |
| JAMES GARFIELD BROADNAX | § | DALLAS COUNTY, TEXAS |

**MOTION TO LIMIT STATE'S CROSS-EXAMINATION OF
DEFENDANT TO THE SCOPE OF THE DIRECT
EXAMINATION BY THE DEFENSE DURING PUNISHMENT PHASE**

COMES NOW, JAMES GARFIELD BROADNAX, the Defendant, by counsel, and pursuant to the 5th, 6th, 8th and 14th Amendments to the United States Constitution and Article 1, Sections 3, 10, 13, 19 and 29 and moves this Court to limit the State's cross-examination of Defendant to the scope of the direct examination by defense counsel during the punishment phase. In support thereof, the Defendant would show:

1. Defendant may wish to testify about numerous mitigating circumstances that, he believes, will militate in favor of a life sentence.

2. There are increasing numbers of cases in other jurisdictions which hold that, if a capital defendant testifies during the punishment phase, a prosecutor cannot cross-examine the defendant about anything except *what the defendant testified about on direct examination.* *See, e.g., Lesko v. Lehman*, 925 F.2d 1527 (3d Cir. Pa. 1991); *State v. Cazes*, 875 S.W.2d 253 (Tenn. 1994). Texas should join these courts.

3. The courts in these cases have reasoned that a capital defendant's limited testimony

00087

during the punishment phase about mitigating circumstances is not a full waiver of his Fifth Amendment right against self-incrimination.

4. Moreover, the Eighth and Fourteenth Amendments require that a capital defendant be permitted to introduce to the sentencing jury any and all constitutionally relevant mitigating circumstances. Permitting the State to cross-examine a capital defendant about things such as the circumstances of the offense, his remorse or lack thereof, unadjudicated extraneous offenses, and the like will unduly chill the defense's ability to present constitutionally relevant mitigating evidence that is only available through the testimony of the capital defendant himself.

WHEREFORE, PREMISES CONSIDERED, Movant prays that upon hearing, this Court sustain this Motion and limit the State's cross-examination to the scope of the direct examination of Defendant during the punishment phase. If this Motion is denied, Defendant requests the right to perfect an adequate bill of exception.

Respectfully submitted,

DOUGLAS H. PARKS
State Bar No. 15520000
321 Calm Water Lane
Holly Lake Ranch, Texas 75765
(214) 521-2670
(903) 769-3465 - Telefax

COUNSEL FOR THE ACCUSED

00088

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been furnished to counsel for the State by hand-delivery of a copy of same this the ____ day of April, 2009.

DOUGLAS H. PARKS

CAUSE NO. F08-24667-FV

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE CRIMINAL |
| | § | |
| VS. | § | DISTRICT COURT NO. 7 OF |
| | § | |
| JAMES GARFIELD BROADNAX | § | DALLAS COUNTY, TEXAS |

### MOTION TO READ, MARK AND INWARDLY DIGEST
### *JONES V. STATE* AND *THREADGILL V. STATE*
### RELATING TO DEFENSE CHALLENGES FOR CAUSE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW JAMES GARFIELD BROADNAX, Defendant, by and through counsel, and makes this Motion requesting the Court consider the admonitions of the Court of Criminal Appeals regarding Defense challenges for cause in death penalty cases and, in support thereof, respectfully shows:

I.

In *Jones v. State*, 982 S.W.2d 386, 394 (Tex. Crim. App. 1998), the Court of Criminal Appeals proposed that trial courts should follow a policy of liberally granting challenges for cause because "[t]he venire comprises so many jurors who are clearly qualified that it is unnecessary to err by denying a challenge for cause on a close question."

That language was clearly dicta and made in the context of a sea change in the law relating to reversible error in the jury selection process. Across the board, it has been little heeded.

II.

Approximately six years later four Judges of the Court again felt compelled to address

00090

the issue in a concurring opinion delivered October 13, 2004. A copy of that concurring opinion, from *Threadgill v. State*, 146 S.W.3d 654, 673-74 (Tex. Crim. App. 2004), is attached hereto and incorporated herein for all purposes.

WHEREFORE, DEFENDANT prays that the trial court adhere to the policy as announced by the Court of Criminal Appeals and liberally grant Defendant's challenges for cause.

Respectfully submitted,

DOUGLAS H. PARKS
SBN 15520000
132 Calm Water Lane
Holly Lake Ranch, Texas 75765
(903) 769-3120
(903) 769-3465 - Telefax

*Counsel to James Garfield Broadnax*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion has been served on David Alex, Assistant District Attorney, by hand delivery, on the _____ day of April, 2009.

DOUGLAS H. PARKS

00091

Case 3:15-cv-01758-N    Document 38-4    Filed 06/28/16    Page 96 of 219    PageID 715

Page 10

46 S.W.3d 654, *; 2004 Tex. Crim. App. LEXIS 1..., **

**CONCUR BY: WOMACK**

**CONCUR**

*WOMACK, J., filed a concurring opinion, in which PRICE, JOHNSON, and COCHRAN, JJ., joined.*

Before the citizens who had been summoned were examined for jury service, they answered written questions. Question 22 allowed them to give their views about the death penalty. One prospective juror, Deborah Hawkins, wrote "that no one has a right to kill. And no one should be allowed to live for killing some one else." When she was examined orally, she said she had thought about her position for "quite a few years now," and she had formulated it from something that happened to her brother-in-law. "He was murdered a few years back." That was the only basis for her opinion. She said that the killing "was senseless." Following [*674] her answer in the record is the court [**43] reporter's notation, "(Tears in eyes)." The prospective juror affirmed that she could base her punishment verdict on the evidence, but when she was called on to reconcile those affirmations with her written answer, she said, "I can't. ... I don't know." She consistently maintained that she would base her verdict on the law and the evidence, and she said that she could consider mental illness as a mitigating factor that she could consider in deciding punishment.

The trial court denied the appellant's challenge for cause, and the appellant was required to use one of his allotted peremptory challenges on the juror. Today we find no error because we defer to the trial court's seeing the jurors' demeanors and hearing the jurors' voices. *Ante*, at 18-20. This is a venerable rule for reviewing credibility decisions, to which there is little alternative in a close case. My question is, why permit close cases in selecting jurors?

When a court faces an issue of fact, it must rely on limited sources of information. Only so many witnesses will have relevant information about a contested issue of fact. When evidence conflicts, hard choices must be made. The trial judge is the person whose [**44] decision must be respected. But there is ordinarily no such need when it comes to deciding whether a citizen is qualified for jury service. If the question is close, the juror can be sent away.

We said exactly that a few years ago. We applied our harmless-error standard to a line of cases in which we had held that judgments of conviction would be reversed when a State's challenge for cause was erroneously granted. We said, "By the standards of *stare decisis*, analysis of precedent, and logic, that holding ... is unsupportable. It is also contrary to a policy which we think courts should follow: the liberal granting of challenges for cause. The venire comprises so many jurors who are clearly qualified that it is unnecessary to err by denying a challenge for cause on a close question." *Jones v. State, 982 S.W.2d 386, 394 (Tex. Cr. App. 1998)*.

Maybe the trial court could see in Venire Member Hawkins's demeanor and hear in her voice something that I cannot read in her words, that she could excuse a murderer from the death penalty. But I do think that, when a potential juror in a capital murder case is crying about the murder of her relative and thinks that no one [**45] who has killed another should be allowed to live, we could ask our trial judges to let her go to a court that is trying a theft case and bring in another person for the murder trial. If Ms. Murray were an eyewitness to the crime, she might well be irreplaceable. But as a juror, she easily could have been replaced. I do not say that the trial judge's decision of this close question of fact was wrong. But it was contrary to the policy that courts should follow.

En banc.

Filed October 13, 2004.

NO. F08 24629-Y
NO. F08 24667-Y

| STATE OF TEXAS | § | IN THE CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NO. 7 OF |
| | § | |
| JAMES BROADNAX | § | DALLAS COUNTY TEXAS |

### STATE'S MOTION FOR PSYCHIATRIC EXAMINATION OF DEFENDANT FOR REBUTTAL TESTIMONY

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** The State of Texas, by and through the undersigned Assistant District Attorney, and requests an order requiring the defendant, James Broadnax, to submit to a mental examination for use by the State in rebutting psychiatric or psychological testimony to be presented by Defendant, and would show the Court:

I.

The State is entitled to a psychiatric examination of the Defendant by its own expert for purposes of preparing rebuttal testimony. Chamberlain v. State, 998 S.W.2d 230, 234 (Tex. Crim. App. 1999); Lagrone v. State, 942 S.W.2d 602, 611-12 (Tex. Crim. App. 1997).

II.

The State hereby requests this Court to require Defendant to submit to a mental examination by a State expert under the following conditions:

a)      The State shall notify the Defendant's counsel, in advance of the time and place of the examination. Defendant's counsel may not be present during the examination. The Defendant may recess the interview and consult with counsel.

b)      The mental health expert shall not relate by any manner or means his conversations, findings, conclusions, and opinions with any State prosecutors or agents. The expert shall reduce his findings, conclusions, and opinions to writing and deliver the same to the Court for in-camera inspection.

1

00093

c)   The Court, after examination of the expert's report, will decide whether to release the ultimate conclusions only.  If the Court determines the report to contain <u>Brady</u> material, it shall release the material to the attorneys.

d)   The State may have the expert present in court if the defense presents a mental health expert to testify.

e)   If the defense calls a mental health expert to testify, at that time, the State's expert's report shall be turned over to the State by the Court.

**WHEREFORE, PREMISES CONSIDERED**, the State requests that the Court order the Defendant to submit to an examination with a State expert at least **30 days before trial,** trial is currently set on **July 27, 2009**, and order the State's expert to submit his report to the Court **within seven days of the examination.**

Respectfully submitted,

David Alex
Assistant District Attorney
Dallas County, Texas
State Bar No.: 24003256

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of this motion was [  ] hand-delivered [**X** ] faxed to Doug Parks for Brad Lollar, Attorney for Defendant, on the 20th day of April, 2009.

David Alex
Assistant District Attorney
Dallas, Texas

2

00094

NO. F08 24629-Y
NO. F08 24667-Y

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | **IN THE CRIMINAL DISTRICT** |
| | § | |
| **VS.** | § | **COURT NO. 7 OF** |
| | § | |
| **JAMES BROADNAX** | § | **DALLAS COUNTY, TEXAS** |

## ORDER

**BE IT REMEMBERED** that on this day, after proper and timely notice to the Defendant, by and through his attorney of record, came on to be heard and considered the STATE'S MOTION FOR PSYCHIATRIC EXAMINATION OF DEFENDANT FOR REBUTTAL TESTIMONY, The Court having considered said Motion, it is hereby -

**ORDERED** that said STATE'S MOTION FOR PSYCHIATRIC EXAMINATION OF DEFENDANT FOR REBUTTAL TESTIMONY is [✓] GRANTED  [ ] DENIED.

**SIGNED AND ENTERED** on this the _18_ day of _____ *mrn Y* _____ 2009.

*New*
*order*
*to follow.*

_____
JUDGE PRESIDING

3

00095

NO. F08 24629 Y
NO. F08 24667 Y

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NO. 7 OF |
| | § | |
| JAMES BROADNAX | § | DALLAS COUNTY, TEXAS |

### STATE'S OMNIBUS PRETRIAL MOTIONS

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** the State of Texas, by and through the undersigned Assistant District Attorney, and files this Omnibus Pretrial Motion, requesting and pleading the following:

**I.**

The state requests that the defendant make available to counsel for the state any and all written statements made or adopted by a witness called by the defendant to testify, and/or any statements used by a defense witness to refresh his memory as to the events involved in the trial, at such time as the defense passes the witness for cross-examination.

[ ] GRANTED        [ ] DENIED

**II.**

The state requests notice of the defendant's intent to offer certified documents in evidence in the trial of this case, and further requests disclosure of them prior to trial.

