Cause No. F08-24667-Y

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | DALLAS COUNTY, TEXAS |
| | § | |
| JAMES BROADNAX | § | CRIMINAL COURT # 7 |

## MOTION TO QUASH SUBPOENA OF NON-PARTY SHAUN RABB

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, KDFW FOX 4 and Shaun Rabb ("Rabb") (collectively herein, "Movants"), non-parties in the foregoing matter and file this Motion to Quash Subpoena of Shaun Rabb, and would respectfully show the Court the following:

### I.

### SUMMARY OF ARGUMENT

**THE STATE'S SUBPOENA SERVED UPON MOVANTS SHOULD BE QUASHED BECAUSE IT VIOLATES THE RECENTLY ENACTED TEXAS FREE FLOW OF INFORMATION ACT, UNDER WHICH JOURNALISTS HAVE A QUALIFIED TESTIMONIAL PRIVILEGE IN CRIMINAL PROCEEDINGS.**

### II.

### BACKGROUND

1.1    KDFW FOX 4 is a television station located in Dallas, Dallas County, Texas and licensed as such by the Federal Communications Commission.

1.2    Rabb is a television journalist employed by KDFW FOX 4. *See* Rabb Aff., Exhibit A. On or about June 19, 2008 KDFW FOX 4 aired a news broadcast that included an interview that Rabb had conducted with the Defendant in this case. Rabb conducted the interview in his capacity as a journalist for KDFW FOX 4. *Id.*

00216

1.3     On or about June 25, 2008, the Dallas County District Attorney's Office served KDFW FOX 4 with a Subpoena requesting a copy of the broadcast. *See* Exhibit B. KDFW FOX 4 complied with the subpoena and produced an entire copy of the interview between Rabb and the Defendant as well as a business records affidavit proving up same. *See* Affidavit of Jay R. Soules a true and correct copy of which is attached hereto as Exhibit C.

1.4     On May 13, 2009, Texas Governor Rick Perry signed into law, Texas House Bill 670, also known as the Free Flow of Information Act, which establishes a qualified testimonial privilege for journalists. *See* Tex. H.B. 670, 81st Leg., R.S. (2009); Act of May 13, 2009, 81st Leg., R.S., H.B. 670, (to be codified at TEX. CODE OF CRIM. PROC. ANN. arts. 38.11 and 38.111)(the "Act"). *See* Exhibit D. The Act became effective immediately once it was signed into law by the Governor. *See* Press Release of Gov. Perry, Exhibit E. Under the Act, Texas journalists and media outlets enjoy certain protections, including the following:

> Except as otherwise provided by this article, a judicial, legislative, administrative, or other body with the authority to issue a subpoena or other compulsory process **may not compel a journalist to testify regarding or to produce or disclose in an official proceeding (1) any confidential or nonconfidential unpublished information, document, or item obtained or prepared while acting as a journalist; or (2) the source of any information, document, or item described by subdivision (1).** A subpoena or other compulsory process may not compel the parent, subsidiary, division or affiliate of a communication service provider or news medium to disclose the unpublished information, documents or items or the source of any information, documents, or items that are privileged from disclosure under subsection (a).

*See* Act of May 13, 2009, 81st Leg., R.S., H.B. 670 at § 3(a) - (b) (to be codified at TEX. CODE OF CRIM. PROC. ANN. arts. 38.11 and 38.111). *See* Exhibit D.

1.5     The Act also requires that a subpoena of a journalist issued by an attorney representing the State, **must be signed by the elected district attorney, elected criminal district attorney, or**

MOTION TO QUASH AND OBJECTIONS TO THE SUBPOENA OF SHAUN ROBB                    Page 2

00217

**elected county attorney, as applicable.** *See* Act of May 13, 2009, 81st Leg. R.S., HB 670 at § 4(d)(to be codified at TEX. CODE OF CRIM. PROC. ANN. arts. 38.11 and 38.111); Exhibit D.

1.6    Furthermore, the Act also states that extrinsic evidence of the authenticity of evidence in a criminal proceeding is **not** required with respect to a recording that purports to be a broadcast by a television station. *See Id.* at Article 38.111; Exhibit D.

1.7    Despite the prior production of the entire interview between Rabb and the criminal defendant – which is both self authenticating and for which a business records affidavit was produced prior to the enactment of the Texas Free Flow of Information Act, the State served Rabb with a second subpoena on Friday, May 22, 2009 at approximately 5:50 p.m. *See* Exhibit F, a true and correct copy of the subpoena at issue.

1.8    The State has indicated that Rabb is required to testify as a witness in this case in order to "authenticate" the aired broadcasts in question, which is already in the State's possession. Under the Act, no such testimony is needed in order to authenticate the aired broadcasts in question. *See Act,* Tex. Code of Crim. Pro. art. 38.111. As provided for in Article 38.111, Movants ask the Court to take judicial notice, under Rule 201, Texas Rules of Evidence, that KDFW FOX 4 holds a license under the Federal Communications Commission, which was also in effect at the time of the aired broadcasts in question. *See* Exhibits A and G. Thus, Rabb should not be required to appear as a witness to testify in this case, because his testimony is not necessary for purposes of authenticating the aired broadcasts in question.

1.9    Alternatively, and in the event the State has subpoenaed Rabb in order to attempt to elicit testimony beyond the mere authentication of the aired broadcasts in question, those efforts should also fail, because the Act provides that journalists, like Rabb, have a qualified testimonial privilege concerning unpublished information. *See Act,* Tex. Code of Crim. Proc. art. 38.11, Section 5. Rabb

00218

hereby asserts and invokes said privilege. Given that the State already has in its possession the aired broadcasts in question, the State cannot make the clear and specific showing required to overcome the privilege under Section 5 of the Act.

2.0    Furthermore, the subpoena at issue does not comply with the requirements under the Act because it is not signed by the elected criminal district attorney as required under Section 4(d) of the Act. *See Act.*, Texas Code of Crim. Proc. art. 38.11, Section 4(d).

2.1    Movants made several attempts to resolve this matter with the State prior to filing this Motion including in house counsel for KDFW FOX 4 calling and speaking with the Assistant District Attorney. During the course of the conversation between KDFW FOX 4's in house counsel and the State's attorney, counsel informed the State about the new law of which he was unaware, and the Assistant District Attorney indicated that it did not matter because he was sure Rabb was going to testify. *See* Exhibit G.

2.2    On May 26, 2009, outside counsel for Rabb also contacted the State's attorney in an effort to resolve this matter prior to court intervention, however, she was never able to have a substantive conversation with the State's attorney. Rabb's counsel called the State's attorney at the time he said he would be available to discuss the subpoena, but, to date, the call has not been returned. After leaving a phone message, Rabb's counsel immediately sent a copy of the new Act to the State's attorney in a further effort to resolve this matter and avoid the necessity of filing of this Motion to Quash. *See* Exhibit H.

2.3    Based on the foregoing, the State's Subpoena should be quashed, and the State should reimburse Movants for their fees and costs as provided under Section 9 of Art. 38.11 of the Act. Additionally, given that the State had prior notice of Movants' intent to seek relief under the Act, the

00219

State should also be required to reimburse Movants for their reasonable and necessary attorneys' fees incurred in preparing and presenting this Motion to the Court.

2.4    Finally, in a case with facts substantially similar to the ones herein, Judge Sandra L. Watts applied the new law at issue and quashed a subpoena issued to KIII-TV3 and its reporter/journalist, Katy Kiser earlier this week. Like KDFW FOX 4, the KIII-TV 3 reporter had interviewed a criminal defendant and KIII-TV 3 had already produced a copy of the broadcast at issue. In light of the reporter's privilege, the Court held the Assistant District Attorney had no right to call the journalist to testify in the criminal proceeding. A true and correct copy of the order is attached hereto as Exhibit I.

## III.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Movants pray that the Subpoena to Rabb be QUASHED, that the Court sustain their objections to the Subpoena and that Rabb not be required to testify in this case under the said Subpoena or any other Subpoena. Movants further pray that they be reimbursed for their costs and for the reasonable and necessary attorneys' fees incurred in preparing and presenting this Motion. Movants further pray for general relief and for such other relief to which they may be justly entitled.

00220

Respectfully Submitted,

SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: _____

Laura Lee Prather
Texas State Bar No. 16234200
919 Congress Avenue, Suite 1250
Austin, Texas 78701-3656
Tel.: (512) 481-8400
Fax.: (512) 481-8444

## ATTORNEYS FOR SHAUN ROBB AND KDFW FOX 4

### CERTIFICATE OF SERVICE

This is to certify that the foregoing document was served on all counsel of record via fax on _27th_ day of May 2009.

_____

Laura Lee Prather

MOTION TO QUASH AND OBJECTIONS TO THE SUBPOENA OF SHAUN ROBB                Page 6

00221

# Exhibits

A.   Affidavit of Shaun Rabb

B.   Subpoena to KDFW FOX 4 dated June 25, 2008 requesting copies of all audio/video broadcast tapes (or digital media), out-takes (recorded but not aired)

C.   Business Records Affidavit of Jay R. Soules, Custodian of Records for KDFW FOX 4 (which was enclosed with a copy of the complete interview between Shaun Rabb and James Broadnax)

D.   The Texas Free Flow of Information Act, Tex. H.B. 670, 81st Leg., R.S. (2009); Act of May 13, 2009, 81st Leg. R.S., H.B. 670 (to be codified at Tex. Code of Crim. Proc. Ann. arts. 38.11 and 38.111) – the Texas Reporter's Privilege Statute

E.   News Release from Governor Rick Perry regarding H.B. 670, dated May 13, 2009 announcing that the bill takes effect immediately.

F.   Subpoena to Shaun Rabb, KDFW FOX 4 demanding appearance on June 1, 2009 to testify as a witness on behalf of the State in Criminal Court #7 of Dallas County, Texas

G.   Affidavit of Carolyn Forrest

H.   Correspondence from Laura Lee Prather to Assistant District Attorney David Alex enclosing a copy of HB 670, dated May 26, 2009

I.   Order Granting Motion to Quash Subpoena signed by Honorable Sandra Watts in State of Texas v. Kenneth Hubbard, Cause No. 08-CR-3439-B in Nueces County, Texas dated May 26, 2009

DL/2302745v1

00222

## AFFIDAVIT OF SHAUN RABB

STATE OF TEXAS                          §
                                        §
                                        §
COUNTY OF _____                     §

BEFORE ME, the undersigned authority, a Notary Public, in and for Dallas County, Texas, on this day personally appeared SHAUN RABB, who, being duly sworn upon his oath, deposes and stated the following:

"My name is SHAUN RABB. I am over 18 years of age. I have never been convicted of any crime or offence involving moral turpitude. I am fully competent to testify to the factual matters contained in this affidavit. All matters contained herein are based my personal knowledge and are true and correct.

1.  For a substantial portion of my livelihood, I gather, compile, prepare, collect, record, write, edit, report and/or investigate news or information that is disseminated by KDFW FOX 4. In my capacity as a journalist, I reported during a news broadcast aired by KDFW FOX 4 on or about June 19, 2008. The broadcast included an interview that I, as a journalist, had conducted with Mr. James Broadnax, who is the Defendant in the case styled, State of Texas v. James Broadnax, Cause No. F08-24667-Y, pending in Criminal District Court #7 of Dallas County, Texas.

2.  On or about May 22, 2009, I received a subpoena by hand delivery at approximately 5:50 p.m. from David Alex, Assistant District Attorney for Dallas County, at my place of employment, KDFW FOX 4 in Dallas, Texas. A copy of the subpoena I received is attached to this affidavit.

Further Affiant Sayeth Not.

_____
Shaun Rabb

Sworn and subscribed to before me, the undersigned authority, by SHAUN RABB, on this _____ day of _____, 2009.

_____
Notary Public in and for
The State of Texas

MONICA MARTINEZ
Notary Public, State of Texas
My Commission Expires
December 14, 2012

**EXHIBIT**

**A**

DL/2302525v1

00223

NO.F08-24667-Y

00224

THE STATE OF TEXAS
TO ANY SHERIFF OR ANY CONSTABLE OR ANY PEACE OFFICER
OF THE STATE OF TEXAS – GREETINGS:
YOU ARE HEREBY COMMANDED TO SUMMON

SHAUN RABB, FOX 4 NEWS
UNKNOWN
DALLAS, TEXAS

To be and appear before the <u>CRIMINAL</u> District Court #7 of Dallas County, Texas at the courthouse of said County, in the City of Dallas, on the <u>1ST</u> day of <u>JUNE</u>, 20 09, at 8:30 o'clock A. M., Then and there to testify as a witness in behalf of the <u>STATE</u> in a criminal Action pending in said court, wherein THE STATE OF TEXAS is plaintiff, and <u>JAMES BROADNAX</u> Defendant No. <u>F08-24667-Y</u>

DUECES TECUM (IF APPLICABLE)                                    ☒ NOT APPLICABLE
and that he bring with him and produce in said Court, at said time and place.

desired as evidence in said Criminal action, to-wit: in a certain suit pending in said court.

and there remain from day to day and from term to term until discharged by the Court
HEREIN FAIL NOT, But of this Writ make due return, showing how you have executed the same.

OUT OF COUNTY (IF APPLICABLE)                                  ☒ NOT APPLICABLE
A DISOBEDIENCE OF this Subpoena is punishable by fine not exceeding $500, to be collected as
Fines and costs in other criminal cases.

