*** SENSITIVE-LIMITED OFFICIAL USE ***

**Inmate Telephone System**

**Inmate Call Records**

Run Date : 06/08/2009

Run Time: 11:28:45

Page 8 of 27

From: 09/01/2008 - 00:00:00

Thru: 06/08/2009 - 23:59:00

Terminal Making Request: TXUN9570DC

User ID: dbarger

| Inmate Name | Inmate ID | Start Date/Time | Duration | Number Called | Jail Facility | Completion Code |
|---|---|---|---|---|---|---|
| BROADNAX, JAMES GARDIELD | 2725502 | 2/25/2009 6:15:14 PM | 0 | 2149986676 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/25/2009 6:02:54 PM | 8 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/23/2009 7:30:10 PM | 0 | 2145863296 | North | YAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/23/2009 7:28:48 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/23/2009 6:55:42 PM | 0 | 2145863296 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/23/2009 6:55:28 PM | 0 | 2145863296 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/23/2009 6:54:45 PM | 0 | 8707736653 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/23/2009 5:56:45 PM | 13 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/22/2009 8:33:06 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/22/2009 7:59:07 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/22/2009 6:27:37 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/22/2009 6:26:26 PM | 0 | 8707736653 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/20/2009 6:12:50 PM | 0 | 8707736653 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/20/2009 5:57:39 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/19/2009 7:44:29 PM | 7 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/19/2009 7:34:00 PM | 2 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/19/2009 7:29:55 PM | 3 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/19/2009 7:29:09 PM | 0 | 2149986676 | North | Ring no answer or busy |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/19/2009 7:26:43 PM | 0 | 2149986676 | North | Ring no answer or busy |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/17/2009 7:03:10 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/17/2009 6:55:23 PM | 0 | 2145863296 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/17/2009 6:55:06 PM | 0 | 2145863296 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/17/2009 6:54:25 PM | 0 | 8707736653 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/17/2009 6:54:10 PM | 0 | 2149986676 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/16/2009 6:23:41 PM | 12 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/16/2009 5:37:03 PM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/16/2009 5:36:26 PM | 0 | 8707736653 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/15/2009 7:10:22 PM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/15/2009 7:10:05 PM | 0 | 8707736653 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/15/2009 6:53:59 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/14/2009 6:51:32 PM | 0 | 8707736653 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/14/2009 2:58:18 PM | 0 | 8707736653 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/14/2009 2:58:03 PM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/13/2009 7:19:22 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/13/2009 7:11:32 PM | 0 | 8707726653 | North | Ring no answer or busy |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/13/2009 7:08:02 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/13/2009 7:06:50 PM | 0 | 8707736653 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/12/2009 6:01:30 PM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/12/2009 4:34:45 PM | 0 | 8707736653 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/11/2009 8:39:25 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/11/2009 7:49:26 PM | 0 | 2149986676 | North | Ring no answer or busy |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/11/2009 7:48:45 PM | 0 | 2149986676 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/10/2009 8:35:55 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/10/2009 5:37:01 PM | 10 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/10/2009 5:34:37 PM | 0 | 2149986676 | North | Ring no answer or busy |

00442

*** SENSITIVE-LIMITED OFFICIAL USE ***

Run Date : 06/08/2009

Run Time: 11:28:45

**Inmate Telephone System**

**Inmate Call Records**

Page 9 of 27

From: 09/01/2008 - 00:00:00

Thru: 06/08/2009 - 23:59:00

Terminal Making Request: TXUN9570DC

User ID: dbarger

| Inmate Name | Inmate ID | Start Date/Time | Duration | Number Called | Jail Facility | Completion Code |
|---|---|---|---|---|---|---|
| BROADNAX, JAMES GARDIELD | 2725502 | 2/9/2009 5:41:37 PM | 0 | 9726623474 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/9/2009 5:40:01 PM | 0 | 2149463286 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/9/2009 5:39:08 PM | 0 | 8706303146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/9/2009 5:38:57 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/9/2009 5:32:31 PM | 0 | 8707736653 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/9/2009 5:32:05 PM | 0 | 2149986676 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/9/2009 12:00:57 AM | 0 | 2149986676 | North | Call is outside of calling |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/9/2009 12:00:22 AM | 0 | 2149986676 | North | Call is outside of calling |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/8/2009 11:59:55 PM | 0 | 8707736653 | North | Call is outside of calling |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/8/2009 11:59:33 PM | 0 | 2149986676 | North | Call is outside of calling |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/8/2009 10:18:27 PM | 0 | 2149463286 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/8/2009 10:16:24 PM | 0 | 2149986676 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/8/2009 9:51:28 PM | 0 | 2149463286 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/8/2009 9:50:16 PM | 0 | 2149463286 | North | Trunk type was busy |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/8/2009 9:49:57 PM | 0 | 2149986676 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/8/2009 9:32:23 PM | 0 | 2149463286 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/8/2009 9:27:50 PM | 1 | 2149463586 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/8/2009 9:27:16 PM | 0 | 2149986676 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/8/2009 9:14:48 PM | 0 | 2149986676 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/8/2009 8:33:35 PM | 0 | 9726623474 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/8/2009 8:32:40 PM | 0 | 8707736653 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/8/2009 8:32:26 PM | 0 | 2149986676 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/8/2009 7:25:22 PM | 0 | 8707736653 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/8/2009 7:25:00 PM | 0 | 2149986676 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/8/2009 6:38:31 PM | 0 | 9726623474 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/8/2009 6:37:38 PM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/8/2009 6:37:24 PM | 0 | 8707736653 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/8/2009 6:37:12 PM | 0 | 2149986676 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/8/2009 4:30:35 PM | 0 | 9726623474 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/8/2009 4:28:59 PM | 0 | 8707736653 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/8/2009 4:28:36 PM | 0 | 2149986676 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/7/2009 9:09:08 PM | 0 | 9726623474 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/7/2009 9:08:24 PM | 0 | 9726623474 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/7/2009 9:02:38 PM | 0 | 2149986676 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/7/2009 9:01:33 PM | 0 | 2149986676 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/7/2009 9:01:16 PM | 0 | 8707736653 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/7/2009 8:58:54 PM | 0 | 9726623474 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/7/2009 8:57:59 PM | 0 | 2149986676 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/7/2009 8:11:38 PM | 0 | 9726623474 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/7/2009 8:10:55 PM | 0 | 9726623474 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/7/2009 8:10:37 PM | 0 | 8707736653 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/7/2009 8:10:20 PM | 0 | 2149986676 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/7/2009 5:54:26 PM | 0 | 2149463586 | North | Ring no answer or busy |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/7/2009 5:54:07 PM | 0 | 9726623474 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/7/2009 5:53:17 PM | 0 | 9726623474 | North | Call not accepted |

*** SENSITIVE-LIMITED OFFICIAL USE ***

**Inmate Telephone System**

**Inmate Call Records**

Run Date : 06/08/2009

Run Time: 11:28:45

Page 10 of 27

From: 09/01/2008 - 00:00:00

Thru: 06/08/2009 - 23:59:00

Terminal Making Request: TXUN9570DC

User ID: dbarger

| Inmate Name | Inmate ID | Start Date/Time | Duration | Number Called | Jail Facility | Completion Code |
|---|---|---|---|---|---|---|
| BROADNAX, JAMES GARDIELD | 2725502 | 2/7/2009 5:52:57 PM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/7/2009 5:52:45 PM | 0 | 8707736653 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/7/2009 5:52:32 PM | 0 | 2149986676 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/7/2009 5:52:06 PM | 0 | 2149986676 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/6/2009 11:18:40 PM | 0 | 2149986676 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/6/2009 11:16:52 PM | 0 | 8707736653 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/6/2009 11:16:12 PM | 0 | 2149986676 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/6/2009 7:05:53 PM | 0 | 9726623474 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/6/2009 7:04:50 PM | 0 | 2149986676 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/6/2009 6:36:56 PM | 0 | 9726623474 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/6/2009 6:35:57 PM | 0 | 8707736653 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/6/2009 6:35:42 PM | 0 | 2149986676 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/6/2009 5:35:55 PM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/6/2009 5:35:08 PM | 0 | 2149986676 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/6/2009 5:34:40 PM | 0 | 8707736653 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/5/2009 9:25:57 PM | 0 | 2149986676 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/5/2009 8:54:01 PM | 0 | 2149986676 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/5/2009 8:01:47 PM | 0 | 2149986676 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/5/2009 8:00:37 PM | 0 | 2149986676 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/5/2009 8:00:09 PM | 0 | 2149986676 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/5/2009 7:49:45 PM | 0 | 9726623474 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/5/2009 7:48:43 PM | 0 | 2149986676 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/5/2009 7:45:48 PM | 1 | 2149463586 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/5/2009 7:45:07 PM | 0 | 8707736653 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/5/2009 7:44:49 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/5/2009 7:44:35 PM | 0 | 2149986676 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/5/2009 7:44:15 PM | 0 | 2149986676 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/4/2009 8:27:19 PM | 0 | 2149986676 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/4/2009 7:45:05 PM | 0 | 2149986676 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/4/2009 7:24:28 PM | 0 | 2149986676 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/4/2009 7:23:57 PM | 0 | 2149986676 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/4/2009 5:55:49 PM | 0 | 9726623474 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/4/2009 5:54:24 PM | 0 | 2149986676 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/4/2009 5:53:54 PM | 0 | 2149986676 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/4/2009 5:32:50 PM | 0 | 2149986676 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/4/2009 5:31:39 PM | 1 | 8707736653 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/4/2009 5:30:39 PM | 0 | 2149986676 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/4/2009 5:28:46 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/3/2009 11:26:57 PM | 0 | 2149986676 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/3/2009 11:26:41 PM | 0 | 2149986676 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/3/2009 7:47:23 PM | 1 | 8707736653 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/3/2009 7:44:09 PM | 0 | 8707736653 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/3/2009 7:43:50 PM | 0 | 8707736653 | North | Ring no answer or busy |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/3/2009 7:25:27 PM | 0 | 8707736653 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/3/2009 7:25:09 PM | 0 | 8707736653 | North | Ring no answer or busy |

00444

*** SENSITIVE-LIMITED OFFICIAL USE ***

**Inmate Telephone System**

**Inmate Call Records**

Run Date : 06/08/2009

Run Time: 11:28:45

Page  11  of 27

Terminal Making Request: TXUN9570DC

User ID: dbarger

From: 09/01/2008  -  00:00:00

Thru: 06/08/2009  -  23:59:00

| Inmate Name | Inmate ID | Start Date/Time | Duration | Number Called | Jail Facility | Completion Code |
|---|---|---|---|---|---|---|
| BROADNAX, JAMES GARDIELD | 2725502 | 2/3/2009 7:24:56 PM | 0 | 8707736653 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/3/2009 7:24:44 PM | 0 | 8707736653 | North | Ring no answer or busy |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/3/2009 7:24:31 PM | 0 | 8707736653 | North | Ring no answer or busy |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/3/2009 7:24:12 PM | 0 | 8707736653 | North | Ring no answer or busy |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/3/2009 7:23:41 PM | 0 | 8707736653 | North | Ring no answer or busy |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/3/2009 7:23:28 PM | 0 | 8707736653 | North | Ring no answer or busy |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/3/2009 7:23:16 PM | 0 | 8707736653 | North | Ring no answer or busy |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/3/2009 7:23:02 PM | 0 | 8707736653 | North | Ring no answer or busy |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/3/2009 7:22:48 PM | 0 | 8707736653 | North | Ring no answer or busy |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/3/2009 7:21:31 PM | 1 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/3/2009 3:55:32 PM | 1 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/3/2009 3:55:08 PM | 0 | 2149986676 | North | Ring no answer or busy |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/3/2009 3:36:25 PM | 1 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/3/2009 3:35:59 PM | 0 | 2149986676 | North | Ring no answer or busy |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/3/2009 3:35:47 PM | 0 | 2149986676 | North | Ring no answer or busy |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/3/2009 3:35:13 PM | 0 | 2149986676 | North | Ring no answer or busy |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/3/2009 3:34:53 PM | 0 | 2149986676 | North | Ring no answer or busy |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/3/2009 2:29:55 PM | 0 | 8707031090 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/3/2009 2:27:41 PM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/3/2009 2:21:05 PM | 1 | 8707736653 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/3/2009 1:47:44 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/3/2009 1:41:29 PM | 0 | 2149463586 | North | Ring no answer or busy |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/3/2009 1:39:08 PM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/3/2009 1:37:47 PM | 1 | 8707736653 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/3/2009 1:34:08 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/1/2009 8:35:35 PM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/1/2009 8:34:01 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/1/2009 6:26:30 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/1/2009 6:11:07 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 2/1/2009 6:09:45 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/31/2009 10:34:23 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/31/2009 10:22:28 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/31/2009 10:21:43 PM | 0 | 8707031090 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/31/2009 9:34:57 PM | 0 | 2149463586 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/31/2009 9:34:45 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/31/2009 9:34:22 PM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/31/2009 9:33:48 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/31/2009 4:45:19 PM | 0 | 2149463586 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/31/2009 4:44:09 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/31/2009 2:46:08 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/31/2009 2:06:59 PM | 0 | 8707726653 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/31/2009 2:05:19 PM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/31/2009 2:04:01 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/29/2009 5:42:42 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/29/2009 5:42:18 PM | 0 | 8707031009 | North | Carrier Blocked Called |

00445

*** SENSITIVE-LIMITED OFFICIAL USE ***

Run Date : 06/08/2009

## Inmate Telephone System
### Inmate Call Records

Run Time: 11:28:45

Page  12  of 27

From: 09/01/2008  -  00:00:00

Thru: 06/08/2009  -  23:59:00

Terminal Making Request: TXUN9570DC

User ID: dbarger

| Inmate Name | Inmate ID | Start Date/Time | Duration | Number Called | Jail Facility | Completion Code |
|---|---|---|---|---|---|---|
| BROADNAX, JAMES GARDIELD | 2725502 | 1/29/2009 5:42:00 PM | 0 | 8707031099 | North | Ring no answer or busy |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/29/2009 5:33:21 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/29/2009 5:32:42 PM | 0 | 8707091009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/29/2009 5:18:26 PM | 0 | 2149463586 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/29/2009 5:14:19 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/29/2009 4:55:17 PM | 0 | 2149463586 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/29/2009 4:39:34 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/29/2009 4:29:36 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/29/2009 4:28:37 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/27/2009 9:44:47 PM | 0 | 2149463586 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/27/2009 9:43:29 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/27/2009 9:14:15 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/27/2009 9:13:00 PM | 0 | 2149463586 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/27/2009 9:08:46 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/27/2009 9:07:04 PM | 0 | 2149463586 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/27/2009 9:05:26 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/27/2009 9:04:19 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/27/2009 5:31:17 PM | 0 | 2149463586 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/27/2009 5:18:06 PM | 12 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/27/2009 5:13:17 PM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/27/2009 5:11:48 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/27/2009 4:43:09 PM | 0 | 2149463586 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/27/2009 4:42:48 PM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/27/2009 4:41:45 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/26/2009 5:59:51 PM | 2 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/26/2009 5:57:39 PM | 0 | 2149986676 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/26/2009 5:50:40 PM | 0 | 2149986676 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/26/2009 5:50:14 PM | 0 | 2149986676 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/26/2009 5:34:53 PM | 15 | 9726623474 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/26/2009 5:32:55 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/26/2009 5:32:20 PM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/26/2009 5:31:05 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/25/2009 11:09:24 PM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/25/2009 11:09:10 PM | 0 | 9726623474 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/25/2009 11:08:14 PM | 0 | 8707031090 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/25/2009 11:06:56 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/24/2009 7:08:04 PM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/24/2009 6:52:35 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/24/2009 6:24:08 PM | 0 | 9726623474 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/24/2009 6:23:14 PM | 0 | 2149986676 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/24/2009 6:21:50 PM | 0 | 2149986676 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/24/2009 6:19:44 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/22/2009 7:11:52 PM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/22/2009 7:10:25 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/22/2009 6:19:14 PM | 15 | 2149986676 | North | Completed Call |

00446

*** SENSITIVE-LIMITED OFFICIAL USE ***

### Inmate Telephone System

Run Date : 06/08/2009

Run Time: 11:28:45

### Inmate Call Records

Page  13  of 27

Terminal Making Request: TXUN9570DC

User ID: dbarger

From: 09/01/2008 - 00:00:00

Thru: 06/08/2009 - 23:59:00

| Inmate Name | Inmate ID | Start Date-Time | Duration | Number Called | Jail Facility | Completion Code |
|---|---|---|---|---|---|---|
| BROADNAX, JAMES GARDIELD | 2725502 | 1/22/2009 6:18:26 PM | 0 | 2149986676 | North | Ring no answer or busy |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/22/2009 6:18:02 PM | 0 | 2149986676 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/22/2009 6:17:45 PM | 0 | 2149986676 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/22/2009 6:17:25 PM | 0 | 2149986676 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/22/2009 6:15:23 PM | 0 | 8707726653 | North | Ring no answer or busy |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/21/2009 8:25:17 PM | 0 | 9726623474 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/21/2009 8:19:00 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/21/2009 7:58:15 PM | 0 | 8707031090 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/21/2009 6:17:17 PM | 0 | 9726623474 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/21/2009 5:01:27 PM | 0 | 9037925618 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/21/2009 4:57:39 PM | 0 | 9726623474 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/21/2009 4:55:40 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/21/2009 4:36:30 PM | 0 | 9726623474 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/21/2009 4:34:38 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/21/2009 4:33:02 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/21/2009 4:32:43 PM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/21/2009 4:17:23 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/21/2009 4:16:31 PM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/20/2009 8:26:09 PM | 0 | 8707726653 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/20/2009 8:25:18 PM | 0 | 9724732565 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/20/2009 8:24:19 PM | 0 | 9724734215 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/20/2009 8:06:53 PM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/20/2009 8:06:17 PM | 0 | 8707031090 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/20/2009 8:05:40 PM | 0 | 9726223474 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/20/2009 8:05:24 PM | 0 | 9726623474 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/20/2009 7:40:10 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/20/2009 5:59:14 PM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/20/2009 5:57:45 PM | 0 | 9726623474 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/20/2009 5:56:48 PM | 0 | 8707726653 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/20/2009 5:46:00 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/20/2009 5:43:29 PM | 0 | 2149463586 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/20/2009 5:40:25 PM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/20/2009 5:40:04 PM | 0 | 8707031090 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/20/2009 5:39:29 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/19/2009 6:28:39 PM | 0 | 9726623474 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/19/2009 6:21:15 PM | 0 | 8707031090 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/19/2009 6:20:53 PM | 0 | 8707031090 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/19/2009 6:05:28 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/19/2009 5:57:18 PM | 0 | 2149463586 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/19/2009 5:54:12 PM | 0 | 9726623474 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/19/2009 5:52:38 PM | 1 | 8707031090 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/19/2009 5:48:25 PM | 0 | 2149463586 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/19/2009 5:45:23 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/19/2009 5:45:01 PM | 0 | 9726623474 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/18/2009 11:34:21 PM | 0 | 9726223474 | North | VAC Requested Block |

00447

*** SENSITIVE-LIMITED OFFICIAL USE ***

Run Date : 06/08/2009
Run Time: 11:28:45

**Inmate Telephone System**

**Inmate Call Records**

Page  14  of 27

From: 09/01/2008 - 00:00:00
Thru: 06/08/2009 - 23:59:00

Terminal Making Request:  TXUN9570DC

User ID: dbarger

| Inmate Name | Inmate ID | Start Date/Time | Duration | Number Called | Init Facility | Completion Code |
|---|---|---|---|---|---|---|
| BROADNAX, JAMES GARDIELD | 2725502 | 1/18/2009 11:27:34 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/18/2009 11:24:40 PM | 1 | 8707031090 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/18/2009 11:22:31 PM | 2 | 8707031090 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/18/2009 7:26:11 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/18/2009 7:25:58 PM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/18/2009 7:25:44 PM | 0 | 9726223474 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/18/2009 7:25:23 PM | 0 | 9726223474 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/18/2009 7:24:37 PM | 0 | 8707726653 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/18/2009 7:19:51 PM | 2 | 8707031090 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/18/2009 4:01:16 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/18/2009 4:00:27 PM | 1 | 8707031090 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/18/2009 3:57:56 PM | 1 | 8707031090 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/18/2009 3:51:42 PM | 0 | 9726223474 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/18/2009 3:46:49 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/18/2009 3:45:02 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/18/2009 3:20:36 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/18/2009 3:19:16 PM | 0 | 8707726653 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/18/2009 3:09:48 PM | 2 | 9726223474 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/18/2009 3:09:06 PM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/18/2009 3:03:28 PM | 0 | 2149463586 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/18/2009 3:02:28 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/17/2009 11:40:10 PM | 0 | 2149463586 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/17/2009 11:39:31 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/17/2009 11:09:30 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/17/2009 6:41:48 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/17/2009 6:07:46 PM | 0 | 2149463586 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/17/2009 6:04:21 PM | 0 | 2149463586 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/17/2009 6:00:47 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/17/2009 5:54:55 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/17/2009 5:53:09 PM | 0 | 8707726653 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/17/2009 5:51:53 PM | 0 | 2149463586 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/17/2009 5:48:50 PM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/17/2009 5:48:26 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/17/2009 5:46:50 PM | 2 | 9726223474 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/17/2009 5:45:49 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/16/2009 5:53:20 PM | 1 | 9726223474 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/16/2009 5:52:09 PM | 1 | 9726223474 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/16/2009 5:41:09 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/16/2009 5:39:56 PM | 0 | 2149463586 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/16/2009 5:38:43 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/16/2009 5:33:47 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/15/2009 8:11:20 PM | 0 | 9726223474 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/15/2009 8:10:47 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/15/2009 8:10:31 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/15/2009 5:22:06 PM | 0 | 9726223474 | North | Call not accepted |

