A8-76,207

\* \* \* \* \*   **DEATH PENALTY**   \* \* \* \* \*
**Volume Three**

# C L E R K ' S   R E C O R D

Volume of __3__ Of __3__
Trial Court Cause Number __F08-24667-Y__
In the __CRIMINAL__ District Court __NO. 7__
of Dallas County, Texas,

Honorable __MIKE SNIPES__, Judge Presiding.

__THE STATE OF TEXAS__ ; Plaintiff

vs.

__JAMES GARFIELD BROADNAX__, Defendant

Appealed to the Court of
Criminal Appeals of Texas at Austin, Texas

Name __John Tatum__
Address __990 S. Sherman, Richardson, TX  75081__
Telephone No. __972.705.9200__
Fax No. __972.699.9901__
SBOT No. __19672500__
Attorney for: __James Garfield Broadnax__

Delivered to the Court of Criminal Appeals of Texas at Austin, Texas
_____ day of _____, _____ .

Signature of Clerk _____
Name of Clerk _____
Title _____

**FILED IN
COURT OF CRIMINAL APPEALS

JAN 0 6 2010

Louise Pearson, Clerk**

Appellate Court Cause No.
Filed in the Court of Criminal Appeals of Texas at Austin, Texas
this __18th__ day of __December__, __2009__ .

GARY FITZSIMMONS, DALLAS COUNTY DISTRICT CLERK

By __Ana McDaniel__, Deputy

SCANNED

_____
DATE

JAMES GARFIELD BROADNAX                                  PAGE   6

F08-24667-Y

==================================================================

Defendant's Brief in Support of Batson Motion             Vol. 3-542
(27 Jul 09)

State's Response to Batson Challenge    (27 Jul 09)       Vol. 3-550

State's Trial Brief on the Admissibility of Intoxication  Vol. 3-559
Evidence    (28 Jul 09)

Defendant's Trial Brief Regarding Diminished Capacity     Vol. 3-566
(30 Jul 09)

Greyhound Results - Broadnax Travel January - May 2008    Vol. 3-575
(30 Jul 09)

Affidavit - Verifications of Authenticity of Records      Vol. 3-603
Nicole E. Pfaff - MoneyGram International
(30 Jul 09)

Affidavit - Muskegon Rescue Mission                      Vol. 3-612
Barry Pierce    (30 Jul 09)

Discovery and Notice of Extraneous (7th)                 Vol. 3-616
(04 Aug 09)

Order on Defendant's Batson Objection/Granted            Vol. 3-618
(07 Aug 09)

Charge of the Court - Guilt/Innocence                    Vol. 3-619
(12 Aug 09)

Jury Verdict on Guilt                                    Vol. 3-635

Charge of the Court - Punishment                         Vol. 3-636
(19 Aug 09)

Note to the Court:  We request the 2 special issue       Vol. 3-644
presentation boards.    (20 Aug 09)

JAMES GARFIELD BROADNAX                                    PAGE   7

F08-24667-Y

========================================================================

Note to the Court: Photo titled Free Styling found in jail        Vol. 3-645
(20 Aug 09)

Note to the Court:   Is the letter presented to Mr. Swan          Vol. 3-646
by the defense attorney evidence and if so, can we review,
- Tape of jail conversations on 8/12.  And the Court's
response.    (21 Aug 09)

Note to the Court:   Need school records, Journals from car       Vol. 3-648
and jail, Transcript of 4:30 phone call on 8/12, Video of
Channel 5 Interview, Photos from crime seen shown today by
Prosecution, and the Court's response.    (21 Aug 09)

Special Issue No. 1 & Special Issue No. 2                         Vol. 3-650

Oral and Videotaped Deposition of Francine Mazone                 Vol. 3-652
Hearing August 15, 2009 - Not File Marked

Judgment/Sentence    (21 Aug 09)                                  Vol. 3-698
Judgment of Conviction by Jury

Defendant's Motion for New Trial/Overruled                        Vol. 3-701
(21 Aug 09)

Defendant's Notice of Appeal and Pauper Oath                      Vol. 3-702
Appointment of Attorney on Appeal   (21 Aug 09)

Order Appointing Counsel   (21 Aug 09)                            Vol. 3-703
John Tatum - Appeal        Lydia Brandt - Writ 11.071

Trial Court's Certification of Defendant's Right of Appeal        Vol. 3-704
Signed:   (24 Aug 09)

Order Appointing Writ Counsel     (24 Aug 09)                     Vol. 3-705
Lydia Brandt - Writ 11.071

Applications for Subpoenas                                        Vol. 3-706

JAMES GARFIELD BROADNAX                                  PAGE    8

F08-24667-Y

========================================================================

Subpoenas                                                    Vol. 3-732

Copy - Front Cover of Trial Jacket                           Vol. 3-812

Clerk's Certification that Appellate Record is True and      Vol. 3-813-
Correct

CAUSE NO. F08-24667-Y

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE CRIMINAL |
| | § | |
| VS. | § | DISTRICT COURT NO. 7 OF |
| | § | |
| JAMES GARFIELD BROADNAX | § | DALLAS COUNTY, TEXAS |

## DEFENDANT'S BRIEF IN SUPPORT OF BATSON MOTION

*Facts*

After qualifying 47 potential jurors[1], the parties were given the opportunity to exercise peremptory strikes on July 20, 2009. One veniremember was Hispanic and seven were African-American. The State used a peremptory strike against all eight. African-American veniremembers constituted 15% of the panel, yet the State used 47% of its peremptory strikes to eliminate 100% of the African-Americans on the panel. Members of a minority race constituted 17% of the panel and the State used 53% of its peremptory strikes to eliminate 100% of the minority veniremembers. The defendant challenged the use of the State's strikes pursuant to *Batson v. Kentucky*, 476 U.S. 79 (1986). The trial court gave the State an opportunity to give race neutral explanations for the strikes, after which the defendant's various objections were overruled.

*Law*

After the defendant makes a *prima facie* showing of racial discrimination and the State offers a race-neutral basis for its strike(s), the trial court must determine whether the

---

[1] Actually, 48 potential jurors were qualified. However, Juror No. 596, Rindy Woodward, became disabled before the parties exercised their peremptory strikes, requiring that she be replaced.

00542

defendant has shown purposeful discrimination. *Miller-El v. Dretke*, 545 U.S. 231, 277 (2005). The Supreme Court and the Court of Criminal Appeals have identified several factors to be considered in determining a party's true motives in exercising a peremptory strike. *Miller-El v. Dretke, supra; Greer v. State*, No. 05-08-00146 (Tex. App. - Dallas June 9, 2009)[2].

*Application of Law to Facts*

The State exercised a peremptory strike on venireman No. 930, Robert Patterson, an African-American. Therefore, it is incumbent upon the trial court to examine the remaining factors applicable to this case:

1.    Whether the party eliminated a far greater proportion of African-American veniremembers than non-African-American veniremembers. The State eliminated 100% of the African-American veniremembers with 47% of its strikes. The State eliminated 20% of non-African-American veniremembers with the remaining 53% of its strikes.

2.    Whether the party's stated reasons for striking the African-American veniremembers would apply equally to non-African-American veniremembers that the party did not strike. The State's purported reasons for striking Robert Patterson were:

a.    **That he was "not in favor of the death penalty".** The State bases this assertion on a statement by the juror that he was not in favor of abortion or the death penalty

---

[2] Some of these factors, i.e.: whether the party used a jury shuffle in a manner that appeared to be racially discriminatory, whether the party employed a formal policy to exclude minorities from jury trial at the time of trial, and whether the party failed to question the challenged veniremember are not applicable to the facts of this case.

but was aware that was the law and he could follow it. In his questionnaire, he checked the box indicating he was in favor of the death penalty and that he believed the death penalty is appropriate in some murder cases and that he could return such a verdict in the proper case. This is an intelligent juror who understands the nuances of language and sees a difference between being in "favor" of the death penalty and believing it is an appropriate punishment in some cases. On a scale of 1 to 10 on how strongly he believed in the death penalty he stated he was a 5. Juror No. 2, Edith Clements, a white juror, also stated she was a 5 on that scale. On her questionnaire she said "a human life is a precious thing to consider. I feel there are circumstances that justify the death penalty." Likewise, Juror No. 4, Kelly McDonald, a white juror, stated she was a 5 on the scale. She stated on her questionnaire that she had no strong feelings one way or the other and that if the law allows for the death penalty, the law should be followed. Likewise, Juror No. 11, John Vessels, a while juror, stated he was a 5 on the scale. In his questionnaire he said the death penalty is an appropriate penalty in some cases. Finally, Juror No. 12, Emily Blevins, a white juror, stated she was a 5 on the scale and was a "2" on the questionnaire, as were all the other jurors listed here, indicating that she believed the death penalty is appropriate in some cases and that she could impose that punishment in the proper case. There is no significant difference in Mr. Patterson's position on the death penalty than that of the four white jurors now sitting on the jury.

b. **That he sat on a jury that found a defendant not guilty, and that he was the foreman of that jury.** It is true that Mr. Patterson reported that he sat on a criminal jury in 1996 that found the defendant not guilty and that he served as foreman of that jury. He also reported that he served as foreman on a criminal jury in 1998, which found the defendant guilty and that the defendant received a life sentence. Juror No. 3, Alex Folz, a white juror, reported that he sat on a criminal jury, probably in 1999, that found the defendant not guilty, yet the State did not exercise a peremptory strike on him.

c. **That he did not consider hitting another person to be a "criminal act of violence that would constitute a continuing threat to society".** The State gave an example of hitting her co-counsel as a proposed "act of criminal violence". Mr. Patterson said that he did not consider it as such in the context of the serious nature of the special issue. Yet, the defendant believes the record will reflect that Juror No. 4, Kelly McDonald, responded to that example by saying, "not a fist fight. I would put that person in special housing." Likewise, Juror No. 6, Guy Ferreira, a white juror, responded to the example by saying he would limit acts of violence to those where someone "is injured or hurt." There is no significant difference in what Mr. Patterson said regarding criminal acts of violence than that of these two white jurors.

d. **That he mentioned "jury nullification".** Defendant concedes that no other juror mentioned jury nullification. It is Defendant's recollection that Mr. Patterson mentioned the term "jury nullification" in response to defense counsel's explanation

that, in times past, there was no mitigation special issue through which a jury could exercise mercy for a guilty defendant who they thought might be a future danger. Mr. Patterson obviously saw a parallel between the mitigation special issue and what he considered to be "jury nullification". In its explanation the State says that the mere mention of the term "scared" one of the attorneys for the State. The State surmises that Mr. Patterson is either a very smart juror or has had a conversation about jury nullification. Both frightening prospects, indeed. Juror No. 1, Jerome Williams, a white juror, is a trained litigation paralegal who, most likely, is familiar with "jury nullification". Likewise, Juror No. 4, Kelly McDonald, is an attorney who has represented defendants in death penalty habeas cases. She surely knows about jury nullification, even if she didn't mention it. Yet, the State accepted both these white jurors with legal training.

e. **That he might consider poverty, no parental control, gang membership, etc. to be mitigating factors.** The law requires that jurors consider the character, background and moral culpability of the defendant to be a qualified juror. The record will reflect that all of the jurors who sit on the jury said they could consider mitigating evidence. Juror No. 8, William Stinson, a white juror, specifically stated the could consider young age, voluntary intoxication, life history, history of abuse, follower rather than leader and lack of violent criminal history to be mitigating factors. Yet, the State accepted him as a juror. It is the defendant's belief that the record will show that several others now on the jury expressed a willingness to consider some or all of

these very things without the State striking them.

f. **That he has been a jury foreman on two occasions.** The defendant concedes that no other juror shares this history. When prospective jurors complete a seventeen-page questionnaire and undergo a one and one-half hour interview it would be a dull prosecutor indeed who could not find one fact about a juror not shared by any of the others. It is for the Court to decide if being qualified as a juror in two separate cases, and serving honorably as foreman of those juries, is sufficient reason to strike such a person from all future jury panels.

The Court in *Greer* found it significant that the State in that case struck 100% of the African-American jurors. That Court referenced *Miller-El* in stating, "This remarkably disproportionate use of peremptory strikes weighs heavily in our analysis." The Supreme Court in *Miller-El* stated that striking 10 of 11 available African-Americans was "remarkable" and not likely caused by "[h]appenstance."

The fact that the State's reasons for striking Mr. Patterson, in large part, applied to other panel members who were not struck is evidence of pretext. *See Miller-El, supra* and *Snyder v. Louisiana,* 128 S.Ct. 1203 (2008). The disparate-treatment evidence in this case is strongly reinforced by the State's extremely disproportionate use of peremptory strikes against African-Americans, just as it was in *Greer.*

For these reasons, Defendant again moves that the prospective juror, Robert Patterson, No. 930, be restored to the jury or, in the alternative, that the entire panel be struck and jury selection begin anew.

00547

Finally, Defendant does not intend to waive any *Batson* issues as to other minority jurors previously made and overruled by the trial court because they are not addressed individually herein.

Respectfully submitted,

BRADLEY K. LOLLAR
State Bar No. 12508700
1700 Commerce Street
Suite 450
Dallas, TX 75201

**ORIGINAL SIGNED BY**
 **DOUGLAS H. PARKS**

DOUGLAS H. PARKS
State Bar No. 15520000
321 Calm Water Lane
Holly Lake Ranch, TX 75765
(214) 521-2670
(903) 769-3465 - Telefax

KERI MALLON
State Bar No. 24049165
133 N. Industrial Blvd., LB2
Dallas, TX 75207-4399
(214) 653-3550
9214) 653-3539 - Telefax

*Counsel to James Broadnax*

00548

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Brief was hand delivered to counsel for the State on the 27th day of July, 2009.

ORIGINAL SIGNED BY
DOUGLAS H. PARKS

_____

DOUGLAS H. PARKS

00549

F08-24629

| State of Texas | § | Criminal District |
|---|---|---|
| v. | § | Court No. 2 of |
| James Garfield Broadnax | § | Dallas County |

## STATE'S RESPONSE TO BATSON CHALLENGE

At the request of the Court, the State provides the following response to the defendant's accusation that the State's peremptory strike against veniremember #930, Mr. Ronald Lee Patterson, was racially motivated.

### FACTS

Mr. Patterson was one of seven African-American veniremembers struck from the pool of forty-seven veniremembers qualified to serve on the defendant's jury. The State struck Mr. Patterson as well as the remaining six African-American veniremembers, and the defendant accused the State of purposeful racial discrimination. In a hearing conducted by the judges who presided over the voir dire proceedings,[1] the State disputed the defendant's accusation and enumerated at length the race-neutral reasons for each strike.

As to Mr. Patterson, in particular, the State asserted that it struck him for the following reasons:

(1)    he stated that he did not believe in the death penalty;

(2)    he served as the foreman on two criminal juries, one of which resulted in an acquittal for murder;

---

[1] Judges Webb Biard and Quay Parker presided over the voir dire proceedings in this case. Both are veteran district court judges who between them have several decades worth of experience presiding over the selection of death penalty juries.

1

00550

(3)    he did not believe that striking someone in the face was an act of criminal violence, and he would require the use of a gun or knife to classify an act as such;

(4)    he brought up the concept of jury nullification; and

(5)    he described a set of facts very similar to those in the instant case as sufficiently mitigating to warrant a life sentence.

Finding the State's reasons for all of its strikes against African-American veniremembers were both race-neutral and credible, not pretextual, the voir dire judges determined that the State did not purposely discriminate against Mr. Patterson or any of the other African-American veniremembers. The Court subsequently decided, however, to revisit the issue as it relates to Mr. Patterson and asked the parties to brief their positions.

## LAW

The exercise of peremptory strikes on the basis of a veniremember's race is constitutionally and statutorily prohibited. *Batson v. Kentucky*, 476 U.S. 79, 86 (1986); TEX. CODE CRIM. PROC. ANN. art. 35.261(a) (Vernon 2006). When challenging the motivation behind the State's exercise of a strike, a defendant bears the burden of demonstrating by a preponderance of the evidence that the venireperson was purposely excluded because of his race. If the defendant produces such evidence, the burden of production then shifts to the State to present a "race-neutral" explanation for the strike. A race-neutral explanation rebuts the presumption of discrimination and shifts the burden of persuasion to the defendant. The defendant must then convince the trial court that the State's

2

00551

explanation was a pretext for a racially motivated strike. *Watkins v. State*, 245 S.W.3d 444, 447 (Tex. Crim. App. 2008). In other words, the defendant must prove that the State's explanation was a sham.

The plausibility of the State's explanation is solely a question of fact for the trial court to resolve. *Id*. The court may consider its past experience with the prosecutor. *Morris v. State*, 940 S.W.2d 610, 612 (Tex. Crim. App. 1996). The court may also consider the following:

(1) whether the reason given for the strike is unrelated to the facts of the case;

(2) whether there was a lack of questioning of the challenged venireperson or a lack of meaningful questioning;

(3) whether other venirepersons with the same or similar characteristics as the challenged venireperson were not struck, i.e., disparate treatment;

(4) whether the challenged venireperson was questioned in a manner designed to elicit a certain response without asking the same question to other venirepersons, i.e., disparate questioning; and

(5) whether the explanation for the strike is based on a group bias and that group trait is not shown to apply to the challenged venireperson.

*Whitsey v. State*, 796 S.W.2d 707, 713-14 (Tex. Crim. App. 1989).

Ultimately, however, the question for the trial court is not whether the reason offered is suspect, weak, or irrational, but whether the prosecutor is telling the truth in asserting that the strike is not race-based. *United States v. Montgomery*, 210 F.3d 446, 453 (5th Cir. 2000).

3

00552

**DEFENDANT FAILS TO PROVE STATE'S STRIKE WAS RACIALLY MOTIVATED**

In the instant case, the defendant's accusation rests predominantly on the fact that the State used several of its strikes to eliminate all seven of the African-American veniremembers from the qualified pool. While this fact supports an inference of purposeful discrimination, this inference only begins the inquiry. The State rebutted the inference with several race-neutral reasons for striking Mr. Patterson. Thus, it became the defendant's burden to demonstrate that the State's reasons were contrived. On this point, the defendant falls far short of the mark.

The numerous race-neutral reasons the State offered for striking Mr. Patterson were related to the case at hand and supported by the record. In contrast, the defendant fails to demonstrate disparate treatment, disparate questioning, or any other evidence refuting the legitimacy of the State's explanation.

First and foremost, Mr. Patterson is objectionable to the State because he is not in favor of the death penalty. In particular, Mr. Patterson stated, "I would put the death penalty in the same category I would put abortion in this sense. I take issue with – I don't believe that I am in favor of the death penalty . . . I don't believe that I am in favor of abortion. But each is the law and I accept each of them." The fact that Mr. Patterson's questionnaire did not reflect such discomfort with the death penalty rendered him no more palatable to the State. Indeed, the State struck every juror, regardless of race, who expressed a similar disfavor or

4

00553

disbelief in the death penalty in either their questionnaire or during questioning. And Mr. Patterson, who interrupted defense counsel's examination to correct the misimpression that he favored the death penalty, indicated his feelings on the matter were stronger than those of other like-minded veniremembers. *See Camacho v. State*, 864 S.W.2d 524, 529 (Tex. Crim. App. 1996) (holding venireperson's statement that he did not believe in death penalty but could assess it under proper facts and circumstances constituted a legitimate, race-neutral reason for State's strike).

Additionally, Mr. Patterson brought up the concept of jury nullification during the defense's questioning about the mitigation special issue. The concept itself – a jury's power to disregard the law in arriving at a verdict - sends a shiver up the spine of the most stalwart prosecutor. Most jurors are unfamiliar with the concept, and even fewer can put a name to it. Mr. Patterson was not only familiar with it by name, it was he who first mentioned it. His unsolicited, spontaneous reference to it certainly gave the State cause for concern.

Mr. Patterson also stated that he would not consider a "smack to the face" a criminal act of violence. He would require use of a gun or knife to elevate an act to one of criminal violence. As the defense noted, other veniremembers made similar statements about how they would define an act of criminal violence. However, disparate treatment cannot automatically be imputed to every situation where one of the State's reasons for striking a veniremember would technically apply to other veniremembers who the State found acceptable. *Adanandus v.*

5

00554

*State,* 866 S.W.2d 210, 224-25 (Tex. Crim. App. 1993).

"The decision to strike a particular venireperson is not susceptible to rigid quantification; rather, it is a fluid process, often hinging on the interaction of a number of variables and permutations. It is unlikely that two venirepersons on one panel will possess the same objectionable attribute or character trait in precisely the same degree. Such qualitative distinctions may cause a prosecutor to challenge one venireperson and not the other." *Cantu v. State,* 842 S.W.2d 667, 689 (Tex. Crim. App. 1992) (citations omitted). Thus, all of the State's reasons for striking Mr. Patterson must be reviewed together, in their entirety, considering the interaction of those characteristics. When viewed in this context, none of the veniremembers possessed the same combination of negative attributes as Mr. Patterson.

In addition to the above-mentioned reasons, Mr. Patterson was the only juror who had previously served as foreman, and he played this role on two criminal juries. Moreover, one of those occasions was a murder case that resulted in an acquittal. Mr. Patterson's history of leading a jury to an acquittal certainly set him apart from the rest of the qualified jury pool.

Lastly, when asked what factors he would consider mitigating, Mr. Patterson described a factual scenario very similar to the facts of the instant case. In particular, he said, ". . . [I]f someone grew up in a neighborhood crime infested and no parental or adult control. They got involved with a gang early on. It's the only family they knew. They have simply had a history of criminal

6

activities. There have been no attempts for anyone to try and help this individual. I cannot blame that individual 100 percent for the circumstances they find themselves in." *See Shuffield v. State*, 189 S.W.3d 782, 785-86 (Tex. Crim. App. 2002) (holding State's peremptory strike justified as race-neutral where veniremember stated he considered drug and alcohol use mitigating and State expected defensive theory to be that defendant was an addict who was high at the time of the offense).

Overall, Mr. Patterson is an experienced jury foreman who is opposed to the death penalty, cognizant of the jury's power to disregard the law, inclined to equate future dangerousness with only extreme acts of violence, and predisposed toward the defense's mitigation theory. Such a combination hardly favors the State and certainly lends credibility to the State's race-neutral explanation for striking Mr. Patterson. The State's explanation is further buttressed by the fact that Mr. Patterson's most objectionable comments were not solicited by the prosecutor. They were spontaneously offered by Mr. Patterson during defense counsel's examination, dispelling any suggestion of disparate questioning by the State.

The State recognizes that the Court's decision to revisit the exclusion of Mr. Patterson was prompted by the recent Batson reversal in *Greer v. State*, No. 05-08-00146-CR, 2009 Tex. App. LEXIS 2046 (Tex. App. – Dallas June 9, 2009). However, *Greer* is neither factually nor legally controlling in the instant case. The precedential value of *Greer* is, at best, uncertain, given that the State

7

00556

Prosecuting Attorney's Office plans to file a petition for discretionary review in the Court of Criminal Appeals challenging the decision. Moreover, the facts and circumstances in *Greer* are inapposite to those in the instant case. In *Greer*, the State only exercised strikes against African-Americans, and the record failed to fully reflect and support the explanations for those strikes. The only similarity between *Greer* and the instant case is the fact that the State's strikes eliminated all African-Americans from the jury. The law is well-settled that this fact alone is insufficient to sustain a Batson challenge. Rather, a full inquiry into the credibility of the State's explanations is required. In the instant case, such an inquiry patently refutes any inference of purposeful racial discrimination against Mr. Patterson or any other African-American veniremember.

Throughout the voir dire proceedings in this case, the State's primary concern was the selection of jurors who can not only follow the law and their oath, but who can assess the death penalty based on the evidence they are expected to hear. It was this concern alone which motivated *all* of the State's strikes in this case. While the State is keenly aware of the racial composition of the instant jury, the law only prohibits exclusion from the jury on the basis of race. It does not demand that the State accept otherwise objectionable jurors in the interest of a more racially diverse jury.

For all the foregoing reasons, the State asks the Court to find that the defendant has failed to prove that the State's strike against Mr. Patterson was racially motivated.

8

00557

Respectfully submitted by,

*Lisa Smith*

Lisa Smith (SBN 00787131)
Assistant District Attorney
Frank Crowley Courts Bldg.
133 N. Industrial Blvd., LB-19
Dallas, Texas 75207-4399
(214) 653-3630
(214) 653-3643 (fax)
lbsmith@dallascounty.org

Craig Watkins
Criminal District Attorney
Dallas County, Texas

### Certificate of Service

The State emailed a copy of the foregoing response to defendant's counsel, Doug Parks, at dough@aol.com, and Brad Lollar, at bklollar@sbcglobal.net, on July 27, 2009. The State also personally served counsel on the same date.

*Lisa Smith*

Lisa Smith

9

00558

F08-24629

| | | |
|---|---|---|
| STATE OF TEXAS | § | CRIMINAL DISTRICT |
| V. | § | COURT NO. OF |
| JAMES GARFIELD BROADNAX | § | DALLAS COUNTY, TX |

## STATE'S TRIAL BRIEF ON
## THE ADMISSIBILITY OF INTOXICATION EVIDENCE

At the request of the Court, the State provides the following argument and authority regarding the admissibility of intoxication evidence in this trial for capital murder.

### I.
### PENAL CODE § 8.04

#### Voluntary Intoxication is Irrelevant to Guilt

Texas Penal Code § 8.04(a) states unequivocally that voluntary intoxication does not constitute a defense to the commission of a crime. TEX. PENAL CODE ANN. § 8.04(a) (Vernon 2003). Neither can evidence of voluntary intoxication support a conviction for the lesser-included offense of murder by negating the element of specific intent required for capital murder. See Raby v. State, 970 S.W.2d 1, 6 (Tex. Crim. App.), cert. denied, 525 U.S. 1003 (1998). Therefore, it is irrelevant to the guilt phase of a trial.

Evidence of (1) involuntary intoxication which (2) rises to the level of insanity (i.e., he did not know his conduct was wrong) is a defense. See TEX. PENAL CODE ANN. § 8.04(b) (Vernon 2003); Mendenhall v. State, 77 S.W.3d 815, 817 (Tex. Crim. App. 2002). However, Texas courts have regularly held that

1

00559

alcoholism may not be the basis for an involuntary intoxication defense. *Shurbet v. State*, 652 S.W.2d 425, 428 (Tex. App.--Austin 1982, no pet.); *Heard v. State*, 887 S.W.2d 94, 98 (Tex. App.--Texarkana 1994, pet. ref'd) (rejecting notion that, to an alcoholic, drinking is involuntary); *cf. Martinez v. State*, No. 04-95-00032-CR, 1996 Tex. App. LEXIS 1175, at *10, 1996 WL 134969, at *3 (Tex. App.--San Antonio Mar. 27, 1996, no pet.) (not designated for publication).

Intoxication is involuntary if the person who ingests a substance is unaware that it is an intoxicant, if the person is medically prescribed to take the substance, or if the person ingests the substance due to force or duress. *Martinez*, at *9-10 (citing *Heard*). Evidence of an addiction does not warrant an instruction on involuntary intoxication. *Rassner v. State*, 705 S.W.2d 798, 800 (Tex. App. – Houston [14th Dist.] 1986, pet. ref'd); *Watson v. State*, 654 S.W.2d 730, 732 (Tex. App.--Houston [14th Dist.] 1983, no pet.).

Thus, voluntary intoxication is irrelevant to guilt under § 8.04. Although involuntary intoxication may give rise to an insanity defense if it shows the defendant did not know his conduct was wrong, Broadnax may not rely on evidence of an addiction to show involuntary intoxication.

## II.
## DIMINISHED CAPACITY DOCTRINE

### *The diminished capacity doctrine does not override § 8.04*

The State understands Broadnax to argue that, irrespective of § 8.04, his evidence of voluntary intoxication and addiction is admissible at guilt under the

2

00560

court-made doctrine of diminished capacity. The diminished capacity doctrine is an evidentiary rule that permits a defendant to offer evidence of mental disease or defect short of insanity if it negates the culpable mental state. *Jackson v. State*, 160 S.W.3d 568, 573-574 (Tex. Crim. App. 2005).

This diminished capacity rule is not a "defense" or "affirmative defense," i.e., it is not some lesser form of insanity. *Id*. A "defense" or an "affirmative defense" is an excuse or justification used by a defendant to avoid criminal liability by establishing certain facts (duress, entrapment, or insanity, for example) unrelated to the elements of the offense that the State is required to prove. As such, the State is not required to negate the existence of a "defense" or an "affirmative defense" in the indictment. *See* TEX. PENAL CODE ANN. §§ 2.03(b), 2.04(b) (Vernon 2003).

On the other hand, diminished capacity evidence is evidence that negates or reduces an element in the indictment, specifically, the mental state or mens rea. The diminished capacity rule allows a defendant to show he is not guilty--or guilty of a lesser included offense--by presenting evidence that he did not have the required culpable mental state due to some mental disease or defect. *See Jackson*, 160 S.W.3d at 573-574; *Ruffin v. State*, 270 S.W.3d 586, 593-594 (Tex. Crim. App. 2008) (stating that diminished capacity doctrine is an evidentiary rule that permits evidence of mental disease or defect offered to rebut or disprove the

3

00561

required mens rea).[1] An example of this might be a defendant, charged with a complicated financial crime, who is permitted to present evidence of mental retardation at guilt to show he did not have the mental state necessary to carry out the financial scheme alleged.

Other than insanity, the Texas Legislature has not enacted any "defenses" based on mental disease, defect, or abnormality. *Ruffin,* 270 S.W.3d at 593. Thus, Texas does not permit the exoneration of an offense or the reduction of an offense to a lesser one because of a person's supposed psychiatric compulsion, inability to engage in normal reflection or moral judgment, or impaired ability to reason through the consequences of his actions because of a mental disorder. *Id.*

The difference between using mental disease evidence under the diminished capacity rule to negate mens rea and using mental disease evidence as a "defense" or "affirmative defense" is critical to understanding Broadnax's argument. He argues that, since the language in § 8.04 prohibits the use of voluntary intoxication as a "defense," it necessarily permits voluntary intoxication to be used to negate his mental state, that is, as diminished capacity evidence.

But Texas courts weigh in against this argument, holding that diminished

---

[1]The *Ruffin* opinion also notes that this evidentiary rule is grounded in Texas law not federal law. *Ruffin,* at 595-596, n.28. The opinion recognizes that the United States Supreme Court has held that the states are not obligated under the federal due process clause to allow such evidence. *Clark v. Arizona,*548 U.S. 735 (2006) (holding that the due process clause does not require state courts to admit mental disease evidence offered for the purpose of rebutting *mens rea*).

4

00562

capacity evidence may be excluded on "special grounds," such as § 8.04. *Jackson*, 160 S.W.3d at 574 (holding that diminished capacity evidence may be excluded on special grounds); *see Ruffin*, 270 S.W.3d at 595 (holding that diminished capacity evidence may be excluded under other evidentiary rules); *e.g., Berry v. State*, No. 08-06-00176-CR, 2008 Tex. App. LEXIS 4755, *16-18 (Tex. App.—El Paso June 26, 2008, no pet.) (holding that voluntary intoxication is not relevant to negating the alleged mental state in trial for capital murder of a police officer because under § 8.04, voluntary intoxication cannot constitute any defense to a crime); *see Hernandez v. Johnson*, 213 F.3d 243 (5th Cir. 2000) (holding that evidence of voluntary intoxication does not negate the element of specific intent required for capital murder and citing *Raby*, 970 S.W.2d at 6).

On July 1, 2009, the Court of Criminal Appeals reaffirmed this interpretation of § 8.04(a), stating:

> "[E]vidence of [an] appellant's intoxication, if any, does not negate the elements of intent or knowledge"; and therefore when the evidence suggests that a defendant acted under the influence of a substance, the [8.04(a)] instruction operates to inform the jury that **the elements of the offense, including the requisite mental state, are *not* affected by any evidence of intoxication.**

*Sakil v. State*, No. PD-0971-08, 2009 Tex. Crim. App. LEXIS 879, at *13-14 (Tex. Crim. App. July 1, 2009) (bold emphasis added) (citing *Hawkins v. State*, 605 S.W.2d 586, 589 (Tex. Crim. App.1980)).

This holding could not be any clearer. The statute that prohibits the use of voluntary intoxication as a defense also prohibits the use of voluntary intoxication

00563

to negate elements of the offense.

In fact, the predecessor to penal code § 8.04 was passed by the legislature in 1881 specifically to override the common law use of drunkenness as diminished capacity-type evidence. *See Taylor v. State*, 885 S.W.2d 154, 155-156 (Tex. Crim. App. 1994). The Court of Criminal Appeals in *Taylor* noted that, prior to the statute, Texas courts considered evidence of intoxication

> not to excuse, justify, or mitigate the crime, but simply to throw light upon the mental status of the offender, to enable the jury to find out what crime had been committed; or rather, by proving the absence of the necessary constituents of the crime (such as malice, premeditation, intent, etc.) to show that no crime was committed.

*Id.* This is nothing more than a description of using intoxication as diminished capacity evidence, which the statute intended to override.

The Court explains that § 8.04 was passed to prevent defendants from relying on intoxication as an excuse for criminal responsibility. *Id.* at 156, n.4. The object of the statute "was to prevent parties from pleading their own wrong, after voluntarily placing themselves under the influence of drink, and becoming a terror to the community, or a menace to other citizens." *Id.* The underlying principle "is that a sane man, who voluntarily puts himself in such a condition as to have no control over his will or actions, must be held to intend the consequences springing therefrom." *Id.* Thus, Broadnax cannot seek to use intoxication to defeat the State's proof of intent.

6

00564

## III.
### CONCLUSION

Prior to 1881, Texas common law allowed intoxication as diminished capacity-type evidence at guilt--not to excuse or justify a crime--but to defeat the elements alleged or show that no crime or a lesser crime had been committed. The purpose of penal code § 8.04 and its predecessor was to eliminate this practice. Thus, intoxication is relevant to guilt only if a defendant shows it was involuntary and caused him to be insane. Otherwise, it is admissible at punishment only.

## IV.
### SERVICE

The State emailed a copy of this Trial Brief to Doug Parks, doughparks@aol.com, and Brad Lollar, bklollar@sbcglobal.net, counsel for James G. Broadnax, on July 28, 2009.

Respectfully submitted,

Craig Watkins
Criminal District Attorney
Dallas County, Texas

Kim Schaefer, Bar No. 00784910
Lisa Smith, Bar No. 00787131
Assistant District Attorneys
133 N. Industrial Blvd., LB 19
Dallas, Texas 75207
(214) 653-3625
(214) 653-3643 *fax*
kschaefer@dallascounty.org

7

00565

CAUSE NO. F08-24667-Y

**FILED**

2009 JUL 30 PM 12: 07

GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO., TEXAS

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE CRIMINAL |
| | § | |
| VS. | § | DISTRICT COURT # 7 _____DEPUTY |
| | § | |
| JAMES GARFIELD BROADNAX | § | OF DALLAS COUNTY, TEXAS |

---

**DEFENDANT'S TRIAL BRIEF
REGARDING DIMINISHED CAPACITY**

---

Per the Court's request, the Defendant provides the following argument and authority

regarding the issue of diminished capacity as it pertains to the trial of James Garfield Broadnax.

I.

The Indictment and Legal Definitions

The indictment in this case reads in relevant part that "the defendant *intentionally* caused

the death of the complainant...."

Article 6.03 (a) of the Texas Penal Code defines intentional as:

"A person acts intentionally, or with intent, with respect to the nature of his

conduct or to a result of his conduct when it is his **_conscious_** objective or desire to

engage in the conduct or cause the result. (emphasis added.)

Article 38.36 of the Code of Criminal Procedure states:

"Evidence in Prosecutions For Murder"

In all prosecutions for murder, the state of the defendant shall be permitted to

00566

offer testimony as to all relevant facts and circumstances surrounding the killing ...,

together with ***all relevant facts and circumstances going to show the condition of the***

***mind of the accused at the time of the offense."***. (emphasis added)

II.

The facts in this case.

The evidence in this case that the Court has heard includes the following:

1)      That upon initial screening at the Dallas County Jail, the defendant is referred to

the psychiatric department for evaluation.

2)      That upon psychiatric evaluation, the defendant state that he had come to the jail

under the influence of "wet blunts" (marijuana soaked in PCP and/or embalming

fluid), which he says he smoked 2-3 days earlier, i.e., the day of the murders. The

psych assessor and psychiatrist note that the defendant is experiencing auditory

hallucinations and is delusional. He is ordered to be kept in a Closed Behavioral

cell within the psych ward of the jail. He is diagnosed with "polysubstance

induced psychosis", which later resolves into schizoaffective disorder psychosis.

3)      During interviews with television media reporters, the defendant makes the

following statements regarding the murders:

To reporter Steve Pickett:

"I blanked out, I blanked the fuck out. Everything went colors.

Like, nigger, I went psycho or something."

To reporter Shaun Rabb:

"I blanked out. I went in that mode. I don't know what the fuck it

00567

was. I blanked out."

To reporter Ellen Goldberg:

"I just blanked out."

4)    The Court has heard testimony from defense expert witness Dr. John Roache, who told the Court that in his opinion, the defendant, at the time of the murders, was under the influence of "wet blunts." and that PCP/embalming fluid can cause homicidal aggression in the user.  Dr. Lance Platt has expressed that a user can experience "synesthesia" while under the influence of PCP, where reality becomes distorted and the user's sees what he is experiencing in colors.  The synestiesia that the defendant expressed is evidence that at the time of the murders, his mind was altered by the use of the PCP.  Dr. Roache also told the Court that it was his opinion that the PCP triggered an underlying mental illness that the defendant had prior to his usage of PCP on the night in question, and that explains why his diagnosis of substance-abuse- induced psychosis has now been replaced with schizoaffective disorder psychosis.  This opinion is bolstered in the jail medical records, which reflect that the defendant reported pre-existing auditory hallucinations prior to his use of wet.

III.

The law of diminished capacity in Texas.

The issue of diminished capacity is not a defense.  It is a "lack of proof" argument to show that the State has failed to prove that at the time of the murder the defendant had the mental capacity to form a conscious objective or desire to cause the death of the complainant, therefore, that the State has not proven that the defendant acted intentionally.  This type of evidence is

00568

admissible under Texas law to negate the necessary mens rea of the offense.

Under *Jackson v. State*, 160 S.W. 3rd. 568 (Tex. Crim. App. 2005), the Court of Criminal Appeals states:

"The court of appeals correctly stated that Texas does not recognize diminished capacity as an affirmative defense, i.e., a lesser form of the defense of insanity. In contrast, the diminished capacity doctrine at issue in this case is simply a failure of proof defense in which the defendant claims that the State failed to prove that the defendant had the required state of mind at the time of the offense."

In *Ruffin v. State*, 2008-TX-1211.351 (Tex. Crim. App. 2008) the Court states: "We reaffirm our decision in *Jackson v. State* and hold that both lay and expert testimony of a mental disease or defect that directly rebuts the particular *mens rea* necessary for the charged offense is relevant and admissible unless excluded under a specific evidentiary rule." " We repeat and reaffirm our holding in *Jackson* that 'relevant evidence may be presented which the jury may consider to negate the *mens rea* element. ... We quoted article 38.36 in *Jackson* for the unremarkable proposition that both the State and defendant may offer testimony as to "all relevant facts and circumstances going to show the condition of the mind of the accused at the time of the offense.' This is one of the few Texas statutes that explicitly state the obvious: evidence offered by either the defense or prosecution is relevant (and presumptively admissible) to prove or disprove the pertinent *mens rea* at the time of the offense.'"

00569

IV.

Federal Authority as it applies to Diminished Capacity.

The United States Supreme Court, in *Clark v. Arizona*, 548 U.S. (2006), held that " A defendant has a due process right to present evidence favorable to himself on an element that must be proven to convict him. Evidence tending to show that a defendant suffers from mental disease and lacks capacity to form *mens rea* is relevant to rebut evidence that he did in fact form the required *mens rea* at the time in question."

V.

The Effect of Texas Penal Code Sec. 8.04 (a)

on Diminished Capacity.

The defendant certainly recognizes the existence of Sec. 8.04 (a), which states that "Voluntary intoxication does not *constitute a defense* to the commission of crime." , but the evidence we would present to the jury, as outlined above, is not offered in an attempt to raise a defense to the defendant's actions. It goes merely to rebut and negate the culpable mental state of the defendant at the time of the commission of the offense. These are two different things.

The defendant has a right in a criminal prosecution, under the Fifth and Fourteenth Amendments of the United States Constitution, Article I, Sections 13 and 19 of the Constitution of the State of Texas, and Article 38.36 of the Code of Criminal Procedure, to offer evidence to the jury as to the condition of the mind of the defendant at the time of the commission of the offense in an attempt to disprove or negate the *mens rea* necessary to commit the offense.

00570

VI.

The Effect of the *Sakil* Decision.

The State in its brief to the Court relies heavily on the decision of the Court of Appeals in *Sakil v. State*, 2009-TX-0702.522 (Tex. Crim. App. 2009) in asking that the court disallow evidence of the defendant's state of mind at the time of the commission of the offense. The State's reliance on this case is misplaced.

*Sakil* involved a very narrow point of law: whether a trial judge abused his discretion in making a *sua sponte* decision, over defense objection, to include the voluntary-intoxication instruction in the jury charge of an assault case. The Court of Appeals ruled that he did; the Court of Criminal Appeals ruled that he did not. That is all that this case stands for.

This case does not, and should not to be considered to have, overruled, superceded or amended the Court's well-established standard reflecting that diminished capacity evidence as it relates to the defendant's *mens rea* is admissible in the guilt/innocence phase of a trial, as the Court of Criminal Appeals has clearly said in *Jackson* and *Ruffin*. Indeed, the Court's decision in *Sakil* does not even cite or refer to *Ruffin* or *Jackson*.

00571

VII.

Conclusion.

James Garfield Broadnax  has a right under the federal and state constitutions and under state law to present evidence to the jury regarding the condition of his mind and his mental state at the time of the commission of the offense.  This evidence necessarily is relevant to the jury's consideration of the defendant's culpable mental state in determining whether the defendant is guilty of the offense of capital murder.  The Court should allow the evidence to be admitted in the guilt/innocence phase and should allow counsel to argue its relevance to the jury.

Respectfully admitted,

Bradley K. Lollar
Attorney for the Defendant
State Bar No. 12508700
1700 Commerce Street, Suite 450
Dallas, Texas 75201
Tel. (214) 384-8178
bklollar@sbcglobal.net

00572

## CERTIFICATE OF SERVICE

The defendant has emailed a copy of the brief to Kim Schaefer, Dallas County Assistant District Attorney Kim Schaefer at kschaefer@dallascounty.org on the 29th day of July, 2009.

Bradley K. Lollar

00573

# Vinson&Elkins

Daniel L. Tobey  dtobey@velaw.com
Tel 214.220.7848  Fax 214.999.7848



July 28, 2009

**VIA HAND DELIVERY**

Lisa Matz, Clerk of the Court
Fifth Court of Appeals
George L. Allen, Sr. Courts Bldg.
600 Commerce Street, 2nd Floor
Dallas, TX  75202-4658

     Re:   *In re Ellen Goldberg, Relator*

Dear Ms. Matz:

Enclosed are one original and four (4) copies of the Petition for Writ of Mandamus and one original and two (2) copies of the Record in Support of the Petition for Writ of Mandamus. Also enclosed is a check for $125.00 for the filing fee. Please return file marked copies to the courier who has been instructed to wait.

Thank you for your assistance in this matter. If you have any questions, please do not hesitate to contact me.

Sincerely,

Daniel L. Tobey

Enclosures
US 12168v1
c w/enclosures:

The Honorable Michael R. Snipes (*via hand delivery*)
Laura Lee Prather, Esq. (*via U.S. Mail & e-mail pdf*)
Brian A. Calhoun, Esq. (*via hand delivery*)
Paul C. Watler, Esq. (*via hand delivery*)
David Alex, Esq. (*via hand delivery*)
Brad Lollar, Esq. (*via hand delivery*)

**Vinson & Elkins LLP Attorneys at Law**
Abu Dhabi  Austin  Beijing  Dallas  Dubai  Hong Kong  Houston
London  Moscow  New York  Shanghai  Tokyo  Washington

Trammell Crow Center, 2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
Tel 214.220.7700  Fax 214.220.7716  www.velaw.com

00574



**GREYHOUND**

*Facsimile*

| Date: | July 17, 2009 |
|-------|---------------|
| To: | Leonard Clemens |
| | Dallas County Public Defender's Office |
| Fax: | 214-653-3539 |
| | |
| Pages: | 28 |
| Subject: | State of Texas vs. James Broadnax, Cause No. F0824667 |

350 N. St. Paul Street
Dallas, TX 75201
Telephone 972-789-7420
Facsimile 972-789-7403

X    In accordance with the above, a search of the records of Greyhound Lines, Inc. has been conducted, and ATTACHED ARE THE RESULTS of our research.

___    In accordance with the above, a search of the records of Greyhound Lines, Inc. has been conducted and NO RECORDS WERE FOUND (see below).

X    Other/Comments:

Attached are images of travel coupons and front and back of ticket envelopes in which they were placed by the drivers for all travel that could be documented of Broadnax from January through May 2008.

Sincerely,

Doris Sivernell
Custodian of Records
972-789-7159

## *****IMPORTANT*****

Greyhound Lines, Inc. takes passengers' names only; we do not require presentment of I.D. to buy a ticket or board the bus; our tickets are transferable and a ticket does not need to be used for the travel schedule(s) purchased. In most cases, the bearer of a bus ticket is permitted to travel on Greyhound and we honor other bus providers' tickets.

## NO RECORDS FOUND:

If the
ticket sales transaction does not appear for the passenger name search requested, **THIS IS NOT ALWAYS PROOF THAT THE PASSENGER DID NOT BUY A TICKET OR TRAVEL.**

The Information Technology Services Department of Greyhound Lines, Inc. maintains records by passenger name ONLY FOR TICKETS ISSUED BY OUR ON-LINE TICKETING SYSTEM. We do not have passenger name records for sales by certain non-company agencies:

1. Some agencies are 'BUS STOP' agencies – no tickets are sold at these locations. Tickets would be sold at the next location capable of selling a ticket; and
2. Some agencies are 'OFFLINE' – this means that the agency issues MANUAL tickets (instead of utilizing Greyhound's central computerized booking system). Greyhound Lines, Inc. does not maintain records by passenger name for offline/manual sales.

00575



## Greyhound Lines, Inc.
### TRIP REPORT / TICKET COLLECTION ENVELOPE

**GREYHOUND**

**ENVELOPE NUMBER**

057 197 008

① OPERATOR NO. `3 3 6 7 7 .`    DRIVER FIRST INITIAL / LAST NAME `D` `B C A C K W E C C`

② SCHEDULE NO. `4 6 6 0`    SECTION NO. `1`    DEADHEAD NO.    SOBO NO.

③ DEPARTURE DATE MO `1` / DAY `1 7` / YEAR `0 8`    DEPARTURE TIME `6 : 3 0`    AM    PM ☑

④ DEPARTING LOCATION `N A S H V I L L G`    STATE `T N`

⑤ ARRIVING LOCATION `L O U I S V I L L G`    STATE `K Y`

⑥ BUS NO. `7 0 4 7`    MILES `1 7 6`    ATTN: **CHARTER DRIVER** After you dispatch, **discard** this envelope.

⑦ RENTAL BUS? YES ☐ NO ☐    RENTAL COMPANY

⑧ RENTAL DRIVER? YES ☐ NO ☐    RENTAL DRIVER

$$$ (no cash)

**DO NOT PUT CASH IN ENVELOPE**
**DO NOT USE TAPE OR STAPLES**

CHARTERS (crossed out)

E-7 (9/06)    PRINTED BY STANDARD REGISTER U.S.A.

00576

## ON AND OFF LOAD REPORT

| No. ON | CITY | OFF TALLY ↻ START OF DRIVER DIV. | No. OFF | AR | LV |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | LOU | III | | | |
| | | | | | |
| | | | | | |
| | BY | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

### VRU/LCE COUNTS AND PASSENGER CALCULATIONS

| Departing Location | Outbound LV BV N E S W | | | | | | Arriving Location | On | Inbound Off | Ar | BY |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1. | 35 | 52 | | | | | 1. | | | | |
| 2. | | | | | | | 2. | | | | |
| 3. | | | | | | | 3. | | | | |
| 4. | | | | | | | 4. | | | | |
| 5. | | | | | | | 5. | | | | |

### DRIVER'S REMARKS

### NORTH AMERICAN DISCOVERY / QUICKLINK PASSES

| COUNT | FROM | TO |
|---|---|---|
| | | |
| | | |

### A SEPARATE TRIP ENVELOPE IS NEEDED FOR EACH SCHEDULE OR BUS

00577

BOARDING #:          1

BROADNAX JAMES

17Jan08    01:45p

SCHD: GLI  1190

COUPON ORIG
MARIETTA      GA

*COUPON DEST*
LOUISVILLE   KY

TKT DEST
MUSKEGON     MI

CONF#:2462107201
10Jan08 04:44p
SOLD AT: 06109
1 2 3 4 5 6 7

## GREYHOUND LINES INC.

FROM: MARIETTA    GA   DEP: 17Jan08 01:45p
TO:   LOUISVILLE  KY   SCHED 1190       BOARDING # 1
ARR-10:40p 17Jan08     OW ADULT

7 DAY ADVANCE PURCHASE TICKET
NO TRAVEL DURING HOLIDAY PERIODS
NON-REFUNDABLE SUBJECT TO $10 EXCHANGE FEE
TICKET FOR SCHEDULE 1190/17Jan08

CONF#: 2462107201
06109  MARIETTA      GA
10Jan08 04:44p 51-34
MRTT001

FARE         $59.00
TAX             XX
TOTAL:       $59.00
CASH
AC
CA/CA                      TKT ORIG:MARIETTA    GA
MILES:      436  1007      TKT DEST:MUSKEGON    MI
COUPON      01 OF 03       TARIFF:  PFAP-7

0002555       001 01 29   15338875 9

00578

07/17/2009 FRI 15:23 FAX 972 789 7403 Greyhound Lines Legal ☑005/028



Case 3:15-cv-01758-N  Document 28-8  Filed 06/28/16  Page 42 of 256  PageID 1789

00579

### Greyhound Lines, Inc.

GREYHOUND

TRIP REPORT / TICKET COLLECTION ENVELOPE

**ENVELOPE NUMBER**

056 926 738

6/6 (21)

**OPERATOR NO.** 9073932
**DRIVER FIRST INITIAL / LAST NAME** G MEARS

1

**SCHEDULE NO.** 466
**SECTION NO.** 01
**DEADHEAD NO.**
**SOBO NO.**

2

**DEPARTURE DATE** MO 01 / DAY 17 / YEAR 08
**DEPARTURE TIME** 11 : 15
**AM** **PM** ✓

3

**DEPARTING LOCATION** LOUISVILLE
**STATE** KY

4

**ARRIVING LOCATION** DETROIT
**STATE** MT

5

**BUS NO.** 7647
**MILES** 370

**ATTN: CHARTER DRIVER**
After you dispatch, **discard** this envelope.

6

**RENTAL BUS?** YES ☐ NO. ✓
**RENTAL COMPANY**

7

**RENTAL DRIVER?** YES ☐ NO. ✓
**RENTAL DRIVER**

8

DO NOT PUT CASH IN ENVELOPE
DO NOT USE TAPE OR STAPLES

CHARTERS

E-7 (8/05)

PRINTED BY STANDARD REGISTER U.S.A.







**GREYHOUND**

**Greyhound Lines, Inc.**
TRIP REPORT / TICKET COLLECTION ENVELOPE
**ENVELOPE NUMBER**

**063 247 547**

▷1  OPERATOR NO. `6 0 4 6 8`   DRIVER FIRST INITIAL / LAST NAME `E  H A M M O N S`

▷2  SCHEDULE NO. `5 0 8 8`   SECTION NO. `0 1`   DEADHEAD NO.   SOBO NO.

▷3  DEPARTURE DATE  MO `0 1` / DAY `1 8` / YEAR `0 8`   DEPARTURE TIME `0 8 : 5 0`   AM ☒  PM

▷4  DEPARTING LOCATION `D e t r o i t`   STATE `M I`

▷5  ARRIVING LOCATION `M u s k e g o n`   STATE `M I`

▷6  BUS NO. `0 9 1 2`   MILES `1 9 8`

ATTN: **CHARTER DRIVER**
After you dispatch, **discard** this envelope.

▷7  RENTAL BUS?  YES ☐  NO ☐   RENTAL COMPANY

▷8  RENTAL DRIVER?  YES ☐  NO ☐   RENTAL DRIVER

DO NOT PUT **CASH** IN ENVELOPE
DO NOT USE **TAPE** OR **STAPLES**

**CHARTERS**

E-7 (9/06)   PRINTED BY CORPORATE EXPRESS

00582

## ON AND OFF LOAD REPORT

| No. ON | CITY | OFF TALLY | No. OFF | AR | LV |
|---|---|---|---|---|---|
| | | ↵ START OF DRIVER DIV. | | | |
| 1 | D.J | | | | 800 |
| 3 | S Fiell | 4 | | | 825 |
| 4 | E Lan | 3 - 1 | | | 950 |
| 3 | -) Lan | 4 - 1 - 1 | | | 1020 |
| 3 | D Respido | 6 - 1 - 1 | - 1 | - | -11 40 |
| | Musk | 11 - 1 | | | 1230 |
| | | 5 | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

## VRU/LCE COUNTS AND PASSENGER CALCULATIONS

| Departing Location | Outbound LV | BV | N E S W | Arriving Location | On | Inbound Off | Ar | BY |
|---|---|---|---|---|---|---|---|---|
| 1. | | | | 1. | | | | |
| 2. | | | | 2. | | | | |
| 3. | | | | 3. | | | | |
| 4. | | | | 4. | | | | |
| 5. | | | | 5. | | | | |

## DRIVER'S REMARKS

## NORTH AMERICAN DISCOVERY / QUICKLINK PASSES

| COUNT | FROM | TO |
|---|---|---|
| | | |
| | | |

## A SEPARATE TRIP ENVELOPE IS NEEDED FOR EACH SCHEDULE OR BUS

00583

# GREYHOUND LINES, INC.

FROM: DETROIT MI DEP: 18Jan08 08:00a

BOARDING #

TO: MUSKEGON MI SCHED 5088 9

ARR-12:30p 18Jan08 OW ADULT

---

7 DAY ADVANCE PURCHASE TICKET
NO TRAVEL DURING HOLIDAY PERIODS
NON-REFUNDABLE SUBJECT TO $10 EXCHANGE FEE
TICKET FOR SCHEDULE 5088/18Jan08

CONF#: 2462107201

06109 MARIETTA GA

FARE $59.00 10Jan08 04:44p 5134

TAX XX MRTT001

TOTAL: $59.00

CASH

AC:

CA/CA GA

MILES: 194 1007 TKT ORIG:MARIETTA

COUPON 03 OF 03 TKT DEST:MUSKEGON MI

TARIFF: PFAP-7

0001136 001 03 29 15338875 9

00584



LL IMPROVE PROCESSING EFFICIENCIES AND COST

## Greyhound Lines, Inc.

GREYHOUND

TRIP REPORT / TICKET COLLECTION ENVELOPE

ENVELOPE NUMBER

057 163 580

**OPERATOR NO.** 1 2 3 9 6 5   **DRIVER FIRST INITIAL / LAST NAME** A S P E A R S

**SCHEDULE NO.** 7 3 1 0   **SECTION NO.** 0 1   **DEADHEAD NO.**   **SOBO NO.**

**DEPARTURE DATE** MO 0 2 / DAY 2 2 / YEAR 0 8   **DEPARTURE TIME**   AM   PM

**DEPARTING LOCATION** MEMPHIS   **STATE** TN

**ARRIVING LOCATION** NASHVILLE   **STATE** TN

**BUS NO.** 6 5 3 2   **MILES** 2 1 6

ATTN: CHARTER DRIVER
After you dispatch, discard this envelope.

**RENTAL BUS?** YES ☐ NO ☒   **RENTAL COMPANY**

**RENTAL DRIVER?** YES ☐ NO ☒   **RENTAL DRIVER**

SS/SS   DO NOT PUT CASH IN ENVELOPE
DO NOT USE TAPE OR STAPLES   CHARTERS

E-7 (9/06)   PRINTED BY STANDARD REGISTER U.S.A.

00585



00586



NBTA 0043

**GREYHOUND LINES, INC.**

FROM: MUSKEGON      MI      DEP: 01May08  07:05a

TO:   GRAND RAPIDS MI      SCHED 5095      BOARDING #

ARR-07:55a 01May08      OW ADULT      7

CANCELLATION FEE 20% WHEN VALID FOR REFUND

TICKET FOR SCHEDULE 5095  /01May08

REISSUE

```
FARE          $150.00        CONF#: 2949991801
TAX               XX         07501  MUSKEGON      MI
TOTAL:        $150.00        01May08 06:30a 1:25
   ONLINE REISSUE            MUST001
AC                           RISS ORIG:MUSKEGON     MI
RI/RI                        RISS DEST:DALLAS       TX
MILES:        47  1274       ORIG FARE:150.00
COUPON       01 OF 05        TKT ORIG:MUSKEGON      MI
                             TKT DEST:DALLAS        TX
                             TARIFF:  MII
0000553      001 01 25  19650933 8
```

00587





## Greyhound Lines, Inc.

### TRIP REPORT / TICKET COLLECTION ENVELOPE
### ENVELOPE NUMBER

**GREYHOUND**

063 241 024

| OPERATOR NO. | DRIVER FIRST INITIAL / LAST NAME |
|---|---|
| 7 4 5 3 2 | N  C O B B |

▷① 

| SCHEDULE NO. | SECTION NO. | DEADHEAD NO. | SOBO NO. |
|---|---|---|---|
| 5 0 9 5 | 6 1 | | |

▷②

| DEPARTURE DATE MO / DAY / YEAR | DEPARTURE TIME | AM | PM |
|---|---|---|---|
| 0 5 / 0 1 / 0 8 | 0 7 : 0 5 | X | |

▷③

**DEPARTING LOCATION**  M U S K E G O N    **STATE** M I ▷④

**ARRIVING LOCATION**  D E T R O I T    **STATE** M I ▷⑤

| BUS NO. | MILES |
|---|---|
| 0 0 7 3 | 1 9 8 |

▷⑥

ATTN: **CHARTER DRIVER**
After you dispatch, **discard** this envelope.

**RENTAL BUS?**  YES ☐  NO ☐  RENTAL COMPANY ▷⑦

**RENTAL DRIVER?**  YES ☐  NO ☐  RENTAL DRIVER ▷⑧

**DO NOT PUT CASH IN ENVELOPE**
**DO NOT USE TAPE OR STAPLES**

**CHARTERS**

E-7 (9/06)    PRINTED BY CORPORATE EXPRESS

00589



## ON AND OFF LOAD REPORT

| No. ON | CITY | OFF TALLY | No. OFF | AR | LV |
|--------|------|-----------|---------|-----|-----|
| 10 | Muskegon | ⟲ START OF DRIVER DIV. | | | 7:05 |
| 10 | Grd. Rapids | ℕ I | 6 | 7:55 | 8:05 |
| 5 | Lansing | ℕ II | 5 | 9:20 | 9:25 |
| 8 | E. Lansing | | 0 | 9:35 | |
| 0 | Sfld | ℕ I | 6 | 11:00 | |
| | Detroit | ℕ ℕ ℕ I | 16 | 11:25 | |
| | | | | | |
| | | | | | |

## VRU/LCE COUNTS AND PASSENGER CALCULATIONS

| Departing Location | Outbound LV | BV | N E S W | Arriving Location | On | Off | Ar | BY |
|--------------------|-------------|-----|---------|-------------------|-----|-----|-----|-----|
| 1. | | | | 1. | | | | |
| 2. | | | | 2. | | | | |
| 3. | | | | 3. | | | | |
| 4. | | | | 4. | | | | |
| 5. | | | | 5. | | | | |

## DRIVER'S REMARKS

## NORTH AMERICAN DISCOVERY / QUICKLINK PASSES

| COUNT | FROM | TO |
|-------|------|-----|
| | | |

### A SEPARATE TRIP ENVELOPE IS NEEDED FOR EACH SCHEDULE OR BUS

00590

## ON AND OFF LOAD REPORT

| No. ON | CITY | OFF TALLY | No. OFF | AR | LV |
|--------|------|-----------|---------|-----|-----|
| 42 | CHO | ⟲ START OF DRIVER DIV. | | | 6.35 |
| 3 | 95H | | | 7.4 | |
| 1 | MARKHam | | | 7.20 | |
| | R-S. | | | 9.25 | 9.40 |
| | SLZ | ||||| ||||| ||| |||| | | 12.10 | |
| | By | |||| |||| |||| |||| ||||| | | | |

### VRU/LCE COUNTS AND PASSENGER CALCULATIONS

| Departing Location | Outbound LV | BV | N E S W | Arriving Location | On | Inbound Off | Ar | BY |
|--------------------|-------------|-----|---------|-------------------|-----|-------------|-----|-----|
| 1. CHO | 42 | 22 | | 1. SLZ | 46 | 01 | 45 | 24 |
| 2. | | | | 2. | | | | |
| 3. | | | | 3. | | | | |
| 4. | | | | 4. | | | | |
| 5. | | | | 5. | | | | |

### DRIVER'S REMARKS

### NORTH AMERICAN DISCOVERY / QUICKLINK PASSES

| COUNT | FROM | TO |
|-------|------|-----|
| | | |
| | | |

A SEPARATE TRIP ENVELOPE IS NEEDED FOR EACH SCHEDULE OR BUS

00591



REBOARD PASS
BOARDING #:

BROADNAX JAMES

08Mar08   11:50p

SCHD: GLI   0664

COUPON ORIG
NASHVILLE      TN

*COUPON DEST*
ST LOUIS      MO

TKT DEST
DAVENPORT    IA

CONF#:2709089501
08Mar08 11:18p
SOLD AT: 04021
1 2 3 4 5 6 7

# GREYHOUND LINES, INC.

FROM: NASHVILLE     TN   DEP: 08Mar08 11:50p
                                          BOARDING #
TO:    ST LOUIS     MO   SCHED 0664      49
ARR-06:25a 09Mar08      OW ADULT

CANCELLATION FEE 20% WHEN VALID FOR REFUND

## TICKET FOR SCHEDULE 0664/08Mar08

REISSUE                          CONF#: 2709089501
FARE          $111.38            04021  NASHVILLE      TN
TAX              XX              08Mar08 11:18p 4199
TOTAL:        $111.38            NAST003
ONLINE REISSUE                   RISS ORIG:SUMTER      SC
AC:                              RISS DEST:DAVENPORT   IA
RI/RI                            ORIG FARE:146.00
MILES:        366   696          TKT ORIG:NASHVILLE    TN
COUPON        01 OF 03           TKT DEST:DAVENPORT    IA
                                 TARIFF:  TNI

0005857        001 01 25   17492836 1

00592

# Greyhound Lines, Inc.

## GREYHOUND

TRIP REPORT / TICKET COLLECTION ENVELOPE

## ENVELOPE NUMBER

### 061 314 968

▷ 1 OPERATOR NO. 3 2 2 0 0

DRIVER FIRST INITIAL / LAST NAME C B A R N E S

▷ 2 SCHEDULE NO. 1 3 0 1  SECTION NO. 0 1  DEADHEAD NO.  SOBO NO.

▷ 3 DEPARTURE DATE MO 0 5 / DAY 0 1 / YEAR 0 8  DEPARTURE TIME 6 : 3 5  AM ☐  PM ☒

▷ 4 DEPARTING LOCATION C H I C A G O  STATE I L

▷ 5 ARRIVING LOCATION S T L O U I S  STATE M O

▷ 6 BUS NO. 6 1 4 7  MILES 2 9 0

ATTN: CHARTER DRIVER
After you dispatch, discard this envelope.

▷ 7 RENTAL BUS? YES ☐ NO ☐  RENTAL COMPANY

▷ 8 RENTAL DRIVER? YES ☐ NO ☐  RENTAL DRIVER

DO NOT PUT CASH IN ENVELOPE
DO NOT USE TAPE OR STAPLES

CHARTERS

E-7 (9/06)  PRINTED BY CORPORATE EXPRESS

00593

## ON AND OFF LOAD REPORT

| No. ON | CITY | OFF TALLY | No. OFF | AR | LV |
|--------|------|-----------|---------|-----|-----|
| 32 | Nashville, TN | ↩ START OF DRIVER DIV. | | | |
| | Clarksville, TN | | | | |
| | Madisonville, KY | | | | |
| | Evansville, IN | | | | |
| | Mt Vernon, IL | | | | |
| | St. Louis, mo. | ℍℍ ℍℍ ℍℍ ℍℍ ℍ | | | |
| | ℍℍ ℍℍ 11 | | | | |
| | W— ℍℍ ℍℍ ℍℍ ℍℍ | | | | |
| | ℍℍ ℍℍ 11 | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

## VRU/LCE COUNTS AND PASSENGER CALCULATIONS

| Departing Location | Outbound | | | Arriving Location | Inbound | | | |
|--------------------|----------|-----|---------|-------------------|---------|-----|-----|-----|
| | LV | BV | N E S W | | On | Off | Ar | BY |
| 1. | | | | 1. | | | | |
| 2. | | | | 2. | | | | |
| 3. | | | | 3. | | | | |
| 4. | | | | 4. | | | | |
| 5. | | | | 5. | | | | |

## DRIVER'S REMARKS

## NORTH AMERICAN DISCOVERY / QUICKLINK PASSES

| COUNT | FROM | TO |
|-------|------|-----|
| | | |
| | | |

A SEPARATE TRIP ENVELOPE IS NEEDED FOR EACH SCHEDULE OR BUS

00594



**Greyhound Lines, Inc.**

TRIP REPORT / TICKET COLLECTION ENVELOPE

## ENVELOPE NUMBER

### 062 040 847

**1 ▷ OPERATOR NO.** 4 5 4 3 8   **DRIVER FIRST INITIAL / LAST NAME** D R E E S E

**2 ▷ SCHEDULE NO.** 6 6 4   **SECTION NO.** 0 2   **DEADHEAD NO.**   **SOBO NO.**

**3 ▷ DEPARTURE DATE** MO 0 3 / DAY 0 8 / YEAR 0 8   **DEPARTURE TIME** 1 1 : 5 5   **AM** ☐   **PM** ☑

**4 ▷ DEPARTING LOCATION** NASHVILLE   **STATE** TN

**5 ▷ ARRIVING LOCATION** ST LOUIS   **STATE** MO

**6 ▷ BUS NO.** 6 2 5 1   **MILES** 3 3 2

> **ATTN: CHARTER DRIVER**
> After you dispatch, discard this envelope.

**7 ▷ RENTAL BUS?** YES ☐ NO ☒   **RENTAL COMPANY**

**8 ▷ RENTAL DRIVER?** YES ☐ NO ☒   **RENTAL DRIVER**

## DO NOT PUT CASH IN ENVELOPE
## DO NOT USE TAPE OR STAPLES

NO $$$$$   NO CHARTERS

E-7 (9/06)    PRINTED BY CORPORATE EXPRESS



REBOARD PASS

BROADMAX JAMES

19Feb08 10:00a

SCHD: GLI 1539

COUPON ORIG
NASHVILLE      TN

*COUPON DEST*
MEMPHIS        TN

TKT DEST
MEMPHIS        TN

CONF#:2597902901
SOLD: 02406
18Feb08  09:13p
DETTOO1
1 2 3 4 5 6 7

NBTA   0043

**GREYHOUND LINES, INC.**

FROM: NASHVILLE   TN    DEP: 19Feb08 10:00a
TO:   MEMPHIS     TN
ARR-02:00p 19Feb08        SCHED 1539  BOARDING #
                          OW ADULT         18

PTO TICKET - REFUNDABLE ONLY TO PURCHASER
TICKET VALID ONLY ON SCHEDULE 1539 /19Feb08

                          CONF#: 2597902901

FARE          $89.00    02406  DETROIT        MI
TAX            XX        18Feb08 09:13p 5844
TOTAL:        $89.00     JAKTOO1
PTO HONORED

CO/CO                   TARIFF:   MICP
MILES:       227 OF 794 TKT ORIG:DETROIT     MI
COUPON       02 OF 02   TKT DEST:MEMPHIS     TN

0002544        001 02 29  16522451 7

00596



# Greyhound Lines, Inc.

**GREYHOUND**

TRIP REPORT / TICKET COLLECTION ENVELOPE

## ENVELOPE NUMBER

057 201 067



**1 ▶ OPERATOR NO.** 452773  **DRIVER FIRST INITIAL / LAST NAME** D. Sanders

**2 ▶ SCHEDULE NO.** 0539  **SECTION NO.** 01  **DEADHEAD NO.**  **SOBO NO.**

**3 ▶ DEPARTURE DATE** MO 02 / DAY 19 / YEAR 08  **DEPARTURE TIME** 10:50  **AM** ☒ **PM** ☐

**4 ▶ DEPARTING LOCATION** Nashville  **STATE** TN

**5 ▶ ARRIVING LOCATION** Memphis  **STATE** TN

**6 ▶ BUS NO.** 6198  **MILES** 211

ATTN: **CHARTER DRIVER**
After you dispatch, **discard** this envelope.

**7 ▶ RENTAL BUS?** YES ☐ NO ☒  **RENTAL COMPANY**

**8 ▶ RENTAL DRIVER?** YES ☐ NO ☒  **RENTAL DRIVER**

🚫$$$$  DO NOT PUT **CASH** IN ENVELOPE
DO NOT USE **TAPE** OR **STAPLES**  🚫**CHARTERS**

E-7 (9/06)  PRINTED BY STANDARD REGISTER U.S.A.

00597

REBOARD PASS

BROADMAX JAMES

18Feb08 10:30p

SCHD: GLI 4665

COUPON ORIG
DETROIT        MI

*COUPON DEST*
NASHVILLE      TN

TKT DEST
MEMPHIS        TN

CONF#:2597902901
SOLD: 02406
18Feb08 09:13p
DETT001
1 2 3 4 5 6 7

WBTA  0043

# GREYHOUND LINES, INC.

FROM: DETROIT     MI    DEP: 18Feb08 10:30p
TO:   NASHVILLE   TN
ARR-09:10a 19Feb08

SCHED 4665  BOARDING #
OW ADULT              44

PTO TICKET - REFUNDABLE ONLY TO PURCHASER
TICKET VALID ONLY ON SCHEDULE 4665 /18Feb08

CONF#: 2597902901

| | | |
|---|---|---|
| FARE | $89.00 | 02406  DETROIT        MI |
| TAX | XX | 18Feb08 09:13p 5844 |
| TOTAL: | $89.00 | JAKT001 |
| PTO HONORED | | |

CO/CO                    TARIFF:  MICP
MILES:    567 OF 794     TKT ORIG:DETROIT     MI
COUPON    01 OF 02       TKT DEST:MEMPHIS     TN

0006356      001 01 29   16522451 7

00598



**REBOARD PASS**

**BROADNAX JAMES**

**22Feb08** 01:40p

**SCHD: GLI 1514**

COUPON ORIG
**MEMPHIS** TN

*COUPON DEST*
**NASHVILLE** TN

TKT DEST
**DETROIT** MI

CONF#:2631742901
SOLD: 04012
21Feb08 02:31p
MEMT001
1 2 3 4 5 6 7

---

**GREYHOUND LINES, INC.**

FROM: MEMPHIS TN   DEP: **22Feb08** 01:40p
TO: NASHVILLE TN   **SCHED 1514**  BOARDING #
ARR-05:40p 22Feb08   **OW ADULT**  **14**

**PTO TICKET – REFUNDABLE ONLY TO PURCHASER**
**TICKET VALID ONLY ON SCHEDULE 1514  /22Feb08**

CONF#: 2631742901

FARE    $89.00   04012  MEMPHIS    TN
TAX       XX    21Feb08 02:31p 4035
TOTAL:  $89.00   JAKT015
PTO HONORED

CO/CO               TARIFF:  TNCP
MILES:  227  794   TKT ORIG:MEMPHIS    TN
COUPON  01 OF 02   TKT DEST:DETROIT    MI

0002544   001 01 29  16822690 1

00600



**Greyhound Lines, Inc.**

GREYHOUND

TRIP REPORT / TICKET COLLECTION ENVELOPE

**ENVELOPE NUMBER**

**062 044 906**

1 ▷ OPERATOR NO. `3 7 2 3 0 2` DRIVER FIRST INITIAL / LAST NAME `W` `J A C K S O N S R`

2 ▷ SCHEDULE NO. `4 6 6 5` SECTION NO. `0 2` DEADHEAD NO. SOBO NO.

3 ▷ DEPARTURE DATE MO `0 2` DAY `1 9` YEAR `0 8` DEPARTURE TIME `: ` AM PM

4 ▷ DEPARTING LOCATION `C I N C I N N A T I` STATE `O H`

5 ▷ ARRIVING LOCATION `N A S H V I L L E` STATE `K Y`

6 ▷ BUS NO. `6 9 0 5` MILES `2 5 9`

ATTN: **CHARTER DRIVER**
After you dispatch, **discard** this envelope.

7 ▷ RENTAL BUS? YES ☐ NO ☒ RENTAL COMPANY

8 ▷ RENTAL DRIVER? YES ☐ NO ☒ RENTAL DRIVER

DO NOT PUT **CASH** IN ENVELOPE
DO NOT USE **TAPE** OR **STAPLES**

CHARTERS

E-7 (9/06)

PRINTED BY CORPORATE EXPRESS

00601

## ON AND OFF LOAD REPORT

| No. ON | CITY | OFF TALLY ↻ START OF DRIVER DIV. | No. OFF | AR | LV |
|---|---|---|---|---|---|
| | CINCINNATI, OH | | | | |
| | LOUISVILLE, KY | ||| | | | |
| | E-TOWN | || | | | |
| | BOW. GREEN | || | | | |
| | NASHVILLE, TN | |||/| | | | |
| | | N E W S | 39 | | |

## VRU/LCE COUNTS AND PASSENGER CALCULATIONS

| Departing Location | Outbound LV BY | N E S W | Arriving Location | On | Inbound Off | Ar | BY |
|---|---|---|---|---|---|---|---|
| 1. | | | 1. | | | | |
| 2. | | | 2. | | | | |
| 3. | | | 3. | | | | |
| 4. | | | 4. | | | | |
| 5. | | | 5. | | | | |

## DRIVER'S REMARKS

## NORTH AMERICAN DISCOVERY / QUICKLINK PASSES

| COUNT | FROM | TO |
|---|---|---|
| | | |

## A SEPARATE TRIP ENVELOPE IS NEEDED FOR EACH SCHEDULE OR BUS

00602

# AFFIDAVIT

## VERFICATIONS OF AUTHENTICITY OF RECORDS

BEFORE ME, the undersigned authority, personally appeared Nicole E Pfaff, who being duly sworn, deposes and says:

My name is Nicole E Pfaff. I am over the age of 18 and I am of sound mind, qualified to make this affidavit and personally acquainted with the facts herein stated: I am employed by MoneyGram International as a Compliance Specialist and also serve as the Custodian of Records for MoneyGram International. I have been employed by MoneyGram International since November 3, 2008.

Enclosed are the certified records regarding the subpoenaed wire transfer records. These records are kept in the regular course of business of MoneyGram International.

_____                        7/13/2009
Signature of affiant                             Date

The forgoing affidavit was sworn to and subscribed before me by Nicole E Pfaff on this 13th day of July, 2009.

_____
Notary Public

JESSICA L. KELLY
NOTARY PUBLIC
State of Minnesota
My Commission Expires 1- 31-2013

00603

| CODE | Cntry Name |
|---|---|
| AA | ARGENTINA |
| AB | ALBANIA |
| AD | ANDORRA |
| AE | UNITED ARAB EMIRATES |
| AF | AFGHANISTAN |
| AG | ANTIGUA AND BARBUDA |
| AI | ANGUILLA |
| AM | ARMENIA |
| AN | NETHERLANDS ANTILLES |
| AO | ANGOLA |
| AS | AMERICAN SAMOA |
| AT | AUSTRIA |
| AU | AUSTRALIA |
| AW | ARUBA |
| AZ | AZERBAIJAN |
| BA | BOSNIA AND HERZEGOWINA |
| BB | BARBADOS |
| BD | BANGLADESH |
| BE | BELGIUM |
| BF | BURKINA FASO |
| BG | BULGARIA |
| BH | BAHRAIN |
| BI | BURUNDI |
| BJ | BENIN |
| BM | BERMUDA |
| BN | BRUNEI |
| BO | BOLIVIA |
| BR | BRAZIL |
| BS | BAHAMAS |
| BT | BHUTAN |
| BV | BOUVET ISLAND (BOUVETOYA) |
| BW | BOTSWANA |
| BY | BELARUS |
| BZ | BELIZE |
| CB | COLOMBIA |
| CC | COCOS (KEELING) ISLANDS |
| CD | CANADA |
| CF | CENTRAL AFRICAN REPUBLIC |
| CG | CONGO |
| CH | SWITZERLAND |
| CI | COTE D'IVOIRE (IVORY COAST) |
| CK | COOK ISLANDS |
| CL | CHILE |
| CM | CAMEROON |
| CN | CHINA |
| CR | COSTA RICA |
| CS | CZECH REPUBLIC |
| CU | CUBA |
| CV | CAPE VERDE ISLANDS |
| CX | CHRISTMAS ISLAND |
| CY | CYPRUS |
| DF | GERMANY |
| DJ | DJIBOUTI |
| DK | DENMARK |
| DM | DOMINICA |
| DO | DOMINICAN REPUBLIC |
| DZ | ALGERIA |
| EC | ECUADOR |
| EE | ESTONIA |
| EG | EGYPT |
| EH | WESTERN SAHARA |
| ER | ERITREA |
| ES | SPAIN |
| ET | ETHIOPIA |
| FI | FINLAND |
| FJ | FIJI |
| FK | FALKLAND ISLANDS (MALVINAS) |
| FM | MICRONESIA, FEDERATED STATES OF |
| FO | FAEROE ISLANDS |
| FR | FRANCE |
| GB | UNITED KINGDOM |
| GD | GRENADA |
| GE | GEORGIA |
| GF | FRENCH GUIANA |
| GH | GHANA |
| GI | GIBRALTAR |
| GL | GREENLAND |
| GM | GAMBIA |
| GN | GUINEA |
| GO | GABON |
| GP | GUADELOUPE |
| GQ | EQUATORIAL GUINEA |
| GR | GREECE |
| GS | SOUTH GEORGIA & THE SOUTH SANDWICH ISLANDS |
| GT | GUATEMALA |
| GU | GUAM |

| CODE | Cntry Name |
|---|---|
| GW | GUINEA BISSAU |
| GY | GUYANA |
| HK | HONG KONG |
| HM | HEARD AND MCDONALD ISLANDS |
| HN | HONDURAS |
| HR | CROATIA   (LOCAL NAME: HRVATSKA) |
| HT | HAITI |
| HU | HUNGARY |
| IE | IRELAND |
| II | INDIA |
| IK | INDONESIA |
| IO | BRITISH INDIAN OCEAN TERRITORY |
| IP | ISRAEL |
| IQ | IRAQ |
| IR | IRAN (ISLAMIC REPUBLIC OF) |
| IS | ICELAND |
| IT | ITALY |
| JM | JAMAICA |
| JO | JORDAN |
| JP | JAPAN |
| KE | KENYA |
| KG | KYRGYZSTAN |
| KH | CAMBODIA |
| KI | CAYMAN ISLANDS |
| KM | COMOROS |
| KN | SAINT KITTS AND NEVIS |
| KP | KOREA, DEMOCRATIC PEOPLES REP OF |
| KR | KOREA, REPUBLIC OF |
| KW | KUWAIT |
| KY | KIRIBATI |
| KZ | KAZAKHSTAN |
| LB | LEBANON |
| LC | SAINT LUCIA |
| LI | LIECHTENSTEIN |
| LK | SRI LANKA |
| LO | LAOS,THE PEOPLES DEMOCRATIC REP OF |
| LR | LIBERIA |
| LS | LESOTHO |
| LT | LITHUANIA |
| LU | LUXEMBOURG |
| LV | LATVIA |
| LY | LIBYAN ARAB JAMAHIRIYA |
| MA | MACEDONIA |
| MB | MACAU |
| MC | MONACO |
| MD | MOLDOVA REPUBLIC OF |
| MG | MADAGASCAR |
| MH | MALTA |
| MK | MOROCCO |
| ML | MALI |
| MM | MYANMAR |
| MN | MONGOLIA |
| MP | MONTSERRAT |
| MQ | MARTINIQUE |
| MR | MAURITANIA |
| MS | NORTHERN MARINA ISLANDS |
| MT | MARSHALL ISLANDS |
| MU | MAURITIUS |
| MV | MALDIVES |
| MW | MALAWI |
| MX | MEXICO |
| MY | MALAYSIA |
| MZ | MOZAMBIQUE |
| NA | NAMIBIA |
| NF | NORFOLK ISLAND |
| NG | NIGERIA |
| NI | NICARAGUA |
| NL | NETHERLANDS |
| NN | NIGER |
| NO | NORWAY |
| NP | NEPAL |
| NR | NAURU |
| NU | NIUE |
| NW | NEW CALEDONIA |
| NZ | NEW ZEALAND |
| OM | OMAN |
| PB | PANAMA |
| PE | PERU |
| PF | TAHITI |
| PG | PAPUA NEW GUINEA |
| PH | PHILIPPINES |
| PK | PAKISTAN |
| PL | POLAND |
| PM | SAINT PIERRE AND MIQUELON |
| PN | PITCAIRN |
| PR | PUERTO RICO |

| CODE | Cntry Name |
|---|---|
| PS | PALESTINE |
| PT | PORTUGAL |
| PW | PALAU |
| PY | PARAGUAY |
| QA | QATAR |
| RE | REUNION |
| RH | ZIMBABWE |
| RO | ROMANIA |
| RU | RUSSIAN FEDERATION |
| RW | RW&A |
| SA | SAUDI ARABIA |
| SB | SOLOMON ISL&S |
| SE | SWEDEN |
| SF | SLOVENIA |
| SG | SINGAPORE |
| SH | SAINT HELENA |
| SI | SUDAN |
| SJ | SVALBARD & JAN MAYEN ISL&S |
| SK | SLOVAKIA |
| SL | SIERRA LEONE |
| SM | SAN MARINO |
| SN | SENEGAL |
| SO | SOMALIA |
| SR | SURINAME |
| SS | SEYCHELLES |
| ST | SAO TOME & PRINCIPE |
| SV | EL SALVADOR |
| SY | SYRIAN ARAB REPUBLIC |
| SZ | SWAZIL& |
| TC | TURKS & CAICOS ISL&S |
| TD | CHAD |
| TF | FRENCH SOUTHERN TERRITORIES |
| TG | TOGO |
| TH | THAIL& |
| TJ | TAJIKISTAN |
| TK | TOKELAU |
| TM | TURKMENISTAN |
| TO | TONGA |
| TP | EAST TIMOR |
| TR | TURKEY |
| TT | TRINIDAD & TOBAGO |
| TU | TUNISIA |
| TV | TUVALU |
| TW | TAIWAN |
| TZ | TANZANIA UNITED REPUBLIC OF |
| UA | UKRAINE |
| UG | UG&A |
| UM | UNITED STATES MINOR OUTLYING ISL&S |
| US | UNITED STATES |
| UY | URUGUAY |
| UZ | UZBEKISTAN |
| VC | SAINT VINCENT & THE GRENADINES |
| VE | VENEZUELA |
| VG | BRITISH VIRGIN ISL&S |
| VI | VIRGIN ISL&S  (U.S.) |
| VN | VIET NAM |
| VS | HOLY SEE (VATICAN CITY STATE) |
| VU | VANUATU |
| WF | WALLIS & FUTUNA ISL&S |
| WS | SAMOA   (WESTERN) |
| XA | AZORES(PORTUGAL) |
| XB | BUKHARA |
| XC | DANZIG |
| XD | EAST AFRICA |
| XE | EAST CARIBBEAN STATES |
| XF | FIUME |
| XG | GUERNSEY |
| XH | JERSEY |
| XI | KHIVA |
| XJ | MADEIRA ISL&S |
| XK | MEMEL |
| XL | MONTENEGRO |
| XM | NEWFOUNDL& |
| XN | SAAR |
| XO | SCOTL& |
| XP | TANNU TUVA PEOPLE'S REPUBLIC |
| XQ | TIBET |
| XR | KOSOVO |
| YE | YEMEN |
| YT | MAYOTTE |
| YU | SERBIA & MONTENEGRO |
| YU | YUGOSLAVIA |
| ZA | SOUTH AFRICA |
| ZM | ZAMBIA |
| ZR | Congo, Democratic Republic Of |
| ZR | DEMOCRATIC REP OF CONGO (USD-ZAIRE) |

00604

**Customer Information** - Customer information is provided by the customer and then entered or provided by the MoneyGram agent that is assisting the customer in processing the transaction (send or receive).

**Dates** - Transaction dates (**SND DT** and **RCV DT**) and dates of birth (**SNDR DOB** and **RCVR DOB**) are provided in MMDDYY format. (US Central Standard Time)          *For example, July 1, 1950 will appear as 7/1/50*

**Times** - Send and Receive times are shown in HHMMSS. (US Central Standard Time)
*For example, 11:54:02 pm will appear as 235402*

**Amounts** - Transactions' amounts, fees, and totals are provided in US dollars. The transaction's send currency (**SND FX**) is the conversion from local currency to US dollar.

**Send Status**

| | |
|---|---|
| **CAN** = the transaction was canceled. | **RF2** or **RF3** = the transaction was refunded to the sender. |
| **REC** = the transaction was received. | **HLD** = escalated transaction put on hold. |

**SEN** = at the time the report was run, the transaction had not been received and was available for pay out, cancellation or refund.
**RF4** or **RF5** = Dominican Home Delivery Service indicating refund is available or no refund available.

**Photo Identification Type Codes**                **Legal Identification - Options**

| | |
|---|---|
| 1 – Driver's License | S – Social Security Number* |
| 2 – Passport | T – Taxpayer ID Number |
| 3 – State ID | * International countries are prompted to complete this field |
| 4 – Government ID | but if the customer is not from the US, this number is not a |
| 5 – Alien ID | Social Security Number |

**Reference Numbers** - These identifying numbers are often used more than once. If listed more than once, each line provides details for a separate transaction, not at all affiliated to any previous one(s).

**Mexico Recieves** - Mexico currently has the following agents that process their transactions with their main location information, affecting receives only in Mexico. In order to obtain detailed information about a payout at any of their locations, their main office must be contacted to query the transaction. These Mexico receive agents include:

**CALIFORNIA COMMERCE BANK (Banamex)**, 2029 Century Park East, Los Angeles, CA 90067
**BANCOMER TRANSFER**, 16825 Northchase Drive, Houston, TX 77060
**UNITELLER**, Uniteller Moneterrey, Mexico
*(Requests for transactions paid in Mexico will be manipulated to provide these agents' activity. Requests not specified in geographic parameters will include this data and will be listed by main office address provided above.)*

**Closed Transactions** - MoneyGram often sends or closes transactions with internal agents set up for internal needs. If a transaction's send or receive agent address (**SND LOC ADD** or **RCV LOC ADD**) is listed below, the transaction's send or receive was processed internally by MoneyGram. Replacement transactions may be sent. If this is the case, it is usually referenced in the message field with a new reference number. Agent addresses include:

| | | |
|---|---|---|
| **181 Inverness Drive W. (CO)** | **7401 W. Mansfield Ave. (CO)** | **3940 S. Teller St. (CO)** |
| **1550 Utica Ave., S. (MN)** | **181 Inverness Dr., W. (CO)** | |

**Express Payment** - MoneyGram has a product where the customer pays a fee to send a payment to an existing account with a client of ours. The receive name will be the same as the receive agent name. An example of a client of ours is American Express, which can show the Receive Agent (**RCV LOCATION**) as **American Express Card** - 20002 N. 19th Ave., Phoenix, AZ 85027-4250.

**Internet Sends** - MoneyGram has a service where the customer establishes an Internet account and is able to send transactions from any computer, through our Internet authorized-site. These transactions are paid as any other MoneyGram wire. Transactions sent through this service will have their sending agent location (**SND LOCATION**) indicate one of the following agent names, all located in **Minnesota**:

**>EMG CREDIT CARD    >YAHOO    >YAHOO 2   >EMG ACH/DEBIT        >YAHOO 1**

*\* These transactions appear to have been sent from Minnesota: the sender's address may be used to consider the location where it was sent. For searches requesting activity outside Minnesota, it is required to request specifically the activity from E MoneyGram or it will not be provided.*          5/06ej

00605

CONFIDENTIAL

| SND DT | SND TIME | REF # | SND STATUS | SNDR FNM | SNDR LNM | SNDR ADDR |
|---|---|---|---|---|---|---|
| 1/25/2008 | 143434 | 61281334 | REC | KERRIN | MARTIN | 735 COBB PARKWAY |
| 3/9/2008 | 170713 | 68683834 | REC | AUDREY | KELLY | 735 COBB PKWY 17 |

CONFIDENTIAL

| SNDR CITY | SNDR ST | SNDR ZIP | SNDR CO | SNDR PHN | SND FX | FEE (US) | TOTAL (US) |
|---|---|---|---|---|---|---|---|
| MARIETTA | GA | 30062 | US | 4044285478 | 1 | 11.46 | 61.46 |
| MARIETTA | TX | 30062 | US | | 1 | 11.46 | 86.46 |

Case 3:15-cv-01758-N    Document 38-8    Filed 06/28/16    Page 71 of 256    PageID 1238

| SND LOCATION | SND LOC ADDR | SND LOC CITY | SND LOC ST | SND LOC ZIP | SND LOC CO |
|---|---|---|---|---|---|
| WAL-MART #1766 | 3100 JOHNSON FERRY RD | MARIETTA | GA | 300625657 | US |
| WAL-MART #3645 | 200 W INTERSTATE 20 20 | MIDLAND | TX | 797012030 | US |

**MONEYGRAM INTERNATIONAL, INC.**
**RESEARCH #09NEP0952**

| RCV DT | RCV TIME | RCVR FNM | RCVR LNM | RCVR CO | RCV LOCATION |
|---|---|---|---|---|---|
| 1/25/2008 | 161855 | JAMES | BROADNAX | US | WAL-MART #2238 |
| 3/10/2008 | 81839 | JAMES | BROADMAX | US | WAL-MART #3876 |

Page 4 of 6

CONFIDENTIAL

00609

**MONEYGRAM INTERNATIONAL, INC.**
**RESEARCH #09NEP0952**

| RCV LOC ADDR | RCV LOC CITY | RCV LOC ST | RCV LOC ZIP | RCV LOC CO | TEST QUESTION |
|---|---|---|---|---|---|
| 1879 E SHERMAN BLVD | MUSKEGON | MI | 494441858 | US | |
| 3267 HENRY ST | MUSKEGON | MI | 494414019 | US | WHO IS AUDREY |

CONFIDENTIAL

Page 5 of 6

00610

| TEST ANSWER |
| MY MOTHER |

Case 3:15-cv-01758-N   Document 38-8   Filed 06/28/16   Page 74 of 256   PageID 1241

CAUSE NUMBER: _F08 24667-Y_

STATE OF TEXAS                              '        IN THE _Criminal District_

v.                                         '        COURT 7 ___ OF

_James Broadnax_                           '        DALLAS COUNTY, TEXAS

## AFFIDAVIT

Before me, the undersigned authority, personally appeared _Barry Pierce_ ,
who, being by me duly sworn, deposed as follows:

My name is _Barry Pierce_ , I am of sound mind, capable of making
this affidavit and personally acquainted with the facts herein stated:

I am the custodian of records for _Muskegon Rescue Mission_ .
Attached hereto are _1_ pages of records from _Muskegon Rescue Mission_ .
These said _1_ pages of records are kept by _Muskegon Rescue Mission_ .
In the regular course of business of _Muskegon Rescue Mission_ and it
was the regular course of business of _Muskegon Rescue Mission_ for
and employee or representative with knowledge of the act, event, condition or opinion recorded to
make the record or to transmit information thereof to be included in such record; and the record was
made at or near the time of the event recorded, or reasonably soon thereafter. The records attached
hereto are the exact duplicates of the original.

_Barry Pierce_
**Affiant**

SWORN TO AND SUBSCRIBED before me on the _22nd_ day of _July_ , 20_09_.

**Notary Public**
**State of Texas**

My commission expires:                                       Notary:

_April 19_ , 20_10_

LEONARD H. CLEMENS
Notary Public
STATE OF TEXAS
Commission Exp. 04-19-2010

SEAL  00612

00613

## Muskegon Rescue Mission
### Accounting of Men's Days Stayed at Mission

| Name Last | Name First | Name Middle | Date of Birth | Date of 1st Entry | License/ ID# | Social Security | Street Address | City | State | Zip | Race | Married/ Single |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| James | Broadnax | J | 10/30/1988 | 2/4/2008 | none | 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 | 860 franklin rd. | maryetta | ga. | 30067 | blk | s |

| 1st Quarter | | | 2nd Quarter | | | 3rd Quarter | | | 4th Quarter | | | Updated |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| January - March | | | April - June | | | July - September | | | October - December | | | 7/22/2009 10:47:17 AM |
| Date IN | Date OUT | Total Days | Date IN | Date OUT | Total Days | Date IN | Date OUT | Total Days | Date IN | Date OUT | Total Days | |
| 2/4/08 | 3/8/08 | 34 | | | 0 | | | 0 | | | 0 | |
| 3/19/08 | 3/29/08 | 11 | | | 0 | | | 0 | | | 0 | |
| | | 0 | | | 0 | | | 0 | | | 0 | |
| | | 0 | | | 0 | | | 0 | | | 0 | |
| | | 0 | | | 0 | | | 0 | | | 0 | |
| | | 0 | | | 0 | | | 0 | | | 0 | |

| Total Nights Stayed | 45 | Total Nights Stayed | 0 | Total Nights Stayed | 0 | Total Nights Stayed | 0 | |
|---|---|---|---|---|---|---|---|---|

00614

THE STATE OF TEXAS
TO ANY SHERIFF OR ANY CONSTABLE OR ANY PEACE OFFICER
OF THE STATE OF TEXAS – GREETINGS:
YOU ARE HEREBY COMMANDED TO SUMMON

CUSTODIAN OF RECORDS FOR MUSKEGON RESCUE MISSION
400 W. LAKETON AVE
MUSKEGON, MICHIGAN

to be and appear before the CRIMINAL District Court #7 of Dallas County, Texas at the courthouse of said County, in the City of Dallas, on the 10TH day of AUGUST , 20 09 , at 9:00 o'clock A. M., Then and there to testify as a witness in behalf of the DEFENDANT in a criminal Action pending in said court, wherein THE STATE OF TEXAS is Plaintiff, and BROADNAX, JAMES, Defendant No. F-0824667-Y

DUECES TECUM (IF APPLICABLE)                                    ☐ NOT APPLICABLE
and that he bring with him and produce in said Court, at said time and place,

*ANY AND ALL DOCUMENTS AND/OR RECORDS RELATING TO JAMES BROADNAX.*

desired as evidence in said Criminal action, to-wit: in a certain suit pending in said court.

and there remain from day to day and from term to term until discharged by the Court
HEREIN FAIL NOT, But of this Writ make due return, showing how you have executed the same.

OUT OF COUNTY (IF APPLICABLE)                                  ☒ NOT APPLICABLE
A DISOBEDIENCE OF this Subpoena is punishable by fine not exceeding $500, to be collected as
F    s and costs in other criminal cases.

WITNESS MY OFFICIAL SIGNATURE, THIS  13TH  day of  JULY , 20 09
Gary Fitzsimmons
Clerk, District Courts
Dallas, County Texas

By _____ Deputy
B. BOWSER

---

NO. F-0824667-Y

CRIMINAL DISTRICT COURT #7
DALLAS COUNTY, TEXAS

THE STATE OF TEXAS

vs

BROADNAX, JAMES

CAPITAL MURDER

SUBPOENA

ISSUED
This 13TH  day of  JULY, 20 09
Gary Fitzsimmons
Clerk, District Courts
Dallas County, Texas
By B. BOWSER Deputy

ATTORNEY:

KERI MALLON, ASST PUB DEFENDER
133 N. INDUSTRIAL BLVD. LB 2
DALLAS, TX 75207
214/653-3550

REPORT TO:

FRANK CROWLEY COURTS BLDG.
133 N. INDUSTRIAL BLVD.
DALLAS, TEXAS  75207

### OFFICER'S RETURN

CAME TO HAND on the *13th* day of *July* ............................... 20 *09* and executed by delivering a copy of the within Subpoena to the following within named witnesses, all of whom were summoned in ......................................
County, on the dates and at the places hereinafter set forth, as follows:

| NAME | NAME | DATE | WHERE | COURSE | DISTANCE |
|---|---|---|---|---|---|
| *Barry Pierce* | *Barry Pierce* | *21 July 2009* miles | ............... from | ............. miles | |
| | | miles | ............... from | ............. miles | |
| | | miles | ............... from | ............. miles | |
| | | miles | ............... from | ............. miles | |
| | | miles | ............... from | ............. miles | |
| | | miles | ............... from | ............. miles | |

I actually and necessarily traveled .................... miles in the service of this Subpoena, in addition to any other mileage I may have traveled in the service of other Subpoenas, or Attachments, in this or any other case during the same trip.
AMOUNT OF MONEY FURNISHED ABOVE NAMED WITNESS................................

................................................................................................    ...................................    $ ...................
................................................................................................    ...................................    $ ...................
................................................................................................    ...................................    $ ...................

TOTAL ...........

The following named witnesses not summoned for the reasons set opposite their names:

..........................................................................................................................................................
..........................................................................................................................................................
..........................................................................................................................................................
..........................................................................................................................................................
..........................................................................................................................................................
..........................................................................................................................................................
..........................................................................................................................................................

To total amount of money furnished .................
    witnesses ........................................ $ ...................
For summoning ................ Witnesses
    at .................... each ................    ....................
Mileage ............ miles at ............    ....................
    TOTAL ..................................... $ ...................
Subscribed and sworn to before me, this .................. day of

Sheriff ................................................. County, Texas
By ................................................. ~~Deputy~~
*INVESTIGATOR*

............................................................................. 20 ...........
..........................................................................................................................................................
..........................................................................................................................................................

00615

NO. <u>F08 24629 Y</u>
<u>F08 24667 Y</u>

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | **IN THE CRIMINAL** |
| **VS.** | § | **DISTRICT COURT # 7** |
| **BROADNAX, JAMES** | § | **DALLAS COUNTY, TX** |

### DISCOVERY and NOTICE OF EXTRANEOUS (7th)

The enclosed Discovery filed with the Court is for **Discovery Purposes Only.** In addition, copies of the enclosed Discovery was turned over to Counsel for the Defendant.

Also, Pursuant to TEX. CODE CRIM. PRO. ART. 38.37, TEX. R. CRIM. EVID. 404(B), and CODE CRIM. PRO. ART. 37.07, the State of Texas is hereby giving you notice of intent to use during presentation of State's case in chief, or during punishment, in the above-captioned and numbered criminal actions, **Any and All** extraneous crimes, wrongs or acts included in this discovery turned over to the defense.

**INVENTORY**

**1 Disk:**

**Jail med report 4/27/09 to 6/29/09**

**jail incident reports - Utsey**

**jail incident reports - Miller**

**Calhoun interview – DA ofc**

**Jermaine Johnson interview - DA ofc**

Received By

Brad Lollar

On August 3, 2009

2009 AUG -4 PM 12: 18
GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO. TEXAS
DEPUTY
AMONICA LITTLE
FILED

00616



State of Texas vs James Broadnax
F08-24667 Cap Murder

DISCOVERY 7



Utsey Folder
Miller Folder
Calhoun Report
Johnson Report
Jail Med Records 4/24/09-6/29/09

00617

LAMONICA LITTLES

FILED

2009 AUG 7 AM 10: 44

GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO. TEXAS
_____ DEPUTY

CAUSE NO. F08-24667-Y

STATE OF TEXAS                    §       IN THE CRIMINAL DISTRICT

V.                                §       COURT NUMBER SEVEN

JAMES BROADNAX                    §       DALLAS COUNTY, TEXAS

## ORDER ON DEFENDANT'S BATSON OBJECTION

Before this Court are the arguments of counsel, the briefs of the parties and the record in this case. After considering the arguments of counsel, the briefs, and the record, the Court issues the following order:

The Court finds that the Movant has shown and the record supports that there was evidence of disparate treatment on the part of the State. The Court relies on the holdings of *Miller-El. V. Dretke*, 545 U.S. 231 (2005) and *Greer v. State*, 2009 WL 1591694 (Tex. App.-- Dallas June 9, 2009) and after applying the factors outlined in those cases and considering the evidence in this case the Court finds that Batson error occurred and Movant is entitled to relief. Accordingly, the Court hereby ORDERS that Mr. Patterson be restored as a juror in this case.

Furthermore, the Court hereby finds that the State violated article 35.261 of the Code of Criminal Procedure and the holding of *Batson v. Kentucky*, 476 U.S. 79 (1986).

IT IS THEREFORE ORDERED, ADJUDGED, and DECREED that Movants Batson Motion is hereby GRANTED.

Signed on this the ____7____ day of August, 2009.


JUDGE MICHAEL R. SNIPES
CRIMINAL DISTRICT COURT NO. 7
DALLAS COUNTY, TEXAS

00618

NO. F08-24667-Y

THE STATE OF TEXAS

VS.

JAMES GARFIELD BROADNAX

IN THE CRIMINAL

DISTRICT COURT 7

DALLAS COUNTY, TEXAS

CHARGE OF THE COURT

LADIES AND GENTLEMEN OF THE JURY:

The defendant, JAMES GARFIELD BROADNAX, stands charged by indictment with the offense of capital murder, alleged to have been committed on or about the 19th day of June, 2008 in Dallas County, Texas. The defendant has pleaded not guilty.

### CAPITAL MURDER/MURDER

Our law provides that a person commits murder when he intentionally or knowingly causes the death of an individual.

"Individual" means a human being who is alive.

A person commits capital murder when such person intentionally commits the murder in the course of committing or attempting to commit the offense of robbery.

A person acts intentionally, or with intent, with respect to a result of his conduct when it is his conscious objective or desire to cause the result.

A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

00619

ROBBERY

A person commits a robbery if, in the course of committing theft, as defined in these instructions, and with intent to obtain or maintain control of the property, he intentionally or knowingly or recklessly causes bodily injury to another.

"In the course of committing theft" means conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft.

"Attempt" to commit an offense occurs if, with specific intent to commit an offense, a person does an act amounting to more than mere preparation that tends, but fails, to effect the commission of the offense intended.

"Bodily injury" means physical pain, illness, or any impairment of physical condition.

"Theft" as used in these instructions is the unlawful appropriation of the corporeal personal property of another, with the intent to deprive such other person of said property.

00620

A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

"Appropriation" and "appropriate", as those terms are used in these instructions, means to acquire or otherwise exercise control over property other than real property. Appropriation of property is unlawful if it is without the owner's effective consent.

"Property" as used in these instructions means tangible or intangible personal property or documents, including money, that represents or embodies anything of value.

"Deprive" means to withhold property from the owner permanently.

"Owner" means a person who has title to the property, possession of the property, or a greater right to possession of the property than the person charged.

"Possession" means actual care, custody, control or management of the property.

"Effective consent" means assent in fact, whether express or apparent, and includes consent by a person legally authorized to act for the owner. Consent is not effective if induced by deception or coercion.

"Individual" means a human being who is alive.

00622

A "firearm" means any device designed, made or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use.

A "firearm" is a deadly weapon.

00623

Our law provides that a defendant may testify in his own behalf if he elects to do so.   This, however, is a privilege accorded a defendant, and in the event he elects not to testify, that fact cannot be taken as a circumstance against him.  In this case, the defendant has elected not to testify, and you are instructed that you cannot and must not refer or allude to that fact throughout your deliberations or take it into consideration for any purpose whatsoever as a circumstance against the defendant.

00624

You are instructed that if there is any testimony before you in this case regarding the defendant having committed offenses other than the offense alleged against him in the indictment in this case, you cannot consider said testimony for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offenses, if any were committed, and even then you may only consider the same in determining proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident of the defendant, in connection with the offense alleged against him in the indictment and for no other purpose.

00625

You are instructed that under our law a confession of a defendant made while the defendant was in jail or other place of confinement or in the custody of an officer shall be admissible in evidence if it appears that the same was freely and voluntarily made, without compulsion or persuasion. However, before a statement made orally to law enforcement or persons acting as agents of law enforcement may be considered voluntary, it must be shown beyond a reasonable doubt that, prior to making such statement, the accused was warned by the person to whom the statement was made, or by a magistrate, that : 1) he has the right to remain silent and not make any statement, 2) that anything said by the defendant will be used against him at trial or in court, 3) that he has the right to terminate the questioning at any time during the interview or questioning, and 4) that he is entitled to the services of an attorney, his own, or, if he is unable to employ one, a court-appointed attorney, to advise him prior to and during any questioning or interrogation.

So, if you find from the evidence, or if you have a reasonable doubt thereof, that at the time the defendant gave any statement on June 23, 2008, to a reporter, Steve Pickett, Ellen Goldberg, or Shaun Raab, the reporter was acting as an agent of law enforcement and failed to give the defendant the above warning, you shall disregard any such statement and not consider such statement for any purpose nor any evidence obtained as a result thereof.

00626

Moreover, if you find from the evidence, or you have a reasonable doubt thereof, that at the time of the defendant's statement to the reporters on June 23, 2008, the defendant was under the influence of PCP, marijuana, formaldehyde, or any combination thereof to such an extent as to be reduced to a condition of mental impairment such as to render his statement not wholly voluntary, then such statement would not be freely and voluntarily made, and in such case you will wholly disregard the statement referred to and not consider it for any purpose nor any evidence obtained as a result of such statement.

You are instructed that you may only consider evidence of voluntary intoxication or testimony of witnesses Jason Varghese or Dr. Haideh Mirmesdagh to the extent it relates to the voluntariness of the defendant's statements to the various television reporters that previously testified in this case.

00627

To warrant a conviction of the defendant of capital murder, you must find from the evidence beyond a reasonable doubt not only that on the occasion in question the defendant, JAMES GARFIELD BROADNAX, was engaged in the commission or attempted commission of the robbery or attempted commission of the robbery, if any, but also that the defendant, JAMES GARFIELD BROADNAX, shot STEPHEN SWAN with the intention of thereby killing him.

Unless you find from the evidence beyond a reasonable doubt that the defendant, JAMES GARFIELD BROADNAX, on the alleged occasion, specifically intended to kill STEPHEN SWAN when he shot him, if he did shoot him, you cannot convict him of the offense of capital murder.

00628

## CAPITAL MURDER

Now, if you find from the evidence beyond a reasonable doubt that on or about the 19th day of June, 2008, in Dallas County, Texas, the defendant, JAMES GARFIELD BROADNAX, did unlawfully then and there intentionally cause the death of STEPHEN SWAN, an individual, by shooting the said STEPHEN SWAN with a firearm, a deadly weapon, and the defendant, JAMES GARFIELD BROADNAX, was then and there in the course of committing or attempting to commit the offense of robbery of the said deceased, then you will find the defendant guilty of capital murder.

If you do not so believe, or if you have a reasonable doubt thereof, or if you are unable to agree, you will next consider whether the defendant is guilty of the lesser included offense of murder.

MURDER

If you find from the evidence beyond a reasonable doubt that on or about the 19th day of June, 2008, in Dallas County, Texas, the defendant, JAMES GARFIELD BROADNAX, did intentionally or knowingly cause the death of STEPHEN SWAN, an individual, by shooting STEPHEN SWAN with a firearm, a deadly weapon, but you have a reasonable doubt as to whether the defendant was then and there engaged in the commission of robbery or attempted robbery of STEPHEN SWAN at the time of the said shooting, if any;

OR

If you find from the evidence beyond a reasonable doubt that on or about the 19th day of June, 2008, in Dallas County, Texas, the defendant, JAMES GARFIELD BROADNAX, did knowingly cause the death of STEPHEN SWAN by shooting him with a firearm, a deadly weapon, but you have a reasonable doubt as to whether the defendant, JAMES GARFIELD BROADNAX, intentionally killed STEPHEN SWAN, as the term "intentionally" has been defined herein, then you will find the defendant guilty of murder, but not capital murder, regardless of whether you find from the evidence beyond a reasonable doubt that the defendant, JAMES GARFIELD BROADNAX, was then and there in the course of committing or attempting to commit the offense of robbery of STEPHEN SWAN of his property.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt that the defendant is guilty of murder, as defined in these instructions, or if you have a reasonable doubt, you will acquit the defendant of murder.

00630

If you should find from the evidence beyond a reasonable doubt that the defendant is either guilty of capital murder or murder, but you have a reasonable doubt as to which offense he is guilty of, then you should resolve that doubt in the defendant's favor and find the defendant guilty of the lesser included offense of murder.

If you have a reasonable doubt as to whether the defendant is guilty of any offense defined in this charge, you will acquit the defendant and say by your verdict "Not Guilty."

Voluntary intoxication does not constitute a defense to the commission of crime.

You are instructed that you may consider all relevant facts and circumstances surrounding the killing, if any, and the previous relationship existing between the accused and the deceased, if any, together with all relevant facts and circumstances going to show the condition of the mind of the accused at the time of the shooting in question, if any.

00631

In all criminal cases, the burden of proof is on the State. All persons are presumed to be innocent, and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that a person has been arrested, confined, or indicted for, or otherwise charged with the offense gives rise to no inference of guilt at their trial.

The prosecution has the burden of proving the defendant guilty, and it must do so by proving each and every element of the offense charged beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.

It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all "reasonable doubt" concerning the defendant's guilt.

In the event you have a reasonable doubt as to the defendant's guilt after considering all the evidence before you, and these instructions, you will acquit him and say by your verdict not guilty.

00632

You are the exclusive judges of the facts proved, of the credibility of the witnesses and the weight to be given their testimony, but you are bound to receive the law from the Court, which has been given to you in these instructions.

After you retire to the jury room, you should select one of your members as your Presiding Juror. It is his or her duty to preside at your deliberations, vote with you, and when you have unanimously agreed upon a verdict, to certify your verdict by using the appropriate form attached to these instructions and signing the same as Presiding Juror.

No one has any authority to communicate with you except the bailiff who has you in charge. During your deliberations in this case, you must not consider, discuss, nor relate any matters not in evidence before you. You should not consider nor mention any personal knowledge or information you may have about any fact or person connected with this case which is not shown by the evidence.

After you have retired, you may communicate with this Court in writing through the bailiff who has you in charge. Do not attempt to talk to the bailiff, or the attorneys, or the Court, or anyone else concerning any question you may have.

00633

Your verdict must be by a unanimous vote of all members of the jury.

After you have reached a unanimous verdict, the Presiding Juror will certify the verdict by filling in the appropriate form attached to this charge and signing his or her name as Presiding Juror. After arguments, you will retire to consider your verdict.

_Michael R. Snipes_
JUDGE MIKE SNIPES
CRIMINAL DISTRICT COURT 7
DALLAS COUNTY, TEXAS

00634

VERDICT FORMS

We, the jury, unanimously find the defendant guilty of capital murder as charged in the indictment.

_____
PRESIDING JUROR

Robert L. Patterson, Sr.
_____
(Printed Name of Presiding Juror)

-OR-

We, the jury, unanimously find the defendant guilty of murder as included in the indictment.

_____
PRESIDING JUROR

_____
(Printed Name of Presiding Juror)

-OR-

We, the jury, unanimously find the defendant not guilty.

_____
PRESIDING JUROR

_____
(Printed Name of Presiding Juror)

00635

FILED

2009 AUG 19 PM 3:02

GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO. TEXAS
LAMONICA LITTLES DEPUTY

CAUSE NO. F08-24667-Y

THE STATE OF TEXAS      *      IN THE CRIMINAL

VS.      *      DISTRICT COURT 7

JAMES GARFIELD BROADNAX      *      DALLAS COUNTY, TEXAS

LADIES AND GENTLEMEN OF THE JURY:

In a prior proceeding, JAMES GARFIELD BROADNAX, ("the Defendant") was found guilty of the offense of capital murder, alleged to have been committed on or about June 19th, 2008, in Dallas County, Texas. It is now your duty to determine from all the evidence in the case, answers to certain questions called Special Issues.

You are instructed that the punishment for the offense of capital murder is either death or confinement in the Institutional Division of the Texas Department of Criminal Justice for life without parole.

Two special issues, numbered one and two, are included in this charge. You are instructed to answer these Special Issues either "yes" or "no" in accordance with the instructions given in this charge.

00636

Special Issue No. 1: Do you find from the evidence beyond a reasonable doubt that there is a probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society?

Special Issue No. 2: Do you find, taking into consideration all of the evidence, including the circumstances of the offense, the defendant's character and background, and the personal moral culpability of the defendant, that there is a sufficient mitigating circumstance or circumstances to warrant that a sentence of life imprisonment without parole rather than a death sentence be imposed?

00637

Instructions Regarding Special Issues No. 1

In deliberating on your answer to Special Issue No. 1, you are instructed that the State has the burden of proving beyond a reasonable doubt that the answer to the issue is "yes."

If you do not so find and believe from the evidence beyond a reasonable doubt that the answer to Special Issue No. 1 should be "yes," or if you have a reasonable doubt thereof, then you shall answer the Special Issue "no."

You may not answer Special Issue No. 1 "yes" unless the jury agrees unanimously, and you may not answer Special Issue No. 1 "no" unless 10 or more members of the jury agree. The members of the jury need not agree on what particular evidence supports a "no" answer to the issue.

If you have answered "no" to Special Issue No. 1, then you shall cease your deliberations. If you have answered "yes" to Special Issue No. 1, then you shall next consider Special Issue No. 2.

In deliberating on Special Issue No. 1, you shall consider all evidence admitted at the guilt or innocence stage and the punishment stage, including evidence of the defendant's background or character or the circumstances of the offense that militates for or mitigates against the imposition of the death penalty.

00638

Instructions Regarding Special Issue No. 2

In deliberating on your answer to Special Issue No. 2, you are instructed that you may not answer Special Issue No. 2 "no" unless the jury agrees unanimously, and you may not answer Special Issue No. 2 "yes" unless 10 or more members of the jury agree. The members of the jury need not agree on what particular evidence supports a "yes" answer to Special Issue No. 2.

In arriving at your verdict, you shall consider mitigating evidence to be evidence that a juror might regard as reducing the Defendant's moral blameworthiness.

If the jury answers under Special Issue No. 2 that a circumstance or circumstances warrant that a sentence of life imprisonment without parole rather than a death sentence be imposed, the Court will sentence the defendant to imprisonment in the Institutional Division of the Texas Department of Criminal Justice for life without parole.

Under the law applicable in this case, a defendant sentenced to confinement for life without parole is ineligible for release on parole.

00639

## General Instructions

You are instructed that if the jury answers "yes" to Special Issue No. 1 and answers "no" to Special Issue No. 2, the Court shall sentence the defendant to death.

If the jury answers "no" to Special Issue No. 1 or answers "yes" to Special Issue No. 2, then the Court shall sentence the defendant to confinement in the Institutional Division of the Texas Department of Criminal Justice for life without parole.

If the jury's answers to the Special Issues are unanimous, then the presiding juror may sign each Special Issue for the entire jury. If any answer or answers are not unanimous, but agreed to by at least 10 members of the jury, as set out above, then the 10 or more jurors who agree shall individually sign the Special Issue.

During your deliberations upon the Special Issues, you must not consider, discuss nor relate any matters not in evidence before you. You shall not consider nor mention any personal knowledge or information you may have about any fact or person connected with this case which is not shown by the evidence.

00640

In arriving at the answers to the Special Issues, it will not be proper for you to fix the same by any method of chance other than by a full, fair and free exchange of the opinion of each individual juror.

You are not to be swayed by mere sentiment, conjecture, sympathy, passions, prejudices, public opinion, or public feeling in considering all the evidence before you and in answering the Special Issues.

In determining your answers to the Special Issues, you shall consider all the evidence admitted in this whole trial.

00641

## Evidence of Extraneous Offense

You are further instructed that if there is any evidence before you in this case regarding the defendant having committed an offense or offenses other than the offense alleged against him in the indictment, you cannot consider this evidence for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offenses, if any were committed, and even then you may only consider the same in determining the answers to the Special Issues.

## Right to Testify

You are further instructed the law allows the defendant to testify in his own behalf at this phase of the trial, but a choice on his part not to do so is not a circumstance against him and no presumption can be indulged in by the jury for a choice on his part not to do so. During your consideration of this case, you are instructed not to consider, discuss, or even refer to the choice of the defendant not to testify.

00642

After the reading of this Charge, you shall not talk with anyone not of your jury. After the argument of counsel, you will retire to consider your answers to the Special Issues submitted to you. It is the duty of your Presiding Juror to preside in the jury room and vote with you on the answers to the Special Issues submitted.

You are the exclusive judges of the facts proved, of the credibility of the witnesses, and of the weight to be given to the testimony, but you are bound to receive the law from the Court, which is herein given you, and be governed thereby.

JUDGE MIKE SNIPES
CRIMINAL DISTRICT COURT 7
DALLAS COUNTY, TEXAS

00643

We request the 2 special issue
presentation boards.

LAMONICA LITTLES

FILED

2009 AUG 20   AM 11: 27

GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO. TEXAS

DEPUTY

00644

Photo titled Free styling found
In jail.

R. L. [signature]

LAMONICA LITTLE'S

FILED

2009 AUG 20 PM 5: 15

GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO., TEXAS

_____ DEPUTY

00645

NEEDS:

- Is the letter presented to MR. Swan by the Defense Attorney evidence and if so, can we review?

- Tape of jail conversations on 8/12.

Transcript of DR. Price's testimony.

LARONICA LITTLES
FILED
2009 AUG 21 PM 12:30
GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO., TEXAS
_____ DEPUTY

00646

# FILED

## 2009 AUG 21  AM 9: 34

GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO., TEXAS

CAUSE NO. F08-24667-Y

THE STATE OF TEXAS _____DEPUTY          IN THE CRIMINAL

VS.                                       DISTRICT COURT 7

JAMES GARFIELD BROADNAX                   DALLAS COUNTY, TEXAS

### JURY NOTE

MEMBERS OF THE JURY:

We have received your note.  In response, the letter presented
to Mr. Swan is not in evidence and you may not consider it.  The
tape of jail conversations dated 8/12 will be provided to you.


_____
JUDGE MIKE SNIPES
Criminal District Court 7
Dallas County, Texas

00647

NEED:

~~Records~~

- School RECORDS

- Journals from Car and Jail

- Transcript of 4:30 phone call on 8/12.

- Video of channel 5 Interview

- Photos from CRIME seen shown today by prosecution.

FILED

2009 AUG 21 PM 12:30

GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO., TEXAS

_____ DEPUTY

00648

CAUSE NO. F08-24667-Y

THE STATE OF TEXAS                          IN THE CRIMINAL

VS.                                         DISTRICT COURT 7

JAMES GARFIELD BROADNAX                     DALLAS COUNTY, TEXAS

### JURY NOTE

MEMBERS OF THE JURY:

We have received your note. In response, the Court provides the following: school records, journals from the car and photographs from the crime scene as shown by the prosecution, will be provided shortly.

The Bailiff will come to the jury room and play the video of Channel 5 shortly. There is no "transcript" of a 4:30 phone call from August 12. There is no "journal" that was taken from the jail.

JUDGE MIKE SNIPES
Criminal District Court 7
Dallas County, Texas

00649

## SPECIAL ISSUE NO. 1

Do you find from the evidence beyond a reasonable doubt that there is a probability that the defendant, JAMES GARFIELD BROADNAX, would commit criminal acts of violence that would constitute a continuing threat to society?

Answer: _Yes_

_____
PRESIDING JUROR

If your answer to this Special is "no," and is not unanimous, then the 10 jurors who agree should sign individually below:

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

If your answer to Special Issue No. 1 is "yes", you shall proceed to answer Special Issue No. 2.  If your answer to Special Issue No. 1 is "no", you shall cease your deliberations.

00650

## SPECIAL ISSUE NO. 2

Do you find, taking into consideration all of the evidence, including the circumstances of the offense, the Defendant's character and background, and the personal moral culpability of the Defendant, that there is a sufficient mitigating circumstance or circumstances to warrant that a sentence of life imprisonment rather than a death sentence be imposed?

Answer: NO

PRESIDING JUROR

If your answer to this Special Issue is "yes," and is not unanimous, then the 10 or more jurors who agree should sign individually below:

_____     _____

_____     _____

_____     _____

_____     _____

_____     _____

CAUSE NO. F0824667-Y

THE STATE OF TEXAS ) IN THE CRIMINAL COURT

) 

PLAINTIFF )

)

VS. ) DALLAS COUNTY, TEXAS

)

JAMES GARFIELD BROADNAX )

)

DEFENDANT ) 7TH JUDICIAL DISTRICT

ORAL AND VIDEOTAPED DEPOSITION OF

FRANCINE MAZONE

AUGUST 15, 2009

COPY

ORAL AND VIDEOTAPED DEPOSITION OF FRANCINE MAZONE, produced as a witness at the instance of the DEFENDANT, and duly sworn, was taken in the above-styled and numbered cause on the 15th of August, 2009, from 1:11 p.m. to 1:45 p.m., before Tierney Burgett, CSR in and for the State of Texas, reported by machine shorthand, at the residence of the witness, 505 Jerome Street, Texarkana, Texas, pursuant to Court Order and the Texas Rules of Criminal Procedure.

Page 2

A P P E A R A N C E S

FOR THE STATE OF TEXAS:
        ELAINE MORRISON EVANS
        GORDON R. HIKEL
        DALLAS COUNTY DISTRICT ATTORNEY'S OFFICE
        133 N. Industrial Boulevard, LB 19
        Dallas, Texas 75207
        214-653-3600

FOR THE DEFENDANT:
        KERI L. MALLON
        DALLAS COUNTY PUBLIC DEFENDER
        133 N. Industrial Boulevard
        Dallas, Texas 75207
        214-653-3550
        e-mail:  mallon@dallascounty.org

ALSO PRESENT:
        Randall Johnson
        Carlos Garcia, Videographer

00653

Francine Mazone - 8/15/2009

Page 3

INDEX

| | PAGE |
|---|---|
| Appearances | 2 |

FRANCINE MAZONE

EXAMINATION BY:

| | |
|---|---|
| Ms. Mallon | 4 |
| Ms. Evans | 18 |
| Ms. Mallon | 30 |
| Ms. Evans | 33 |
| Reporter's Certificate | 38 |

Merrill Corporation - Dallas
800-966-4567 www.merrillcorp.com/law

00654

VIDEOGRAPHER:  Here begins Volume I, Videotape Number 1 of the Deposition of Francine Mazone.  Today's date is August 15th, 2009.  We are on the record.  The time on the video monitor is 1:11 p.m.

For the record, would counsel please voice identify. Yourselves and state whom you represent?

MS. MALLON:  Keri Mallon for the defendant.

MS. EVANS:  Elaine Evans, State of Texas.

VIDEOGRAPHER:  Would the court reporter please swear in witness.

FRANCINE MAZONE,

having been first duly cautioned and sworn, testified as follows:

EXAMINATION

BY MS. MALLON:

Q.    Ms. Mazone, my name is Keri Mallon and I represent James Broadnax.

A.    Yes.

Q.    And you know why we are all here today to speak with you, right?

A.    Yes.

Q.    Okay.  First of all, would you tell the jury why you're not able to travel to Dallas and actually be present at court?

A.    I have a condition called degenerating bone disease,

00655

and I can't sit for long periods of time, I can't walk for long periods of time. As you can see, I'm a lot overweight, so I take a lot of steroids, and for pain I take morphine.

Q. Okay.

A. And that I wouldn't drive. I have my husband drive and my son when they do and I go along, but -- of course, I can drive to the store or something, but sometime I don't feel like it. I've got blurred vision --

Q. Okay.

A. -- and I don't drive. Because, you know, that's hazardous for me as well as for someone else.

Q. Sure. And if I under -- if I understood correctly, I think your doctor actually instructed you not to travel?

A. Oh, yeah. I have a prescription in -- ov -- out -- in my -- over my sun visor stating for -- sometime I don't wear a seat belt, and I have a prescription stating that I don't have to have a seat belt all of the time on the arm, but I can't drive for long distance.

Q. Okay. You're not under the influence of any medication that would prohibit you from testifying today?

A. No, no.

Q. Okay, okay.

A. I don't -- I'm not taking anything today but just the arthritis medicine --

Q. Okay.

00656

A.    -- vitamins.

Q.    Can you tell us a little bit about yourself?  Are you married?

A.    My name is Fanny Mazone, and I'm married to Reggie Mazone.  I've been married 18 years.  We're in the ministry.  I'm an evangelist, my husband's an elder in the Church of God in Christ, and we're a witnessing team.  I have three children.  My eldest son is 37, my daughter's 36, my youngest son is 25.

Q.    Okay.  And we are in your home, right?

A.    We're in -- we're in my -- in my castle.

Q.    In Texarkana, Texas?

A.    In Texarkana, Texas.

Q.    How long have you lived here?

A.    Two years.

Q.    Okay.  Have you lived in this area most of your life?

A.    No.  We've traveled for the ministry.  We've moved -- we -- we had a mobile home that we bought in Winfield, Texas, which is right outside of Mount Pleasant, and we moved and we stayed in Hope for a year, we stayed in Prescott for a year, but we do a lot of mission work, get out and go in the housing projects and witness to -- to people and get little children to go to Sunday school.

Q.    Okay.  What -- what does it mean when you say "witness"?

00657

Page 7

A.    Tell people about the Lord and ask them about being saved, changing their lives and, you know, just really introducing people to Christ.

Q.    Okay.  Are you -- what's your educational background?

A.    Well, I've -- I have a GED, I have two years of college, I worked in the school system 12 years and...

Q.    Have you done a lot of work with children?

A.    Yes.

Q.    Okay.

A.    A lot of work with children.

Q.    Okay.

A.    A lot of work.

Q.    I want to talk to you about James Broadnax.

A.    Okay.

Q.    Tell me if you can remember when you first met James.

A.    I don't -- James was about six or seven --

Q.    Okay.

A.    -- when I first...  We were witnessing, and I know his cousin -- knew his -- his mother's cousin, and we were witnessing, and his mother was on drugs.  She was on crack real heavy.  And my husband and I had been talking to her about changing her life.

Q.    Okay.  Let me stop you there --

00658

Francine Mazone - 8/15/09

Page 8

A.    Okay.

Q.    -- and then we'll go back to that.

A.    Okay.

Q.    Where did you meet -- meet James and his mother?

A.    They lived in a housing project in -- in Arkansas. I can't tell you the street, but I can see it, but it was in Arkansas.

Q.    Okay.  And James was living with his mother?

A.    Was living with his mother in the housing project.

Q.    Were they liv -- were -- was it just the two of them; do you know?

A.    It was a -- a guy that -- I saw him a couple of times --

Q.    Okay.

A.    -- but he lived there --

Q.    Okay.

A.    -- basically in and out.

Q.    And who was the mother's cousin that you mentioned; do you know?

A.    Juanita.  Juanita.  Her name was Jua --

Q.    Juanita Mayes?

A.    Yeah, but it was Juanita Adams at that time.

Q.    Okay.  And is James's mother's name Audrey Kelly?

A.    All I know is Audrey.

Q.    Audrey.  Okay.

Merrill Corporation - Dallas
800-966-4567 www.merrillcorp.com/law

00659

Page 9

A.    Is all I know.

Q.    Okay.  So while you were witnessing, you came across James and his mother Audrey?

A.    Right.  I was -- actually, I was witnessing to Audrey --

Q.    Okay.

A.    -- trying to get her to go to church, and she went once or twice, but she had -- you know, she had this little boy.  And so I asked her, well, if you don't go, could I take your child to Sunday school?  And, of course, she said yes.  I said, now, when I take him, he'll be gone all day, because I'm going to take him home with me and feed him after church, you know, and she said, that's fine.  Okay.  And so that's how we kind of -- the relationship began.

Q.    Okay.  You said that Audrey was on -- on drugs?

A.    Yes.

Q.    How did you know that?

A.    Well, if you've been out like I have in -- in -- I worked in an alternative high school.  I have some drug background in my early childhood, young life, in my teenage life.  I came from Dallas-Oak Cliff, and I've had a lot of communication with people on drugs, right here in my neighborhood.  So if you know -- and -- you know, the signs and -- they don't look like we do.  You know what I'm saying about that?

00660

Q.    Yes, ma'am.

A.    And there's just a difference.  So you know.  If you don't drink, you know a man that's drinking.

Q.    Okay.  Did you ever see her use drugs?

A.    Never saw her use them.

Q.    Okay.  Did you see her, what you thought was, under the influence of drugs?

A.    Have saw her under the influence of drugs.

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████.  During that time of -- era, almost the whole neighborhood was on -- it was just crack infested.

Q.    Okay.  And that's --

A.    So that's just the way it was.

Q.    Is that the neighborhood James was living in?

A.    Yes.

Q.    Okay.  And did Audrey take very good care of James that you could tell?

A.    I -- I can't -- I can't say that.  The only thing that I'll tell you is we always fed him because he was hungry. He -- he -- he was just a kid, you know.  He just -- he didn't have new shoes and new jeans or anything like that, but he did have clothes on, you know.  He was decent, but he was just hungry.  He'd always say, I'm hungry.  And I said, now, you've

00661

Francine Mazone - 8/15/2009

Page 11

got to wait till after church. You know, he -- when I'd pick him up, he'd want to eat. And I said, no, you've got to go to Sunday school and be good in Sunday school, and then if you're good in Sunday school, you know, I'll -- sometime I'd have candy or something to give him, but that was just the duration of that.

Q.    So he was always hungry?

A.    Just about. But he didn't talk very much. That was the only thing he really would say. You know, we'd try to get him to talk in Sunday school, but he wouldn't talk in Sunday school. He always had his head down --

Q.    Okay.

A.    -- and I was worried about that, because he always kept his head down. Said, look up. You're such a good-lookin' boy. Look up and smile, but he never would.

Q.    Did you ever see him smile?

A.    Never. Never.

Q.    Did you ever see any signs of abuse on James?

A.    One time. One time we picked him up, he had a little knot on his head and a bruise. You know, he's real light-complected. And everybody said, What happened to you, baby? Because I thought maybe he was out playing.

00662

I -- and so I was kind of furious about it, so I kind of said something about it, I think, to -- I -- when I took him home, I -- I knocked on the door and she was in there, like she was asleep or something, and I kind of asked about it, but she said he was gone, Richard was gone. So, you know, I thought maybe they might have had a brawl or something. I didn't ask too much because it's good not to get too much in people's business. Especially when you try to take them to Christ, you don't want to get in too far in their business. So I didn't -- I didn't ask her a lot about it. But after that, about a month later, they were gone --

Q.    Okay.

A.    -- so I don't know what happened.



Q.    And he had a bump on his head?

A.    Well, yeah, he had a -- he had a bruise and a knot. Yeah, I seen that.

Q.    Okay. Did you see any injuries on Audrey?

A.    I didn't -- I -- I wasn't interested. To be honest with you, I was interested in this baby, you know, because he was, like, six or seven, and I don't know. Apparently I got some different words about that situation, but that was just --

00663

Francine Mazone - 8/15/2009

Page 13

you know, I didn't see it.  But like I said, I was interested in -- in James at the time, because...

Q.   Did you ever see any in -- interaction between Audrey and James?

A.   No, no.

Q.   Okay.  Did there come a time when you wanted to take James in?

A.   I did.

Q.   Okay.

A.   I -- in fact, I asked her one time, I said, let -- come let James live with me, and she said, oh, I don't know. I'll think about it, you know.  But I don't -- I just don't know what happened to him then.  I don't know, because the next time I saw him, which was about a couple of years ago, he was just staying here and there.

Q.   Okay.  During that timeframe when you took James to church and to Sunday school, about what -- what length of a time period was that?  Was it a month?  Two months?  Six months?

A.   Oh, no, it was longer than that.

Q.   Do you remember?

A.   Probably about three, four months, somewhere -- about four months, somewhere in there.

Q.   Okay.  And did you see him every Sunday?

A.   Pretty much --

00664

Q.    Okay.

A.    -- every Sunday.

Q.    Do you think if you had been able to take James in, he -- he would be different than he is today?

A.    I would hope so.  Because, for one thing, I do know he didn't have any kind of foundation.  You know, he didn't have any -- didn't have a home life.  He was just kind of loose on his own.  You know what I'm saying?  Just kind of wherever he wanted to go, he gets going and whenever he come back, he come back, and no -- no structure.  He just didn't have it.  And he was a troub -- he seemed troubled.  Ever seen somebody always keeps their head down, look sad, don't never smile, don't never talk?  And I often wondered was it because he lived in this housing project because --

MS. EVANS:  Object to nonresponsive.

BY MS. MALLON:

Q.    You can continue.

A.    Oh.  Because he lived in this housing project and this neighborhood that they lived in.  Was that the reason, or he was just unhappy?  But he just -- he wasn't talking. That -- you know, you got a seven-year-old boy and you got toys and got -- I -- my son is 25, and he was at home, so he had toys, he had games and things like that, and a room -- his own room with music and stuff.  And James just didn't hardly, you know, interact too much, and I wondered how did he do in

00665

Page 15

school.

Q.    Did you ever ask him why he always kept his head down and kept to himself?

A.    Didn't talk.

Q.    He just wouldn't talk?

A.    Huh-uh.

Q.    Okay.

A.    Didn't talk.

Q.    Okay.  Did you ever see James with any toys or any --

A.    No, nothing.

Q.    Okay.

Q.    Okay.  So --

A.    I don't know whether I did.

Q.    And then they left?

00666

A.    Uh-huh, then they left.

Q.    Did she say goodbye before she left or --

A.    No.

Q.    You didn't have any warning they were leaving?

A.    Huh-uh.  I just went over there to get him as usual and no one answered the door, and then so I asked his cous -- I got in touch with his cousin, and she said, Well, Audrey just moved up in Arkansas somewhere.  We don't know where she is. She's disappeared, too, so...

Q.    Do you know how Audrey supported them?

A.    I guess welfare, because she wasn't working.  That I do know.  She wasn't working.

Q.    Okay.  Did you ever see James act out or be violent in any way?

A.    Nothing.  Nothing.

Q.    And I think you had said a minute ago that you saw him a couple years ago?

A.    Yes.  He was on a bicycle in Hope, Arkansas, and I was -- I had taken somebody home from church, or I was trying to pick somebody up, one of the two, but I passed by this group of boys on bicycles.  I always notice this group of boys in the neighborhood, you know, and I noticed James was in it because his hair was real long and flying everywhere.  And I backed my car up.  I says, What are you doing over here?  He said, Well, I'm over here seeing my friend.  And I said, What are you guys

00667

into?  He said, Nothing, Ms. Mazone.  I said, Well, listen, be good.  Don't get in no trouble.  Where are you living?  He said, Oh, just here and there.

Q.    Was that about two years ago, you think?

A.    About two years ago.

Q.    Okay.

A.    About two.

Q.    And that was in Arkansas?

A.    Well, I've been here two years, so it must have been three years.  About three years ago.

Q.    In Arkansas?

A.    Uh-huh.

Q.    Okay.

A.    Over in Hope.



Q.    Okay.

MS. MALLON:  Thank you, Ms. Mazone.  Now Ms. Evans is going to talk to you and then I may have a few questions for you after that as well.

EXAMINATION

BY MS. EVANS:

Q.    Okay, Ms. Mazone, you and I had an opportunity to talk a little bit before we started this process, right?

A.    Right.

Q.    Okay.  I appreciate you having us here in your home today and especially knowing that you don't feel well and nor does your husband.  Okay?

I want to talk a little bit more about that

00669

Francine Mazone - 8/15/2009

Page 19

relationship that you had with James.  Okay?

A.    Okay.

Q.    It sounds to me that it was for approximately three to four months; is that right?

A.    Approximately three to four months, right.  Maybe a little longer.  I -- I won't say, but maybe a little longer.

Q.    Okay.

A.    Would be no more than five months at the most.

Q.    So no more than five months at the most --

A.    Uh-huh.

Q.    -- when he was around six or seven --

A.    Right.

Q.    -- you provided a positive influence in his life, right?

A.    I tried to do the best I could, yes.

Q.    Okay.  And so would you see him other days of the week besides Sunday or was it just for Sunday church?

A.    Just Sunday.

Q.    Okay.

A.    Just Sunday for church.

Q.    And did you take him to church every Sunday?

A.    Every Sunday that -- it's a -- it was a few times that I went by to get him and nobody would answer the door, but mainly on a regular basis he would be ready to go, and I wouldn't even have to go to the door.  I just pulled up in

00670

front of the place and blow and he'd come out.

Q.    Okay.  And when he came out and went to church with you, you-all went to Sunday school and church --

A.    Yes.

Q.    -- right?

A.    Yes.

Q.    And then you would bring him here to your house --

A.    Yes, I'd bring him --

Q.    -- right?

A.    -- not to this house --

Q.    Well, not to this house.

A.    -- it was to the house where I was living, yes.

Q.    Okay.  And you'd feed him lunch?

A.    Feed him -- well, yeah, you'd call it lunch.  It was more like a -- an early dinner because we wouldn't get home until, like, 1 -- 2:00 o'clock.

Q.    Okay.  And about how long would you spend with him there in your house?

A.    Like I said, I had a son that was a little older than him, and we'd maybe take him home about 5:00 or 6:00 o'clock, you know, in the evening, because Sunday, he'd have to get ready to go to -- to school the next day, so he was six, you know, and so about 6 or -- 6:00 o'clock, 5:00 or 6:00 o'clock in the evening.

Q.    Okay.  You said you wondered how he did in school?

00671

Francine Mazone - 8/15/2009

Page 21

A.    Yes, I wondered, you know, what -- what --

Q.    If he was six or seven at that time, would he have been in kindergarten?

A.    No, he would have been in the first or second grade.

Q.    First or second grade?

A.    Uh-huh.

Q.    And so have you ever known how he went on to do in school?

A.    No.

Q.    Don't know.

A.    I don't know anything about it.

Q.    And I know you talked about the last time you saw him was a year ago in Hope; is that right?

A.    It was -- well, it was -- I've been here two years. Three -- three years ago.

Q.    Three --

A.    It would have been three years ago.

Q.    Three years ago is when you saw him in Hope?

A.    Uh-huh.

Q.    When you saw him at that time and then the time whenever he was six and seven years old, did you see him at any time in between --

A.    No.

Q.    -- when was six and seven and then three years ago --

00672

Page 22

A.    No.

Q.    -- in Hope?

A.    No.  I don't know where he was or what he was doing.  Sure don't.

Q.    Okay.  But when you would take him to church, you said that he was always hungry, right?

A.    Yeah, he would be always hungry and ask could he --

Q.    It's fair to say children that age, they're growing, they need food and nourishment --

A.    Right.

Q.    -- and you were giving him that, right?

A.    Right.  Would feed him every Sunday.

Q.    On Sundays.

A.    Uh-huh.

Q.    And you said that he -- he didn't have new clothes, but he was always dressed nice and looked nice?

A.    Yeah, he was always okay, you know, just regular.

Q.    Okay.

A.    I can't think of anything wrong with the way he was dressed.

Q.    And when you saw him three years ago in Hope, that would have been, I guess, roughly 2006, maybe?

A.    Yeah, 2006.

Q.    You told him what?

A.    Was don't get into any trouble.  And what -- I

00673

Francine Mazone - 8/15/2009

Page 23

wanted to know what he was doing over there, because he was just out, you know, and he's still on the bicycle, and he said he was over there visiting his friend. I said, Well, where do you live? He said, Well, just here and there, you know.

Q.    And did he remember you?

A.    Yes, he remembered me, uh-huh.

Q.    So even though it been quite a few years since he had had that interaction with you, you taking him to church, he remembered you?

A.    He remembered me right off.

Q.    If James had asked you back three years ago if you could get him a hot meal or if he could stay with you for a little while, would you have been willing to do that?

A.    I'd have brought him right in here, right into the house where I was living.

Q.    But he didn't ask that, did he?

A.    No, he didn't ask.

Q.    Okay. You said that that whole neighborhood where he was living during the time you knew him was crack infested, right?

A.    Oh, yeah. And it's somewhat still that way.

Q.    And this neighborhood is there in?

A.    Arkansas.

Q.    But where -- what city is this in?

A.    Texarkana.

00674

Francine Mazone - 8/15/09

Page 24

Q.    Here in Texarkana?

A.    In Texarkana, uh-huh.

Q.    Okay.  Because we've talked -- we've made some mentions of Hope --

A.    Yeah.  I --

Q.    -- and so I just wanted to clarify.

A.    It's Texarkana, Arkansas.

Q.    And so in that neighborhood in Texarkana, did you take other children to church or just James?

A.    I had a couple other children I would pick up sometime and some mad dogs I'd pick up sometime, but not on a regular basis.  James was the only person I would -- at that time we would take on a regular basis.  You know, we witnessed other people.  Sometime people go one time to church and don't go anymore, but his mother would, you know, let him go on a regular basis, so...

Q.    And, in fact, did his mother ever attend with you-all?

A.    Yes, she did.

Q.    And --

A.    Three or four times she went.

Q.    Ms. Kelly, his mother, seems pretty versed in the bible.  Would that be fair to say?

A.    Pretty much, because she's been in and out of church quite a bit.

00675

Francine Mazone - 8/15/2009

Page 25

Q.    And did you know that she tries to give him teachings from the bible and tell him to read his bible?

A.    I don't know anything about that.

Q.    Okay.  But she did attend with you-all some?

A.    Yes, she did.

Q.    Okay.  And you haven't had any contact with her for the last -- how long would you say?

A.    Let's see how many years it's been.  Maybe three years, right before we moved here.  I saw her in Mount Vernon, Texas.

Q.    Okay.

A.    She was there and had got involved in one of our church situations and met some of the church people there and she was going to church, and she came to my house a couple times.  I don't know where James was, but -- because he wasn't with her, but she came to my house and visit and told me she was trying to change her life again, trying to get things straightened up.  She was homeless, but she was trying to get -- you know, get herself back on track.

Q.    And how long ago was that?

A.    That was about three -- three years ago --

Q.    Three years ago as well?

A.    -- three and a half -- between three and a half -- three and a half and three years ago.

Q.    So did you know that she's been working pretty hard

00676

as a truck driver -- driver?

A.   She -- she had been working as a truck driver then.

Q.   Okay.

A.   I don't know what happened, but that she told me she had married some guy and he was a truck driver.

Q.   And did you know that she's been supportive of James and sending him money, like money grams?

A.   I don't know anything about that.

Q.   Because you hadn't had any contact here in the last three years --

A.   Huh-uh.

Q.   -- with James --

A.   Or her.

Q.   -- or Ms. Kelly, right?

A.   No.

Q.   Okay.  The other children that you would take, even though it wasn't on a regular basis, have you had a chance to interact or know what they have done later in life?

A.   Yes.  I have had one -- I got one little boy that calls me.  He lives in maybe El Dorado --

Q.   Okay.

A.   -- Arkansas.  El Dorado maybe is the way you pronounce it.  But he -- he called me about two months ago.  He calls me quite a bit.  His name is TJ.  I used to take him quite a bit.  I've got a young lady that still comes to see --

00677

Francine Mazone - 8/15/2009

Page 27

well, she comes to see about me, run errands for me right here, that I took to church. She used to come -- we pray every night at 9:00 o'clock at my house and she was one of the little, ch -- young girls that would come and pray at 9:00 o'clock at my house. And she's went to nursing school. She's an LVN now.

Q. Wow.

A. So, yeah. I've -- I've had an influence on a few, but -- and this one has come back and been a help to me, praise the Lord. I think she's a great help to my husband and I. But I've had quite a bit and some I've lost contact with.

Q. Okay.

A. At one time I had 13 people live in my house --

Q. Whoa.

A. -- off the street.

Q. And so you're willing to take people in, whatever they do?

A. I have taken a lot of people in, a lot of people.

Q. That -- there's something to be said for that, Ms. Mazone. So TJ and the nurse, the LVN that you --

A. Rachel.

Q. -- just spoke of --

A. Uh-huh.

Q. -- did they come from that same neighborhood that James came from?

A. Well, TJ kind of, and there's a story about that,

00678

and I don't want to get into that. But he come out of a -- it was okay. But Rachel, she came out of a real bad situation, because her mother passed away when she was a little girl --

Q. Okay.

A. -- and her dad was sick, and he was trying to raise her. So I kind of stepped in, you know, and took her to church. And her dad is still sick. I'm trying to get him to go to church now. But anyway, I -- I could tell you a story about a lot of people --

Q. I understand. You've touch --

A. -- on drugs and things.

Q. I'm sure you've touched a lot of people's lives in your history.

A. I've tried. I've tried to give -- I've tried to give back. Because someone had mercy on me and gave me an opportunity to come off the streets of Oak Cliff and Dallas. I was into everything, and they -- a lady gave me an opportunity, took me off the street, and took me to a ministry in Hope, Arkansas. And I've got to say -- and my -- my heart, my desire is to give back, because I was confused and mixed up. I came out of -- my dad was an alcoholic. He abused my mom all my life. And every -- and I'm the -- I'm just the first child. Everybody said I was going to be an alcoholic, you know. And I grew up angry, so I know the signs of an angry child. Because all through school I fought and I cut up so bad. So I know

00679

Page 29

some of the signs of an angry child who's angry about their home. A lot of people are not angry. A lot of children blend in, but a lot of children rebel and they don't know how to rebel, and I was one of those children, so -- and I was withdrawn. I had no activity with anybody, so I know some of the signs.

Q.    And Ms. Mazone, that's what you tried to do for James, right?

A.    Tried to do that.

Q.    To give him an opportunity?

A.    I tried to give him an opportunity, yes, ma'am.

Q.    And whenever you would share those meals with James here in your home for those five months, did you try to teach him about the Lord?

A.    I did. I -- I tried to tell him -- my thing was -- to him was try to do good, treat people the way you want to be treated. But he didn't -- he didn't talk very much. He just -- he was...

Q.    But just because James didn't talk, didn't mean that you weren't still trying to --

A.    No, no.

Q.    -- minister to him --

A.    Uh-huh.

Q.    -- fair to say?

A.    Uh-huh.

00680

Q.    Okay. And James hasn't tried to reach out to you or have any contact with you other than you seeing him there in Hope three years ago; fair to say?

A.    No, he haven't.

Q.    Okay.

MS. EVANS:    Thank you, Ms. Mazone.

MS. MALLON:    I do have a couple more questions.

EXAMINATION

BY MS. MALLON:

Q.    Ms. Mazone, I just have a couple follow-up questions for you.

A.    Okay.

Q.    Ms. Evans asked you about him -- James being hungry all of the time. Was that because his mother didn't feed him?

A.    I won't say that --

Q.    Okay.

A.    -- because I don't know.

Q.    Okay.

A.    He -- he would just always being hungry. Come and just, I'm hungry, you know, and I -- and I -- I'm a good cook too, so...

Q.    Was it a normal six-year-old hunger or did he seem to be more hungry than a normal kid? And if you don't know, that's okay.

00681

Page 31

A.    I just don't want to say.

Q.    Okay.

A.    You know, I -- I don't want to paint his mother as a bad person.  Maybe she just done -- did the best she could at that time with what she had.

Q.    Okay.  But doing the best she could at that time still may not have been very good --

A.    Yeah.

Q.    -- is that right?  Is that fair?

█████████████████████████████████

█████████████████████████████████

█████████████████████████████████

because she had him there with her.  You know, I -- I don't say she did the best, but I don't want to take anything from her either, because she had a problem, and if you can't -- you've got a problem, you can't very much help anybody else too much, you know.

Q.    And Ms. Mazone, you know firsthand what it's like growing up with an addicted parent --

A.    Yes, I do.

Q.    -- right?

A.    I do.

Q.    And you know how that can affect you?

A.    I do, very much so.

Q.    And is it fair to say -- I think you said it -- it

00682

Francine Mazone - 8/15/2009

Page 32

makes a child angry?

A.    Yeah.    Some children -- some children are withdrawn, some are angry and, you know, they just do different things, you know.    And I was an angry child.    I was quiet, but I was a quiet storm.    If you stepped on my toe, I was subject to just rare into you, you know, even through school.    I don't know what his schools activities was, but I do know he was with -- he was really with -- he was a with -- withdrawn as a child. He was --

Q.    James?

A.    Yes.

Q.    Okay.

A.    He was very withdrawn.

Q.    Okay.    The time you went to pick up James for church and they were just gone, they had moved away?    You never saw them again until much later?

A.    Never saw them again.

Q.    So James's mother, Audrey, took him away?

A.    Just -- they just up and left, and I don't know why, you know.    They just up and left.

Q.    And when you saw James in Hope approximately three years ago, was he homeless; did you know?

A.    He said he was living here and there.

Q.    Okay.    Okay.    And at that point did you exchange numbers or addresses?

00683

Page 33

A.   No.

Q.   Okay.

A.   No.  It was -- he was in -- riding bicycles, like four other guys on bicycles --

Q.   Okay.

A.   -- so...

Q.   So he wouldn't know how to contact you?

A.   No, he wouldn't know how to contact me.

MS. MALLON:   Okay.  That's all I have.

EXAMINATION

BY MS. EVANS:

Q.   Ms. Mazone, you said that his mom was always there with him when he was six or seven, right --

A.   Yes.

Q.   -- living -- they were living together?

A.   Well, sometime he would come out the door.  I won't say she was there or not, but I would just assume she was there.  You know, blow -- he was just -- when I'd drive up, I'd blow and he'd just run right out the door and run up to the car.  Most of the -- sometimes, you know, I know she was there because I got out and went to the door to talk to her --

Q.   Right.

A.   -- but I would just assume she was there.

Q.   But they had a home together?

A.   Yes.

00684

Q.    They had built a home together there?

A.    Uh-huh.

Q.    Because you know there are some moms that just totally abandon their children --

A.    Yeah.

Q.    -- or leave them with other individuals.  Fair to say?

A.    Right.

Q.    But she didn't do that to James, did she?

A.    No.  She was -- he was -- they lived in a housing project, but he was there at home with her.

Q.    Okay.  And did you ever have an opportunity to talk to a lady by the name of Ms. Ross?

A.    No.

Q.    No?  So as far as talking about this case, when is the first time that you talked to anybody about what was going on with James?

A.    A lady by the name of Brendan called me on the phone.

Q.    Okay.  Ms. Brendan?

A.    And another lady.  I can't think of her name.  But they both came here and asked me, you know, would I be willing to come to Dallas.  And at that time, you know, I didn't even think about myself.  I was going to try to get me a driver and go, because -- although I didn't know him for a long time,

00685

Francine Mazone - 8/15/2009

Page 35

there's something about him; he's on my heart. For one reason, he's 19 years old. He's -- he's just a young boy, hasn't even had a life yet.

Q.    And Ms. Mazone, that's part of what you do --

A.    Right.

Q.    -- you minister to people, right?

A.    Yeah.

Q.    So you want to help and --

A.    Yeah, that's it.

Q.    -- reach out to those you can?

How long were you on the phone with the lady that called you to talk about it?

A.    I don't know. She might have been on the phone 20 minutes.

Q.    And then when they came here to your home, how long did they visit with you?

A.    Oh, they were here, I'd say, 45 minutes at least.

Q.    Okay. And did they kind of tell you what James' situation was or the crime he had committed?

A.    Yes, they did.

Q.    Okay. And, now, you haven't seen any of the interview tapes where James is confessing and kind of bragging about the killings, have you?

A.    No. I haven't saw anything.

Q.    Okay.

00686

A.    And somebody said one of them was on television, but I -- I never saw that.

Q.    And do you feel like that's something you would ever want to see?

A.    I -- I wouldn't want to see it, because that's just not him. I don't -- you know, I -- that's just not his personality. I don't know what --

Q.    But Ms. --

A.    -- has happened to him.

Q.    But Ms. Mazone, you haven't seen him since he was six or seven years old.

A.    Well, I haven't.

Q.    Is that fair to say?

A.    Of what I saw him, you know --

Q.    Right?

A.    -- of -- of -- and he -- I didn't talk to him, like now.

Q.    But you hadn't had a relationship with him?

A.    No.

Q.    Okay.

A.    And I didn't talk to him long enough to see what -- I just hate to believe it, I think. I don't want to believe it.

Q.    I understand.

A.    I just don't.

00687

Page 37

MS. EVANS:  Thank you, Ms. Mazone.

VIDEOGRAPHER:  Okay.  This marks the end of Tape Number 1 and the conclusion of today's videotaped deposition.  We are off the record.  The time now is 1:45 p.m.

(Proceedings concluded at 1:45 p.m.)

(Signature waived.)

00688

CAUSE NO. F0824667-Y

| | | |
|---|---|---|
| THE STATE OF TEXAS | ) | IN THE CRIMINAL COURT |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| VS. | ) | DALLAS COUNTY, TEXAS |
| | ) | |
| JAMES GARFIELD BROADNAX | ) | |
| | ) | |
| DEFENDANT | ) | 7TH JUDICIAL DISTRICT |

REPORTER'S CERTIFICATION

DEPOSITION OF FRANCINE MAZONE

AUGUST 15, 2009

I, Tierney Burgett, Certified Shorthand Reporter in and for the State of Texas, hereby certify to the following:

That the witness, FRANCINE MAZONE, was duly sworn by the officer and that the transcript of the oral deposition is a true record of the testimony given by the witness;

That examination and signature of the witness to the deposition transcript was waived by the witness and agreement of the parties at the time of the deposition;

That the original deposition was delivered to Keri L. Mallon;

That the amount of time used by each party at the deposition is as follows:

ELAINE MORRISON EVANS - 15 minutes ;

GORDON R. HIKEL - 00:00;

KERI L. MALLON - 19 minutes ;

That $_____ is the deposition officer's charges to

00689

Page 39

the Defendant for preparing the original deposition transcript and any copies of exhibits;

That pursuant to information given to the deposition officer at the time said testimony was taken, the following includes all parties of record:

Elaine Morrison Evans, Attorney for The State of Texas;

Gordon R. Hikel, Attorney for The State of Texas;

Keri L. Mallon, Attorney for Defendant;

That a copy of this certificate was served on all parties shown herein on _____ and filed with the Clerk pursuant to Rule 203.3.

I further certify that I am neither counsel for, related to, nor employed by any of the parties or attorneys in the action in which this proceeding was taken, and further that I am not financially or otherwise interested in the outcome of the action.

Certified to by me this 17 day of Aug , 2009.

Tierney Burgett

Tierney Burgett
CSR 588
Merrill Legal Solutions
Firm Registration No. 191
4144 N. Central Expressway
Suite 850
Dallas, Texas 75204
800-966-4567
Commission Expiration Date:    12-31-2011

00690

## A

abandon 34:4
able 4:23 14:3
above-styled 1:20
abuse 11:18
abused 28:21
act 16:13
action 39:15,17
activities 32:7
activity 29:5
Adams 8:22
addicted 31:19
addresses 32:25
affect 31:23
age 22:8
ago 13:14 16:16,17
  17:4,5,10 21:13,15
  21:17,18,25 22:21
  23:11 25:20,21,22
  25:24 26:23 30:3
  32:22
agreement 38:16
alcoholic 28:21,23
alternative 9:19
amount 38:20
angry 28:24,24 29:1,1
  29:2 32:1,3,4
answer 19:23
answered 16:6
anybody 29:5 31:16
  34:16
anybody's 18:12
anymore 24:15
anyway 28:8
Apparently 12:24
Appearances 3:3
appreciate 18:22
appropriate 17:16
approximately 19:3,5
  32:21
area 6:15
Arkansas 8:5,7 16:8
  16:18 17:8,11 23:23
  24:7 26:22 28:19

arm 5:17
arthritis 5:24
asked 9:9 11:23 12:5
  13:10 16:6 23:11
  30:14 34:22
asking 18:7
asleep 12:5
assume 33:17,23
attend 24:17 25:4
Attorney 39:6,8,9
attorneys 39:14
ATTORNEY'S 2:4
Audrey 8:23,24,25
  9:3,5,15 10:18
  12:21 13:4 15:21
  16:7,10 32:18
August 1:12,21 4:3
  38:9

## B

baby 11:22 12:23
back 8:2 14:9,10
  23:11 25:19 27:8
  28:15,20
backed 16:23
background 7:5 9:20
bad 28:2,25 31:4
basically 8:17
basis 19:24 24:12,13
  24:16 26:17
began 9:14
begins 4:1
believe 18:9,12 36:22
  36:22
belt 5:16,17
best 19:15 31:4,6,12
  31:14
bible 24:23 25:2,2
bicycle 16:18 23:2
bicycles 16:21 33:3,4
bit 6:2 18:20,25 24:25
  26:24,25 27:10
blend 29:2
blow 20:1 33:18,19
blurred 5:8

bone 4:25
bought 6:18
Boulevard 2:5,9
boy 9:9 11:15 14:21
  17:23,24 26:19 35:2
boys 16:21,21
bragging 35:22
brawl 12:7
Brendan 34:18,20
bring 20:7,8
Broadnax 1:5 4:17
  7:14 38:5
brought 23:14
bruise 11:20 12:19
built 34:1
bump 12:18
Burgett 1:22 38:10
  39:20
business 12:9,10

## C

C 2:1
call 20:14
called 4:25 26:23
  34:18 35:12
calls 26:20,24
candy 11:5
capital 17:17
car 16:24 33:20
care 10:18
Carlos 2:15
case 34:15
castle 6:10
cause 1:1,20 38:1
cautioned 4:12
Central 39:22
certificate 3:11 39:10
CERTIFICATION
  38:8
Certified 38:10 39:18
certify 38:11 39:13
ch 27:4
chance 26:17
change 25:17
changing 7:2,24

charges 38:25
child 9:10 28:22,24
  29:1 31:12 32:1,4,8
childhood 9:20
children 6:7,23 7:8
  7:11 22:8 24:9,10
  26:16 29:2,3,4 32:2
  32:2 34:4
choices 18:6
Christ 6:7 7:3 12:10
church 6:6 9:7,12
  11:1 13:17 16:19
  19:17,20,21 20:2,3
  22:5 23:8 24:9,14
  24:24 25:13,13,14
  27:2 28:7,8 32:14
city 23:24
clarify 24:6
Clerk 39:11
Cliff 9:21 28:16
clothes 10:24 22:15
college 7:7
come 13:6,11 14:9,10
  20:1 27:2,4,8,23
  28:1,16 30:20 33:16
  34:23
comes 26:25 27:1
Commission 39:25
committed 35:19
communication 9:22
concluded 37:5
conclusion 37:3
condition 4:25
confessing 35:22
confused 28:20
contact 25:6 26:9
  27:10 30:2 33:7,8
continue 14:17
convicted 17:17
cook 30:21
copies 39:2
copy 39:10
correctly 5:12 12:15
counsel 4:5 39:13
COUNTY 1:4 2:4,8

00691

38:4
couple 8:12 13:14 16:17 24:10 25:14 30:7,11
course 5:6 9:10
court 1:2,24 4:9,24 38:2
cous 16:6
cousin 7:21,21 8:18 16:7
cousins 10:10
crack 7:22 10:10,13 23:19
crime 35:19
Criminal 1:2,25 38:2
CSR 1:22 39:21
cut 28:25

**D**

dad 28:5,7,21
Dallas 1:4 2:4,5,8,9 4:23 28:16 34:23 38:4 39:23
Dallas-Oak 9:21
date 4:2 30:25
daughter's 6:8
day 9:11 20:22 39:18
days 19:16
death 17:20
decent 10:24
decide 17:15
defendant 1:6,19 2:7 4:7 38:6 39:1,9
DEFENDER 2:8
degenerating 4:25
delivered 38:18
deposition 1:10,18 4:2 37:4 38:8,13,16 38:17,18,21,25 39:1 39:3
desire 28:19
difference 10:2
different 12:25 14:4 32:3
dinner 20:15

disappeared 16:9
disease 4:25
distance 5:18
DISTRICT 1:6 2:4 38:6
doctor 5:13
dogs 24:11
doing 16:24 22:3 23:1 31:6,12
door 12:4 16:6 19:23 19:25 33:16,19,21
Dorado 26:20,22
dressed 22:16,20
drink 10:3
drinking 10:3
drive 5:5,5,7,10,18 33:18
driver 26:1,1,2,5 34:24
drug 9:19 10:9
drugs 7:22 9:15,22 10:4,7,8 28:11 31:11,12
duly 1:20 4:12 38:12
duration 11:5

**E**

E 2:1,1
early 9:20 20:15
easier 18:3
eat 11:2
educational 7:4
either 17:19 31:15
El 26:20,22
Elaine 2:3 4:8 38:22 39:6
elder 6:6
eldest 6:8
employed 39:14
era 10:12
errands 27:1
especially 12:9 18:23
evangelist 6:6
Evans 2:3 3:7,9 4:8,8 14:15 18:15,18 30:6

30:14 33:11 37:1 38:22 39:6
evening 20:21,24
everybody 11:21 18:4 28:23
examination 3:5 4:14 18:17 30:9 33:10 38:15
exchange 32:24
exhibits 39:2
Expiration 39:25
Expressway 39:22
e-mail 2:10

**F**

fact 13:10 24:17
fair 22:8 24:23 29:24 30:3 31:9,25 34:6 36:13
Fanny 6:4
far 12:10 34:15
fed 10:21
feed 9:12 20:13,14 22:12 30:15
feel 5:7 18:23 36:3
filed 39:11
financially 39:16
fine 9:13
Firm 39:22
first 4:12,22 7:16,20 21:4,5 28:22 34:16
firsthand 31:18
five 19:8,9 29:13
flying 16:23
following 38:11 39:4
follows 4:13 38:21
follow-up 30:11
food 22:9
forgive 18:8
fought 28:25
found 18:2
foundation 14:6
four 13:22,23 19:4,5 24:21 33:4
Francine 1:11,18 3:4

4:2,11 38:8,12
friend 16:25 23:3
front 20:1
furious 12:2
further 39:13,15
F0824667-Y 1:1 38:1

**G**

games 14:23
Garcia 2:15
GARFIELD 1:5 38:5
GED 7:6
girl 28:3
girls 27:4
give 11:5 18:6 25:1 28:14,15,20 29:10 29:11
given 38:14 39:3
giving 22:11
go 5:6 6:21,23 8:2 9:7 9:9 11:2 14:9 19:24 19:25 20:22 24:14 24:15,15 28:8 34:25
God 6:6
going 9:12 10:11 14:9 17:15,19 18:15 25:14 28:23 34:16 34:24
good 10:18 11:3,4 12:8 17:2 18:5,6,6 29:16 30:21 31:7
goodbye 16:2
good-lookin 11:14
Gordon 2:4 38:23 39:8
grade 21:4,5
grams 26:7
great 27:9
grew 28:24
group 16:20,21
growing 22:8 31:19
guess 16:11 22:22
guy 8:12 26:5
guys 16:25 33:4

00692

Francine Mazone - 8/15/09

## H

hair 16:23
half 25:23,23,24
happened 11:21
　12:14 13:13 26:4
　36:9
happens 18:5
hard 25:25
hate 36:22
hazardous 5:11
head 11:11,14,20
　12:18 14:12 15:2
heard 10:11
heart 28:19 35:1
heavy 7:23
help 27:8,9 31:16
　35:8
he'll 9:11
high 9:19
Hikel 2:4 38:23 39:8
history 28:13
home 6:9,18 9:12
　12:4 14:7,22 15:14
　15:15 16:19 18:22
　20:15,20 29:2,13
　33:24 34:1,11 35:15
homeless 25:18 32:22
honest 12:22
hope 6:20 14:5 16:18
　17:14 21:13,18 22:2
　22:21 24:4 28:18
　30:3 32:21
hot 23:12
house 20:7,10,11,12
　20:18 23:15 25:14
　25:16 27:3,5,12
housing 6:22 8:5,9
　14:14,18 34:10
Huh-uh 15:6 16:5
　26:11
hunger 30:23
hungry 10:21,25,25
　11:7 22:6,7 30:14
　30:20,21,24

husband 5:5 7:23
　18:24 27:9
husband's 6:6

## I

identify 4:5
includes 39:5
INDEX 3:1
individuals 34:6
Industrial 2:5,9
infested 10:13 23:19
influence 5:19 10:7,8
　19:13 27:7
information 39:3
injuries 12:21
instance 1:19
instructed 5:13
interact 14:25 26:18
interaction 13:3 23:8
interested 12:22,23
　13:1 39:16
interview 35:22
introducing 7:3
involved 25:12

## J

James 1:5 4:17 7:14
　7:17,18 8:4,8 9:3
　10:16,18 11:18
　12:15 13:2,4,7,11
　13:16 14:3,24 15:9
　15:22 16:13,22
　17:16 19:1 23:11
　24:9,12 25:15 26:6
　26:12 27:24 29:8,12
　29:19 30:1,14 32:10
　32:14,21 34:9,17
　35:18,22 38:5
James's 8:23 32:18
jeans 10:23
Jerome 1:23
Johnson 2:14
Jua 8:20
Juanita 8:20,20,21,22
JUDICIAL 1:6 38:6

jury 4:22 17:21
jury's 17:15

## K

keep 15:21
keeps 14:12
Kelly 8:23 24:22
　26:14
kept 11:14 15:2,3
Keri 2:8 4:7,16 38:18
　38:24 39:9
kid 10:22 30:24
killings 35:23
kind 9:14 12:2,3,5
　14:6,7,8 27:25 28:6
　35:18,22
kindergarten 21:3
knew 7:21 18:8 23:19
knocked 11:23,24,25
　12:4
knot 11:20 12:19
know 4:19 5:10 7:2
　7:20 8:11,19,24 9:1
　9:8,13,17,23,23,24
　10:2,3,9,11,22,24
　11:1,4,9,20 12:6,14
　12:23,24 13:1,11,12
　13:13,13 14:5,6,8
　14:21,25 15:20,24
　15:24 16:8,10,12,22
　18:2,9 20:21,23
　21:1,10,11,12 22:3
　22:17 23:1,2,4
　24:13,15 25:1,3,15
　25:19,25 26:4,6,8
　26:18 28:6,23,24,25
　29:3,5 30:18,21,24
　31:3,13,17,18,23
　32:3,4,6,6,7,19,20
　32:22 33:7,8,18,20
　33:20 34:3,22,23,25
　35:13 36:6,7,14
knowing 18:23
known 21:7

## L

L 2:8 38:18,24 39:9
lady 26:25 28:17
　34:13,18,21 35:11
late 15:14
LB 2:5
leave 34:6
leaving 16:4
left 15:25 16:1,2
　32:19,20
Legal 39:21
length 13:17
Let's 25:8
life 6:16 7:24 9:20,21
　14:7 17:16,19 19:13
　25:17 26:18 28:22
　35:3
light-complected
　11:21
listen 17:1
little 6:2,22 9:8 11:20
　18:20,25 19:6,6
　20:19 23:13 26:19
　27:3 28:3
liv 8:10
live 13:11 23:4 27:12
lived 6:13,15 8:5,15
　14:13,18,19 34:10
lives 7:2 26:20 28:12
living 8:8,9 10:16
　17:2 20:12 23:15,19
　32:23 33:15,15
long 5:1,1,18 6:13
　15:17 16:23 18:1
　20:17 25:7,20 34:25
　35:11,15 36:21
longer 13:20 19:6,6
look 9:24 11:14,15
　14:12
looked 22:16
loose 14:7
Lord 7:1 27:9 29:14
lost 27:10
lot 5:2,3 6:21 7:8,11

00693

7:13 9:21 12:11 27:17,17 28:9,12 29:2,2,3
love 17:25
lunch 20:13,14
LVN 27:5,19

**M**

machine 1:23
mad 24:11
Mallon 2:8 3:6,8 4:7 4:7,15,16 14:16 18:14 30:7,10 33:9 38:19,24 39:9
mallon@dallascou... 2:10
man 10:3
marks 37:2
married 6:3,4,5 26:5
Mayes 8:21
Mazone 1:11,18 3:4 4:2,11,16 6:4,5 17:1 17:15 18:14,19 27:19 29:7 30:6,11 31:18 33:12 35:4 36:10 37:1 38:8,12
ma'am 10:1 29:11
meal 23:12
meals 29:12
mean 6:24 29:19
medication 5:20
medicine 5:24
meet 8:4,4
mentioned 8:18
mentions 24:4
mercy 17:22 18:7,9 18:12 28:15
Merrill 39:21
met 7:16 25:13
minister 29:22 35:6
ministry 6:5,17 28:18
minute 16:16
minutes 35:14,17 38:22,24
mission 6:21

mixed 28:20
mobile 6:18
mom 12:17 28:21 33:12
moms 34:3
money 26:7,7
monitor 4:4
month 12:12 13:18
months 13:18,19,22 13:23 19:4,5,8,9 26:23 29:13
morphine 5:3
Morrison 2:3 38:22 39:6
mother 7:22 8:4,8,9 9:3 11:25 15:16 24:15,17,22 28:3 30:15 31:3 32:18
mother's 7:21 8:18,23
Mount 6:19 25:9
moved 6:18,19 16:8 25:9 32:15
murder 17:17
music 14:24

**N**

N 2:1,5,9 39:22
name 4:16 6:4 8:20 8:23 26:24 34:13,18 34:21
need 22:9
neighborhood 9:23 10:13,16 14:19 16:22 23:18,22 24:8 27:23
neither 39:13
never 10:5 11:15,17 11:17 14:12,13 17:24,24,25 18:2,7 32:15,17 36:2
new 10:23,23 22:15
nice 22:16,16
night 27:2
nonresponsive 14:15
normal 30:23,24

notice 16:21
noticed 16:22
nourishment 22:9
Number 4:2 37:3
numbered 1:20
numbers 32:25
nurse 27:19
nursing 27:5

**O**

Oak 28:16
Object 14:15
OFFICE 2:4
officer 38:13 39:4
officer's 38:25
oh 5:14 13:11,20 14:18 17:3 23:21 35:17
okay 4:22 5:4,9,19,22 5:22,25 6:9,15,24 7:4,10,12,15,19,25 8:1,3,8,14,16,23,25 9:2,6,13,15 10:4,6,9 10:14,18 11:12 12:13,21 13:6,9,16 13:24 14:1 15:7,9 15:12,19 16:13 17:6 17:13,15 18:11,13 18:19,22,24 19:1,2 19:7,16,19 20:2,13 20:17,25 22:5,17,18 23:18 24:3 25:4,6 25:11 26:3,16,21 27:11 28:2,4 30:1,5 30:13,17,19,25 31:2 31:6 32:12,14,24,24 33:2,5,9 34:12,20 35:18,21,25 36:20 37:2
old 21:21 35:2 36:11
older 20:19
once 9:8
opportunity 18:19 28:16,17 29:10,11 34:12

oral 1:10,18 38:13
Order 1:24
original 38:18 39:1
outcome 39:16
outside 6:19
ov 5:14
overweight 5:2
o'clock 20:16,21,23 20:24 27:3,4

**P**

P 2:1,1
PAGE 3:2
pain 5:3
paint 31:3
parent 31:19
parole 17:17,19
part 35:4
parties 38:17 39:5,10 39:14
party 38:20
passed 16:20 28:3
peace 17:25
people 6:22 7:1,3 9:22 18:5,6 24:14 24:14 25:13 27:12 27:15,17,17 28:9 29:2,16 35:6
people's 12:9 28:12
period 13:18
periods 5:1,2
person 24:12 31:4
personality 36:7
phone 34:19 35:11,13
pick 11:1 16:20 24:10 24:11 32:14
picked 11:19
place 20:1
PLAINTIFF 1:3 38:3
playing 11:22
Pleasant 6:19
please 4:5,9
point 32:24
positive 19:13
praise 27:8

00694

pray 27:2,4
preparing 39:1
Prescott 6:20
prescription 5:14,16
present 2:13 4:23
pretty 13:25 24:22,24 25:25
Probably 13:22
problem 31:15,16
Procedure 1:25
proceeding 39:15
Proceedings 37:5
process 18:20
produced 1:19
prohibit 5:20
project 8:5,9 14:14 14:18 34:11
projects 6:22
pronounce 26:23
provided 19:13
PUBLIC 2:8
pulled 19:25
pursuant 1:24 39:3 39:12
pushed 12:16,17
p.m 1:21,21 4:4 37:4 37:5

**Q**

questions 18:16 30:8 30:11
quiet 32:4,5
quite 23:7 24:25 26:24,25 27:10

**R**

R 2:1,4 38:23 39:8
Rachel 27:20 28:2
raise 28:5
Randall 2:14
rare 32:6
reach 30:1 35:10
read 25:2
ready 19:24 20:22
real 7:22 11:20 16:23

28:2
really 7:2 11:9 17:22 32:8
reason 14:19 35:1
rebel 29:3,4
record 4:3,5 37:4 38:14 39:5
Reggie 6:4
Registration 39:22
regular 19:24 22:17 24:12,13,16 26:17
related 39:13
relationship 9:14 19:1 36:18
remember 7:16 13:21 23:5
remembered 23:6,9 23:10
reported 1:22
reporter 4:9 38:10
Reporter's 3:11 38:8
represent 4:6,16
residence 1:23
respect 17:21
Richard 11:23,24 12:6,16
riding 33:3
right 4:20 6:9,19 9:4 9:22 18:4,20,21 19:4,5,12,14 20:5,9 21:13 22:6,10,11,12 23:10,14,14,20 25:9 26:14 27:1 29:8 31:9,21 33:13,19,22 34:8 35:5,6 36:15
road 18:3,4,4
room 14:23,24
Ross 34:13
roughly 22:22
Rule 39:12
Rules 1:25
run 27:1 33:19,19

**S**

S 2:1

sad 14:12
saved 7:2
saw 8:12 10:5,8 13:14 16:16 21:12,18,20 22:21 25:9 32:15,17 32:21 35:24 36:2,14
saying 9:24 14:8
says 11:25 16:24
school 6:23 7:7 9:10 9:19 11:3,3,4,10,11 13:17 15:1 20:3,22 20:25 21:8 27:5 28:25 32:6
schools 32:7
searching 18:1
seat 5:16,17
second 21:4,5
see 5:2 8:6 10:4,6 11:16,18 12:21 13:1 13:3,24 15:9,17 16:13 19:16 21:21 25:8 26:25 27:1 36:4,5,21
seeing 16:25 30:2
seen 12:20 14:11 35:21 36:10
sending 26:7
sentence 17:16,20
served 39:10
seven 7:18 12:24 19:11 21:2,21,24 33:13 36:11
seven-year-old 14:21
share 29:12
shoes 10:23
shorthand 1:23 38:10
shown 39:11
sick 28:5,7
signature 37:6 38:15
signs 9:23 11:18 28:24 29:1,6
sit 5:1
situation 12:25 28:2 31:10 35:19
situations 25:13

six 7:18 12:24 13:18 19:11 20:22 21:2,21 21:24 33:13 36:11
six-year-old 30:23
smile 11:15,16 14:12
Solutions 39:21
somebody 14:11 16:19,20 18:2,8 36:1
somewhat 23:21
son 5:6 6:8,8 14:22 20:19
sounds 19:3
speak 4:19
spend 20:17
spoke 27:21
stairs 11:23,25 12:1 12:16
started 18:20
state 1:2,22 2:3 4:6,8 38:2,11 39:6,8
stating 5:15,16
stay 15:13,16 23:12
stayed 6:20,20
staying 13:15
stepped 28:6 32:5
steroids 5:3
stop 7:25
store 5:7
storm 32:5
story 27:25 28:8
straightened 25:18
street 1:24 8:6 27:14 28:18
streets 28:16
structure 14:10 17:24 18:6
stuff 14:24
subject 32:5
Suite 39:23
sun 5:15
Sunday 6:23 9:10 11:3,3,4,10,10 13:17,24 14:2 19:17 19:17,18,20,21,22

00695

20:3,21 22:12
Sundays 22:13
supported 16:10
supportive 26:6
sure 5:12 22:4 28:12
swear 4:10
sworn 1:20 4:12
  38:12
system 7:7

**T**

take 5:3,3 9:9,11,12
  10:18 12:9 13:6
  14:3 15:14,15 18:3
  18:4 19:21 20:20
  22:5 24:9,13 26:16
  26:24 27:15 31:14
taken 1:20 16:19
  27:17 39:4,15
talk 7:14 11:8,10,10
  14:13 15:4,5,8
  18:15,20,25 29:17
  29:19 33:21 34:12
  35:12 36:16,21
talked 21:12 24:3
  34:16
talking 7:23 14:20
  34:15
Tape 37:3
tapes 35:22
teach 29:13
teachings 25:2
team 6:7
teenage 9:20
television 36:1
tell 4:22 6:2 7:1,16
  8:6 10:12,19,21
  25:2 28:8 29:15
  35:18
testified 4:12
testifying 5:20
testimony 38:14 39:4
Texarkana 1:24 6:11
  6:12 23:25 24:1,2,7
  24:8

Texas 1:2,4,22,24,24
  2:3,5,9 4:8 6:11,12
  6:19 25:10 38:2,4
  38:11 39:7,8,23
Thank 18:14 30:6
  37:1
thing 10:20 11:9 14:5
  29:15
things 14:23 25:17
  28:11 32:3
think 5:13 12:3 13:12
  14:3 15:17,24 16:16
  17:4,23,25 18:2,7,8
  22:19 27:9 31:25
  34:21,24 36:22
thought 10:6 11:22
  12:7
three 6:7 13:22 17:10
  17:10 19:3,5 21:15
  21:15,16,17,18,24
  22:21 23:11 24:21
  25:8,21,21,22,23,23
  25:24,24 26:10 30:3
  32:21
Tierney 1:22 38:10
  39:20
till 11:1
time 4:3 5:1,2,17 8:22
  10:12 11:19,19 13:2
  13:6,10,14,18 15:13
  15:21 18:1 21:2,12
  21:20,20,22 23:19
  24:13,14 27:12
  30:15 31:5,6 32:14
  34:16,23,25 37:4
  38:17,20 39:4
timeframe 13:16
times 8:13 19:22
  24:21 25:15
TJ 26:24 27:19,25
today 4:19 5:20,23
  14:4 18:23
today's 4:2 37:3
toe 32:5
told 12:15 22:24

25:16 26:4
totally 34:4
touch 16:7 28:10
touched 28:12
toys 14:21,23 15:9
track 25:19
transcript 38:13,16
  39:1
travel 4:23 5:13
traveled 6:17
treat 29:16
treated 29:17
tried 19:15 28:14,14
  28:14 29:7,9,11,15
  30:1
tries 25:1
troub 14:11
trouble 17:2 22:25
troubled 14:11 17:24
truck 26:1,2,5
true 38:14
try 11:9 12:9 29:13
  29:16 34:24
trying 9:7 16:19
  25:17,17,18 28:5,7
  29:20
twice 9:8
two 6:14 7:6 8:10
  13:18 16:20 17:4,5
  17:7,9 21:14 26:23

**U**

uh-huh 16:1 17:12,18
  19:10 21:6,19 22:14
  23:6 24:2 27:22
  29:23,25 34:2
understand 28:10
  31:10,11 36:24
understanding 12:15
understood 5:12
unhappy 14:20
use 10:4,5
usual 16:5

**V**

Vernon 25:9
versed 24:22
video 4:4
Videographer 2:15
  4:1,9 37:2
Videotape 4:1
videotaped 1:10,18
  37:3
violent 16:13
vision 5:8
visit 25:16 35:16
visiting 23:3
visor 5:15
vitamins 6:1
voice 4:5
Volume 4:1
VS 1:4 38:4

**W**

wait 11:1
waived 37:6 38:16
walk 5:1
want 7:14 11:2 12:10
  15:13,15 18:25 28:1
  29:16 31:1,3,14
  35:8 36:4,5,22
wanted 13:6 14:9
  23:1 24:6
warning 16:4
wasn't 12:22 14:20
  15:17 16:11,12
  25:15 26:17
way 10:15 16:14
  22:19 23:21 26:22
  29:16
wear 5:15
week 19:17
welfare 16:11
went 9:7 16:5 19:23
  20:2,3 21:7 24:21
  27:5 32:14 33:21
weren't 29:20
we'll 8:2
we're 6:5,7,10,10
we've 6:17,17 24:3,3

Merrill Corporation - Dallas
800-966-4567 www.merrillcorp.com/law

00696

| | | |
|---|---|---|
| **Whoa** 27:13 | 25:4 | **505** 1:23 |
| **willing** 23:13 27:15 34:22 | **0** | **588** 39:21 |
| **Winfield** 6:18 | **00:00** 38:23 | **6** |
| **withdrawn** 29:5 32:2 32:8,13 | **1** | **6** 20:23 |
| **witness** 1:19,23 4:10 6:22,25 38:12,14,15 38:16 | **1** 4:2 20:16 37:3 | **6:00** 20:20,23,23 |
| **witnessed** 24:13 | **1:11** 1:21 4:4 | **7** |
| **witnessing** 6:7 7:20 7:22 9:2,4 | **1:45** 1:21 37:4,5 | **7TH** 1:6 38:6 |
| **wondered** 14:13,25 20:25 21:1 | **12** 7:7 | **75204** 39:23 |
| **words** 12:25 18:6 | **12-31-2011** 39:25 | **75207** 2:5,9 |
| **work** 6:21 7:8,11,13 | **13** 27:12 | **8** |
| **worked** 7:7 9:19 | **133** 2:5,9 | **800-966-4567** 39:24 |
| **working** 16:11,12 25:25 26:2 | **15** 1:12 38:9,22 | **850** 39:23 |
| **worried** 11:13 | **15th** 1:21 4:3 | **9** |
| **wouldn't** 5:5 11:10 15:5 19:25 20:15 33:7,8 36:5 | **18** 3:7 6:5 | **9:00** 27:3,4 |
| **Wow** 27:6 | **19** 2:5 35:2 38:24 | |
| **wrong** 18:3 22:19 | **19-year-old** 17:23,23 | |
| **Y** | **191** 39:22 | |
| **yeah** 5:14 8:22 12:17 12:19,20 20:14 22:7 22:17,23 23:21 24:5 27:7 31:8 32:2 34:5 35:7,9 | **2** | |
| | **2** 3:3 | |
| | **2:00** 20:16 | |
| | **20** 35:13 | |
| | **2006** 22:22,23 | |
| | **2009** 1:12,21 4:3 38:9 39:18 | |
| **year** 6:20,21 21:13 | **203.3** 39:12 | |
| **years** 6:5,14 7:6,7 13:14 16:17 17:4,5 17:9,10,10 21:14,15 21:17,18,21,24 22:21 23:7,11 25:8 25:9,21,22,24 26:10 30:3 32:22 35:2 36:11 | **214-653-3550** 2:10 | |
| | **214-653-3600** 2:6 | |
| | **25** 6:8 14:22 | |
| | **3** | |
| | **30** 3:8 | |
| | **33** 3:9 | |
| | **36** 6:8 | |
| | **37** 6:8 | |
| **young** 9:20 26:25 27:4 35:2 | **38** 3:11 | |
| **youngest** 6:8 | **4** | |
| **you-all** 20:3 24:18 | **4** 3:6 | |
| | **4144** 39:22 | |
| | **45** 35:17 | |
| | **5** | |
| | **5:00** 20:20,23 | |

Merrill Corporation - Dallas
800-966-4567 www.merrillcorp.com/law

00697



VOL 77 PAGE 146

## CASE No. F-0824667-Y
### INCIDENT No./TRN: 9174212621



| | | |
|---|---|---|
| THE STATE OF TEXAS | § § | IN THE CRIMINAL DISTRICT |
| v. | § § | COURT #7 |
| **JAMES GARFIELD BROADNAX**<br>AKA: JAMES GARDFIELD BROADNAX | § | DALLAS COUNTY, TEXAS |
| | § | |
| STATE ID No.: TX08189265 | § | JULY TERM |

## JUDGMENT OF CONVICTION BY JURY

| Judge Presiding: | HON. **Michael R. Snipes** | Date Judgment Entered: | **8/21/2009** |
|---|---|---|---|
| Attorney for State: | **David Alex** | Attorney for Defendant: | **BRAD LOLLAR**<br>**DOUG PARKS Keri Mallon** |

| Offense for which Defendant Convicted: |
|---|
| **CAPITAL MURDER** |

| Charging Instrument: | Statute for Offense: |
|---|---|
| **INDICTMENT** | **19.03 Penal Code** |

| Date of Offense: |
|---|
| **6/19/2008** |

| Degree of Offense: | Plea to Offense: |
|---|---|
| **CAPITAL FELONY** | **NOT GUILTY** |

| Verdict of Jury: | Findings on Deadly Weapon: |
|---|---|
| **GUILTY** | **YES, A FIREARM** |

| Plea to 1st Enhancement Paragraph: | **N/A** | Plea to 2nd Enhancement/Habitual Paragraph: | **N/A** |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | **N/A** | Findings on 2nd Enhancement/Habitual Paragraph: | **N/A** |

| Punished Assessed by: | Date Sentence Imposed: | Date Sentence to Commence: |
|---|---|---|
| **JURY** | **8/21/2009** | |

| Punishment and Place of Confinement: | **DEATH, CONFINEMENT IN THE INSTITUTIONAL DIVISION UNIL SENTENCE OF DEATH IS CARRIED OUT** ) |
|---|---|

THIS SENTENCE SHALL RUN **CONCURRENTLY.**

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **N/A** .

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| **$ N/A** | **$ 460.00** | **$ N/A** | ☐ VICTIM (see below)   ☐ AGENCY/AGENT (see below) |

**Sex Offender Registration Requirements do not apply to the Defendant.** TEX. CODE CRIM. PROC. chapter 62.

The age of the victim at the time of the offense was **N/A** .

| | If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order. |
|---|---|
| | From **6/20/2008** to **8/21/2009** From       to            From       to |
| Time Credited: | From       to           From       to        From       to |
| | If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. |
| | **N/A DAYS**   NOTES: **N/A** |

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Dallas County, Texas. The State appeared by her District Attorney.
**Counsel / Waiver of Counsel (select one)**
☒ Defendant appeared in person with Counsel.
☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

00698



It appeared to the Court that Defendant was mentally competent and had pleaded as shown above to the charging instrument. Both parties announced ready for trial. A jury was selected, impaneled, and sworn. The INDICTMENT was read to the jury, and Defendant entered a plea to the charged offense. The Court received the plea and entered it of record.

The jury heard the evidence submitted and argument of counsel. The Court charged the jury as to its duty to determine the guilt or innocence of Defendant, and the jury retired to consider the evidence. Upon returning to open court, the jury delivered its verdict in the presence of Defendant and defense counsel, if any.

The Court received the verdict and **ORDERED** it entered upon the minutes of the Court.

**Punishment Assessed by Jury / Court / No election (select one)**

☒ **Jury**. Defendant entered a plea and filed a written election to have the jury assess punishment. The jury heard evidence relative to the question of punishment. The Court charged the jury and it retired to consider the question of punishment. After due deliberation, the jury was brought into Court, and, in open court, it returned its verdict as indicated above.

☐ **Court**. Defendant elected to have the Court assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

☐ **No Election**. Defendant did not file a written election as to whether the judge or jury should assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

The Court **FINDS** Defendant committed the above offense and **ORDERS, ADJUDGES AND DECREES** that Defendant is **GUILTY** of the above offense. The Court **FINDS** the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court **ORDERS** Defendant punished as indicated above. The Court **ORDERS** Defendant to pay all fines, court costs, and restitution as indicated above.

**Punishment Options (select one)**

☒ **Confinement in State Jail or Institutional Division.** The Court **ORDERS** the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ.** The Court **ORDERS** Defendant to be confined for the period and in the manner indicated above. The Court **ORDERS** Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court **ORDERS** that upon release from confinement, Defendant proceed immediately to the Dallas County District Clerk Felony Collections Department. Once there, the Court **ORDERS** Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court **ORDERS** Defendant immediately committed to the custody of the Sheriff of Dallas County, Texas on the date the sentence is to commence. Defendant shall be confined in the Dallas County Jail for the period indicated above. The Court **ORDERS** that upon release from confinement, Defendant shall proceed immediately to the Dallas County District Clerk Felony Collections Department. Once there, the Court **ORDERS** Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a **FINE ONLY.** The Court **ORDERS** Defendant to proceed immediately to the Office of the Dallas County District Clerk Felony Collections Department. Once there, the Court **ORDERS** Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

**Execution / Suspension of Sentence (select one)**

☒ The Court **ORDERS** Defendant's sentence **EXECUTED**.

☐ The Court **ORDERS** Defendant's sentence of confinement **SUSPENDED**. The Court **ORDERS** Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court **ORDERS** that Defendant is given credit noted above on this sentence for the time spent incarcerated.

**Furthermore, the following special findings or orders apply:**

**Deadly Weapon.**

**The Jury FINDS Defendant used or exhibited a deadly weapon, namely, A FIREARM, during the commission of a felony offense or during immediate flight therefrom or was a party to the offense and knew that a deadly weapon would be used or exhibited. TEX. CODE CRIM. PROC. art. 42.12 §3g.**

**DEFT EXCEPTS AND GIVES NOTICE OF APPEAL TO THE COURT OF APPEALS, FIFTH DISTRICT OF TEXAS AT DALLAS.**

---

**Signed and entered on August 21, 2009**

X _Michael R. Snipes_

Michael R. Snipes
JUDGE PRESIDING

00699

**JUDGMENT**
**CERTIFICATE OF THUMBPRINT**

CAUSE NO. *F08-24667*

THE STATE OF TEXAS                    IN THE *Criminal*

VS.                                   DISTRICT COURT *# 7*

*James Darfield Broadnax*            DALLAS COUNTY, TEXAS

**RIGHT THUMB**                      DEFENDANT'S *Rt* HAND

THIS IS TO CERTIFY THAT THE FINGERPRINTS ABOVE ARE THE ABOVE-
NAMED DEFENDANT'S FINGERPRINTS TAKEN AT THE TIME OF DISPOSITION
OF THE ABOVE STYLED AND NUMBERED CAUSE.

DONE IN COURT THIS *13* DAY OF *Aug*, 20*09*.

*Gregy M Gaughey*
BAILIFF/DEPURTY SHERIFF
*# 731*

*INDICATE HERE IF PRINT OTHER THAN DEFENDANT'S RIGHT THUMBPRINT IS PLACED IN BOX:

_____ LEFT THUMBPRINT          _____ LEFT/RIGHT INDEX FINGER

_____ OTHER, _____

SIGNED AND ENTERED ON THIS *13* DAY OF *Aug*, 20*09*

*Michael R. Snipes*
PRESIDING JUDGE

00700

38

77/1165

THE STATE OF TEXAS

VS.

_James Brodnax_

CAUSE NO. _F08-24667-Y_

_Criminal_ DISTRICT COURT _No. 7_

DALLAS COUNTY, TEXAS

## DEFENDANT'S MOTION FOR NEW TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the Defendant in the above cause and by his Attorney, and moves the Court

to grant him a New Trial herein for the good and sufficient reason that the verdict is contrary to

the law and the evidence.

Wherfore, Defendant prays the Court grant a new trial herein.

FILED

2009 AUG 21 PM 2:27

GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO., TEXAS

DEPUTY

Respectfully submitted,

Attorney for Defendant

SBOT #19672500

214 507-3455

## ORDER

The above Motion is hereby (granted) (overruled).

_____

Judge

00701

JUDGEMENT / SENTENCE DATE _06/21/09_

MOTION FOR NEW TRIAL FILED _✓ YES_ _ NO DATE_ 06/21/09

_Monica Fiter_
Deputy District Clerk

<u>DRAWER #40</u>

THE STATE OF TEXAS

VS.

_James Broadnax_

CAUSE NO. _F08 -24667-Y_

_Criminal_ DISTRICT COURT _No. 7_

DALLAS COUNTY, TEXAS

### DEFENDANT'S NOTICE OF APPEAL AND PAUPER OATH

### APPOINTMENT OF ATTORNEY ON APPEAL

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Defenant in the above cause and states: I am the defendant in the above cause; I was convicted in this cause and now give Notice of Appeal to the Texas Court of Appeals for the Fifth Supreme Judicial District of Texas of Dallas, Texas, and that I am penniless, destitute and indigent person, too poor to employ counsel to represent me on the appeal, and too poor to pay for or give security for the Statement of Facts and a true copy thereof herein.

WHEREFORE, I pray that the Court will appoint an attorney to represent me in this appeal and that the Court will order the Court Reporter of this Court to prepare and deliver me or my appointed Counsel the original and a true copy of the Statement of Facts in this case, together with all exhibits attached thereto if practical.

/s/ _James Broadnax_
_____
Defendant

BEFORE ME, the undersigned authority, personally appeared the above Defendant, known to me to be the person whose signature appears above, and after being duly sworn on oath states that he is the defendant in the above cause, and that the matters and things set forth in the foregoing are true and correct in all things.

_Gary Fitzsimmons_
DISTRICT CLERK
Dallas County, Texas

FILED
2009 AUG 21  PM 2:__
GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO., TEXAS
DEPUTY

By _Monica Fiter_
_____
Deputy District Clerk

### ORDER

The Defendant having requested the Court to appoint Counsel,       ( 214 ) 507-3455

it is Ordered the Honorable ___John Tatum_____,

Address: _940 So. Sherman St. Richardson Texas 75081_

a regular licensed and practicing attorney of Texas, be, and he/she is hereby appointed to represent Defendant in prosecuting his/her appeal herein, and it is further Ordered that the Court Reporter is hereby directed to transcribe all of the notes as same may appertain to this cause and as taken during the trial of this cause which began on

_____, _____, and make Statement of Facts in duplicate and furnish same to defendant or his appointed Counsel.

_Michael R. Snipes_
_____
Judge

FORM 40

00702

CAUSE NO. F08-24667-Y

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE CRIMINAL DISTRICT |
| | § | |
| V. | § | COURT NUMBER SEVEN |
| | § | |
| JAMES BROADNAX | § | DALLAS COUNTY, TEXAS |

### ORDER APPOINTING COUNSEL

The defendant, James Broadnax, having been convicted of the offense of capital murder and sentenced to death;

The Court finds that the defendant is indigent and entitled to appointment of counsel for the purpose of appeal and a writ of habeas corpus;

The Court therefore appoints _John Tatum_ as counsel for the defendant to prepare an appeal, and _Lydia M. V. Brandt_ as counsel for the defendant to prepare an application for writ of habeas corpus pursuant to Article 11.071 of the Code of Criminal Procedure and to represent the defendant on said writ.

SIGNED this the ___2 1___ day of August, 2009.

_____
JUDGE MICHAEL SNIPES
CRIMINAL DISTRICT COURT NO. 7
DALLAS COUNTY, TEXAS

00703

Cause No. _FC8 - 24667_

| | | |
|---|---|---|
| THE STATE OF TEXAS | ▯ | IN THE ___Criminal___ |
| VS. | ▯ | DISTRICT COURT _No 7_ |
| _James Broadnax_ | ▯ | DALLAS COUNTY, TEXAS |

## TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL*

I, judge of the trial court, certify this criminal case:

☑ is not a plea-bargain case, and the defendant has the right of appeal, [or]

☐ is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial, and not withdrawn or waived, and the defendant has the right of appeal, [or]

☐ is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal, [or]

☐ is a plea-bargain case, and the defendant has NO right of appeal, [or]

☐ the defendant has waived the right of appeal, [or]

☐ other (please specify): _____

_____                    _2 4  A U G  0 9_
Judge                                            Date Signed

    I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, as set forth below, including any right to file a *pro se* petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals judgment and opinion to my last known address and that **I have only 30 days** in which to file a *pro se* petition for discretionary review in the court of appeals. Tex. R. App. P. 68.2. I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a *pro se* petition for discretionary review.

_____                    _____
Defendant                                        Defendant's Counsel
Mailing Address:                                 State Bar No.: _196 72 500_
                                                 Mailing Address: _990 So Shannon S._
Telephone #:                                     _Richardson Texas 750,_
Fax # (if any):                                  Telephone #:
                                                 Fax # (if any): _972 - 295 5200_
                                                 _972 - 690988_

*A defendant in a criminal case has the right of appeal under these rules. The trial court shall enter a certification of the defendant's right to appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case -- that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant ---- a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEXAS RULE OF APPELLATE PROCEDURE 25.2(a)(2). In order to perfect an appeal a written notice of appeal must be filed with the trial court clerk within **30 days (90 days if a timely motion for new trial is filed)** after the day sentence is imposed or suspended in open court or after the day the trial court enters an appealable order.

00704

THE STATE OF TEXAS

CAUSE NO. F  0824667  -Y

VS.

_____ CRIMINAL ___ DISTRICT COURT  #7

James Broadnax _____

DALLAS COUNTY, TEXAS

## ORDER APPOINTING WRIT COUNSEL

The defendant, James Broadnax, having been convicted of the offense of capital murder and sentenced to death:

The Court finds that the defendant is indigent and entitled to appointment of counsel for the purpose of a writ of habeas corpus:

The Court therefore appoints Lydia Brandt as counsel for the defendant to prepare an application for writ of habeas corpus pursuant to Article 11.071 of the Code of Criminal Procedure and to represent the defendant on said writ.

SIGNED AND ENTERED this the  24TH  day of  AUGUST,  2009

_____
JUDGE,  CRIMINAL  DISTRICT COURT  #7
DALLAS COUNTY, TEXAS

00705

## APPLICATION FOR SUBPOENA IN THE DISTRICT COURTS/CRIMINAL DUCES TECUM

TO THE CLERK OF THE    **CRIMINAL DISTRICT COURT 7** , DALLAS
COUNTY, TEXAS

IN THE CASE OF **THE STATE OF TEXAS vs. JAMES BROADNAX**

CAUSE NUMBER: **F08-24667**          CHARGED WITH: **CAP MURDER**

DATE SET FOR TRIAL:   **DEC 12, 2008**   AT 9:00AM, YOU WILL PLEASE ISSUE....SUBPOENA....IN ACCORDANCE WITH THE LAW, FOR THE FOLLOWING NAMED WITNESSES...RESIDING IN DALLAS **COUNTY**, AS SET OUT:

**Tina M. Hill or designee, Custodian of Medical Records,   Parkland Health & Hospital System, (Dallas County Jail Health) 600 Commerce Street, George Allen Courts Bldg. 7th Floor, Dallas, Texas 7520 ,**

and that he/she bring with him/her and produce in said Court, at said time and place the following:   True and correct copies of
medical/psychiatric records, under affidavit authenticating same, pertaining to medical/psychiatric treatment administered to Dallas County Jail inmate James Broadnax, date of birth 10/30/1988 , AIS #2725502, Book-in #08047374;
said records to include reports of any prescribed medication(s), toxicology or any lab test results, physician/nurse medical
and mental health reports and notes, mental health provider evaluations and notes prepared during the inmate's
incarceration on the aforementioned book-in number.

Thee testimony of said witness...is believed to be material to the STATE.

**David Alex**
Assistant District Attorney
133 N. Industrial Blvd.
Dallas, TX 75207
**214.653.3600**

SWORN TO AND SUBSCRIBED BEFORE ME, THIS 24 DAY OF _____,
200

GARY FITZSIMMONS, District Clerk
Dallas County, Texas

Issued By: _____

Date: _____

Deputy District Clerk

FILED
08 NOV 21 AM 9:49
GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO. TEXAS
DEPUTY

00706

No. F08-24667

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE         CRIMINAL |
| | § | |
| v. | § | DISTRICT COURT 7 |
| | § | |
| JAMES BROADNAX | § | OF DALLAS COUNTY, TEXAS |

## Order For Medical/Mental Health Record Release

On this 5th day of December, 2008, the Court has reviewed the attached subpoena and good cause has been shown for the issuance of the attached subpoena to further the prosecution of a criminal matter pending before this court.

**IT IS HEREBY ORDERED** that the health care provider/mental health care provider named in the subpoena release all records designated therein.

HEREIN FAIL NOT, but of this writ make due return, showing how you have executed the same.

WITNESS MY OFFICIAL SIGNATURE, this ___8___ day of _D e c_

A.D., 2008.

_____
JUDGE,

_____Criminal_____ DistrictCourt #7
Dallas County, Texas

00707

## APPLICATION FOR SUBPOENA IN THE DISTRICT COURTS/CRIMINAL....DUCES TECUM

TO THE CLERK OF THE CRIMINAL DISTRICT COURT # 7 DALLAS COUNTY, TEXAS  F06-24669

In the case of the STATE OF TEXAS VS. JAMES BRODNAX CAUSE NUMBER: F0824669

CHARGED WITH: CAPITAL MURDER SET FOR TRIAL: 12-15, 2008, **at 9:00 A.M.**, you will please issue...

subpoena...in accordance with the law, for the following named witness...residing in the County, as set out:

<u>MRS HAMILTON</u>

whose vocation is that of <u>CUSTODIAN OF RECORDS</u> residing in <u>DALLAS</u> County , Texas, and whose location

is <u>DISD RECORDS 3700 Ross Ave room 202 Dallas, TX 75204</u>

and that he/she bring with him/her and produce in said Court, at said time and place the following: Any and all

school records of JAMES BROADNAX  date of birth 10-30-1988, social security number 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

The testimony of said witness is believed to be material to the State.

Inv will Serve

_____
DAVID ALEX
Assistant District Attorney
133 North Industrial Blvd. LB 19
Dallas, Texas 75207-4399
Phone Number: 214-653-3600

SWORN TO AND SUBSCRIBED before me, this ____4____ day of ____DEC____, 20_08_.

GARY FITZSIMMONS, DISTRICT CLERK
DALLAS COUNTY, TEXAS

ISSUED BY: _____

DATE: _____

_____
DEPUTY DISTRICT CLERK

FILED
08 DEC -4 AM 11:50
GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO. TEXAS
DEPUTY

[REV. December 4, 2008]

DUCESMED.Joe
00708

## APPLICATION FOR SUBPOENA IN THE DISTRICT COURTS/CRIMINAL DUCES TECUM

TO THE CLERK OF THE        **CRIMINAL DISTRICT COURT 7** , DALLAS
COUNTY, TEXAS

IN THE CASE OF **THE STATE OF TEXAS vs. JAMES BROADNAX**

CAUSE NUMBER: **F08-24667**            CHARGED WITH: **CAP MURDER**

DATE SET FOR TRIAL: **Dec. 17, 2008** AT 9:00am, YOU WILL PLEASE ISSUE....SUBPOENA....IN ACCORDANCE WITH THE LAW, FOR THE FOLLOWING NAMED WITNESSES...RESIDING IN DALLAS COUNTY, AS SET OUT:

**Janet Kimery or designee- Custodian of Records for Baylor Irving formerly Irving Community Hospital
1901 N. MacArthur Blvd
Irving, Texas 75060 ,**

**and that he/she bring with him/her and produce in said Court, at said time and place the following:**
True and correct copies of medical/surgical/emergency room records, under affidavit authenticating same, pertaining to treatment administered to James Broadnax, date of birth 10/30/1988 , on or about September 6, 1990.

Information may be provided to David N. Barger, Lt./Inv. Dallas D.A. contact @214-653-3614

Thee testimony of said witness...is believed to be material to the STATE.

**David Alex**
Assistant District Attorney
133 N. Industrial Blvd.
Dallas, TX 75207
**214.653.3600**

SWORN TO AND SUBSCRIBED BEFORE ME, THIS _____ DAY OF _____,
200___

Issued By:_____

Date:_____

Jim Hamlin, District Clerk
Dallas County, Texas

_____
Deputy District Clerk

FILED

00709

## APPLICATION FOR SUBPOENA IN THE DISTRICT COURTS/CRIMINAL DUCES TECUM

TO THE CLERK OF THE                 **CRIMINAL DISTRICT COURT 7** , DALLAS
COUNTY, TEXAS

IN THE CASE OF **THE STATE OF TEXAS vs. JAMES BROADNAX**

CAUSE NUMBER: **F08-24667**                 CHARGED WITH: **CAP MURDER**

DATE SET FOR TRIAL: **July 27, 2009   AT 9:00AM,** YOU WILL PLEASE ISSUE....SUBPOENA....IN ACCORDANCE WITH THE LAW, FOR THE FOLLOWING NAMED WITNESSES...RESIDING IN DALLAS COUNTY, AS SET OUT:

**Tina M. Hill or designee, Custodian of Medical Records,   Parkland Health & Hospital System, (Dallas County Jail Health) 600 Commerce Street, George Allen Courts Bldg. 7th Floor, Dallas, Texas 7520 ,**
and that he/she bring with him/her and produce in said Court, at said time and place the following:
**True and correct copies of medical/psychiatric records, under affidavit authenticating same, pertaining to medical/psychiatric treatment administered to Dallas County Jail inmate James Broadnax, date of birth 10/30/1988 , AIS #2725502, Book-in #08047374; said records to include reports of any prescribed medication(s), toxicology or any lab test results,  physician/nurse medical and mental health reports and notes, mental health provider evaluations and notes prepared during the inmate's  incarceration since November 24, 2008 on the aforementioned book-in number.**

**In the alternative, records may be provided to David Barger, Lt./Investigator, Dallas District Attorney's Office, 214-653-3614**

Thee testimony of said witness...is believed to be material to the STATE.

> **David Alex**
> Assistant District Attorney
> 133 N. Industrial Blvd.
> Dallas, TX 75207
> **214.653.3600**

SWORN TO AND SUBSCRIBED BEFORE ME, THIS _____ DAY OF
200__9__ .

Issued By: _____

Date: _____

GARY FITZSIMMONS, District Clerk
Dallas County, Texas

_____
Deputy District Clerk

00710

## APPLICATION FOR SUBPOENA IN THE DISTRICT COURTS/CRIMINAL DUCES TECUM

TO THE CLERK OF THE        **CRIMINAL DISTRICT COURT #7** , DALLAS
COUNTY, TEXAS

IN THE CASE OF **THE STATE OF TEXAS vs. JAMES BROADNAX**

CAUSE NUMBER: **F08-24667**           CHARGED WITH: **CAP MURDER**

DATE SET FOR TRIAL: **JULY 27, 2009** AT **8:30AM**, YOU WILL PLEASE ISSUE....SUBPOENA....IN ACCORDANCE WITH THE LAW, FOR THE FOLLOWING NAMED WITNESSES...RESIDING IN DALLAS **COUNTY**, AS SET OUT:

**Merrill Balanciere, Garland Fire Department Custodian of Records,**

**City of Garland, Texas** ,

and that he/she bring with him/her and produce in said Court, at said time and place the following:   true and correct copies under affidavit authenticating same of any run sheets, incident reports or any other record pertaining to incident #810405 in the vicinity of W. State Street & 9th Street, Garland, TX on June 19, 2008.

Thee testimony of said witness…is believed to be material to the STATE.

**David Alex**
Assistant District Attorney
133 N. Industrial Blvd.
Dallas, TX 75207
**214.653.3600**

SWORN TO AND SUBSCRIBED BEFORE ME, THIS _____ DAY OF _____,
200_

Issued By:_____

Date:_____

Gary Fitzsimmons, District Clerk
Dallas County, Texas

_____
Deputy District Clerk

00711

## APPLICATION FOR SUBPOENA IN THE DISTRICT COURTS/CRIMINAL

TO THE CLERK OF THE      **CRIMINAL DISTRICT COURT #7** , DALLAS
COUNTY, TEXAS

IN THE CASE OF **THE STATE OF TEXAS vs. JAMES BROADNAX**

CAUSE NUMBER: **F08-24667**     CHARGED WITH: **CAP MURDER**

DATE SET FOR TRIAL:   **July 27, 2009**   **AT 8:30am**, YOU WILL PLEASE ISSUE....SUBPOENA....IN ACCORDANCE WITH THE LAW, FOR THE FOLLOWING NAMED WITNESSES...RESIDING IN **DALLAS COUNTY**, AS SET OUT:

1. **Chris White, Garland Fire Dept.**

2. **Joe Landrith, Garland Fire Dept.**

3. **Eric Brooks, Garland Fire Dept.**

4. **Allen Clay Carr, Garland Fire Dept.**

5. **Donald Isenburg, Garland Fire Dept.**

6. **Thomas Buchanon. Garland Fire Dept.**

7. **Brad Hargrave, Garland Fire Dept.**

8. **Chase Harris, Garland Fire Dept.**

9. **Chad Purcell, Garland Fire Dept.**

10.

11.

12.

The testimony of said witness is believed to be material to the STATE.

**David Alex**
Assistant District Attorney
133 N. Industrial Blvd.
Dallas, TX 75207
**214.653.3600**

SWORN TO AND SUBSCRIBED BEFORE ME, THIS _____ DAY OF _____,
200____

Issued By:

Date:

Gary Fitzsimmons, District Clerk
Dallas County, Texas

Deputy District Clerk

00712



DA WILL PICK UP

## APPLICATION FOR SUBPOENA IN THE DISTRICT COURTS/CRIMINAL

TO THE CLERK OF THE          **CRIMINAL DISTRICT COURT #7** , DALLAS
COUNTY, TEXAS

IN THE CASE OF **THE STATE OF TEXAS vs. JAMES BROADNAX**

CAUSE NUMBER: **F08-24667**          CHARGED WITH: **CAP MURDER**

DATE SET FOR TRIAL:    **July 24, 2009**    AT **8:30am**, YOU WILL PLEASE ISSUE....SUBPOENA....IN ACCORDANCE WITH THE LAW, FOR THE FOLLOWING NAMED WITNESSES...RESIDING IN **DALLAS COUNTY**, AS SET OUT:

1. **Linda Davis**

2. **Evelyn Barg**

3. **Alice Gatewood**

4. **Arnesha Lucky**

5. **John Calhoun**

6. **Nathan Johnson**

7. **Jermaine Johnson**

8. **Dymon Smith**

9.

10.

11.

12.

The testimony of said witness is believed to be material to the STATE.

**David Alex**
Assistant District Attorney
133 N. Industrial Blvd.
Dallas, TX 75207
**214.653.3600**

SWORN TO AND SUBSCRIBED BEFORE ME, THIS _____ DAY OF _____,
200__

Issued By: _____

Date: 5-4-09

Gary Fitzsimmons, District Clerk
Dallas County, Texas

Deputy District Clerk

00713

## APPLICATION FOR SUBPOENA IN THE DISTRICT COURTS/CRIMINAL

TO THE CLERK OF THE          **CRIMINAL DISTRICT COURT #7** , DALLAS
COUNTY, TEXAS

IN THE CASE OF **THE STATE OF TEXAS vs. JAMES BROADNAX**

CAUSE NUMBER: **F08-24667**        CHARGED WITH: **CAP MURDER**

DATE SET FOR TRIAL:  **July 27, 2009**    AT **9:00am**, YOU WILL PLEASE ISSUE....SUBPOENA....IN ACCORDANCE WITH THE LAW, FOR THE FOLLOWING NAMED WITNESSES...RESIDING IN **DALLAS COUNTY**, AS SET OUT:

1. **Kimberlee Mack DPS Garland, TX Crime Lab**                              7.

2. **James Nichols DPS Garland, TX Crime Lab**                              8.

                                                                            9.

3.                                                                          10.

4.                                                                          11.

5.                                                                          12.

6.

The testimony of said witness is believed to be material to the STATE.

**David Alex**
Assistant District Attorney
133 N. Industrial Blvd.
Dallas, TX 75207
**214.653.3600**

SWORN TO AND SUBSCRIBED BEFORE ME, THIS _____ DAY OF ___5/7_____ ,
200 9 .

Gary Fitzsimmons, District Clerk
Dallas County, Texas

Issued By: _____

Date: __5/7____

Deputy District Clerk

00714

## APPLICATION FOR SUBPOENA IN THE DISTRICT COURTS/CRIMINAL DUCES TECUM

TO THE CLERK OF THE                    **CRIMINAL DISTRICT COURT 7** , DALLAS
COUNTY, TEXAS

IN THE CASE OF **THE STATE OF TEXAS vs. JAMES BROADNAX**

CAUSE NUMBER: **F08-24667**                    CHARGED WITH: **CAP MURDER**

DATE SET FOR TRIAL:    **JULY 24, 2009**   AT 9:00am, YOU WILL PLEASE ISSUE....SUBPOENA....IN ACCORDANCE WITH THE LAW, FOR THE FOLLOWING NAMED WITNESSES...RESIDING IN DALLAS **COUNTY**, AS SET OUT:

**Chief of Police Mitch Bates or designee, Garland Police Dept. 1891**

**Forest Ln. Garland, Texas ,**

and that he/she bring with him/her and produce in said Court, at said time and place the following:    true and correct copies of personnel files, internal affairs reports and current address/contact information for former Garland Police Dept. forensic investigator Debbie Blum.

Thee testimony of said witness...is believed to be material to the STATE.

**David Alex**
Assistant District Attorney
133 N. Industrial Blvd.
Dallas, TX 75207
**214.653.3600**

FILED

09 MAY -7 PM 3: 02
GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO., TEXAS
DEPUTY

SWORN TO AND SUBSCRIBED BEFORE ME, THIS __7 TH__ DAY OF ___May___ ,
200 _9_ .

Jim Hamlin, District Clerk
Dallas County, Texas

Issued By:_____

Date: _5-7-09_

Deputy District Clerk

00715

### APPLICATION FOR SUBPOENA IN THE DISTRICT COURTS/CRIMINAL

TO THE CLERK OF THE          **CRIMINAL DISTRICT COURT #7** , DALLAS
COUNTY, TEXAS

IN THE CASE OF **THE STATE OF TEXAS vs. JAMES BROADNAX**

CAUSE NUMBER: **F08-24667**          CHARGED WITH: **CAP MURDER**

DATE SET FOR TRIAL:    **July 24, 2009** . AT **9:00am**, YOU WILL PLEASE
ISSUE....SUBPOENA....IN ACCORDANCE WITH THE LAW, FOR THE FOLLOWING
NAMED WITNESSES...RESIDING IN **DALLAS COUNTY**, AS SET OUT:

1. **Debbie Blum**                      7.

2.                                      8.

3.                                      9.

4.                                      10.

5.                                      11.

6.                                      12.

The testimony of said witness is believed to be material to the STATE.

**David Alex**
Assistant District Attorney
133 N. Industrial Blvd.
Dallas, TX 75207
**214.653.3600**

FILED

09 MAY -7 PM 3: 02
GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO., TEXAS
DEPUTY

SWORN TO AND SUBSCRIBED BEFORE ME, THIS ___7ᵗᵘ___ DAY OF ___May___,
200_9_ .

Gary Fitzsimmons, District Clerk
Dallas County, Texas

Issued By: _____

Date: _5-7-09_

Deputy District Clerk

00716

APPLICATION FOR SUBPOENA IN THE DISTRICT COURTS/CRIMINAL

TO THE CLERK OF THE                 **CRIMINAL DISTRICT COURT #7** , DALLAS
COUNTY, TEXAS

IN THE CASE OF **THE STATE OF TEXAS vs. JAMES BROADNAX**

CAUSE NUMBER: **F08-24667**         CHARGED WITH: **CAP MURDER**

DATE SET FOR TRIAL:    **July 27, 2009**   AT **8:30am**, YOU WILL PLEASE
ISSUE....SUBPOENA....IN ACCORDANCE WITH THE LAW, FOR THE FOLLOWING
NAMED WITNESSES...RESIDING IN **DALLAS COUNTY**, AS SET OUT:

1.   **Allen Carr, Garland Fire Dept.**          **7.**

2.   **Donald Isenburg, Garland Fire Dept.**     **8.**

3.                                               9.

4.                                               10.

5.                                               11.

6.                                               12.

The testimony of said witness is believed to be material to the STATE.

**David Alex**
Assistant District Attorney
133 N. Industrial Blvd.
Dallas, TX 75207
**214.653.3600**

SWORN TO AND SUBSCRIBED BEFORE ME, THIS _____ DAY OF _____,
200__

Issued By_____        Gary Fitzsimmons, District Clerk
                                 Dallas County, Texas

Date:_____

                                 Deputy District Clerk

00717

DA INK WILL PICK UP

## APPLICATION FOR SUBPOENA IN THE DISTRICT COURTS/CRIMINAL

TO THE CLERK OF THE      **CRIMINAL DISTRICT COURT #7** , DALLAS
COUNTY, TEXAS

IN THE CASE OF **THE STATE OF TEXAS vs. JAMES BROADNAX**

CAUSE NUMBER: **F08-24667**     CHARGED WITH: **CAP MURDER**

DATE SET FOR TRIAL: **July 24, 2009** AT **8:00am**, YOU WILL PLEASE
ISSUE....SUBPOENA....IN ACCORDANCE WITH THE LAW, FOR THE FOLLOWING
NAMED WITNESSES...RESIDING IN **DALLAS COUNTY**, AS SET OUT:

1.  Willian Kyles          7.

2.  Troy Kyles          8.

3.          9.

4.          10.

5.          11.

6.          12.

The testimony of said witness is believed to be material to the STATE.

**David Alex**
Assistant District Attorney
133 N. Industrial Blvd.
Dallas, TX 75207
**214.653.3600**

SWORN TO AND SUBSCRIBED BEFORE ME, THIS _____ DAY OF _____

Gary Fitzsimmons, District Clerk
Dallas County, Texas

Issued By:

Date:

Deputy District Clerk

00718

*DA JOU WILL PICK UP*

## APPLICATION FOR SUBPOENA IN THE DISTRICT COURTS/CRIMINAL

TO THE CLERK OF THE     **CRIMINAL DISTRICT COURT #7** , DALLAS
COUNTY, TEXAS

IN THE CASE OF **THE STATE OF TEXAS vs. JAMES BROADNAX**

CAUSE NUMBER: **F08-24667**     CHARGED WITH: **CAP MURDER**

DATE SET FOR TRIAL: **July 27, 2009** AT **9:00am**, YOU WILL PLEASE ISSUE....SUBPOENA....IN ACCORDANCE WITH THE LAW, FOR THE FOLLOWING NAMED WITNESSES...RESIDING IN **DALLAS COUNTY**, AS SET OUT:

1. A.P. Merilot        7.

2.        8.

3.        9.

4.        10.

5.        11.

6.        12.

The testimony of said witness is believed to be material to the STATE.

**David Alex**
Assistant District Attorney
133 N. Industrial Blvd.
Dallas, TX 75207
**214.653.3600**

SWORN TO AND SUBSCRIBED BEFORE ME, THIS _____ DAY OF _____,

Gary Fitzsimmons, District Clerk
Dallas County, Texas

Issued By

Date

Deputy District Clerk

00719

## APPLICATION FOR SUBPOENA IN THE CRIMINAL DISTRICT COURTS/ CRIMINAL....DUCES TECUM

### TO THE CLERK OF THE CRIMINAL DISTRICT COURT # 7, DALLAS COUNTY, TEXAS

In the case of the STATE OF TEXAS VS. __JAMES G. BROADNAX__   CAUSE NUMBER: __F08-24629__
CHARGED WITH: __CAPITAL MURDER__   SET FOR TRIAL: __JULY 27 , 2009__   AT __9:00 A.M.__, you will please issue... subpoena...in accordance with the law, for the following named witness...residing in the County, as set out:

__Leslie Sweet__   whose vocation is that of _Custodian Of Records- Dallas Sheriff's Dept.___residing in __Dallas__ County, and whose location is _133 N. Industrial Blvd. Dallas___and that he/she bring with him/her and produce in said Court, at said time and place the following: _Any and All disciplinary records pertaining to James G. Broadnax  dob. 10-30-88, BNO 08047374, AIS # 2725502, while in the custody of the Dallas Sheriff's Dept._

The testimony of said witness is believed to be material to the State.

David Alex
Assistant District Attorney
133 North Industrial Blvd. LB 19
Dallas, Texas 75207-4399
Phone Number: 214 653-3600

SWORN TO AND SUBSCRIBED before me, this ___18TH day of May, 2009__

GARY FITZIMMONS, DISTRICT CLERK
DALLAS COUNTY, TEXAS

ISSUED BY:

DATE:

DEPUTY DISTRICT CLERK

[REV. MAY 18, 2009]

DUCES

00720

## APPLICATION FOR SUBPOENA IN THE CRIMINAL DISTRICT COURTS/ CRIMINAL....DUCES TECUM

### TO THE CLERK OF THE CRIMINAL DISTRICT COURT # 7, DALLAS COUNTY, TEXAS

In the case of the STATE OF TEXAS VS. __JAMES G. BROADNAX__ CAUSE NUMBER: __F08-24629__ CHARGED WITH: __CAPITAL MURDER__ SET FOR TRIAL: __JULY 27, 2009__ AT 9:00 A.M., you will please issue... subpoena...in accordance with the law, for the following named witness...residing in the County, as set out:

Elizabeth Lutton __ whose vocation is that of _Custodian Of Records- Dallas Sheriff's Dept._ residing in _Dallas_ County, and whose location is _133 N. Industrial Blvd. Dallas_ and that he/she bring with him/her and produce in said Court, at said time and place the following: Any and All disciplinary records pertaining to James G. Broadnax dob. 10-30-88, BNO 08047374, AIS # 2725502, while in the custody of the Dallas Sheriff's Dept.

The testimony of said witness is believed to be material to the State.

David Alex
Assistant District Attorney
133 North Industrial Blvd. LB 19
Dallas, Texas 75207-4399
Phone Number: 214 653-3600

SWORN TO AND SUBSCRIBED before me, this ___18TH_ day of May, 2009

GARY FITZIMMONS, DISTRICT CLERK
DALLAS COUNTY, TEXAS

ISSUED BY:

DATE:

DEPUTY DISTRICT CLERK

[REV. MAY 20, 2009]

DUCES

00721

## APPLICATION FOR SUBPOENA IN THE DISTRICT COURTS/CRIMINAL

TO THE CLERK OF THE      **CRIMINAL DISTRICT COURT #7** , DALLAS
COUNTY, TEXAS

IN THE CASE OF **THE STATE OF TEXAS vs. JAMES BROADNAX**

CAUSE NUMBER: **F08-24667**      CHARGED WITH: **CAP MURDER**

DATE SET FOR TRIAL:    **June 1, 2009**    AT 8:30am, YOU WILL PLEASE ISSUE....SUBPOENA....IN ACCORDANCE WITH THE LAW, FOR THE FOLLOWING NAMED WITNESSES...RESIDING IN **DALLAS COUNTY**, AS SET OUT:

1. **Shaun Rabb, Fox 4 News**        7.

2. **Rebecca Lopez, WFAA Ch 8 News**    8.

3. **Ellen Goldberg, KXAS Ch 5 News**    9.

4. **Patric Alva, KXAS Ch 5 News**    10.

5. **Steve Pickett, KVTV Ch 11 News**    11.

6. **Troy Larkins, KVTV Ch 11 News**    12.

The testimony of said witness is believed to be material to the STATE.

**David Alex**
Assistant District Attorney
133 N. Industrial Blvd.
Dallas, TX 75207
**214.653.3600**

FILED
09 MAY 20 AM 11:28
GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO. TEXAS
DEPUTY

SWORN TO AND SUBSCRIBED BEFORE ME, THIS _20th_ DAY OF _May_
200 _9_ .

Issued By: _____

Date: _5-20-09_

Gary Fitzsimmons, District Clerk
Dallas County, Texas

Deputy District Clerk

00722

## APPLICATION FOR SUBPOENA IN THE DISTRICT COURTS/CRIMINAL

TO THE CLERK OF THE    **CRIMINAL DISTRICT COURT #7** , DALLAS
COUNTY, TEXAS

IN THE CASE OF **THE STATE OF TEXAS vs. JAMES BROADNAX**

CAUSE NUMBER: **F08-24667**    CHARGED WITH: **CAP MURDER**

DATE SET FOR TRIAL:    **July 23, 2009**   AT **11:30am**, YOU WILL PLEASE
ISSUE....SUBPOENA....IN ACCORDANCE WITH THE LAW, FOR THE FOLLOWING
NAMED WITNESSES...RESIDING IN **DALLAS COUNTY**, AS SET OUT:

1. **Jeff Johnston**            7.

2. **Dustin Thompson**          8.

3. **Micah Brower**             9.

4. **Mark Shermer**             10.

5.                              11.

6.                              12.

The testimony of said witness is believed to be material to the STATE.

**David Alex**
Assistant District Attorney
133 N. Industrial Blvd.
Dallas, TX 75207
**214.653.3600**

FILED
09 MAY 20 AM 11:28
GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO. TEXAS
_____ DEPUTY

SWORN TO AND SUBSCRIBED BEFORE ME, THIS ___ DAY OF _____
200___.

Issued By: _____

Date: 5-20-09

Gary Fitzsimmons, District Clerk
Dallas County, Texas

Deputy District Clerk

00723

## APPLICATION FOR SUBPOENA IN THE DISTRICT COURTS/CRIMINAL

TO THE CLERK OF THE                **CRIMINAL DISTRICT COURT #7**, DALLAS
COUNTY, TEXAS

IN THE CASE OF **THE STATE OF TEXAS vs. JAMES BROADNAX**

CAUSE NUMBER: **F08-24667**        CHARGED WITH: **CAP MURDER**

DATE SET FOR TRIAL:  **August 10, 2009**  AT **8:30am**, YOU WILL PLEASE
ISSUE....SUBPOENA....IN ACCORDANCE WITH THE LAW, FOR THE FOLLOWING
NAMED WITNESSES...RESIDING IN **DALLAS COUNTY**, AS SET OUT:

1. **Scott Seacat**                    7.

2.                                     8.

3.                                     9.

4.                                     10.

5.                                     11.

6.                                     12.

The testimony of said witness is believed to be material to the STATE.

**David Alex**
Assistant District Attorney
133 N. Industrial Blvd.
Dallas, TX 75207
**214.653.3600**

SWORN TO AND SUBSCRIBED BEFORE ME, THIS ___26th___DAY OF ___May___,
2009

Issued By: _____

Date: 5-26-09

Gary Fitzsimmons, District Clerk
Dallas County, Texas

_____
Deputy District Clerk

00724



## APPLICATION FOR SUBPOENA IN THE DISTRICT COURTS/CRIMINAL

TO THE CLERK OF THE          **CRIMINAL DISTRICT COURT #7** , DALLAS
COUNTY, TEXAS

IN THE CASE OF **THE STATE OF TEXAS vs. JAMES BROADNAX**

CAUSE NUMBER: **F08-24667**        CHARGED WITH: **CAP MURDER**

DATE SET FOR TRIAL:   **August 10, 2009**   AT 8:30AM, YOU WILL PLEASE ISSUE....SUBPOENA....IN ACCORDANCE WITH THE LAW, FOR THE FOLLOWING NAMED WITNESSES...RESIDING IN **DALLAS COUNTY**, AS SET OUT:

1. **A.P. Merilot**                    7.

2.                                      8.

3.                                      9.

4.                                      10.

5.                                      11.

6.                                      12.

The testimony of said witness is believed to be material to the STATE.

**David Alex**
Assistant District Attorney
133 N. Industrial Blvd.
Dallas, TX 75207
**214.653.3600**

SWORN TO AND SUBSCRIBED BEFORE ME, THIS _27th_ DAY OF _May_,
200_9.

Gary Fitzsimmons, District Clerk
Dallas County, Texas

Deputy District Clerk

Issued By:
Date: 5-27-09

FILED
09 MAY 27 PM 2:21
GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO. TEXAS
DEPUTY

00725

## APPLICATION FOR SUBPOENA IN THE DISTRICT COURTS/CRIMINAL

TO THE CLERK OF THE                    **CRIMINAL DISTRICT COURT #7** , DALLAS
COUNTY, TEXAS

IN THE CASE OF **THE STATE OF TEXAS vs. JAMES BROADNAX**

CAUSE NUMBER: **F08-24667**          CHARGED WITH: **CAP MURDER**

DATE SET FOR TRIAL: **August 10, 2009** AT 8:30AM, YOU WILL PLEASE ISSUE....SUBPOENA....IN ACCORDANCE WITH THE LAW, FOR THE FOLLOWING NAMED WITNESSES...RESIDING IN **DALLAS COUNTY**, AS SET OUT:

1. **Kimberlee Mack DPS Garland, TX Crime Lab**

2. **James Nichols DPS Garland, TX Crime Lab**

3.

4.

5.

6.

7.

8.

9.

10.

11.

12.

The testimony of said witness is believed to be material to the STATE.

**David Alex**
Assistant District Attorney
133 N. Industrial Blvd.
Dallas, TX 75207
**214.653.3600**

SWORN TO AND SUBSCRIBED BEFORE ME, THIS _22nd_ DAY OF _May_,

Gary Fitzsimmons, District Clerk
Dallas County, Texas

Deputy District Clerk

FILED
09 MAY 27 AM 12: 21
GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO. TEXAS

Issued:
Date: 5-27-09

00726

# SUBPOENA APPLICATION

TO THE CLERK OF THE _____ α _____ DISTRICT COURT, _____ 7 _____ DALLAS COUNTY TEXAS
IN THE CASE OF THE STATE OF TEXAS VS.

_____ JAMES   BROADNAX _____

CAUSE NO. F- _08 - 24667_ - _Y_ (COURT LETTER REQUIRED, NOT OPTIONAL)

CHARGED WITH _____ CAPITAL   MURDER _____

DATE SET FOR TRIAL _Aug. 10_ 20 _09_ AT _8:30_ _A_. M.

WILL YOU PLEASE ISSUE SUBPOENA IN ACCORDANCE WITH THE LAW, FOR THE FOLLOWING NAMED WITNESS:

1. _____ JASON   VARGHESE _____

AND WHOSE VOCATION IS THAT OF _Psych. Assessor, Dallas County Jail_
RESIDING IN _____ DALLAS _____ COUNTY, TEXAS AND WHOSE LOCATION IS:
_____

2. _____ H.   MIRMESDAGH _____

AND WHOSE VOCATION IS THAT OF _____ M.D _____
RESIDING IN _____ DALLAS _____ COUNTY, TEXAS AND WHOSE LOCATION IS:
_____

3. _____ FRANK   LANE _____

AND WHOSE VOCATION IS THAT OF _____ M.D _____
RESIDING IN _____ DALLAS _____ COUNTY, TEXAS AND WHOSE LOCATION IS:
_____

4. _____

AND WHOSE VOCATION IS THAT OF _____
RESIDING IN _____ COUNTY, TEXAS AND WHOSE LOCATION IS:
_____

5. _____ T.   RIDGE _____

AND WHOSE VOCATION IS THAT OF _Psych. Assessor, Dallas County Jail_
RESIDING IN _____ DALLAS _____ COUNTY, TEXAS AND WHOSE LOCATION IS:
_____

6. _____

AND WHOSE VOCATION IS THAT OF _____
RESIDING IN _____ COUNTY, TEXAS AND WHOSE LOCATION IS:
_____

THE TESTIMONY OF SAID WITNESS IS BELIEVED TO BE MATERIAL TO THE STATE/DEFENDANT (CIRCLE ONE)

_Brad Lollar_
ASSISTANT DISTRICT ATTORNEY / DEFENSE ATTORNEY

_790 Commerce St Ste. 450_
_Dallas TX 752o1_ (ADDRESS/CITY/STATE/ZIP CODE

_(214) 384-8178_
PHONE NUMBER

SWORN TO AND SUBSCRIBED BEFORE ME, THIS _3rd_ DAY OF _Aug_ 20 _09_

GARY FITZSIMMONS, DISTRICT CLERK
DALLAS COUNTY, TEXAS

ISSUED BY: _____ 8/3/09

00727

DEPUTY DISTRICT CLERK

**APPLICATION FOR SUBPOENA IN THE DISTRICT COURTS/JUDICIAL**

TO THE CLERK OF THE JUDICIAL DISTRICT COURT # 7 DALLAS COUNTY, TEXAS

In the case of the STATE OF TEXAS VS. JAMES BROADNAX

CAUSE NUMBER:  F0824667 CHARGED WITH:  CAPITAL MURDER

DATE SET FOR TRIAL: AUGUST 10, 2009    , at 9:00 A.M., you will please issue... subpoena...in accordance with the law, for the following named witness...residing in the County, as set out:

1. Custodian of Records for Greyhound Bus Line _____ Phone #_____

residing in _____ County, Texas, and whose vocation is _____

Location: _____

2. Custodian of Records for Money Gram International, Inc Phone #_____

residing in _____ County, Texas, and whose vocation is _____

Location: _____

3. Custodian or Records for Muskegon Rescue Mission _____ Phone #_____

residing in _____ County, Texas, and whose vocation is _____

Location: _____

4. _____ Phone #_____

residing in _____ County, Texas, and whose vocation is _____

Location: _____

5. _____ Phone #_____

residing in _____ County, Texas, and whose vocation is _____

Location: _____

6. _____ Phone #_____

residing in _____ County, Texas, and whose vocation is _____

Location: _____

The testimony of said witness...is believed to be material to the DEFENDANT

Keri L. Mallon
Assistant Public Defender
133 N. Industrial Blvd.LB2
Dallas, Tx. 75207
214/653-3550

SWORN TO AND SUBSCRIBED BEFORE ME, this ____ day of _____, 20___.

Gary Fitzsimmons, District Clerk
Dallas County, Texas

Issued By: _____

Form 391

SUBPAPP

00728

# APPLICATION FOR SUBPOENA IN THE DISTRICT COURTS/CRIMINAL....DUCES TECUM

## TO THE CLERK OF THE CRIMINAL DISTRICT COURT # 7 DALLAS COUNTY, TEXAS

In the case of the STATE OF TEXAS VS. JAMES BRODNAX CAUSE NUMBER: F08-24667-Y

CHARGED WITH: CAPITAL MURDER SET FOR TRIAL: AUGUST 17, 2009, at 9:00 A.M., you will please issue...

subpoena...in accordance with the law, for the following named witness...residing in the County, as set out:

Custodian of Records/ Manager of Central Registry

Arkansas Dept. of Health and Human Services

PO BOX 1437, slot 5560, 700 Main St

Little Rock, AR 72203-1437

FILED

09 AUG 13 AM 10:03

GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO., TEXAS

_____DEPUTY

whose vocation is that of _____ residing in _____ County, Texas, and whose location is _____

and that he/she bring with him/her and produce in said Court, at said time and place the following: Any and all records relating to an abuse case involving Nokia Brodnax in 2001

The testimony of said witness is believed to be material to the Defendant.

Keri L. Mallon
Assistant Public Defender
133 North Industrial Blvd. LB 2
Dallas, Texas 75207-4399
Phone Number: 214/653-3550

SWORN TO AND SUBSCRIBED before me, this _____ day of _____, 20_____.

GARY FITZSIMMONS, DISTRICT CLERK
DALLAS COUNTY, TEXAS

ISSUED BY: _____

DEPUTY DISTRICT CLERK _____

DATE:_____

[REV. August 13, 2009]

DUCESMED<sub>3</sub>

00729

## APPLICATION FOR SUBPOENA IN THE DISTRICT COURTS/CRIMINAL....DUCES TECUM

TO THE CLERK OF THE CRIMINAL DISTRICT COURT # 7 DALLAS COUNTY, TEXAS

In the case of the STATE OF TEXAS VS. BROADNAX, JAMES GARFIELD CAUSE NUMBER:F-0824667 CHARGED WITH: CAP MURDER SET FOR TRIAL: 08/10/09, 2009, **at 9:00 A.M.**, you will please issue... subpoena...in accordance with the law, for the following named witness...residing in the County, as set out:

CUSTODIAN OF RECORDS

MONEYGRAM INTERNATIONAL

residing in MUSKEGON County , Michigan, and whose location is

WAL-MART SUPERCENTER STORE #3876

3285 HENRY ST.

ROOSEVELT PARK, MI 49441

and that he/she bring with him/her and produce in said Court, at said time and place the following: ANY AND ALL RECORDS PERTAINING TO THE WIRELESS TRANSFER IN REFERENCE # 68683834, RECEIVED ON 03/10/2008 (INCLUDING THE RECEIVED FORM).

The testimony of said witness is believed to be material to the State.

DAVID ALEX
Assistant District Attorney
133 North Industrial Blvd. LB 19
Dallas, Texas 75207-4399
Phone Number: 214-653-3646

SWORN TO AND SUBSCRIBED before me, this ____13____ day of ____Aug____, 20__09__.

GARY FITZSIMMONS, DISTRICT CLERK
DALLAS COUNTY, TEXAS

ISSUED BY: _____

DATE: _____

DEPUTY DISTRICT CLERK

[REV. August 18, 2009]

DUCESMEDJ om

00730

## APPLICATION FOR SUBPOENA IN THE DISTRICT COURTS/CRIMINAL....DUCES TECUM

### TO THE CLERK OF THE JUDICIAL DISTRICT COURT #7 DALLAS COUNTY, TEXAS

In the case of the STATE OF TEXAS VS. BROADNAX, JAMES CAUSE NUMBER: F08-24667

CHARGED WITH: CAPITAL MURDER SET FOR TRIAL: AUGUST 14, 2009, at **9:00 A.M.**, you will please issue... subpoena...in accordance with the law, for the following named witness...residing in the County, as set out:

<u>ELIZABETH LUTTON- LEGAL ADVISER AND CUSTODIAN OF RECORDS FOR DALLAS COUNTY LEW STERRERT JAILS</u>

whose vocation is that of <u>CUSTODIAN</u> residing in _____ County , Texas, and whose location is <u>133 N. INDUSTRIAL BLVD, DALLAS, DALLAS COUNTY, TEXAS</u>

and that he/she bring with him/her and produce in said Court, at said time and place the following: A CERTIFIED COPY OR BUSINESS RECORDS AFFIDAVIT WITH ANY AND ALL RECORDS PERTAINING TO INMATE BROADNAX, JAMES A BLACK MALE 10/30/88 BOOKIN #08047374 SPECIFICALLY BROADNAX'S COMMISSARY ACCOUNT FROM 6/19/08 THRU 8/13/09 DETAILING MONEY BEING DEPOSITED, NAME OF DEPOSITOR AND ACCOUNTY ACTIVITY

The testimony of said witness is believed to be material to the State.

ELAINE EVANS
Assistant District Attorney
133 North Industrial Blvd. LB 19
Dallas, Texas 75207-4399
Phone Number: <u>214-653-3600</u>

SWORN TO AND SUBSCRIBED before me, this _____ day of _____, 20_____.

GARY FITZSIMMONS, DISTRICT CLERK
DALLAS COUNTY, TEXAS

ISSUED BY: _____

DATE: _____

DEPUTY DISTRICT CLERK

[REV. August 13, 2009]

DUCESMED.Jail

00731

Case 3:15-cv-01758-N Document 38-8 Filed 06/29/16 Page 195 of 256 PageID 1362

00732

THE STATE OF TEXAS
TO ANY SHERIFF OR ANY CONSTABLE OR ANY PEACE OFFICER
OF THE STATE OF TEXAS - GREETINGS:
YOU ARE HEREBY COMMANDED to summon

**Tina M. Hill or designee, Custodian of Medical Records**
**Parkland Health & Hospital System, (Dallas County Jail Health)**
**600 Commerce Street, George Allen Courts Bldg. 7th Floor, Dallas, Texas**

to be and appear before the          CRIMINAL DISTRICT COURT # 7 of Dallas County, Texas, at the Courthouse of said County, in the City of Dallas, on the **12 day of December, 2008, at 9:00AM** then and there to testify as a witness in behalf of the State in a Criminal action pending in said Court, wherein THE STATE of TEXAS is plaintiff and James Broadnax , Defendant; No. F08-24667

**[DUCES] TECUM** ☐ NOT APPLICABLE

and that she/he bring with her/him and produce in said Court, at said time and place: **True and correct copies of medical/psychiatric records, under affidavit authenticating same, pertaining to medical/psychiatric treatment administered to Dallas County Jail inmate James Broadnax, date of birth 10/30/1988 , AIS #2725502, Book-in #08047374; said records to include reports of any prescribed medication(s), toxicology or any lab test results, physician/nurse medical and mental health reports and notes, mental health provider evaluations and notes prepared during the inmate's incarceration on the aforementioned book-in number.**

desired as evidence in said Criminal action, to-wit: in a certain suit pending in said court.

☒ **In the alternative, such information may be provided to David N. Barger, Lt./Inv. Dallas D.A. contact @214-653-3614**

and there remain from day to day and from term to term until discharged by the Court.

HEREIN FAIL NOT, But of this Writ make due return, showing how you have executed the same.

**OUT OF COUNTY** ☐ NOT APPLICABLE

A DISOBEDIENCE OF this Subpoena is punishable by a fine not exceeding $500, to be collected as fines and costs in other criminal cases.

WITNESS MY OFFICIAL SIGNATURE, THIS 24th day of November, 2008.

GARY FITZSIMMONS
CLERK, DISTRICT COURTS
DALLAS COUNTY, TEXAS

By _____ , Deputy

---

NO.  F08-24667

CRIMINAL DISTRICT COURT # 7

DALLAS COUNTY, TEXAS

STATE of TEXAS

VS.

JAMES BROADNAX

[CAP MURDER]

SUBPOENA

---

ISSUED

This 24TH day of November, 2008

GARY FITZSIMMONS
Clerk, District Courts
Dallas County, Texas

By _____ Deputy

ATTORNEY:    David Alex
Assistant District Attorney
Dallas Criminal District Attorney
133 N. Industrial Blvd., LB-19
Dallas, Texas 75207
(214)653-3600

## OFFICER'S RETURN

CAME TO HAND on the _24_ day of _Nov_ 20_08_, and executed by delivering a copy of the within Subpoena to the following within named witnesses, all of whom were summoned in _DALLAS_ County, on the dates and at the places hereinafter set forth, as follows:

| NAME | DATE | WHERE | COURSE | DISTANCE |
|---|---|---|---|---|
| TINA M HILL | 11/24/08 | G. ALLEN BLDG 7th FL | miles....from....miles | |
| | | | miles....from....miles | |
| | | | miles....from....miles | |

I actually and necessarily traveled....................miles in the service of this Subpoena, in addition to any other mileage I may have traveled in the service of other Subpoenas, or Attachments, in this or any other case during the same trip.

AMOUNT OF MONEY FURNISHED ABOVE NAMED WITNESS:

........................................................................................ $
........................................................................................ $
........................................................................................ $
TOTAL ........................ $

The following named witnesses not summoned for the reasons set opposite their names:

........................................................................................
........................................................................................
........................................................................................
........................................................To total amount of money furnished ....................

witnesses .................... $ ................

For summoning .................... witnesses at .................... each ....................

Mileage, .............. miles at............ ....................

TOTAL, .................... $ ................

Criminal District Attorney, Dallas County, Texas

By _LUPE VALDEZ_ Investigator

Sheriff....

Dallas County, Texas

By.................... 4452

Deputy  _D.A. INV. H. HOFFMAN_

Subscribed and sworn to before me, this the .................... day of ....................
........................ 20....

00733

No. F08-24667

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE        CRIMINAL |
| | § | |
| v. | § | DISTRICT COURT  7 |
| | § | |
| JAMES BROADNAX | § | OF DALLAS COUNTY, TEXAS |

## Order For Medical/Mental Health Record Release

On this 24th day of Novemebr, 2008, the Court has reviewed the attached subpoena and good cause has been shown for the issuance of the attached subpoena to further the prosecution of a criminal matter pending before this court.

**IT IS HEREBY ORDERED** that the health care provider/mental health care provider named in the subpoena release all records designated therein.

HEREIN FAIL NOT, but of this writ make due return, showing how you have executed the same.

WITNESS MY OFFICIAL SIGNATURE, this _2 Y_ day of _N O V_, A.D., 2008.

_____
JUDGE,

_CD C 7_ _____DistrictCourt____
Dallas County, Texas

00734

00735

THE STATE OF TEXAS
TO ANY SHERIFF OR ANY CONSTABLE OR ANY PEACE OFFICER
OF THE STATE OF TEXAS - GREETINGS:
YOU ARE HEREBY COMMANDED to summon

**Janet Kimery or designee- Custodian of Records for Baylor Irving formerly Irving Community Hospital**
**1901 N. MacArthur Blvd**
**Irving, Texas 75060**

to be and appear before the      CRIMINAL DISTRICT COURT # 7 of Dallas County, Texas, at the Courthouse of said County, in the City of Dallas, on the **17 day of December, 2008, at 9:00AM** then and there to testify as a witness in behalf of the State in a Criminal action pending in said Court, wherein THE STATE of TEXAS is plaintiff

James Broadnax , Defendant; No. F08-24667

**DUCES TECUM** ☐NOT APPLICABLE

and that she/he bring with her/him and produce in said Court, at said time and place. **True and correct copies of medical/surgical/emergency room records, under affidavit authenticating same, pertaining to treatment administered to James Broadnax, date of birth 10/30/1988 , on or about September 6, 1990.**

desired as evidence in said Criminal action, to-wit: in a certain suit pending in said court.

☒**In the alternative, such information may be provided to David N. Barger, Lt./Inv. Dallas D.A. contact @214-653-3614**

and there remain from day to day and from term to term until discharged by the Court.

HEREIN FAIL NOT, But of this Writ make due return, showing how you have executed the same.

**OUT OF COUNTY** ☐NOT APPLICABLE

A DISOBEDIENCE OF this Subpoena is punishable by a fine not exceeding $500, to be collected as fines and costs in other criminal cases.

WITNESS MY OFFICIAL SIGNATURE, THIS 5th day of December, 2008.

GARY FITZSIMMONS
CLERK, DISTRICT COURTS
DALLAS COUNTY, TEXAS

By _____, Deputy

---

NO.  F08-24667

CRIMINAL DISTRICT COURT # 7

DALLAS COUNTY, TEXAS

STATE of TEXAS

VS.

JAMES BROADNAX

[CAP MURDER]

**SUBPOENA**

ISSUED

This 5th day of December, 2008

GARY FITZSIMMONS
Clerk, District Courts
Dallas County, Texas

By _____ Deputy

ATTORNEY:      David Alex
Assistant District Attorney
Dallas Criminal District Attorney
133 N. Industrial Blvd., LB-19
Dallas, Texas 75207
(214)653-3600

## OFFICER'S RETURN

CAME TO HAND on the ........8........ day of ........December........ 20..08.., and executed by delivering a copy of the within Subpoena to the following within named witnesses, all of whom were summoned in ........Dallas........ County, on the dates and at the places hereinafter set forth, as follows:

| NAME | DATE | WHERE | COURSE | DISTANCE |
|------|------|-------|--------|----------|
| Custodian of Records | 12/8/00 | Bag Irving | ........miles | ........from........ ........miles |
| | | | ........miles | ........from........ ........miles |
| | | | ........miles | ........from........ ........miles |

I actually and necessarily traveled........................miles in the service of this Subpoena, in addition to any other mileage I may have traveled in the service of other Subpoenas, or Attachments, in this or any other case during the same trip.

AMOUNT OF MONEY FURNISHED ABOVE NAMED WITNESS:

........................................................ $
........................................................ $
........................................................ $

TOTAL ........................ $

The following named witnesses not summoned for the reasons set opposite their names:

.............................................................................
.............................................................................
.............................................................................
.............................................................................To total amount of money furnished ..............

witnesses ........................ $ ............

For summoning ................ witnesses at ................ each ................

Mileage, ................ miles at ................ ................

TOTAL ........................ $ ............

**Criminal District Attorney, Dallas County, Texas**

By _____ 417 Investigator

Sheriff................

Dallas County, Texas

By ................

Deputy

Subscribed and sworn to before me, this the ........................ day of
........ 20......

00736

Case 3:15-cv-01758-N   Document 38-16   Filed 06/08/16   Page 200 of 256   PageID 1367

00737

THE STATE OF TEXAS
TO ANY SHERIFF OR ANY CONSTABLE OR ANY PEACE OFFICER
OF THE STATE OF TEXAS - GREETINGS:
YOU ARE HEREBY COMMANDED to summon

**Tina M. Hill or designee, Custodian of Medical Records**
**Parkland Health & Hospital System, (Dallas County Jail Health)**
**600 Commerce Street, George Allen Courts Bldg. 7th Floor, Dallas, Texas**

to be and appear before the        CRIMINAL DISTRICT COURT # 7 of Dallas County, Texas, at the Courthouse of said County, in the City of Dallas, on the **27 day of July, 2009, at 9:00AM** then and there to testify as a witness in behalf of the in a Criminal action pending in said Court, wherein THE STATE of TEXAS is plaintiff and James Broadnax , Defendant; No. F08-24667

**CES TECUM**   ☐NOT APPLICABLE

and that she/he bring with her/him and produce in said Court, at said time and place:  **True and correct copies of medical/psychiatric records, under affidavit authenticating same, pertaining to medical/psychiatric treatment administered to Dallas County Jail inmate James Broadnax, date of birth 10/30/1988 , AIS #2725502, Book-in #08047374; said records to include reports of any prescribed medication(s), toxicology or any lab test results,  physician/nurse medical and mental health reports and notes, mental health provider evaluations and notes prepared during the inmate's incarceration since November 24, 2008 on the aforementioned book-in number.**

desired as evidence in said Criminal action, to-wit: in a certain suit pending in said court.

☒In the alternative, such information may be provided to **David N. Barger, Lt./Inv. Dallas D.A. contact @214-653-3614**

and there remain from day to day and from term to term until discharged by the Court.

HEREIN FAIL NOT, But of this Writ make due return, showing how you have executed the same.

**OF COUNTY**   ☐NOT APPLICABLE

SOBEDIENCE OF this Subpoena is punishable by a fine not exceeding $500, to be collected as fines and costs in other criminal cases.

WITNESS MY OFFICIAL SIGNATURE, THIS 20th day of April, 2009.

GARY FITZSIMMONS
CLERK, DISTRICT COURTS
DALLAS COUNTY, TEXAS

By _____ , Deputy

---

NO.  F08-24667
CRIMINAL DISTRICT COURT # 7
DALLAS COUNTY, TEXAS
STATE of TEXAS
VS.
JAMES BROADNAX
[CAP MURDER]

SUBPOENA

ISSUED

This 20th day of April, 2009

GARY FITZSIMMONS
Clerk, District Courts
Dallas County, Texas

By _____ Deputy

ATTORNEY:    David Alex
             Assistant District Attorney
             Dallas Criminal District Attorney
             133 N. Industrial Blvd., LB-19
             Dallas, Texas 75207
             (214)653-3600

## OFFICER'S RETURN

CAME TO HAND on the ....22....day of ...APRIL................................ 20.09., and executed by delivering a copy of the within Subpoena to the following within named witnesses, all of whom were summoned in ....DALLAS.................................... County, on the dates and at the places hereinafter set forth, as follows:

| NAME | DATE | WHERE | COURSE | DISTANCE | |
|------|------|-------|--------|----------|---|
| TINA HILL | 4-22-2009 | GEORGE MILAN | miles | from | miles |
| | | BUILDING | miles | from | miles |
| | | | miles | from | miles |

I actually and necessarily traveled...........................miles in the service of this Subpoena, in addition to any other mileage I may have traveled in the service of other Subpoenas, or Attachments, in this or any other case during the same trip.

AMOUNT OF MONEY FURNISHED ABOVE NAMED WITNESS:

....................................................................................................    ..................... $

....................................................................................................    ..................... $

....................................................................................................    ..................... $

TOTAL    .................... $

The following named witnesses not summoned for the reasons set opposite their names:

..........................................................................................................................................

..........................................................................................................................................

..........................................................................................................................................

.........................................................To total amount of money furnished    ..................

witnesses  ....................    $ ................

..........................................................................................

For summoning ........................ witnesses    at ........................ each ............    ..................

Mileage, ............... miles at............    ..................

TOTAL, .....................    $ ...............

Sheriff.... LUPE VALDEZ ..................................................

Dallas County, Texas

By.............................................................. #452

Deputy  P.A. INV. HOFFMAN

Subscribed  and  sworn  to  before  me,  this  the  ........................................  day  of  ..........................................20.......

.........................................................................

.........................................................................

00738

No. F08-24667

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE          CRIMINAL |
| | § | |
| v. | § | DISTRICT COURT  7 |
| | § | |
| JAMES BROADNAX | § | OF DALLAS COUNTY, TEXAS |

## Order For Medical/Mental Health Record Release

On this 20ᵗʰ day of ___April___, 2009, the Court has reviewed the attached subpoena and good cause has been shown for the issuance of the attached subpoena to further the prosecution of a criminal matter pending before this court.

**IT IS HEREBY ORDERED** that the health care provider/mental health care provider named in the subpoena release all records designated therein.

HEREIN FAIL NOT, but of this writ make due return, showing how you have executed the same.

WITNESS MY OFFICIAL SIGNATURE, this __2 0__ day of __A P R__, A.D., 2009.

_____
JUDGE,

__C D C 7_____DistrictCourt____
Dallas County, Texas

00739

Case 3:15-cv-01758-N   Document 38-8   Filed 06/28/16   Page 203 of 256   PageID 1370

**THE STATE OF TEXAS**
**TO ANY SHERIFF OR ANY CONSTABLE OR ANY PEACE OFFICER**
**OF THE STATE OF TEXAS – GREETINGS:**
**YOU ARE HEREBY COMMANDED TO SUMMON**

*MERRILL BALANCIERE / CUSTODIAN OF RECORDS*
*GARLAND FIRE DEPT*
*GARLAND, TX*

To be and appear before the <u>CRIMINAL</u> District Court <u>#7</u> of Dallas County, Texas at the courthouse of said

County, in the City of Dallas, on the <u>27</u><sup>TH</sup> day of <u>JULY</u>, 20 <u>09</u>, at <u>8:30</u> o'clock <u>A.</u> M., Then and there to testify as

itness in behalf of the <u>STATE</u> in a criminal Action pending in said court, wherein THE STATE OF TEXAS is

Plaintiff, and <u>BROADNAX, JAMES,</u> Defendant No. F-0824667-Y

---

**DUECES TECUM (IF APPLICABLE)** ☐ NOT APPLICABLE
and that he/she bring with him/her and produce in said Court, at said time and place,

*TRUE AND CORRECT COPIES UNDER AFFIDAVIT AUTHENTICATING SAME OF ANY RUN SHEETS,*
*INCIDENT REPORTS OR ANY OTHER RECORD PERTAINING TO INCIDENT #810405 IN THE VICINITY OF*
*W. STATE STREET & 9TH STREET, GARLAND, TX ON JUNE 19,2008.*

desired as evidence in said Criminal action, to-wit: in a certain suit pending in said court.

---

and there remain from day to day and from term to term until discharged by the Court
HREIN FAIL NOT, But of this Writ make due return, showing how you have executed the same.

**OUT OF COUNTY (IF APPLICABLE)** ☒ NOT APPLICABLE
A DISOBEDIENCE OF this Subpoena is punishable by fine not exceeding $500, to be collected as
Fines and costs in other criminal cases.

---

WITNESS MY OFFICIAL SIGNATURE, THIS 4TH day of MAY, 20 09
**GARY FITZSIMMONS**

Clerk, District Courts
Dallas, County Texas

By _____ Deputy
<u>B.BOWSER</u>

---

NO. F-0824667-Y

<u>CRIMINAL</u> DISTRICT COURT #7
DALLAS COUNTY, TEXAS

THE STATE OF TEXAS

VS.

<u>BROADNAX, JAMES</u>

<u>CAPITAL MURDER</u>

SUBPOENA

ISSUED
This <u>4TH</u> day of <u>MAY</u>, 20 <u>09</u>
GARY FITZSIMMONS

Clerk, District Courts
Dallas County, Texas
By <u>B.BOWSER</u> Deputy

**ATTORNEY:**

DAVID ALEX, ASST D A
133 N.INDUSTRIAL BLVD. LB-19
DALLAS, TX 75207
214-653-3600

**REPORT TO:**

FRANK CROWLEY COURTS BLDG.
133 N. INDUSTRIAL BLVD.
DALLAS, TEXAS 75207

**OFFICER'S RETURN**

CAME TO HAND on the _4_ day of _May_ _____ 20_08_ and executed by delivering a copy of the within Subpoena to the following within named witnesses, all of whom were summoned in _Dallas_ County, on the dates and at the places hereinafter set forth, as follows:

| NAME | DATE | WHERE | COURSE | DISTANCE |
|------|------|-------|--------|----------|
| _Merrill Balanciere_ 5/8/09 | | miles | from | miles |
| | | miles | from | miles |
| | | miles | from | miles |
| | | miles | from | miles |
| | | miles | from | miles |
| | | miles | from | miles |

I actually and necessarily traveled _____ miles in the service of this Subpoena, in addition to any other mileage I may have traveled in the service of other Subpoenas, or Attachments, in this or any other case during the same trip.
AMOUNT OF MONEY FURNISHED ABOVE NAMED WITNESS _____

|  |  |
|---|---|
| | $ |
| | $ |
| | $ |
| TOTAL | $ |

The following named witnesses not summoned for the reasons set opposite their names:

_____

_____

_____

_____

_____

_____ Criminal District Attorney, Dallas County, Texas

To total amount of money furnished _____
witnesses ................ $............     By _____ Investigator _413_

For summoning ............. witnesses       Sheriff ..................................... County, Texas
at ............. each ........ ............   By ............................................. Deputy
Mileage ........... miles at ........... ............
TOTAL ................... $...........
Subscribed and sworn to before me, this the .......... day of ....................................20....

_____

_____

00741

Case 3:15-cv-01758-N Document 38-8 Filed 06/28/16 Page 205 of 256 PageID 1372

THE STATE OF TEXAS
TO ANY SHERIFF OR ANY CONSTABLE OR ANY PEACE OFFICER
OF THE STATE OF TEXAS – GREETINGS:
YOU ARE HEREBY COMMANDED TO SUMMON

*ERIC BROOKS*
*GARLAND FIRE DEPT*
*GARLAND, TX*

To be and appear before the CRIMINAL District Court #7 of Dallas County, Texas at the courthouse of said County, in the City of Dallas, on the 27TH day of JULY , 20 09 , at 8:30 o'clock A. M., Then and there to testify as itness in behalf of the STATE in a criminal Action pending in said court, wherein THE STATE OF TEXAS is Plaintiff, and BROADNAX, JAMES, Defendant No. F-0824667-Y

**DUECES TECUM (IF APPLICABLE)**      ☒ NOT APPLICABLE
and that he/she bring with him/her and produce in said Court, at said time and place,

desired as evidence in said Criminal action, to-wit: in a certain suit pending in said court.

and there remain from day to day and from term to term until discharged by the Court
HEREIN FAIL NOT, But of this Writ make due return, showing how you have executed the same.

**UUT OF COUNTY (IF APPLICABLE)**      ☒ NOT APPLICABLE
A DISOBEDIENCE OF this Subpoena is punishable by fine not exceeding $500, to be collected as Fines and costs in other criminal cases.

WITNESS MY OFFICIAL SIGNATURE, THIS 4TH day of MAY , 20 09
GARY FITZSIMMONS

         Clerk, District Courts
         Dallas, County Texas

By _____ Deputy
          B.BOWSER

---

NO. F-0824667-Y

CRIMINAL DISTRICT COURT #7
DALLAS COUNTY, TEXAS

THE STATE OF TEXAS

VS.

BROADNAX, JAMES

CAPITAL MURDER

SUBPOENA

ISSUED
This 4TH day of MAY, 20 09
GARY FITZSIMMONS

Clerk, District Courts
Dallas County, Texas
By B.BOWSER Deputy

ATTORNEY:

DAVID ALEX, ASST D A
133 N.INDUSTRIAL BLVD. LB-19
DALLAS, TX 75207
214-653-3600

REPORT TO:

FRANK CROWLEY COURTS BLDG.
133 N. INDUSTRIAL BLVD.
DALLAS, TEXAS 75207

## OFFICER'S RETURN

CAME TO HAND on the _4_ day of _May_ ........................................................ 20 _09_ (and executed by delivering a copy of the within Subpoena to the following within named witnesses, all of whom were summoned in _Dallas_ ........................................ County, on the dates and at the places hereinafter set forth, as follows:

| NAME | NAME | DATE | WHERE | | COURSE | | DISTANCE |
|---|---|---|---|---|---|---|---|
| Eric Brooks | 5/6/09 | | miles ............... | from ............................... | miles |
| accepted by Merrill Balasciere | | | miles ............... | from ............................... | miles |
| | | | miles ............... | from ............................... | miles |
| | | | miles ............... | from ............................... | miles |
| | | | miles ............... | from ............................... | miles |
| | | | miles ............... | from ............................... | miles |

I actually and necessarily traveled .................................... miles in the service of this Subpoena, in addition to any other mileage I may have traveled in the service of other Subpoenas, or Attachments, in this or any other case during the same trip.

AMOUNT OF MONEY FURNISHED ABOVE NAMED WITNESS ...............................................................

.................................................................................................... $ ...........................
.................................................................................................... $ ...........................
.................................................................................................... $ ...........................
                                                                    TOTAL   ............ $ ...........................

The following named witnesses not summoned for the reasons set opposite their names:

..........................................................................................................................
..........................................................................................................................
..........................................................................................................................
..........................................................................................................................
..........................................................................................................................

                                                        Criminal District Attorney, Dallas County, Texas

To total amount of money furnished     ...............    By _____ Investigator _413_ .
   witnesses   ..................... $ ............
For summoning ............. witnesses              Sheriff ................................................. County, Texas
   at ............... each ......... ................    By ................................................. Deputy
Mileage ........... miles at ........... ...............
   TOTAL ................... $ ...............
Subscribed and sworn to before me, this the ............ day of ................................................ 20 ....
                                                        ..........................................................................
                                                        ..........................................................................

00743

Case 3:15-cv-01758-N   Document 38-8   Filed 06/28/16   Page 207 of 256   PageID 1374

THE STATE OF TEXAS
TO ANY SHERIFF OR ANY CONSTABLE OR ANY PEACE OFFICER
OF THE STATE OF TEXAS – GREETINGS:
YOU ARE HEREBY COMMANDED TO SUMMON

*THOMAS BUCHANON*
*GARLAND FIRE DEPT*
*GARLAND, TX*

To be and appear before the CRIMINAL District Court #7 of Dallas County, Texas at the courthouse of said

County, in the City of Dallas, on the 27TH day of JULY, 20 09, at 8:30 o'clock A. M., Then and there to testify as

ᵢtness in behalf of the STATE in a criminal Action pending in said court, wherein THE STATE OF TEXAS is

Plaintiff, and BROADNAX, JAMES, Defendant No. F-0824667-Y

**DUECES TECUM** (IF APPLICABLE)          ☒ NOT APPLICABLE
and that he/she bring with him/her and produce in said Court, at said time and place,

desired as evidence in said Criminal action, to-wit: in a certain suit pending in said court.

and there remain from day to day and from term to term until discharged by the Court
HEREIN FAIL NOT, But of this Writ make due return, showing how you have executed the same.

**ᴏUT OF COUNTY** (IF APPLICABLE)          ☒ NOT APPLICABLE
A DISOBEDIENCE OF this Subpoena is punishable by fine not exceeding $500, to be collected as
Fines and costs in other criminal cases.

WITNESS MY OFFICIAL SIGNATURE, THIS 4TH day of MAY, 20 09
GARY FITZSIMMONS

Clerk, District Courts
Dallas, County Texas

By _____ Deputy
B.BOWSER

---

NO. F-0824667-Y

CRIMINAL DISTRICT COURT #7
DALLAS COUNTY, TEXAS

THE STATE OF TEXAS

VS.

BROADNAX, JAMES

CAPITAL MURDER

SUBPOENA

ISSUED
This 4TH day of MAY, 20 09
GARY FITZSIMMONS

Clerk, District Courts
Dallas County, Texas
By B.BOWSER Deputy

ATTORNEY:

DAVID ALEX, ASST D A
133 N.INDUSTRIAL BLVD. LB-19
DALLAS, TX 75207
214-653-3600

REPORT TO:

FRANK CROWLEY COURTS BLDG.
133 N. INDUSTRIAL BLVD.
DALLAS, TEXAS 75207

## OFFICER'S RETURN

CAME TO HAND on the ___4___ day of ___May___ _____ 20_05_ and executed by delivering a copy of the within Subpoena to the following within named witnesses, all of whom were summoned in ___Dallas___ _____ County, on the dates and at the places hereinafter set forth, as follows:

| NAME | NAME | DATE | WHERE | COURSE | DISTANCE |
|---|---|---|---|---|---|
| Thomas Buchanan | | 5/8/09 | _____ miles | from _____ | _____ miles |
| | | | _____ miles | from _____ | _____ miles |
| | | | _____ miles | from _____ | _____ miles |
| | | | _____ miles | from _____ | _____ miles |
| | | | _____ miles | from _____ | _____ miles |
| | | | _____ miles | from _____ | _____ miles |

I actually and necessarily traveled _____ miles in the service of this Subpoena, in addition to any other mileage I may have traveled in the service of other Subpoenas, or Attachments, in this or any other case during the same trip.

AMOUNT OF MONEY FURNISHED ABOVE NAMED WITNESS _____

_____ $ _____
_____ $ _____
_____ $ _____
                                                    TOTAL            $ _____

The following named witnesses not summoned for the reasons set opposite their names:

_____
_____
_____
_____
_____

**Criminal District Attorney, Dallas County, Texas**

To total amount of money furnished witnesses ............. $ ...........

For summoning ......... witnesses at ......... each .........

Mileage ......... miles at .........

TOTAL ............. $ ...........

By _____ Investigator ___4/13___

Sheriff _____ County, Texas

By _____ Deputy

Subscribed and sworn to before me, this the ......... day of _____ 20....

_____

00745

THE STATE OF TEXAS
TO ANY SHERIFF OR ANY CONSTABLE OR ANY PEACE OFFICER
OF THE STATE OF TEXAS – GREETINGS:
YOU ARE HEREBY COMMANDED TO SUMMON

JOHN CALHOUN
UNKNOWN
DALLAS, TEXAS

To be and appear before the **CRIMINAL** District Court **#7** of Dallas County, Texas at the courthouse of said County, in the City of Dallas, on the **24**ᵀᴴ day of **JULY** , 20 **09** , at **09:00** o'clock **A.** M., Then and there to testify as a witness in behalf of the **STATE** in a criminal Action pending in said court, wherein THE STATE OF TEXAS is Plaintiff, and JAMES BROADNAX Defendant No. **F08-24667-Y**

**DUECES TECUM (IF APPLICABLE)**                              ☒ NOT APPLICABLE
and that he bring with him and produce in said Court, at said time and place,

desired as evidence in said Criminal action, to-wit: in a certain suit pending in said court.

and there remain from day to day and from term to term until discharged by the Court
HEREIN FAIL NOT, But of this Writ make due return, showing how you have executed the same.

**OUT OF COUNTY (IF APPLICABLE)**                            ☒ NOT APPLICABLE
A DISOBEDIENCE OF this Subpoena is punishable by fine not exceeding $500, to be collected as Fines and costs in other criminal cases.

WITNESS MY OFFICIAL SIGNATURE, THIS   **4**ᵀᴴ   day of   **MAY** , 20 **09**
Gary Fitzsimmons
Clerk, District Courts
Dallas, County Texas
By _____ Deputy
**T. VARNADO**

---

NO.**F08-24667-Y**

CRIMINAL DISTRICT COURT **#7**
DALLAS COUNTY, TEXAS

THE STATE OF TEXAS
VS.

**JAMES BROADNAX**.

**CAP. MURDER**

SUBPOENA

ISSUED
This **4TH** day of **MAY**, 20 **09**
**Gary Fitzsimmons**
Clerk, District Courts
Dallas County, Texas
By **T. VARNADO** Deputy

ATTORNEY:

**DAVID ALEX, ASST. D.A.**
**133 N. INDUSTRIAL LB 19**
**DALLAS, TEXAS 75207**
**214-653-3600**

REPORT TO:

FRANK CROWLEY COURTS BLDG.
133 N. INDUSTRIAL BLVD.
DALLAS, TEXAS 75207

## OFFICER'S RETURN

CAME TO HAND on the ....4... day of .....May..................... 2009 and executed by delivering a copy of the within Subpoena to the following within named witnesses, all of whom were summoned in ..Dallas..................... County, on the dates and at the places hereinafter set forth, as follows:

| NAME | NAME | DATE | WHERE | COURSE | DISTANCE |
|------|------|------|-------|--------|----------|
| John Calhoun | | 5/12/09 | miles ............ | from ................ | miles |
| | | | miles ............ | from ................ | miles |
| | | | miles ............ | from ................ | miles |
| | | | miles ............ | from ................ | miles |
| | | | miles ............ | from ................ | miles |
| | | | miles ............ | from ................ | miles |

I actually and necessarily traveled ........................... miles in the service of this Subpoena, in addition to any other mileage I may have traveled in the service of other Subpoenas, or Attachments, in this or any other case during the same trip.

AMOUNT OF MONEY FURNISHED ABOVE NAMED WITNESS ............................................

.................................................... $ ....................
.................................................... $ ....................
.................................................... $ ....................
TOTAL ................ $ ....................

The following named witnesses not summoned for the reasons set opposite their names:

...............................................................
...............................................................
...............................................................
...............................................................
...............................................................

Criminal District Attorney, Dallas County, Texas

By ................ Investigator 4.13

To total amount of money furnished .................
witnesses ................ $ ................
For summoning .............. witnesses
at ............ each ........ ..........
Mileage ........... miles at ........... ..........
TOTAL ................ $ ................

Sheriff ....................................... County, Texas
By ............................................. Deputy

Subscribed and sworn to before me, this the ............ day of ........................ 20....
...............................................................
...............................................................

00747

Case 3:15-cv-01758-N Document 18-8 Filed 06/08/16 Page 211 of 256 PageID 1378

THE STATE OF TEXAS
TO ANY SHERIFF OR ANY CONSTABLE OR ANY PEACE OFFICER
OF THE STATE OF TEXAS – GREETINGS:
YOU ARE HEREBY COMMANDED TO SUMMON

LINDA DAVIS
UNKNOWN
DALLAS, TEXAS

To be and appear before the **CRIMINAL** District Court #7 of Dallas County, Texas at the courthouse of said County, in the City of Dallas, on the **24TH** day of **JULY** , 20 **09** , at **09:00** o'clock **A.** M., Then and there to testify witness in behalf of the **STATE** in a criminal Action pending in said court, wherein THE STATE OF TEXAS is plaintiff, and JAMES BROADNAX Defendant No. **F08-24667-Y**

**DUECES TECUM** (IF APPLICABLE)                            ☒ NOT APPLICABLE
and that he bring with him and produce in said Court, at said time and place,

desired as evidence in said Criminal action, to-wit: in a certain suit pending in said court.

and there remain from day to day and from term to term until discharged by the Court
HEREIN FAIL NOT, But of this Writ make due return, showing how you have executed the same.

**OUT OF COUNTY** (IF APPLICABLE)                            ☒ NOT APPLICABLE
DISOBEDIENCE OF this Subpoena is punishable by fine not exceeding $500, to be collected as Fines and costs in other criminal cases.

WITNESS MY OFFICIAL SIGNATURE, THIS  4TH  day of  **MAY** , 20 **09**

Gary Fitzsimmons
Clerk, District Courts
Dallas, County Texas

By _____ Deputy
**T. VARNADO**

---

NO. **F08-24667-Y**

CRIMINAL DISTRICT COURT #7
DALLAS COUNTY, TEXAS

THE STATE OF TEXAS
VS.

**JAMES BROADNAX**.

**CAP. MURDER**

SUBPOENA

ISSUED
This 4TH  day of  MAY, 20 09
**Gary Fitzsimmons**
Clerk, District Courts
Dallas County, Texas
By **T. VARNADO** Deputy

ATTORNEY:

**DAVID ALEX, ASST. D.A.**
**133 N. INDUSTRIAL LB 19**
**DALLAS, TEXAS 75207**
**214-653-3600**

REPORT TO:

FRANK CROWLEY COURTS BLDG.
133 N. INDUSTRIAL BLVD.
DALLAS, TEXAS 75207

00748

## OFFICER'S RETURN

CAME TO HAND on the 4 day of May _____ 200 9 and executed by delivering a copy of the within Subpoena to the following within named witnesses, all of whom were summoned in Dallas _____ County, on the dates and at the places hereinafter set forth, as follows:

| NAME | NAME | DATE | WHERE | COURSE | DISTANCE |
|------|------|------|-------|--------|----------|
| Linda Davis | | 5/8/09 | miles _____ | from _____ | miles |
| | | | miles _____ | from _____ | miles |
| | | | miles _____ | from _____ | miles |
| | | | miles _____ | from _____ | miles |
| | | | miles _____ | from _____ | miles |
| | | | miles _____ | from _____ | miles |

I actually and necessarily traveled _____ miles in the service of this Subpoena, in addition to any other mileage I may have traveled in the service of other Subpoenas, or Attachments, in this or any other case during the same trip.

AMOUNT OF MONEY FURNISHED ABOVE NAMED WITNESS _____

_____ $ _____

_____ $ _____

_____ $ _____

TOTAL _____ $ _____

The following named witnesses not summoned for the reasons set opposite their names:

_____

_____

_____

_____

_____

_____

Criminal District Attorney, Dallas County, Texas _____

To total amount of money furnished witnesses _____ $ _____

By _____ Investigator 4 S

For summoning _____ witnesses at _____ each _____ _____

Sheriff _____ County, Texas

By _____ Deputy

Mileage _____ miles at _____ _____

TOTAL _____ $ _____

Subscribed and sworn to before me, this the _____ day of _____ 20 ____

_____

_____

00749

Case 3:15-cv-01758-8 Document 38-8 Filed 08/28/16 Page 213 of 256 PageID 1380

**THE STATE OF TEXAS**
**TO ANY SHERIFF OR ANY CONSTABLE OR ANY PEACE OFFICER**
**OF THE STATE OF TEXAS – GREETINGS:**
**YOU ARE HEREBY COMMANDED TO SUMMON**

ALICE GATEWOOD
UNKNOWN
DALLAS, TEXAS

To be and appear before the **CRIMINAL** District Court **#7** of Dallas County, Texas at the courthouse of said county, in the City of Dallas, on the **24ᵀᴴ** day of **JULY** , 20 **09** , at **09:00** o'clock **A.** M., Then and there to testify as a witness in behalf of the **STATE** in a criminal Action pending in said court, wherein THE STATE OF TEXAS is Plaintiff, and JAMES BROADNAX Defendant No. **F08-24667-Y**

**DUECES TECUM (IF APPLICABLE)**                    ☒ NOT APPLICABLE
and that he bring with him and produce in said Court, at said time and place,

desired as evidence in said Criminal action, to-wit: in a certain suit pending in said court.

and there remain from day to day and from term to term until discharged by the Court HEREIN FAIL NOT, But of this Writ make due return, showing how you have executed the same.

**OUT OF COUNTY (IF APPLICABLE)**                    ☒ NOT APPLICABLE
DISOBEDIENCE OF this Subpoena is punishable by fine not exceeding $500, to be collected as fees and costs in other criminal cases.

WITNESS MY OFFICIAL SIGNATURE, THIS  **4ᵀᴴ**  day of  **MAY** , 20 **09**

Gary Fitzsimmons
Clerk, District Courts
Dallas, County Texas

By _____ Deputy
**T. VARNADO**

---

NO. **F08-24667-Y**

CRIMINAL DISTRICT COURT **#7**
DALLAS COUNTY, TEXAS

THE STATE OF TEXAS
VS.

**JAMES BROADNAX.**

**CAP. MURDER**

SUBPOENA

ISSUED
This **4TH**  day of **MAY**, 20 **09**
**Gary Fitzsimmons**
Clerk, District Courts
Dallas County, Texas
By **T. VARNADO** Deputy

ATTORNEY:

**DAVID ALEX, ASST. D.A.**
**133 N. INDUSTRIAL LB 19**
**DALLAS, TEXAS 75207**
**214-653-3600**

REPORT TO:

FRANK CROWLEY COURTS BLDG.
133 N. INDUSTRIAL BLVD.
DALLAS, TEXAS 75207

00750

## OFFICER'S RETURN

CAME TO HAND on the _4_ day of _May_ _____ 20 _09_, and executed by delivering a copy of the within Subpoena to the following within named witnesses, all of whom were summoned in _Dallas_ _____ County, on the dates and at the places hereinafter set forth, as follows:

| NAME | DATE | WHERE | | COURSE | | DISTANCE |
|------|------|-------|---|--------|---|----------|
| _Alice Gatewood_ | _5/7/09_ | miles | | from | | miles |
| | | miles | | from | | miles |
| | | miles | | from | | miles |
| | | miles | | from | | miles |
| | | miles | | from | | miles |
| | | miles | | from | | miles |

I actually and necessarily traveled _____ miles in the service of this Subpoena, in addition to any other mileage I may have traveled in the service of other Subpoenas, or Attachments, in this or any other case during the same trip.

AMOUNT OF MONEY FURNISHED ABOVE NAMED WITNESS _____

$ _____

$ _____

$ _____

TOTAL     $ _____

The following named witnesses not summoned for the reasons set opposite their names:

_____

_____

_____

_____

_____

_____

To total amount of money furnished
witnesses ................. $................

For summoning ............. witnesses
at ................. each ........     ................

Mileage, .......... miles at .......... ................

TOTAL ................. $................

**Criminal District Attorney, Dallas County, Texas.**

By ~~_____~~ Investigator _413_

Sheriff _____ County, Texas

By _____ Deputy

Subscribed and sworn to before me, this the ............. day of _____ 20....

_____

_____

00751

Case 3:15-cv-01758-N   Document 38-8   Filed 06/28/16   Page 215 of 256   PageID 1382

**THE STATE OF TEXAS**
**TO ANY SHERIFF OR ANY CONSTABLE OR ANY PEACE OFFICER**
**OF THE STATE OF TEXAS – GREETINGS:**
**YOU ARE HEREBY COMMANDED TO SUMMON**

*BRAD HARGRAVE*
*GARLAND FIRE DEPT*
*GARLAND, TX*

To be and appear before the <u>CRIMINAL</u> District Court <u>#7</u> of Dallas County, Texas at the courthouse of said County, in the City of Dallas, on the <u>27</u><sup>TH</sup> day of <u>JULY</u> , 20 <u>09</u> , at <u>8:30</u> o'clock <u>A.</u> M., Then and there to testify as witness in behalf of the <u>STATE</u> in a criminal Action pending in said court, wherein THE STATE OF TEXAS is Plaintiff, and <u>BROADNAX, JAMES,</u> Defendant No. F-0824667-Y

---

**DUECES TECUM (IF APPLICABLE)**      ☒ NOT APPLICABLE
and that he/she bring with him/her and produce in said Court, at said time and place,

desired as evidence in said Criminal action, to-wit: in a certain suit pending in said court.

and there remain from day to day and from term to term until discharged by the Court
HEREIN FAIL NOT, But of this Writ make due return, showing how you have executed the same.

---

**OUT OF COUNTY (IF APPLICABLE)**      ☒ NOT APPLICABLE
A DISOBEDIENCE OF this Subpoena is punishable by fine not exceeding $500, to be collected as Fines and costs in other criminal cases.

---

WITNESS MY OFFICIAL SIGNATURE, THIS 4TH day of MAY , 20 09
**GARY FITZSIMMONS**

Clerk, District Courts
Dallas, County Texas
By _____ Deputy
<u>B.BOWSER</u>

---

NO. F-0824667-Y

00752

<u>CRIMINAL</u> DISTRICT COURT <u>#7</u>
DALLAS COUNTY, TEXAS

THE STATE OF TEXAS

VS.

<u>BROADNAX, JAMES</u>

<u>CAPITAL MURDER</u>

SUBPOENA

**ISSUED**
This <u>4TH</u> day of <u>MAY</u>, 20 09
GARY FITZSIMMONS

Clerk, District Courts
Dallas County, Texas
By <u>B.BOWSER</u> Deputy

**ATTORNEY:**

DAVID ALEX, ASST D A
133 N.INDUSTRIAL BLVD. LB-19
DALLAS, TX 75207
214-653-3600

**REPORT TO:**

FRANK CROWLEY COURTS BLDG.
133 N. INDUSTRIAL BLVD.
DALLAS, TEXAS 75207

## OFFICER'S RETURN

CAME TO HAND on the 4 day of May ............................................ 20 0 8 and executed by delivering a copy of the within Subpoena to the following within named witnesses, all of whom were summoned in Dallas ................................................ County, on the dates and at the places hereinafter set forth, as follows:

| NAME | NAME | DATE | WHERE | COURSE | DISTANCE |
|------|------|------|-------|--------|----------|
| Brad Hergrave | | 5/8/09 | miles | from | miles |
| | | | miles | from | miles |
| | | | miles | from | miles |
| | | | miles | from | miles |
| | | | miles | from | miles |
| | | | miles | from | miles |

I actually and necessarily traveled ....................................... miles in the service of this Subpoena, in addition to any other mileage I may have traveled in the service of other Subpoenas, or Attachments, in this or any other case during the same trip.

AMOUNT OF MONEY FURNISHED ABOVE NAMED WITNESS ..................................................

..................................................................................   $ ..............................
..................................................................................   $ ..............................
..................................................................................   $ ..............................
                                                            TOTAL   $ ..............................

The following named witnesses not summoned for the reasons set opposite their names:

..................................................................................
..................................................................................
..................................................................................
..................................................................................
..................................................................................

Criminal District Attorney, Dallas County, Texas ........................

To total amount of money furnished
  witnesses .................. $ ...............
For summoning .............. witnesses
  at ............... each .........
Mileage ........... miles at ...........
  TOTAL .................. $ ...............
Subscribed and sworn to before me, this the ............... day of ................................................ 20 .....

By ............................ Investigator 4 13

Sheriff .................................................. County, Texas

By .................................................. Deputy

..................................................................................
..................................................................................

00753

Case 3:15-cv-01758-N Document 38-8 Filed 06/28/16 Page 217 of 256 PageID 1384

**THE STATE OF TEXAS**
**TO ANY SHERIFF OR ANY CONSTABLE OR ANY PEACE OFFICER**
**OF THE STATE OF TEXAS – GREETINGS:**
**YOU ARE HEREBY COMMANDED TO SUMMON**

*CHASE HARRIS*
*GARLAND FIRE DEPT*
*GARLAND, TX*

To be and appear before the <u>CRIMINAL</u> District Court <u>#7</u> of Dallas County, Texas at the courthouse of said County, in the City of Dallas, on the <u>27</u><sup>TH</sup> day of <u>JULY</u> , 20 <u>09</u> , at <u>8:30</u> o'clock <u>A.</u> M., Then and there to testify as a witness in behalf of the <u>STATE</u> in a criminal Action pending in said court, wherein THE STATE OF TEXAS is Plaintiff, and <u>BROADNAX, JAMES,</u> Defendant No. F-0824667-Y

**DUECES TECUM (IF APPLICABLE)**          ☒ NOT APPLICABLE
and that he/she bring with him/her and produce in said Court, at said time and place,

desired as evidence in said Criminal action, to-wit: in a certain suit pending in said court.

and there remain from day to day and from term to term until discharged by the Court
HEREIN FAIL NOT, But of this Writ make due return, showing how you have executed the same.

**OUT OF COUNTY (IF APPLICABLE)**          ☒ NOT APPLICABLE
A DISOBEDIENCE OF this Subpoena is punishable by fine not exceeding $500, to be collected as Fines and costs in other criminal cases.

WITNESS MY OFFICIAL SIGNATURE, THIS 4TH day of MAY , 20 09
GARY FITZSIMMONS

Clerk, District Courts
Dallas, County Texas

By _____ Deputy
B.BOWSER

---

NO. F-0824667-Y

<u>CRIMINAL</u> DISTRICT COURT <u>#7</u>
DALLAS COUNTY, TEXAS

THE STATE OF TEXAS

VS.

<u>BROADNAX, JAMES</u>

<u>CAPITAL MURDER</u>

SUBPOENA

ISSUED
This <u>4TH</u> day of <u>MAY,</u> 20 <u>09</u>
GARY FITZSIMMONS

Clerk, District Courts
Dallas County, Texas
By <u>B.BOWSER</u> Deputy

**ATTORNEY:**

DAVID ALEX, ASST D A
133 N.INDUSTRIAL BLVD. LB-19
DALLAS, TX 75207
214-653-3600

**REPORT TO:**

FRANK CROWLEY COURTS BLDG.
133 N. INDUSTRIAL BLVD.
DALLAS, TEXAS 75207

## OFFICER'S RETURN

CAME TO HAND on the _4_ day of _May_ ................................................................... 20_09_ and executed by delivering a copy of the within Subpoena to the following within named witnesses, all of whom were summoned in _Dallas_ ........................... County, on the dates and at the places hereinafter set forth, as follows:

NAME _Chase Harris_     NAME     DATE _5/8/09_

| | WHERE | COURSE | DISTANCE |
|---|---|---|---|
| | miles ............ | from ............................. | miles |
| | miles ............ | from ............................. | miles |
| | miles ............ | from ............................. | miles |
| | miles ............ | from ............................. | miles |
| | miles ............ | from ............................. | miles |
| | miles ............ | from ............................. | miles |

I actually and necessarily traveled ................................ miles in the service of this Subpoena, in addition to any other mileage I may have traveled in the service of other Subpoenas, or Attachments, in this or any other case during the same trip.
AMOUNT OF MONEY FURNISHED ABOVE NAMED WITNESS ...............................................................

| | | |
|---|---|---|
| ................................ | .................... | $ .................... |
| ................................ | .................... | $ .................... |
| ................................ | .................... | $ .................... |
| | TOTAL .................... | $ .................... |

The following named witnesses not summoned for the reasons set opposite their names:

...........................................................................................................
...........................................................................................................
...........................................................................................................
...........................................................................................................
...........................................................................................................

Criminal District Attorney, Dallas County, Texas ...............

To total amount of money furnished
witnesses ..................... $ ..................

By _____ Investigator _413_

For summoning ............... witnesses
at ............... each ........ ..................

Sheriff .................................................. County, Texas

Mileage ........... miles at ............ ..................

By .................................................. Deputy

TOTAL .................. $ ..................

Subscribed and sworn to before me, this the ............... day of ........................................... 20 .... ,

...........................................................................................................
...........................................................................................................

00755

Case 3:15-cv-01758-B Document 33-8 Filed 06/28/16 Page 219 of 256 PageID 1386

00756

THE STATE OF TEXAS
TO ANY SHERIFF OR ANY CONSTABLE OR ANY PEACE OFFICER
OF THE STATE OF TEXAS – GREETINGS:
YOU ARE HEREBY COMMANDED TO SUMMON

JERMAINE JOHNSON
UNKNOWN
DALLAS, TEXAS

To be and appear before the **CRIMINAL** District Court   **#7** of Dallas County, Texas at the courthouse of said City, in the City of Dallas, on the **24**^TH day of **JULY** , 20 **09** , at **09:00** o'clock **A.** M., Then and there to testify as a witness in behalf of the **STATE** in a criminal Action pending in said court, wherein THE STATE OF TEXAS is plaintiff, and JAMES BROADNAX Defendant No.  **F08-24667-Y**

**DUECES TECUM (IF APPLICABLE)**                    ☒ NOT APPLICABLE
and that he bring with him and produce in said Court, at said time and place,

desired as evidence in said Criminal action, to-wit: in a certain suit pending in said court.

and there remain from day to day and from term to term until discharged by the Court
HEREIN FAIL NOT, But of this Writ make due return, showing how you have executed the same.

**OUT OF COUNTY (IF APPLICABLE)**                    ☒ NOT APPLICABLE
DISOBEDIENCE OF this Subpoena is punishable by fine not exceeding $500, to be collected as Fines and costs in other criminal cases.

WITNESS MY OFFICIAL SIGNATURE, THIS  **4**^TH  day of  **MAY** , 20 **09**

Gary Fitzsimmons
Clerk, District Courts
Dallas, County Texas

By _____ Deputy
T. VARNADO



---

NO. **F08-24667-Y**

CRIMINAL DISTRICT COURT **#7**
DALLAS COUNTY, TEXAS

THE STATE OF TEXAS
VS.

**JAMES BROADNAX.**

**CAP. MURDER**

SUBPOENA

ISSUED
This **4TH** day of **MAY**, 20 **09**
**Gary Fitzsimmons**
Clerk, District Courts
Dallas County, Texas
By **T. VARNADO** Deputy

ATTORNEY:

**DAVID ALEX, ASST. D.A.**
**133 N. INDUSTRIAL LB 19**
**DALLAS, TEXAS 75207**
**214-653-3600**

REPORT TO:

FRANK CROWLEY COURTS BLDG.
133 N. INDUSTRIAL BLVD.
DALLAS, TEXAS  75207

**OFFICER'S RETURN**

CAME TO HAND on the 4 day of May 20 09 and executed by delivering a copy of the within Subpoena to the following within named witnesses, all of whom were summoned in Dallas County, on the dates and at the places hereinafter set forth, as follows:

| NAME | NAME | DATE | WHERE | COURSE | DISTANCE |
|------|------|------|-------|--------|----------|
| Jermaine Johnson | | 5/13/09 | miles | from | miles |
| | | | miles | from | miles |
| | | | miles | from | miles |
| | | | miles | from | miles |
| | | | miles | from | miles |
| | | | miles | from | miles |

I actually and necessarily traveled ......................... miles in the service of this Subpoena, in addition to any other mileage I may have traveled in the service of other Subpoenas, or Attachments, in this or any other case during the same trip.

AMOUNT OF MONEY FURNISHED ABOVE NAMED WITNESS ...................................

................................................................ $ ...........................

................................................................ $ ...........................

................................................................ $ ...........................

TOTAL ....................... $ ...........................

The following named witnesses not summoned for the reasons set opposite their names:

.........................................................................................

.........................................................................................

.........................................................................................

.........................................................................................

.........................................................................................

**Criminal District Attorney, Dallas County, Texas**

By _____ Investigator 413

To total amount of money furnished

witnesses ................ $ ...............

For summoning .............. witnesses

at ................ each .........

Mileage, ........... miles at ...........

TOTAL ................ $ ...............

Sheriff ................................. County, Texas

By ................................. Deputy

Subscribed and sworn to before me, this the ................. day of ................. 20 ....

.........................................................................................

.........................................................................................

00757

THE STATE OF TEXAS
TO ANY SHERIFF OR ANY CONSTABLE OR ANY PEACE OFFICER
OF THE STATE OF TEXAS – GREETINGS:
YOU ARE HEREBY COMMANDED TO SUMMON

NATHAN JOHNSON
UNKNOWN
DALLAS, TEXAS

To be and appear before the **CRIMINAL** District Court **#7** of Dallas County, Texas at the courthouse of said County, in the City of Dallas, on the **24TH** day of **JULY** , 20 **09** , at **09:00** o'clock **A.** M., Then and there to testify as a witness in behalf of the **STATE** in a criminal Action pending in said court, wherein THE STATE OF TEXAS is plaintiff, and JAMES BROADNAX Defendant No. **F08-24667-Y**

**DUCES TECUM (IF APPLICABLE)**                              ☒ NOT APPLICABLE
and that he bring with him and produce in said Court, at said time and place,

desired as evidence in said Criminal action, to-wit: in a certain suit pending in said court.

and there remain from day to day and from term to term until discharged by the Court
HEREIN FAIL NOT, But of this Writ make due return, showing how you have executed the same.

**OUT OF COUNTY (IF APPLICABLE)**                           ☒ NOT APPLICABLE
A DISOBEDIENCE OF this Subpoena is punishable by fine not exceeding $500, to be collected as Fines and costs in other criminal cases.

WITNESS MY OFFICIAL SIGNATURE, THIS **4TH** day of **MAY** , 20 **09**

Gary Fitzsimmons
Clerk, District Courts
Dallas, County Texas

By _____ Deputy
**T. VARNADO**

---

NO. **F08-24667-Y**

CRIMINAL DISTRICT COURT **#7**
DALLAS COUNTY, TEXAS

THE STATE OF TEXAS
VS.

**JAMES BROADNAX.**

**CAP. MURDER**

SUBPOENA

ISSUED
This **4TH** day of **MAY**, 20 **09**
**Gary Fitzsimmons**
Clerk, District Courts
Dallas County, Texas
By **T. VARNADO** Deputy

ATTORNEY:

**DAVID ALEX, ASST. D.A.**
**133 N. INDUSTRIAL LB 19**
**DALLAS, TEXAS 75207**
**214-653-3600**

REPORT TO:

FRANK CROWLEY COURTS BLDG.
133 N. INDUSTRIAL BLVD.
DALLAS, TEXAS 75207

Case 3:15-cv-01758-N   Document 88-8   Filed 08/29/16   Page 221 of 256   PageID 1388

00758

## OFFICER'S RETURN

CAME TO HAND on the ...4... day of ...May... 20...05... and executed by delivering a copy of the within Subpoena to the following within named witnesses, all of whom were summoned in ...Dallas... County, on the dates and at the places hereinafter set forth, as follows:

| NAME | DATE | WHERE | COURSE | DISTANCE |
|------|------|-------|--------|----------|
| Nathan Johnson 5/8/05 | | miles | from | miles |
| | | miles | from | miles |
| | | miles | from | miles |
| | | miles | from | miles |
| | | miles | from | miles |
| | | miles | from | miles |

I actually and necessarily traveled ....................... miles in the service of this Subpoena, in addition to any other mileage I may have traveled in the service of other Subpoenas, or Attachments, in this or any other case during the same trip.

AMOUNT OF MONEY FURNISHED ABOVE NAMED WITNESS .........................

$ ...........
$ ...........
$ ...........
TOTAL    $ ...........

The following named witnesses not summoned for the reasons set opposite their names:

Criminal District Attorney, Dallas County, Texas ...........

To total amount of money furnished witnesses ................ $............

By _____ Investigator 415.

Sheriff ............................ County, Texas

For summoning ............ witnesses at ............ each ............

By ............................ Deputy

Mileage ............ miles at ............

TOTAL ............ $............

Subscribed and sworn to before me, this the ............ day of ............ 20....

Case 3:15-cv-01758-N   Document 38-8   Filed 06/28/16   Page 223 of 256   PageID 1390

**THE STATE OF TEXAS**
**TO ANY SHERIFF OR ANY CONSTABLE OR ANY PEACE OFFICER**
**OF THE STATE OF TEXAS – GREETINGS:**
**YOU ARE HEREBY COMMANDED TO SUMMON**

*JOE LANDRITH*
*GARLAND FIRE DEPT*
*GARLAND, TX*

To be and appear before the <u>CRIMINAL</u> District Court <u>#7</u> of Dallas County, Texas at the courthouse of said

County, in the City of Dallas, on the <u>27TH</u> day of <u>JULY</u> , 20 <u>09</u> , at <u>8:30</u> o'clock <u>A.</u> M., Then and there to testify as

itness in behalf of the <u>STATE</u> in a criminal Action pending in said court, wherein THE STATE OF TEXAS is

Plaintiff, and <u>BROADNAX, JAMES,</u> Defendant No. F-0824667-Y

**DUECES TECUM (IF APPLICABLE)**                  ☒ NOT APPLICABLE
and that he/she bring with him/her and produce in said Court, at said time and place,

desired as evidence in said Criminal action, to-wit: in a certain suit pending in said court.

and there remain from day to day and from term to term until discharged by the Court
HEREIN FAIL NOT, But of this Writ make due return, showing how you have executed the same.

**C.JT OF COUNTY (IF APPLICABLE)**                  ☒ NOT APPLICABLE
A DISOBEDIENCE OF this Subpoena is punishable by fine not exceeding $500, to be collected as
Fines and costs in other criminal cases.

WITNESS MY OFFICIAL SIGNATURE, THIS   4TH   day of   MAY   , 20 09
**GARY FITZSIMMONS**

Clerk, District Courts
Dallas, County Texas

By _____  Deputy
**B.BOWSER**

---

NO. F-0824667-Y

<u>CRIMINAL</u> DISTRICT COURT #7
DALLAS COUNTY, TEXAS

THE STATE OF TEXAS

VS.

<u>BROADNAX, JAMES</u>

<u>CAPITAL MURDER</u>

SUBPOENA

ISSUED
This <u>4TH</u> day of <u>MAY,</u> 20 <u>09</u>
GARY FITZSIMMONS

Clerk, District Courts
Dallas County, Texas
By <u>B.BOWSER</u> Deputy

<u>ATTORNEY:</u>

DAVID ALEX, ASST D A
133 N.INDUSTRIAL BLVD. LB-19
DALLAS, TX 75207
214-653-3600

<u>REPORT TO:</u>

FRANK CROWLEY COURTS BLDG.
133 N. INDUSTRIAL BLVD.
DALLAS, TEXAS  75207

## OFFICER'S RETURN

CAME TO HAND on the _4_ day of _May_ _____ 20_05_ and executed by delivering a copy of the within Subpoena to the following within named witnesses, all of whom were summoned in _Dallas_ County, on the dates and at the places hereinafter set forth, as follows:

| NAME | NAME | DATE | WHERE | COURSE | DISTANCE |
|------|------|------|-------|--------|----------|
| Joe Landrith | | 5/8/05 | _____ miles | from _____ | _____ miles |
| accepted by Merritt Balencere | | | _____ miles | from _____ | _____ miles |
| | | | _____ miles | from _____ | _____ miles |
| | | | _____ miles | from _____ | _____ miles |
| | | | _____ miles | from _____ | _____ miles |
| | | | _____ miles | from _____ | _____ miles |

I actually and necessarily traveled _____ miles in the service of this Subpoena, in addition to any other mileage I may have traveled in the service of other Subpoenas, or Attachments, in this or any other case during the same trip.

AMOUNT OF MONEY FURNISHED ABOVE NAMED WITNESS _____

|  |  |
|---|---|
| | $ _____ |
| | $ _____ |
| | $ _____ |
| TOTAL | $ _____ |

The following named witnesses not summoned for the reasons set opposite their names:

_____

_____

_____

_____

_____

Criminal District Attorney, Dallas County, Texas

| | |
|---|---|
| To total amount of money furnished | By _____ Investigator 413 |
| witnesses .......... $ .......... | Sheriff .......... County, Texas |
| For summoning .......... witnesses | By .......... Deputy |
| at .......... each .......... | |
| Mileage .......... miles at .......... .......... | |
| TOTAL .......... $ .......... | |
| Subscribed and sworn to before me, this the .......... day of .......... 20.... | |

00761

Case 3:15-cv-01758-N   Document 38-8   Filed 06/28/16   Page 225 of 256   PageID 1392

THE STATE OF TEXAS
TO ANY SHERIFF OR ANY CONSTABLE OR ANY PEACE OFFICER
OF THE STATE OF TEXAS – GREETINGS:
YOU ARE HEREBY COMMANDED TO SUMMON

NO. **F08-24667-Y**

CRIMINAL DISTRICT COURT **#7**
DALLAS COUNTY, TEXAS

ARNESHA LUCKY
UNKNOWN
DALLAS, TEXAS

THE STATE OF TEXAS
VS.

**JAMES BROADNAX.**

**CAP. MURDER**

To be and appear before the **CRIMINAL** District Court **#7** of Dallas County, Texas at the courthouse of said County, in the City of Dallas, on the **24TH** day of **JULY** , 20 **09** , at **09:00** o'clock **A.** M., Then and there to testify as a witness in behalf of the **STATE** in a criminal Action pending in said court, wherein THE STATE OF TEXAS i aintiff, and **JAMES BROADNAX** Defendant No. **F08-24667-Y** .

SUBPOENA

**DUECES TECUM (IF APPLICABLE)**          ☒ NOT APPLICABLE
and that he bring with him and produce in said Court, at said time and place,

ISSUED
This **4TH** day of **MAY**, 20 **09**
**Gary Fitzsimmons**
Clerk, District Courts
Dallas County, Texas
By **T. VARNADO** Deputy

desired as evidence in said Criminal action, to-wit: in a certain suit pending in said court.

and there remain from day to day and from term to term until discharged by the Court
HEREIN FAIL NOT, But of this Writ make due return, showing how you have executed the same.

**OUT OF COUNTY (IF APPLICABLE)**          ☒ NOT APPLICABLE
A ᵜ ᵜSOBEDIENCE OF this Subpoena is punishable by fine not exceeding $500, to be collected as
F... and costs in other criminal cases.

ATTORNEY:

**DAVID ALEX, ASST. D.A.**
**133 N. INDUSTRIAL LB 19**
**DALLAS, TEXAS 75207**
**214-653-3600**

WITNESS MY OFFICIAL SIGNATURE, THIS **4TH** day of **MAY** , 20 **09**
Gary Fitzsimmons
Clerk, District Courts
Dallas, County Texas
By _____ Deputy
**T. VARNADO**

REPORT TO:

FRANK CROWLEY COURTS BLDG.
133 N. INDUSTRIAL BLVD.
DALLAS, TEXAS 75207

## OFFICER'S RETURN

CAME TO HAND on the 4 day of May ............................................ 200 9 and executed by delivering a copy of the within Subpoena to the following within named witnesses, all of whom were summoned in ....... Dallas ............................... County, on the dates and at the places hereinafter set forth, as follows:

| NAME | DATE | WHERE | COURSE | DISTANCE |
|------|------|-------|--------|----------|
| Arneshia Cuckey | 5/7/09 | miles | from | miles |
| | | miles | from | miles |
| | | miles | from | miles |
| | | miles | from | miles |
| | | miles | from | miles |
| | | miles | from | miles |

I actually and necessarily traveled .................................... miles in the service of this Subpoena, in addition to any other mileage I may have traveled in the service of other Subpoenas, or Attachments, in this or any other case during the same trip.

AMOUNT OF MONEY FURNISHED ABOVE NAMED WITNESS ...................................

......................................................................................... $ ........................

......................................................................................... $ ........................

......................................................................................... $ ........................

TOTAL ..................... $ ........................

The following named witnesses not summoned for the reasons set opposite their names:

..................................................................................................

..................................................................................................

..................................................................................................

..................................................................................................

..................................................................................................

..................................................................................................

Criminal District Attorney, Dallas County, Texas ...................

To total amount of money furnished ...................

witnesses ....................... $ ..................

By 2 JNB .......... Investigator 413.

For summoning ............... witnesses

Sheriff ............................................................ County, Texas

at ................ each ......... ..................

By ............................................................ Deputy

Mileage ........... miles at .......... ..................

TOTAL ....................... $ .................

Subscribed and sworn to before me, this the ................ day of ..................................................... 20 ....

..................................................................................................

..................................................................................................

00763

NO. F-0824667-Y

## THE STATE OF TEXAS
### TO ANY SHERIFF OR ANY CONSTABLE OR ANY PEACE OFFICER
### OF THE STATE OF TEXAS – GREETINGS:
### YOU ARE HEREBY COMMANDED TO SUMMON

CRIMINAL DISTRICT COURT #7
DALLAS COUNTY, TEXAS

**CHAD PRURCELL**
**GARLAND FIRE DEPT**
**GARLAND, TX**

THE STATE OF TEXAS

VS.

BROADNAX, JAMES

CAPITAL MURDER

SUBPOENA

To be and appear before the CRIMINAL District Court #7 of Dallas County, Texas at the courthouse of said County, in the City of Dallas, on the 27TH day of JULY , 20 09 , at 8:30 o'clock A. M., Then and there to testify as Witness in behalf of the STATE in a criminal Action pending in said court, wherein THE STATE OF TEXAS is Plaintiff, and BROADNAX, JAMES, Defendant No. F-0824667-Y

ISSUED
This 4TH day of MAY, 20 09
GARY FITZSIMMONS

**DUECES TECUM (IF APPLICABLE)**                  ☒ NOT APPLICABLE
and that he/she bring with him/her and produce in said Court, at said time and place,

Clerk, District Courts
Dallas County, Texas
By B.BOWSER Deputy

desired as evidence in said Criminal action, to-wit: in a certain suit pending in said court.

and there remain from day to day and from term to term until discharged by the Court
HEREIN FAIL NOT, But of this Writ make due return, showing how you have executed the same.

**ATTORNEY:**

**GUT OF COUNTY (IF APPLICABLE)**                  ☒ NOT APPLICABLE
A DISOBEDIENCE OF this Subpoena is punishable by fine not exceeding $500, to be collected as
Fines and costs in other criminal cases.

DAVID ALEX, ASST D A
133 N.INDUSTRIAL BLVD. LB-19
DALLAS, TX 75207
214-653-3600

WITNESS MY OFFICIAL SIGNATURE, THIS 4TH day of MAY , 20 09
GARY FITZSIMMONS
Clerk, District Courts
Dallas, County Texas
By _____ Deputy
B.BOWSER

**REPORT TO:**

FRANK CROWLEY COURTS BLDG.
133 N. INDUSTRIAL BLVD.
DALLAS, TEXAS 75207

## OFFICER'S RETURN

CAME TO HAND on the _4_ day of _May_ 20_05_, and executed by delivering a copy of the within Subpoena to the following within named witnesses, all of whom were summoned in _Dallas_ County, on the dates and at the places hereinafter set forth, as follows:

| NAME | NAME | DATE | WHERE | COURSE | DISTANCE |
|---|---|---|---|---|---|
| Chad Purcell | | 5/8/05 | miles | from | miles |
| | | | miles | from | miles |
| | | | miles | from | miles |
| | | | miles | from | miles |
| | | | miles | from | miles |
| | | | miles | from | miles |

I actually and necessarily traveled _____ miles in the service of this Subpoena, in addition to any other mileage I may have traveled in the service of other Subpoenas, or Attachments, in this or any other case during the same trip.

AMOUNT OF MONEY FURNISHED ABOVE NAMED WITNESS _____

_____ $ _____
_____ $ _____
_____ $ _____
TOTAL _____ $ _____

The following named witnesses not summoned for the reasons set opposite their names:

_____
_____
_____
_____
_____
_____

To total amount of money furnished
witnesses ..................... $ ...............
For summoning .............. witnesses
at ................. each ........ ...............
Mileage ........... miles at ........... ...............
TOTAL ................... $ ...............
Subscribed and sworn to before me, this the ............... day of ............... 20....

Criminal District Attorney, Dallas County, Texas

By _____ Investigator _413_

Sheriff _____ County, Texas

By _____ Deputy

00765

00766

# THE STATE OF TEXAS
## TO ANY SHERIFF OR ANY CONSTABLE OR ANY PEACE OFFICER
### OF THE STATE OF TEXAS – GREETINGS:
#### YOU ARE HEREBY COMMANDED TO SUMMON

DYMON SMITH
UNKNOWN
DALLAS, TEXAS

To be and appear before the **CRIMINAL** District Court **#7** of Dallas County, Texas at the courthouse of said County, in the City of Dallas, on the **24TH** day of **JULY** , 20 **09** , at **09:00** o'clock **A.** M., Then and there to testify a witness in behalf of the **STATE** in a criminal Action pending in said court, wherein THE STATE OF TEXAS is Plaintiff, and JAMES BROADNAX Defendant No. **F08-24667-Y**

**DUECES TECUM** (IF APPLICABLE)                   ☒ NOT APPLICABLE
and that he bring with him and produce in said Court, at said time and place,

desired as evidence in said Criminal action, to-wit: in a certain suit pending in said court.

and there remain from day to day and from term to term until discharged by the Court HEREIN FAIL NOT, But of this Writ make due return, showing how you have executed the same.

**OUT OF COUNTY** (IF APPLICABLE)                 ☒ NOT APPLICABLE
DISOBEDIENCE OF this Subpoena is punishable by fine not exceeding $500, to be collected as costs and costs in other criminal cases.

WITNESS MY OFFICIAL SIGNATURE, THIS **4TH** day of **MAY** , 20 **09**

Gary Fitzsimmons
Clerk, District Courts
Dallas, County Texas

By _____ Deputy
**T. VARNADO**

---

NO.**F08-24667-Y**

**CRIMINAL** DISTRICT COURT **#7**
DALLAS COUNTY, TEXAS

THE STATE OF TEXAS
VS.

**JAMES BROADNAX**.

**CAP. MURDER**

SUBPOENA

ISSUED
This **4TH** day of **MAY**, 20 **09**
**Gary Fitzsimmons**
Clerk, District Courts
Dallas County, Texas
By **T. VARNADO** Deputy

ATTORNEY:

**DAVID ALEX, ASST. D.A.**
**133 N. INDUSTRIAL LB 19**
**DALLAS, TEXAS 75207**
**214-653-3600**

REPORT TO:

FRANK CROWLEY COURTS BLDG.
133 N. INDUSTRIAL BLVD.
DALLAS, TEXAS 75207

## OFFICER'S RETURN

CAME TO HAND on the _4_ day of _May_ 20_09_ and executed by delivering a copy of the within Subpoena to the following within named witnesses, all of whom were summoned in _Dallas_ County, on the dates and at the places hereinafter set forth, as follows:

| NAME | NAME | DATE | WHERE | COURSE | DISTANCE |
|------|------|------|-------|--------|----------|
| Dymon Smith | | 5/12/09 | miles | from | miles |
| | | | miles | from | miles |
| | | | miles | from | miles |
| | | | miles | from | miles |
| | | | miles | from | miles |
| | | | miles | from | miles |

I actually and necessarily traveled ........................ miles in the service of this Subpoena; in addition to any other mileage I may have traveled in the service of other Subpoenas, or Attachments, in this or any other case during the same trip.

AMOUNT OF MONEY FURNISHED ABOVE NAMED WITNESS ....................

........................................................ $ ....................

........................................................ $ ....................

........................................................ $ ....................

                                                TOTAL ........ $ ....................

The following named witnesses not summoned for the reasons set opposite their names:

......................................................................

......................................................................

......................................................................

......................................................................

......................................................................

                            **Criminal District Attorney, Dallas County, Texas** ..........

                            By _____ Investigator _413_

To total amount of money furnished ....................
  witnesses .................... $....................            ..........................................................

For summoning .............. witnesses            Sheriff .................................................. County, Texas

  at ............ each .......... ..........            By .......................................................... Deputy

Mileage .......... miles at .......... ..........

  TOTAL .................. $..................

Subscribed and sworn to before me, this the .............. day of .......................................... 20....

......................................................................

......................................................................

00767

Case 3:15-cv-01758-N   Document 38-8   Filed 06/28/16   Page 231 of 256   PageID 1398

## THE STATE OF TEXAS
### TO ANY SHERIFF OR ANY CONSTABLE OR ANY PEACE OFFICER
### OF THE STATE OF TEXAS – GREETINGS:
### YOU ARE HEREBY COMMANDED TO SUMMON

*CHRIS WHITE*
*GARLAND FIRE DEPT*
*GARLAND, TX*

To be and appear before the <u>CRIMINAL</u> District Court <u>#7</u> of Dallas County, Texas at the courthouse of said

County, in the City of Dallas, on the <u>27TH</u> day of <u>JULY</u> , 20 <u>09</u> , at <u>8:30</u> o'clock <u>A.</u> M., Then and there to testify as

itness in behalf of the <u>STATE</u> in a criminal Action pending in said court, wherein THE STATE OF TEXAS is

Plaintiff, and <u>BROADNAX, JAMES,</u> Defendant No. F-0824667-Y

**DUECES TECUM (IF APPLICABLE)**                      ☒ NOT APPLICABLE
and that he/she bring with him/her and produce in said Court, at said time and place,

desired as evidence in said Criminal action, to-wit: in a certain suit pending in said court.

and there remain from day to day and from term to term until discharged by the Court
HEREIN FAIL NOT, But of this Writ make due return, showing how you have executed the same.

**.  JT OF COUNTY (IF APPLICABLE)**                      ☒ NOT APPLICABLE
A DISOBEDIENCE OF this Subpoena is punishable by fine not exceeding $500, to be collected as
Fines and costs in other criminal cases.

WITNESS MY OFFICIAL SIGNATURE, THIS  4TH  day of  MAY , 20 09
**GARY FITZSIMMONS**

Clerk, District Courts
Dallas, County Texas

By _____  Deputy
**B.BOWSER**

---

NO. F-0824667-Y

<u>CRIMINAL</u> DISTRICT COURT <u>#7</u>
DALLAS COUNTY, TEXAS

THE STATE OF TEXAS

VS.

<u>BROADNAX, JAMES</u>

<u>CAPITAL MURDER</u>

SUBPOENA

ISSUED
This <u>4TH</u> day of <u>MAY</u>, 20 <u>09</u>
**GARY FITZSIMMONS**

Clerk, District Courts
Dallas County, Texas
By <u>B.BOWSER</u> Deputy

**ATTORNEY:**

DAVID ALEX, ASST D A
133 N.INDUSTRIAL BLVD. LB-19
DALLAS, TX 75207
214-653-3600

**REPORT TO:**

FRANK CROWLEY COURTS BLDG.
133 N. INDUSTRIAL BLVD.
DALLAS, TEXAS 75207

## OFFICER'S RETURN

CAME TO HAND on the 4 day of May _____ 2009 and executed by delivering a copy of the within Subpoena to the following within named witnesses, all of whom were summoned in Dallas _____ County, on the dates and at the places hereinafter set forth, as follows:

| NAME | NAME | DATE | WHERE | | COURSE | | DISTANCE | |
|------|------|------|-------|--|--------|--|----------|--|
| Chris White | | 5/8/09 | | miles | from | | | miles |
| | | | | miles | from | | | miles |
| | | | | miles | from | | | miles |
| | | | | miles | from | | | miles |
| | | | | miles | from | | | miles |
| | | | | miles | from | | | miles |

I actually and necessarily traveled _____ miles in the service of this Subpoena, in addition to any other mileage I may have traveled in the service of other Subpoenas, or Attachments, in this or any other case during the same trip.

AMOUNT OF MONEY FURNISHED ABOVE NAMED WITNESS _____

| | | |
|--|--|--|
| | $ | |
| | $ | |
| | $ | |
| TOTAL | $ | |

The following named witnesses not summoned for the reasons set opposite their names:

_____
_____
_____
_____
_____

Criminal District Attorney, Dallas County, Texas _____

To total amount of money furnished
witnesses _____ $_____
For summoning _____ witnesses
at _____ each _____
Mileage _____ miles at _____ _____
TOTAL _____ $_____

By _____ Investigator 413 .

Sheriff _____ County, Texas
By _____ Deputy

Subscribed and sworn to before me, this the _____ day of _____ 20____

00769

Case 3:15-cv-01758-N Document 18-8 Filed 06/28/16 Page 233 of 256 PageID 1400

00770

**THE STATE OF TEXAS**
**TO ANY SHERIFF OR ANY CONSTABLE OR ANY PEACE OFFICER**
**OF THE STATE OF TEXAS - GREETINGS:**
**YOU ARE HEREBY COMMANDED to summon**

**Chief of Police, Mitch Bates or designee**
**Garland Police Department**
**1891 Forest Lane**
**Garland, Texas**

)e and appear before the     **CRIMINAL DISTRICT COURT #** 7 of Dallas County, Texas, at the Courthouse of said County, in the City of Dallas, on the **24 day of July, 2009, at 9:00AM** then and there to testify as a witness in behalf of the State in a Criminal action pending in said Court, wherein THE STATE of TEXAS is plaintiff and James Broadnax , Defendant; No. F08-24667

**DUCES TECUM** ☐NOT APPLICABLE

and that she/he bring with her/him and produce in said Court, at said time and place: **True and correct copies of personnel files, internal affairs reports and current address/contact information for former Garland Police Dept. forensic investigator Debbie Blum.**

desired as evidence in said Criminal action, to-wit: in a certain suit pending in said court.
☒In the alternative, such information may be provided to **David N. Barger, Lt./Inv. Dallas D.A. contact @214-653-3614**

and there remain from day to day and from term to term until discharged by the Court.
REIN FAIL NOT, But of this Writ make due return, showing how you have executed the same.

JT OF COUNTY ☐NOT APPLICABLE

A DISOBEDIENCE OF this Subpoena is punishable by a fine not exceeding $500, to be collected as fines and costs in other criminal cases.
WITNESS MY OFFICIAL SIGNATURE, THIS 7 day of May, 2009.

GARY FITZSIMMONS
CLERK, DISTRICT COURTS
DALLAS COUNTY, TEXAS

By _____ , Deputy

---

**NO. F08-24667**
**CRIMINAL DISTRICT COURT # 7**
**DALLAS COUNTY, TEXAS**
**STATE of TEXAS**
**VS.**
**JAMES BROADNAX**
**[CAP MURDER]**

**SUBPOENA**

ISSUED

This 7 day of May, 2009

GARY FITZSIMMONS
Clerk, District Courts
Dallas County, Texas

By _____ Deputy

ATTORNEY:    David Alex
Assistant District Attorney
Dallas Criminal District Attorney
133 N. Industrial Blvd., LB-19
Dallas, Texas 75207
(214)653-3600

## OFFICER'S RETURN

CAME TO HAND on the .... 7th ....day of .... May .................................... 20..09, and executed by delivering a copy of the within Subpoena to the following within named witnesses, all of whom were summoned in .......... Dallas ........................... County, on the dates and at the places hereinafter set forth, as follows:

| NAME | DATE | WHERE | COURSE | DISTANCE |
|---|---|---|---|---|
| William Rice for Garland Police Dept | 5/8/09 | | miles....from....miles | |

I actually and necessarily traveled............................miles in the service of this Subpoena, in addition to any other mileage I may have traveled in the service of other Subpoenas, or Attachments, in this or any other case during the same trip.

AMOUNT OF MONEY FURNISHED ABOVE NAMED WITNESS:

.................................................................................... .................... $
.................................................................................... .................... $
.................................................................................... .................... $
                                          TOTAL .................... $

The following named witnesses not summoned for the reasons set opposite their names:

....................................................................................................................
....................................................................................................................
....................................................................................................................
..................................................To total amount of money furnished ..................

witnesses .................... $ ..................

For summoning ................ witnesses at .............. each ......... ..............
Mileage, .......... miles at............ ..............
   TOTAL, .................... $ ..................

Criminal District Attorney, Dallas County, Texas

By _____ Investigator 413
Sheriff......................................................................
Dallas County, Texas
By......................................................................
Deputy

Subscribed and sworn to before me, this the .................................. day of
..................................20........

....................................................................

....................................................................

00771

Case 3:15-cv-01758-N    Document 38-8    Filed 06/28/16    Page 235 of 256    PageID 1402

THE STATE OF TEXAS
TO ANY SHERIFF OR ANY CONSTABLE OR ANY PEACE OFFICER
OF THE STATE OF TEXAS - GREETINGS:
YOU ARE HEREBY COMMANDED to summon

**Kimerlee Mack**
**DPS Garland, TX**
**Crime Lab**

to be and appear before the        **CRIMINAL DISTRICT COURT # 7** of Dallas County, Texas, at the Courthouse of said

County, in the City of Dallas, on the 27 day of July, 2009, at 9:00AM then and there to testify as a witness in behalf of the

State in a Criminal action pending in said Court, wherein THE STATE of TEXAS is plaintiff

and James Broadnax , Defendant; No. F08-24667

**DUCES TECUM**    ☒NOT APPLICABLE

and that she/he bring with her/him and produce in said Court, at said time and place:

desired as evidence in said Criminal action, to-wit: in a certain suit pending in said court.

☐ In the alternative, such information may be provided to

and there remain from day to day and from term to term until discharged by the Court.

HEREIN FAIL NOT, But of this Writ make due return, showing how you have executed the same.

**OUT OF COUNTY** ☐NOT APPLICABLE

DISOBEDIENCE OF this Subpoena is punishable by a fine not exceeding $500, to be collected as fines and costs in

other criminal cases.

WITNESS MY OFFICIAL SIGNATURE, THIS 7 day of May, 2009.

GARY FITZSIMMONS
CLERK, DISTRICT COURTS
DALLAS COUNTY, TEXAS

By _____, Deputy

---

NO.  F08-24667

CRIMINAL DISTRICT COURT # 7

DALLAS COUNTY, TEXAS

STATE of TEXAS

VS.

JAMES BROADNAX

[CAP MURDER]

**SUBPOENA**

ISSUED

This 7 day of May, 2009

GARY FITZSIMMONS
Clerk, District Courts
Dallas County, Texas

By _____ Deputy

ATTORNEY:    David Alex
Assistant District Attorney
Dallas Criminal District Attorney
133 N. Industrial Blvd., LB-19
Dallas, Texas 75207
(214)653-3600

## OFFICER'S RETURN

CAME TO HAND on the ....7....day of ...*May*............... 20.*09*., and executed by delivering a copy of the within Subpoena to the following within named witnesses, all of whom were summoned in ...*Dallas*............................ County, on the dates and at the places hereinafter set forth, as follows:

NAME *Kimberlee Mock* DATE WHERE     COURSE     DISTANCE

*5/7/09 by FAX*

..............................................................................miles...............from.......................miles
..............................................................................miles...............from.......................miles
..............................................................................miles...............from.......................miles

I actually and necessarily traveled...........................miles in the service of this Subpoena, in addition to any other mileage I may have traveled in the service of other Subpoenas, or Attachments, in this or any other case during the same trip.

AMOUNT OF MONEY FURNISHED ABOVE NAMED WITNESS:

....................................................................................         .......................         $
....................................................................................         .......................         $
....................................................................................         .......................         $
                                                              TOTAL         .......................         $

The following named witnesses not summoned for the reasons set opposite their names:

....................................................................................................................................
....................................................................................................................................
....................................................................................................................................
...................................................To total amount of money furnished         ....................

witnesses  ...................   $ ....................

For summoning ...................... witnesses   at .................. each.................         ....................

Mileage, ............... miles at.............     ....................

   TOTAL,.....................   $ ....................

**Criminal District Attorney, Dallas County, Texas**

By ........................ Investigator *413*

Sheriff............................................................................

Dallas County, Texas

By....................................................................................

Deputy

Subscribed  and  sworn  to  before  me,  this  the  ................................  day  of

................................................20......

....................................................................................................................................

....................................................................................................................................

00773

Case 3:15-cv-01758-N Document 38-8 Filed 06/28/16 Page 237 of 256 PageID 1404

00774

**THE STATE OF TEXAS**
**TO ANY SHERIFF OR ANY CONSTABLE OR ANY PEACE OFFICER**
**OF THE STATE OF TEXAS - GREETINGS:**
**YOU ARE HEREBY COMMANDED to summon**

**James Nichols**
**DPS Garland, TX**
**Crime Lab**

to be and appear before the  **CRIMINAL DISTRICT COURT #** 7 of Dallas County, Texas, at the Courthouse of said County, in the City of Dallas, on the **27 day of July, 2009, at 9:00AM** then and there to testify as a witness in behalf of the ~~ate~~ in a Criminal action pending in said Court, wherein THE STATE of TEXAS is plaintiff ~~James~~ Broadnax , Defendant; No. F08-24667

~~DU~~CES TECUM  ☒ NOT APPLICABLE

and that she/he bring with her/him and produce in said Court, at said time and place:

desired as evidence in said Criminal action, to-wit: in a certain suit pending in said court.
☐ In the alternative, such information may be provided to

and there remain from day to day and from term to term until discharged by the Court.
HEREIN FAIL NOT, But of this Writ make due return, showing how you have executed the same.

~~OUT~~ OF COUNTY  ☐ NOT APPLICABLE

~~DI~~SOBEDIENCE OF this Subpoena is punishable by a fine not exceeding $500, to be collected as fines and costs in other criminal cases.

WITNESS MY OFFICIAL SIGNATURE, THIS 7 day of May, 2009.

GARY FITZSIMMONS
CLERK, DISTRICT COURTS
DALLAS COUNTY, TEXAS

By _____ , Deputy

---

**NO.  F08-24667**

**CRIMINAL DISTRICT COURT # 7**

**DALLAS COUNTY, TEXAS**

STATE of TEXAS

VS.

JAMES BROADNAX

[CAP MURDER]

**SUBPOENA**

ISSUED

This 7 day of May, 2009

GARY FITZSIMMONS
Clerk, District Courts
Dallas County, Texas

By _____ Deputy

ATTORNEY:  David Alex
Assistant District Attorney
Dallas Criminal District Attorney
133 N. Industrial Blvd., LB-19
Dallas, Texas 75207
(214)653-3600

## OFFICER'S RETURN

CAME TO HAND on the ......7......day of ......May............................... 20..05.., and executed by delivering a copy of the within Subpoena to the following within named witnesses, all of whom were summoned in .........Dallas........................... County, on the dates and at the places hereinafter set forth, as follows:

| NAME | DATE | WHERE | COURSE | DISTANCE |
|------|------|-------|--------|----------|
| James Nichols | 5/7/09 | by FAX | miles | from...........miles |
|  |  |  | miles | from...........miles |
|  |  |  | miles | from...........miles |

I actually and necessarily traveled..........................miles in the service of this Subpoena, in addition to any other mileage I may have traveled in the service of other Subpoenas, or Attachments, in this or any other case during the same trip.

AMOUNT OF MONEY FURNISHED ABOVE NAMED WITNESS:

.................................................................................. ........................ $
.................................................................................. ........................ $
.................................................................................. ........................ $
                                        TOTAL .............................. $

The following named witnesses not summoned for the reasons set opposite their names:

..................................................................................
..................................................................................
..................................................................................
..............................To total amount of money furnished      ..................

witnesses ..................... $ .................

For summoning ..................... witnesses   at .................. each ........................

Mileage, ............... miles at.............   .....................

  TOTAL, ..................... $ .................

**Criminal District Attorney, Dallas County, Texas**

By _____ Investigator 4/13

Sheriff...............................................................

Dallas County, Texas

By...............................................................

Deputy

Subscribed and sworn to before me, this the ............................................... day of ..........................................20........

..................................................................................

..................................................................................

..................................................................................

00775

Case 3:15-cv-01758-N Document 38-1 Filed 06/28/16 Page 239 of 256 PageID 1406

00776

THE STATE OF TEXAS
TO ANY SHERIFF OR ANY CONSTABLE OR ANY PEACE OFFICER
OF THE STATE OF TEXAS – GREETINGS:
YOU ARE HEREBY COMMANDED TO SUMMON

A.P.MERILOT
UNKNOWN
DALLAS, TEXAS

To appear before the CRIMINAL District Court #7 of Dallas County, Texas at the courthouse of said County, in the City of Dallas, on the 24TH day of JULY , 20 09 , at 9:00 o'clock A. M., Then and there to testify as a witness in behalf of the STATE in a criminal Action pending in said court, wherein THE STATE OF TEXAS is Plaintiff, and BROADNAX, JAMES, Defendant No. F-0824667-Y

DUCES TECUM (IF APPLICABLE)                              ☒ NOT APPLICABLE
and that he bring with him and produce in said Court, at said time and place,

desired as evidence in said Criminal action, to-wit: in a certain suit pending in said court.

and there remain from day to day and from term to term until discharged by the Court
HEREIN FAIL NOT, But of this Writ make due return, showing how you have executed the same.

OUT OF COUNTY (IF APPLICABLE)                            ☒ NOT APPLICABLE
A DISOBEDIENCE OF this Subpoena is punishable by fine not exceeding $500, to be collected as
Fines and costs in other criminal cases.

WITNESS MY OFFICIAL SIGNATURE, THIS 11TH day of MAY , 20 09
                                          Gary Fitzsimmons
                                          Clerk, District Courts
                                          Dallas, County Texas
By _____ Deputy
                B.BOWSER

---

NO. F-0824667-Y

CRIMINAL DISTRICT COURT #7
DALLAS COUNTY, TEXAS

THE STATE OF TEXAS

vs

BROADNAX, JAMES

CAPITAL MURDER

SUBPOENA

ISSUED
This 11TH day of MAY, 20 09
Gary Fitzsimmons
Clerk, District Courts
Dallas County, Texas
By B.BOWSER Deputy

ATTORNEY:

DAVID ALEX , ASST D A
133 N. INDUSTRIAL BLVD.LB 19
DALLAS, TX 75207
214/653-3600

REPORT TO:

FRANK CROWLEY COURTS BLDG.
133 N. INDUSTRIAL BLVD.
DALLAS, TEXAS 75207

**OFFICER'S RETURN**

CAME TO HAND on the *11* day of *May* 20 *05* and executed by delivering a copy of the within Subpoena to the following within named witnesses, all of whom were summoned in *Dallas* County, on the dates and at the places hereinafter set forth, as follows:

| NAME | NAME | DATE | WHERE | COURSE | DISTANCE |
|------|------|------|-------|--------|----------|
| A.A. Merilot | | 5/18/09 | miles | from | miles |
| by fax | | | miles | from | miles |
| | | | miles | from | miles |
| | | | miles | from | miles |
| | | | miles | from | miles |
| | | | miles | from | miles |

I actually and necessarily traveled .................... miles in the service of this Subpoena, in addition to any other mileage I may have traveled in the service of other Subpoenas, or Attachments, in this or any other case during the same trip.

AMOUNT OF MONEY FURNISHED ABOVE NAMED WITNESS..............................

|  |  | $ |
|--|--|--|
|  |  | $ |
|  |  | $ |

TOTAL ...........

The following named witnesses not summoned for the reasons set opposite their names:

Criminal District Attorney, Dallas County, Texas

To total amount of money furnished .................

witnesses .................................. $.................

By ——————— Investigator *413*

For summoning ................ Witnesses

Sheriff .................................................... County, Texas

at .................. each .............. .....................

By ...................................................... Deputy

Mileage ........... miles at ...........  .....................

TOTAL ................................. $....................

Subscribed and sworn to before me, this ................ day of ........................................................ 20........

00777

Case 3:15-cv-01758-N Document 38-8 Filed 06/28/16 Page 241 of 256 PageID 1408

# THE STATE OF TEXAS
## TO ANY SHERIFF OR ANY CONSTABLE OR ANY PEACE OFFICER
### OF THE STATE OF TEXAS – GREETINGS:
### YOU ARE HEREBY COMMANDED TO SUMMON

PATRIC ALVA, KXAS CH 5 NEWS
UNKNOWN
DALLAS, TEXAS

To be and appear before the CRIMINAL District Court #7 of Dallas County, Texas at the courthouse of said County, in the City of Dallas, on the 1ST day of JUNE, 20 09, at 8:30 o'clock A. M., Then and there to testify as a witness in behalf of the STATE in a criminal Action pending in said court, wherein THE STATE OF TEXAS is plaintiff, and JAMES BROADNAX Defendant No. F08-24667-Y

**DUECES TECUM (IF APPLICABLE)**                    ☒ NOT APPLICABLE
and that he bring with him and produce in said Court, at said time and place,

desired as evidence in said Criminal action, to-wit: in a certain suit pending in said court.

and there remain from day to day and from term to term until discharged by the Court
HEREIN FAIL NOT, But of this Writ make due return, showing how you have executed the same.

**OUT OF COUNTY (IF APPLICABLE)**                    ☒ NOT APPLICABLE
DISOBEDIENCE OF this Subpoena is punishable by fine not exceeding $500, to be collected as Fines and costs in other criminal cases.

WITNESS MY OFFICIAL SIGNATURE, THIS 20TH day of MAY, 20 09
Gary Fitzsimmons
Clerk, District Courts
Dallas, County Texas

By _____ Deputy
T. JACKSON

---

NO. F08-24667-Y

CRIMINAL DISTRICT COURT #7
DALLAS COUNTY, TEXAS

THE STATE OF TEXAS
VS.

JAMES BROADNAX.

CAPITAL MURDER

SUBPOENA

ISSUED
This 20TH day of MAY, 20 09
Gary Fitzsimmons
Clerk, District Courts
Dallas County, Texas
By T. JACKSON Deputy

ATTORNEY:

DAVID ALEX
ASSISTANT DISTRICT ATTORNEY
133 N. INDUSTRIAL BLVD., LB 19
DALLAS, TEXAS 75207
214-653-3600

REPORT TO:

FRANK CROWLEY COURTS BLDG.
133 N. INDUSTRIAL BLVD.
DALLAS, TEXAS 75207

## OFFICER'S RETURN

CAME TO HAND on the *20* day of *May* 20*09* and executed by delivering a copy of the within Subpoena to the following within named witnesses, all of whom, were summoned in *Dallas* County, on the dates and at the places hereinafter set forth, as follows:

| NAME | NAME | DATE | WHERE | COURSE | DISTANCE |
|---|---|---|---|---|---|
| *Patric Alva* | | *5/20/09* | miles | from | miles |
| *via email - Sharla Alford* | | | miles | from | miles |
| *KXAS ch 5* | | | miles | from | miles |
| | | | miles | from | miles |
| | | | miles | from | miles |
| | | | miles | from | miles |

I actually and necessarily traveled .................. miles in the service of this Subpoena, in addition to any other mileage I may have traveled in the service of other Subpoenas, or Attachments, in this or any other case during the same trip.
AMOUNT OF MONEY FURNISHED ABOVE NAMED WITNESS...............................

........................................  $ ..............
........................................  $ ..............
........................................  $ ..............

TOTAL ...........

The following named witnesses not summoned for the reasons set opposite their names:

Criminal District Attorney, Dallas County, Texas

To total amount of money furnished ...............
witnesses ................................ $................
By *D. Nob* Investigator *413*

For summoning ............... Witnesses
at ................: each ...............    ...............
Sheriff ...................................................... County, Texas
By ...................................................... Deputy

Mileage ........... miles at ...........    ...................
TOTAL ................................ $...................
Subscribed and sworn to before me, this ................. day of ...................................................... 20........

00779

## THE STATE OF TEXAS
## TO ANY SHERIFF OR ANY CONSTABLE OR ANY PEACE OFFICER
## OF THE STATE OF TEXAS – GREETINGS:
## YOU ARE HEREBY COMMANDED TO SUMMON

MICAH BROWER
UNKNOWN
DALLAS, TEXAS

To be and appear before the CRIMINAL District Court  #7 of Dallas County, Texas at the courthouse of said County, in the City of Dallas, on the 23RD day of JULY , 20 09 , at 11:30 o'clock A. M., Then and there to testify as a witness in behalf of the STATE in a criminal Action pending in said court, wherein THE STATE OF TEXAS is plaintiff, and JAMES BROADNAX Defendant No. F08-24667-Y

**DUECES TECUM (IF APPLICABLE)**                ☒ NOT APPLICABLE
and that he bring with him and produce in said Court, at said time and place,

desired as evidence in said Criminal action, to-wit: in a certain suit pending in said court.

and there remain from day to day and from term to term until discharged by the Court
HEREIN FAIL NOT, But of this Writ make due return, showing how you have executed the same.

**OUT OF COUNTY (IF APPLICABLE)**                ☒ NOT APPLICABLE
A DISOBEDIENCE OF this Subpoena is punishable by fine not exceeding $500, to be collected as Fines and costs in other criminal cases.

WITNESS MY OFFICIAL SIGNATURE, THIS 20TH day of MAY , 20 09

By _____ Deputy
T. JACKSON

Gary Fitzsimmons
Clerk, District Courts
Dallas County Texas

---

NO. F08-24667-Y

CRIMINAL DISTRICT COURT #7
DALLAS COUNTY, TEXAS

THE STATE OF TEXAS
VS.

JAMES BROADNAX.

CAPITAL MURDER

SUBPOENA

ISSUED
This 20TH day of MAY, 20 09
Gary Fitzsimmons
Clerk, District Courts
Dallas County, Texas
By T. JACKSON Deputy

ATTORNEY:

DAVID ALEX
ASSISTANT DISTRICT ATTORNEY
133 N. INDUSTRIAL BLVD., LB 19
DALLAS, TEXAS 75207
214-653-3600

REPORT TO:

FRANK CROWLEY COURTS BLDG.
133 N. INDUSTRIAL BLVD.
DALLAS, TEXAS 75207

## OFFICER'S RETURN

CAME TO HAND on the _20_ day of _May_ .............................. 20 _09_ and executed by delivering a copy of the within Subpoena to the following within named witnesses, all of whom were summoned in .._Dallas_..................... County, on the dates and at the places hereinafter set forth, as follows:

| NAME | DATE | WHERE | COURSE | DISTANCE |
|------|------|-------|--------|----------|
| _Micah Brown_ | _5/20/09_ | .......... miles | from ..................... | .......... miles |
| | | .......... miles | from ..................... | .......... miles |
| | | .......... miles | from ..................... | .......... miles |
| | | .......... miles | from ..................... | .......... miles |
| | | .......... miles | from ..................... | .......... miles |
| | | .......... miles | from ..................... | .......... miles |

I actually and necessarily traveled ................ miles in the service of this Subpoena, in addition to any other mileage I may have traveled in the service of other Subpoenas, or Attachments, in this or any other case during the same trip.
AMOUNT OF MONEY FURNISHED ABOVE NAMED WITNESS...........................

.................................................................          ........................      $ ...................
.................................................................          ........................      $ ...................
.................................................................          ........................      $ ...................

                                                    TOTAL ...........

The following named witnesses not summoned for the reasons set opposite their names:

..........................................................................................................................................
..........................................................................................................................................
..........................................................................................................................................
..........................................................................................................................................
..........................................................................................................................................
..........................................................................................................................................

Criminal District Attorney, Dallas County, Texas

To total amount of money furnished ...............      By _____ Investigator _417_
  witnesses ............................... $..............      ..........................................................................
For summoning ............... Witnesses              Sheriff ...................................................... County, Texas
  at ................ each ...............    .................      By ............................................................... Deputy
Mileage ........... miles at ...........    .................
  TOTAL ...............................    $..............
Subscribed and sworn to before me, this ........... day of ........................................................... 20........
                                                    ..........................................................................
                                                    ..........................................................................

00781

Case 3:15-cv-01758-N   Document 38-8   Filed 06/28/16   Page 245 of 256   PageID 1412

00782

**THE STATE OF TEXAS**
**TO ANY SHERIFF OR ANY CONSTABLE OR ANY PEACE OFFICER**
**OF THE STATE OF TEXAS – GREETINGS:**
**YOU ARE HEREBY COMMANDED TO SUMMON**

ELLEN GOLDBERG, KXAS CH 5 NEWS
UNKNOWN
DALLAS, TEXAS

To be and appear before the <u>CRIMINAL</u> District Court   <u>#7</u> of Dallas County, Texas at the courthouse of said

County, in the City of Dallas, on the <u>1ST</u> day of <u>JUNE</u> , 20 <u>09</u> , at <u>8:30</u> o'clock <u>A.</u> M., Then and there to testify as

a witness in behalf of the <u>STATE</u> in a criminal Action pending in said court, wherein THE STATE OF TEXAS is

[ill]intiff, and <u>JAMES BROADNAX</u> Defendant No. <u>F08-24667-Y</u>

**DUECES TECUM (IF APPLICABLE)**                         ☒ NOT APPLICABLE
and that he bring with him and produce in said Court, at said time and place,



desired as evidence in said Criminal action, to-wit: in a certain suit pending in said court.

and there remain from day to day and from term to term until discharged by the Court
HEREIN FAIL NOT, But of this Writ make due return, showing how you have executed the same.

**OUT OF COUNTY (IF APPLICABLE)**                         ☒ NOT APPLICABLE
A DISOBEDIENCE OF this Subpoena is punishable by fine not exceeding $500, to be collected as
F[...]s and costs in other criminal cases.

WITNESS MY OFFICIAL SIGNATURE, THIS   20TH day of   MAY , 20 09
                                    Gary Fitzsimmons
                                    Clerk District Courts
                                    Dallas, County, Texas
By _____   Deputy
                T. JACKSON

---

NO.<u>F08-24667-Y</u>

<u>CRIMINAL</u> DISTRICT COURT <u>#7</u>
DALLAS COUNTY, TEXAS

THE STATE OF TEXAS
VS.

<u>JAMES BROADNAX</u>.

<u>CAPITAL MURDER</u>

SUBPOENA

ISSUED
This <u>20TH</u> day of <u>MAY</u>, 20 <u>09</u>
Gary Fitzsimmons
Clerk, District Courts
Dallas County, Texas
By <u>T. JACKSON</u> Deputy

ATTORNEY:

DAVID ALEX
ASSISTANT DISTRICT ATTORNEY
133 N. INDUSTRIAL BLVD., LB 19
DALLAS, TEXAS 75207
214-653-3600

REPORT TO:

FRANK CROWLEY COURTS BLDG.
133 N. INDUSTRIAL BLVD.
DALLAS, TEXAS 75207

## OFFICER'S RETURN

CAME TO HAND on the _2e_ day of ..._May_........... 20 _o8_ and executed by delivering a copy
of the within Subpoena to the following within named witnesses, all of whom were summoned in ..._Dallas_...........
County, on the dates and at the places hereinafter set forth, as follows:

| NAME | NAME | DATE | WHERE | COURSE | DISTANCE |
|------|------|------|-------|--------|----------|
| _Ellen Goldberg_ | | _5/20/08_ | miles | from | miles |
| | _via email – Sharla Alford_ | | miles | from | miles |
| | _KXAS Ch 5_ | | miles | from | miles |
| | | | miles | from | miles |
| | | | miles | from | miles |
| | | | miles | from | miles |

I actually and necessarily traveled ................. miles in the service of this Subpoena, in addition to any other mileage I
may have traveled in the service of other Subpoenas, or Attachments, in this or any other case during the same trip.
AMOUNT OF MONEY FURNISHED ABOVE NAMED WITNESS.............................

$ ....................
$ ....................
$ ....................

TOTAL ...........

The following named witnesses not summoned for the reasons set opposite their names:

Criminal District Attorney, Dallas County, Texas

By _~~~~_ Investigator _413_

To total amount of money furnished .................
witnesses .............................. $.................
For summoning ............... Witnesses
at .................. each ............... ...............
Mileage ........... miles at ........... ...............
   TOTAL ............................... $..................
Subscribed and sworn to before me, this ........... ........ day of ......................................... 20........

Sheriff ............................................................. County, Texas
By ............................................................ Deputy

00783

Case 3:15-cv-01758-N   Document 38-8   Filed 06/28/16   Page 247 of 256   PageID 1414

# THE STATE OF TEXAS
## TO ANY SHERIFF OR ANY CONSTABLE OR ANY PEACE OFFICER
### OF THE STATE OF TEXAS – GREETINGS:
### YOU ARE HEREBY COMMANDED TO SUMMON

JEFF JOHNSTON
UNKNOWN
DALLAS, TEXAS

To be and appear before the __CRIMINAL__ District Court __#7__ of Dallas County, Texas at the courthouse of said County, in the City of Dallas, on the __23RD__ day of __JULY__, 20 __09__, at __11:30__ o'clock __A.__ M., Then and there to testify as a witness in behalf of the __STATE__ in a criminal Action pending in said court, wherein THE STATE OF TEXAS is plaintiff, and JAMES BROADNAX Defendant No. __F08-24667-Y__

**DUECES TECUM** (IF APPLICABLE)                                      ☒ NOT APPLICABLE
and that he bring with him and produce in said Court, at said time and place,

desired as evidence in said Criminal action, to-wit: in a certain suit pending in said court.

and there remain from day to day and from term to term until discharged by the Court
HEREIN FAIL NOT, But of this Writ make due return, showing how you have executed the same.

**OUT OF COUNTY** (IF APPLICABLE)                                      ☒ NOT APPLICABLE
A DISOBEDIENCE OF this Subpoena is punishable by fine not exceeding $500, to be collected as Fines and costs in other criminal cases.

WITNESS MY OFFICIAL SIGNATURE, THIS 20TH day of MAY, 20 09
Gary Fitzsimmons
Clerk, District Courts
Dallas, County Texas

By _____ Deputy
T. JACKSON

---

NO. __F08-24667-Y__

00784

__CRIMINAL__ DISTRICT COURT __#7__
DALLAS COUNTY, TEXAS

THE STATE OF TEXAS
VS.

__JAMES BROADNAX__.

__CAPITAL MURDER__

SUBPOENA

ISSUED
This __20TH__ day of __MAY__, 20 __09__
Gary Fitzsimmons
Clerk, District Courts
Dallas County, Texas
By __T. JACKSON__ Deputy

ATTORNEY:

DAVID ALEX
ASSISTANT DISTRICT ATTORNEY
133 N. INDUSTRIAL BLVD., LB 19
DALLAS, TEXAS 75207
214-653-3600

REPORT TO:

FRANK CROWLEY COURTS BLDG.
133 N. INDUSTRIAL BLVD.
DALLAS, TEXAS 75207

## OFFICER'S RETURN

CAME TO HAND on the *20* day of .... *May* ..........................20 *0 5* and executed by delivering a copy of the within Subpoena to the following within named witnesses, all of whom were summoned in ....*Dallas*.................... County, on the dates and at the places hereinafter set forth, as follows:

| NAME | NAME | DATE | WHERE | COURSE | DISTANCE |
|------|------|------|-------|--------|----------|
| *Jeff Johnston* | | *5/21/05* | miles | from | miles |
| | | | miles | from | miles |
| | | | miles | from | miles |
| | | | miles | from | miles |
| | | | miles | from | miles |
| | | | miles | from | miles |

I actually and necessarily traveled ............... miles in the service of this Subpoena, in addition to any other mileage I may have traveled in the service of other Subpoenas, or Attachments, in this or any other case during the same trip.
AMOUNT OF MONEY FURNISHED ABOVE NAMED WITNESS.................................

..................................................................................... $ ..................
..................................................................................... $ ..................
..................................................................................... $ ..................

TOTAL ..........

The following named witnesses not summoned for the reasons set opposite their names:

...........................................................................................................................
...........................................................................................................................
...........................................................................................................................
...........................................................................................................................
...........................................................................................................................
...........................................................................................................................

To total amount of money furnished ................
witnesses .................................... $.................
For summoning ................. Witnesses
at .................. each ................. .................
Mileage .......... miles at ..........  .................
TOTAL ................................. $.................
Subscribed and sworn to before me, this .......... day of ........................................... 20........

**Criminal District Attorney, Dallas County, Texas**
By .............................. Investigator
Sheriff ....................................... County, Texas
By ........................................................ Deputy

00785

Case 3:15-cv-01758-N   Document 38-8   Filed 06/28/16   Page 249 of 256   PageID 1416

THE STATE OF TEXAS
TO ANY SHERIFF OR ANY CONSTABLE OR ANY PEACE OFFICER
OF THE STATE OF TEXAS – GREETINGS:
YOU ARE HEREBY COMMANDED TO SUMMON

TROY LARKINS, KVTV CH 11 NEWS
UNKNOWN
DALLAS, TEXAS

To be and appear before the CRIMINAL District Court   #7 of Dallas County, Texas at the courthouse of said

County, in the City of Dallas, on the 1ST day of JUNE , 20 09 , at 8:30 o'clock A. M., Then and there to testify as

a witness in behalf of the STATE in a criminal Action pending in said court, wherein THE STATE OF TEXAS is

plaintiff, and JAMES BROADNAX Defendant No. F08-24667-Y

**DUECES TECUM** (IF APPLICABLE)                                              ☒ NOT APPLICABLE
and that he bring with him and produce in said Court, at said time and place,

desired as evidence in said Criminal action, to-wit: in a certain suit pending in said court..

and there remain from day to day and from term to term until discharged by the Court
HEREIN FAIL NOT, But of this Writ make due return, showing how you have executed the same.

**OUT OF COUNTY** (IF APPLICABLE)                                              ☒ NOT APPLICABLE
DISOBEDIENCE OF this Subpoena is punishable by fine not exceeding $500, to be collected as
Fines and costs in other criminal cases.

WITNESS MY OFFICIAL SIGNATURE, THIS   20TH  day of  MAY , 20 09
Gary Fitzsimmons
Clerk, District Courts
Dallas, County Texas

By _____ Deputy
T. JACKSON

---

NO. F08-24667-Y                                   00786

CRIMINAL DISTRICT COURT #7
DALLAS COUNTY, TEXAS

THE STATE OF TEXAS
VS.

JAMES BROADNAX.

CAPITAL MURDER

SUBPOENA

ISSUED
This 20TH day of MAY, 20 09
Gary Fitzsimmons
Clerk, District Courts
Dallas County, Texas
By T. JACKSON Deputy

ATTORNEY:

DAVID ALEX
ASSISTANT DISTRICT ATTORNEY
133 N. INDUSTRIAL BLVD., LB 19
DALLAS, TEXAS 75207
214-653-3600

REPORT TO:

FRANK CROWLEY COURTS BLDG.
133 N. INDUSTRIAL BLVD.
DALLAS, TEXAS  75207

## OFFICER'S RETURN

CAME TO HAND on the *20* day of *May* .................. 20*09* and executed by delivering a copy of the within Subpoena to the following within named witnesses, all of whom were summoned in *Dallas* .................... County, on the dates and at the places hereinafter set forth, as follows:

| NAME | NAME | DATE | WHERE | COURSE | DISTANCE |
|---|---|---|---|---|---|
| *Troy Larkins* | | *5/26/09* | miles | from | miles |
| *Via email - Angele Williams* | | | miles | from | miles |
| *KVTV* | | | miles | from | miles |
| *Via fax - Atty Anthony Bonsivore* | | | miles | from | miles |
| *Atty for KVTV* | | | miles | from | miles |

I actually and necessarily traveled .................... miles in the service of this Subpoena, in addition to any other mileage I may have traveled in the service of other Subpoenas, or Attachments, in this or any other case during the same trip.
AMOUNT OF MONEY FURNISHED ABOVE NAMED WITNESS................ ..................

|  |  | $ |
|---|---|---|
|  |  | $ |
|  |  | $ |

TOTAL ...........

The following named witnesses not summoned for the reasons set opposite their names:

To total amount of money furnished ................

witnesses ........................................ $...................

Criminal District Attorney, Dallas County, Texas

By *2 NB* Investigator *413*

For summoning ................ Witnesses

Sheriff ................................................................. County, Texas

at .................. each ................ ...................

By ................................................................. Deputy

Mileage ........... miles at ........... ...................

TOTAL .................................... $...................

Subscribed and sworn to before me, this .................. day of ............. ..................... 20........

00787

Case 3:15-cv-01758-N    Document 38-8    Filed 06/28/16    Page 251 of 256    PageID 1418

00788

**THE STATE OF TEXAS**
**TO ANY SHERIFF OR ANY CONSTABLE OR ANY PEACE OFFICER**
**OF THE STATE OF TEXAS – GREETINGS:**
**YOU ARE HEREBY COMMANDED TO SUMMON**

REBECCA LOPEZ, WFAA CH 8 NEWS
UNKNOWN
DALLAS, TEXAS

To be and appear before the CRIMINAL District Court   #7 of Dallas County, Texas at the courthouse of said

County, in the City of Dallas, on the 1ST day of JUNE , 20 09 , at 8:30 o'clock A. M., Then and there to testify as

a witness in behalf of the STATE in a criminal Action pending in said court, wherein THE STATE OF TEXAS is

plaintiff, and JAMES BROADNAX Defendant No. F08-24667-Y

---

**DUECES TECUM (IF APPLICABLE)**                                    ☒ NOT APPLICABLE
and that he bring with him and produce in said Court, at said time and place,

desired as evidence in said Criminal action, to-wit: in a certain suit pending in said court.

---

and there remain from day to day and from term to term until discharged by the Court
HEREIN FAIL NOT, But of this Writ make due return, showing how you have executed the same.

---

**OUT OF COUNTY (IF APPLICABLE)**                                    ☒ NOT APPLICABLE
DISOBEDIENCE OF this Subpoena is punishable by fine not exceeding $500, to be collected as
Fines and costs in other criminal cases.

---

WITNESS MY OFFICIAL SIGNATURE, THIS 20TH day of MAY , 20 09

Gary Fitzsimmons
Clerk, District Courts
Dallas, County Texas

By _____ Deputy
T. JACKSON

---

NO. F08-24667-Y

CRIMINAL DISTRICT COURT #7
DALLAS COUNTY, TEXAS

THE STATE OF TEXAS
VS.

JAMES BROADNAX.

CAPITAL MURDER

SUBPOENA

ISSUED
This 20TH day of MAY, 20 09
Gary Fitzsimmons
Clerk, District Courts
Dallas County, Texas
By T. JACKSON Deputy

ATTORNEY:

DAVID ALEX
ASSISTANT DISTRICT ATTORNEY
133 N. INDUSTRIAL BLVD., LB 19
DALLAS, TEXAS 75207
214-653-3600

REPORT TO:

FRANK CROWLEY COURTS BLDG.
133 N. INDUSTRIAL BLVD.
DALLAS, TEXAS  75207

## OFFICER'S RETURN

CAME TO HAND on the *20* day of *May* ........................... 20 *05* and executed by delivering a copy
of the within Subpoena to the fol lowing within named witnesses, all of whom were summoned in ...*Dallas*......................
County, on the dates and at the places hereinafter set forth, as follows:

| NAME | NAME | DATE | WHERE | COURSE | DISTANCE |
|------|------|------|-------|--------|----------|
| *Rebecca Lopez* | | *5/20/05* | miles | from | miles |
| *via email* ← | | | miles | from | miles |
| *Sandy Roten , Legal* | | | miles | from | miles |
| *WFAA CH 8* | | | miles | from | miles |
| | | | miles | from | miles |
| | | | miles | from | miles |

I actually and necessari ly traveled .................... miles in the service of this Subpoena, in addition to any other mileage I
may have traveled in the service  of other Subpoenas, or Attachments, in this or any other case during the same trip.
AMOUNT OF MONEY FURNISHED ABOVE NAMED WITNESS................................

...................................................................................        ............................... $ ......................
...................................................................................        ............................... $ ......................
...................................................................................        ............................... $ ......................

TOTAL ...........

The following named witnesses not summoned for the reasons set opposite their names:

.......................................................................................................................................................
.......................................................................................................................................................
.......................................................................................................................................................
.......................................................................................................................................................
.......................................................................................................................................................
.......................................................................................................................................................

Criminal District Attorney, Dallas County, Texas.............................

To total amount of money furnish ed .................
witnesses ......................................... $...................        By ................................. Investigator *413*.......
For summoning ................ W itnesses                                     Sheriff ............................................... County, Texas
at .................... each ............. .....       .....................     By ............................................................... Deputy
Mileage ........... miles at ....... .....       .....................
TOTAL ...............................  ....       $....................
Subscribed and sworn to before me, this ................. day of .........................................................................20........
..............................................................................................................

00789

Case 3:15-cv-01758-N   Document 38-8   Filed 06/28/16   Page 253 of 256   PageID 1420

THE STATE OF TEXAS
TO ANY SHERIFF OR ANY CONSTABLE OR ANY PEACE OFFICER
OF THE STATE OF TEXAS – GREETINGS:
YOU ARE HEREBY COMMANDED TO SUMMON

NO. F08-24667-Y

CRIMINAL DISTRICT COURT #7
DALLAS COUNTY, TEXAS

STEVE PICKETT, KVTV CH 11 NEWS
UNKNOWN
DALLAS, TEXAS

THE STATE OF TEXAS
VS.

JAMES BROADNAX.

CAPITAL MURDER

To be and appear before the CRIMINAL District Court   #7 of Dallas County, Texas at the courthouse of said County, in the City of Dallas, on the 1ST day of JUNE , 20 09 , at 8:30 o'clock A. M., Then and there to testify as a witness in behalf of the STATE in a criminal Action pending in said court, wherein THE STATE OF TEXAS is ¡ ntiff, and JAMES BROADNAX Defendant No. F08-24667-Y

SUBPOENA

**DUECES TECUM** (IF APPLICABLE)                                       ☒ NOT APPLICABLE
and that he bring with him and produce in said Court, at said time and place,

ISSUED
This 20TH day of MAY, 20 09
Gary Fitzsimmons
Clerk, District Courts
Dallas County, Texas
By T. JACKSON Deputy

desired as evidence in said Criminal action, to-wit: in a certain suit pending in said court.

and there remain from day to day and from term to term until discharged by the Court
HEREIN FAIL NOT, But of this Writ make due return, showing how you have executed the same.

**OUT OF COUNTY** (IF APPLICABLE)                                      ☒ NOT APPLICABLE
A ⌐SOBEDIENCE OF this Subpoena is punishable by fine not exceeding $500, to be collected as
F⌐⌐s and costs in other criminal cases.

ATTORNEY:

DAVID ALEX
ASSISTANT DISTRICT ATTORNEY
133 N. INDUSTRIAL BLVD., LB 19
DALLAS, TEXAS 75207
214-653-3600

WITNESS MY OFFICIAL SIGNATURE, THIS  20TH  day of  MAY , 20 09
Gary Fitzsimmons
Clerk, District Courts
Dallas County, Texas
By _____ Deputy
T. JACKSON

REPORT TO:

FRANK CROWLEY COURTS BLDG.
133 N. INDUSTRIAL BLVD.
DALLAS, TEXAS  75207

## OFFICER'S RETURN

CAME TO HAND on the _20_ day of _May_ 20 _05_ and executed by delivering a copy of the within Subpoena to the following within named witnesses, all of whom were summoned in _Dallas_ County, on the dates and at the places hereinafter set forth, as follows:

| NAME | NAME | DATE | WHERE | COURSE | DISTANCE |
|------|------|------|-------|--------|----------|
| Steve Pickett | | 5/26/05 | miles | from | miles |
| via email - Angela Williams | | | miles | from | miles |
| KVTV | | | miles | from | miles |
| via fax - Atty Anthony Bergstrom | | | miles | from | miles |
| Atty for KVTV | | | miles | from | miles |
| | | | miles | from | miles |

I actually and necessarily traveled .................. miles in the service of this Subpoena, in addition to any other mileage I may have traveled in the service of other Subpoenas, or Attachments, in this or any other case during the same trip.
AMOUNT OF MONEY FURNISHED ABOVE NAMED WITNESS...................................

|  |  | $ |
|--|--|---|
|  |  | $ |
|  |  | $ |

TOTAL ...........

The following named witnesses not summoned for the reasons set opposite their names:

_Criminal District Attorney, Dallas County, Texas_

By _____ Investigator 413

To total amount of money furnished ................
witnesses .................................... $.................

Sheriff ................................................. County, Texas

For summoning ................ Witnesses
at .................. each ..............

By ........................................................ Deputy

Mileage ........... miles at ...........
TOTAL .................................... $...............

Subscribed and sworn to before me, this ........ .......... day of ............................................................... 20........

00701

Case 3:15-cv-01758-N  Document 38-8  Filed 06/28/16  Page 255 of 256  PageID 1422

**THE STATE OF TEXAS**
**TO ANY SHERIFF OR ANY CONSTABLE OR ANY PEACE OFFICER**
**OF THE STATE OF TEXAS – GREETINGS:**
**YOU ARE HEREBY COMMANDED TO SUMMON**

SHAUN RABB, FOX 4 NEWS
UNKNOWN
DALLAS, TEXAS

To be and appear before the <u>CRIMINAL</u> District Court  <u>#7</u> of Dallas County, Texas at the courthouse of said County, in the City of Dallas, on the <u>1ST</u> day of <u>JUNE</u> , 20 <u>09</u> , at <u>8:30</u> o'clock <u>A.</u> M., Then and there to testify as a witness in behalf of the <u>STATE</u> in a criminal Action pending in said court, wherein THE STATE OF TEXAS is plaintiff, and <u>JAMES BROADNAX</u> Defendant No. <u>F08-24667-Y</u>

**DUECES TECUM (IF APPLICABLE)**  ☒ NOT APPLICABLE
and that he bring with him and produce in said Court, at said time and place,

desired as evidence in said Criminal action, to-wit: in a certain suit pending in said court.

and there remain from day to day and from term to term until discharged by the Court
HEREIN FAIL NOT, But of this Writ make due return, showing how you have executed the same.

**OUT OF COUNTY (IF APPLICABLE)**  ☒ NOT APPLICABLE
A  DISOBEDIENCE OF this Subpoena is punishable by fine not exceeding $500, to be collected as Fines and costs in other criminal cases.

WITNESS MY OFFICIAL SIGNATURE, THIS  20TH  day of  MAY , 20 09
Gary Fitzsimmons
Clerk, District Courts
Dallas, County, Texas
By _____ · Deputy
T. JACKSON

---

NO. <u>F08-24667-Y</u>

CRIMINAL DISTRICT COURT <u>#7</u>
DALLAS COUNTY, TEXAS

THE STATE OF TEXAS
VS.

JAMES BROADNAX.

CAPITAL MURDER

SUBPOENA

ISSUED
This <u>20TH</u> day of <u>MAY</u>, 20 <u>09</u>
Gary Fitzsimmons
Clerk, District Courts
Dallas County, Texas
By <u>T. JACKSON</u> Deputy

ATTORNEY:

DAVID ALEX
ASSISTANT DISTRICT ATTORNEY
133 N. INDUSTRIAL BLVD., LB 19
DALLAS, TEXAS 75207
214-653-3600

REPORT TO:

FRANK CROWLEY COURTS BLDG.
133 N. INDUSTRIAL BLVD.
DALLAS, TEXAS 75207

## OFFICER'S RETURN

CAME TO HAND on the 22 day of .....MAY..... 3 PM 2009 and executed by delivering a copy of the within Subpoena to the following within named witnesses, all of whom were summoned in ..Dallas.............. County, on the dates and at the places hereinafter set forth, as follows:

| NAME | NAME | DATE | WHERE | COURSE | DISTANCE |
|---|---|---|---|---|---|
| Shawn Rabb @ Fox 4 | | | ........ miles | from ........ | ........ miles |
| | | 5/22/09 | ........ miles | from ........ | ........ miles |
| | | | ........ miles | from ........ | ........ miles |
| | | | ........ miles | from ........ | ........ miles |
| | | | ........ miles | from ........ | ........ miles |
| | | | ........ miles | from ........ | ........ miles |

I actually and necessarily traveled .................... miles in the service of this Subpoena, in addition to any other mileage I may have traveled in the service of other Subpoenas, or Attachments, in this or any other case during the same trip.
AMOUNT OF MONEY FURNISHED ABOVE NAMED WITNESS. ..............................

.............................    $  ..................
.............................    $  ..................
.............................    $  ..................

TOTAL ..........

The following named witnesses not summoned for the reasons set opposite their names:

........................................................
........................................................
........................................................
........................................................
........................................................
........................................................    Criminal District Attorney, Dallas County, Texas .......

To total amount of money furnished ................    By _____ Investigator
witnesses ..................................... $..................
For summoning ................. Witnesses     Sheriff B.W. Smith DA #111 County, Texas
at ................. each .............    ...................    By ...................................... Deputy
Mileage ........... miles at ...........    ...................
TOTAL ................................ $..................
Subscribed and sworn to before me, this ................. day of ...................................................... 20........
........................................................
........................................................

00793