[ ] GRANTED        [ ] DENIED

**III.**

The state requests leave to file future motions in this matter as necessary.

[ ] GRANTED        [ ] DENIED

1

00096

**WHEREFORE, PREMISES CONSIDERED**, the State requests that this Motion be in all things granted by the Court.

Respectfully submitted,

_____
David Alex
Assistant District Attorney
Dallas County, Texas
State Bar No.: 24003256

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this motion was [ ] hand-delivered [ X ] faxed to Doug Parks for Brad Lollar, Attorney for Defendant, on the **20th** day of **April**, **2009**.

_____
David Alex
Assistant District Attorney
Dallas County, Texas

2

00097

NO. F08 24629-Y
NO. F08 24667-Y

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NO. 7 OF |
| | § | |
| JAMES BROADNAX | § | DALLAS COUNTY, TEXAS |

## ORDER

**BE IT REMEMBERED** that on this day, after proper and timely notice to the Defendant, by and through his attorney of record, came on to be heard and considered the **STATE'S OMNIBUS PRETRIAL MOTION.**

The Court having considered said Motion, it is hereby—

ORDERED that said **STATE'S OMNIBUS PRETRIAL MOTION** is

[ ✓ ] GRANTED [ ] DENIED .

**SIGNED AND ENTERED** on this the _10_ day of ___MAY___ 2009.

_____
JUDGE PRESIDING

3

00098

NO. F08 24629-Y
NO. F08 24667-Y

| STATE OF TEXAS | § | IN THE CRIMINAL DISTRICT |
|---|---|---|
| | § | |
| VS. | § | COURT NO. 7 OF |
| | § | |
| JAMES BROADNAX | § | DALLAS COUNTY, TEXAS |

### MOTION TO DISCLOSE EXPERTS AND HEARING

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the STATE OF TEXAS, a party in the above captioned and numbered cause, by and through the undersigned Assistant District Attorney, pursuant to TEX. CODE CRIM. PROC., art. 39.14 (b), after notice to Brad Lollar, the attorney for the Defendant herein, requests that this Court enter an order directed to Brad Lollar, the attorney for the Defendant, to disclose to the undersigned Assistant District Attorney **on or before June 22, 2009,** a date which is at least twenty (20) days before the **trial** is scheduled to **begin** herein, namely **July 27, 2009**, the name(s), address(es) and curriculum vitae of each person who the Defendant and the attorney for the Defendant may use to present evidence under Rules 702, 703, and 705, Texas Rules of Evidence at the trial in the above captioned and numbered cause.

In addition, the STATE OF TEXAS requests a hearing prior to the testimony by any Defense Expert Witness, pursuant to Rules 702, 703, and 705, Texas Rules of Evidence.

RESPECTFULLY SUBMITTED,

David Alex
Assistant District Attorney
Dallas County, Texas

1

00099

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this motion was [ ] hand-delivered    [ X ] faxed to Doug Parks for Brad Lollar, Attorney for Defendant, on the 20th day of April, 2009.

David Alex
Assistant District Attorney
Dallas, Texas

2

00100

NO. F08 24629-Y
NO. F08 24667-Y

| STATE OF TEXAS | § | IN THE CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NO. 7 OF |
| | § | |
| JAMES BROADNAX | § | DALLAS COUNTY, TEXAS |

## ORDER

**BE IT REMEMBERED** that on this day, after proper and timely notice to the Defendant, by and through his attorney of record, came to be heard and considered the State's Motion to Disclose Experts and Hearing, and in which the State requests that the Court grant a hearing regarding Defense Experts and the Defendant and his attorney disclose the name(s), address(es) and curriculum vitae of each person who the Defendant and the attorney for the Defendant may use to present evidence under Rules 702, 703, and 705, Texas Rules of Evidence at the trial in the above captioned and numbered cause.

The Court having considered said Motion, it is hereby –

**ORDERED** that said Motion to Disclose and Hearing is [ GRANTED ] [ ] DENIED.

**SIGNED AND ENTERED** on this the ____18____ day of ____may____, 2009.

_____
JUDGE PRESIDING

3

00101

NO. F08 24629-Y
NO. F08 24667-Y

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NO. 7 OF |
| | § | |
| JAMES BROADNAX | § | DALLAS COUNTY, TEXAS |

## STATE'S MOTION IN LIMINE

**COMES NOW** the State of Texas by and through her Criminal District Attorney of Dallas County, Texas, and moves the Court to instruct the Defendant and Attorney(s) for the Defendant, jointly and singularly to refrain from mentioning, referring to or alluding to, in any manner, directly or indirectly, by statement or question, at any time to the jury panel or within the hearing and presence thereof, to:

(1) Character evidence of any nature of any state's witness or the victims;

(2) Reputation evidence of any nature of any state's witness or the victims;

(3) Impeachment evidence by prior conviction;

(4) Any claim of misconduct by any attorney for the State; or

(5) Any variation of the following: "this is the first time the defense has seen this"

unless the admissibility of such matters has been determined out of the presence of the jury.

Respectfully Submitted,

David Alex
Assistant District Attorney
State Bar No.: 24003256

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of this motion was [ ] hand-delivered [ X ] faxed to Doug Parks for Brad Lollar, Attorney for Defendant, on the 20th day of April, 2009.

David Alex
Assistant District Attorney
Dallas County, Texas

1

00102

NO. F08 24629-Y
NO. F08 24667-Y

| STATE OF TEXAS | § | IN THE CRIMINAL DISTRICT |
|---|---|---|
| | § | |
| VS: | § | COURT NO. 7 OF |
| | § | |
| JAMES BROADNAX | § | DALLAS COUNTY, TEXAS |

## ORDER

**BE IT REMEMBERED** that on this day, after proper and timely notice to the Defendant, by and through his attorney of record, came on to be heard and considered the **STATE'S MOTION IN LIMINE.**

The Court having considered said Motion, it is hereby –

    **ORDERED** the said State's Motion in Limine is[ ✓ GRANTED  [ ] DENIED.

    **SIGNED AND ENTERED** on this the _18_ day of _MAY_ 2009.

_____
JUDGE PRESIDING

2

00103

NO.  **F08 24629 Y**
        **F08 24667 Y**

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | IN THE CRIMINAL |
| VS. | § | DISTRICT COURT |
| **Broadnax, James** | § | DALLAS COUNTY, TX |

## DISCOVERY and NOTICE OF EXTRANEOUS (2nd)

The enclosed Disks (1of 1) filed with the Court are for **Discovery Purposes Only.** In addition, copies of the enclosed Disks (1 of 1) were turned over to Counsel for the Defendant.

Also, Pursuant to TEX. CODE CRIM. PRO. ART. 38.37, TEX. R. CRIM. EVID. 404(B), and CODE CRIM. PRO. ART. 37.07, the State of Texas is hereby giving you notice of intent to use during presentation of State's case in chief, or during punishment, in the above-captioned and numbered criminal actions, **Any and All** extraneous crimes, wrongs or acts included in this discovery turned over to the defense.

Received By:

Brad Lollar

On __2/19__, 2009

00104



**State of Texas vs James Broadnax**

**F08-24667  Cap Murder**



**DISCOVERY**

Garland Police Dept. Notebook

DPS Crime Lab

Med/Psych Treatment Records

School Records

00105

NO. <u>F08 24629 Y</u>
<u>F08 24667 Y</u>

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | IN THE CRIMINAL |
| **VS.** | § | DISTRICT COURT #7 |
| **Broadnax, James** | § | DALLAS COUNTY, TX |

2009 APR 21 AM 8:58
GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO. TEXAS
DEPUTY
FILED

## <u>DISCOVERY and NOTICE OF EXTRANEOUS</u> (~~2nd~~) 3rd

The enclosed Disks (1of 1) filed with the Court are for **Discovery Purposes Only.** In addition, copies of the enclosed Disks (1 of 1) were turned over to Counsel for the Defendant.

Also, Pursuant to TEX. CODE CRIM. PRO. ART. 38.37, TEX. R. CRIM. EVID. 404(B), and CODE CRIM. PRO. ART. 37.07, the State of Texas is hereby giving you notice of intent to use during presentation of State's case in chief, or during punishment, in the above-captioned and numbered criminal actions, **Any and All** extraneous crimes, wrongs or acts included in this discovery turned over to the defense.

Received By: _____

Brad Lollar
On ____4/21____, 2009

00106



**State of Texas vs James Broadnax**
**F08-24667  Cap Murder**



**Dallas County Jail**
**Broadnax Phone Calls**
**3/14/09 to 4/16/09**

.00107

## NO. F08 24629 Y
## F08 24667 Y

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE CRIMINAL |
| VS. | § | DISTRICT COURT # 7 |
| BROADNAX, JAMES | § | DALLAS COUNTY, TX |

### DISCOVERY and NOTICE OF EXTRANEOUS (4th)

The enclosed Discovery filed with the Court is for **Discovery Purposes Only.** In addition, copies of the enclosed Discovery was turned over to Counsel for the Defendant.

Also, Pursuant to TEX. CODE CRIM. PRO. ART. 38.37, TEX. R. CRIM. EVID. 404(B), and CODE CRIM. PRO. ART. 37.07, the State of Texas is hereby giving you notice of intent to use during presentation of State's case in chief, or during punishment, in the above-captioned and numbered criminal actions, **Any and All** extraneous crimes, wrongs or acts included in this discovery turned over to the defense.

Received By: _____

On _____, 2009

COURT

001 08

# List of Discovery 4

**QTY**  **Description**

1  DVD - Firearms Examiner Report
        - Garland Fire Dept Report
        - Hope PD Reports
        - Def jail med records 11-26-08 to 4-24-09
        - 2 photos of pkg lot at Junction Apts
        - Texarkana ISD school records
        - Texarkana Arrest Warrants

1  DVD - Photos (CS, aerials, vehicle, clothes)

1  DVD - Crime Scene Video

1  CD   - GPD Forensic Reports (8) re:
        - taking aerial photos
        - processing CW vehicle
        - clothing of suspects
        - evidence log
        - collecting and processing the gun
        - measurement log
        - original crime scene processing
        - printing and swabbing original crime scene evidence

1  VHS Tape – Cummings in Texarkana interview room,  no interview taking place

1  VHS tape   - Barnhill interview

1  copy of Red notebook found in suitcase in CW vehicle

1  copy of Black notebook found in suitcase in CW vehicle

00109



State of Texas vs James Broadnax
F08-24667  Cap Murder

**DISCOVERY 4**

COURT

Firearms Examiner Report
Garland Fire Dept. Reports
Hope P.D. Reports
Hope School Records
Jail Med Rec 11/26/08-4/24/09
(2) Junction apt Photos



State of Texas vs James Broadnax
F08-24667  Cap Murder

**DISCOVERY**

Garland Police Dept. - Forensics

Complete Set of Photos



00110





00111





Red
Notebook

Hot Melody

*[illegible struck-through lines]*

Bitchez like my swag® so I let'em hit da strip rite
Ark Gangsta I can feel da heat burn'n
Pay attention closa but I call it observ'n
JB jus blaze I daze hoez wit my wordz
I pitch'm fast N dish'm out ova hand r wit - curb
Summatyme heatwave so erybody get serv'd
Drop a hood hit N den flip a couple byrdz
C im'a go-getta , so I gotta go N get it
N whoeva ain't rid'n roll ova N die wit it
My clik already hit'em , da mag go rip'em
Bodybag'm wit concrete brickz N den dip'em
But let'em undrstand my heat burn like tane
N dat Tell nav'm leak'n like spagetti N a can

I kno itz a sin bitch but mumy wat I dream of
So I wuz alwayz taught u gotta get it — cum
I gotta get it 4sho , my grind like my ~~stee~~ ste-lo
Evn if itz legal R I gotta pull a Kik Doc