WITNESS MY OFFICIAL SIGNATURE, THIS 20th day of MAY, 20 09

Gary Fitzsimmons
Clerk District Courts
Dallas County, Texas

By _____ Deputy

T. JACKSON.

---

CRIMINAL DISTRICT COURT #7
DALLAS COUNTY, TEXAS

THE STATE OF TEXAS
VS.

JAMES BROADNAX.

CAPITAL MURDER

SUBPOENA

ISSUED
This <u>20TH</u> day of <u>MAY</u>, 20 09
Gary Fitzsimmons
Clerk, District Courts
Dallas County, Texas
By <u>T. JACKSON</u> Deputy

ATTORNEY:

DAVID ALEX
ASSISTANT DISTRICT ATTORNEY
133 N. INDUSTRIAL BLVD., LB 19
DALLAS, TEXAS 75207
214-653-3600

REPORT TO:

FRANK CROWLEY COURTS BLDG.
133 N. INDUSTRIAL BLVD.
DALLAS, TEXAS 75207



# CRAIG WATKINS
## CRIMINAL DISTRICT ATTORNEY
### DALLAS COUNTY, TEXAS

June 25, 2008

To: News Director

Subject: Evidence preservation

ATTN- Jay Soules
Fox 4 News
400 N. Griffin St.
Dallas, TX 75202
Fax 214-720-3263

The Dallas District Attorney's Office is investigating the Garland, Texas capital murder involving the suspects James Broadnax and Demorius Cummings; victims are Matthew Butler and Stephen Swan. This offense occurred Thursday, June 9, 2008 and there was subsequent media coverage from your station.

Grand jury subpoena applications are pending for **COPIES OF ALL AUDIO/VIDEO BROADCAST TAPES (OR DIGITAL MEDIA), OUT-TAKES (RECORDED BUT NOT AIRED)** regarding interviews with these suspects and related news stories. The Dallas District Attorney's Office requests that this information be preserved.

If you have any questions please call my cell #, 214-549-9074.

David N. Barger, Lt./ Investigation Division

> **EXHIBIT**
>
> tabbies
>
> B

Frank Crowley Courts Building • 133 N. Industrial Blvd., L.B. 19 • Dallas, Texas 75207-4399 • 214/653-3600

00225

07/07/2008 12:41 FAX                                                      ☒ 001



# CRAIG WATKINS

### CRIMINAL DISTRICT ATTORNEY
Frank Crowley Courts Building
133 N. Industrial Boulevard, L.B. 19
Dallas, Texas 75207-4399
Office: 214.653.3600

## FACSIMILE COVER SHEET

DATE: **July 7, 2008**
TOTAL PAGES, Including Cover:6

| To:  Jay Soules | Dept./Agency: **KDFW Ch 4** |
|---|---|
| Fax #:  214-720-3263 | Phone #:  **214-720-3314** |

From: **David Barger, Lt./ Inv. Division**      Direct #:214-653-3614    Fax#:214-653-2924
Email: dbarger@dallascounty.org

### Comments:

**Grand Jury subpoena attached regarding James Broadnax news stories.**

*CONFIDENTIALITY NOTICE*

The information contained in this facsimile message is privileged and confidential and is intended only for the exclusive use of the addressee. The term privileged and confidential includes, without limitation, attorney-client privileged communications, attorney work product, and any other proprietary information. Nothing in this facsimile is intended by the attorney to constitute a waiver of the confidentiality of this message. If the reader of this message is not the intended recipient, or employee/agent of the intended recipient, you are hereby notified that any use, disclosure, dissemination, duplication, distribution or the taking of any action because of this communication is unauthorized and strictly prohibited. If you have received this facsimile transmission in error, please notify us by telephone immediately so that we can arrange for the return of the original documents.

IN RE INVESTIGATION                        |        IN THE GRAND JURY OF

OF                                         |        DALLAS COUNTY, TEXAS

JAMES BROADNAX                             |        JULY TERM, A.D., 2008


**LAW ENFORCEMENT AGENCY REQUEST FOR**
**APPLICATION FOR ISSUANCE OF SUBPOENA DUCES TECUM**
**SUMMONING PERSON TO APPEAR BEFORE GRAND JURY**


TO THE FOREMAN OF THE GRAND JURY OF DALLAS COUNTY:

**I, David N. Barger, a peace officer under the laws of the State of Texas,** do hereby request
that the Foreman of the Grand Jury of the County of Dallas, State of Texas make application to
the District Court of Dallas County for issuance of a subpoena duces tecum summoning
**CUSTODIAN of RECORDS** (or designee) for:
**KDFW Channel 4, 400 N. Griffin St., Dallas, Texas** and to produce the following records or
documents for use in a legitimate law enforcement investigation which is being conducted under
auspices of the Grand Jury:

**COPIES OF ALL AUDIO/VIDEO BROADCAST TAPES, OUT-TAKES (RECORDED BUT**
**NOT AIRED), INTERVIEW NOTES AND CORRESPONDENCE REGARDING THE**
**MURDER OF MATTHEW BUTLER AND STEPHEN SWAN IN GARLAND, TEXAS ON**
**JUNE 19, 2008 INCLUDING INTERVIEWS OF THE SUSPECTS JAMES BROADNAX**
**AND DAMARII S CUMMINGS.**


I hereby certify that the testimony of the said witness is believed to be material.


_____
**David N. Barger**
**Investigator, Dallas District Attorney**
Frank Crowley Courts Building
133 N. Industrial Blvd., LB 19
Dallas, Texas 75207-4399
(214) 653-3614


Grand Jury Subpoena
Page 1 of 5


00227

IN RE INVESTIGATION                    '        IN THE GRAND JURY OF

                                       '

OF                                     '        DALLAS COUNTY, TEXAS

                                       '

JAMES BROAD JAX                        '        JULY TERM, A.D., 2008


## APPLICATION FOR ISSUANCE OF SUBPOENA DUCES TECUM
## SUMMONING PERSON TO APPEAR BEFORE GRAND JURY

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the Foreman of the Grand Jury of the County of Dallas, State of Texas, and pursuant to TEX. CODE CRIM. PROC. ANN. art. 20.11 (Vernon 1977), requests that the Court issue forthwith a subpoena duces tecum summoning **CUSTODIAN of RECORDS** (or designee) for: **KDFW Channel 4, 400 N. Griffin St., Dallas, Texas** to appear before the **Dallas County Grand Jury, Frank Crowley Courts Bldg., 133 N. Industrial Blvd. , Dallas, Texas**, forthwith date of **July 21, 2008** , and to produce for the said Grand Jury at the said time and place the following records and documents:

**COPIES OF ALL AUDIO/VIDEO BROADCAST TAPES, OUT-TAKES (RECORDED BUT NOT AIRED), INTERVIEW NOTES AND CORRESPONDENCE REGARDING THE MURDER OF MATTHEW BUTLER AND STEPHEN SWAN IN GARLAND, TEXAS ON JUNE 19, 2008 INCLUDING INTERVIEWS OF THE SUSPECTS JAMES BROADNAX AND DAMARIUS CUMMINGS.**

The testimony of the said witness is believed to be material.

**Foreman of The Grand Jury**


Grand Jury Subpoena
Page 2 of 5

00228

07/07/2008 12:41 FAX @004

*CDC #1*

IN RE INVESTIGATION | IN THE GRAND JURY OF

OF | DALLAS COUNTY, TEXAS

JAMES BROADNAX | JULY TERM, A.D., 2008

## SUBPOENA DUCES TECUM
## SUMMONING WITNESS TO
## APPEAR BEFORE GRAND JURY

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS, TO THE SHERIFF OF DALLAS COUNTY, TEXAS OR ANY CONSTABLE OR PEACE OFFICER OF THE STATE OF TEXAS ............. GREETINGS:

YOU ARE COMMANDED TO SUMMON............. CUSTODIAN of RECORDS (or designee) for: **KDFW Channel 4, 400 N. Griffin St., Dallas, Texas** to appear before the **Dallas County Grand Jury, Frank Crowley Courts Bldg., 133 N. Industrial Blvd. , Dallas, Texas, forthwith late of July 21, 2008** , and to produce for the said Grand Jury at the said time and place the following records and documents:

**COPIES OF ALL AUDIO/VIDEO BROADCAST TAPES, OUT-TAKES (RECORDED BUT NOT AIRED), INTERVIEW NOTES AND CORRESPONDENCE REGARDING THE MURDER OF MATTHEW BUTLER AND STEPHEN SWAN IN GARLAND, TEXAS ON JUNE 19, 2008 INCLUDING INTERVIEWS OF THE SUSPECTS JAMES BROADNAX AND DAMARIUS CUMMINGS.**

DISCLOSURE OF THE EXISTENCE OF THIS SUBPOENA WILL INTERFERE WITH AN ONGOING CRIMINAL INVESTIGATION AND IS, THEREFORE, NOT AUTHORIZED. NOTICE: UNDER **TEX. CODE CRIM. PROC. ANN.** art. 24.05 (Vernon 1977) REFUSAL TO OBEY THIS SUBPOENA MAY RESULT IN THE IMPOSITION OF A FINE.

Grand Jury Subpoena
Page 3 of 5

00229

*CDC#1*

IN RE INVESTIGATION                    '        IN THE GRAND JURY OF

                                       '

OF                                     '        DALLAS COUNTY, TEXAS

                                       '

JAMES BROADNAX                         '        JULY TERM, A.D., 2008


*In lieu of personally appearing before the said Grand Jury at the said time and place, the said witness may comply with this subpoena by furnishing true and correct copies of the aforesaid records to the following-named person at the following address:*

**David N. Barger, Lt./Investigation Division**
**Dallas District Attorney**
**Frank Crowley Courts Building 11ᵗʰ Floor**
**133 N. Industrial Blvd., LB 19**
**Dallas, Texas 75207-4399**
**(214) 653-3614**


HEREIN FAIL NOT, but of this writ make due return, showing how you have executed the same.

WITNESS MY OFFICIAL SIGNATURE, this _____ day of _____, A.D., 2008.

                                          _____
                                          **JUDGE,**
                                          _____ District Court ____
                                          Dallas County, Texas


Grand Jury Subpoena
Page 4 of 5

00230

| | |
|---|---|
| IN RE INVESTIGATION | IN THE GRAND JURY OF |
| OF | DALLAS COUNTY, TEXAS |
| JAMES BROADNAX | JULY TERM, A.D., 2008 |

### RETURN

CAME TO HAND on this _____ day of _____, A.D., 2008, and executed by summoning the within-named witness on the _____ day of _____, A.D., 2008.

Criminal District Attorney, Dallas County, Texas

By _____ Investigator

**Sheriff, Constable or Peace Officer**

Grand Jury Subpoena
Page 5 of 5

00231

IN RE GRAND JURY PROCEEDINGS:

Subpoena duces t ecum for production of documents regarding James Broadnax

## AFFIDAVIT OF JAY R. SOULES

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

BEFORE ME, the undersigned authority, personally appeared Jay R. Soules, who, being by me duly sworn deposed as follows:

1.    "My name is Jay R. Soules, I am over the age of eighteen years, am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

2.    "I am a custodian of records of NW Communications of Texas, Inc., on behalf of its television KDFW FOX 4, ("KDFW FOX 4") in Dallas, Texas.

3.    "Attached hereto is a true and correct copy of the KDFW FOX 4 reports and out-takes concerning he murder of Matthew Butler and Stephen Swan in Garland, TX on June 19, 2008 including interviews of suspects James Broadnax and Damarius Cummings. These said tapes are kept by KDFW FOX 4 in the regular course of business, and it was the regular course of business of KDFW FOX 4 for an employee or representative of KDFW FOX 4, with knowledge of the act, event, condition, opinion or diagnosis, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the original or an exact



EXHIBIT

C

duplicate of the or ginal reports that aired concerning the murder of Matthew Butler and Stephen Swan in Garland, TX on June 19, 2008 including interviews of suspects James Broadnax and Damarius Cummii gs."

Further Affiant sa; eth not.

_____
Jay R. Soules



_Jay R. Soules / News operations Coordinate._
[printed name and title]

SWORN T O AND SUBSCRIBED before me on the _9th_ day of July, 2008.