00448

*** SENSITIVE-LIMITED OFFICIAL USE ***

**Inmate Telephone System**

**Inmate Call Records**

Run Date : 06/08/2009

Run Time: 11:28:45

Page 15 of 27

From: 09/01/2008 - 00:00:00

Thru: 06/08/2009 - 23:59:00

Terminal Making Request: TXUN9570DC

User ID: dbarger

| Inmate Name | Inmate ID | Start Date/Time | Duration | Number Called | Jail Facility | Completion Code |
|---|---|---|---|---|---|---|
| BROADNAX, JAMES GARDIELD | 2725502 | 1/15/2009 5:20:26 PM | 2 | 9726223474 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/15/2009 5:05:02 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/15/2009 5:02:12 PM | 0 | 2149986676 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/15/2009 4:57:57 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/15/2009 2:00:12 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/15/2009 1:43:18 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/15/2009 1:42:24 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/13/2009 6:43:29 PM | 0 | 9726623474 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/13/2009 5:26:54 PM | 0 | 9726623474 | North | Ring no answer or busy |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/13/2009 5:26:06 PM | 0 | 9726623474 | North | Ring no answer or busy |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/13/2009 5:25:34 PM | 0 | 9726623474 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/13/2009 5:22:40 PM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/13/2009 5:22:25 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/12/2009 9:38:49 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/12/2009 9:23:32 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/12/2009 9:22:17 PM | 0 | 2149986676 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/12/2009 6:33:53 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/12/2009 6:32:32 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/11/2009 5:49:10 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/11/2009 5:44:07 PM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/11/2009 5:43:01 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/10/2009 6:03:48 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/9/2009 8:04:12 PM | 0 | 2149986676 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/9/2009 8:03:10 PM | 0 | 2149986676 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/9/2009 7:46:51 PM | 15 | 9726623474 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/8/2009 11:37:28 AM | 0 | 9726623474 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/8/2009 11:36:23 AM | 0 | 9726623474 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/8/2009 11:33:01 AM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/8/2009 11:31:39 AM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/7/2009 5:56:43 PM | 0 | 9726623474 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/7/2009 5:51:56 PM | 0 | 9726623474 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/7/2009 1:52:29 PM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/7/2009 1:50:28 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/7/2009 1:43:56 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/6/2009 7:39:22 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/5/2009 9:46:14 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/5/2009 9:45:18 PM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/5/2009 9:45:04 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/5/2009 11:26:08 AM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/5/2009 10:37:12 AM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/5/2009 10:36:06 AM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/4/2009 6:11:49 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/4/2009 6:10:40 PM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/4/2009 6:10:03 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/3/2009 11:28:52 PM | 15 | 2149986676 | North | Completed Call |

00449

\*\*\* SENSITIVE-LIMITED OFFICIAL USE \*\*\*

**Inmate Telephone System**

Run Date : 06/08/2009

Run Time: 11:28:45

**Inmate Call Records**

Page  16  of 27

From: 09/01/2008 - 00:00:00

Thru: 06/08/2009 - 23:59:00

Terminal Making Request: TXUN9570DC

User ID: dbarger

| Inmate Name | Inmate ID | Start Date Time | Duration | Number Called | Jail Facility | Completion Code |
|---|---|---|---|---|---|---|
| BROADNAX, JAMES GARDIELD | 2725502 | 1/3/2009 11:05:24 AM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/3/2009 11:03:53 AM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/3/2009 11:03:33 AM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/2/2009 2:48:30 PM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/2/2009 2:48:06 PM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/2/2009 2:47:51 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 1/2/2009 2:32:20 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/31/2008 2:57:52 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/31/2008 2:56:58 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/30/2008 10:55:21 PM | 7 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/28/2008 11:33:38 AM | 12 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/28/2008 11:26:23 AM | 0 | 2149986676 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/28/2008 11:08:47 AM | 0 | 2149986676 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/28/2008 11:08:10 AM | 0 | 2149986676 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/28/2008 11:07:37 AM | 0 | 2149986676 | North | Ring no answer or busy |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/26/2008 8:13:39 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/26/2008 7:43:23 PM | 0 | 2149463286 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/26/2008 7:31:42 PM | 12 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/26/2008 7:30:31 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/26/2008 7:30:20 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/25/2008 9:05:30 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/25/2008 9:00:13 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/24/2008 10:27:30 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/24/2008 10:27:15 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/24/2008 10:26:28 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/23/2008 10:27:13 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/23/2008 10:26:30 PM | 0 | 2149986676 | North | Ring no answer or busy |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/23/2008 10:26:15 PM | 0 | 2149986676 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/23/2008 10:25:59 PM | 0 | 2149986676 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/23/2008 10:14:59 PM | 0 | 2149986676 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/23/2008 9:57:22 PM | 0 | 2149986676 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/23/2008 9:56:51 PM | 0 | 2149986676 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/23/2008 9:45:50 PM | 0 | 2149986676 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/23/2008 9:42:39 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/23/2008 9:42:17 PM | 0 | 2149986676 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/23/2008 9:41:37 PM | 0 | 2149986676 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/21/2008 8:16:19 PM | 0 | 8707736653 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/20/2008 11:56:57 PM | 4 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/20/2008 7:48:00 PM | 9 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/20/2008 7:47:06 PM | 0 | 2149986676 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/20/2008 7:45:04 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/20/2008 7:29:36 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/20/2008 7:28:13 PM | 0 | 8707736653 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/19/2008 9:20:45 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/19/2008 9:17:56 PM | 0 | 8707736653 | North | Called Number is not on the |

00450

*** SENSITIVE-LIMITED OFFICIAL USE ***
## Inmate Telephone System
### Inmate Call Records

Run Date : 06/08/2009

Run Time: 11:28:45

Page 17 of 27

From: 09/01/2008 - 00:00:00

Thru: 06/08/2009 - 23:59:00

Terminal Making Request: TXUN9570DC

User ID: dbarger

| Inmate Name | Inmate ID | Start Date/Time | Duration | Number Called | Jail Facility | Completion Code |
|---|---|---|---|---|---|---|
| BROADNAX, JAMES GARDIELD | 2725502 | 12/19/2008 9:14:08 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/18/2008 8:39:49 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/18/2008 8:25:48 PM | 14 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/17/2008 8:36:10 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/17/2008 8:35:09 PM | 0 | 8707736653 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/17/2008 8:00:13 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/17/2008 7:53:12 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/16/2008 7:10:21 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/15/2008 10:07:06 PM | 5 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/14/2008 10:05:04 PM | 0 | 8707736653 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/14/2008 10:02:50 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/14/2008 10:01:29 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/14/2008 9:59:50 PM | 0 | 2149463286 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/14/2008 8:48:57 PM | 0 | 2149465655 | North | Ring no answer or busy |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/14/2008 8:48:33 PM | 0 | 2149465665 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/14/2008 8:47:55 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/14/2008 7:50:13 PM | 0 | 2149463286 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/14/2008 7:33:24 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/14/2008 7:32:22 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/14/2008 7:32:04 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/13/2008 9:00:49 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/13/2008 8:59:14 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/13/2008 8:50:38 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/13/2008 12:48:33 AM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/12/2008 10:03:43 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/12/2008 7:58:34 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/12/2008 7:56:40 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/12/2008 7:48:09 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/12/2008 6:34:16 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/12/2008 5:36:21 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/11/2008 7:32:25 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/11/2008 7:28:13 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/11/2008 6:55:55 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/11/2008 6:54:52 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/11/2008 6:54:14 PM | 0 | 2149463286 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/10/2008 7:39:21 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/10/2008 7:38:20 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/10/2008 6:06:25 PM | 0 | 2149986676 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/10/2008 5:56:47 PM | 8 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/8/2008 6:18:13 PM | 0 | 2149463866 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/8/2008 5:47:09 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/8/2008 5:44:10 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/8/2008 5:42:40 PM | 0 | 2149463286 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/8/2008 5:38:29 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/8/2008 5:18:54 PM | 0 | 8706393146 | North | Called Number is not on the |

00451

**\*\*\* SENSITIVE-LIMITED OFFICIAL USE \*\*\***

Run Date : 06/08/2009

**Inmate Telephone System**

Run Time: 11:28:45

**Inmate Call Records**

Page 18 of 27

From: 09/01/2008 - 00:00:00

Terminal Making Request: TXUN9570DC

Thru: 06/08/2009 - 23:59:00

User ID: dbarger

| Inmate Name | Inmate ID | Start Date/Time | Duration | Number Called | Jail Facility | Completion Code |
|---|---|---|---|---|---|---|
| BROADNAX, JAMES GARDIELD | 2725502 | 12/8/2008 2:40:59 PM | 14 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/8/2008 2:39:29 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/8/2008 2:37:49 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/7/2008 7:20:10 PM | 0 | 8707726653 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/7/2008 7:11:28 PM | 0 | 2149463286 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/7/2008 7:10:34 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/7/2008 7:09:43 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/6/2008 6:23:20 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/6/2008 6:09:28 PM | 13 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/6/2008 5:51:09 PM | 0 | 2149463286 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/6/2008 5:48:18 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/5/2008 9:42:37 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/5/2008 9:22:42 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/5/2008 9:06:22 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/5/2008 9:05:19 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/5/2008 9:04:19 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/4/2008 8:17:44 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/4/2008 8:08:23 PM | 0 | 2149463286 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/4/2008 8:00:45 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/4/2008 7:57:30 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/3/2008 9:15:57 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/3/2008 8:44:34 PM | 0 | 8707726653 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/3/2008 6:43:27 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/3/2008 6:42:33 PM | 0 | 2149986676 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/3/2008 6:41:06 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/3/2008 6:25:54 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/3/2008 6:08:57 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/3/2008 5:52:16 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/3/2008 5:29:53 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/2/2008 10:31:08 PM | 0 | 8707726653 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/2/2008 10:28:27 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/2/2008 10:27:25 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/2/2008 6:25:56 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/2/2008 6:24:59 PM | 0 | 2149986676 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/2/2008 6:15:11 PM | 0 | 8707736653 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/2/2008 6:13:48 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 12/2/2008 6:13:24 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/29/2008 6:32:59 PM | 0 | 2149463286 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/29/2008 6:28:38 PM | 0 | 2149468632 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/29/2008 6:25:42 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/29/2008 6:22:51 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/28/2008 7:12:34 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/28/2008 7:09:33 PM | 0 | 2149463286 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/28/2008 7:05:34 PM | 0 | 2149463286 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/28/2008 6:53:30 PM | 0 | 8707031009 | North | Carrier Blocked Called |

00452

*** SENSITIVE-LIMITED OFFICIAL USE ***
## Inmate Telephone System
### Inmate Call Records

Run Date : 06/08/2009

Run Time: 11:28:45

Page 19 of 27

From: 09/01/2008 - 00:00:00

Terminal Making Request: TXUN9570DC

Thru: 06/08/2009 - 23:59:00

User ID: dbarger

| Inmate Name | Inmate ID | Start Date Time | Duration | Number Called | Jail Facility | Completion Code |
|---|---|---|---|---|---|---|
| BROADNAX, JAMES GARDIELD | 2725502 | 11/27/2008 8:18:03 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/27/2008 6:02:56 PM | 0 | 2149463286 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/27/2008 6:01:34 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/27/2008 5:54:19 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/27/2008 5:53:39 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/27/2008 5:39:10 PM | 0 | 8707726653 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/27/2008 5:07:29 PM | 0 | 8707726653 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/27/2008 5:01:24 PM | 0 | 2149463286 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/27/2008 2:53:03 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/27/2008 2:21:22 PM | 0 | 2149463286 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/27/2008 2:04:51 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/27/2008 2:03:24 PM | 0 | 8707736653 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/27/2008 1:47:23 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/27/2008 1:45:52 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/27/2008 1:45:06 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/26/2008 9:54:26 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/26/2008 9:53:06 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/26/2008 9:50:51 PM | 0 | 2149463286 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/26/2008 9:50:36 PM | 0 | 2149463286 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/26/2008 9:49:21 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/26/2008 5:43:17 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/26/2008 5:43:02 PM | 0 | 8707726653 | North | Ring no answer or busy |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/26/2008 5:42:40 PM | 0 | 8707726653 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/26/2008 5:11:34 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/26/2008 4:20:34 PM | 0 | 2149463286 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/26/2008 4:19:22 PM | 0 | 2149463286 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/26/2008 4:01:00 PM | 0 | 2149463286 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/26/2008 3:59:59 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/25/2008 5:39:56 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/25/2008 5:20:16 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/25/2008 2:36:06 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/25/2008 2:34:52 PM | 0 | 2149465655 | North | Ring no answer or busy |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/25/2008 2:34:24 PM | 0 | 2149466556 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/25/2008 2:33:53 PM | 0 | 2149465565 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/25/2008 2:30:52 PM | 0 | 2149463286 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/25/2008 2:29:59 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/25/2008 2:19:09 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/25/2008 2:16:17 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/24/2008 3:46:01 PM | 0 | 2149463286 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/24/2008 3:40:59 PM | 5 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/24/2008 3:38:32 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/24/2008 11:32:13 AM | 0 | 2149463286 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/24/2008 11:31:10 AM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/24/2008 11:30:45 AM | 0 | 8707726653 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/24/2008 11:29:09 AM | 0 | 8706393146 | North | Called Number is not on the |

00453

*** SENSITIVE-LIMITED OFFICIAL USE ***

Run Date : 06/08/2009

**Inmate Telephone System**

Run Time: 11:28:45

**Inmate Call Records**

Page 20 of 27

From: 09/01/2008 - 00:00:00

Thru: 06/08/2009 - 23:59:00

Terminal Making Request: TXUN9570DC

User ID: dbarger

| Inmate Name | Inmate ID | Start Date/Time | Duration | Number Called | Jail Facility | Completion Code |
|---|---|---|---|---|---|---|
| BROADNAX, JAMES GARDIELD | 2725502 | 11/24/2008 11:28:17 AM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/23/2008 5:55:01 PM | 0 | 2149463286 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/23/2008 5:53:10 PM | 0 | 2149463286 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/23/2008 5:52:26 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/23/2008 5:37:35 PM | 0 | 8707726653 | North | Ring no answer or busy |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/23/2008 5:37:15 PM | 0 | 8707736653 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/23/2008 5:36:56 PM | 0 | 8707726653 | North | Ring no answer or busy |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/23/2008 5:36:30 PM | 0 | 8707726653 | North | Ring no answer or busy |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/23/2008 4:34:06 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/23/2008 4:17:00 PM | 0 | 9037925685 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/23/2008 4:01:20 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/23/2008 3:22:21 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/23/2008 3:18:19 PM | 0 | 2149986676 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/23/2008 3:17:26 PM | 0 | 2149986676 | North | Ring no answer or busy |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/23/2008 3:14:56 PM | 0 | 2149463286 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/23/2008 3:13:06 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/22/2008 5:17:20 PM | 0 | 2149463286 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/22/2008 5:11:43 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/22/2008 5:10:58 PM | 0 | 2149463286 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/22/2008 5:10:20 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/22/2008 5:09:59 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/22/2008 4:48:17 PM | 0 | 9037925682 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/22/2008 4:28:50 PM | 0 | 8707736653 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/22/2008 4:12:11 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/22/2008 4:01:58 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/22/2008 11:33:59 AM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/22/2008 11:18:05 AM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/22/2008 11:04:02 AM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/20/2008 3:53:51 PM | 10 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/20/2008 3:34:49 PM | 0 | 2149465655 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/20/2008 3:34:04 PM | 0 | 2149465565 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/20/2008 3:28:27 PM | 6 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/20/2008 3:24:16 PM | 4 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/20/2008 3:13:29 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/20/2008 12:51:49 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/20/2008 12:51:30 PM | 0 | 2149463286 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/20/2008 12:34:31 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/20/2008 12:30:16 PM | 0 | 8707726653 | North | Ring no answer or busy |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/20/2008 12:27:18 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/19/2008 4:11:26 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/19/2008 1:52:59 PM | 5 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/19/2008 1:46:18 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/19/2008 1:45:41 PM | 0 | 8707726653 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/19/2008 9:34:57 AM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/19/2008 9:33:25 AM | 0 | 2149463286 | North | Carrier Blocked Called |

00454

*** SENSITIVE-LIMITED OFFICIAL USE ***

## Inmate Telephone System
## Inmate Call Records

Run Date : 06/08/2009

Run Time: 11:28:45

Page  21  of 27

Terminal Making Request: TXUN9570DC

User ID: dbarger

From: 09/01/2008 - 00:00:00

Thru: 06/08/2009 - 23:59:00

| Inmate Name | Inmate ID | Start Date/Time | Duration | Number Called | Jail Facility | Completion Code |
|---|---|---|---|---|---|---|
| BROADNAX, JAMES GARDIELD | 2725502 | 11/19/2008 9:33:00 AM | 0 | 8707726653 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/19/2008 9:29:03 AM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/19/2008 9:27:39 AM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/18/2008 3:35:56 PM | 0 | 2149463286 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/18/2008 3:35:39 PM | 0 | 2149468632 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/18/2008 3:35:11 PM | 0 | 2149463286 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/18/2008 3:34:53 PM | 0 | 8707726653 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/18/2008 3:16:08 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/18/2008 3:05:36 PM | 0 | 8707736653 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/18/2008 2:42:28 PM | 0 | 2149463288 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/18/2008 2:42:06 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/18/2008 2:20:40 PM | 0 | 2149466528 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/18/2008 2:06:55 PM | 0 | 8707736653 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/18/2008 2:06:31 PM | 0 | 2149465655 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/18/2008 1:50:41 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/18/2008 1:49:37 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/18/2008 1:49:23 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/18/2008 1:49:08 PM | 0 | 8707726653 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/18/2008 12:12:16 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/15/2008 10:14:38 PM | 0 | 8707726653 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/15/2008 10:11:11 PM | 0 | 8707736532 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/15/2008 10:10:27 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/14/2008 8:53:45 PM | 0 | 8707031009 | North | Insufficient Funds |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/14/2008 8:27:24 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/14/2008 8:22:52 PM | 0 | 8707736653 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/14/2008 8:21:22 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/14/2008 8:18:20 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/14/2008 8:18:04 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/14/2008 8:05:02 PM | 0 | 8707726653 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/14/2008 9:55:02 AM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/14/2008 9:49:39 AM | 3 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/14/2008 9:47:51 AM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/14/2008 9:00:58 AM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/14/2008 8:59:07 AM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/14/2008 8:56:05 AM | 0 | 8707726653 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/14/2008 8:44:20 AM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/14/2008 8:44:03 AM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/13/2008 10:25:26 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/12/2008 10:46:12 PM | 0 | 8707736653 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/12/2008 10:45:22 PM | 0 | 8707736653 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/12/2008 10:39:04 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/12/2008 10:38:12 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/11/2008 10:25:51 PM | 0 | 8707736653 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/11/2008 10:25:28 PM | 0 | 8707726653 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/11/2008 10:04:17 PM | 0 | 8707736653 | North | Called Number is not on the |

00455

*** SENSITIVE-LIMITED OFFICIAL USE ***

Run Date : 06/08/2009

Inmate Telephone System

Run Time: 11:28:45

Inmate Call Records

Page  22  of 27

From: 09/01/2008 - 00:00:00

Thru: 06/08/2009 - 23:59:00

Terminal Making Request: TXUN9570DC

User ID: dbarger

| Inmate Name | Inmate ID | Start Date/Time | Duration | Number Called | Jail Facility | Completion Code |
|---|---|---|---|---|---|---|
| BROADNAX, JAMES GARDIELD | 2725502 | 11/11/2008 8:52:41 PM | 0 | 8707726653 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/11/2008 8:20:59 PM | 0 | 8707736653 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/11/2008 8:19:54 PM | 0 | 8707736653 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/11/2008 7:39:50 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/11/2008 7:39:28 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/11/2008 6:20:09 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/10/2008 11:17:28 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/10/2008 11:17:08 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/10/2008 7:49:22 AM | 0 | 2149465632 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/10/2008 7:48:50 AM | 0 | 9032753562 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/10/2008 7:47:44 AM | 0 | 8707735628 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/9/2008 9:48:57 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/9/2008 8:45:24 PM | 0 | 8707736653 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/9/2008 6:41:09 PM | 0 | 8707739548 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/9/2008 6:39:59 PM | 0 | 2149463852 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/9/2008 6:39:29 PM | 0 | 2149463852 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/9/2008 6:22:49 PM | 0 | 8707726653 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/9/2008 5:59:33 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/9/2008 5:59:10 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/8/2008 6:42:24 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/8/2008 6:39:40 PM | 0 | 8702925638 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/8/2008 6:39:21 PM | 0 | 8705652798 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/8/2008 6:38:58 PM | 0 | 8707726653 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/8/2008 6:11:44 PM | 0 | 8707736653 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/8/2008 6:11:21 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/8/2008 6:11:02 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/7/2008 6:54:17 PM | 0 | 8707736653 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/7/2008 6:35:04 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/7/2008 6:33:30 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/7/2008 6:15:07 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/7/2008 5:52:16 PM | 0 | 8707736653 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/7/2008 5:35:08 PM | 0 | 8707735326 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/6/2008 8:35:27 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/6/2008 8:01:32 PM | 0 | 8707721009 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/6/2008 7:35:33 PM | 0 | 8707736653 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/5/2008 6:10:39 PM | 0 | 8707736653 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/5/2008 5:58:25 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/5/2008 5:58:04 PM | 0 | 8707726653 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/5/2008 5:41:53 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/4/2008 10:11:39 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/4/2008 9:04:11 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/4/2008 8:52:10 PM | 0 | 2149466556 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/4/2008 8:18:26 PM | 0 | 8707736653 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/4/2008 7:22:34 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/4/2008 7:21:59 PM | 0 | 8707726653 | North | Call not accepted |