00113

MIX TAPE

I got a gutta strawberry say she wana
flick, so lata on 2 nite she doin
Hollywood tricks, smoke bud hit like ack he
stank paper get rich hit da studio at 6
so I can drop anotha hit, I'm da shit

I gotta bread it Heva keep it gutta
Im JB bitch u neva find anotha
Go across da border n I sco a zip of
drop, peel off n da tell nikki drop da top
Muny mall, main da wat ya boy do best
Write rhymes, smoke swill n get it off my chest
I could git a ful a hoez wuz born swn
Lil yungin rip beats like a beast wer my cage
Muny on my mind yea Im talkn 2 da grave

I make it look easy like Im swimin da catfish

Keep
Skip

Or u can cutch me n da hood wer da
shotz pop off at, flossin n a drop candy
top chopp'd off dat

00114

c i killed on da 1st verse 2nd 1 black hearse
Now i spit retarted like my mouth gotta
siek curse, bitch we ride carrots floatn
like caskets, muny motivation gotta ↓ i dnt
practice, betta than hudini treatn beatz
like magic, threw away da trak u can
label dis a classic, but ya boy burnin up
u can label me a hazard, Arkansas
dirty-boy southside bastard, I neva
finished skool they wudn't pass me n da
class, told da jury fuk you, said judge
kiss my ass, so now i bake cakez all day
no math, wat u made off 8 i did a
byrd n a half, they ~~~~~~~ heatwave
summertyme dra~~~~~~~~~ cuz
~~~~~~~~~~~~~~~~~ than da stars
floatn on a ~~~~~~~~~~ roll wit da riffraff
gone wit da lollygag ~~~~~ hav 2 bodybag um
n giv'em a titletag

00115

Im smokn on a blak wit a stak N a fat pak
I ain't worried bout no muny cuz i sleep
wer i trap at, got it sof cool supply lil wodoe kno
If he got a problem den I hit wer grill go
Im trien 2 let his kidz knw he live 4
Drag'em thru da bak of field wer da kill grow
You got a knw what im tulkN 2 kno — said
Jus knw dat nig ofen get caught — bread

Get back . JB baby
Flow adictN like Herion bak N da 80'z

00116

JB thank milligramz on ↑ 2 killogramz
Ery 5 min nigga thanku tryna flip a gram
Bip'n n im swurvin dip up on a curb N
Pimp up on dis bitch N then i mac on cuz'N
Arkansaw southern smoke at itz best
Datz wer i rezide but i wuz born on da west

00117

Wer im 4mm man my niggaz stay buckN
Wen u c me n da hood da trap bumpN
C me rollN da strip wit sum z'z forien
Im a dirty boy bitch shawty u ain't nuthN
Stop frontN u kno im get off up N da legs
Im sorta like a scarecrow giv me yo head
Dnt affeleate wit pussy noe niggaz dat fedz
So get ya stroll on 4 nina b off N yo head
Fat bluntz i roll ↑ big drank i poe ↑
I ain't yung dro but im got damn groud ↑
Nina on my hip dnt step u get fukd ↑
C me n da hood yea dat FOLK dat wat throw ↑
I call da flow novacane spit numb'em quick
Hit'em ↑ n bodybag em throw da bitchez ditch
I ain't gotta say nuthN ask ya bitch da shit
If you ain't bout ya muny u ain't talkN bout shit

00118

## Redemption

So much pain n anger so much sorrow n rage
Thoughtz run'n threw my mind shud I pull gauge
Im goin insane feali like im losin my mind
blowin killa azz weed juz 2 past by time
Yea i sold dope i ain't proud i can't lie
But dn't 4get ya boy a gangsta till day i die
JB d-boy real n stay pimpin
Kush da same color like dat im sippin
But now im thankn milli - kilogramz
Ery 5 min nigga thankn tryna flip a gram
Clonez ~~tryna~~ run scams find anybody 2 tell on
Can't ~~da~~ 4get da fedz dat b tap'n cell phones
~~Thank da~~ ~~~~~~
Paper chase'n stackn bread tryna my mail on
If u ain't mak'n muny nigga u can get da hell on
~~Da boy got How=itz~~ How a heartattak I feal rip'n thru my chest
Arkansaw gangsta da south at itz best

00119

Im JB cumn kick it wit a G like me
Itz a Gangsta in da flesh though i seem carefree
No need 2 disagree im tryna chill n we conversate
Communicate maybe get cha body 2 regulate
But i ain't tryna complicate yo lifestyle mindframe
Im jus entertain body n relieve pain

00120

Bouncn -N- 7A Club.

Chorus | Im bouncn N im lean'N wit my — in — club
repeat 8x

Who u say u luvN 4 JB im hear now
Cant ↓ i am numba 1 you can bow ↓
Im bouncn N im rollN thru da club sumhow
I made I wuz already faded bout 2 fall ↓
Dead fresh yella nigga N u luno im braid'd ↑
I ain't tryna spill my drank got me full ↑
Lil shawty smellN musty so i told back ↑
Smoken on sum purple shit get ready close ↑
Dip'd 2 ATL wuz an Arkansaw resedent
But datz still my hood represent 4eva bitch

00121

Hoez line ↑ N breal bread like im a throwback
I throwback hoes I dnt want datz a 4sho fact
Neva get caught slipN — pimpN betta kno dat
I neva leep ℬ my muny wer i got my — at

Im ball bitch fresh out da smole barn — ashz
On ne body gone n asl ya bitch im hapnin
Im honorary murda niggas like it wuz voluntary
A visionary servev fenez like missionaries
Comentary bypass let my flamez ignite
Down 2 run ↑ n yo residence n blast on site
Aight dat wat I got my MOB squad 4
Neva get my handz dingy only whip work bro
You ain't gotta kno wat im tallen 2 kno i suid
But niggas ofen get caught n da cross holdn bread
But you dnt need walken n tallen 4 holdn head
It only take min 4 a witness^bitches 2 turn fed
So ima slaughter erybody, so there iz no trial
Meanwhile ~~~~ ask me 4 nata ~~~~ cuz i dnt kno yall
Slide like a reptile dat Tell a malem reconcile
Send'em 2 be exiled i kno it sound juvenile

00123

Yung Gangsta azz nig yea im sharper — blade
Thug on a mudslide surfN like a tidalwave
Serenade da beat while im hitem — renegade
I dnt like charadec im fina barricade — up
Roll ↑ so i can double half of my product
Giv me sum soda N a spoon boost — stock ↑

00124

Reelin until da reaper cum N get me
Weaknd 4rm da beatnz
Suicide wuz on my mind wat cud it b
Da visionz of enemies killN me N my sleep

~~I will burn thee~~
~~muthafucka walkin n my way on front street~~

~~juz pimp~~
~~I dnt grip hoes N pistol grip whip hoez~~
~~If im da shit wez da Kmart at~~
~~Am i crazy I lo'n me crazy es crazy it crazy~~
~~Tell bitch B redline u call me lacy~~
~~Im cowboy azz dirty bag u set botte me~~
~~Blaccy di?n At da P wutev he'z he z was wer stash~~
~~Bitch betta kno dat reeva keep mary od at~~

Kno'N dat ya pistol can't kill lile my cash can
Head still b N da bed legz b N da trash !
All JB need iz Epson salt N a gas can
Blow up bohole fukN shit ↑ male da wrong move
N try 2 get ↑ blaaaact u'll get split ↑
Yea i heard bout them niggaz dat B N R cookiez
But i worried bout bitch im block lookin
Tombstone a nigga on his head like da undertaker
You ain't gotta R lose weight 2 get stomach staple

00125

But u can talk shit till u get swoll
Pussy niggaz get stole 4 they bitch chose
Hoes can get they muthafucku chest blown
V'd u full up but look I ya got vest on

~~Im weaked 4rm da beatne but im still streetz N~~
~~I'll b reefil N reapN until da reaper com get me~~
~~Ill murda N my eyez like im stuck at Primela~~
An Arkansaw native bitch I steal alot of paper
~~They tell a bring a army wreva da devil send me~~
~~I reach on for da button I get my cash on~~
~~Illegal add a stole a git no mask on~~

I think my momz had an affair wit da devil
A rebel wit a cause
Hellborn bitch im da reazon they made da
born on — devilz anniversary I kno u niggas heard of me

~~drown'N~~
~~smicN down in~~
~~these waters n i can't breathe, blind by my tearz ont c~~
Im da rhythm da rebel alone on my level
Heatd up past da boiln point of metal
known 2 set trendz im lethal weapon
Step N yo section

00126



00127

Hogtied bodybag senders 2 da mayor

Bomb da whole country sent da president da paper

A foot fade'in fade'in tapers 1 I hit'm lata

I'm so high im cloud proof like a skyscraper

JB baby I kno ya heard of me

If not u betta find me like destiny

But when u bury bury me wit my flags skatz

Flowz burnin up like I baked 2 long

But I can jump on any nigga song N make

a part 2

Byrdz fly high datz wat chorus sayn rite

You couldnt c me evn if u wur N plain sight

Slap a stupid nigga turn'm rock N roll

Eva since da 10th grade I ben out here — flowz

Da last of a dyin breed ballN shapN O'z

Eva since I had a shity pampa — snoty nose

Hard head game fed get bread muny maker

Part tyme D-boy part tyme dummy baker

Tombstone a nigga on his head undertaker

You ain't gotta try 2 lose weight 2 — stapled

00128

T0

Blowin dro optimoz
Pussy poppin boppin hoez dollar clock'n
Get a kool mill then we out da doe
Lock u load slap a stupid nig. turn'm rock u roll

400° pleaze ima melting pot
N boy I woudnt touch wat da sun didn't scroch
Im so hot I got 3$^{rd}$ degree freezer burnz

00129



A look fade'm fade'm tape'm ↑ i'll hit'm lata
Im so high Im cloud proof like a skyscraper
Hogtie'm N bodybag'm send — 2 da mayor
Bomb da whole country send da pres. da paper
Let'm understand dat they fuk'N wit da man
N dat Tekkk hav'm leakn like spagetti N a can
Clutch like a vice grip da game N my hand
But when u bury me bury wit my flagz N my hand
Im weaknd 4rm da beatnz but im still N
I'll b reekn N reapn till da reaper cum N get me
Itz murda murda N my eyez like im Divinchi
They betta brang a army to da devil send me
Vicious, deadly ain't nobody gonna harm me
But bitch im like Sadam if a nigga bomb me
Am I crazy 4 b'nt me or iz JB crazy
Im a southside dirtyboy u can't bathe me

JB N yung Hope wit yung luck yall nig stuck
We bout dem buckz we keep heat tuckd
N ya niggaz buck den ya luck fukd up

Suicide wuz on my mind wat kud it b
I c visionz

00131

Like Diz

00132

Im JB I luo u bitch nig. heard of me
If not u betta find me like my — destiny
Gangsta azz nig. yea im sharper — razor blade
Thug on a mudslide surfn like a tidalwave

00133

JB  im dead fresh N stay rolln optimoz
Only full wit dollar clockn pussy bopn popn hoez
Lock N load slap a stupid nigga turn'm rock N roll
Mask bfore get a kool mill den im out da doe
Da last of dyin breed bakn shopn rockn O'z
Eva since I had a shity pampa N a snoty nose

00134

Dear mama I luv ya
Close my eyez n jus dream cuz I dnt wana — sufa
Sista of da struggle n a full tyme motha
long azz I live cant a mothafucka touch ya