[Seal]   MARY F. KNIGHT
M C mission Expires
y 28, 2011

_Mary F. K___
Notary Public, State of Texas

_Mary F. Knight_
[printed name]

My Commission Expires:

_July 28, 2 11_

- 2 -

00233

H.B. No. 67

AN ACT

relating to a qualified privilege of a journalist not to testify.
    BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:
        SECTION 1.   Chapter 22, Civil Practice and Remedies Code, is
amended by adding Subchapter C to read as follows:
        SUBCHAPTER C. JOURNALIST'S QUALIFIED TESTIMONIAL PRIVILEGE IN
                            CIVIL PROCEEDINGS
        Sec. 22.021.  DEFINITIONS. In this subchapter:
                (1)   "Communication service provider" means a person or
the parent, subsidiary, division, or affiliate of a person who
transmits information chosen by a customer by electronic means,
including:
                        (A)  a telecommunications carrier, as defined by
Section 3, Communications Act of 1934 (47 U.S.C. Section 153);
                        (B)  a provider of information service, as defined
by Section 3, Communications Act of 1934 (47 U.S.C. Section 153);
                        (C)  a provider of interactive computer service,
as defined by Section 230, Communications Act of 1934 (47 U.S.C.
Section 230); and
                        (D)  an information content provider, as defined
by Section 230, Communications Act of 1934 (47 U.S.C. Section 230).
                (2)  "Journalist" means a person, including a parent,
subsidiary, division, or affiliate of a person, who for a
substantial portion of the person's livelihood or for substantial
financial gain, gathers, compiles, prepares, collects,
photographs, records, writes, edits, reports, investigates,
processes, or publishes news or information that is disseminated by
a news medium or communication service provider and includes:
                        (A)  a person who supervises or assists in
gathering, preparing, and disseminating the news or information; or
                        (B)  notwithstanding the foregoing, a person who
is or was a journalist, scholar, or researcher employed by an
institution of higher education at the time the person obtained or
prepared the requested information, or a person who at the time the
person obtained or prepared the requested information:
                                (i)  is earning a significant portion of the
person's livelihood by obtaining or preparing information for
dissemination by a news medium or communication service provider;
or
                                (ii)  was serving as an agent, assistant,
employee, or supervisor of a news medium or communication service
provider.
                (3)  "News medium" means a newspaper, magazine or
periodical, book publisher, news agency, wire service, radio or
television station or network, cable, satellite, or other
transmission system or carrier or channel, or a channel or
programming service for a station, network, system, or carrier, or
an audio or audiovisual production company or Internet company or
provider, or the parent, subsidiary, division, or affiliate of that
entity, that disseminates news or information to the public by any
means, including:
                        (A)  print;
                        (B)  television;
                        (C)  radio;



EXHIBIT

D

tabbies

00234

(D)  photographic;
(E)  mechanical;
(F)  electronic; and
(G)  other means, known or unknown, that are accessible to the public.
(4)  "Official proceeding" means any type of administrative, executive, legislative, or judicial proceeding that may be conducted before a public servant, including a proceeding under Rule 202, Texas Rules of Civil Procedure.
(5)  "Public servant" means a person elected, selected, appointed, employed, or otherwise designated as one of the following, even if the person has not yet qualified for office or assumed the person's duties:
(A)  an officer, employee, or agent of government;
(B)  a juror;
(C)  an arbitrator, referee, or other person who is authorized by law or private written agreement to hear or determine a cause or controversy;
(D)  an attorney or notary public when participating in the performance of a governmental function; or
(E)  a person who is performing a governmental function under a claim of right, although the person is not legally qualified to do so.
Sec. 22.022.  PURPOSE. The purpose of this subchapter is to increase the free flow of information and preserve a free and active press and, at the same time, protect the right of the public to effective law enforcement and the fair administration of justice.
Sec. 22.023.  PRIVILEGE. (a) Except as otherwise provided by this subchapter, a judicial, legislative, administrative, or other body with the authority to issue a subpoena or other compulsory process may not compel a journalist to testify regarding or to produce or disclose in an official proceeding:
(1)  any confidential or nonconfidential information, document, or item obtained or prepared while acting as a journalist; or
(2)  the source of any information, document, or item described by Subdivision (1).
(b)  A subpoena or other compulsory process may not compel the parent, subsidiary, division, or affiliate of a communication service provider or news medium to disclose the information, documents, or items or the source of any information, documents, or items that are privileged from disclosure under Subsection (a).
Sec. 22.024.  LIMITED DISCLOSURE GENERALLY. After notice and an opportunity to be heard, a court may compel a journalist, a journalist's employer, or a person with an independent contract with a journalist to testify regarding or to produce or disclose any information, document, or item or the source of any information, document, or item obtained while acting as a journalist, if the person seeking the information, document, or item or the source of any information, document, or item makes a clear and specific showing that:
(1)  all reasonable efforts have been exhausted to obtain the information from alternative sources;
(2)  the subpoena is not overbroad, unreasonable, or oppressive and, when appropriate, will be limited to the verification of published information and the surrounding circumstances relating to the accuracy of the published information;
(3)  reasonable and timely notice was given of the demand for the information, document, or item;

00235

(4) in this instance, the interest of the party subpoenaing the information outweighs the public interest in gathering and dissemination of news, including the concerns of the journalist;

(5) the subpoena or compulsory process is not being used to obtain peripheral, nonessential, or speculative information; and

(6) the information, document, or item is relevant and material to the proper administration of the official proceeding for which the testimony, production, or disclosure is sought and is essential to the maintenance of a claim or defense of the person seeking the testimony, production, or disclosure.

Sec. 22.025. NOTICE. An order to compel testimony, production, or disclosure to which a journalist has asserted a privilege under this subchapter may be issued only after timely notice to the journalist, the journalist's employer, or a person who has an independent contract with the journalist and a hearing. The order must include clear and specific findings as to the showing made by the person seeking the testimony, production, or disclosure and the clear and specific evidence on which the court relied in issuing the court's order.

Sec. 22.026. PUBLICATION OF PRIVILEGED INFORMATION. Publication or dissemination by a news medium or communication service provider of information, documents, or items privileged under this subchapter is not a waiver of the journalist's privilege.

Sec. 22.027. NEWS MEDIA RECORDINGS. Extrinsic evidence of the authenticity of evidence as a condition precedent to the admissibility of the evidence in a civil proceeding is not required with respect to a recording that purports to be a broadcast by a radio or television station that holds a license issued by the Federal Communications Commission at the time of the recording. The court may take judicial notice of the recording license as provided by Rule 201, Texas Rules of Evidence.

SECTION 2. Chapter 38, Code of Criminal Procedure, is amended by adding Articles 38.11 and 38.111 to read as follows:

Art. 38.11. JOURNALIST'S QUALIFIED TESTIMONIAL PRIVILEGE IN CRIMINAL PROCEEDINGS

Sec. 1. DEFINITIONS. In this article:

(1) "Communication service provider" means a person or the parent, subsidiary, division, or affiliate of a person who transmits information chosen by a customer by electronic means, including:

(A) a telecommunications carrier, as defined by Section 3, Communications Act of 1934 (47 U.S.C. Section 153);

(B) a provider of information service, as defined by Section 3, Communications Act of 1934 (47 U.S.C. Section 153);

(C) a provider of interactive computer service, as defined by Section 230, Communications Act of 1934 (47 U.S.C. Section 230); and

(D) an information content provider, as defined by Section 230, Communications Act of 1934 (47 U.S.C. Section 230).

(2) "Journalist" means a person, including a parent, subsidiary, division, or affiliate of a person, who for a substantial portion of the person's livelihood or for substantial financial gain, gathers, compiles, prepares, collects, photographs, records, writes, edits, reports, investigates, processes, or publishes news or information that is disseminated by a news medium or communication service provider and includes:

(A) a person who supervises or assists in

00236

gathering, preparing, and disseminating the news or information; or
                    (B)  notwithstanding the foregoing, a person who is or was a journalist, scholar, or researcher employed by an institution of higher education at the time the person obtained or prepared the requested information, or a person who at the time the person obtained or prepared the requested information:
                              (i)  is earning a significant portion of the person's livelihood by obtaining or preparing information for dissemination by a news medium or communication service provider; or
                              (ii)  was serving as an agent, assistant, employee, or supervisor of a news medium or communication service provider.
              (3)  "News medium" means a newspaper, magazine or periodical, book publisher, news agency, wire service, radio or television station or network, cable, satellite, or other transmission system or carrier or channel, or a channel or programming service for a station, network, system, or carrier, or an audio or audiovisual production company or Internet company or provider, or the parent, subsidiary, division, or affiliate of that entity, that disseminates news or information to the public by any means, including:
                    (A)  print;
                    (B)  television;
                    (C)  radio;
                    (D)  photographic;
                    (E)  mechanical;
                    (F)  electronic; and
                    (G)  other means, known or unknown, that are accessible to the public.
              (4)  "Official proceeding" means any type of administrative, executive, legislative, or judicial proceeding that may be conducted before a public servant.
              (5)  "Public servant" means a person elected, selected, appointed, employed, or otherwise designated as one of the following, even if the person has not yet qualified for office or assumed the person's duties:
                    (A)  an officer, employee, or agent of government;
                    (B)  a juror or grand juror;
                    (C)  an arbitrator, referee, or other person who is authorized by law or private written agreement to hear or determine a cause or controversy;
                    (D)  an attorney or notary public when participating in the performance of a governmental function; or
                    (E)  a person who is performing a governmental function under a claim of right, although the person is not legally qualified to do so.
              Sec. 2.  PURPOSE. The purpose of this article is to increase the free flow of information and preserve a free and active press and, at the same time, protect the right of the public to effective law enforcement and the fair administration of justice.
              Sec. 3.  PRIVILEGE.  (a) Except as otherwise provided by this article, a judicial, legislative, administrative, or other body with the authority to issue a subpoena or other compulsory process may not compel a journalist to testify regarding or to produce or disclose in an official proceeding:
                    (1)  any confidential or nonconfidential unpublished information, document, or item obtained or prepared while acting as a journalist; or
                    (2)  the source of any information, document, or item

00237

described by Subdivision (1).

(b)  A subpoena or other compulsory process may not compel the parent, subsidiary, division, or affiliate of a communication service provider or news medium to disclose the unpublished information, documents, or items or the source of any information, documents, or items that are privileged from disclosure under Subsection (a).

Sec. 4.  PRIVILEGE CONCERNING CONFIDENTIAL SOURCES.  (a)  A journalist may be compelled to testify regarding or to disclose the confidential source of any information, document, or item obtained while acting as a journalist if the person seeking the testimony, production, or disclosure makes a clear and specific showing that the source of any information, document, or item:

(1)  was observed by the journalist committing a felony criminal offense and the subpoenaing party has exhausted reasonable efforts to obtain from alternative sources the confidential source of any information, document, or item obtained or prepared while acting as a journalist;

(2)  is a person who confessed or admitted to the journalist the commission of a felony criminal offense and the subpoenaing party has exhausted reasonable efforts to obtain from alternative sources the confidential source of any information, document, or item obtained or prepared while acting as a journalist;

(3)  is a person for whom probable cause exists that the person participated in a felony criminal offense and the subpoenaing party has exhausted reasonable efforts to obtain from alternative sources the confidential source of any information, document, or item obtained or prepared while acting as a journalist; or

(4)  disclosure of the confidential source is reasonably necessary to stop or prevent reasonably certain death or substantial bodily harm.

(b)  If the alleged criminal conduct is the act of communicating, receiving, or possessing the information, document, or item, this section does not apply, and Section 5 governs the act.

(c)  Notwithstanding Subsection (b), if the information, document, or item was disclosed or received in violation of a grand jury oath given to either a juror or a witness under Article 19.34 or 20.16, a journalist may be compelled to testify if the person seeking the testimony, production, or disclosure makes a clear and specific showing that the subpoenaing party has exhausted reasonable efforts to obtain from alternative sources the confidential source of any information, document, or item obtained. In this context, the court has the discretion to conduct an in camera hearing. The court may not order the production of the confidential source until a ruling has been made on the motion.

(d)  An application for a subpoena of a journalist under Article 24.03, or a subpoena of a journalist issued by an attorney representing the state under Article 20.10 or 20.11, must be signed by the elected district attorney, elected criminal district attorney, or elected county attorney, as applicable. If the elected district attorney, elected criminal district attorney, or elected county attorney has been disqualified or recused or has resigned, the application for the subpoena or the subpoena must be signed by the person succeeding the elected attorney.  If the elected officer is not in the jurisdiction, the highest ranking assistant to the elected officer must sign the subpoena.

Sec. 5.  PRIVILEGE CONCERNING UNPUBLISHED INFORMATION, DOCUMENT, OR ITEM AND NONCONFIDENTIAL SOURCES.  (a)  After service

00238

of subpoena and an opportunity to be heard, a court may compel a journalist, a journalist's employer, or a person with an independent contract with a journalist to testify regarding or to produce or disclose any unpublished information, document, or item or the source of any information, document, or item obtained while acting as a journalist, other than as described by Section 4, if the person seeking the unpublished information, document, or item or the source of any information, document, or item makes a clear and specific showing that:

(1)  all reasonable efforts have been exhausted to obtain the information from alternative sources; and

(2)  the unpublished information, document, or item:

(A)  is relevant and material to the proper administration of the official proceeding for which the testimony, production, or disclosure is sought and is essential to the maintenance of a claim or defense of the person seeking the testimony, production, or disclosure; or

(B)  is central to the investigation or prosecution of a criminal case and based on something other than the assertion of the person requesting the subpoena, reasonable grounds exist to believe that a crime has occurred.

(b)  The court, when considering an order to compel testimony regarding or to produce or disclose any unpublished information, document, or item or the source of any information, document, or item obtained while acting as a journalist, should consider the following factors, including but not limited to whether:

(1)  the subpoena is overbroad, unreasonable, or oppressive;

(2)  reasonable and timely notice was given of the demand for the information, document, or item;

(3)  in this instance, the interest of the party subpoenaing the information outweighs the public interest in gathering and dissemination of news, including the concerns of the journalist; and

(4)  the subpoena or compulsory process is being used to obtain peripheral, nonessential, or speculative information.

(c)  A court may not consider a single factor under Subsection (b) as outcome-determinative in the decision whether to compel the testimony or the production or disclosure of the unpublished information, document, or item, or the source of any information, document, or item.

Sec. 6.   NOTICE. An order to compel testimony, production, or disclosure to which a journalist has asserted a privilege under this article may be issued only after timely notice to the journalist, the journalist's employer, or a person who has an independent contract with the journalist and a hearing. The order must include clear and specific findings as to the showing made by the person seeking the testimony, production, or disclosure and the clear and specific evidence on which the court relied in issuing the court's order.