00456

*** SENSITIVE-LIMITED OFFICIAL USE ***

Run Date : 06/08/2009

Inmate Telephone System

Run Time: 11:28:45

Inmate Call Records

Page  23  of 27

From: 09/01/2008  -  00:00:00

Thru: 06/08/2009  -  23:59:00

Terminal Making Request: TXUN9570DC

User ID: dbarger

| Inmate Name | Inmate ID | Start Date/Time | Duration | Number Called | Jail Facility | Completion Code |
|---|---|---|---|---|---|---|
| BROADNAX, JAMES GARDIELD | 2725502 | 11/4/2008 6:51:34 PM | 0 | 8707726653 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/4/2008 6:48:24 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/4/2008 6:45:36 PM | 0 | 8707736653 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/3/2008 11:49:51 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/3/2008 7:50:59 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/3/2008 2:40:37 PM | 0 | 8707726653 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/3/2008 2:34:50 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/3/2008 2:34:25 PM | 0 | 2149463286 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/3/2008 2:33:34 PM | 0 | 2149465565 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/3/2008 2:32:58 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/3/2008 2:32:28 PM | 0 | 8707736653 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/3/2008 2:15:46 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/3/2008 2:00:34 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/3/2008 1:52:13 PM | 0 | 8707736653 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/3/2008 1:42:28 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/3/2008 1:40:58 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/3/2008 1:01:10 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/3/2008 12:16:51 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/3/2008 12:13:30 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/3/2008 10:32:04 AM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/3/2008 10:23:41 AM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/2/2008 10:57:40 PM | 0 | 2149465532 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/2/2008 10:56:09 PM | 0 | 2149465565 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/2/2008 10:32:25 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/2/2008 10:23:39 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/2/2008 10:23:18 PM | 0 | 2149468632 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/2/2008 10:05:08 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/2/2008 8:37:38 PM | 0 | 2149465556 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/2/2008 8:36:18 PM | 0 | 2149465565 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/2/2008 8:36:02 PM | 0 | 2149465665 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/2/2008 8:33:24 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/2/2008 8:32:46 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/1/2008 5:39:04 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/1/2008 5:34:01 PM | 0 | 8707736653 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/1/2008 5:33:28 PM | 0 | 2149465565 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/1/2008 5:33:12 PM | 0 | 2149465566 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/1/2008 5:32:55 PM | 0 | 2149465556 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/1/2008 5:32:14 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 11/1/2008 5:31:52 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/30/2008 6:58:03 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/30/2008 6:57:04 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/30/2008 6:56:45 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/29/2008 3:15:31 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/29/2008 3:14:39 PM | 0 | 8707736653 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/29/2008 3:14:21 PM | 0 | 8706393146 | North | Called Number is not on the |

00457

*** SENSITIVE-LIMITED OFFICIAL USE ***
**Inmate Telephone System**
**Inmate Call Records**

Run Date : 06/08/2009

Run Time: 11:28:45

Page 24 of 27

From: 09/01/2008 - 00:00:00

Thru: 06/08/2009 - 23:59:00

Terminal Making Request: TXUN9570DC

User ID: dbarger

| Inmate Name | Inmate ID | Start Date/Time | Duration | Number Called | Jail Facility | Completion Code |
|---|---|---|---|---|---|---|
| BROADNAX, JAMES GARDIELD | 2725502 | 10/29/2008 3:12:59 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/28/2008 7:59:58 PM | 6 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/28/2008 7:11:22 PM | 1 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/28/2008 7:09:50 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/28/2008 7:09:34 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/27/2008 2:07:03 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/27/2008 1:42:33 PM | 0 | 8707725946 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/27/2008 1:36:12 PM | 0 | 8707736653 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/27/2008 1:35:48 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/27/2008 1:35:29 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/25/2008 8:09:40 PM | 1 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/25/2008 8:00:09 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/25/2008 7:00:41 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/25/2008 7:00:09 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/24/2008 5:55:05 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/24/2008 5:54:33 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/24/2008 5:32:56 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/24/2008 5:31:40 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/22/2008 11:30:32 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/22/2008 11:16:50 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/19/2008 10:34:36 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/19/2008 10:32:30 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/19/2008 8:26:42 PM | 1 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/19/2008 8:24:19 PM | 1 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/19/2008 8:22:59 PM | 0 | 2149986676 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/19/2008 8:12:47 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/19/2008 8:12:30 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/16/2008 11:19:42 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/16/2008 5:40:51 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/16/2008 5:37:38 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/16/2008 5:23:31 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/16/2008 5:23:01 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/14/2008 10:50:14 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/14/2008 10:42:04 PM | 0 | 2149465655 | North | Ring no answer or busy |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/14/2008 10:41:38 PM | 0 | 2149465628 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/14/2008 10:33:19 PM | 0 | 8707725946 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/14/2008 10:20:46 PM | 0 | 8702925929 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/14/2008 10:20:26 PM | 0 | 8707736653 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/14/2008 10:14:07 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/14/2008 10:13:31 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/13/2008 9:28:27 PM | 14 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/13/2008 9:27:17 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/13/2008 9:22:09 PM | 0 | 8707031009 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/13/2008 9:21:52 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/12/2008 6:54:13 PM | 0 | 8707031009 | North | Carrier Blocked Called |

00458

**\*\*\* SENSITIVE-LIMITED OFFICIAL USE \*\*\***

Run Date : 06/08/2009

**Inmate Telephone System**

Run Time: 11:28:45

**Inmate Call Records**

Page 25 of 27

From: 09/01/2008 - 00:00:00

Terminal Making Request: TXUN9570DC

Thru: 06/08/2009 - 23:59:00

User ID: dbarger

| Inmate Name | Inmate ID | Start Date/Time | Duration | Number Called | Jail Facility | Completion Code |
|---|---|---|---|---|---|---|
| BROADNAX, JAMES GARDIELD | 2725502 | 10/12/2008 6:53:59 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/12/2008 6:13:04 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/12/2008 5:21:54 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/12/2008 5:20:28 PM | 1 | 8707031009 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/12/2008 5:05:23 PM | 2 | 8707031009 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/12/2008 5:04:36 PM | 0 | 8707736653 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/12/2008 5:00:00 PM | 2 | 8707031009 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/12/2008 4:59:20 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/11/2008 11:15:01 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/10/2008 7:33:25 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/10/2008 7:17:17 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/9/2008 6:39:35 PM | 0 | 2149986676 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/9/2008 6:36:45 PM | 0 | 2149986676 | North | Exceeded wait time for |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/9/2008 6:26:58 PM | 0 | 2149986676 | North | Exceeded wait time for |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/9/2008 6:20:07 PM | 0 | 2149986676 | North | Exceeded wait time for |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/9/2008 6:13:58 PM | 0 | 2149986676 | North | Exceeded wait time for |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/9/2008 6:11:45 PM | 0 | 2149986676 | North | Exceeded wait time for |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/9/2008 6:07:25 PM | 0 | 2149986676 | North | Exceeded wait time for |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/9/2008 6:02:56 PM | 0 | 8707736653 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/9/2008 6:02:14 PM | 0 | 2149986676 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/9/2008 6:01:41 PM | 0 | 2149986676 | North | Exceeded wait time for |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/9/2008 6:00:47 PM | 0 | 2149986676 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/9/2008 6:00:00 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/8/2008 5:00:32 PM | 0 | 2149986676 | North | Ring no answer or busy |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/8/2008 4:59:38 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/8/2008 4:58:28 PM | 0 | 8706393146 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/8/2008 4:57:29 PM | 0 | 2149463286 | North | Ring no answer or busy |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/8/2008 4:56:55 PM | 0 | 8707736653 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/8/2008 4:56:14 PM | 0 | 8707778898 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/8/2008 4:55:32 PM | 0 | 8707726653 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/8/2008 4:54:19 PM | 0 | 8707735946 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/8/2008 4:53:37 PM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/8/2008 4:29:54 PM | 0 | 8702925929 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/8/2008 4:28:43 PM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/8/2008 4:26:02 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/8/2008 4:25:36 PM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/7/2008 9:37:53 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/7/2008 9:10:40 PM | 0 | 8702925929 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/7/2008 9:09:30 PM | 1 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/7/2008 9:08:09 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/7/2008 9:07:51 PM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/6/2008 4:30:07 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/6/2008 4:26:43 PM | 0 | 2149986676 | North | Ring no answer or busy |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/6/2008 4:25:30 PM | 0 | 2145653869 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/6/2008 4:24:58 PM | 0 | 8707736653 | North | Carrier Blocked Called |

00459

*** SENSITIVE-LIMITED OFFICIAL USE ***

**Inmate Telephone System**

**Inmate Call Records**

Run Date : 06/08/2009

Run Time: 11:28:45

Page 26 of 27

From: 09/01/2008 - 00:00:00

Thru: 06/08/2009 - 23:59:00

Terminal Making Request: TXUN9570DC

User ID: dbarger

| Inmate Name | Inmate ID | Start Date/Time | Duration | Number Called | Jail Facility | Completion Code |
|---|---|---|---|---|---|---|
| BROADNAX, JAMES GARDIELD | 2725502 | 10/6/2008 3:39:37 PM | 2 | 2148021427 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/6/2008 3:38:22 PM | 1 | 2148375553 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/6/2008 3:36:37 PM | 0 | 8702922959 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/6/2008 3:36:01 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/6/2008 3:35:40 PM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/5/2008 10:20:05 PM | 0 | 8702925929 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/5/2008 10:17:18 PM | 2 | 8707031009 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/5/2008 10:16:32 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/5/2008 10:15:16 PM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/2/2008 6:31:07 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/2/2008 6:28:01 PM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/1/2008 3:58:02 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/1/2008 3:35:06 PM | 15 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 10/1/2008 3:33:53 PM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 9/29/2008 4:00:25 PM | 0 | 4178769001 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 9/29/2008 3:59:29 PM | 0 | 4178769001 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 9/29/2008 3:57:42 PM | 0 | 4178764894 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 9/29/2008 3:56:38 PM | 0 | 2146508881 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 9/26/2008 4:01:02 PM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 9/26/2008 4:00:31 PM | 0 | 2149465655 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 9/24/2008 4:28:50 PM | 15 | 2149463286 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 9/24/2008 4:27:28 PM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 9/24/2008 4:26:58 PM | 0 | 2149986676 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 9/23/2008 4:06:10 PM | 0 | 2149465655 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 9/23/2008 4:04:59 PM | 0 | 2149465655 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 9/23/2008 3:25:49 PM | 1 | 2143848178 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 9/23/2008 3:24:09 PM | 0 | 2149465655 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 9/23/2008 3:21:13 PM | 0 | 2149465655 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 9/19/2008 7:38:48 PM | 0 | 9722869845 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 9/19/2008 7:29:31 PM | 0 | 2145651035 | North | Called Number is not on the |
| BROADNAX, JAMES GARDIELD | 2725502 | 9/17/2008 5:58:38 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 9/17/2008 5:58:07 PM | 0 | 8706393146 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 9/17/2008 5:57:42 PM | 0 | 2149986676 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 9/17/2008 5:57:18 PM | 0 | 2149986676 | North | VAC Requested Block |
| BROADNAX, JAMES GARDIELD | 2725502 | 9/17/2008 5:57:04 PM | 0 | 2149463286 | North | Ring no answer or busy |
| BROADNAX, JAMES GARDIELD | 2725502 | 9/17/2008 5:55:08 PM | 0 | 2149463286 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 9/17/2008 5:53:54 PM | 0 | 8706393146 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 9/17/2008 5:53:24 PM | 0 | 2149986676 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 9/16/2008 9:58:03 PM | 1 | 8706393146 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 9/16/2008 9:55:47 PM | 2 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 9/16/2008 9:31:11 PM | 1 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 9/16/2008 9:30:15 PM | 0 | 2149986676 | North | Call not accepted |
| BROADNAX, JAMES GARDIELD | 2725502 | 9/16/2008 9:07:36 PM | 1 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 9/16/2008 9:03:08 PM | 1 | 8706393146 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 9/16/2008 9:01:23 PM | 2 | 2149986676 | North | Completed Call |

00460

*** SENSITIVE-LIMITED OFFICIAL USE ***

Run Date : 06/08/2009

**Inmate Telephone System**

Run Time: 11:28:45

**Inmate Call Records**

Page  27  of 27

From: 09/01/2008  -  00:00:00

Terminal Making Request: TXUN9570DC

Thru: 06/08/2009  -  23:59:00

User ID:  dbarger

| Inmate Name | Inmate ID | Start Date/Time | Duration | Number Called | Jail Facility | Completion Code |
|---|---|---|---|---|---|---|
| BROADNAX, JAMES GARDIELD | 2725502 | 9/16/2008 8:35:49 PM | 1 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 9/16/2008 8:29:59 PM | 0 | 8707736653 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 9/16/2008 8:29:33 PM | 1 | 8706393146 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 9/16/2008 8:28:52 PM | 1 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 9/16/2008 8:28:07 PM | 0 | 5016795866 | North | Carrier Blocked Called |
| BROADNAX, JAMES GARDIELD | 2725502 | 9/16/2008 8:22:00 PM | 1 | 8706393146 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 9/16/2008 8:17:05 PM | 1 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 9/16/2008 8:16:28 PM | 0 | 2149986676 | North | Insufficient Funds |
| BROADNAX, JAMES GARDIELD | 2725502 | 9/16/2008 6:19:18 PM | 1 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 9/16/2008 6:13:04 PM | 1 | 8706393146 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 9/16/2008 6:09:44 PM | 1 | 8706393146 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 9/16/2008 6:08:46 PM | 1 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 9/16/2008 6:07:59 PM | 0 | 2149986676 | North | Insufficient Funds |
| BROADNAX, JAMES GARDIELD | 2725502 | 9/16/2008 6:07:11 PM | 1 | 2149986676 | North | Completed Call |
| BROADNAX, JAMES GARDIELD | 2725502 | 9/15/2008 7:48:06 PM | 0 | 2145990783 | North | Insufficient Funds |

**Total Calls :**      1183

00461

Cause No. F08-24667-Y

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | DALLAS COUNTY, TEXAS |
| | § | |
| JAMES BROADNAX | § | CRIMINAL COURT # 7 |

## REPLY TO STATE'S RESPONSE TO MOTIONS TO QUASH MEDIA SUBPOENAS OF NON-PARTY SHAUN RABB

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Shaun Rabb ("Rabb") non-party in the foregoing matter and files this Reply to State's Response to Motions to Quash Media Subpoenas and would respectfully show the Court the following:

### I.
### Introduction

There is no doubt that the newly enacted reporter's privilege applies to this case and this type of case is an example of why the reporter's privilege was enacted. When there are multiple sources of the same information and when a videotape of the entire exchange between a reporter and a criminal defendant have been produced to the State, there is no basis for needing a reporter to come to testify. In fact, in this instance, it is only the reporters who have been imposed with the burden of being sworn in to testify more than seven weeks prior to any pretrial hearing in the case. No other witnesses have been sworn in, and the State has done nothing to obtain information from alternative sources. With a **unanimous vote in favor of a reporter's privilege by both Chambers of the Texas Legislature**[1] this session, the lawmakers spoke with conviction on this issue -- the scales had been tipped too far for too long against reporters. The

---

[1] *See* Exhibit 1 attached hereto – pages from the House and Senate Journal indicating unanimous passage of HB 670 (the Texas Free Flow of Information Act).

00462

time has come for a framework to be established for court's to use in balancing interests when determining whether a reporter should be forced to testify (especially after willingly giving up his raw footage). And, in setting forth that framework, the Legislature adopted a heightened standard for the subpoenaing party to show **by clear and specific evidence**[2] that the information it was seeking was both *central* to the investigation or prosecution of a crime, and that all reasonable efforts to obtain the information from alternative sources had been exhausted. *See* Sec. 5(a)(1) & (2)(B)of Act of May 13, 2009, 81st Leg. R.S., H.B. 670 (to be codified at Tex. Code of Crim. Proc. arts. 38.11 and 38.111). The State has, not only failed to meet this burden, but they have flagrantly disregarded the need to seek any alternative sources and have not established by clear and specific evidence that somehow the reporter's testimony is central to the prosecution – more so than the entire self-authenticating videotape it already possesses.[3] In fact, under the newly enacted statute, any order compelling testimony, production or disclosure to which a journalist has asserted a privileged must include clear and specific findings as to the showing made by the person seeking the testimony, production, or disclosure, and the clear and specific evidence on which the Court relied in issuing the Court's order. *See* Art. 38.11, Sec. 6. The State has made no such showing.

---

[2] The clear and specific standard was taken from *Channel Two Television Co. v. Dickerson*, 725 S.W.2d 470 (Tex. App. [Hou. – 1st Dist.] 1987, no writ), relying on the standard employed by the Second Circuit in *U.S. v. Burke*, 700 F.2d 70, 76, 77 (2d Cir. 1983), *cert. denied*, 464 U.S. 816, 104 S. Ct. 72, 78 L.Ed.2d 85 (1983) and *In re Petroleum Products Antitrust Litigation*, 680 F.2d 5, 7-8 (2d Cir. 1982)(per curiam), *cert. denied*, 459 U.S. 909, 103 S. Ct. 215, 74 L.Ed.2d 171 (1982), the D.C. Circuit in *Zerilli v. Smith*, 656 F.2d 705, 713-715 (D.C. Cir. 1981), and the 10th Circuit in *Silkwood v. Kerr-McGee Corp.*, 563 F.2d 433, 438 (10th Cir. 1977).

[3] The State admits that as to CBS (newsreporter – Steve Pickett), NBC (newsreporter – Ellen Goldberg) and Fox (newsreporter Shaun Rabb), it has a complete and unredacted copy of the video-recorded interviews. *See* State's Response, p. 1 (second para.).

<u>Reply to State's Response to Motions to Quash Media Subpoenas</u> - Page 2 of 12

00463

## II.

### The Statutory Reporter's Privilege Clearly Applies to this Case.

**A.      Distinction Between Testimonial and Work Product Privilege Are Clear and Admitted by the State.**

In its own papers, the State admits that "The statute affords a journalist two types of privilege. The first protects against compelled testimony; the second protects against compelled disclosure or production." *See* State's Response, p. 2 (last para.). The State cannot, on the one hand, recognize this dichotomy, and then, on the other hand ignore it.   The dichotomy of testifying and producing is drawn over and over in the statute. Throughout the Act, it refers to two different issues: "to testify regarding or to produce or disclose any information, document, or item." *See, e.g.,* Act, Art. 38.11, Sec. 3, Sec. 4(a),(c), Sec. 5(a), 5(b), 6, and 7.

In the Section relied upon by the State to attempt to circumvent the application of the privilege, the State ignores the fact that the exact provision in the statute refers to materials prepared for publication.   In other words, it refers only to tangible items.   "Information, document or item" are terms of art throughout the Act which refer to work product. In addition, section 3, by its own terms, only applies to information gathered prior to the date of the Act but not to the reporter and the reporter's testimony. The express terms of the section state "This Act only applies *to* information, documents or items ... prepared for publication .. on or after the effective date of this Act." The State urges the Court to read in two new words in the Section and assume the Legislature meant to say "This Act only applies *if* the information document or items *were* prepared after.." That is not how the statute reads nor is it what was intended.

The express terms of the criminal privilege itself require there to be a presumption *in favor of the journalist,* and the statute spells out two separate actions when it distinguishes the journalist testifying from the journalist producing information, documents, or items. *See* Sec. 3.

00464

Courts must follow the plain language in the statute. *See Boykin v. State,* 818 S.W.2d 782, 785 (Tex. Crim. App. 1991); *State v. Johnson,* 198 S.W.3d 795 (Tex. Crim. App. 2007). Further, the fact that all of Section 5 deals with work product – "unpublished information, document, or items" is self-evident that materials obtained by a reporter are treated differently than testimony to be given. All of the materials obtained by Rabb have been produced almost a year ago. There is no need and no basis for forcing him to testify in light of the newly enacted privilege, the common law requirements of relevancy and materiality, and the plethora of alternative sources for the same information.

**B.     The Section Relied On By the State Is Not A Substantive Part of the Law.**

The original basis for denying Rabb's Motion to Quash was a misplaced reliance on a nonsubstantive portion of the newly enacted reporter's privilege. By the very fact that it is not underlined, as the rules of both the House and the Senate require of substantive law changes or new enactments, relegates it in the minds of the Legislature to procedure. *See, e.g.,* Senate Rule 7.10. Further, the State incorrectly refers to Section 3 as the "enabling provision." The term "enabling provision" has no meaning in the law or in legislative parlance. There is an enabling clause at the beginning of each bill which is required by the Texas Constitution. To elevate Section 3 to anything more than a ministerial measure, is to not understand statutory construction. Finally, the State cannot read anything further into the clear limitation to information, documents, or items or sources of documents, information or items referenced in this section. The plain language indicates that it is only referring to work product, i.e. materials "produced", prior to the date of the Act.

<u>Reply to State's Response to Motions to Quash Media Subpoenas</u> - Page 4 of 12

00465

III.

## Defendant's Filing of a Motion to Suppress Does Not Necessitate the Reporter's Testimony

A full explanation of how the interview between Rabb and Broadnax came to be is contained in Rabb's affidavit attached hereto as Exhibit 2. Rabb followed the procedures set forth in the Dallas County Sheriff's Office Media Guidelines. *See* Exhibit 2, para. 6-8; *see also,* Exhibit 2(A). An interview request was faxed to Ms. Kimberlee Leach, the Public Information Officer, for the Dallas County Sheriff's Office. When the interview request was granted, Rabb went to the jail at the time designated by the Sheriff's Department. He asked for Ms. Leach when he arrived, and Ms. Leach was present during the entire interview between Rabb and Broadnax. *See* Exhibit 2, para. 4.[4] Further, the jailer who brought Broadnax to the interview room also stood behind Broadnax during the entire interview. *Id.* at para. 5. Therefore, both Leach and the jailer would be alternative sources of information concerning the interview at hand. And, the State has not exhausted either of those reasonable alternative sources.

In the State's Response, it argues that the reporter's testimony is needed because the Defendant has filed a Motion to Suppress alleging that the statements were "involuntary and the result of inducement, pressure and coercion by law enforcement agents."[5] The statements made to Rabb fall under Texas Rule of Evidence 803(24) as statements against interest and are inadmissible unless corroborating circumstances clearly indicate the trustworthiness of the statements. In addition to the videotape evidence, the two other people present during the interview can certainly testify about such trustworthiness. Further, to the extent there is an allegation that somehow Rabb was acting as an agent of the State, this is completely misplaced.

---

[4] In fact, Leach stayed with Rabb throughout his entire time at the jail. *Id.* at para. 7.

[5] The State misguides the Court by claiming that Tex,. Code Crim. Proc. art. 38.22 sec. 6 specifies that it has the burden of proof on this issue. Section 6 addresses findings that must be made by the Court.