You taught me da rite way evn on a bad day
Told me 2 grow ↑ n do sumthn besidez sell yae
Hard head soft azz dope n my jawz
Run'n Yrm da lawz hop'n dis shit dnt dissolve
Rebel wit a cauze datz how feel wit a passion
Take heed 2 ya word so I dnt grow ↑ 2 b a has been

00135

Sinakit da shit N I kno u nig hate it
Cant stand 2 watch
Get faded fukN wit a click datz X rated
Basically u cant c us so dnt

smokN
~~Standn on da tbl~~ blak wit a stall N a fat pak
I worried bout no money cuz i sleep wer i trap at
Gotta suicide ~~chett~~ MOB if tyme 2 get clapd at
Sinakit da shit we dnt hear no feed bak
JB im dead fresh N stay rollN optimoz
Only full dollar clockin pussy popN bopN hoez
Mask work make a 100 mill then im out da doe
Lock N load slap a stupid nig turn'im roell N roll
Da last of dyn breed bakN shapN rockN O'z
Eva since I had a shity pampa N a snoty rose
Bitchez steady screamin cuz they dream bout me showz
Sinakit da reason ~~da owner~~ made da whole club close
N if they gotta problem then i hit wer grill go
Im tryna let niz kidz kno he got — 2 live 4
Chop'm ↑ N spre drag threw da field wer da kill grow
Drop'm at da cemetary gravestone front row

00136

I mash on fuck da bullshit I get my cash on
Illegal wit a gloc tuld full clip mask on
Visualize da homicide murda all my enemies
Bitch im JB ~~last of a dyin breed~~ spitn knowledge 4 a dyin breed
3rd degree freeza burnz sicka than newmonia
Pigz can't sniff it seal it ↑ n amonia
Sinalit da shit baby no contest
Dead fresh im blessed MoB till I rest
Known dat pistol can't kill like my cash can
Head still b n da bed legz n trash can
Im married 2 da game n 4eva I stand
If u dnt like fuk u Im my numba 1 fan
Im conceited i kno u aint gotta tell me this
Datz y i stay on my hustle flipn presidents
Gotta spit a flame erytyme i talk or take a shit
Grab da mike spit a bar then i wipe my it
Dat boy throwd im n my mode i long tyme ago
MoB squad click drop hitz like Sorpranoz
C thru glass niggaz when hollowtipz roll-up
Treatm like bookz pussy niggaz jus fold up
Betta than hudini treatn beatz like magic
Thru away da trak u can label diz a classic
So dat mean dnt touch wat da sun dnt scroch
Catch a nigga slipn n I beam im off da porch

00137

G.A. Love

00138

SOW'd ↑

JB . jue blaze I daze hoez wit my wordz
I pitchem fast dishem out N — wit — curb
Summertyme heatwave so erybody get served
You caught a drought we sow'd it ↑ lesson I observe
Originality cuz my style so versitile

Hook: Givem diz Givem dat
We Gone Hav diz muthafucka sowd da fuk ↑
Smoke weed get dat , snort powder snort dat
2 linez im flat

00139

My words 2 complex they say JB amazin
Coke boiln ova da pot but my flow stay blazin
Contemplatin on my next move. I – right
Rap scheme so sick adict hoez like crack pipe
Talkn all dat shit couldnt blow a hole mag mite
Now i got'm n plain sight ———— 4 da fun of it
Arkansaw gangsta southside southern
Pay attention closer but I call it observin
JB jus blaze I daze hoez wit my words
I pitchem fast n dishem out throw curb
Summertyme heatwave so everybody served
I can cook raw allday but i rather byrds

# Hold ↑

Everybody want a peice of sumthn but — free
Now they eyez wide open like itz sumthn 2 c
I don't ask 4 shit but ima let u hold 3
So Ima reach my palm so u can — fee
JB baby ain't 2 much I can't handle
I hold my word down like fat guyz — samplez
Ima alwayz b hot like a glade L candle
I got freeza burn bitch c im 2 cold 2 handle
So I don't need nuthin cuz I got — shit
N I don't need da dope man I — bricks
You can save da hi cap'n I dnt hear — shit
Keep bumpn off at da mouth Ima — bitch


If I thank it say it if I say it mean it
N whoeua ain't ridn roll oua N die wit it


Yung gangsta azz nigga sharpa razor blade
Thug on a mudslide surfn like tidal waue
C I smoke allday tryna liue N da sky
N ima still be walku eun if I die

00141

Help me pleace Im blind'd my tearz
N I jus can't c
So many devil'z tryna recycle my soul
But wer Im 4rm in da hood ain't no
positive role jus nigga'z N hoez
Send me a sign jus 2 let a nigga kno
dat he been on yo mind

Floatn N da current tryna keep Urm drownin
Walkn thru da valley feel like I — down in
These waterz N I can't breathe
Im blind'd by my tearz n I jus can't c

00142

# THINK'N

Homicide wuz on my mind wat kud it b
I done been 2 hell n back y da reapa — me
Im jus tryna rest so I can chill n peace
But I c visionz of my enemies kill — sleep

So I gotta thank bout hard times
Try to build a greater rhyme
I c demons n my future but I — time
Fuck ↑ azz life but I kno I dnt desere it
Give me a strap or ball I hesitate 2 serve it
If I thank it say it If I say it meant it
N whoeva ain't ridin roll ova n die wit it
whoeva don't mention dey 4got 2 pay-attention
N if dat nig. talkin crazy then nobody — listen

00143

# Bip'd vol.1

JB dead freash N stay rollin optimo'z
Only full wit dollar clockin pussy pop — hoez
Mask work malle a cool mill. — da door
lock N lood slap a stupid nigga — roll N roll
They say I lille yo style I wana — song
Cuz my flowz bumin up lile — 2 long
Bitchez steady scream'n cuz they dream — Shawe
Gotta mob squad click dat drop hitz lile Sopranoz
Da last of a dyin breed ballu snapn — Die
Eva since I had a shity pampa — noze
Hard head , game fed , get bread muny maller
Part time D-boy part time cookie shaper
Tombstone a nigga on hiz head — undertaler
You ain't gotta try 2 lose weight — stapled
But you can tall shit till you get swoll
Pussy niggaz get stole b4 they bitch chose
Hoez can get they muthafuckn chest blown
Y'd you fuk ↑ but look I hope — vest on
Know'n dat ya pistol can't kill — cash can
Head still b n da bed legz n da trash can
All a nigga need iz epson salt N a gas can
Blow yo whole fuk'n shit ↑
Male da wrong move N try 2 get ↑
Blaaaat he'll get split ↑

10 yea I heard bout them nig.
dat'z ball'n N rock'n cooliez

But I ain't worried bout it
bitch Im on da ~~go~~ black look'n
~~Stop all dat hi capn N runnin ya mouth~~
~~B4 I hau 2 run N ya house N put dat IL~~ spouse
~~N wen Im dun wit ha I blow yo hoe ass~~ couch
N if a sucka try 2 get me im kill'n by any meanz
~~X~~ far as servin deez dope fenez it'z jus muny — meanz
You thank bout it ruff dat ain't my life far as dreams
Im jus tryna overcum da bullshit dat I dun seen
So ima hope N give a prayer N try 2 make it thru — struggle
N ima dedicate deez last 3 barz 2 my mother

JB
Bitch

00145

## Vol. 2

I mash full da bls I get my cash on
Illegal wit a glok full, full c, masil on
Visualize da homicide murda all enemies
Bitch im JB spitin knowledge 4 dyin breed
3rd degree freeza burne sicka than newmonia
Pigs can't sniff it seal it up N amonia
Ves JB da shit baby no contest
Dead fresh im bless'd MOB till I rest

00146



JB dat boy hot, shit I can't call it
Im tryna get of hell cuz dey blam'd me 4 it
~~My mind ~~

N I don't need nuthn cuz I got my own shit
I don't hit da D-man I supply my own bricks

My wordz cum blunt ~~dey say my wordz~~ I would say itz jus sou tasteless
Roll big bluntz N stall dope in casez

~~Style so atypical shit I would't blame'm~~

~~I jus pimp dopez N pistol grip tiz'~~

Now they lookn star struk lik it'z fuckn amazin
Style so atypical now aud you blame'em

"Boo"

Butta Pecan bootylisous hav u seen it
I call Tequila caz she burn like a feva

00148

They say a nig so fresh rike ben franklin
But i'll leave ya body stankw like — franklin

Diz 4 my pill poppin hoez who b get'N muny bitch
Diz 4 my syrup sipp'N hoez who b -
Diz 4 my independent hoez who b -
Diz 4 my pussy popp'N hoez who b -



00151

00152



LATELY I BEEN MOVING THROWIN'

→ BLAST OFF SEMI AUTO-MATIC
WHEN I BLAST

00153



00154

\# 18602365558 : long distance.

Nikki - 678·799·5542

Nate - 334·467·4891

Mama - 901·857·4797

Kevin - 404·428·5478

I - 404·207·4751

Dave (chevy 1500) - 578·4498

LaCl - 737·1434

MBM - 231·727·6090

Sonic Drive-In - 870·777·4205





00156



00157





00159

00160

KaVion

I KaVia
870
Hustle
Down

I

HUSTLE
TRAP
GET MUNY

00161



Black
Notebook



00163

Wat ↑ FOLK!!?

     Let me start by sayn I miss ya Ol'G. I ain't go use no codez 'n nuthn u-cuz I kno dey on dat snit, wit dey bitch azz. Wat'z ben ↑ wit ya bra. I heard da ste-lo on erythang. My nigga keep yo head ↑ behind them bar'z N keep yo marriage goin. yea I kno CONGRADZ NIGGA u already kno I kno erythang (well I thank I do) but datz apart of learning N repition iz da father of learning "memba dat" can't say I ain't neva put u ↑ on nuthn. Ha. Ha naw G ya lil' bra made it man I finally Fuckn made it. I'm out dat snithole call'd Hopeless, kno wat im sayn. Im still halfway strugglin but im doin good 4 myself FOLK, I got a new bitch N all dat shit. Im jus tryn 2 bright'n my horizonz N fly wit da byrdz on cloud nine ya feel me. But N-E way

00164

G how dem muthafuckaz treatn
you N there erythang copestetic?
Have you talk 2 da Fam. lately
(Big M. N erybody) I talk 2 momz
da otha day N shit N got da
addrezz, wen I 1st heard im like
DAMN dey got mv nigga doin FED.
tyme. How long iz yo tyme? I wish
I cud cum c u bra but im N
Michigan yea MI., it'z a long azz
story i'll have 2 tell ya anotha
tyme, but im good tho. Man I got
sooo much shit 2 tell ya wen u
get out dat hoe. N if erythang go
rite which it iz already, I got you
N u already kno wat im talkN
bout (YOU KNOW ME Z WEIL) jus
thank bout it. I got wen u touch
down 4-sho G.

00165

Drivers: Home delivery - Home Nightly
ʃ lower case ↄ
WWW.EXELDIRECT.COM
1-800-285-1200 code: M200-GP
CDL NOT REQUIRED

United States Postal Positions: straight 2 p.o.
starting $21 hr.
1-800-822-9018 mention ref. num. 3416

Now Hiring Locally:
Avg. pay $20 hr.
1-866-497-2103

Help Wanted!
Easy work ... exel. pay
No selling or exp. needed
start immediately
1-800-295-0574
www.A-Better-Career.Com

Cash Loans -n- Grants
1,000 to 300,000
credit prob. n low income accepted
1-800-824-1997 same day pro.

00166

Drivers Needed:
No exp. required, get yo COL N few wks.