Sec. 7.   PUBLICATION OF PRIVILEGED INFORMATION. Publication or dissemination by a news medium or communication service provider of information, documents, or items privileged under this article is not a waiver of the journalist's privilege regarding sources and unpublished information, documents, or items.

Sec. 8.   PUBLISHED INFORMATION. This article does not apply to any information, document, or item that has at any time been published or broadcast by the journalist.

Sec. 9.   REIMBURSEMENT OF COSTS.  The subpoenaing party shall pay a journalist a reasonable fee for the journalist's time and

00239

costs incurred in providing the information, item, or document subpoenaed, based on the fee structure provided by Subchapter F, Chapter 552, Government Code.

Art. 38.111.  NEWS MEDIA RECORDINGS. Extrinsic evidence of the authenticity of evidence as a condition precedent to the admissibility of the evidence in a criminal proceeding is not required with respect to a recording that purports to be a broadcast by a radio or television station that holds a license issued by the Federal Communications Commission at the time of the recording. The court may take judicial notice of the recording license as provided by Rule 201, Texas Rules of Evidence.

SECTION 3.  This Act applies only to information, documents, or items or the source of any information, document, or item obtained or prepared for publication in a news medium or communication service provider on or after the effective date of this Act.

SECTION 4.  This Act takes effect immediately if it receives a vote of two-thirds of all the members elected to each house, as provided by Section 39, Article III, Texas Constitution.  If this Act does not receive the vote necessary for immediate effect, this Act takes effect September 1, 2009.


_____          _____
    President of the Senate               Speaker of the House


I certify that H.B. No. 670 was passed by the House on April 2, 2009, by the following vote:  Yeas 146, Nays 0, 1 present, not voting; and that the House concurred in Senate amendments to H.B. No. 670 on April 30, 2009, by the following vote:  Yeas 146, Nays 0, 1 present, not voting.


                                      _____
                                          Chief Clerk of the House


I certify that H.B. No. 670 was passed by the Senate, with amendments, on April 28, 2009, by the following vote:  Yeas 31, Nays 0.


                                      _____
                                          Secretary of the Senate

APPROVED: _____
                 Date


          _____
               Governor

00240

## Texas Legislature Online
## Actions

**Bill:** HB 670          **Legislative Session:** 81(R)          **Author:** Martinez Fischer

**Actions:** (descending date order)
Viewing Votes: Most Recent House Vote | Most Recent Senate Vote

| | Description | Comment | Date ▼ | Time | Journal Page |
|---|---|---|---|---|---|
| E | Effective immediately | | 05/13/2009 | | |
| E | Signed by the Governor | | 05/13/2009 | | 3680 |
| E | Sent to the Governor | | 05/04/2009 | | 2554 |
| S | Signed in the Senate | | 05/04/2009 | | 1947 |
| H | Signed in the House | | 05/04/2009 | | 2427 |
| H | Reported enrolled | | 05/04/2009 | 07:57 AM | 2554 |
| S | House concurs in Senate amendment(s)-reported | | 04/30/2009 | | 1872 |
| H | Record vote | RV#411 | 04/30/2009 | | 2160 |
| H | Text of Senate Amendment(s) | | 04/30/2009 | | 2160 |
| H | House concurs in Senate amendment(s) | | 04/30/2009 | | 2160 |
| H | Senate Amendments Analysis distributed | | 04/28/2009 | 10:26 PM | |
| H | Senate Amendments printed and distributed | | 04/28/2009 | 10:05 PM | |
| H | Senate passage as amended reported | | 04/28/2009 | | 2007 |
| S | Record vote | | 04/28/2009 | | 1707 |
| S | Passed | | 04/28/2009 | | 1707 |
| S | Read 3rd time | | 04/28/2009 | | 1707 |
| S | Record vote | | 04/28/2009 | | 1706 |
| S | Three day rule suspended | | 04/28/2009 | | 1706 |
| S | Vote recorded in Journal | | 04/28/2009 | | 1706 |
| S | Passed to 3rd reading | | 04/28/2009 | | 1706 |
| S | Amendment withdrawn | | 04/28/2009 | | 1706 |
| S | Motion withdrawn | | 04/28/2009 | | 1706 |
| S | Motion to table | | 04/28/2009 | | 1706 |
| S | Amendment(s) offered | FA1 Williams | 04/28/2009 | | 1705 |
| S | Read 2nd time | | 04/28/2009 | | 1705 |
| S | Rules suspended-Regular order of business | | 04/28/2009 | | 1705 |
| S | Placed on intent calendar | | 04/22/2009 | | |
| S | Committee report printed and distributed | | 04/20/2009 | 02:55 PM | |
| S | Recommended for local & uncontested calendar | | 04/20/2009 | | |
| S | Reported favorably as substituted | | 04/20/2009 | | 1226 |
| S | Testimony taken in committee | | 04/15/2009 | | |
| S | Considered in public hearing | | 04/15/2009 | | |
| S | Scheduled for public hearing on . . . | | 04/15/2009 | | |
| S | Referred to Jurisprudence | | 04/07/2009 | | 911 |



| | | | | |
|---|---|---|---|---|
| S Read first time | | | 04/07/2009 | 911 |
| S Received from the House | | | 04/06/2009 | 888 |
| H Reported engrossed | | | 04/03/2009   07:50 AM | 1093 |
| H Record vote | | RV#91 | 04/02/2009 | 1045 |
| H Passed as amended | | | 04/02/2009 | 1045 |
| H Amended | | 1-Martinez Fischer | 04/02/2009 | 1045 |
| H Read 3rd time | | | 04/02/2009 | 1044 |
| H Record vote | | RV#86 | 04/01/2009 | 1022 |
| H Passed to engrossment as amended | | | 04/01/2009 | 1022 |
| H Amended | | 1-Martinez Fischer | 04/01/2009 | 1022 |
| H Read 2nd time | | | 04/01/2009 | 1022 |
| H Placed on Major State Calendar | | | 04/01/2009 | |
| H Considered in Calendars | | | 03/30/2009 | |
| H Committee report sent to Calendars | | | 03/27/2009 | |
| H Committee report printed and distributed | | | 03/26/2009   10:45 PM | |
| H Comte report filed with Committee Coordinator | | | 03/26/2009 | 989 |
| H Reported favorably as substituted | | | 03/23/2009 | |
| H Testimony taken/registration(s) recorded in committee | | | 03/23/2009 | |
| H Committee substitute considered in committee | | | 03/23/2009 | |
| H Vote reconsidered in committee | | | 03/23/2009 | |
| H Considered in public hearing | | | 03/23/2009 | |
| H Reported favorably w/o amendment(s) | | | 03/16/2009 | |
| H Considered in public hearing | | | 03/16/2009 | |
| H Left pending in committee | | | 03/02/2009 | |
| H Testimony taken/registration(s) recorded in committee | | | 03/02/2009 | |
| H Considered in public hearing | | | 03/02/2009 | |
| H Scheduled for public hearing on . . . | | | 03/02/2009 | |
| H Referred to Judiciary & Civil Jurisprudence | | | 02/18/2009 | 326 |
| H Read first time | | | 02/18/2009 | 326 |
| H Filed | | | 01/16/2009 | |

00242



## OFFICE OF THE GOVERNOR
### Rick Perry

**For Immediate Distribution**
May 13, 2009
News Release

**Governor's Press Office: 512-463-1826**
Allison Castle: allison.castle@governor.state.tx.us
Katherine Cesinger: kcesinger@governor.state.tx.us

### Gov. Perry Signs House Bill 670

AUSTIN – Gov. Rick Perry has signed House Bill 670, which provides a qualified privilege to prevent journalists who receive a subpoena from having to testify or produce documents gathered while acting as a journalist. The bill also allows journalists to protect their sources in certain cases.

"This was a complex issue that required thoughtful consideration, and I am pleased that lawmakers were able to strike a balance between protecting the rights of the people and the press," Gov. Perry said. "I want to thank Rep. Martinez Fisher and Sen. Ellis for their work on this bill."

Exceptions to the bill include instances when the requestors have proven that they have exhausted all reasonable efforts to get the information elsewhere, the subpoena does not ask for more than is necessary, and the interest in obtaining the information outweighs the public's interest in protecting journalists.

Journalists are also required to identify a confidential source in a criminal case if the source was observed by the journalist committing a felony, confessed to the journalist that he committed a felony, or if there is probable cause to believe that the confidential source committed a felony and the prosecutor has exhausted all efforts to obtain the source's identity. The journalist could also be made to reveal the source if disclosure is necessary to prevent certain death or substantial bodily harm.

This bill takes effect immediately.

### # # #



EXHIBIT

E

00243

Case 3:15-cv-01758-N   Document 38-5   Filed 06/28/16   Page 29 of 64   PageID 867

00244

THE STATE OF TEXAS
TO ANY SHERIFF OR ANY CONSTABLE OR ANY PEACE OFFICER
OF THE STATE OF TEXAS – GREETINGS:
YOU ARE HEREBY COMMANDED TO SUMMON

NO. F08-24667-Y

CRIMINAL DISTRICT COURT #7
DALLAS COUNTY, TEXAS

THE STATE OF TEXAS
VS.

SHAUN RABB, FOX 4 NEWS
UNKNOWN
DALLAS, TEXAS

To be and appear before the CRIMINAL District Court #7 of Dallas County, Texas at the courthouse of said County, in the City of Dallas, on the 1ST day of JUNE, 20 09, at 8:30 o'clock A. M., Then and there to testify as a witness in behalf of the STATE in a criminal Action pending in said court, wherein THE STATE OF TEXAS is plaintiff, and JAMES BROADNAX Defendant No. F08-24667-Y

JAMES BROADNAX.

CAPITAL MURDER

SUBPOENA

DUECES TECUM (IF APPLICABLE)                    ☒ NOT APPLICABLE
and that he bring with him and produce in said Court, at said time and place,

ISSUED
This 20TH day of MAY, 20 09
Gary Fitzsimmons
Clerk, District Courts
Dallas County, Texas
By T. JACKSON Deputy

desired as evidence in said Criminal action, to-wit: in a certain suit pending in said court.

and there remain from day to day and from term to term until discharged by the Court
HEREIN FAIL NOT, But of this Writ make due return, showing how you have executed the same.

OUT OF COUNTY (IF APPLICABLE)                   ☒ NOT APPLICABLE
A DISOBEDIENCE OF this Subpoena is punishable by fine not exceeding $500, to be collected as Fines and costs in other criminal cases.

WITNESS MY OFFICIAL SIGNATURE, this 20TH day of MAY, 20 09

Gary Fitzsimmons
Clerk District Courts
Dallas County, Texas

By _____ Deputy
T. JACKSON

ATTORNEY:

DAVID ALEX
ASSISTANT DISTRICT ATTORNEY
133 N. INDUSTRIAL BLVD., LB 19
DALLAS, TEXAS 75207
214-653-3600

REPORT TO:

FRANK CROWLEY COURTS BLDG.
133 N. INDUSTRIAL BLVD.
DALLAS, TEXAS 75207

EXHIBIT
F

## AFFIDAVIT OF CAROLYN FORREST

STATE OF GEORGIA          §
                          §
                          §
COUNTY OF DEKALB          §

BEFORE ME, the undersigned authority, a Notary Public, in and for DeKalb County, Georgia, on this day personally appeared CAROLYN FORREST, who, being duly sworn upon her oath, deposes and stated the following:

"My name is CAROLYN FORREST. I am over 18 years of age. I have never been convicted of any crime or offence involving moral turpitude. I am fully competent to testify to the factual matters contained in this affidavit. All matters contained herein are based my personal knowledge and are true and correct.

1.    I am the Vice President Legal Affairs for Fox Television Stations, Inc. In that capacity, I act as in-house counsel for KDFW FOX 4, a television station in Dallas, Dallas County, Texas, which operates under a license issued by the Federal Communications Commission. My duties include overseeing the compliance with subpoenas received by KDFW FOX 4 and its employees.

2.    On or about June 19, 2008 KDFW FOX 4 aired a news broadcast that included an interview Shaun Rabb conducted with criminal defendant James Broadnax. Shortly after the broadcast aired, KDFW FOX 4 received a subpoena from the Dallas County District Attorneys' Office requesting a copy of the interview. KDFW FOX 4 complied with the request and provided a complete copy of the interview between reporter Shaun Rabb and criminal defendant James Broadnax along with a business records affidavit signed by the custodian of records for KDFW FOX 4. These materials were supplied to the Dallas County District Attorneys' Office on or about July 9, 2008.

3.    On our about May 20, 2009, KDFW FOX 4 received a second subpoena in the State v. James Broadnax case – this one was delivered by email and was for the testimony of Shaun Rabb. The subpoena was issued by Assistant District Attorney David Alex. Upon receiving the subpoena, I called Mr. Alex to discuss the subpoena and to try to resolve the issues without court intervention. I informed him of the newly enacted Texas Free Flow of Information Act and offered to send him a copy of the new law that provides a reporter's privilege for Texas journalists. He responded that he was not interested in trying to work out a compromise and that the law did not really matter because this is a capital case, and Rabb was going to appear on Monday, June 1, 2009 and testify.

DL/2302692v1

EXHIBIT

_G_

Further Affiant Sayeth Not.

_____
Carolyn Forrest

Sworn and subscribed to before me, the undersigned authority, by CAROLYN FORREST, on this ___27+h___ day of ___May___, 2009.