Reply to State's Response to Motions to Quash Media Subpoenas - Page 5 of 12

00466

First, the allegation is presented merely as a speculation on the part of the State and cannot serve as the basis for a subpoena. *See* Art. 38.11, Sec. 5(b)(4). Second, whether a reporter is acting as an agent of the State would be determined by whether the government or State had entered into an arrangement with the journalist. No such arrangement was made. *See* Exhibit 2, para. 9. Third, the State's witnesses can testify on this issue.

In his affidavit, Rabb specifies the steps that he took to obtain the interview including the fact that he followed the procedures required by the Dallas County Sheriff's Office. *See* Exhibit 2(A). In conducting the interview with Broadnax, Rabb was pursuing his professional employment and acting as an agent for KDFW FOX 4. *See* Exhibit 2, para. 9. This is similar to the reporter in *State v. Hernandez*, 842 S.W.2d 306 (Tex. App. – San Antonio 1993, pet. ref'd), a case in which the Court expressly rejected the theory that a reporter was acting as the agent of the State. Like the reporter in the *Hernandez* case, Rabb is an aggressive television reporter pursuing his professional employment. He was not involved in law enforcement or employed by any State agency. *See* Exhibit 2, para. 9. Similarly, Rabb decided on his own to seek the interview with the criminal defendant. In *Hernandez*, the Court considered these factors and held "it would be difficult to attribute [the reporter's] activities to the State. He was a self-initiated informant who had no arrangement with the State and was at no time subject to the control of the State." The Court found the reporter was clearly acting on his own in eliciting statements from the inmate. *Id.* at 316. Rabb is in exactly the same position.

Furthermore, the requirements of Code of Criminal Procedure art. 38.22 do not come into play unless there is a custodial interrogation and those can only be conducted by law enforcement or unless the person to whom the statements are made is acting pursuant to a police practice. *See Paez v. State*, 681 S.W.2d 34, 37 (Tex. Crim. App. 1984)(Article 38.22 does not

00467.

apply to non-law enforcement personnel who are not state agents); *see also, Macias v. State*, 733 S.W.2d 192, 195 (Tex. Crim. App. 1987), *cert. denied,* 484 U.S. 107, 108 S.Ct. 1059 (1988); *Lipps v. State,* 254 Ind. 141, 258 N.E.2d 622, 627 (1970)(fact that newsreporter spoke to police prior to interview with inmate does not make him an agent of the police). Neither is the case with the Rabb interview of Broadnax. *See* Exhibit 2, para. 9.

Finally, the question of agency is never settled by the alleged agent. The agent cannot bestow the office of agent on him or herself. It is well settled law that the conduct of the alleged principal determines whether an agency relationship exists. *See Zarzana v. Ashley,* 218 S.W.3d 152 (Tex. App. – Hou. [14th Dist.] 2007, pet. stricken). Both actual and apparent authority are created through the conduct of the principal communicated either to the agent (actual authority) or to a third party (apparent authority). *Huynh v. Nguyen,* 180 S.W.3d 608, 622-23 (Tex. App. – Hou. [14th Dist.] 2005, no pet.). To determine apparent authority, only the conduct of the principal may be considered; representations made by the agent of his authority have no effect. *Id.* at 623; *see also, Morey v. Page,* 802 S.W.2d 779, 784 (Tex. App. – Dallas 1990, no writ). Given the foregoing, it is the State witnesses who need to take the stand and testify – since they are the alleged principals, and not Rabb (the alleged agent) because his actions are not dispositive of the issue of agency.

## IV.
## The State Has Not Met Its Burden Of Proof

The State must establish by clear and specific evidence that it has exhausted all alternative sources for the information it is seeking and that the information is *critical and necessary* to its prosecution of Broadnax. The State has offered no evidence, let alone clear and specific evidence, of why Rabb's complete interview with Broadnax is not sufficient for its purposes. Rabb has sworn this was his only exchange with the criminal defendant and that the

00468

entire interview was captured on the videotape that was willingly produced to the State almost a year ago. *See* Exhibit 2, para. 2, 3, and 8. Not only is the videotape itself an alternative source of information, but it is the best evidence as provided by Texas Rule of Evidence 1002. Furthermore, there are additional alternative sources of information concerning the interview that took place, including the Dallas Sheriff's Department Public Information Officer, Kimberlee Leach, who was present for the entire interview, and the Jailer who stood behind Broadnax during the entire interaction as well. *Id.*, para. 4-5, 7. In addition, Rabb's interview was not the first of the interviews -- three other reporters interviewed Broadnax in jail the same day Rabb conducted his interview. Thus, there is no clear and specific evidence as to why Rabb's testimony is critical and necessary to the prosecution of Broadnax above and beyond the other testimony available from multiple alternative sources.

Most recently, the State claims it wants Rabb's testimony for purposes of discussing the physical and mental condition of Broadnax at the time of the interview. The State argues that "the movants *may have observed* aspects of the defendant's appearance and demeanor that are not reflected on film." Such speculative bases are not sufficient to haul a reporter into court to testify pursuant to Sec. 5(b)(4) of the Act:

> The court, when considering an order to compel testimony regarding ...should consider the following factors, including but not limited to whether: ...
> (4) the subpoena or compulsory process is being used to obtain peripheral, nonessential, or **speculative** information.

(emphasis added). The video speaks for itself as to Broadnax's physical state, and the two other individuals present can also testify about said condition. And, to the extent, the State is trying to get Rabb to testify as to Broadnax's state of mind, the best evidence of Broadnax's state of mind during the interview is the taped interview itself. *See* Tex. R. Evid. 1002, 1003; *Overton v. State*, 409 S.W.2d 556, 559 (Tex. Crim. App. – 1973)(best evidence to prove the contents of

<u>Reply to State's Response to Motions to Quash Media Subpoenas</u> - Page 8 of 12

00469

documents concerning a robbery was the documents themselves because they were much more reliable, complete and accurate than an employee's description thereof); *see also, Ramsey v. Jones v. Enterprises*, 810 S.W.2d 902 (Tex. App.--Beaumont 1991, writ denied)(documents are best evidence; oral testimony about same is inadmissible). Rabb cannot recall every detail regarding an interview that took place almost a year ago. His testimony on this issue would be far more speculative and far less reliable than the videotape of the interview itself. The interview is already available to the Court and the jury, and Rabb's testimony concerning same would be inadmissible. Furthermore, there is also no basis for compelling Rabb to testify about the mental impressions he may have formed during his interview with Broadnax. Nor are those mental impressions admissible. Whatever opinion Rabb has formed is subject to objection of invading the province of the jury and irrelevant, and not admissible as an opinion by a non expert. Rabb's speculative testimony concerning Broadnax's state of mind, based on his imperfect recollection, would be highly prejudicial, misleading and confusing. Tex. R. Evid. 403 (relevant evidence should be excluded if its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence."). In sum, the State has not met its burden of proof to compel the testimony of Rabb.

## V.
## The State's Actions are Premature and Procedurally Flawed

The State prematurely subpoenaed Rabb (and the other journalists) to appear seven weeks prior to any pretrial hearing – with no explanation as to why these alleged witnesses were being treated any differently than others. In fact, it does not appear that any other witnesses have been sworn in at this juncture. Thus, there was no issue at the time of the subpoena and there is no issue now to which Rabb can testify because no issue has been drawn.

<u>Reply to State's Response to Motions to Quash Media Subpoenas</u> - Page 9 of 12

00470

Furthermore, Article 38.11, Sec. 4(d) clearly requires the elected District Attorney to sign all criminal subpoenas to journalists. It is not limited to confidential source subpoenas as suggested by the State. There are no such limiting words concerning the issuance of criminal subpoenas and such words cannot be read into the statute. The provision is taken directly from the Department of Justice Guidelines, 28 C.F.R. sec. 50.10, a copy of which is attached as Exhibit 3. The plain language and the intent of the statute was to require the elected District Attorney to sign all subpoenas issued to the media by the State. This has not happened herein.

Finally, the State has not presented any evidence, let alone clear and specific evidence, that it needs Rabb's testimony to prosecute Broadnax and cannot get the same information elsewhere. The State is attempting to do an end-run around the newly established reporter's privilege. An application for a subpoena alone (and Rabb's subpoena did not even state that the witness' testimony was material to the case) will never be sufficient to overcome the reporter's privilege no matter how much the State wants the testimony, and that is what the State is attempting to do in this case.

## VI.
## CONCLUSION

There is nothing material that Rabb can add to the case at hand. His testimony is not needed to authenticate the tape[6], and the tape encompasses his entire conversation and only conversation with Broadnax. *See* Exhibit 2, para. 8. At a minimum, Kimberlee Leach, Public Information Officer for the Dallas Sheriff's Department, and the Jailer who brought Broadnax to the interview were also present and can testify about the interview. Thus, it is clear that Rabb's testimony would merely be cumulative of others, and, as such, would not be material under the new statutory privilege or under Article 24.03 of the Texas Code of Criminal Procedure. In fact,

---

[6] *See* Tex. Code Crim. Proc. art. 38.111.

Reply to State's Response to Motions to Quash Media Subpoenas - Page 10 of 12

00471

Rabb's testimony would likely be inadmissible under Rule 403 — permitting exclusion on the grounds that it would be a "needless presentation of cumulative evidence." *See Coleman v. State*, 966 S.W.2d 525, 528 (reporter's knowledge was duplicative and the subpoena was properly quashed); *see also, State v. Lyon*, 19 Med. L. Rptr. 2153 (Dallas Crim. Dist. Ct. 1991)(notes taken by reporters at press conference held by murder defendant and his attorney are not necessary or critical to maintenance of prosecution); *see also, Campbell v. Klevenhagen*, 760 F. Supp. 1206, 18 Med. L. Rptr. 2113 (S.D. Tex. 1991)(reporter was not required to disclose his confidential source in a murder trial where evidence sought from reporter was speculative, hearsay, and cumulative).   For all of the foregoing reasons, Rabb should not be compelled to testify in the foregoing case, and his Supplemental Motion to Quash and Motion to Reconsider should be granted.

WHEREFORE PREMISES CONSIDERED, Movant Shaun Rabb hereby requests that this motion be set for hearing, and that upon such hearing the Court reconsider and vacate its prior ruling and (1) grant this motion; (2) quash the trial subpoena for Shaun Rabb; (3) enter a protective order; and (4) grant such other and further relief to which Rabb may be justly entitled.

Respectfully Submitted,

SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: _____
Laura Lee Prather
Texas State Bar No. 16234200
919 Congress Avenue, Suite 1250
Austin, Texas 78701-3656
Tel.: (512) 481-8400
Fax.: (512) 481-8444


**ATTORNEYS FOR SHAUN RABB**

00472

## CERTIFICATE OF SERVICE

This is to certify that the foregoing document was served on all counsel of record via hand delivery on __12th__ day of June 2009.

Laura Lee Prather

00473

# EXHIBIT 1

00474

1044          81st LEGISLATURE — REGULAR SESSION

The following memorial resolutions were laid before the house:

**HR 965** (by Riddle), In memory of Lawrence Edward Fogarty of Bellville.

**HR 966** was withdrawn.

**HR 989** (by Sheffield), In memory of John Fullerton Sammons of Temple.

**HR 995** (by Edwards), In memory of Harold Benjamin Moore of Houston.

**HR 998** (by Geren), In memory of Billy Eugene "Sarge" Cook of Dallas.

**HR 1028** (by Morrison), In memory of Mary Katherine Welhausen Borchers of Victoria.

**HR 1034** (by Cohen and Hochberg), Honoring the life of Eleanor Whilden Tinsley of Houston.

**HCR 128** (by Homer), In memory of Mike Freewith of Paris.

**HCR 129** (by Homer), In memory of Clyde Helms of Paris.

**HCR 130** (by Homer), In memory of Elbert Patrick "Pat" Barbee of Paris, Texas.

**HCR 131** (by Homer), In memory of William C. "Dub" Hill, Jr.

**HCR 132** (by Homer), In memory of Mary Ammons Fisher of Paris.

The resolutions were unanimously adopted by a rising vote.

(Speaker in the chair)

### HR 1193 - ADOPTED
### (by McReynolds)

Representative McReynolds moved to suspend all necessary rules to take up and consider at this time **HR 1193.**

The motion prevailed.

The following resolution was laid before the house:

**HR 1193**, Congratulating the Honorable Delwin L. Jones on the occasion of his birthday.

**HR 1193** was read and was adopted.

On motion of Representative Kent, the names of all the members of the house were added to HR 1193 as signers thereof.

### MAJOR STATE CALENDAR
### HOUSE BILLS
### THIRD READING

The following bills were laid before the house and read third time:

### HB 670 ON THIRD READING
### (by Martinez Fischer, Pitts, Gallego, Berman, Lucio, et al.)

**HB 670**, A bill to be entitled An Act relating to a qualified privilege of a journalist not to testify.

**EXHIBIT**

_/_

00475

Case 3:15-cv-01758-N    Document 38-7    Filed 06/28/16    Page 35 of 100    PageID 1102

**Amendment No. 1**

Representative Martinez Fischer offered the following amendment to **HB 670**:

Amend **HB 670**, second reading engrossment, on page 10, by striking lines 13-23 and substituting the following:

(c) Notwithstanding Section 3(b), if the information, document, or item was disclosed or received in violation of a grand jury oath given to either a juror or a witness under Article 19.34 or 20.16, a journalist may be compelled to testify if the person seeking the testimony, production, or disclosure makes a clear and specific showing that the subpoenaing party has exhausted reasonable efforts to obtain from alternative sources the confidential source of any information, document, or item obtained. In this context, the court has the discretion to conduct an in camera hearing. The court may not order the production of the confidential source until a ruling has been made on the motion.

Amendment No. 1 was adopted.

**HB 670**, as amended, was passed by (Record 91): 146 Yeas, 0 Nays, 1 Present, not voting.

Yeas — Allen; Alvarado; Anchia; Anderson; Aycock; Berman; Bohac; Bolton; Bonnen; Branch; Brown, B.; Brown, F.; Burnam; Button; Callegari; Castro; Chavez; Chisum; Christian; Cohen; Coleman; Cook; Corte; Crabb; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, Y.; Deshotel; Driver; Dukes; Dunnam; Dutton; Edwards; Eiland; Eissler; Elkins; England; Farabee; Farias; Farrar; Fletcher; Flores; Flynn; Frost; Gallego; Geren; Giddings; Gonzales; Gonzalez Toureilles; Guillen; Gutierrez; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Heflin; Hernandez; Herrero; Hilderbran; Hochberg; Hodge; Homer; Hopson; Howard, C.; Howard, D.; Hughes; Hunter; Isett; Jackson; Jones; Keffer; Kent; King, P.; King, S.; Kleinschmidt; Kolkhorst; Kuempel; Laubenberg; Legler; Leibowitz; Lewis; Lucio; Madden; Maldonado; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McCall; McClendon; McReynolds; Menendez; Merritt; Miklos; Miller, D.; Miller, S.; Moody; Morrison; Naishtat; Oliveira; Olivo; Orr; Ortiz; Otto; Parker; Patrick; Paxton; Peña; Phillips; Pickett; Pierson; Pitts; Quintanilla; Raymond; Riddle; Rios Ybarra; Ritter; Rodriguez; Rose; Sheffield; Shelton; Smith, T.; Smith, W.; Smithee; Solomons; Strama; Swinford; Taylor; Thibaut; Thompson; Truitt; Turner, C.; Turner, S.; Vaught; Veasey; Villarreal; Vo; Walle; Weber; Woolley; Zerwas.

Present, not voting — Mr. Speaker(C).

Absent, Excused — Alonzo; Gattis; King, T.

**GENERAL STATE CALENDAR**
**HOUSE BILLS**
**THIRD READING**

The following bills were laid before the house and read third time:

00476

THIS PAGE INTENTIONALLY LEFT BLANK

00477

professional staff an opportunity overnight to make sure any amendments passed on second reading are technically correct.

/s/Jeff Wentworth
Senator, District 25

The bill was read third time and was passed by the following vote: Yeas 26, Nays 5.

Yeas: Averitt, Carona, Davis, Deuell, Duncan, Ellis, Eltife, Estes, Gallegos, Harris, Hegar, Hinojosa, Huffman, Jackson, Lucio, Nelson, Ogden, Shapiro, Shapleigh, Uresti, Van de Putte, Watson, Wentworth, West, Whitmire, Zaffirini.

Nays: Fraser, Nichols, Patrick, Seliger, Williams.

## COMMITTEE SUBSTITUTE
## HOUSE BILL 670 ON SECOND READING

On motion of Senator Ellis and by unanimous consent, the regular order of business was suspended to take up for consideration **CSHB 670** at this time on its second reading:

**CSHB 670,** Relating to a qualified privilege of a journalist not to testify.

The bill was read second time.

Senator Williams offered the following amendment to the bill:

## Floor Amendment No. 1

Amend **CSHB 670** (Senate committee printing) as follows:

(1) In SECTION 1 of the bill, following added Section 22.027, Civil Practice and Remedies Code (page 3, between lines 24 and 25), insert the following:

Sec. 22.28. PUBLICATION OR DISTRIBUTION OF CONFIDENTIAL INFORMATION BY NEWS MEDIUM. (a) A news medium that distributes a report from a journalist that uses a confidential source for any information must publish and distribute one of the following two disclaimers in conjunction with the report:

(1) "This news report relies on a confidential source and contains confidential information. The name of the confidential source will not be voluntarily disclosed by the journalist. The journalist relying on this confidential source and the news medium distributing this information have NOT checked out the accuracy of this information and make no warranties as to truthfulness of the confidential source or the accuracy of any information obtained from the confidential source."; or

(2) "This news report relies on a confidential source and contains confidential information. The name of the confidential source will not be voluntarily disclosed by the journalist. The journalist relying on this confidential source and the news medium distributing this information have checked and CONFIRMED the accuracy of this information and stand by the truthfulness of the confidential source and the accuracy of all information obtained from the confidential source."

(2) Strike the recital for SECTION 2 of the bill (page 3, lines 25-26), and substitute the following:

Chapter 38, Code of Criminal Procedure, is amended by adding Articles 38.11, 38.111, and 38.112 to read as follows:

(3) In SECTION 2 of the bill, following added Article 38.111, Code of Criminal Procedure (page 6, between lines 34 and 35), insert the following:

Art. 38.112. PUBLICATION OR DISTRIBUTION OF CONFIDENTIAL INFORMATION BY NEWS MEDIUM. (a) A news medium that distributes a report from a journalist that uses a confidential source for any information must publish and distribute one of the following two disclaimers in conjunction with the report:

(1) "This news report relies on a confidential source and contains confidential information. The name of the confidential source will not be voluntarily disclosed by the journalist. The journalist relying on this confidential source and the news medium distributing this information have NOT checked out the accuracy of this information and make no warranties as to truthfulness of the confidential source or the accuracy of any information obtained from the confidential source."; or

(2) "This news report relies on a confidential source and contains confidential information. The name of the confidential source will not be voluntarily disclosed by the journalist. The journalist relying on this confidential source and the news medium distributing this information have checked and CONFIRMED the accuracy of this information and stand by the truthfulness of the confidential source and the accuracy of all information obtained from the confidential source."

The amendment to **CSHB 670** was read.

Senator Duncan moved to table Floor Amendment No. 1.

Senator Duncan withdrew the motion to table Floor Amendment No. 1.

Senator Williams withdrew Floor Amendment No. 1.

**CSHB 670** was passed to third reading by a viva voce vote.

All Members are deemed to have voted "Yea" on the passage to third reading.

### COMMITTEE SUBSTITUTE
### HOUSE BILL 670 ON THIRD READING

Senator Ellis moved that Senate Rule 7.18 and the Constitutional Rule requiring bills to be read on three several days be suspended and that **CSHB 670** be placed on its third reading and final passage.

The motion prevailed by the following vote: Yeas 30, Nays 1.

Nays: Wentworth.

#### Reason for Vote

Senator Wentworth submitted the following reason for vote on suspension of the Constitutional Three-day Rule:

I cast a "No" vote on the procedural motion to suspend the Constitutional Rule requiring that bills be read on three several days in order to take up and consider **CSHB 670**, because in my judgment no circumstance exists in this case to justify the extraordinary act of suspending a requirement of the Texas Constitution. The suspension of this Constitutional Rule has the direct and immediate effect of denying the people of Texas knowledge and notice of the passage of this measure until it has already been finally passed on third reading. Were we to have followed the requirement of the Texas Constitution, third reading and a vote on **CSHB 670** would

00479

Case 3:15-cv-01758-N    Document 38-7    Filed 06/28/16    Page 39 of 100    PageID 1106

have occurred on the next legislative day, allowing for Texans to have learned through news reports of our second reading vote exactly what we had tentatively passed. Third reading and a vote on the next legislative day would also have allowed our professional staff an opportunity overnight to make sure any amendments passed on second reading are technically correct.

/s/Jeff Wentworth
Senator, District 25

The bill was read third time and was passed by the following vote: Yeas 31, Nays 0.

## COMMITTEE SUBSTITUTE
## SENATE BILL 1492 ON SECOND READING

On motion of Senator Williams and by unanimous consent, the regular order of business was suspended to take up for consideration CSSB 1492 at this time on its second reading:

CSSB 1492, Relating to the delay of retail electric competition in the areas of the state covered by the Southeastern Electric Reliability Council and to the recovery of certain transmission costs by electric utilities in those areas.

The bill was read second time.

Senator Ogden offered the following amendment to the bill;

**Floor Amendment No. 1**

Amend CSSB 1492 (Senate committee printing) as follows:

(1) In SECTION 2 of the bill, on page 2, line 7, after "Subsection (f)." insert "If after the expiration of four years from the time the commission certifies a power region under Subsection (f), and after notice and a hearing, the commission determines consistent with the study required by Section 38.073 that the electric utility cannot comply with that section, it shall consider approving a plan under Subsection (g)."