1st day medical
1-866-917-2778
www.joincrst.com

Lee's Famous Pres.
Apple Ave. E
looking 4 a cook

West MI Thearapy
Health Program

00167

— Hood Melody —

**1st 16**

My wordz 2 complex dey say JB'z amazin
Coke boil'n in da pot but my flow stay blazin
Contemplat'n on my next move I gotta get it rite
Rap scheme so sick addic hoez like a crack pipe
Talk'n all dat shit cudn't blow a hole like my mag mite
Bitchez like my swag so I put'm on da strip rite
Ark Gangsta, yea I keep trahz burnin
Pay attention closa but I call it observin
JB dat boy hot shit I can't call it
Im tryna get out of diz hell cuz dey blam'd me 4 it
My wordz cum blunt I jus call it tastelezz
Roll big bluntz N stack dope N casez
C I don't need nuth'n cuz I got my shit
I don't hit da Dope Mana I supply my brickz
C Ima go-getta, so I gotta go N get it   flip
Throw sum soda N da pot roll a blunt N den hit it

**2nd 16**



00169

N ONLY G.O.D. KNOWLEDGE POWER

00170

Whoeva don't mention, dey 4got 2 pay attention
N if dat nig. talk'N crazy, then nobody don't listen
C dis is lesson 1 4 all da roolliez in da build'N
U gotta get da game b4 u stack it 2 — ceil'N

I'm illergic 2 bein broke man dat shit unheard of
Scheme'N on dolla billz so datz wat I dream of

So I wuz alwayz taught u gotta get it how it cum
I gotta get it 4sho, my grind like my stee-lo
Evn if it'z legal R I gotta pull a kilk Doe

I tell'a pay attention cuz ⟵⟶ she jus listn slo
So wen I put'a on da strip I tell'a brang me mo

I get my muny like my dope, I preefer it in slabz
If a nig talkin stupid I don't hear dat shit
But if dat nig talkin brillz we go get dat shit
Money ova Bitchz, so I keep'm on da run
Bitch I luv muny, y u thank I stak fundz

00171

Wen ya hear dis shit put cha drank↑ — get ↑
I ain't got tyme 2, 2-step I roll bluntz ↑

Im jus schem'n on a lik wit sum rockz n my sockz
Got dat 30. cal on me n dat Glock stay cock'd
_____ tell'n me 2 be calm
Im jus tryna get all da muny I can't fit n my palm

I tell dem hoez , shut ↑ bitch pay attention n juz
listen .
Itz tyme 2 hit da strip it bet not cum bak miss'n
I don't luv nuthin if it ain't bout muny
I don't trust bitchez so I keep dem hoez runiu
Wat'z hood nigga , A JB up in da build'n
Arkansaw wer I reside n TK is my ceil'n

00172

Diz A Hit!          "LOOK AT'EM"

chorusx1   All my Gangstaz'z N da buildn put ya burna in da air
All my bitchz get low but don't full ↑ ya hair
Look at'm

If ya look'n 4 ya boy Im at da trap ron da blok
Got dat 30'cal on me N dat Glok stay colk'd
Look at'em
We get mun all day we ain't worried bout nutin

00173

"A Story"

"Safe Sex o Get Paid"
$1,000z/wk. Cash'o
Men 18+ All Racez "Blak Book" offa
SafeSexGetPaid.com
2. $3,250! 18+ yrz
legal cash research + more
All welcome SmokePotGetPaid.com
Immediate Cash Loans
   1,000 - 300,000
Same Day 1-800-691-0210
        Getbiggertoday.com

"A Story"

Piture Dis: Im smokw on blak wit a stak
N a fat pak I I ain't worried bout no
muny cuz I sleep wer I trap at I

00175



00176



F.S.
172/
$90

$140        $160
     50   F. 90 + 50      50
$90          $140       160

         90 - 50     X $.50 sh.
            40    $200 leave wit

              160

                        200 mayb 20
                        -156
                         44   5
                         64   5  10
                        -15
                        44 leave wit

00177

In da trap

00178

# "Planz"

200 TK                          weight 220 - 250

Jobcore / weldin                    benchin - 375 - 420

Army : Eng. ⁊ Infantry 8      10,000

Escort Service (buisness)         ~~~~~~        Boupie

Meantyme work              7, ~~500~~    "7"

- Vegas -                         3000

ES - ~~2 limo'z~~, ⅜ 3 limo'z, Crown Vic ⁊ Lac

You Know / already 8 Gigalo

~~Black N Gray Truck~~ Black on B  w B + W gutz

22's black ⁊ 4'z  ⁊ 12'z

6 lbz Dro (spanish)  6 zipz  150 - 200

Mexico (1wk) 6 lbz Dro ⁊  6 Croniℓℓ      2800 - 3000

Ice - 6 - 18000  × 6  zipz

| 9 zip | 250 | | 3 | Cronic | | 2800-3000 |
|---|---|---|---|---|---|---|
| 18 | 2 | | 300 | 400 zip | | Ice-6-18000 |
| 27 | | | 35 | 600 | QP - 1500 | x 6 zipz |
| 36 | | | 35 | 600 | | |
| 45 | | | 35 | 600 | Hp - 3000 | |
| 6  5400 | | | 35 | 600 | | |
| | | | 35 | 600 | | |
| | | | 0 | 2400 | | |
| | 250 | | 1800 | L | | |
| | | | 2100 | L | | |
| | | | | L | | |
| | | | | L | 6400 | |
| | | | | L | 6 | |
| | 280 | | | L | 6 | |
| | 400 | | | L | 6 | |
| | | | | L | 6 | |
| | 24,000 6 lbz dro | | | L | 6 | |
| | ~~5400~~ | | | L | 6 | |
| | 2100 | | | | 6 | |
| | 2 6100 | | | 36,000 | 36000 weed | |
| | 6 | | | 54,000 | 18000 Koke | |
| | | | | 90000 | 54,000 | |
| | 36000 | | | | | |
| | 5400 | | | | | |
| | 41400 | | | | | |

00179

I Cut That Drank un my mind It you
Think you Wanna Cross me

00180

I GOT THAT DRAMA ON MY MIND
IF A NIGGA WANNA CROSS ME

THIS FA MY PILL POPPIN HOES THAT BE
GETTIN MONEY BITCH GETTIN MONEY BITCH
GI- GI- GI MONEY BITCH

[From]:

ALMIGHTY TURLE 2 1=/a D=/ATH MATEGION
CAUSE 1 TURN CREAM INTO QUICE LIKE A
DEATH MAGICIAN



By: Jb baby

· Complete Forecast | Homepage | Site Index | RSS Feeds | About Us | Contact Us | Advertise

**mlive.com**
Everything Michigan

**Employers:**
www.mlive.com/jobs

HOME   NEWS   TRAVEL   SPORTS   FORUMS   H. S. SPORTS   LIVING   ENTERTAINMENT   JOBS   AUTOS   REAL ESTATE   CLASSIFIEDS

in association with

**ANN ARBOR NEWS**

# Best Local Jobs

Currently not logged in [login]
- My Tools
- Search Jobs
- Resumes
- My Jobs
- Profiled Employers

Quick Search | Advanced Search | Search by Company | Saved Search Alerts

For Employers and Recruiters »          Help ❷

Job Detail

[ Back to search results ]   [ See all jobs for this Employer ]

[ Login To Save ]   [ Login To Forward ]   [ Login To Add Notes ]   [ Print Job ]

Sales , Driver, wharehouse
Employer:              American Bingo Company
Location:              Whitehall, Michigan 49461 United States
Last Updated:          1/22/2008
Job Type:              Employee
Job Status:            Full Time, Part Time
Shift:                 1st Shift

Job Description

Looking for ambitious hard worker with good driving record and references. Flexible hours and some heavy lifting. email resume to . david@americanbingocompany.com

fax 231-894-1819

Contact Information

        **Contact:**  david dusenberry
        **Phone:**   2318941818
          **Fax:**   2318941819
      **Address:**   516 E. Colby St
                     Whitehall, Michigan 49461
                     United States

To APPLY please Sign In

Don't have an Account? Sign Up

To APPLY please Sign In
Don't have an Account? Sign Up

- Jobs Home

**Job Fairs & Events**

- Career Fair Destinations

http://jobs.mlive.com/careers/jobsearch/detail?......1T.......    1.1.2 ...      2/12/2008

00185



00186

Say we ridn dirty creepn me n my NG — lerkn

4 deep up in a slab n probly fine go merk sumthn

If not we grabn DB n strapz n we go burn'em

Dip off n diz bitch n hit da hood n we go serve'em

Ya'll niGGa'z high cap'n Folk who you thank u fuck'n wit

Get muny out de azz hol now date sum xpensive shit

Im all up n de Drank cuz we smokn on dat purple shit

~~[crossed out line]~~

Mix it wit sum syrup so we lean lean up n diz bitch

00187



00188



5  10  20
20  40  10
25

28
X 20
560

00189

NO. F08 24667 LV
NO. F08 24629 LV

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE CRIMINAL |
| | § | |
| | § | DISTRICT COURT #7 |
| VS. | § | |
| | § | DALLAS COUNTY, TEXAS |
| | § | |
| JAMES BROADNAX | § | APRIL TERM, 2009 |

### STATE'S NOTICE OF INTENT TO USE BUSINESS RECORDS ACCOMPANIED BY AFFIDAVIT

COMES NOW THE STATE OF TEXAS and hereby gives notice of filing business records accompanied by affidavit pursuant to Rule 902(10) of the Texas Rules of Evidence.

Name of Affiant:    **Jay R. Soules**

Employer of Affiant:  **KDFW FOX 4**

Subject:  **James Broadnax Interview**

CRAIG WATKINS
CRIMINAL DISTRICT ATTORNEY
DALLAS COUNTY, TEXAS

BY: _____
DAVID ALEX
ASSISTANT DISTRICT ATTORNEY

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion and Affidavit were [✓] hand-delivered, [ ] mailed, [ ] faxed, to BRAD LOLLAR the Attorney of record on this the 18th day of **May**, 2009.

_____
DAVID ALEX
ASSISTANT DISTRICT ATTORNEY

FILE

00190

IN RE GRAND JURY PROCEEDINGS:

Subpoena duces tecum for production of documents regarding James Broadnax

### AFFIDAVIT OF JAY R. SOULES

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

BEFORE ME, the undersigned authority, personally appeared Jay R. Soules, who, being by me duly sworn, deposed as follows:

1.      "My name is Jay R. Soules, I am over the age of eighteen years, am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

2.      "I am a custodian of records of NW Communications of Texas, Inc., on behalf of its television KDFW FOX 4, ("KDFW FOX 4") in Dallas, Texas.

3.      "Attached hereto is a true and correct copy of the KDFW FOX 4 reports and out-takes concerning the murder of Matthew Butler and Stephen Swan in Garland, TX on June 19, 2008 including interviews of suspects James Broadnax and Damarius Cummings. These said tapes are kept by KDFW FOX 4 in the regular course of business, and it was the regular course of business of KDFW FOX 4 for an employee or representative of KDFW FOX 4, with knowledge of the act, event, condition, opinion or diagnosis, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the original or an exact

00191

duplicate of the original reports that aired concerning the murder of Matthew Butler and Stephen Swan in Garland, TX on June 19, 2008 including interviews of suspects James Broadnax and Damarius Cummings."

Further Affiant sayeth not.

Jay R. Soules

JAY R. Soules / NEWS OPERATIONS COORDINATOR
[printed name and title]

SWORN TO AND SUBSCRIBED before me on the _____ day of July, 2008.

[Seal]  MARY F. KNIGHT
My Commission Expires
July 28, 2011