_____
Notary Public in and for
The State of Georgia



JOAN E GIBBS
NOTARY PUBLIC
DEKALB COUNTY, GEORGIA
My Commission Expires
10-30-2009

Page 2 of 2

DL/2302692v1

00246

819 CONGRESS AVENUE. SUITE 1250    AUSTIN. TEXAS 78701-3656
www.sdma.com    512.481.8400 *phone*    512.481.8444 *fax*

# Sedgwick
### DETERT, MORAN & ARNOLD LLP

May 26, 2009

*Via Facsimile (214) 653-2924*
David Alex
Assistant District Attorney
Dallas County District Attorneys Office
133 N. Industrial Blvd., LB 19
Dallas, Texas 75207

Re: State of Texas v. James Broadnax; Cause No. F08-24667-Y; Criminal District Court No. 7, Dallas County, Texas

Dear Mr. Alex:

I represent KDFW and reporter Shaun Rabb. I am writing this letter in furtherance to our brief discussion this morning about the subpoena served on Mr. Rabb. As we discussed, I will be out of town on June 1, 2009 and since there are no pretrial matters in this case until July 23, 2009, it is my understanding that we can agree on a different date and mutually convenient time for a Motion to Quash to be heard should one be necessary.

I am hopeful, however, that no such motion will be necessary. To that end, I am sending you a copy of the recent reporter's privilege passed into law in Texas on May 13, 2009. Pursuant to the newly enacted statute, Mr. Rabb's testimony should not be compelled because KDFW has already given you the entirety of the interview between Mr. Rabb and the criminal defendant. It is my understanding that these materials were given to you prior to the Act becoming law so a business records affidavit was included in the materials provided. Under the existing law, the tape would be self authenticating as well. *See* Texas Code of Criminal Procedure Art. 38.111. The new law provides for reimbursement of costs when a journalist is required to testify and should we have to file a Motion to Quash we will seek reimbursement of said costs and fees. Further, the subpoena issued does not comply with the requirements outlined in the law and as such cannot be enforced.

Please call me after you have had a chance to review HB 670. I can be reached on my direct line at (512) 481-8414.

Sincerely,

Laura Lee Prather
Sedgwick, Detert, Moran & Arnold LLP

**EXHIBIT**

H

DD./2302568v1

*Celebrating 75 Years of Service 1933-2008*

00247

Case 3:15-cv-01758-N    Document 38-5    Filed 06/28/16    Page 33 of 64    PageID 871

H.B. No. 67

# AN ACT

relating to a qualified privilege of a journalist not to testify.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

SECTION 1. Chapter 22, Civil Practice and Remedies Code, is amended by adding Subchapter C to read as follows:

SUBCHAPTER C. JOURNALIST'S QUALIFIED TESTIMONIAL PRIVILEGE IN CIVIL PROCEEDINGS

Sec. 22.021. DEFINITIONS. In this subchapter:

(1) "Communication service provider" means a person or the parent, subsidiary, division, or affiliate of a person who transmits information chosen by a customer by electronic means, including:

(A) a telecommunications carrier, as defined by Section 3, Communications Act of 1934 (47 U.S.C. Section 153);

(B) a provider of information service, as defined by Section 3, Communications Act of 1934 (47 U.S.C. Section 153);

(C) a provider of interactive computer service, as defined by Section 230, Communications Act of 1934 (47 U.S.C. Section 230); and

(D) an information content provider, as defined by Section 230, Communications Act of 1934 (47 U.S.C. Section 230).

(2) "Journalist" means a person, including a parent, subsidiary, division, or affiliate of a person, who for a substantial portion of the person's livelihood or for substantial financial gain, gathers, compiles, prepares, collects, photographs, records, writes, edits, reports, investigates, processes, or publishes news or information that is disseminated by a news medium or communication service provider and includes:

(A) a person who supervises or assists in gathering, preparing, and disseminating the news or information; or

(B) notwithstanding the foregoing, a person who is or was a journalist, scholar, or researcher employed by an institution of higher education at the time the person obtained or prepared the requested information, or a person who at the time the person obtained or prepared the requested information:

(i) is earning a significant portion of the person's livelihood by obtaining or preparing information for dissemination by a news medium or communication service provider; or

(ii) was serving as an agent, assistant, employee, or supervisor of a news medium or communication service provider.

(3) "News medium" means a newspaper, magazine or periodical, book publisher, news agency, wire service, radio or television station or network, cable, satellite, or other transmission system or carrier or channel, or a channel or programming service for a station, network, system, or carrier, or an audio or audiovisual production company or Internet company or provider, or the parent, subsidiary, division, or affiliate of that entity, that disseminates news or information to the public by any means, including:

(A) print;

(B) television;

(C) radio;

00248

(D) photographic;

(E) mechanical;

(F) electronic; and

(G) other means, known or unknown, that are accessible to the public.

(4) "Official proceeding" means any type of administrative, executive, legislative, or judicial proceeding that may be conducted before a public servant, including a proceeding under Rule 202, Texas Rules of Civil Procedure.

(5) "Public servant" means a person elected, selected, appointed, employed, or otherwise designated as one of the following, even if the person has not yet qualified for office or assumed the person's duties:

(A) an officer, employee, or agent of government;

(B) a juror;

(C) an arbitrator, referee, or other person who is authorized by law or private written agreement to hear or determine a cause or controversy;

(D) an attorney or notary public when participating in the performance of a governmental function; or

(E) a person who is performing a governmental function under a claim of right, although the person is not legally qualified to do so.

Sec. 22.022. PURPOSE. The purpose of this subchapter is to increase the free flow of information and preserve a free and active press and, at the same time, protect the right of the public to effective law enforcement and the fair administration of justice.

Sec. 22.023. PRIVILEGE. (a) Except as otherwise provided by this subchapter, a judicial, legislative, administrative, or other body with the authority to issue a subpoena or other compulsory process may not compel a journalist to testify regarding or to produce or disclose in an official proceeding:

(1) any confidential or nonconfidential information, document, or item obtained or prepared while acting as a journalist; or

(2) the source of any information, document, or item described by Subdivision (1).

(b) A subpoena or other compulsory process may not compel the parent, subsidiary, division, or affiliate of a communication service provider or news medium to disclose the information, documents, or items or the source of any information, documents, or items that are privileged from disclosure under Subsection (a).

Sec. 22.024. LIMITED DISCLOSURE GENERALLY. After notice and an opportunity to be heard, a court may compel a journalist, a journalist's employer, or a person with an independent contract with a journalist to testify regarding or to produce or disclose any information, document, or item or the source of any information, document, or item obtained while acting as a journalist, if the person seeking the information, document, or item or the source of any information, document, or item makes a clear and specific showing that:

(1) all reasonable efforts have been exhausted to obtain the information from alternative sources;

(2) the subpoena is not overbroad, unreasonable, or oppressive and, when appropriate, will be limited to the verification of published information and the surrounding circumstances relating to the accuracy of the published information;

(3) reasonable and timely notice was given of the demand for the information, document, or item;

00249

(4) in this instance, the interest of the party subpoenaing the information outweighs the public interest in gathering and dissemination of news, including the concerns of the journalist;

(5) the subpoena or compulsory process is not being used to obtain peripheral, nonessential, or speculative information; and

(6) the information, document, or item is relevant and material to the proper administration of the official proceeding for which the testimony, production, or disclosure is sought and is essential to the maintenance of a claim or defense of the person seeking the testimony, production, or disclosure.

Sec. 22.025. NOTICE. An order to compel testimony, production, or disclosure to which a journalist has asserted a privilege under this subchapter may be issued only after timely notice to the journalist, the journalist's employer, or a person who has an independent contract with the journalist and a hearing. The order must include clear and specific findings as to the showing made by the person seeking the testimony, production, or disclosure and the clear and specific evidence on which the court relied in issuing the court's order.

Sec. 22.026. PUBLICATION OF PRIVILEGED INFORMATION. Publication or dissemination by a news medium or communication service provider of information, documents, or items privileged under this subchapter is not a waiver of the journalist's privilege.

Sec. 22.027. NEWS MEDIA RECORDINGS. Extrinsic evidence of the authenticity of evidence as a condition precedent to the admissibility of the evidence in a civil proceeding is not required with respect to a recording that purports to be a broadcast by a radio or television station that holds a license issued by the Federal Communications Commission at the time of the recording. The court may take judicial notice of the recording license as provided by Rule 201, Texas Rules of Evidence.

SECTION 2. Chapter 38, Code of Criminal Procedure, is amended by adding Articles 38.11 and 38.111 to read as follows:

Art. 38.11. JOURNALIST'S QUALIFIED TESTIMONIAL PRIVILEGE IN CRIMINAL PROCEEDINGS

Sec. 1. DEFINITIONS. In this article:

(1) "Communication service provider" means a person or the parent, subsidiary, division, or affiliate of a person who transmits information chosen by a customer by electronic means, including:

(A) a telecommunications carrier, as defined by Section 3, Communications Act of 1934 (47 U.S.C. Section 153);

(B) a provider of information service, as defined by Section 3, Communications Act of 1934 (47 U.S.C. Section 153);

(C) a provider of interactive computer service, as defined by Section 230, Communications Act of 1934 (47 U.S.C. Section 230); and

(D) an information content provider, as defined by Section 230, Communications Act of 1934 (47 U.S.C. Section 230).

(2) "Journalist" means a person, including a parent, subsidiary, division, or affiliate of a person, who for a substantial portion of the person's livelihood or for substantial financial gain, gathers, compiles, prepares, collects, photographs, records, writes, edits, reports, investigates, processes, or publishes news or information that is disseminated by a news medium or communication service provider and includes:

(A) a person who supervises or assists in

00250

gathering, preparing, and disseminating the news or information; or
(B) notwithstanding the foregoing, a person who is or was a journalist, scholar, or researcher employed by an institution of higher education at the time the person obtained or prepared the requested information, or a person who at the time the person obtained or prepared the requested information:
(i) is earning a significant portion of the person's livelihood by obtaining or preparing information for dissemination by a news medium or communication service provider; or
(ii) was serving as an agent, assistant, employee, or supervisor of a news medium or communication service provider.
(3) "News medium" means a newspaper, magazine or periodical, book publisher, news agency, wire service, radio or television station or network, cable, satellite, or other transmission system or carrier or channel, or a channel or programming service for a station, network, system, or carrier, or an audio or audiovisual production company or Internet company or provider, or the parent, subsidiary, division, or affiliate of that entity, that disseminates news or information to the public by any means, including:
(A) print;
(B) television;
(C) radio;
(D) photographic;
(E) mechanical;
(F) electronic; and
(G) other means, known or unknown, that are accessible to the public.
(4) "Official proceeding" means any type of administrative, executive, legislative, or judicial proceeding that may be conducted before a public servant.
(5) "Public servant" means a person elected, selected, appointed, employed, or otherwise designated as one of the following, even if the person has not yet qualified for office or assumed the person's duties:
(A) an officer, employee, or agent of government;
(B) a juror or grand juror;
(C) an arbitrator, referee, or other person who is authorized by law or private written agreement to hear or determine a cause or controversy;
(D) an attorney or notary public when participating in the performance of a governmental function; or
(E) a person who is performing a governmental function under a claim of right, although the person is not legally qualified to do so.
Sec. 2. PURPOSE. The purpose of this article is to increase the free flow of information and preserve a free and active press and, at the same time, protect the right of the public to effective law enforcement and the fair administration of justice.
Sec. 3. PRIVILEGE. (a) Except as otherwise provided by this article, a judicial, legislative, administrative, or other body with the authority to issue a subpoena or other compulsory process may not compel a journalist to testify regarding or to produce or disclose in an official proceeding:
(1) any confidential or nonconfidential unpublished information, document, or item obtained or prepared while acting as a journalist; or
(2) the source of any information, document, or item

00251

described by Subdivision (1).

(b)  A subpoena or other compulsory process may not compel the parent, subsidiary, division, or affiliate of a communication service provider or news medium to disclose the unpublished information, documents, or items or the source of any information, documents, or items that are privileged from disclosure under Subsection (a).

Sec. 4.  PRIVILEGE CONCERNING CONFIDENTIAL SOURCES.  (a)  A journalist may be compelled to testify regarding or to disclose the confidential source of any information, document, or item obtained while acting as a journalist if the person seeking the testimony, production, or disclosure makes a clear and specific showing that the source of any information, document, or item:

(1)  was observed by the journalist committing a felony criminal offense and the subpoenaing party has exhausted reasonable efforts to obtain from alternative sources the confidential source of any information, document, or item obtained or prepared while acting as a journalist;

(2)  is a person who confessed or admitted to the journalist the commission of a felony criminal offense and the subpoenaing party has exhausted reasonable efforts to obtain from alternative sources the confidential source of any information, document, or item obtained or prepared while acting as a journalist;

(3)  is a person for whom probable cause exists that the person participated in a felony criminal offense and the subpoenaing party has exhausted reasonable efforts to obtain from alternative sources the confidential source of any information, document, or item obtained or prepared while acting as a journalist; or

(4)  disclosure of the confidential source is reasonably necessary to stop or prevent reasonably certain death or substantial bodily harm.

(b)  If the alleged criminal conduct is the act of communicating, receiving, or possessing the information, document, or item, this section does not apply, and Section 5 governs the act.