(2) Add appropriately numbered SECTIONS to the bill to read as follows and renumber subsequent SECTIONS of the bill appropriately:

SECTION ____. Subchapter D, Chapter 38, Utilities Code, is amended by adding Section 38.073 to read as follows:

Sec. 38.073. AUTHORITY OF COMMISSION DURING AN EMERGENCY. (a) On a declaration of a natural disaster or other emergency by the governor, the commission may require an electric utility, municipally owned utility, electric cooperative, qualifying facility, power generation company, exempt wholesale generator, or power marketer to sell electricity to an electric utility, municipally owned utility, or electric cooperative that is unable to supply power to meet customer demand due to the natural disaster or other emergency. Any plant, property, equipment, or other items used to receive or deliver electricity under this subsection are used and useful in delivering service to the public, and the commission shall allow timely recovery for the costs of those items. The commission may order an electric utility, municipally owned utility, or electric cooperative to provide interconnection service to another electric utility, municipally owned utility, or electric cooperative to facilitate a

THIS PAGE INTENTIONALLY LEFT BLANK

00481

# HOUSE JOURNAL

## EIGHTY-FIRST LEGISLATURE, REGULAR SESSION

### PROCEEDINGS

SIXTIETH DAY — THURSDAY, APRIL 30, 2009

The house met at 3:45 p.m. and was called to order by the speaker pro tempore.

The roll of the house was called and a quorum was announced present (Record 410).

Present — Mr. Speaker; Allen; Alonzo; Alvarado; Anchia; Anderson; Aycock; Berman; Bohac; Bolton; Bonnen; Branch; Brown, B.; Brown, F.; Burnam; Button; Callegari; Castro; Chavez; Chisum; Christian; Cohen; Coleman; Cook; Crabb; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, Y.; Deshotel; Driver; Dukes; Dunnam; Dutton; Edwards; Eiland; Eissler; Elkins; England; Farabee; Farias; Farrar; Fletcher; Flores; Flynn; Frost; Gallego; Gattis; Geren; Giddings; Gonzales; Gonzalez Toureilles; Guillen; Gutierrez; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Heflin; Hernandez; Herrero; Hilderbran; Hochberg; Hodge; Homer; Hopson; Howard, C.; Howard, D.; Hughes; Hunter; Isett; Jackson; Jones; Keffer; Kent; King, P.; King, S.; King, T.; Kleinschmidt; Kolkhorst; Kuempel; Laubenberg; Legler; Leibowitz; Lewis; Lucio; Madden; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McCall; McClendon; McReynolds; Menendez; Merritt; Miklos; Miller, D.; Miller, S.; Moody; Morrison; Naishtat; Oliveira; Olivo; Orr; Ortiz; Otto; Parker; Patrick; Paxton; Peña; Phillips; Pickett; Pierson; Pitts; Quintanilla; Raymond; Riddle; Rios Ybarra; Ritter; Rodriguez; Rose; Sheffield; Shelton; Smith, T.; Smith, W.; Smithee; Solomons; Strama; Swinford; Taylor; Thibaut; Thompson; Truitt; Turner, C.; Turner, S.; Vaught; Veasey; Villarreal; Vo; Walle; Weber; Woolley; Zerwas.

Absent, Excused — Corte; Maldonado.

### LEAVES OF ABSENCE GRANTED

On motion of Representative Y. Davis and by unanimous consent, all members who were granted leaves of absence on the previous legislative day were granted leaves for this legislative day.

### HB 4765 - COMMITTEE ON CALENDARS RULE ADOPTED

Pursuant to Rule 3, Section 5(2) and Rule 6, Section 16(f) of the House Rules, Representative McCall moved to adopt the following rule governing floor consideration of **HB 4765**:

a) All original amendments that will be offered during second reading consideration of **HB 4765** must be filed with the chief clerk not later than 6 p.m. on Friday, May 1.

b) Any amendment to **HB 4765** is not in order unless the amendment is revenue neutral. For purposes of this rule, revenue neutral means that the total cost of the bill may not exceed $172,123,000 for the 2010-11 biennium and that there are no other additional costs in any other biennium.

c) For the purposes of this rule, the fiscal impact of an amendment will be determined based on estimates provided by the Legislative Budget Board and the Office of the Comptroller.

d) This rule does not apply to an amendment that makes an adjustment solely to correct a technical or clerical error.

The motion to adopt the Committee on Calendars rule prevailed.

### COMMITTEE GRANTED PERMISSION TO MEET

Representative Oliveira requested permission for the Committee on Ways and Means to meet while the house is in session, at 4:30 p.m. today, in 3W.15, for a formal meeting, to consider pending business.

Permission to meet was granted.

(Speaker in the chair)

### HB 670 - HOUSE CONCURS IN SENATE AMENDMENTS
### TEXT OF SENATE AMENDMENTS

Representative Martinez Fischer called up with senate amendments for consideration at this time,

**HB 670**, A bill to be entitled An Act relating to a qualified privilege of a journalist not to testify.

Representative Martinez Fischer moved to concur in the senate amendments to **HB 670**.

The motion to concur in the senate amendments to **HB 670** prevailed by (Record 411): 146 Yeas, 0 Nays, 1 Present, not voting.

Yeas — Allen; Alonzo; Alvarado; Anchia; Anderson; Aycock; Berman; Bohac; Bolton; Bonnen; Branch; Brown, B.; Brown, F.; Burnam; Button; Callegari; Castro; Chavez; Chisum; Christian; Cohen; Coleman; Cook; Crabb; Craddick; Creighton; Crownover; Darby; Davis, J.; Davis, Y.; Deshotel; Driver; Dukes; Dunnam; Dutton; Edwards; Eiland; Eissler; Elkins; England; Farabee; Farias; Farrar; Fletcher; Flores; Flynn; Frost; Gallego; Gattis; Geren; Giddings; Gonzales; Gonzalez Toureilles; Guillen; Gutierrez; Hamilton; Hancock; Hardcastle; Harless; Harper-Brown; Hartnett; Heflin; Hernandez; Herrero; Hilderbran; Hochberg; Hodge; Homer; Hopson; Howard, D.; Hughes; Hunter; Isett; Jackson; Jones; Keffer; Kent; King, P.; King, S.; King, T.; Kleinschmidt; Kolkhorst; Kuempel; Laubenberg; Legler; Leibowitz; Lewis; Lucio; Madden; Mallory Caraway; Marquez; Martinez; Martinez Fischer; McCall; McClendon; McReynolds; Menendez; Merritt; Miklos; Miller, D.; Miller, S.; Moody; Morrison; Naishtat; Oliveira; Olivo; Orr; Ortiz; Otto; Parker; Patrick; Paxton; Peña; Phillips; Pickett; Pierson; Pitts; Quintanilla; Raymond; Riddle; Rios Ybarra; Ritter; Rodriguez; Rose; Sheffield; Shelton; Smith, T.; Smith, W.;

Smithee; Solomons; Strama; Swinford; Taylor; Thibaut; Thompson; Truitt; Turner, C.; Turner, S.; Vaught; Veasey; Villarreal; Vo; Walle; Weber; Woolley; Zerwas.

Present, not voting — Mr. Speaker(C).

Absent, Excused — Corte; Maldonado.

Absent — Howard, C.

**Senate Committee Substitute**

CSHB 670, A bill to be entitled An Act relating to a qualified privilege of a journalist not to testify.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

SECTION 1. Chapter 22, Civil Practice and Remedies Code, is amended by adding Subchapter C to read as follows:

SUBCHAPTER C. JOURNALIST'S QUALIFIED TESTIMONIAL PRIVILEGE IN CIVIL PROCEEDINGS

Sec. 22.021. DEFINITIONS. In this subchapter:

(1) "Communication service provider" means a person or the parent, subsidiary, division, or affiliate of a person who transmits information chosen by a customer by electronic means, including:

(A) a telecommunications carrier, as defined by Section 3, Communications Act of 1934 (47 U.S.C. Section 153);

(B) a provider of information service, as defined by Section 3, Communications Act of 1934 (47 U.S.C. Section 153);

(C) a provider of interactive computer service, as defined by Section 230, Communications Act of 1934 (47 U.S.C. Section 230); and

(D) an information content provider, as defined by Section 230, Communications Act of 1934 (47 U.S.C. Section 230).

(2) "Journalist" means a person, including a parent, subsidiary, division, or affiliate of a person, who for a substantial portion of the person's livelihood or for substantial financial gain, gathers, compiles, prepares, collects, photographs, records, writes, edits, reports, investigates, processes, or publishes news or information that is disseminated by a news medium or communication service provider and includes:

(A) a person who supervises or assists in gathering, preparing, and disseminating the news or information; or

(B) notwithstanding the foregoing, a person who is or was a journalist, scholar, or researcher employed by an institution of higher education at the time the person obtained or prepared the requested information, or a person who at the time the person obtained or prepared the requested information:

(i) is earning a significant portion of the person's livelihood by obtaining or preparing information for dissemination by a news medium or communication service provider; or

(ii) was serving as an agent, assistant, employee, or supervisor of a news medium or communication service provider.

00484

2162        81st LEGISLATURE — REGULAR SESSION

(3)  "News medium" means a newspaper, magazine or periodical, book publisher, news agency, wire service, radio or television station or network, cable, satellite, or other transmission system or carrier or channel, or a channel or programming service for a station, network, system, or carrier, or an audio or audiovisual production company or Internet company or provider, or the parent, subsidiary, division, or affiliate of that entity, that disseminates news or information to the public by any means, including:

(A)  print;

(B)  television;

(C)  radio;

(D)  photographic;

(E)  mechanical;

(F)  electronic; and

(G)  other means, known or unknown, that are accessible to the public.

(4)  "Official proceeding" means any type of administrative, executive, legislative, or judicial proceeding that may be conducted before a public servant, including a proceeding under Rule 202, Texas Rules of Civil Procedure.

(5)  "Public servant" means a person elected, selected, appointed, employed, or otherwise designated as one of the following, even if the person has not yet qualified for office or assumed the person's duties:

(A)  an officer, employee, or agent of government;

(B)  a juror;

(C)  an arbitrator, referee, or other person who is authorized by law or private written agreement to hear or determine a cause or controversy;

(D)  an attorney or notary public when participating in the performance of a governmental function; or

(E)  a person who is performing a governmental function under a claim of right, although the person is not legally qualified to do so.

Sec. 22.022.  PURPOSE.  The purpose of this subchapter is to increase the free flow of information and preserve a free and active press and, at the same time, protect the right of the public to effective law enforcement and the fair administration of justice.

Sec. 22.023.  PRIVILEGE.  (a)  Except as otherwise provided by this subchapter, a judicial, legislative, administrative, or other body with the authority to issue a subpoena or other compulsory process may not compel a journalist to testify regarding or to produce or disclose in an official proceeding:

(1)  any confidential or nonconfidential information, document, or item obtained or prepared while acting as a journalist; or

(2)  the source of any information, document, or item described by Subdivision (1).

(b)  A subpoena or other compulsory process may not compel the parent, subsidiary, division, or affiliate of a communication service provider or news medium to disclose the information, documents, or items or the source of any information, documents, or items that are privileged from disclosure under Subsection (a).

00485

Sec. 22.024. LIMITED DISCLOSURE GENERALLY. After notice and an opportunity to be heard, a court may compel a journalist, a journalist's employer, or a person with an independent contract with a journalist to testify regarding or to produce or disclose any information, document, or item or the source of any information, document, or item obtained while acting as a journalist, if the person seeking the information, document, or item or the source of any information, document, or item makes a clear and specific showing that:

(1) all reasonable efforts have been exhausted to obtain the information from alternative sources;

(2) the subpoena is not overbroad, unreasonable, or oppressive and, when appropriate, will be limited to the verification of published information and the surrounding circumstances relating to the accuracy of the published information;

(3) reasonable and timely notice was given of the demand for the information, document, or item;

(4) in this instance, the interest of the party subpoenaing the information outweighs the public interest in gathering and dissemination of news, including the concerns of the journalist;

(5) the subpoena or compulsory process is not being used to obtain peripheral, nonessential, or speculative information; and

(6) the information, document, or item is relevant and material to the proper administration of the official proceeding for which the testimony, production, or disclosure is sought and is essential to the maintenance of a claim or defense of the person seeking the testimony, production, or disclosure.

Sec. 22.025. NOTICE. An order to compel testimony, production, or disclosure to which a journalist has asserted a privilege under this subchapter may be issued only after timely notice to the journalist, the journalist's employer, or a person who has an independent contract with the journalist and a hearing. The order must include clear and specific findings as to the showing made by the person seeking the testimony, production, or disclosure and the clear and specific evidence on which the court relied in issuing the court's order.

Sec. 22.026. PUBLICATION OF PRIVILEGED INFORMATION. Publication or dissemination by a news medium or communication service provider of information, documents, or items privileged under this subchapter is not a waiver of the journalist's privilege.

Sec. 22.027. NEWS MEDIA RECORDINGS. Extrinsic evidence of the authenticity of evidence as a condition precedent to the admissibility of the evidence in a civil proceeding is not required with respect to a recording that purports to be a broadcast by a radio or television station that holds a license issued by the Federal Communications Commission at the time of the recording. The court may take judicial notice of the recording license as provided by Rule 201, Texas Rules of Evidence.

SECTION 2. Chapter 38, Code of Criminal Procedure, is amended by adding Articles 38.11 and 38.111 to read as follows:

Art. 38.11. JOURNALIST'S QUALIFIED TESTIMONIAL PRIVILEGE IN CRIMINAL PROCEEDINGS

00486

2164        81st LEGISLATURE — REGULAR SESSION

Sec. 1. DEFINITIONS. In this article:

(1) "Communication service provider" means a person or the parent, subsidiary, division, or affiliate of a person who transmits information chosen by a customer by electronic means, including:

(A) a telecommunications carrier, as defined by Section 3, Communications Act of 1934 (47 U.S.C. Section 153);

(B) a provider of information service, as defined by Section 3, Communications Act of 1934 (47 U.S.C. Section 153);

(C) a provider of interactive computer service, as defined by Section 230, Communications Act of 1934 (47 U.S.C. Section 230); and

(D) an information content provider, as defined by Section 230, Communications Act of 1934 (47 U.S.C. Section 230).

(2) "Journalist" means a person, including a parent, subsidiary, division, or affiliate of a person, who for a substantial portion of the person's livelihood or for substantial financial gain, gathers, compiles, prepares, collects, photographs, records, writes, edits, reports, investigates, processes, or publishes news or information that is disseminated by a news medium or communication service provider and includes:

(A) a person who supervises or assists in gathering, preparing, and disseminating the news or information; or

(B) notwithstanding the foregoing, a person who is or was a journalist, scholar, or researcher employed by an institution of higher education at the time the person obtained or prepared the requested information, or a person who at the time the person obtained or prepared the requested information:

(i) is earning a significant portion of the person's livelihood by obtaining or preparing information for dissemination by a news medium or communication service provider; or

(ii) was serving as an agent, assistant, employee, or supervisor of a news medium or communication service provider.

(3) "News medium" means a newspaper, magazine or periodical, book publisher, news agency, wire service, radio or television station or network, cable, satellite, or other transmission system or carrier or channel, or a channel or programming service for a station, network, system, or carrier, or an audio or audiovisual production company or Internet company or provider, or the parent, subsidiary, division, or affiliate of that entity, that disseminates news or information to the public by any means, including:

(A) print;
(B) television;
(C) radio;
(D) photographic;
(E) mechanical;
(F) electronic; and
(G) other means, known or unknown, that are accessible to the public.

(4) "Official proceeding" means any type of administrative, executive, legislative, or judicial proceeding that may be conducted before a public servant.

(5) "Public servant" means a person elected, selected, appointed, employed, or otherwise designated as one of the following, even if the person has not yet qualified for office or assumed the person's duties:

(A) an officer, employee, or agent of government;

(B) a juror or grand juror;

(C) an arbitrator, referee, or other person who is authorized by law or private written agreement to hear or determine a cause or controversy;

(D) an attorney or notary public when participating in the performance of a governmental function; or

(E) a person who is performing a governmental function under a claim of right, although the person is not legally qualified to do so.

Sec. 2. PURPOSE. The purpose of this article is to increase the free flow of information and preserve a free and active press and, at the same time, protect the right of the public to effective law enforcement and the fair administration of justice.

Sec. 3. PRIVILEGE. (a) Except as otherwise provided by this article, a judicial, legislative, administrative, or other body with the authority to issue a subpoena or other compulsory process may not compel a journalist to testify regarding or to produce or disclose in an official proceeding:

(1) any confidential or nonconfidential unpublished information, document, or item obtained or prepared while acting as a journalist; or

(2) the source of any information, document, or item described by Subdivision (1).

(b) A subpoena or other compulsory process may not compel the parent, subsidiary, division, or affiliate of a communication service provider or news medium to disclose the unpublished information, documents, or items or the source of any information, documents, or items that are privileged from disclosure under Subsection (a).

Sec. 4. PRIVILEGE CONCERNING CONFIDENTIAL SOURCES. (a) A journalist may be compelled to testify regarding or to disclose the confidential source of any information, document, or item obtained while acting as a journalist if the person seeking the testimony, production, or disclosure makes a clear and specific showing that the source of any information, document, or item:

(1) was observed by the journalist committing a felony criminal offense and the subpoenaing party has exhausted reasonable efforts to obtain from alternative sources the confidential source of any information, document, or item obtained or prepared while acting as a journalist;

(2) is a person who confessed or admitted to the journalist the commission of a felony criminal offense and the subpoenaing party has exhausted reasonable efforts to obtain from alternative sources the confidential source of any information, document, or item obtained or prepared while acting as a journalist;

00488

(3) is a person for whom probable cause exists that the person participated in a felony criminal offense and the subpoenaing party has exhausted reasonable efforts to obtain from alternative sources the confidential source of any information, document, or item obtained or prepared while acting as a journalist; or

(4) disclosure of the confidential source is reasonably necessary to stop or prevent reasonably certain death or substantial bodily harm.

(b) If the alleged criminal conduct is the act of communicating, receiving, or possessing the information, document, or item, this section does not apply, and Section 5 governs the act.

(c) Notwithstanding Subsection (b), if the information, document, or item was disclosed or received in violation of a grand jury oath given to either a juror or a witness under Article 19.34 or 20.16, a journalist may be compelled to testify if the person seeking the testimony, production, or disclosure makes a clear and specific showing that the subpoenaing party has exhausted reasonable efforts to obtain from alternative sources the confidential source of any information, document, or item obtained. In this context, the court has the discretion to conduct an in camera hearing. The court may not order the production of the confidential source until a ruling has been made on the motion.

(d) An application for a subpoena of a journalist under Article 24.03, or a subpoena of a journalist issued by an attorney representing the state under Article 20.10 or 20.11, must be signed by the elected district attorney, elected criminal district attorney, or elected county attorney, as applicable. If the elected district attorney, elected criminal district attorney, or elected county attorney has been disqualified or recused or has resigned, the application for the subpoena or the subpoena must be signed by the person succeeding the elected attorney. If the elected officer is not in the jurisdiction, the highest ranking assistant to the elected officer must sign the subpoena.

Sec. 5. PRIVILEGE CONCERNING UNPUBLISHED INFORMATION, DOCUMENT, OR ITEM AND NONCONFIDENTIAL SOURCES. (a) After service of subpoena and an opportunity to be heard, a court may compel a journalist, a journalist's employer, or a person with an independent contract with a journalist to testify regarding or to produce or disclose any unpublished information, document, or item or the source of any information, document, or item obtained while acting as a journalist, other than as described by Section 4, if the person seeking the unpublished information, document, or item or the source of any information, document, or item makes a clear and specific showing that:

(1) all reasonable efforts have been exhausted to obtain the information from alternative sources; and

(2) the unpublished information, document, or item:

(A) is relevant and material to the proper administration of the official proceeding for which the testimony, production, or disclosure is sought and is essential to the maintenance of a claim or defense of the person seeking the testimony, production, or disclosure; or

00489

(B) is central to the investigation or prosecution of a criminal case and based on something other than the assertion of the person requesting the subpoena, reasonable grounds exist to believe that a crime has occurred.

(b) The court, when considering an order to compel testimony regarding or to produce or disclose any unpublished information, document, or item or the source of any information, document, or item obtained while acting as a journalist, should consider the following factors, including but not limited to whether:

(1) the subpoena is overbroad, unreasonable, or oppressive;

(2) reasonable and timely notice was given of the demand for the information, document, or item;

(3) in this instance, the interest of the party subpoenaing the information outweighs the public interest in gathering and dissemination of news, including the concerns of the journalist; and

(4) the subpoena or compulsory process is being used to obtain peripheral, nonessential, or speculative information.

(c) A court may not consider a single factor under Subsection (b) as outcome-determinative in the decision whether to compel the testimony or the production or disclosure of the unpublished information, document, or item, or the source of any information, document, or item.

Sec. 6. NOTICE. An order to compel testimony, production, or disclosure to which a journalist has asserted a privilege under this article may be issued only after timely notice to the journalist, the journalist's employer, or a person who has an independent contract with the journalist and a hearing. The order must include clear and specific findings as to the showing made by the person seeking the testimony, production, or disclosure and the clear and specific evidence on which the court relied in issuing the court's order.

Sec. 7. PUBLICATION OF PRIVILEGED INFORMATION. Publication or dissemination by a news medium or communication service provider of information, documents, or items privileged under this article is not a waiver of the journalist's privilege regarding sources and unpublished information, documents, or items.

Sec. 8. PUBLISHED INFORMATION. This article does not apply to any information, document, or item that has at any time been published or broadcast by the journalist.

Sec. 9. REIMBURSEMENT OF COSTS. The subpoenaing party shall pay a journalist a reasonable fee for the journalist's time and costs incurred in providing the information, item, or document subpoenaed, based on the fee structure provided by Subchapter F, Chapter 552, Government Code.

Art. 38.111. NEWS MEDIA RECORDINGS. Extrinsic evidence of the authenticity of evidence as a condition precedent to the admissibility of the evidence in a criminal proceeding is not required with respect to a recording that purports to be a broadcast by a radio or television station that holds a license issued by the Federal Communications Commission at the time of the recording. The court may take judicial notice of the recording license as provided by Rule 201, Texas Rules of Evidence.

SECTION 3. This Act applies only to information, documents, or items or the source of any information, document, or item obtained or prepared for publication in a news medium or communication service provider on or after the effective date of this Act.