Mary F. K
Notary Public, State of Texas

MARY F. Knight
[printed name]

My Commission Expires:

July 28, 2011

- 2 -



State of Texas vs James Broadnax
F08-24667

FOX 4 NEWS
Jail Interviews: Cummings & Broadnax
disc #2 of 3

DA COPY



State of Texas vs James Broadnax
F08-24667

FOX 4 NEWS
REPORTS
disc #1 of 3

DA COPY



State of Texas vs James Broadnax
F08-24667

FOX 4 NEWS
REPORTS
(after jail interviews)
disc #3 of 3

DA COPY

00193

NO. F08 24667 L\V
NO. F08 24629 L \|

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE CRIMINAL |
| | § | |
| | § | DISTRICT COURT #7 |
| VS. | § | |
| | § | DALLAS COUNTY, TEXAS |
| | § | |
| JAMES BROADNAX | § | APRIL TERM, 2009 |

### STATE'S NOTICE OF INTENT TO USE BUSINESS RECORDS ACCOMPANIED BY AFFIDAVIT

COMES NOW THE STATE OF TEXAS and hereby gives notice of filing business records accompanied by affidavit pursuant to Rule 902(10) of the Texas Rules of Evidence.

Name of Affiant:    **Sharla Alford**

Employer of Affiant:    **KXAS-TV, Inc. (Channel 5)**

Subject:    **James Broadnax Interview**


CRAIG WATKINS
CRIMINAL DISTRICT ATTORNEY
DALLAS COUNTY, TEXAS

BY:    _____

DAVID ALEX
ASSISTANT DISTRICT ATTORNEY


### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion and Affidavit were [✓] hand-delivered, [ ] mailed, [ ] faxed, to _Brad LaCour_ the Attorney of record on this the 1&th day of **May**, 2009.

_____

DAVID ALEX
ASSISTANT DISTRICT ATTORNEY

FILE

00194

## Grand Jury Subpoena

THE STATE OF TEXAS )
)
COUNTY OF DALLAS )
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

### AFFIDAVIT

Before me, the undersigned authority, personally appeared SHARLA ALFORD, who, being by me duly sworn, deposed as follows:

My name is SHARLA ALFORD, I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

1. I am the Custodian of Records for NBC Subsidiary (KXAS-TV), a Division of Station Venture Operations, LP ("KXAS") and I am responsible for responding to the Subpoena in the above-captioned matter (the "Subpoena"). I have the authority to certify the videotape of the requested footage and copies of it.

00195

2.    Attached hereto is video footage that is an exact duplicate of the original footage described in the Subpoena.  This video footage is from KXAS-TV, a Division of Station Venture Operations, L.P.  Said video footage is kept by KXAS in the regular course of business, and it was the regular course of business of KXAS for an employee or representative of KXAS, with knowledge of the acts, events, conditions, opinions or information recorded, to make the record or transmit information thereof to be included in such record.  Such record was made at or near the time of the events, or reasonably soon thereafter.



SHARLA ALFORD
EXECUTIVE ASSISTANT
NBC SUBSIDIARY (KXAS-TV), A Division of Station Venture Operations L.P.

AFFIANT


SWORN TO AND SUBSCRIBED before me on the __11__ day of July, 2008.

MARTHA STALLARD
My Commission Expires
August 9, 2011

_Martha Stallard_
Notary Public, State of Texas

Notary's printed name:

_Martha Stallard_

My commission expires: _8-9-2011_



State of Texas vs James Broadnax
F08-24667 Cap Murder

DA COPY

CH 5 KXAS
News Reports
Disc 1 of 1

00197

NO. F08 24667 L\
NO. F08 24629 L\

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE CRIMINAL |
| | § | |
| | § | DISTRICT COURT #7 |
| VS. | § | |
| | § | DALLAS COUNTY, TEXAS |
| | § | |
| JAMES BROADNAX | § | APRIL TERM, 2009 |

### STATE'S NOTICE OF INTENT TO USE BUSINESS RECORDS ACCOMPANIED BY AFFIDAVIT

COMES NOW THE STATE OF TEXAS and hereby gives notice of filing business records accompanied by affidavit pursuant to Rule 902(10) of the Texas Rules of Evidence.

Name of Affiant:    **Angela Williams**

Employer of Affiant:    **KTVT-TV, Inc. (Channel 11)**

Subject:    **James Broadnax Interview**

CRAIG WATKINS
CRIMINAL DISTRICT ATTORNEY
DALLAS COUNTY, TEXAS

BY: _____

DAVID ALEX
ASSISTANT DISTRICT ATTORNEY

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion and Affidavit were [✓] hand-delivered, [ ] mailed, [ ] faxed, to _Brad Lollar_ the Attorney of record on this the 10th day of **May**, 2009.

_____

DAVID ALEX
ASSISTANT DISTRICT ATTORNEY

FILE

00198

State of Texas     )
                   )ss
County of Tarrant)

I, Angela V. Williams, certify and declare as follows:

1.    I am over the age of 18 years and not a party to this action.

2.    I am the Station Archivist and Custodian of Records for KTVT-TV.  My business address is 5233 Bridge Street, Fort Worth, Texas  76103.

3.    A *subpoena* directed to KTVT-TV in this matter was faxed to CBS Broadcasting Inc. on July 7, 2008 which in turn forwarded the subpoena to me.

4.    Attached is a true copy of KTVT-TV's coverage of the murders of Matthew Butler and Stephen Swan in Garland, Texas on June 19, 2008, including interviews of the suspects James Broadnax and Damarium Cummings.

5.    The report was maintained by KTVT-TV in the ordinary course of business at or near the time of the acts, conditions or events recorded.

DATED: July 10, 2008

Angela V. Williams
Angela V. Williams

Sworn to before me this 10th day
of July, 2008

Notary Public



VIKKI HUTCHISON
Notary Public, State of Texas
My Commission Expires
OCT. 18, 2009

00199



State of Texas vs James Broadnax
F08-24667 Cap Murder

DA COPY

CH 11 KVTV
News Reports
Disc 1 of 1

00200

 CBS11 News Coverage
James Broadnax and Damarius Cummings

00201

NO. F08 24667 L
NO. F08 24629 L

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE CRIMINAL |
| | § | |
| | § | DISTRICT COURT # |
| VS. | § | |
| | § | DALLAS COUNTY, TEXAS |
| | § | |
| JAMES BROADNAX | § | APRIL TERM, 2009 |

### STATE'S NOTICE OF INTENT TO USE BUSINESS RECORDS ACCOMPANIED BY AFFIDAVIT

COMES NOW THE STATE OF TEXAS and hereby gives notice of filing business records accompanied by affidavit pursuant to Rule 902(10) of the Texas Rules of Evidence.

Name of Affiant:    **Merrill J. Balanciere**

Employer of Affiant: **Garland Fire Department**

Subject:    **James Broadnax,**
    **Incident Report 2008-810405**

CRAIG WATKINS
CRIMINAL DISTRICT ATTORNEY
DALLAS COUNTY, TEXAS

BY: _____
DAVID ALEX
ASSISTANT DISTRICT ATTORNEY

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion and Affidavit were [✓] hand-delivered, [ ] mailed, [ ] faxed, to BRAD LOLLAR the Attorney of record on this the 18th day of **May**, 2009.

_____
DAVID ALEX
ASSISTANT DISTRICT ATTORNEY

00202

City of Garland
P.O. Box 469002
Garland, Texas
75046-9002
972-781-7124



## CERTIFICATE OF RECORD

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | {} | |
| | {} | **AFFIDAVIT** |
| **COUNTY OF DALLAS** | {} | |

BEFORE ME, the undersigned authority personally appeared who, being duly sworn, deposed as follows:

My name is **Merrill J. Balanciere**, and I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

I am the custodian of records for the **Garland Fire Department**. Attached hereto are **8** pages of **Incident Report** for **810405** from the Garland Fire Department. These said **8** pages of report are kept by the Garland Fire Department in the regular course of business, and it was in the regular course of business of the Garland Fire Department for an employee or representative of the Garland Fire Department, with knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the record or transmit information thereof to be included in such records, and the record was made at or near the time or reasonably soon thereafter. The records hereto are the original or exact duplicates of the original.

_____
AFFIANT

SUBSCRIBED AND SWORN TO BEFORE ME this the **8 May 2009**.

_____
Notary Public in and for Dallas County, Texas

My Commission Expires on _____3-7-20 11_____.



ELIZABETH HUFF
MY COMMISSION EXPIRES
March 7, 2011

00203

| Basic | | |
|---|---|---|
| Alarm Date and Time | 01:21:11    Thursday, June 19, 2008 | |
| Arrival Time | 01:22:28 | |
| Controlled Date and Time | | |
| Last Unit Cleared Date and Time | 04:19:32    Thursday, June 19, 2008 | |
| Response Time | 0:01:17 | |
| Priority Response | Yes | |
| Completed | Yes | |
| Reviewed | Yes | |
| Release to Public | Yes | |
| Fire Department Station | S1 | |
| Shift | C | |
| Incident Type | 321 - EMS call, excluding vehicle accident with injury | |
| Initial Dispatch Code | FIRE | |
| Aid Given or Received | N - None | |
| Alarms | 1 | |
| Action Taken 1 | 30 - Emergency medical services, other | |
| EMS Provided | Yes | |
| Apparatus - Suppression | 5 | |
| Personnel - Suppression Personnel | 11 | |
| Property Use | 960 - Street, other | |
| Location Type | Intersection | |
| Address | On N NINTH ST  at W STATE ST | |
| City, State Zip | GARLAND, TX 75040 | |
| District | 1 | |
| Latitude | 25.3880475 | |
| Longitude | 702.028300 | |

| EMS Scene | | |
|---|---|---|
| Location Type | Street / Highway | |
| Mass Casualty Incident | Multiple Patient Incident | |
| ID of First Unit on Scene | A1 | |
| Number of Patients This Incident | 2 | |
| Special Factor Code | Unsafe Scene | |
| Special Factor Code | Crime Scene | |

Printed: 05/04/2009 11:33:01

00204

**Incident Report**                    Garland Fire Department
2008-08104...-000

| EMS Patient - DOE, JOHN | |
|---|---|
| First Name | JOHN |
| Last Name | DOE |
| Street Address | |
| Provider Impression / Assessment | 28 - Obvious death |
| Cause of Illness/Injury | 00 - Other cause |
| Highest Level of Care | 4 - EMP-P (Paramedic) |
| Disposition | N - Not transported under EMS |
| Initial Level of Care | 4 - EMT-P (Paramedic) |
| Human Factors | None |
| Allergies | uto |
| Current Medications | uto |
| Method of Consultation | None |
| Treatment Authorization | Protocol / Standing Orders |
| Onset Datetime | June 19, 2008 |
| Response Mode From Scene | Emergency Response to Scene |
| Chief Complaint Code | Gun Shot Wound |

| EMS Patient - DOE, JOHN Assessment | |
|---|---|