(c)  Notwithstanding Subsection (b), if the information, document, or item was disclosed or received in violation of a grand jury oath given to either a juror or a witness under Article 19.34 or 20.16, a journalist may be compelled to testify if the person seeking the testimony, production, or disclosure makes a clear and specific showing that the subpoenaing party has exhausted reasonable efforts to obtain from alternative sources the confidential source of any information, document, or item obtained. In this context, the court has the discretion to conduct an in camera hearing. The court may not order the production of the confidential source until a ruling has been made on the motion.

(d)  An application for a subpoena of a journalist under Article 24.03, or a subpoena of a journalist issued by an attorney representing the state under Article 20.10 or 20.11, must be signed by the elected district attorney, elected criminal district attorney, or elected county attorney, as applicable. If the elected district attorney, elected criminal district attorney, or elected county attorney has been disqualified or recused or has resigned, the application for the subpoena or the subpoena must be signed by the person succeeding the elected attorney.  If the elected officer is not in the jurisdiction, the highest ranking assistant to the elected officer must sign the subpoena.

Sec. 5.  PRIVILEGE CONCERNING UNPUBLISHED INFORMATION, DOCUMENT, OR ITEM AND NONCONFIDENTIAL SOURCES.  (a)  After service

00252

of subpoena and an opportunity to be heard, a court may compel a journalist, a journalist's employer, or a person with an independent contract with a journalist to testify regarding or to produce or disclose any unpublished information, document, or item or the source of any information, document, or item obtained while acting as a journalist, other than as described by Section 4, if the person seeking the unpublished information, document, or item or the source of any information, document, or item makes a clear and specific showing that:

(1) all reasonable efforts have been exhausted to obtain the information from alternative sources; and

(2) the unpublished information, document, or item:

(A) is relevant and material to the proper administration of the official proceeding for which the testimony, production, or disclosure is sought and is essential to the maintenance of a claim or defense of the person seeking the testimony, production, or disclosure; or

(B) is central to the investigation or prosecution of a criminal case and based on something other than the assertion of the person requesting the subpoena, reasonable grounds exist to believe that a crime has occurred.

(b) The court, when considering an order to compel testimony regarding or to produce or disclose any unpublished information, document, or item or the source of any information, document, or item obtained while acting as a journalist, should consider the following factors, including but not limited to whether:

(1) the subpoena is overbroad, unreasonable, or oppressive;

(2) reasonable and timely notice was given of the demand for the information, document, or item;

(3) in this instance, the interest of the party subpoenaing the information outweighs the public interest in gathering and dissemination of news, including the concerns of the journalist; and

(4) the subpoena or compulsory process is being used to obtain peripheral, nonessential, or speculative information.

(c) A court may not consider a single factor under Subsection (b) as outcome-determinative in the decision whether to compel the testimony or the production or disclosure of the unpublished information, document, or item, or the source of any information, document, or item.

Sec. 6. NOTICE. An order to compel testimony, production, or disclosure to which a journalist has asserted a privilege under this article may be issued only after timely notice to the journalist, the journalist's employer, or a person who has an independent contract with the journalist and a hearing. The order must include clear and specific findings as to the showing made by the person seeking the testimony, production, or disclosure and the clear and specific evidence on which the court relied in issuing the court's order.

Sec. 7. PUBLICATION OF PRIVILEGED INFORMATION. Publication or dissemination by a news medium or communication service provider of information, documents, or items privileged under this article is not a waiver of the journalist's privilege regarding sources and unpublished information, documents, or items.

Sec. 8. PUBLISHED INFORMATION. This article does not apply to any information, document, or item that has at any time been published or broadcast by the journalist.

Sec. 9. REIMBURSEMENT OF COSTS. The subpoenaing party shall pay a journalist a reasonable fee for the journalist's time and

00253

costs incurred in providing the information, item, or document subpoenaed, based on the fee structure provided by Subchapter F, Chapter 552, Government Code.

Art. 38.111. NEWS MEDIA RECORDINGS. Extrinsic evidence of the authenticity of evidence as a condition precedent to the admissibility of the evidence in a criminal proceeding is not required with respect to a recording that purports to be a broadcast by a radio or television station that holds a license issued by the Federal Communications Commission at the time of the recording. The court may take judicial notice of the recording license as provided by Rule 201, Texas Rules of Evidence.

SECTION 3. This Act applies only to information, documents, or items or the source of any information, document, or item obtained or prepared for publication in a news medium or communication service provider on or after the effective date of this Act.

SECTION 4. This Act takes effect immediately if it receives a vote of two-thirds of all the members elected to each house, as provided by Section 39, Article III, Texas Constitution. If this Act does not receive the vote necessary for immediate effect, this Act takes effect September 1, 2009.

_____              _____
     President of the Senate                       Speaker of the House

I certify that H.B. No. 670 was passed by the House on April 2, 2009, by the following vote: Yeas 146, Nays 0, 1 present, not voting; and that the House concurred in Senate amendments to H.B. No. 670 on April 30, 2009, by the following vote: Yeas 146, Nays 0, 1 present, not voting.

                                             _____
                                                 Chief Clerk of the House

I certify that H.B. No. 670 was passed by the Senate, with amendments, on April 28, 2009, by the following vote: Yeas 31, Nays 0.

                                             _____
                                                 Secretary of the Senate

APPROVED: _____
                    Date

          _____
                  Governor

00254

## Texas Legislature Online
## Actions

**Bill:** HB 670        **Legislative Session:** 81(R)        **Author:** Martinez Fischer

**Actions:** (descending date order)
Viewing Votes: Most Recent House Vote | Most Recent Senate Vote

| | Description | Comment | Date ▼ | Time | Journal Page |
|---|---|---|---|---|---|
| E | Effective immediately | | 05/13/2009 | | |
| E | Signed by the Governor | | 05/13/2009 | | 3680 |
| E | Sent to the Governor | | 05/04/2009 | | 2554 |
| S | Signed in the Senate | | 05/04/2009 | | 1947 |
| H | Signed in the House | | 05/04/2009 | | 2427 |
| H | Reported enrolled | | 05/04/2009 | 07:57 AM | 2554 |
| S | House concurs in Senate amendment(s)-reported | | 04/30/2009 | | 1872 |
| H | Record vote | RV#411 | 04/30/2009 | | 2160 |
| H | Text of Senate Amendment(s) | | 04/30/2009 | | 2160 |
| H | House concurs in Senate amendment(s) | | 04/30/2009 | | 2160 |
| H | Senate Amendments Analysis distributed | | 04/28/2009 | 10:26 PM | |
| H | Senate Amendments printed and distributed | | 04/28/2009 | 10:05 PM | |
| H | Senate passage as amended reported | | 04/28/2009 | | 2007 |
| S | Record vote | | 04/28/2009 | | 1707 |
| S | Passed | | 04/28/2009 | | 1707 |
| S | Read 3rd time | | 04/28/2009 | | 1707 |
| S | Record vote | | 04/28/2009 | | 1706 |
| S | Three day rule suspended | | 04/28/2009 | | 1706 |
| S | Vote recorded in Journal | | 04/28/2009 | | 1706 |
| S | Passed to 3rd reading | | 04/28/2009 | | 1706 |
| S | Amendment withdrawn | | 04/28/2009 | | 1706 |
| S | Motion withdrawn | | 04/28/2009 | | 1706 |
| S | Motion to table | | 04/28/2009 | | 1706 |
| S | Amendment(s) offered | FA1 Williams | 04/28/2009 | | 1705 |
| S | Read 2nd time | | 04/28/2009 | | 1705 |
| S | Rules suspended-Regular order of business | | 04/28/2009 | | 1705 |
| S | Placed on intent calendar | | 04/22/2009 | | |
| S | Committee report printed and distributed | | 04/20/2009 | 02:55 PM | |
| S | Recommended for local & uncontested calendar | | 04/20/2009 | | |
| S | Reported favorably as substituted | | 04/20/2009 | | 1226 |
| S | Testimony taken in committee | | 04/15/2009 | | |
| S | Considered in public hearing | | 04/15/2009 | | |
| S | Scheduled for public hearing on . . . | | 04/15/2009 | | |
| S | Referred to Jurisprudence | | 04/07/2009 | | 911 |

00255

| | | | |
|---|---|---|---|
| S Read first time | | 04/07/2009 | 911 |
| S Received from the House | | 04/06/2009 | 888 |
| H Reported engrossed | | 04/03/2009  07:50 AM | 1093 |
| H Record vote | RV#91 | 04/02/2009 | 1045 |
| H Passed as amended | | 04/02/2009 | 1045 |
| H Amended | 1-Martinez Fischer | 04/02/2009 | 1045 |
| H Read 3rd time | | 04/02/2009 | 1044 |
| H Record vote | RV#86 | 04/01/2009 | 1022 |
| H Passed to engrossment as amended | | 04/01/2009 | 1022 |
| H Amended | 1-Martinez Fischer | 04/01/2009 | 1022 |
| H Read 2nd time | | 04/01/2009 | 1022 |
| H Placed on Major State Calendar | | 04/01/2009 | |
| H Considered in Calendars | | 03/30/2009 | |
| H Committee report sent to Calendars | | 03/27/2009 | |
| H Committee report printed and distributed | | 03/26/2009  10:45 PM | |
| H Comte report filed with Committee Coordinator | | 03/26/2009 | 989 |
| H Reported favorably as substituted | | 03/23/2009 | |
| H Testimony taken/registration(s) recorded in committee | | 03/23/2009 | |
| H Committee substitute considered in committee | | 03/23/2009 | |
| H Vote reconsidered in committee | | 03/23/2009 | |
| H Considered in public hearing | | 03/23/2009 | |
| H Reported favorably w/o amendment(s) | | 03/16/2009 | |
| H Considered in public hearing | | 03/16/2009 | |
| H Left pending in committee | | 03/02/2009 | |
| H Testimony taken/registration(s) recorded in committee | | 03/02/2009 | |
| H Considered in public hearing | | 03/02/2009 | |
| H Scheduled for public hearing on . . . | | 03/02/2009 | |
| H Referred to Judiciary & Civil Jurisprudence | | 02/18/2009 | 326 |
| H Read first time | | 02/18/2009 | 326 |
| H Filed | | 01/16/2009 | |

00256

```
          *********************
          ***   TX REPORT   ***
          *********************

   TRANSMISSION OK

   TX/RX NO              2480
   RECIPIENT ADDRESS     167*12146532924
   DESTINATION ID
   ST. TIME              05/26 15:35
   TIME USE              03'20
   PAGES SENT            11
   RESULT                OK
```

919 CONGRESS, SUITE 1250   AUSTIN, TEXAS 78701

*www.sdma.com*   512.481.8400 *phone*   512.481.8444 *fax*

# Sedgwick
### DETERT, MORAN & ARNOLD LLP

## Facsimile Transmittal Sheet

DATE:  May 26, 2009

TIME:  3:25 PM

NUMBER OF PAGES:  2 (including cover page)

If any portion of the following document is
illegible or missing, please call our Fax Center
at 512.481.8444 as soon as possible.

**TO:**

| NAME | COMPANY | TELEPHONE | FACSIMILE |
|------|---------|-----------|-----------|
| David Alex | Dallas County District Attorneys | | (214) 653-2924 |
| Assistant District Attorney | Office | | |

**FROM:**

| NAME: | Lauta Lee Prather | FAX BACK NUMBER: | 512.481.8444 |
|-------|-------------------|------------------|--------------|
| OFFICE: | Austin | OUR FILE NO.: | 3546-10 |

RE:  State of Texas v. James Broadnax; Cause No. F08-24667-Y; Criminal District Court No. 7, Dallas County, Texas

**MESSAGE:**

00257

08-CR-3439-B

| | | |
|---|---|---|
| STATE OF TEXAS, | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | 117TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| KENNETH HUBBARD | § | |
| AGG SEXUAL ASSAULT | § | NUECES COUNTY, TEXAS |

## ORDER GRANTING MOTION TO QUASH SUBPOENA

On this day came on to be heard the Motion to Quash Subpoena filed by non-parties, KIII-TV3 and its reporter/journalist, Katy Kiser. Having reviewed the Motion, its exhibits, applicable authorities and the argument of counsel, the Court finds that, in accordance with the provisions of the newly-enacted Free Flow of Information Act, the Motion is well-taken and that the Motion should be and it is hereby GRANTED.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Subpoena issued at the request of the State of Texas and served on Katy Kiser summoning her to testify as a witness for the State in this cause is hereby QUASHED.

It is further ORDERED that no other subpoenas in this cause, directed at either KIII-TV3 or Katy Kiser, shall be issued nor served on either KIII-TV3 or Katy Kiser without leave of this Court first being obtained.

SIGNED this ___ day of _____, 2009.

STATE OF TEXAS
COUNTY OF NUECES

The above and foregoing is a true and correct copy as the same appears on file and/or recorded in the appropriate records of Nueces County, Texas
Thereby certified on _____ May 26, 2009

PATSY PEREZ
NUECES COUNTY DISTRICT CLERK
CLERK OF THE DISTRICT AND COUNTY COURTS AT LAW

Hon. Sandra L. Watts
Presiding Judge, 117th District Court

**EXHIBIT**

I

00258

CAUSE NO. F08-24667-Y

| THE STATE OF TEXAS | * | IN THE DISTRICT COURT OF |
|---|---|---|
| | * | |
| VS. | * | DALLAS COUNTY, TEXAS |
| | * | |
| JAMES BROADNAX | * | CRIMINAL COURT #7 |

## O R D E R

Before the Court is Movants' Motion to Quash the subpoena of non-party Shaun Rabb. The Dallas County District Attorney's Office served KDFW Fox 4 with the subpoena on June 25, 2008.