SECTION 4. This Act takes effect immediately if it receives a vote of two-thirds of all the members elected to each house, as provided by Section 39, Article III, Texas Constitution. If this Act does not receive the vote necessary for immediate effect, this Act takes effect September 1, 2009.

## COMMITTEE MEETING ANNOUNCEMENT

The following committee meeting was announced:

Ways and Means, 4:30 p.m. today, 3W.15, for a formal meeting, to consider pending business.

(Speaker pro tempore in the chair)

## LEAVES OF ABSENCE GRANTED

The following member was granted leave of absence for the remainder of today to attend a meeting of the Conference Committee on **SB 1**:

Otto on motion of Orr.

The following member was granted leave of absence for the remainder of today because of important business in the district:

Olivo on motion of Miklos.

## RULES SUSPENDED

Representative Taylor moved to suspend all necessary rules to take up and consider at this time, on third reading and final passage, the bills on the local, consent, and resolutions calendar which were considered on the previous legislative day.

The motion prevailed.

## MOTION FOR ONE RECORD VOTE

On motion of Representative Crownover and by unanimous consent, the house agreed to use the first record vote taken for all those bills on the local, consent, and resolutions calendar that require a record vote on third reading and final passage, with the understanding that a member may record an individual vote on any bill with the journal clerk.

## LOCAL, CONSENT, AND RESOLUTIONS CALENDAR
## THIRD READING

The following bills which were considered on second reading on the previous legislative day on the local, consent, and resolutions calendar were laid before the house, read third time, and passed by the following record vote (members registering votes and the results of the vote are shown following bill number).

00491

# EXHIBIT 2

00492

## AFFIDAVIT OF SHAUN RABB

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| | § |
| COUNTY OF DALLAS | § |

BEFORE ME, the undersigned authority, a Notary Public, in and for Dallas County, Texas, on this day personally appeared SHAUN RABB, who, being duly sworn upon his oath, deposes and stated the following:

"My name is SHAUN RABB. I am over 18 years of age. I have never been convicted of any crime or offence involving moral turpitude. I am fully competent to testify to the factual matters contained in this affidavit. All matters contained herein are based my personal knowledge and are true and correct.

1.  For a substantial portion of my livelihood, I gather, compile, prepare, collect, record, write, edit, report and/or investigate news or information that is disseminated by KDFW FOX 4. In my capacity as a journalist, I reported during a news broadcast aired by KDFW FOX 4 on or about June 19, 2008. The broadcast included an interview that I, as a journalist, had conducted with Mr. James Broadnax, who is the Defendant in the case styled, State of Texas v. James Broadnax, Cause No. F08-24667-Y, pending in Criminal District Court #7 of Dallas County, Texas.

2.  In response to a prior request and grand jury subpoena KDFW FOX 4 received from the Dallas County District Attorney's Office, KDFW FOX 4 produced a complete copy of all reports and outtakes of my interview with Mr. Broadnax along with a business records affidavit from KDFW FOX 4's custodian of record, Jay R. Soules. These materials were produced on or about July 9, 2008.

3.  The materials produced on July 9, 2008 (which were also posted on the KDFW FOX 4 website), including the outtakes of the interview I conducted with Mr. Broadnax are a full and complete copy of any discussion I have ever had with Mr. Broadnax. The videotape shows the entire conversation start to finish.

4.  In addition, during my entire interview with Mr. Broadnax, Kimberlee Leach, Public Information Officer for the Dallas County Sheriff's Office was present from start to finish and witnessed everything that was said. She is an alternative source for any information being sought concerning the conversation that took place.

5.  In addition to Ms. Leach, the jailer who brought Mr. Broadnax to the interview room also stood behind Mr. Broadnax during the entire interview.

6.  In obtaining permission to conduct the interview with Mr. Broadnax, KDFW followed the written policies set forth by the Dallas County Sheriff's Office and attached hereto as Exhibit A. The request was made through Dallas County Sheriff's Office Public Information Officer, Kimberlee

DL/2306953v1



EXHIBIT
2

00493

Leach. Ms. Leach forwarded the request to Mr. Broadnax. Then, when Mr. Broadnax agreed to the interview, the Sheriff's Department arranged the time for the interview.

7.    When I arrived at the jail to interview Mr. Broadnax, I asked for Ms. Leach who them accompanied me to see Mr. Broadnax and stayed with me throughout my entire time at the jail.

8.    I have no further information other than what was captured on the video which both Ms. Leach and the Jailer witnessed and which the District Attorney's Office was given a full, complete and authenticated copy of almost a year ago.

9.    When I interviewed Mr. Broadnax, I was pursuing my professional employment, as a television newsreporter. I was not involved in law enforcement nor employed by a State agency. I had no arrangement with the State and have never been subject to the control of the State. At all times during my interview with Mr. Broadnax, I was acting on my own in eliciting statements from Mr. Broadnax and was not acting pursuant to a police practice when I interviewed Mr. Broadnax. I am not and have never been a law enforcement officer or State agent.

Further Affiant Sayeth Not.

Shaun Rabb

Sworn and subscribed to before me, the undersigned authority, by SHAUN RABB, on this _____ day of _____, 2009.

Notary Public in and for
The State of Texas

MARY F. KNIGHT
My Commission Expires
July 28, 2011

Page 2 of 2

DL/2306953v1



Back · | x | | | Search | Favorites

Address | http://www.dallassheriffsoffice.com/Intro/Main/Administration/Media_Relations/PIO2.html    Go   Links

SHERIFF          ADMINISTRATION          GENERAL SERVICES          DETENTIONS

- HOME
- JAIL INFORMATION
- MEDIA/PRESS
- EMPLOYEES ONLY
- F.A.Q.
- EMPLOYMENT
- SPOTLIGHT
- DIRECTORY
- LINKS
- COURTESY PATROL

# MEDIA RELATIONS

### INMATE INTERVIEW REQUESTS FROM THE MEDIA

Those members of the media who wish to request an interview with an inmate currently incarcerated in the Dallas County Jail should write a short letter to the inmate indicating:

1. the inmate's full name and D.O.B.
2. your name and media affiliation
3. the purpose of your interview request.

Your request can be e-mailed to the Media Relations Unit at ,faxed to (214) 653-2892, or mailed directly to the inmate at: Inmate Name, 500 Commerce Street, Dallas, Texas 75202.

If emailed or faxed, your request will be forwarded to the inmate when time permits. When an answer is received, you will be notified by return email or phone call from the Media Relations Unit.

*Inmates will not be coached or coerced into granting an interview for any reason.

*If approved by the inmate, interviews are only allowed between 8:00 a.m. - 4:30 p.m. M-F.

*Interviews may be denied based upon jail staffing, emergency conditions, or the inmate's physical or mental condition at the time of request.

*No interviews will be scheduled during court appearances or medical appointments.

**Kimberlee Leach**
Public Information Officer / Media Relations
Dallas County Sheriff's Department
133 N. Industrial Blvd., LB-31
Dallas, Texas 75207-4313
Phone: (214) 653-3465
Fax: (214) 653-2892

**EXHIBIT**

_A_

00495

# EXHIBIT 3

00496

Westlaw.

28 C.F.R. § 50.10                                                      Page 1

**Effective:[See Text Amendments]**

Code of Federal Regulations Currentness
   Title 28. Judicial Administration
      Chapter I. Department of Justice
         Part 50. Statements of Policy (Refs & Annos)

→ § 50.10 Policy with regard to the issuance of subpoenas to members of the news media, subpoenas for telephone toll records of members of the news media, and the interrogation, indictment, or arrest of, members of the news media.

Because freedom of the press can be no broader than the freedom of reporters to investigate and report the news, the prosecutorial power of the government should not be used in such a way that it impairs a reporter's responsibility to cover as broadly as possible controversial public issues. This policy statement is thus intended to provide protection for the news media from forms of compulsory process, whether civil or criminal, which might impair the news gathering function. In balancing the concern that the Department of Justice has for the work of the news media and the Department's obligation to the fair administration of justice, the following guidelines shall be adhered to by all members of the Department in all cases:

(a) In determining whether to request issuance of a subpoena to a member of the news media, or for telephone toll records of any member of the news media, the approach in every case must be to strike the proper balance between the public's interest in the free dissemination of ideas and information and the public's interest in effective law enforcement and the fair administration of justice.

(b) All reasonable attempts should be made to obtain information from alternative sources before considering issuing a subpoena to a member of the news media, and similarly all reasonable alternative investigative steps should be taken before considering issuing a subpoena for telephone toll records of any member

of the news media.

(c) Negotiations with the media shall be pursued in all cases in which a subpoena to a member of the news media is contemplated. These negotiations should attempt to accommodate the interests of the trial or grand jury with the interests of the media. Where the nature of the investigation permits, the government should make clear what its needs are in a particular case as well as its willingness to respond to particular problems of the media.

(d) Negotiations with the affected member of the news media shall be pursued in all cases in which a subpoena for the telephone toll records of any member of the news media is contemplated where the responsible Assistant Attorney General determines that such negotiations would not pose a substantial threat to the integrity of the investigation in connection with which the records are sought. Such determination shall be reviewed by the Attorney General when considering a subpoena authorized under paragraph (e) of this section.

(e) No subpoena may be issued to any member of the news media or for the telephone toll records of any member of the news media without the express authorization of the Attorney General: *Provided,* That, if a member of the news media with whom negotiations are conducted under paragraph (c) of this section expressly agrees to provide the material sought, and if that material has already been published or broadcast, the United States Attorney or the responsible Assistant Attorney General, after having been personally satisfied that the requirements of this section have been met, may authorize issuance of the subpoena and shall thereafter submit to the Office of Public Affairs a report detailing the circumstances surrounding the issuance of the subpoena.

(f) In requesting the Attorney General's authorization for a subpoena to a member of the news media, the following principles will apply:

(1) In criminal cases, there should be reasonable grounds to believe, based on information obtained from nonmedia sources, that a crime has

**EXHIBIT**

3

© 2009 Thomson Reu[...]                    US Gov. Works

occurred, and that the information sought is essential to a successful investigation--particularly with reference to directly establishing guilt or innocence. The subpoena should not be used to obtain peripheral, nonessential, or speculative information.

(2) In civil cases there should be reasonable grounds, based on nonmedia sources, to believe that the information sought is essential to the successful completion of the litigation in a case of substantial importance. The subpoena should not be used to obtain peripheral, nonessential, or speculative information.

(3) The government should have unsuccessfully attempted to obtain the information from alternative nonmedia sources.

(4) The use of subpoenas to members of the news media should, except under exigent circumstances, be limited to the verification of published information and to such surrounding circumstances as relate to the accuracy of the published information.

(5) Even subpoena authorization requests for publicly disclosed information should be treated with care to avoid claims of harassment.

(6) Subpoenas should, wherever possible, be directed at material information regarding a limited subject matter, should cover a reasonably limited period of time, and should avoid requiring production of a large volume of unpublished material. They should give reasonable and timely notice of the demand for documents.

(g) In requesting the Attorney General's authorization for a subpoena for the telephone toll records of members of the news media, the following principles will apply:

(1) There should be reasonable ground to believe that a crime has been committed and that the information sought is essential to the successful investigation of that crime. The subpoena should be as narrowly drawn as possible; it should be directed at relevant information regarding a limited subject matter and should cover a reasonably

limited time period. In addition, prior to seeking the Attorney General's authorization, the government should have pursued all reasonable alternative investigation steps as required by paragraph (b) of this section.

(2) When there have been negotiations with a member of the news media whose telephone toll records are to be subpoenaed, the member shall be given reasonable and timely notice of the determination of the Attorney General to authorize the subpoena and that the government intends to issue it.

(3) When the telephone toll records of a member of the news media have been subpoenaed without the notice provided for in paragraph (e)(2) of this section, notification of the subpoena shall be given the member of the news media as soon thereafter as it is determined that such notification will no longer pose a clear and substantial threat to the integrity of the investigation. In any event, such notification shall occur within 45 days of any return made pursuant to the subpoena, except that the responsible Assistant Attorney General may authorize delay of notification for no more than an additional 45 days.

(4) Any information obtained as a result of a subpoena issued for telephone toll records shall be closely held so as to prevent disclosure of the information to unauthorized persons or for improper purposes.

(h) No member of the Department shall subject a member of the news media to questioning as to any offense which he is suspected of having committed in the course of, or arising out of, the coverage or investigation of a news story, or while engaged in the performance of his official duties as a member of the news media, without the express authority of the Attorney General: *Provided, however*, That where exigent circumstances preclude prior approval, the requirements of paragraph (l) of this section shall be observed.

(i) A member of the Department shall secure the express authority of the Attorney General before a warrant for an arrest is sought, and whenever possible before an arrest not requiring a warrant, of a member of the news media for any offense which he is sus-

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

00498

pected of having committed in the course of, or arising out of, the coverage or investigation of a news story, or while engaged in the performance of his official duties as a member of the news media.

(j) No member of the Department shall present information to a grand jury seeking a bill of indictment, or file an information, against a member of the news media for any offense which he is suspected of having committed in the course of, or arising out of, the coverage or investigation of a news story, or while engaged in the performance of his official duties as a member of the news media, without the express authority of the Attorney General.

(k) In requesting the Attorney General's authorization to question, to arrest or to seek an arrest warrant for, or to present information to a grand jury seeking a bill of indictment or to file an information against a member of the news media for an offense which he is suspected of having committed during the course of, or arising out of, the coverage or investigation of a news story, or committed while engaged in the performance of his official duties as a member of the news media, a member of the Department shall state all facts necessary for determination of the issues by the Attorney General. A copy of the request shall be sent to the Director of Public Affairs.

(l) When an arrest or questioning of a member of the news media is necessary before prior authorization of the Attorney General can be obtained, notification of the arrest or questioning, the circumstances demonstrating that an exception to the requirement of prior authorization existed, and a statement containing the information that would have been given in requesting prior authorization, shall be communicated immediately to the Attorney General and to the Director of Public Affairs.

(m) In light of the intent of this Section to protect freedom of the press, news gathering functions, and news media sources, this policy statement does not apply to demands for purely commercial or financial information unrelated to the news gathering function.

(n) Failure to obtain the prior approval of the Attorney General may constitute grounds for an administrative reprimand or other appropriate disciplinary action. The principles set forth in this section are not intended to create or recognize any legally enforce-

able right in any person.

[Order No. 916-80, 45 FR 76436, Nov. 19, 1980]

SOURCE: 50 FR 51677, Dec. 19, 1985; 51 FR 27022, July 29, 1986; 53 FR 8452, March 15, 1988; 56 FR 32327, July 16, 1991; Order No. 2013-96, 61 FR 13764, March 28, 1996; 61 FR 49260, Sept. 19, 1996; Order No. 2667-2003, 68 FR 18120, April 15, 2003; Order No. 2807-2006, 71 FR 11160, March 6, 2006, unless otherwise noted.

AUTHORITY: 5 U.S.C. 301; 28 U.S.C. 509, 510; 42 U.S.C. 1921 et seq., 1973c; and Public Law 107-273, 116 Stat. 1758, 1824.

28 C. F. R. § 50. 10, 28 CFR § 50. 10

Current through March 6, 2009; 74 FR 9949

(C) 2009 Thomson Reuters
END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.



919 CONGRESS AVENUE, SUITE 1250    AUSTIN, TEXAS 78701-3656

*www.sdma.com*    512.481.8400    512.481.8444 *fax*

June 12, 2009

***Via Hand Delivery***
Mr. Gary Fitzsimmons, District Clerk
Dallas County District Court
Frank Crowley Courts Bldg.
133 N. Industrial Blvd.
Dallas, Texas 75207

Re:    Cause No. F08-24667-Y; *The State of Texas v. James Broadnax*; In the District
Court of Dallas County, Texas, Criminal Court #7

Dear Clerk:

Enclosed for filing with the Court are an original and one copy of the following:

- Reply to State's Response to Motions to Quash Media Subpoenas of Shaun Rabb

Please return the extra copy with courier delivering same. By copy of this letter, all counsel has been served a copy of this filing.

Thank you for your assistance with this matter.

Sincerely,

Laura Lee Prather
Sedgwick, Detert, Moran & Arnold LLP

LLP/lrp
Enclosures

DL/2302751v1

*Celebrating 75 Years of Service 1933-2008*

CAUSE NO. F08-24667-Y

| | | |
|---|---|---|
| THE STATE OF TEXAS,<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | DALLAS COUNTY, TEXAS |
| JAMES BROADNAX,<br>Defendant. | §<br>§ | CRIMINAL DISTRICT COURT # 7 |

## REPLY TO RESPONSE TO MOTION TO QUASH SUBPOENA, AND MOTION TO RECONSIDER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Rebecca Lopez, a non-party witness, who files this reply to the State's Response to Motion to Quash Subpoena, and Motion to Reconsider, as follows:

**I.**

Ms. Lopez re-urges in full her motion to quash.

**II.**

To the extent her motion was denied at the hearing on June 1, 2009, she hereby moves for reconsideration.

**III.**

As grounds for her motion to quash and motion to reconsider, Ms. Lopez hereby adopts the arguments she has previously made, as well as those of the other media respondents to subpoenas by the State.

**IV.**

To the extent the Court grants any relief to any media respondent, Ms. Lopez requests that she be granted the same relief.

---

REPLY TO RESPONSE TO MOTION TO QUASH SUBPOENA, AND MOTION TO RECONSIDER        PAGE 1
5524441v.2 131016/00004

00501

WHEREFORE, PREMISES CONSIDERED, non-party Rebecca Lopez prays that, after hearing the court grant her motion to quash and/or motion to reconsider, and for such other and further relief as to which she may be entitled.

Respectfully submitted,

Paul C. Watler
State Bar No. 20931600
Shannon M. Zmud
State Bar No. 24047169

JACKSON WALKER, LLP
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 953-6000
Facsimile: (214) 953-5822

**REPLY TO RESPONSE TO MOTION TO QUASH SUBPOENA, AND MOTION TO RECONSIDER**    **PAGE 2**
5524441v.2 131016/00004

00502

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this motion has been served on this the 12th day of June, 2009 in the manner indicated below.



***Via Hand-Delivery***
Mr. David Alex
Assistant District Attorney
133 N. Industrial Blvd.
Dallas, TX 75207

***Via Hand-Delivery***
Ms. Lisa Smith
Asst. District Attorney
133 N. Industrial Blvd., LB-19
Dallas, TX 75207-4399

***Via Facsimile***
Mr. Marc A. Fuller
Trammell Crow Center
2001 Ross Avenue
Suite 3700
Dallas, TX 75201-2975

***Via Facsimile***
Mr. Brad Lollar
Law Office of Brad Lollar
1700 Commerce Street, Suite 404
Dallas, TX  75201

***Via Facsimile***
Ms. Laura Prather
Sedgwick, Detert, Moran & Arnold LLP
919 Congress Avenue, Suite 1250
Austin, TX 78701

***Via Email: anthony.bongiorno@cbs.com***
Mr. Anthony M. Bongiorno
CBS Law Department
51 West 52 Street
New York, New York 10019-6188

Shannon M. Zmud

---

**REPLY TO RESPONSE TO MOTION TO QUASH SUBPOENA, AND MOTION TO RECONSIDER**  **PAGE 3**
5524441v.2 131016/00004

00503



## JW

### JACKSON WALKER L.L.P.

ATTORNEYS & COUNSELORS



June 12, 2009

*__Via Hand-Delivery__*
Lamonica Littles
Chief Clerk
Criminal District No. 7
Frank Crowley Courts Bldg.
133 N. Industrial Blvd.
Dallas, Texas 75207

Re:     Cause No. F08-24667-Y; *The State of Texas v. James Broadnax*; In the Criminal
District Court No. 7, Dallas County, Texas

Dear Ms. Littles:

Enclosed please find the original and two copies of the Reply to Response to Motion to Quash Subpoena, and Motion to Reconsider for filing in the above-referenced matter.

By copy hereof, all counsel of record are being served with the enclosed document in the manner indicated below.

Thank you for your time and attention to this matter. If you have any questions, please let us know.

Very truly yours,

Shannon M. Zmud

SMZ:ac
Enclosures

cc:     (w/encl.)     Mr. David Alex – Via Hand-Delivery
(w/encl.)     Ms. Lisa Smith – Via Hand-Delivery
(w/encl.)     Mr. Marc A. Fuller – Via Facsimile
(w/encl.)     Mr. Brad Lollar – Via Facsimile
(w/encl.)     Ms. Laura Prather – Via Facsimile
(w/encl.)     Mr. Anthony Bongiorno – Via Email

00504

Cause No. F08-24667-Y

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | DALLAS COUNTY, TEXAS |
| | § | |
| JAMES BROADNAX | § | CRIMINAL COURT |

## NON-PARTIES STEVE PICKETT AND TROY LARKINS' JOINDER AND ADOPTION OF NON-PARTY SEAN RABB'S SUPPLEMENTAL MOTION TO QUASH SUBPOENA, MOTION FOR RECONSIDERATION, AND REPLY TO STATE'S RESPONSE TO MOTIONS TO QUASH MEDIA SUBPOENAS

TO THE HONORABLE JUDGE OF SAID COURT:

Non-Parties Steve Pickett and Troy Larkins join in and adopt by reference the Supplemental Motion to Quash Subpoena and Motion for Reconsideration of Non-Party Sean Rabb and the Reply to State's Response to Motions to Quash Media Subpoenas of Non-Party Sean Rabb pursuant to Texas Rules of Civil Procedure Rule 58.

Non-Parties Steve Pickett and Troy Larkins (collectively referred to as "the journalists") file and serve this joinder as their initial Motion to Quash the subpoenas issued on May 20, 2009 by the State requesting testimony from the journalists in the foregoing case. Attached as Exhibits 1 and 2 are true and correct copies of the subpoenas to Steve Pickett and Troy Larkins. The arguments and grounds asserted by Sean Rabb in his Supplemental Motion and Reply apply equally to Non-Parties Steve Pickett and Troy Larkins. Non-Parties Steve Pickett and Troy Larkins fully incorporate their affidavits attached as Exhibits 3 and 4 in support of their joinder of the Supplemental Motion to Quash Subpoena and Motion for Reconsideration of Non-Party Sean Rabb and the Reply to State's Response to Motions to Quash Media Subpoenas of Non-Party Sean Rabb. Attached as Exhibits 3 and 4 are the affidavits of Steve Pickett and Troy Larkins.