| Assessment - Obvious Death | Injuries Non-Comp w/Life |
| Assessment - Bleeding | Severe |
| Assessment - Cardiac | All Relevant Systems Normal |
| Assessment - Chest | All Relevant Systems Normal |
| Assessment - Extremities | All Relevant Systems Normal |
| Assessment - GI/GU | All Relevant Systems Normal |
| Assessment - HEENT | Pupils - Nonreactive - Both |
| Assessment - Lungs/Respiration | APNEA |
| Assessment - Neurological | No Purposeful Movements |
| Assessment - Abdomen/Pelvis | All Relevant Systems Normal |
| Assessment - Skin | Warm |
| Assessment - Spine/Back | All Relevant Systems Normal |

| EMS Patient - DOE, JOHN Symptoms | |
|---|---|
| Symptom 1 | Traumatic Injury |

| EMS Patient - DOE, JOHN History | |
|---|---|
| Previous History 1 | Unknown |

| EMS Patient - DOE, JOHN Injuries | |
|---|---|
| Injured Body Site 1 | Neck, Medial |
| Injury Type 1 | GSW, |
| Injured Body Site 2 | Chest, Medial |
| Injury Type 2 | GSW, |

| EMS Patient - DOE, JOHN Flow Chart | |
|---|---|
| 21:32:34 - Assessment / Vitals | BP = 0/0;  Pulse = 0;  Resp. = 0 |
| Provider | -, |

Page: 2                                    Printed: 05/04/2009 11:33:01

00205

**Incident Report**            Garland Fire Department
2008-08104  -000

| EMS Patient - DOE, JOHN Flow Chart | | |
|---|---|---|
| Success | Yes | |
| Charge | $0.00 | |
| 21:33:34 - Trauma Score | Eye = 1;  Verbal = 1;  Motor = 1;  GCS = 3;  AVPU = | |
| Provider | - , | |
| Success | Yes | |
| Charge | $0.00 | |

| EMS Patient - DOE, JOHN Narrative | | |
|---|---|---|
| Narrative Name | A1 NARRATIVE | |
| Narrative Type | EMS | |
| Narrative Date | 03:09:23   Thursday, June 19, 2008 | |
| Author | 5249 - Brooks, Eric S | |
| Author Rank | DE/PARA | |
| Author Assignment | 1 | |
| Narrative Text | NOTIFIED BY A PERSON THAT WAS RIDING HIS BICYCLE ON STATE STREET AND FOUND 2 BODIES. MAN MAKING REPORT RODE HIS BICYCLE TO STATION 1 ONE AND RANG THE STATION BELL. MAN TOLD US THAT HE SAW 2 PEOPLE THAT HE THOUGHT WERE DEAD ON STATE STREET. E1 AND A1 WENT TO INVESTIGATE AND NOTIFIED DISPATCH. UPON ARRIVAL E1 AND A1 FOUND 2 PTS E1 EVALUATED 1 PT AND A1 EVALUATED THE OTHER PT. A1 PT FOUND IN FETAL POSITION ON LEFT SIDE FURTHER UP IN THE PARKING LOT THAN E1 PT. BLOOD NOTED RUNNING FROM PT DOWN THE PARKING LOT TOWARD THE STREET. PT HAD LARGE BLOOD STAIN ON HIS BACK, INVESTIGATION REVEALED WHAT APPEARED TO BE AN EXIT WOUND FROM A GSW. 2ND POSSIBLE GSW NOTED ON PT'S RIGHT ARM, POSSIBLY 3RD GSW NOTED ON PTS NECK/ JAW AREA. PT PULSELESS AND APNEIC, PUPILS NONREACTIVE AND DIALATED, PT NOT WORKED DUE TO SIGNS INCOMPATIBLE WITH LIFE FROM MULTIPLE GSW | |

00206

**Incident Report**                                      Garland Fire Department

2008-0810406___000

| EMS Patient - DOE 2, John | |
|---|---|
| First Name | John |
| Last Name | DOE 2 |
| Street Address | |
| Provider Impression / Assessment | 28 - Obvious death |
| Cause of Illness/Injury | 00 - Other cause |
| Highest Level of Care | 4 - EMP-P (Paramedic) |
| Disposition | N - Not transported under EMS |
| Initial Level of Care | 4 - EMT-P (Paramedic) |
| Allergies | uto |
| Current Medications | uto |
| Hospital Chosen By | Not Applicable |
| Method of Consultation | None |
| Treatment Authorization | Protocol / Standing Orders |
| Onset Datetime | June 19, 2008 |
| Response Mode From Scene | Emergency Response to Scene |
| Chief Complaint Code | Gun Shot Wound |

| EMS Patient - DOE 2, John Assessment | |
|---|---|
| Assessment - Obvious Death | Injuries Non-Comp w/Life |
| Assessment - Obvious Death | Trauma - Brain |
| Assessment - Bleeding | Severe |
| Assessment - Cardiac | Arrest |
| Assessment - Chest | All Relevant Systems Normal |
| Assessment - Extremities | All Relevant Systems Normal |
| Assessment - GI/GU | All Relevant Systems Normal |
| Assessment - HEENT | Pupils - Nonreactive - Both |
| Assessment - Lungs/Respiration | APNEA |
| Assessment - Lungs/Respiration | No Spontaneous Resp. |
| Assessment - Neurological | No Purposeful Movements |
| Assessment - Abdomen/Pelvis | All Relevant Systems Normal |
| Assessment - Skin | Warm |
| Assessment - Spine/Back | All Relevant Systems Normal |

| EMS Patient - DOE 2, John Symptoms | |
|---|---|
| Symptom 1 | Traumatic Injury |

| EMS Patient - DOE 2, John History | |
|---|---|
| Previous History 1 | Unknown |

| EMS Patient - DOE 2, John Injuries | |
|---|---|
| Injured Body Site 1 | Mouth, Medial |
| Injury Type 1 | GSW, |

| EMS Patient - DOE 2, John Flow Chart | |
|---|---|
| 01:22:00 - Assessment / Vitals | BP = 0/0;   Pulse = 0;   Resp. = 0 |
| Provider | 3704 - Purcell, Cloyce (Chad) C |

00207

| EMS Patient - DOE 2, John Flow Chart | |
| --- | --- |
| Success | Yes |
| Charge | $0.00 |
| 01:23:00 - Trauma Score | Eye = 1;  Verbal = 1;  Motor = 1;  GCS = 3;  AVPU = aox0 |
| Provider | 3704 - Purcell, Cloyce (Chad) C |
| Success | Yes |
| Charge | $0.00 |

| EMS Patient - DOE 2, John Narrative | |
| --- | --- |
| Narrative Name | E1 NARRATIVE |
| Narrative Type | EMS |
| Narrative Date | 02:48:07     Thursday, June 19, 2008 |
| Author | 5249 - Brooks, Eric S |
| Author Rank | DE/PARA |
| Author Assignment | 1 |
| Narrative Text | NOTIFIED BY A PERSON THAT WAS RIDING HIS BICYCLE ON STATE STREET AND FOUND 2 BODIES.  MAN MAKING REPORT RODE HIS BICYCLE TO STATION 1 ONE AND RANG THE STATION BELL. MAN TOLD US THAT HE SAW 2 PEOPLE THAT HE THOUGHT WERE DEAD ON STATE STREET. E1 AND A1 WENT TO INVESTIGATE AND NOTIFIED DISPATCH. UPON ARRIVAL E1 AND A1 FOUND 2 PTS E1 EVALUATED 1 PT AND A1 EVALUATED THE OTHER PT. E1 PT FOUND SUPINE NEXT TO THE STREET WITH A POOL OF BLOOD RUNNING FROM PT'S HEAD DOWN THE PARKING LOT TO THE STREET. PT MOUTH SHOWED SIGNS OF TRAUMA WITH TISSUE PROTURDING FROM PT'S MOUTH, SUSPECTED A GSW AS CAUSE OF THE TRAUMA AND NOTED POSSIBLE EXIT WOUND ON BACK OF PT'S HEAD, PT CAROTID PULSE ABSENT AND PT WAS APNEIC, NO REACTION FROM PUPILS WHEN CHECKED, LOOKED AT CHEST AND ABDOMEN FOR OTHER SIGNS OF TRAUMA, NONE NOTED.  PT WAS NOT WORKED DUE TO SIGNIFICANT HEAD TRAUMA WITH SIGNS IMCOMPATABLE WITH LIFE. OTHER THAN PULLING UP PT'S SHIRT TO INSPECT CHEST/ ABDOMEN THE PT WAS NOT MOVED OR SCENE DISTURBED. |

00208

| Apparatus - T1 | |
|---|---|
| Apparatus ID | T1 |
| Apparatus Dispatch Date and Time | 01:22:07    Thursday, June 19, 2008 |
| Apparatus Clear Date and Time | 01:22:27    Thursday, June 19, 2008 |
| Apparatus priority response | Yes |
| Number of People | 2 |
| Apparatus Use | 1 |
| Apparatus Type | 13 - Quint |
| Personnel 1 | 1839 - Carr, Allen (Clay) C<br>Position: CAPT |
| Personnel 2 | 2587 - White, Christopher L<br>Position: DE/PARA |

| Apparatus - A3 | |
|---|---|
| Apparatus ID | A3 |
| Apparatus Dispatch Date and Time | 01:22:22    Thursday, June 19, 2008 |
| Apparatus Clear Date and Time | 01:23:55    Thursday, June 19, 2008 |
| Apparatus priority response | Yes |
| Number of People | 2 |
| Apparatus Use | 1 |
| Apparatus Type | 76 - ALS unit |
| Personnel 1 | 4856 - Curry, John T<br>Position: FF/PARA |
| Personnel 2 | 5648 - Sanford, Jeremy<br>Position: FF/PARA |

| Apparatus - E1 | |
|---|---|
| Apparatus ID | E1 |
| Response Time | 0:00:02 |
| Apparatus Dispatch Date and Time | 01:21:11    Thursday, June 19, 2008 |
| En route to scene date and time | 01:22:26    Thursday, June 19, 2008 |
| Apparatus Arrival Date and Time | 01:22:28    Thursday, June 19, 2008 |
| Apparatus Clear Date and Time | 01:59:14    Thursday, June 19, 2008 |
| Apparatus priority response | Yes |
| Number of People | 3 |
| Apparatus Use | 1 |
| Apparatus Type | 11 - Engine |
| Personnel 1 | 5249 - Brooks, Eric S<br>Position: DE/PARA |
| Personnel 2 | 6362 - Hargrave, Richard B<br>Position: FF/PARA |
| Personnel 3 | 3704 - Purcell, Cloyce (Chad) C<br>Position: DE/PARA |

| Apparatus - A1 | |
|---|---|
| Apparatus ID | A1 |
| Apparatus Dispatch Date and Time | 01:21:53    Thursday, June 19, 2008 |

Printed: 05/04/2009 11:33:01

00209

Incident Report

Garland Fire Department

2008-0810405    00

| Apparatus - A1 | |
|---|---|
| Apparatus Arrival Date and Time | 01:22:31    Thursday, June 19, 2008 |
| Apparatus Clear Date and Time | 02:26:50    Thursday, June 19, 2008 |
| Apparatus priority response | Yes |
| Number of People | 2 |
| Apparatus Use | 1 |
| Apparatus Type | 76 - ALS unit |
| Personnel 1 | 6352 - Buchanan, Thomas W |
| | Position: FF/PARA |
| Personnel 2 | 3434 - Isenburg, Jr., Donald J |
| | Position: FF/PARA |

| Apparatus - BC1 | |
|---|---|
| Apparatus ID | BC1 |
| Response Time | 0:10:52 |
| Apparatus Dispatch Date and Time | 01:25:14    Thursday, June 19, 2008 |
| En route to scene date and time | 01:28:07    Thursday, June 19, 2008 |
| Apparatus Arrival Date and Time | 01:38:59    Thursday, June 19, 2008 |
| Apparatus Clear Date and Time | 01:55:20    Thursday, June 19, 2008 |
| Apparatus priority response | Yes |
| Number of People | 2 |
| Apparatus Use | 1 |
| Apparatus Type | 91 - Mobile command post |
| Personnel 1 | 1767 - Smith, Robert (Joe) J |
| | Position: BC |
| Personnel 2 | 2105 - Landrith, Joe L |
| | Position: FF |

| Apparatus - S1 | |
|---|---|
| Apparatus ID | S1 |
| Response Time | 0:01:32 |
| Apparatus Dispatch Date and Time | 01:34:37    Thursday, June 19, 2008 |
| En route to scene date and time | 01:39:09    Thursday, June 19, 2008 |
| Apparatus Arrival Date and Time | 01:40:41    Thursday, June 19, 2008 |
| Apparatus Clear Date and Time | 04:19:31    Thursday, June 19, 2008 |
| Apparatus priority response | Yes |
| Apparatus Use | 1 |
| Apparatus Type | 62 - Light and air unit |

| Authority | |
|---|---|
| Reported By | 5249 - Brooks, Eric S |
| | 21:33:01    Thursday, July 3, 2008 |
| Officer In Charge | 5249 - Brooks, Eric S |
| | 21:33:02    Thursday, July 3, 2008 |
| Reviewer | 2798 - Massey, Frank A |
| | 08:14:54    Sunday, July 6, 2008 |

Printed:  05/04/2009 11:33:01

00210