The Movants' cite the recently enacted Texas Free Flow of Information Act in support of their Motion to Quash. By its terms, "this Act applies only to information, documents, or items or the source of any informtion, document or item obtained or prepared for publication in a news medium or communication service provider <u>on or after the effective date of this Act.</u>" (Emphasis added.) The Act does not apply retroactively.

The effective date of the Act was May 13, 2009. The subpoenaed broadcast was dated June 19, 2008. It is clear then that the Act does not apply to the subpoenaed broadcast.

Accordingly, without otherwise addressing the merits of the Movants' Motion to Quash, the motion is DENIED.

SO ORDERED.

_____  28 MAY 2009
JUDGE MICHAEL R. SNIPES
CRIMINAL DISTRICT COURT 7
DALLAS COUNTY, TEXAS

00259

CASE NO. F08-24667-Y

THE STATE OF TEXAS,                    §          IN THE DISTRICT COURT

v.                                     §
                                       §
JAMES BROADNAX.                        §          DALLAS COUNTY, TEXAS
                                       §
                                       §          CRIMINAL COURT No. 7
                                       §

## NON-PARTY ELLEN GOLDBERG'S MOTION TO QUASH TRIAL SUBPOENA

TO THE HONORABLE COURT:

Ellen Goldberg files this Motion to Quash Trial Subpoena, and respectfully shows this Court the following:

### I.    Background

On June 23, 2008 Ellen Goldberg, a reporter for KXAS NBC-5 ("NBC-5"), conducted an interview of defendant James Broadnax. The entire interview was taped. Before Broadnax spoke to Goldberg, he gave interviews to several other local television stations. In the first interview, Broadnax initially denied killing two men outside a Christian recording studio in Garland a few days earlier. But, as the interview progressed, he began to change his story and eventually confessed to the two murders.[1] During later interviews (including a brief interview with Goldberg), Broadnax gave similar confessions.

Shortly thereafter, the Dallas County District Attorney's Office (the "DA's Office") subpoenaed the video outtakes of these interviews from the television stations, including NBC-5. Like other stations, NBC-5 complied with the subpoena, producing all tapes of its interview with Broadnax. To alleviate any need for further production or testimony, NBC-5 gave the DA's

---

[1] That interview is broadcast in its entirety on the CBS-11 website, http://cbs11tv.com/video/?id=29586@ktvt.dayport.com.

MOTION TO QUASH SUBPOENA                                    PAGE 1

00260

Office an affidavit from the station's custodian of records, which establishes the tapes' authenticity as business records.[2]

On May 20, 2009, the DA's Office attempted to issue a second subpoena—this time for Goldberg to testify as a State's witness in the case against Broadnax. The new subpoena was not served on Goldberg. Instead, it was emailed to Sharla Alford, the assistant to the news director for NBC-5.[3] Counsel for NBC-5 has attempted to confer with the DA's office regarding the defective service of the subpoena and to understand what evidence the DA's Office seeks from Goldberg. Despite these attempts, however, the DA's Office has refused to withdraw the subpoena.

## II.    Summary of Argument

Ellen Goldberg should not be compelled to testify because she was never properly served with the subpoena. Instead, that subpoena was emailed, without request for acknowledgment of receipt, to the NBC-5 news director's assistant, Sharla Alford. Ms. Alford is not authorized to accept service of the subpoena on Goldberg's behalf. Moreover, the email sent to Ms. Alford did not comply with the requirements for electronic transmission under Article 24.04 of the Texas Code of Criminal Procedure.

Even if Goldberg had been properly served, she should not be compelled to provide testimony for the State. It is impossible to imagine what Goldberg's testimony would add to the admissible evidence currently in the State's possession. The State already has the entire taped interview that Goldberg conducted with Broadnax. It also has a business records affidavit from NBC-5 to establish the authenticity of the tapes. These video tapes are the best evidence of what

---

[2] A copy of that affidavit is attached to the Affidavit of Sharla Alford ("Alford Affidavit") as Exhibit A.

[3] A copy of the email is attached as Exhibit B to the Alford Affidavit.

**MOTION TO QUASH SUBPOENA**                                                    **PAGE 2**

00261

Broadnax said and did during his interview with Goldberg. There is no reason to force Goldberg to provide her own account of the interview, which would be based on her imperfect recollections from nearly one year ago.

### III.    Argument and Authorities

#### A.    Goldberg Has Not Been Properly Served With The Subpoena.

The subpoena at issue was not properly served on Goldberg. As noted above, it was emailed to the assistant to the station's news director, Sharla Alford. Ms. Alford is not authorized to accept the subpoena on Goldberg's behalf, nor is she required to do so under law.[4] Moreover, even if the email had been sent to Goldberg, it would not have satisfied the requirements for electronic service under Article 24.04 of the Texas Code of Criminal Procedure. Article 24.04(a)(3) allows email service of a subpoena only if the email is accompanied by a request for acknowledgment of receipt by the witness. TEX. CODE CRIM. P. art. 24.04(a)(3). There was no such request here.[5] Furthermore, the email did not contain the required "notice that an acknowledgment of receipt of the subpoena must be made in a manner enabling verification of the person acknowledging receipt." TEX. CODE CRIM. P. art. 24.04(c). Based on this defective service, the subpoena should be quashed.

#### B.    Goldberg's Testimony Is Unnecessary And Immaterial.

Even if service had been proper, it is clear that Goldberg has nothing to add to the evidence already in the possession of the DA's Office. As noted above, Goldberg's entire interview with Broadnax was taped, and the DA's Office has those tapes. To the extent that the

---

[4] Alford Affidavit ¶ 6.
[5] *Id.* ¶ 5; Ex. B.

00262

State wishes to introduce the tapes into evidence, it has a business records affidavit sufficient to establish their authenticity. It does not need Goldberg's testimony.[6]

Moreover, there is no basis for Goldberg to testify about the mental impressions she formed during her interview with Broadnax, including regarding Broadnax's state of mind. Nor are those mental impressions even admissible. Surely, the best evidence of Broadnax's state of mind during the interview is the taped interview itself. *See* TEX. R. EVID. 1002, 1003; *Ramsey v. Jones Enters*, 810 S.W.2d 902, 905 (Tex. App.—Beaumont 1991, writ denied); *Overton v. State*, 490 S.W.2d 556, 559 (Tex. Crim. App.—1973). Goldberg cannot be expected to accurately recount every important detail regarding what Broadnax said and did during the June 2008 interview. Her testimony on this issue would therefore be far more speculative and far less reliable than the video record itself, which is available to the Court and the jury. In addition, to the extent that any inferences regarding Broadnax's state of mind during the June 2008 interview can be drawn, that task is properly within the province of the Court or the jury—not a reporter. Goldberg's speculative testimony on this point, based on her imperfect recollection, would be highly prejudicial, misleading, and confusing. *Cf.* TEX. R. EVID. 403 (relevant evidence should be excluded if its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence").

There is no other colorable reason why Goldberg should be required to provide testimony in this case. In fact, this is just the sort of speculative fishing expedition that courts have rejected in similar cases. For example, the Texas Court of Criminal Appeals has held that a party seeking testimony from a reporter must show that the testimony is material. *See Coleman v. State*, 966

---

[6] In fact, it is not even clear that Goldberg is the appropriate witness to authenticate these tapes, even if live testimony is needed.

**MOTION TO QUASH SUBPOENA**                                               **PAGE 4**

S.W.2d 525, 527-28 (Tex. Crim. App. 1998) (affirming trial court's order granting motion to quash subpoena of reporters, where requesting party had failed to make showing that reporter testimony would be material); *see also Gohring v. State*, 967 S.W.2d 459, 465 (Tex. App.—Beaumont 1998, no writ). This authority, which is based on a simple relevancy test, not the application of a "reporter's privilege," is consistent with Justice Lewis Powell's admonition in *Branzburg v. Hayes* that the "courts will be open" to journalists who need protection from subpoenas like this one, which are overbroad, harassing, and do not seek any relevant evidence. *See* 408 U.S. 665, 710 (1972) (Powell, J., concurring).

C.    **The Subpoena Must Be Quashed Based On Texas's New Shield Law.**

Given the defective service, as well as the irrelevance and immateriality of Goldberg's testimony, the Court need not decide whether the subpoena can be enforced consistent with Texas's newly enacted shield law, the Free Flow of Information Act, Tex. H.B. 670 (to be codified at TEX. CODE OF CRIM. P. Arts. 38.11 and 38.111) ("the Shield Law"). NBC-5 is aware that the Court has already held, in response to another television station's motion, that the Shield Law does not apply here. NBC-5 respectfully disagrees with this holding. To preserve its argument under the Shield Law as grounds for appeal (if necessary), however, NBC-5 briefly notes that the subpoena does not comply with the Shield Law's special procedural requirements, including that the subpoena must be signed by the elected District Attorney. *See* TEX. CODE CRIM. P. art. 38.11, section 4(d). Moreover, the Shield Law explicitly provides that broadcasts are self-authenticating.[7] TEX. CODE CRIM. P. art. 38.111. Both of these provisions take effect immediately and are not affected by Section 3 of the Act. *See* HB 670 § 4. Furthermore, to the extent that the DA's Office seeks evidence that has not already been obtained, such as mental

---

[7] Goldberg's entire interview of Broadnax is broadcast at NBC-5's website, http://www.nbcdfw.com/news/local/Jailhouse_Interview__James_Broadnax_Dallas-Fort_Worth.html.

**MOTION TO QUASH SUBPOENA**                                            **PAGE 5**

00264

impressions that have not already been formed, such newly obtained evidence also would not be affected by Section 3 of the Act and therefore would be subject to the requirements of the Shield Law (such as the exhaustion of alternative sources and a "clear and specific showing" that the information being sought is material and essential to the case), which cannot be satisfied here. *See* TEX. CODE CRIM. P. art. 38.11, section 5(a)-(b).

## IV.    Conclusion

WHEREFORE, Ellen Goldberg respectfully requests that this Court: (1) grant this motion; (2) quash the trial subpoena; (3) enter a protective order; and (4) grant such further relief to which she may be entitled.

Respectfully submitted,

Thomas S. Leatherbury
  State Bar No. 12095275
Marc A. Fuller
  State Bar No. 24032210
VINSON & ELKINS L.L.P.
3700 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
214-220-7881
214-999-7881 (fax)

**ATTORNEYS FOR ELLEN GOLDBERG**

00265

## CERTIFICATE OF CONFERENCE

Telephone conferences were held on May 27 and 28, 2009 with Assistant District Attorney David Alex on the merits of this motion. Agreement could not be reached; therefore, it was presented to the Court for determination.

_____
Marc A. Fuller

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was served by fax and mail to counsel below on this 29th day of May, 2009.

David Alex, Esq.
Assistant District Attorney
133 N. Industrial Blvd., LB 19
Dallas, TX 75207

_____
Marc A. Fuller

1567632_1.DOC

**MOTION TO QUASH SUBPOENA**                                      **PAGE 7**

00266

CASE NO. F08-24667-Y

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | IN THE DISTRICT COURT |
| V. | § § § § § § § § § § | |
| JAMES BROADNAX. | § | DALLAS COUNTY, TEXAS |
| | § | CRIMINAL COURT No. 7 |

## AFFIDAVIT OF SHARLA ALFORD

STATE OF TEXAS §
§
COUNTY OF DALLAS §

Before me, the undersigned Notary Public, on this day personally appeared Sharla Alford, who being duly sworn according to law on her oath deposed and said:

1. My name is Sharla Alford. I am over eighteen years of age, have never been convicted of a crime, and am fully competent to make this Affidavit.

2. I am an assistant to the news director at KXAS-TV NBC-5 ("NBC-5").

3. In June 2008, NBC-5 received a subpoena from the Dallas District Attorney's Office, requesting copies of video tapes of an interview that NBC-5 reporter Ellen Goldberg had conducted with James Braoadnax (the "June 2008 Subpoena").

4. NBC-5 complied fully with the June 2008 Subpoena, producing all tapes of the interview and the broadcasts in which interview footage was used. In addition, NBC-5 provided a business records affidavit, a copy of which is attached as Exhibit A.

5. On May 20, 2009, I received the email attached as Exhibit B. The email attached a subpoena for Ms. Goldberg, which is also attached in Exhibit B.

1

00267

6.    I was not (and still am not) authorized to accept service of this subpoena on Ms. Goldberg's behalf.

FURTHER AFFIANT SAYETH NOT



SHARLA ALFORD

Before me the undersigned notary public on this day personally appeared Sharla Alford, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this 29th day of May



NOTARY PUBLIC

MY COMMISSION EXPIRES  8-7-2011

1585250.1 DOC

2

00268

## Grand Jury Subpoena

THE STATE OF TEXAS                              )

COUNTY OF DALLAS                                )

---

### AFFIDAVIT

Before me, the undersigned authority, personally appeared SHARLA ALFORD, who, being by me duly sworn, deposed as follows:

My name is SHARLA ALFORD, I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

1.    I am the Custodian of Records for NBC Subsidiary (KXAS-TV), a Division of Station Venture Operations, LP ("KXAS") and I am responsible for responding to the Subpoena in the above-captioned matter (the "Subpoena"). I have the authority to certify the videotape of the requested footage and copies of it.