NON-PARTIES STEVE PICKETT AND TROY LARKINS' JOINDER AND ADOPTION OF NON-PARTY SEAN RABB'S SUPPLEMENTAL MOTION TO QUASH SUBPOENA, MOTION FOR RECONSIDERATION, AND REPLY TO STATE'S RESPONSE TO MOTIONS TO QUASH MEDIA SUBPOENAS                    -PAGE 1

DL/2307137v1

00505

Accordingly, Non-Parties Steve Pickett and Troy Larkins respectfully requests that the court (1) grant them the relief requested in the Supplemental Motion to Quash Subpoena and Motion for Reconsideration of Non-Party Sean Rabb and the Reply to State's Response to Motions to Quash Media Subpoenas of Non-Party Sean Rabb, (2) quash the trial subpoenas of Steve Pickett and Troy Larkins, (3) enter a protective order, and (4) grant such other relief to which Steve Pickett and Troy Larkins may be entitled, at law or in equity.

Respectfully submitted,

SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: _____

Laura Lee Prather
Texas State Bar No. 16234200
919 Congress Avenue, Suite 1250
Austin, Texas 78701
Tel.: (512) 481-8400
Fax.: (512) 481-8444

Brian A. Calhoun
Texas State Bar No. 24044827
1717 Main Street, Suite 5400
Dallas, Texas 75201
Tel.: (469) 227-8200
Fax: (469) 227-8004

**ATTORNEYS FOR NON-PARTIES STEVE PICKETT AND TROY LARKINS**

## CERTIFICATE OF SERVICE

This is to certify that the foregoing document was served on all counsel of record via email on 15th day of June 2009.

_____
BRIAN A. CALHOUN

NON-PARTIES STEVE PICKETT AND TROY LARKINS' JOINDER AND ADOPTION OF NON-PARTY SEAN RABB'S SUPPLEMENTAL MOTION TO QUASH SUBPOENA, MOTION FOR RECONSIDERATION, AND REPLY TO STATE'S RESPONSE TO MOTIONS TO QUASH MEDIA SUBPOENAS                    -PAGE 2

00506

DL/2307137v1

# EXHIBIT 1

00507

THE STATE OF TEXAS
TO ANY SHERIFF OR ANY CONSTABLE OR ANY PEACE OFFICER
OF THE STATE OF TEXAS – GREETINGS:
YOU ARE HEREBY COMMANDED TO SUMMON

STEVE PICKETT, KVTV CH 11 NEWS
UNKNOWN
DALLAS, TEXAS

To be and appear before the <u>CRIMINAL</u> District Court  <u>#7</u> of Dallas County, Texas at the courthouse of said

County, in the City of Dallas, on the <u>1ST</u> day of <u>JUNE</u> , 20 <u>09</u> , at <u>8:30</u> o'clock <u>A.</u> M., Then and there to testify as

a witness in behalf of the <u>STATE</u> in a criminal Action pending in said court, wherein THE STATE OF TEXAS is

plaintiff, and <u>JAMES BROADNAX</u> Defendant No. <u>F08-24667-Y</u>

**DUECES TECUM (IF APPLICABLE)**                    ☒ NOT APPLICABLE
and that he bring with him and produce in said Court, at said time and place,

desired as evidence in said Criminal action, to-wit: in a certain suit pending in said court.

and there remain from day to day and from term to term until discharged by the Court
HEREIN FAIL NOT. But of this Writ make due return, showing how you have executed the same.

**OUT OF COUNTY (IF APPLICABLE)**                    ☒ NOT APPLICABLE
A DISOBEDIENCE OF this Subpoena is punishable by fine not exceeding $500, to be collected as
Fines and costs in other criminal cases.

WITNESS MY OFFICIAL SIGNATURE, THIS  20TH  day of  MAY , 20 09

Gary Fitzsimmons
Clerk, District Courts
Dallas County, Texas
By _____ Deputy
T. JACKSON

---

NO. F08-24667-Y

CRIMINAL DISTRICT COURT #7
DALLAS COUNTY, TEXAS

THE STATE OF TEXAS
VS.

JAMES BROADNAX.

CAPITAL MURDER

SUBPOENA

ISSUED
This 20TH day of MAY, 20 09
Gary Fitzsimmons
Clerk, District Courts
Dallas County, Texas
By <u>T. JACKSON</u> Deputy

ATTORNEY:

DAVID ALEX
ASSISTANT DISTRICT ATTORNEY
133 N. INDUSTRIAL BLVD., LB 19
DALLAS, TEXAS 75207
214-653-3600

REPORT TO:

FRANK CROWLEY COURTS BLDG.
133 N. INDUSTRIAL BLVD.
DALLAS, TEXAS 75207

# EXHIBIT 2

00509

THE STATE OF TEXAS
TO ANY SHERIFF OR ANY CONSTABLE OR ANY PEACE OFFICER
OF THE STATE OF TEXAS – GREETINGS:
YOU ARE HEREBY COMMANDED TO SUMMON

TROY LARKINS, KVTV CH 11 NEWS
UNKNOWN
DALLAS, TEXAS

To be and appear before the CRIMINAL District Court #7 of Dallas County, Texas at the courthouse of said County, in the City of Dallas, on the 1ST day of JUNE , 20 09 , at 8:30 o'clock A. M., Then and there to testify as a witness in behalf of the STATE in a criminal Action pending in said court, wherein THE STATE OF TEXAS is plaintiff, and JAMES BROADNAX Defendant No. F08-24667-Y

**DUECES TECUM (IF APPLICABLE)**                    ☒ NOT APPLICABLE
and that he bring with him and produce in said Court, at said time and place,

desired as evidence in said Criminal action, to-wit: in a certain suit pending in said court.

and there remain from day to day and from term to term until discharged by the Court
HEREIN FAIL NOT, But of this Writ make due return, showing how you have executed the same.

**OUT OF COUNTY (IF APPLICABLE)**                    ☒ NOT APPLICABLE
A DISOBEDIENCE OF this Subpoena is punishable by fine not exceeding $500, to be collected as Fines and costs in other criminal cases.

WITNESS MY OFFICIAL SIGNATURE THIS 20TH day of MAY , 20 09
Gary Fitzsimmons
Clerk, District Courts
Dallas County Texas
By _____ Deputy
T. JACKSON

---

NO. F08-24667-Y

CRIMINAL DISTRICT COURT #7
DALLAS COUNTY, TEXAS

THE STATE OF TEXAS
VS.

JAMES BROADNAX

CAPITAL MURDER

SUBPOENA

ISSUED
This 20TH day of MAY, 20 09
Gary Fitzsimmons
Clerk, District Courts
Dallas County, Texas
By T. JACKSON Deputy

ATTORNEY:

DAVID ALEX
ASSISTANT DISTRICT ATTORNEY
133 N. INDUSTRIAL BLVD., LB 19
DALLAS, TEXAS 75207
214-653-3600

REPORT TO:

FRANK CROWLEY COURTS BLDG.
133 N. INDUSTRIAL BLVD.
DALLAS, TEXAS 75207

# EXHIBIT 3

00511

## AFFIDAVIT OF STEVE PICKETT

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| | § |
| COUNTY OF DALLAS | § |

BEFORE ME, the undersigned authority, a Notary Public, in and for Dallas County, Texas, on this day personally appeared Steve Pickett, who, being duly sworn upon his oath, deposes and stated the following:

"My name is STEVE PICKETT. I am over 18 years of age. I have never been convicted of any crime or offence involving moral turpitude. I am fully competent to testify to the factual matters contained in this affidavit. All matters contained herein are based my personal knowledge and are true and correct.

1.   For a substantial portion of my livelihood, I gather, compile, prepare, collect, record, write, edit, report and/or investigate news or information that is disseminated by KTVT-TV CBS 11. In my capacity as a journalist, I reported during a news broadcast aired by KTVT-TV CBS 11 on June 23, 2008. The broadcast included an interview that I, as a journalist, had conducted with Mr. James Broadnax, who is the Defendant in the case styled, State of Texas v. James Broadnax, Cause No. F08-24667-Y, pending in Criminal District Court #7 of Dallas County, Texas.

2.   In response to a prior request and grand jury subpoena KTVT-TV CBS 11 received from the Dallas County District Attorney's Office, I understand that KTVT-TV CBS 11 produced a complete copy of all reports and outtakes of my interview with Mr. Broadnax. I believe these materials were produced approximately one year ago.

3.   The materials produced a year ago, including the outtakes of the interview I conducted with Mr. Broadnax are a full and complete copy of any discussion I have ever had with Mr. Broadnax. The videotape shows the entire conversation start to finish. The entire interview is posted on KTVT-TV CBS 11's website and has been for almost one year.

4.   In addition, during my interview with Mr. Broadnax, Kimberlee Leach, Public Information Officer for the Dallas County Sheriff's Office was present from start to finish and witnessed everything that was said. She is an alternative source for any information being sought concerning the conversation that took place.

5.   In addition to Ms. Leach, the jailer who brought Mr. Broadnax to the interview room also stood behind Mr. Broadnax during the interview.

6.   In obtaining permission to conduct the interview with Mr. Broadnax, KTVT-TV CBS 11 followed the written policies set forth by the Dallas County Sheriff's Office and attached hereto as Exhibit A. The request was made through Dallas County Sheriff's Office Public Information Officer, Kimberlee Leach. Ms. Leach forwarded the request to Mr. Broadnax. Then, when Mr. Broadnax agreed to the interview, the Sheriff's Department arranged the time for the interview.

00512

7.    When I arrived at the jail to interview Mr. Broadnax, Ms. Leach accompanied me and Troy Larkins to see Mr. Broadnax and stayed with us throughout our entire time at the jail.

8.    I have no further information other than what was captured on the video which both Ms. Leach and the jailer witnessed and of which the District Attorney's Office was given a full and complete copy almost a year ago.

9.    When I interviewed Mr. Broadnax, I was pursuing my professional employment, as a television newsreporter. I was not involved in law enforcement nor employed by a State agency. I had no arrangement with the State and have never been subject to the control of the State. At all times during my interview with Mr. Broadnax, I was acting as en employee of KTVT in eliciting statements from Mr. Broadnax and was not acting pursuant to a police practice when I interviewed Mr. Broadnax. I am not and have never been a law enforcement officer or State agent.

Further Affiant Sayeth Not.

_____
STEVE PICKETT

Sworn and subscribed to before me, the undersigned authority, by STEVE PICKETT, on this _13th_ day of ___June___, 2009.


VIRGIL T. FLOOD
Notary Public, State of Texas
My Commission Exp. 01-18-2011

_Virgil T. Flood_
Notary Public in and for
The State of Texas



Back ▾    ✕  ↻  ⌂    Search  ☆ Favorites

Address  http://www.dallassheriffsoffice.com/Intro/Main/Administration/Media_Relations/PI02.html    Go    Links

**SHERIFF    ADMINISTRATION    GENERAL SERVICES    DETENTIONS**

☎ **HOME**

☎ **JAIL INFORMATION**

☎ **MEDIA/PRESS**

☎ **EMPLOYEES ONLY**

☎ **F.A.Q.**

☎ **EMPLOYMENT**

☎ **SPOTLIGHT**

☎ **DIRECTORY**

☎ **LINKS**

☎ **COURTESY PATROL**

# MEDIA RELATIONS

INMATE INTERVIEW REQUESTS FROM THE MEDIA

Those members of the media who wish to request an interview with an inmate currently incarcerated in the Dallas County Jail should write a short letter to the inmate indicating:

1. the inmate's full name and D.O.B.
2. your name and media affiliation
3. the purpose of your interview request.

Your request can be e-mailed to the Media Relations Unit at , faxed to (214) 653-2892, or mailed directly to the inmate at: Inmate Name, 500 Commerce Street, Dallas, Texas 75202.

If emailed or faxed, your request will be forwarded to the inmate when time permits. When an answer is received, you will be notified by return email or phone call from the Media Relations Unit.

*Inmates will not be coached or coerced into granting an interview for any reason.

*If approved by the inmate, interviews are only allowed between 8:00 a.m. - 4:30 p.m. M-F.

*Interviews may be denied based upon jail staffing, emergency conditions, or the inmate's physical or mental condition at the time of request.

*No interviews will be scheduled during court appearances or medical appointments.

**Kimberlee Leach**
Public Information Officer / Media Relations
Dallas County Sheriff's Department
133 N. Industrial Blvd., LB-31
Dallas, Texas 75207-4313
Phone: (214) 653-3465
Fax: (214) 653-2892

**EXHIBIT**

_A_

00514

# EXHIBIT 4

00515

## AFFIDAVIT OF TROY LARKINS

STATE OF TEXAS                    §
                                 §
                                 §
COUNTY OF DALLAS                  §

BEFORE ME, the undersigned authority, a Notary Public, in and for Dallas County, Texas, on this day personally appeared Troy Larkins, who, being duly sworn upon his oath, deposes and stated the following:

"My name is TROY LARKINS. I am over 18 years of age. I have never been convicted of any crime or offence involving moral turpitude. I am fully competent to testify to the factual matters contained in this affidavit. All matters contained herein are based my personal knowledge and are true and correct.

1. For a substantial portion of my livelihood, I work as a cameraman gathering, compiling, preparing, collecting, recording, editing, reporting and/or investigating news or information that is disseminated by KTVT-TV CBS 11. In my capacity as a newsreporter cameraman, I assisted Steve Pickett with a news broadcast report that aired by KTVT-TV CBS 11 on June 23, 2008. The broadcast included an interview that Steve Pickett, as a journalist, had conducted with Mr. James Broadnax, who is the Defendant in the case styled, State of Texas v. James Broadnax, Cause No. F08-24667-Y, pending in Criminal District Court #7 of Dallas County, Texas.

2. In response to a prior request and grand jury subpoena KTVT-TV CBS 11 received from the Dallas County District Attorney's Office, I believe that KTVT-TV CBS 11 produced a complete copy of all reports and outtakes of Steve Pickett's interview with Mr. Broadnax and my video footage of that interview. I believe these materials were produced approximately one year ago.

3. The materials produced a year ago, including the outtakes of the interview Steve Pickett conducted with Mr. Broadnax are a full and complete copy of any discussion Steve Pickett or I have ever had with Mr. Broadnax. The videotape shows the entire conversation start to finish. The entire interview is posted on KTVT-TV CBS 11's website and has been for almost one year.

4. In addition, during Steve Pickett's entire interview with Mr. Broadnax, Kimberlee Leach, Public Information Officer for the Dallas County Sheriff's Office was present from start to finish and witnessed everything that was said. She is an alternative source for any information being sought concerning the conversation that took place.

5. In addition to Ms. Leach, the jailer who brought Mr. Broadnax to the interview room also stood behind Mr. Broadnax during the entire interview.

6. In obtaining permission to conduct the interview with Mr. Broadnax, KTVT-TV CBS 11 followed the written policies set forth by the Dallas County Sheriff's Office and attached hereto as Exhibit A. The request was made through Dallas County Sheriff's Office Public Information Officer, Kimberlee Leach. Ms. Leach forwarded the request to Mr. Broadnax. Then, when Mr. Broadnax agreed to the interview, the Sheriff's Department arranged the time for the interview.

DL/2307141v1

00516

7. When Steve Pickett and I arrived at the jail to interview Mr. Broadnax, Ms. Leach accompanied us to see Mr. Broadnax and stayed with us throughout our entire time at the jail.

8. I have no further information other than what was captured on the video which both Ms. Leach and the jailer witnessed and of which the District Attorney's Office was given a full and complete copy almost a year ago.

9. When Steve Pickett interviewed Mr. Broadnax, I was pursuing my professional employment, as a television newsreporter cameraman. I was not involved in law enforcement nor employed by a State agency. I had no arrangement with the State and have never been subject to the control of the State. At all times during Steve Pickett's interview with Mr. Broadnax, I was acting as an employee of KTVT in filming Mr. Broadnax and was not acting pursuant to a police practice when I videotaped the interview of Mr. Broadnax. I am not and have never been a law enforcement officer or State agent.

Further Affiant Sayeth Not.



TROY LARKINS

Sworn and subscribed to before me, the undersigned authority, by TROY LARKINS, on this 13th day of June , 2009.

Virgil T. Flood
Notary Public in and for
The State of Texas

VIRGIL T. FLOOD
Notary Public, State of Texas
My Commission Exp. 01-18-2011

DL/2307141v1

00517



**SHERIFF    ADMINISTRATION    GENERAL SERVICES    DETENTIONS**

http://www.dallassheriffsoffice.com/Intro/Main/Administration/Media_Relations/PIO2.html

# MEDIA RELATIONS

## INMATE INTERVIEW REQUESTS FROM THE MEDIA

Those members of the media who wish to request an interview with an inmate currently incarcerated in the Dallas County Jail should write a short letter to the inmate indicating:

1. the inmate's full name and D.O.B.
2. your name and media affiliation
3. the purpose of your interview request.

Your request can be e-mailed to the Media Relations Unit at ,faxed to (214) 653-2892, or mailed directly to the inmate at: Inmate Name, 500 Commerce Street, Dallas, Texas 75202.

If emailed or faxed, your request will be forwarded to the inmate when time permits. When an answer is received, you will be notified by return email or phone call from the Media Relations Unit.

*Inmates will not be coached or coerced into granting an interview for any reason.

*If approved by the inmate, interviews are only allowed between 8:00 a.m. - 4:30 p.m. M-F.

*Interviews may be denied based upon jail staffing, emergency conditions, or the inmate's physical or mental condition at the time of request.

*No interviews will be scheduled during court appearances or medical appointments.

Kimberlee Leach
Public Information Officer / Media Relations
Dallas County Sheriff's Department
133 N. Industrial Blvd., LB-31
Dallas, Texas 75207-4313
Phone: (214) 653-3465
Fax: (214) 653-2892

**EXHIBIT**

A

00518

1717 MAIN STREET, SUITE 5400.  DALLAS, TEXAS 75201-7367

*www.sdma.com*  469.227.8200 *phone*   469.227.8004 *fax*

# Sedgwick
### DETERT, MORAN & ARNOLD LLP

BRIAN A. CALHOUN
(469) 227-4683
brian.calhoun@sdma.com

June 15, 2009

Michael Snipes

Hon. Elizabeth Crowder
Criminal District Court
County Criminal Court No. 7
Frank Crowley Courts Bldg.
133 N. Industrial Blvd., 4th Floor
Dallas, TX 75207

Re:    Cause No. F08-24667-Y; The State of Texas v. James Broadnax

Dear Judge Crowder:

Per the Court's instructions, enclosed please find Non-Parties Steve Pickett and Troy Larkins' Joinder and Adoption of Non-Party Sean Rabb's Supplemental Motion to Quash Subpoena, Motion for Reconsideration, and Reply to State's Response to Motions to Quash Media Subpoena in the above-referenced matter which is being filed with the clerk this morning.

Should you have any questions, please do not hesitate to call me.

Very truly yours,

Brian A. Calhoun

BAC:sd
Enclosure

cc: (w/encl.):   Clerk of the Court – Criminal Court No. 7
cc: (w/encl.):   All known counsel of record (via E-mail)

DL/2307146v1  04879-000000

00519

*Celebrating 75 Years of Service 1933-2008*

CASE NO. F08-24667-Y

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | |
| | § | DALLAS COUNTY, TEXAS |
| JAMES BROADNAX. | § | |
| | § | |
| | § | CRIMINAL COURT No. 7 |
| | § | |
| | § | |

## NON-PARTY ELLEN GOLDBERG'S MOTION TO RECONSIDER COURT'S DENIAL OF MOTION TO QUASH SUBPOENA

**I.**

Nonparty Ellen Goldberg, a reporter for KXAS NBC-5 ("NBC-5"), re-urges her May 29, 2009 motion to quash the subpoena directed to her by the State in this case and respectfully requests that the Court reconsider its June 1, 2009 denial of that motion.

**II.**

As grounds for this motion to reconsider, Goldberg hereby incorporates and adopts the arguments she previously made in her May 29, 2009 motion as well as the arguments that have been advanced by KDFW FOX 4's Shaun Rabb and WFAA's Rebecca Lopez. To the extent that the Court grants any relief to any of the other media respondents, Goldberg respectfully requests that she be granted the same relief.

**III.**

In the alternative, Goldberg respectfully requests that the Court enter a protective order narrowing the subpoena so that Goldberg is required to appear only for the July 23, 2009 hearing on the defendant's motion to suppress the recorded statements he made to Goldberg and three other reporters in June 2008. As the State's June 9, 2009 response in opposition to the reporters'

MOTION TO RECONSIDER                                                              PAGE 1
COURT'S DENIAL OF MOTION TO QUASH SUBPOENA

00520

motions makes clear, the State believes that the reporters' testimony is relevant to the defendant's argument that these recorded statements to the reporters were involuntary.[1] The State has not identified *any* other basis for Goldberg to testify, and none exists.[2] Accordingly, after the Court rules on the defendant's motion to suppress, there should be no further need for Goldberg to testify at subsequent hearings or at trial.

Limiting the subpoena to the July 23, 2009 hearing would therefore minimize the burden and inconvenience imposed on Goldberg without jeopardizing either party's ability to obtain testimony relating to the defendant's suppression motion (to the extent that the party can satisfy the applicable standard for obtaining such testimony).

## IV.

WHEREFORE, Ellen Goldberg respectfully requests that this Court: (1) grant this motion; (2) reconsider its denial of Goldberg's initial motion to quash; (3) quash the subpoena; (4) enter a protective order; and (5) grant such further relief to which she may be entitled.

---

[1] The State's explanation for why reporter testimony will be necessary for the suppression hearing is dubious. To the extent that the defendant wishes to argue that his statements should be excluded on "involuntariness" grounds, he must show that the reporters were acting as agents of the state. *See Alvarado v. State*, 912 S.W.2d 199, 211 (Tex. Crim. App. 1995) ("A statement is 'involuntary'...only if there was official, coercive conduct[.]"). Texas courts have made clear that no agency relationship exists absent an offer by the police to become a state agent. *See Escamilla v. State*, 143 S.W.3d 814, 824 (Tex. Crim. App. 2004). A reporter that does not receive "any benefit, compensation or consideration for his help" is not a state agent. *See State v. Hernandez*, 842 S.W.2d 306, 316 (Tex. App.—San Antonio 1992, pet. ref'd). Under this standard, any suggestion that the reporters who interviewed the defendant were acting as "state agents" can be tested by examining a single witness—the Public Information Officer who set up the interviews—rather than through four separate examinations of reporters. At a minimum, the interests of judicial economy as well as the state's new shield law would be best served by examining the Public Information Officer *first*, before the reporters are asked to testify on the same issue.