**Incident Report**

**Garland Fire Department**

2008-0810405 ___ J0

| Narratives | |
|---|---|
| Narrative Name | CAD Narrative |
| Narrative Type | CAD Narrative |
| Author | - , |
| Narrative Text | F0810405    E Type: DEA    UNATTENDED DEATH    Sub Type:<br>Disp:<br>O 7TH/STATE SEND ALL MEDIA TO 7TH ANDSTATE113 -- NEED 2 UNITS TO CONTACT 113 AT NINTH/STATEGARL" AT: 06/19/08 02:30:05113 -- ME ON SCENE810 W STATE:ZION GATE RECORDS INCCALL SHEET PER BETTESCHANNEL BACK 341REGION 1 TTY SENT IN REF TO FELONY VEHLIC/S05VCD, TAN 1995 FORD CVC 4D214---GOING TO 9TH AND STATE TO RELIEVE 151NEED ENGINE TO WASH BLOODGLENBROOK TO AUSTIN130---WILL NEED RELIEF TO STATE/GB240---NRT TO STATE/GBCOMMENTS:<br>E1 REQ 110 UNIT 9TH/STATE,,WALK IN ADV OF POSS 32A'S IN STREETE1 ADV 2 POSS 32A'S CLOSER TO GLENBROOK / NINTHWILL BE 32A'SWANT ADDTL AMBE1 CANCEL ADDTL AMBE1 LOC 2 32A'S,,NO CAUSE KNOWNCONFIGURE MECONFIGURE MEE1 REQ BC1 AND PIOBC FOR UNITSE1 ADV @ 806 W STATE ST @ CORNER OF GLENBROOKSTATE SHUT DOWN AROUND NINTH AND T101 WORKING PERIMETER--VANCLEAVE NOTIFIED WILL CALL 130STATE/9THCHANNEL CLEARBC ON SOUTH @ 0127141 -- OUT WITH WITNESS--PIO NOTIFIED1 BLOCK AREA CONTAINED AS OF 129E1--HAVE SQUAD GOCODE 1 FOR LIGHTS TO STATE STR/9THFORENSICS NOTDIMMEDIDATE CRIME SCENE-M.E. ENRT TO LOC- 800 W STATE ST.FIRE DEPT BRINGING THE LIGHT TK GOING ACROSS SCENEDISR SQUAD TO MEET E1WILL NEED SQUAD 1E1 ADV NEED S1 TOCORR E1 ADV NEED S1 TO GO CODE 1 FOR LIGHTS TO STATE/9TH9 MM SHELL CASINGS FOUNDK91 -- COME IN AT GLENBROOK AND STOP AT STATES1 ENTER GLENBROOK S FROM AUSTINNEED OFFICER YEL INTERSECTION MAIN/GB AROUND BANK142 -- YELLOW TAPING INTERSECTION MAIN/GB ALL WAY AROUNDNEAR BANK150 -- START DOG SEARCH FROM OUTSIDE OF RED TAPEBOG NTFD BY NCICWILL BE 2 GSW--CHANNEL 5 CALLING IN@144RED TAPE INNER PERIMETER AND CRIME SCENE IS SET UP WITH RED TAPE121 -- ON SCENEK94 -- K9 UNITS CASTING AROUND THE AREA135 -- RUN TAPE ACROSS AUSTIN FROM CORNER TO CORNER--HARN IS OUT135 -- MEDIA AT AT AUSTIN/GLENBROOK130 -- SEND MEDIA TO MSNB AT MAIN/GLENBROOK142 -- HAVE ANY MEDIA MET PIO AT MSNB AT MAIN/GLENBROOK--PRUITT CALLED AND WAS NOTIFI<br>ED OF CALL--CORR 1014 WAS ONSCENE INSTEAD OF 1011...1011 -- PIO MOVING T |

End of Report

00211

CAUSE NUMBER: F08 24667 L Y
CAUSE NUMBER: F08 24629 L Y

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE CRIMINAL |
| VS. | § | DISTRICT COURT #7 OF |
| JAMES BROADNAX | § | DALLAS COUNTY, TEXAS |

### STATE'S RESPONSE TO DEFENDANT'S MOTION TO GIVE NOTICE OF STATE'S INTENT TO USE CERTIFIED DOCUMENTS

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes the State of Texas, by and through her Assistant District Attorney, David Alex, and in response to Defendant's Motion to Give Notice of State's Intent to use Certified Documents is hereby giving you notice that during presentation of State's case in chief, or during punishment, in the above-captioned and numbered criminal action, the State intends to offer the following certified documents into evidence:

I. Certified Copies of the following:

- Warrant of Arrest, Texarkana, Tx, Bowie County, James Broadnax: 06-CR-01090: Possession of Tobacco by a Minor

- Warrant of Arrest, Texarkana, Tx, Bowie County, Lonnie Montreal Harris: 08-TC-00614: Fail to Use Safety Belt – Passenger

- Judgement and Sentence, Violation Uniform Controlled Substance Act, James Broadnax, Docket # 2007 3071, Hope Arkansas, Hemstead County

Respectfully submitted,

David Alex
Assistant District Attorney
Dallas County, Texas
Bar Card Number: 24003256

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion and Affidavit were [✓] hand-delivered, [ ] mailed, [ ] faxed, to _Brad Lollar_ the Attorney of record on this the _18th_ day of **May**, 2009.

DAVID ALEX
ASSISTANT DISTRICT ATTORNEY

00212

May 07 09 09:51a    UNIFORM SERVICES                    9037983111              p.2

T06.2849
T08-5187
ENTERED 390

FILED
LAMONICA LITTLES

DOCKET NO.  06-CR-21090

THE STATE OF TEXAS                          *        IN THE MUNICIPAL COURT
VS                                          *        OF THE CITY OF TEXARKANA
JAMES GARFIELD BROADNAX, Defendant          *        COUNTY OF BOWIE
                                                     STATE OF TEXAS

              W A R R A N T   O F   A R R E S T

*************************************************************

TO ANY SHERIFF, CONSTABLE OR PEACE OFFICER
OF THE STATE OF TEXAS, GREETINGS:
YOU ARE HEREBY COMMANDED TO ARREST:     JAMES GARFIELD BROADNAX
                                        608 NORTH BELL ST
                                        HOPE, AR 71801

hereinafter called "Defendant", and to bring JAMES GARFIELD BROADNAX
before me, a Municipal Magistrate in and for TEXARKANA, TEXAS MUNICIPAL
COURT, of Texarkana , Texas at my office at 100 NORTH STATE LINE
AVENUE ,TEXARKANA, TEXAS 75501   then and there to answer THE STATE OF
TEXAS for an offense against the laws of said State, to wit:  POSSESSION
OF TOBACCO BY A MINOR

of which offense defendant is accused by sworn complaint filed before
me.

HEREIN FAIL NOT to execute this Warrant of Arrest for the Defendant and
to make due return hereof as the law directs.

WITNESS my official signature, this 10/6/06 .

    Bond Amt: $208.00
    SS Number: 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
       Race: Black                     Sherry L.  Jackson
       Sex: Male                       TEXARKANA, TEXAS MUNICIPAL COURT
    D.O.B.: 10/30/1980                 Texarkana , Texas
    Hair/Eyes: Brown Brown
    Hgt/Wgt: 6ft 01in 165 lbs
    Off Date: 04/01/06

****************************************************************
                        OFFICER'S RETURN
Came to hand the _19_ day of _June_____, 2008, at _2308_ o'clock _P_.M.
and executed on the _19_ day of _June_____ 20_08_, at _2308_ o'clock _P_.M.
by arresting the within name individual in _____Texarkana_____ City,
Texas, and placing him in jail at Civigenics, Bi-State Justice Building.
                                      By _____
Sheriff, Constable or Peace Officer       Texarkana Police Officer
Bowie County, Texas.

This is to certify that this is a true and correct copy of the arrest warrant in the above
styled case against James Garfield Broadnax in the Municipal Court of the City of
Texarkana, Texas.
Signed and sealed this 23rd day of April, 2009.

Jean Ann Yeager, Municipal Court Clerk

00213

May 07 09 09:51a    UNIFORM SERVICES                                9037983111                p.3

TC8-5187

ENTERED 476

DOCKET NO.  08-TC-00614

| THE STATE OF TEXAS | * | IN THE MUNICIPAL COURT |
| VS | * | OF THE CITY OF TEXARKANA |
| LONNIE MONTREAL HARRIS, Defendant | * | COUNTY OF BOWIE |
| | | STATE OF TEXAS |

### WARRANT OF ARREST
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**TO ANY SHERIFF, CONSTABLE OR PEACE OFFICER
OF THE STATE OF TEXAS, GREETINGS:
YOU ARE HEREBY COMMANDED TO ARREST:**    LONNIE MONTREAL HARRIS
505 WATERMAN ST
TEXARKANA, TX 75501

hereinafter called "Defendant", and to bring LONNIE MONTREAL HARRIS
before me, a Municipal Magistrate in and for TEXARKANA, TEXAS MUNICIPAL
COURT, of Texarkana  , Texas at my office at 100 NORTH STATE LINE
AVENUE ,TEXARKANA, TEXAS 75501 then and there to answer THE STATE OF
TEXAS for an offense against the laws of said State, to wit:  **FAIL TO
USE SAFETY BELT-PASSENGER**

of which offense defendant is accused by sworn complaint filed before
me.

**HEREIN FAIL NOT** to execute this Warrant of Arrest for the Defendant and
to make due return hereof as the law directs.

**WITNESS** my official signature, this 4/21/08 .

Bond Amt: $200.00
SS Number: 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
Race: Black
Sex: Male
D.O.B.: 02/18/1990
Hair/Eyes: Black Brown
Hgt/Wgt: 5ft 09in 090 lbs
Off Date: 01/29/08

Sherry L. Jackson
TEXARKANA, TEXAS MUNICIPAL COURT
Texarkana , Texas

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**OFFICER'S RETURN**
Came to hand the 19 day of June , 20 08, at 11:59 o'clock P.M.
and executed on the 19 day of June  20 09, at 11:59 o'clock P.M.
by arresting the within name individual in          Texarkana  City,
Texas, and placing him in jail at Civigenics, Bi-State Justice Building.
                                           By
Sheriff, Constable or Peace Officer          Texarkana Police Officer
Bowie County, Texas.

This is to certify that this is a true and correct copy of the arrest warrant in the above
styled case against Lonnie Montreal Harris in the Municipal Court of the City of
Texarkana, Texas.
Signed and sealed this 23rd day of April, 2009.

Jean Ann Yeager, Municipal Court Clerk

00214

THE STATE OF TEXAS

VS.

James Garfield Broadnax

CAUSE NO. F0824667

CRIMINAL DISTRICT COURT 7

DALLAS COUNTY, TEXAS

## DEFENDANT'S APPLICATION FOR PROBATION IN JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Defendant in the above cause and represents that he has never before been convicted of a felony offense in this State or in any other state, and he prays that in the event of conviction in this cause that the imposition of sentence herein be suspended and that he be placed on probation as provided by law.

_____
Defendant

STATE OF TEXAS
COUNTY OF DALLAS

BEFORE ME, THE UNDERSIGNED AUTHORITY, on this day personally appeared James Garfield Broadnax, who being by me first duly sworn deposes and on his oath states that he is the defendant in the above cause, that he has read the contents of the foregoing Application for Probation, and that all matters and things in the foregoing Application for Probation are in all respects true and correct.

_____
Defendant

SUBSCRIBED AND SWORN TO Before Me this 18th day of May, 2009.

GARY FITZSIMMONS
DISTRICT CLERK,
Dallas County, Texas

By _____
Deputy District Clerk



I AM MONICA LITTLE
FILED
2009 MAY 18 PM 2:28
GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO. TEXAS
DEPUTY

00215