**Exhibit A**

00269

2.    Attached hereto is video footage that is an exact duplicate of the original footage described in the Subpoena.  This video footage is from KXAS-TV, a Division of Station Venture Operations, L.P.  Said video footage is kept by KXAS in the regular course of business, and it was the regular course of business of KXAS for an employee or representative of KXAS, with knowledge of the acts, events, conditions, opinions or information recorded, to make the record or transmit information thereof to be included in such record.  Such record was made at or near the time of the events, or reasonably soon thereafter.



SHARLA ALFORD
EXECUTIVE ASSISTANT
NBC SUBSIDIARY (KXAS-TV), A Division of Station Venture Operations L.P.

AFFIANT

SWORN TO AND SUBSCRIBED before me on the ___11___ day of July, 2008.

> MARTHA STALLARD
> My Commission Expires
> August 9, 2011

Notary Public, State of Texas

Notary's printed name:

Martha Stallard

My commission expires: _8-9 2011_

00270

07/07/2008 11:57 FAX                                                              @002

| IN RE INVESTIGATION | IN THE GRAND JURY OF |
|---|---|
| OF | DALLAS COUNTY, TEXAS |
| JAMES BROADNAX | JULY TERM, A.D., 2008 |

## LAW ENFORCEMENT AGENCY REQUEST FOR
## APPLICATION FOR ISSUANCE OF SUBPOENA DUCES TECUM
## SUMMONING PERSON TO APPEAR BEFORE GRAND JURY

TO THE FOREMAN OF THE GRAND JURY OF DALLAS COUNTY:

I, **David N. Barger, a peace officer under the laws of the State of Texas**, do hereby request that the Foreman of the Grand Jury of the County of Dallas, State of Texas make application to the District Court of Dallas County for issuance of a subpoena duces tecum summoning CUSTODIAN of **RECORDS (or designee) for**:
KXAS Channel 5, 3900 Barnett St., Ft. Worth, Texas and to produce the following records or documents for use in a legitimate law enforcement investigation which is being conducted under auspices of the Grand Jury:

COPIES OF ALL AUDIO/VIDEO BROADCAST TAPES, OUT-TAKES (RECORDED BUT NOT AIRED), INTERVIEW NOTES AND CORRESPONDENCE REGARDING THE MURDER OF MATTHEW BUTLER AND STEPHEN SWAN IN GARLAND, TEXAS ON JUNE 19, 2008 INCLUDING INTERVIEWS OF THE SUSPECTS JAMES BROADNAX AND DAMARIUS CUMMINGS.

I hereby certify that the testimony of the said witness is believed to be material.

David N. Barger
Investigator, Dallas District Attorney
Frank Crowley Courts Building
133 N. Industrial Blvd., LB 19
Dallas, Texas 75207-4399
(214) 653-3614

Grand Jury Subpoena
Page 1 of 5

00271

07/07/2008 11:58 FAX

| | |
|---|---|
| IN RE INVESTIGATION | IN THE GRAND JURY OF |
| OF | DALLAS COUNTY, TEXAS |
| JAMES BROADNAX | JULY TERM, A.D., 2008 |

## APPLICATION FOR ISSUANCE OF SUBPOENA DUCES TECUM SUMMONING PERSON TO APPEAR BEFORE GRAND JURY

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the Foreman of the Grand Jury of the County of Dallas, State of Texas, and pursuant to TEX. CODE CRIM. PROC. ANN. art. 20.11 (Vernon 1977), requests that the Court issue forthwith a subpoena duces tecum summoning **CUSTODIAN of RECORDS** (or designee) for: **KXAS Channel 5, 3900 Barnett St., Ft. Worth, Texas** to appear before the **Dallas County Grand Jury, Frank Crowley Courts Bldg., 133 N. Industrial Blvd., Dallas, Texas,** forthwith date of **July 21, 2008** , and to produce for the said Grand Jury at the said time and place the following records and documents:

**COPIES OF ALL AUDIO/VIDEO BROADCAST TAPES, OUT-TAKES (RECORDED BUT NOT AIRED), INTERVIEW NOTES AND CORRESPONDENCE REGARDING THE MURDER OF MATTHEW BUTLER AND STEPHEN SWAN IN GARLAND, TEXAS ON JUNE 19, 2008 INCLUDING INTERVIEWS OF THE SUSPECTS JAMES BROADNAX AND DAMARIUS CUMMINGS.**

The testimony of the said witness is believed to be material.

_____
Foreman of The Grand Jury

Grand Jury Subpoena
Page 2 of 5

00272

@005

07/07/2008 11:58 FAX

ODC#1

IN RE INVESTIGATION

OF

JAMES BROADNAX

IN THE GRAND JURY OF

DALLAS COUNTY, TEXAS

JULY TERM, A.D., 2008

*In lieu of personally appearing before the said Grand Jury at the said time and place, the said witness may comply with this subpoena by furnishing true and correct copies of the aforesaid records to the following-named person at the following address:*

**David N. Barger, Lt./Investigation Division**
**Dallas District Attorney**
**Frank Crowley Courts Building 11th Floor**
**133 N. Industrial Blvd., LB 19**
**Dallas, Texas 75207-4399**
**(214) 653-3614**

HEREIN FAIL NOT, but of this writ make due return, showing how you have executed the same.

WITNESS MY OFFICIAL SIGNATURE, this _____ day of _____,
A.D., 2008.

JUDGE,
_____ District Court _____
Dallas County, Texas

Grand Jury Subpoena
Page 4 of 5

00274

07/07/2008 11:58 FAX                                                                  @008

|                              |   |                              |
|------------------------------|---|------------------------------|
| IN RE INVESTIGATION          | : | IN THE GRAND JURY OF         |
|                              | : |                              |
| OF                           | : | DALLAS COUNTY, TEXAS         |
|                              | : |                              |
| JAMES BROADNAX               | : | JULY TERM, A.D., 2008        |

## RETURN

CAME TO HAND on this _____ day of _____, A.D., 2008, and executed by summoning the within-named witness on the _____ day of _____, A.D., 2008.

Criminal District Attorney, Dallas County, Texas

By _____ Investigator

_____
**Sheriff, Constable or Peace Officer**

Grand Jury Subpoena
Page 5 of 5

00275

@004

07/07/2008 11:58 FAX

QDC #1

IN RE INVESTIGATION

OF

JAMES BROADNAX

IN THE GRAND JURY OF

DALLAS COUNTY, TEXAS

JULY TERM, A.D., 2008

## SUBPOENA DUCES TECUM
## SUMMONING WITNESS TO
## APPEAR BEFORE GRAND JURY

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS, TO THE SHERIFF OF DALLAS COUNTY, TEXAS OR ANY CONSTABLE OR PEACE OFFICER OF THE STATE OF TEXAS ............. GREETINGS:

YOU ARE COMMANDED TO SUMMON............. CUSTODIAN of RECORDS (or designee) for: **KXAS Channel 5, 3900 Barnett St., Ft. Worth, Texas** to appear before the **Dallas County Grand Jury, Frank Crowley Courts Bldg., 133 N. Industrial Blvd. , Dallas, Texas,** forthwith date of **July 21, 2008** , and to produce for the said Grand Jury at the said time and place the following records and documents:

COPIES OF ALL AUDIO/VIDEO BROADCAST TAPES, OUT-TAKES (RECORDED BUT NOT AIRED), INTERVIEW NOTES AND CORRESPONDENCE REGARDING THE MURDER OF MATTHEW BUTLER AND STEPHEN SWAN IN GARLAND, TEXAS ON JUNE 19, 2008 INCLUDING INTERVIEWS OF THE SUSPECTS JAMES BROADNAX AND DAMARIUS CUMMINGS.

DISCLOSURE OF THE EXISTENCE OF THIS SUBPOENA WILL INTERFERE WITH AN ONGOING CRIMINAL INVESTIGATION AND IS, THEREFORE, NOT AUTHORIZED. NOTICE: UNDER TEX. CODE CRIM. PROC. ANN. art. 24.05 (Vernon 1977), REFUSAL TO OBEY THIS SUBPOENA MAY RESULT IN THE IMPOSITION OF A FINE.

Grand Jury Subpoena
Page 3 of 5

00273

**Alford, Sharla (NBC Universal, KXAS)**

| | |
|---|---|
| **From:** | BARGER DAVID N [DAVID.BARGER@dallascounty.org] |
| **Sent:** | Wednesday, May 20, 2009 3:01 PM |
| **To:** | Alford, Sharla (NBC Universal, KXAS) |
| **Cc:** | ALEX DAVID M |
| **Subject:** | Broadnax Cap Murder Trial |
| **Attachments:** | Goldberg Subpoena.pdf |

Sharla,

I've attached a subpoena for Ellen Goldberg for an appearance on 6/1/09 in CDC #7, Judge Michael Snipes' court. Ms. Goldberg or the station's attorney can contact Asst. D.A. David Alex with any questions. His cell #972-983-2900.

Thanks,

Lt. David Barger
Dallas District Attorney's Office
Investigation Division
133 N. Industrial Blvd. LB 19
Dallas, TX 75207-4399
214-653-3614
http://dallasda.com/investigation-division.html

5/29/2009

Exhibit B

00276

# THE STATE OF TEXAS
## TO ANY SHERIFF OR ANY CONSTABLE OR ANY PEACE OFFICER
## OF THE STATE OF TEXAS – GREETINGS:
## YOU ARE HEREBY COMMANDED TO SUMMON

ELLEN GOLDBERG, KXAS CH 5 NEWS
UNKNOWN
DALLAS, TEXAS

To be and appear before the CRIMINAL District Court #7 of Dallas County, Texas at the courthouse of said County, in the City of Dallas, on the 1ST day of JUNE , 20 09 , at 8:30 o'clock A. M., Then and there to testify as a witness in behalf of the STATE in a criminal Action pending in said court, wherein THE STATE OF TEXAS is iff, and JAMES BROADNAX Defendant No. F08-24667-Y

**DUECES TECUM** (IF APPLICABLE)                                ☒ NOT APPLICABLE
and that he bring with him and produce in said Court, at said time and place,

desired as evidence in said Criminal action, to-wit: in a certain suit pending in said court.

and there remain from day to day and from term to term until discharged by the Court
HEREIN FAIL NOT, But of this Writ make due return, showing how you have executed the same.

**OUT OF COUNTY** (IF APPLICABLE)                              ☒ NOT APPLICABLE
A DISOBEDIENCE OF this Subpoena is punishable by fine not exceeding $500, to be collected as
F s and costs in other criminal cases.

WITNESS MY OFFICIAL SIGNATURE,        20TH  day of  MAY , 20 09
                                      Fitzsimmons
                                      District Courts
                                      nty Texas

        By                                            Deputy
                           AC    ON

---

CRIMINAL DISTRICT COURT #7
DALLAS COUNTY, TEXAS

THE STATE OF TEXAS
VS.

JAMES BROADNAX.

CAPITAL MURDER

SUBPOENA

ISSUED
This 20TH day of MAY, 20 09
Gary Fitzsimmons
Clerk, District Courts
Dallas County, Texas
By T. JACKSON Deputy

ATTORNEY:

DAVID ALEX
ASSISTANT DISTRICT ATTORNEY
133 N. INDUSTRIAL BLVD., LB 19
DALLAS, TEXAS 75207
214-653-3600

REPORT TO:

FRANK CROWLEY COURTS BLDG.
133 N. INDUSTRIAL BLVD.
DALLAS, TEXAS 75207

Case 3:15-cv-01758-N Document 38-6 Filed 06/28/16 Page 62 of 64 PageID 900

# Vinson&Elkins

**Marc A. Fuller** mfuller@velaw.com
Tel 214.220.7881  Fax 214.999.7881

May 29, 2009

**BY HAND DELIVERY**
Ms. LaMonica Littles, Chief Clerk
Criminal District No. 7
Frank Crowley Courts Bldg.
133 N. Industrial Blvd., 7th Floor
Dallas, TX 75207

Re:    *The State of Texas v. James Broadnax*; Cause No. F08-24667-Y in the
District Court of Dallas County, Texas, Criminal Court #7

Dear Ms. Littles:

I enclose for filing an original and two copies of Non-Party Ellen Goldberg's Motion to Quash Trial Subpoena.

Please file the original and return the file-stamped copies to my messenger. Thank you for your assistance.

Sincerely,

Marc A. Fuller

Enclosures
Dallas 1568368v1

c:    David Alex, Esq. (w/encl.) (via fax and U.S. Mail)

**Vinson & Elkins LLP  Attorneys at Law**
Abu Dhabi  Austin  Beijing  Dallas  Dubai  Hong Kong  Houston
London  Moscow  New York  Shanghai  Tokyo  Washington

Trammell Crow Center, 2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
Tel 214.220.7700  Fax 214.220.7716  www.velaw.com

00278

# CERTIFICATION

The State of Texas                          §

County of Dallas                            §


I, Gary Fitzsimmons, Clerk of the __Criminal District Court No. 7__ of Dallas County, Texas do hereby certify that the documents contained in this record to which this certification is attached are all of the documents specified by Texas Rule of Appellate Procedure 34.5 (a) and all other documents timely requested by a party to this proceeding under Texas Rule of Appellate Procedure 34.5 (b).

GIVEN UNDER MY HAND AND SEAL at my office in Dallas County, Texas this __18th__ day of __December__ , __2009__ .

Signature of Clerk: _Ana McDaniel_

Name of Clerk:      Ana McDaniel

Title:              Deputy Clerk

00279