[2] As the State concedes, Goldberg's station, NBC-5, has already produced "complete, unredacted copies" of the interview she conducted with the defendant. *See* State Opp. at 1. These complete, fully authenticated tapes, not Goldberg's recollection from a year ago, are the best evidence of the interview Goldberg conducted with the defendant.

00521

Respectfully submitted,

Thomas S. Leatherbury
  State Bar No. 12095275
Marc A. Fuller
  State Bar No. 24032210
VINSON & ELKINS L.L.P.
3700 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
214-220-7881
214-999-7881 (fax)

**ATTORNEYS FOR NONPARTY
ELLEN GOLDBERG**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was served by email to all counsel of record on this 15th day of June, 2009.

Marc A. Fuller

1574335_1.DOC

00522

# Vinson&Elkins

Marc A. Fuller  mfuller@velaw.com
Tel 214.220.7881  Fax 214.999.7881

June 15, 2009

**<u>BY HAND DELIVERY</u>**
LaMonica Littles, Chief Clerk
Criminal District No. 7
Frank Crowley Courts Bldg.
133 N. Industrial Blvd., 7th Floor
Dallas, TX 75207

Re:   *The State of Texas v. James Broadnax*, Cause No. F08-24667-Y in the
      District Court of Dallas County, Texas, Criminal Court #7

Dear Ms. Littles:

    I enclose for filing an original and two copies of Non-Party Ellen Goldberg's
Motion to Reconsider Court's Denial of Motion to Quash Subpoena.

    Please file the original and return the file-stamped copies to my messenger.
Thank you for your assistance.

                                        Sincerely,

                                        Marc A. Fuller

Enclosures

c:     David Alex (w/encl.) (via email)
       Lisa Smith (w/encl.) (via email)
       Brad Lollar (w/encl.) (via email)
       Doug Parks (w/encl.) (via email)
       Shannon Zmud (w/encl.) (via email)
       Laura Prather (w/encl.) (via email)
       Anthony Bongiorno (w/encl.) (via email)

**Vinson & Elkins LLP  Attorneys at Law**
Abu Dhabi  Austin  Beijing  Dallas  Dubai  Hong Kong  Houston
London  Moscow  New York  Shanghai  Tokyo  Washington

Trammell Crow Center, 2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
Tel 214.220.7700  Fax 214.220.7716  www.velaw.com

00523

CAUSE NO. F08-24667-Y

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE CRIMINAL DISTRICT |
| | § | |
| V. | § | COURT NUMBER SEVEN |
| | § | |
| JAMES BROADNAX | § | DALLAS COUNTY, TEXAS |

### AMENDED ORDER ON MOVANTS' MOTIONS TO QUASH

Before this Court are the Supplemental Motions to Quash and Motions to Reconsider with regard to Shaun Rabb (Channel 4), Rebecca Lopez (Channel 8), and Ellen Goldberg (Channel 5), Steve Pickett and Troy Larkins (Channel 11), hereinafter (Movants). On May 28, 2009, this Court denied the Motions to Quash filed by the Movants. After considering the supplemental motions and responses filed by the parties and Movants, the Court issues the following order:

The Movants rely on the Texas Free Flow of Information Act (TFFIA) to support their Motions. This Court has determined, however, that TFFIA does not apply to information, documents, or items obtained or prepared by a journalist before its enactment date of May 13, 2009. Accordingly, the testimony the Movants seek to quash is not protected by the Act.

Moreover, in the alternative, to the extent the TFFIA could apply to the testimony of the journalists in this case, this Court has determined that the Act does not protect a journalist from providing testimony regarding a non confidential published item if the party seeking the unpublished information makes a clear and specific showing that all reasonable efforts have been exhausted to obtain the information from alternative sources. And, that the unpublished information is: 1) relevant and material to the proper administration of the official proceeding for which the testimony is sought and is essential to the maintenance or a claim or defense of the person seeking the testimony; and 2) central to the investigation or prosecution of a criminal case and is based on more than an assertion of the requesting party and there exist reasonable grounds to believe a crime has occurred. Based on this determination this Court finds that the requested testimony in this case is admissible.

IT IS THEREFORE ORDERED, ADJUDGED, and DECREED that Movants' Motions to Quash are hereby DENIED.

Signed on this the ___16___ day of June, 2009.

JUDGE MICHAEL R. SNIPES
CRIMINAL DISTRICT COURT NO. 7
DALLAS COUNTY, TEXAS

FILED
2009 JUN 16 PM 2:48
GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO., TEXAS
DEPUTY
LAMONICA LITTLES

00524

CAUSE NO. F08-24667-Y

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE CRIMINAL DISTRICT |
| | § | |
| V. | § | COURT NUMBER 7 |
| | § | |
| JAMES GARFIELD BROADNAX | § | OF DALLAS COUNTY, TEXAS |

## DEFENDANT'S LIST OF EXPERT WITNESSES

COMES NOW, the defendant in the above-styled and numbered cause and would give notice to the State of Texas and to the Court that he plans on calling the following expert witnesses to testify in his trial:

Dr. Gilda Kessner

Dr. Antoinette McGarahan

Brendan Ross

Dr. John Roache

Larry Fitzgerald

Dr. Lance Platt

Dr. Cheryl Silver

Dr. Charles Weaver

If additional expert witnesses become necessary, the defendant will immediately notify the State and the Court.

Respectfully submitted,

Bradley K. Lollar
Attorney for the Defendant

00525

State Bar Number 12508700
1700 Commerce St., Ste. 404
Dallas, Texas 75201
Tel. (214) 384-8178
bklollar@sbcglobal.net

NO. F08-24629-Y
NO. F08-24667-Y

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE CRIMINAL DISTRICT |
| | § | |
| VS. | § | COURT NO. 7 OF |
| | § | |
| JAMES BROADNAX | § | DALLAS COUNTY, TEXAS |

<u>STATES POTENTIAL WITNESSES</u>
** Amended June 22, 2009

| | |
|---|---|
| Abraham, George * | Gass, Stephen |
| Allen, Susan | Gatewood, Alice |
| Alva, Patrice | Geevarghese, Varughese |
| Anderson, Kimberly | Giannone, Isabel |
| Barge, Evelyn | Gibson, Lekenia * |
| Barger, David * | Godwin, Anthony |
| Batley, Michael | Goldberg, Ellen |
| Battie, Courtney | Gruszecki, Dr. Amy |
| Bettes, Joel | Gutierrez, Marcos ** |
| Blum, Debbie | Hargrave, Brad |
| Brooks, Eric | Harn, Joe |
| Brower, Micah | Harris, Chase |
| Brown, Gary | Hassan-Banaga, Salih |
| Brown, Myron * | Hicklen, Christie |
| Bryant, Virgil | Holt, Derrick ** |
| Buchanan, Thomas | Huffman, Ricky |
| Butler, Jamie | Isenburg, Donald |
| Butler, Lee | Johnson, Jermaine |
| Butler, Michael | Johnson, Nathan |
| Butler, Theresa | Johnston, Jeffrey |
| Calhoun, John | King, Karl |
| Carr, Allen Clay | Kirvin, Schesser * |
| Cartwright, Randall | Kyles, Troy |
| Cole, Lakarrame | Kyles, William |
| Contreas, Morris | Landis, David |
| Cook, Daniel ** | Landrith, Joe |
| Davis, Linda | Larkens, Troy |
| Dobson, Christopher | Lawler, Philip |
| Dyer, Dr. Tracy | Leach, Kimberly ** |
| Ellstrom, William | Lopez, Rebbeca |

00527

Lucky, Arnesha
Macias, Rodolfo
Mack, Kimberly
Maston, Leshai
McCall, Stephanie
McNear, Clint
Meyers, Gregory *
Merilot, A.P.
Miller, Trevaun
Nelson, Barrett "BK" *
Nelson, Melody *
Nichols, James
McNiel, Ronald *
Perez, Michael
Pickett, Steve
Polk, Ollie
Price, Randy
Purcell, Chad
Rabb, Shaun
Reyna, George **
Rice, William
Rogers, Daniel
Rogers, Steve
Rotten, Donna

Rushing, Joshua
Santos, Anthony *
Schaum, Ty
Schutte, Kevin
Seacat, Scott
Shermer, Mark
Simon, Anthony
Sims, Sam
Smith, Damon
Stanley, Vicki
Starkey, Carl
Stroud, Christopher
Swan, Craig
Swan, Jean
Sweet, Gary
Thompson, Dustin
Turner, Mark *
Utsey, Matthew **
Vancleave, Caesar
White, Chris
Wilder, Paul

## Custodian of Records

Baylor Medical System at Irving
Children's Medical Center of Dallas
Dallas County Jail
Dallas Independent School District
Garland Fire Department
Hope High School, Hope Public Schools (Arkansas)
Mount Vernon Independent School District
Parkland Health & Hospital System, Dallas County Jails
Southwestern Institute of Forensic Sciences
Texarkana School District #7 of Miller County, Texas
Texas Department of Public Safety
Value Added Communications, Vendor for inmate phone calls at the Dallas County Jail

\* Added June 12, 2009
\*\* Added June 22, 2009

Page 2 of 4

U0528

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this motion was [  ] hand-delivered [ ] faxed to Brad Lollar, Attorney for Defendant, on the _____ day of June, 2009.

_____
David Alex
Assistant District Attorney
Dallas, Texas

Page 3 of 4

00529

NO. F08 24629-Y
NO. F08 24667-Y

| STATE OF TEXAS | § | IN THE CRIMINAL DISTRICT |
|---|---|---|
| | § | |
| VS. | § | COURT NO. 7 OF |
| | § | |
| | § | |
| JAMES BROADNAX | § | DALLAS COUNTY, TEXAS |

## STATE'S RESPONSE TO
## DEFENSE MOTION TO DISCLOSE EXPERTS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the STATE OF TEXAS, a party in the above captioned and numbered cause, by and through the undersigned Assistant District Attorney, pursuant to TEX. CODE CRIM. PROC., art. 39.14 (b) [1999] provides the following names and addresses of each person who the State may use to present evidence under Rules 702, 703, and 705, Texas Rules of Evidence at the trial in the above captioned and numbered cause.

- Susan Allen
  Firearms Examiner - Ballistics
  Plano Police Department - NIBIN Center
  909 B. 14th St, Plano, Texas 75074,
  972 941 2494

- Amy Gruszechi, D.O.
  Medical Examiner - Cause of Death
  SWIFS, 214 920 5900

- Tracy J. Dyer, M.D.
  Medical Examiner - Cause of Death
  SWIFS, 214 920 5900

- Kimberly Mack
  Forensic Scientist - Serology
  Texas DPS Garland Crime Laboratory
  350 West IH 30, Garland, Texas 75043-5998
  214 861 2190

- James Nichols
  Forensic Scientist - DNA
  Texas DPS Garland Crime Laboratory
  350 West IH 30, Garland, Texas 75043-5998
  214 861 2190

1

00530

- Scott Seacat
- Mark Turner
- Anthony Santos
Specialized knowledge - Systems - tracking / recording inmate phone calls
Value Added Communications, Inc.
3801 E. Plano Parkway, Suite 100
Plano, Texas 75074
972 535 3369

- A.P. Merilot
Criminal Investigator - Future Dangerousness
Texas Special Prosecution Unit
340 Hwy 75N, Suite A
Huntsville, Texas 77320
936 291 2369   x 227

- Steve Rogers
State Classification Committee Member - Classifications at TDCJ
Huntsville, Texas 77342
936 437 8436

- Paul Wilder
State Classification Committee Member - Classifications at TDCJ
Huntsville, Texas 77342
936 437 6489

- Melodye Nelson
Assistant Warden, Crain Unit - Prison Life and Future Dangerousness
1401 State School Rd
Gatesville, Texas
254 865 8431

- Barrett Nelson
DPD Gang Unit - Drugs, Gangs and "Thug Life"
Dallas Police Headquarters
1400 S. Lamar St.
Dallas, Texas 75215
214 671 4264

- J. Randall Price, Ph.D.
Forensic Psychologist
1211 Abram, Ste 109
Richardson, Texas 75081
(972) 644 8686

2

00531

RESPECTFULLY SUBMITTED,

_____
David Alex
Assistant District Attorney
Dallas County, Texas

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of this response was [X] hand-delivered [ ] faxed to the Attorney for Defendant, on the *22nd* day of *June* 2009.

_____
David Alex
Assistant District Attorney
Dallas, Texas

3

00532

CAUSE NO. F08-24667-Y

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE CRIMINAL DISTRICT |
| | § | |
| V. | § | COURT NUMBER SEVEN |
| | § | |
| JAMES GARFIELD BROADNAX | § | OF DALLAS COUNTY, TEXAS |

## DEFENDANT'S LIST OF EXPERT WITNESSES

COMES NOW the defendant in the above-styled and numbered cause and would give notice to the State of Texas and to the Court that he plans on calling the following expert witnesses to testify in his trial:

Gilda Kessner, Psy.D.
Forensic Psychologist
7522 Campbell Rd.
Dallas, Texas 75248
(214) 754-8777

Antoinette McGarrahan, Ph.D.
Forensic and Clinical Psychologist
12820 Hillcrest Rd., C125
Dallas, Texas 75230
(972) 726-9100

Brendan Ross, LMSW
Mitigation Specialist
3767 Forest Lane, Ste. 124
Dallas, Texas 75244
(214) 366-2604

John D. Roache, Ph.D.
Psychopharmacologist
UT Health Science Center at San Antonio
7703 Floyd Curl Dr., MC 7793
San Antonio, Texas
(210) 725-1615

00533

Larry Fitzgerald
Classification in TDCJ
2301 Barton Hill Dr.
Austin, Texas 78704
(512) 444-4440

Lance Platt, Ph.D.
Drug Recognition Expert
4301 Carter Creek Parkway
Ste., 201
Bryan, Texas 77802
(972) 846-3950

Cheryl Silver, Ph.D.
Child Neuorpsychologist
UT Southwestern Medical Center
5323 Harry Hines Blvd.
Dallas, Texas 75390
(214) 648-1740

Charles Weaver, Ph.D.
Eyewitness Testimony Expert
Baylor University, Department of Psychology and Neuroscience
One Bear Place 97334
Waco, Texas 76798

If additional expert testimony becomes necessary, the defendant will immediately notify the State and the Court.

Respectfully submitted,

Bradley K. Lollar
Attorney for the Defendant
State Bar No. 12508700
Dallas, Texas 75201
(214) 384-8178
bklollar@sbcglobal.net

00534

## NO. <u>F08 24629 Y</u>
## <u>F08 24667 Y</u>

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | **IN THE CRIMINAL** |
| **VS.** | § | **DISTRICT COURT # 7** |
| **BROADNAX, JAMES** | § | **DALLAS COUNTY, TX** |

### DISCOVERY and NOTICE OF EXTRANEOUS (6th)

The enclosed Discovery filed with the Court is for **Discovery Purposes Only.** In addition, copies of the enclosed Discovery was turned over to Counsel for the Defendant.

Also, Pursuant to TEX. CODE CRIM. PRO. ART. 38.37, TEX. R. CRIM. EVID. 404(B), and CODE CRIM. PRO. ART. 37.07, the State of Texas is hereby giving you notice of intent to use during presentation of State's case in chief, or during punishment, in the above-captioned and numbered criminal actions, **Any and All** extraneous crimes, wrongs or acts included in this discovery turned over to the defense.

### INVENTORY

1 CD:  inmate call log,  jail incident report (6-19-09) with photos of defendant's cell, Utsey assault report (6-15-09), DSO News Media Requests,  Texarkana POP team – Incident Report,  Texarkana (cert copy) Warrant & Affid – Poss Tobacco, Minor

Received By:

_[signature]_

On ___6-24___, 2009

2009 JUN 24 PM 3: 20

GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO. TEXAS

DEPUTY

FILED

LAMONICA LITTLES

00535



State of Texas vs James Broadnax
F08-24667 Cap Murder

DISCOVERY

FILE

Broadnax jail cell photos (6/19/09)
Inmate call log
xarkana-Warrant, Affid, Poss Tobac - Minor, cert cop
Utsey Assault report, 6-15-09
DSO-News Media Requests
Jail incident report, 6-19-09
TPD POP-Incident Report

00536

Cause No. F08-24667-Y

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | DALLAS COUNTY, TEXAS |
| | § | |
| JAMES BROADNAX | § | CRIMINAL COURT #7 |

## EMERGENCY MOTION TO STAY PRE-TRIAL HEARING OF NON-PARTIES SHAUN RABB, STEPHEN PICKETT, AND TROY LARKINS

Movants, Shaun Rabb, Stephen Pickett, and Troy Larkins respectfully request that the Court stay the Motion to Suppress hearing and, if necessary, the trial in the underlying case or that part of said proceedings wherein their testimony is sought pending resolution of a Petition for Writ of Mandamus being filed in the Fifth Court of Appeals.

1.

Movants are journalists who conducted and/or were present during interviews of the Defendant. The Assistant District Attorney has issued subpoenas purporting to compel Movants to appear at a hearing on a Motion to Suppress scheduled for 8:30 A.M. on Monday, July 27, 2009 and has advised Movants will be called again for trial beginning August 10, 2009.

2.

The Court has overruled Movants' motions to quash the subpoenas in question. Because the question of whether journalists such as Movants may be compelled to testify under the circumstances raises substantial legal questions under the newly-enacted Texas Free Flow of Information Act as well as other common law, statutory and constitutional issues, Movants are filing contemporaneously herewith a Petition for Writ of Mandamus with the Fifth Court of Appeals. Movants will also seek expedited and emergency relief in the mandamus proceeding.

00537

**3.**

Since the very rights sought to be vindicated in the mandamus proceeding would be irretrievably lost if the Court requires Movants to testify at the Motion to Suppress hearing and at the upcoming trial, a stay is necessary to preserve the rights of the parties pending appeal.

**4.**

A stay will not prejudice the State. The hearing and, if necessary, the trial may be postponed pending the Petition for Writ of Mandamus. Alternatively, the other parts of the hearing may go forward with any testimony of the Movants reserved for another time after the Petition for Writ of Mandamus is resolved.

Respectfully submitted,

SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: _____
Laura Lee Prather
Texas State Bar No. 16234200
919 Congress Avenue, Suite 1250
Austin, Texas 78701-3656
Tel: (512) 481-8400
Fax: (512) 481-8444
Email: laura.prather@sdma.com

Brian A. Calhoun
Texas State Bar No. 24044827
1717 Main Street, Suite 5400
Dallas, Texas 75201-7367
Tel: (469) 227-8200
Fax: (469) 227-8004
Email: brian.calhoun@sdma.com

**ATTORNEYS FOR SHAUN RABB,
STEPHEN PICKETT AND TROY LARKINS**

**EMERGENCY MOTION TO STAY PRE-TRIAL HEARING – Page 2**

DL/2322690v1

00538

## CERTIFICATE OF SERVICE

This is to certify that the foregoing document was served via hand delivery on this the 24th day of July, 2009 to the following parties:

David Alex
Assistant District Attorney
Frank Crowley Courts Bldg.
133 N. Industrial Blvd., LB-19
Dallas, Texas  75207-4399

Brad Lollar
Attorney at Law
1700 Commerce Street, #404
Dallas, TX  75201

LAURA LEE PRATHER

EMERGENCY MOTION TO STAY PRE-TRIAL HEARING – Page 3

DL/2322690v1

00539



1717 MAIN STREET, SUITE 5400   DALLAS, TEXAS 75201-7367

www.sdma.com   469.227.8200 phone   469.227.8004 fax

Laura Lee Prather
512-481-8414
laura.prather@sdma.com

July 24, 2009

*Via Hand Delivery*
Clerk of the Court
Dallas County District Court
Criminal Court #7
133 N. Industrial Blvd.
Dallas, TX 75207

Re:  **Cause No. F08-24667-Y:**
*The State of Texas vs. James Broadnax;* In the District Court of Dallas County, Texas;
Criminal Court #7

Dear Clerk:

Enclosed for filing please find the original of EMERGENCY MOTION TO STAY PRE-TRIAL HEARING OF NON-PARTIES SHAUN RABB, STEPHEN PICKETT, AND TROY LARKINS. Please file this Motion among the papers of this cause and place your file-stamp on the three extra copies I have enclosed for that purpose. I ask that you return the file-stamped copies to our courier, who will wait. By copy of this letter, counsel of record will be delivered copies of same.

Thank you very much for your assistance.

Very truly yours,

Laura Lee Prather
Sedgwick, Detert, Moran & Arnold LLP

LLP/cd
Enclosures

cc:  *Via Hand Delivery*               *Via Hand Delivery*
      David Alex                             Brad Lollar
      Assistant District Attorney            Attorney at Law
      Frank Crowley Courts Bldg.             1700 Commerce Street, #404
      133 N. Industrial Blvd., LB-19         Dallas, TX 75201
      Dallas, TX 75207-4399

DL/2322870v1                                 *Celebrating 75 Years of Service 1933-2008*

00540

## CERTIFICATION

The State of Texas                              §

County of Dallas                               §

I, Gary Fitzsimmons, Clerk of the  __Criminal District Court No. 7__  of Dallas County, Texas do hereby certify that the documents contained in this record to which this certification is attached are all of the documents specified by Texas Rule of Appellate Procedure 34.5 (a) and all other documents timely requested by a party to this proceeding under Texas Rule of Appellate Procedure 34.5 (b).

**GIVEN UNDER MY HAND AND SEAL** at my office in Dallas County, Texas this  __18th__  day of __December__ , __2009__ .

Signature of Clerk: _Ana McDaniel_

Name of Clerk:     Ana McDaniel

Title:             Deputy Clerk

U0541