*AP-76207*   1

REPORTER'S RECORD

VOLUME 3 OF _____ VOLUMES

TRIAL COURT CAUSE NO. F08-24667-Y

| THE STATE OF TEXAS | ) IN THE CRIMINAL DISTRICT |
| | ) |
| VS. | ) COURT NO. 7 |
| | ) |
| JAMES GARFIELD BROADNAX | ) Of DALLAS COUNTY, TEXAS |

ORIGINAL COPY

================================================

FILED IN
COURT OF CRIMINAL APPEALS

SEP 16 2010

Louise Pearson, Clerk

PRETRIAL HEARING

================================================

On the 16TH day of APRIL, 2009, the following proceedings came on to be heard in the above-entitled and -numbered cause to be heard before the Honorable MICHAEL SNIPES, Judge presiding, held in Dallas, Dallas County, Texas;

Proceedings reported by machine shorthand; computer-aided transcription.

A P P E A R A N C E S

FOR THE STATE OF TEXAS:


HONORABLE DAVID M. ALEX
SBOT NO. 24003256
HONORABLE LISA SMITH
SBOT NO. 00787131
HONORABLE GORDON HIKEL
SBOT NO. 00787696
HONORABLE ANDREA HANDLEY
SBOT NO. 08898800
HONORABLE ELAINE EVANS
SBOT NO. 24032880
133 N. INDUSTRIAL BLVD.
FRANK CROWLEY COURTHOUSE
DALLAS, TEXAS 75207
TEL. 214-653-3600


FOR THE DEFENDANT:

HONORABLE BRAD LOLLAR
SBOT NO. 12508700
1700 COMMERCE ST, STE. 404
DALLAS, TEXAS 75201
TEL. 214-384-8178

HONORABLE DOUGLAS H. PARKS
SBOT NO. 15520000
321 CALM WATER LANE
HOLLY LAKE RANCH, TEXAS 75765
TEL. 903-769-3120

HONORABLE KERI MALLON
SBOT NO. 24049165
DALLAS COUNTY PUBLIC DEFENDERS OFFICE
133 N. INDUSTRIAL BLVD., LB 2
FRANK CROWLEY COURT BLDG.
DALLAS, TEXAS  75207
TEL. 214-653-3550

i

# VOLUME 3

## PRETRIAL HEARING

<u>APRIL 16TH, 2009</u>

| | PAGE | VOL. |
|---|---|---|
| PROCEEDINGS................................. | 3 | 3 |
| ADJOURNMENT................................. | 22 | 3 |
| REPORTER'S CERTIFICATE..................... | 23 | 3 |

SHARON HAZLEWOOD, CSR          972-739-3906
CRIMINAL DISTRICT COURT NO. 7, DALLAS COUNTY, TEXAS

P R O C E E D I N G S

(Court convened.)

THE COURT: On the record. This is the State of Texas versus James Broadnax. This is Cause Number F08-24667.

The State is here, and in person, Mr. David Alex and Mr. Gordon Hikel.

The defense is here, Mr. Brad Lollar and Doug Parks.

Mr. Lollar, let me ask you, have you served Mr. Broadnax with a copy of the jury list?

MR. LOLLAR: I think the sheriff is about to present him with a copy of the list.

THE COURT: And would you state for the record what the purpose is of that as opposed to, you know, a usual trial where that's not required?

MR. LOLLAR: It just brings us in compliance with the Code of Criminal Procedure, on procedure in cases where the State is seeking the death penalty.

THE COURT: Okay. And what other matters are we taking up today, Mr. Lollar?

MR. LOLLAR: Judge, after --

THE COURT: Can we get that radio turned off?

MR. LOLLAR: We are here, I think, Judge, to give final approval to the jury questionnaire. We have reviewed that.

Mr. Alex and Mr. Hikel have amended it to include changes that we suggested the last time we met. I think we're all now in agreement that this is an acceptable questionnaire for both sides, and this is the one that will be used next Friday when we bring down the big panel.

THE COURT: Okay. And is that the jury questionnaire that's marked as Draft 3.1?

MR. ALEX: Judge, that would not be -- I'm going to get -- I'm going to present to the Court -- I'm sorry to interrupt.

THE COURT: All right. You're not interrupting.

MR. ALEX: I'm going to present to the Court right now the -- the latest version with the Court's latest rulings and changes on it, and I'll have it marked.

What was the last one marked, Judge?

THE COURT: Draft 3.1.

MR. ALEX: Do we have an exhibit sticker on everything --

THE COURT: No.

MR. ALEX:  Okay.  Do you want me to mark it or --

(Off-the-record discussion was had.)

MR. ALEX:  And so that we're not --

THE COURT:  Let's go off the record for a second.

(Off-the-record discussion was had.)

MR. ALEX:  Do you have objections like when we do pretrial stuff like this, to mark them with letters instead of numbers so when we start the trial, I'm going to have a State's Exhibit 1.

COURT REPORTER:  No, that's fine.

MR. ALEX:  Okay.  So I can make this --

COURT REPORTER:  That way I won't have two State's Exhibit 1's.

MR. ALEX:  So I can make this A, State's Exhibit A?

COURT REPORTER:  Yes.

MR. ALEX:  Okay.

COURT REPORTER:  Do y'all want to change yours to the same way?

MR. PARKS:  Yes.

MR. ALEX:  At this time, Judge, we're going to offer State's Exhibit A for record purposes. It is the questionnaire that both sides have agreed to.

It's marked Final, and the State will scan that in and make it a PDF file, and I will send it to the Court and to the defense, and that will be the copy that we'll get copied for the big panel on Friday.

THE COURT:  Okay.  Is there any objection from the defense?

MR. LOLLAR:  No, Your Honor.

THE COURT:  Okay.

MR. LOLLAR:  How many copies are we going to make, David?

MR. ALEX:  How many does the defense need? I mean, --

MR. LOLLAR:  Three.

MR. ALEX:  Our secretary typically will order the same each time she does it.  I think she gets three for you guys.  And I haven't asked her yet how many she's going to order, but I'll make sure that you guys have three and that Miss Johnson has a copy and that we have enough.  I don't -- I can't think of exactly how many off the top of my head right now.

MR. LOLLAR:  And for the big panel, how many copies of the blank questionnaire are we going to have down there?

MR. ALEX:  How many people did we --

MR. LOLLAR:  4800.

MR. ALEX: We have 4800 that we have come -- that we sent notices to come down on?

MR. LOLLAR: Yes.

MR. ALEX: Let me get back with you on that because our secretary that does the ordering, she pretty much does it each time the same way.

MR. LOLLAR: Okay.

MR. ALEX: And I can -- I can ensure -- I can make sure that we're going to have enough after I talk to her.

MR. LOLLAR: Okay.

Now, the other matter, Judge, is we are meeting, after we conclude here, to go over the pretrial motions that I have filed and Mr. Parks has filed, and we're going to see what we can agree to.

THE COURT: And when can you let me know about that?

MR. LOLLAR: And we are due back in court next Tuesday morning on the 21st to have hearings on the motions.

THE COURT: Okay. All right. The sooner you can let me know about that, the better, because my staff attorneys need to know so they can figure out what they need to work on and what they don't.

MR. LOLLAR: Yes, sir.

THE COURT: What about the Court's script?

MR. LOLLAR: I think we're agreed pretty much on script. I think you have the version that we supplied to the Court, and we have a version that the State has supplied to the Court.

And you have our objections to theirs, and I think you have their objections to ours.

THE COURT: All right. So where are we on it?

MR. ALEX: Well, we did have some agreements, Judge, as far as, I think, the -- the last time we spoke, Mr. Lollar and I -- I think the -- and the last time we were on the record, there was a question about whether or not the county has a jury plan and all of that, and I think we have come to an agreement as to what the disqualification is and what the exemption is as it relates to prior jury service.

And if I misspeak, Mr. Lollar, would you please step in?

And I believe under the State's proposed questionnaire, I mean, jury panel script, when we go to Page 7, -- do you have it up there, Judge? I'm sorry.

THE COURT: I don't.

MR. ALEX: Okay.

THE COURT: Hold on a second. I'll be

right back.

(Brief break taken.)

(Court reconvened.)

(Off-the-record discussion was had.)

THE COURT:  All right.  Back on the record.

MR. ALEX:  If we're getting back on the record, --

THE COURT:  Yeah, back on the record.

MR. ALEX:  Okay.  What I was referring to previously, Judge, before we got off the record was on Page 8 of the State's proposed jury script, if we look at Item Number 8, that is an exemp -- that is a disqualification for a juror who has past jury service.

THE COURT:  Right.

MR. ALEX:  And I think the defense has agreed to that, which is different on the defense's proposed script.

And then if we go to Page --

THE COURT:  Hold on.  Hold on.

MR. ALEX:  Sorry.

THE COURT:  So now it reads as follows: Second sentence in there.  So if you've been a juror in the last three months in a county court, parentheses, a trial with a six-person jury, close parentheses, but

you served less than six days, you are fine; is that correct? It's supposed to say six days.

MR. ALEX: Okay.

THE COURT: So let's not be putting form over substance, folks.

MR. ALEX: Judge, I just -- I'm not the expert on this. Mr. Hikel did this research and what I'm looking at here says something different from you, so I just didn't know what --

THE COURT: Okay. Okay.

Mr. Lollar, is that correct?

MR. LOLLAR: Yes, sir.

THE COURT: All right. So that takes care of that.

And then on the next page there was something about, I guess, it was Paragraph 6; is that right?

MR. ALEX: Yes, sir.

THE COURT: Okay.

MR. LOLLAR: Which -- which document are we looking at?

MR. ALEX: We're looking at the State's proposed script, and it is Page 9 --

THE COURT: Page 9 under Exemptions, Paragraph 6.

Do you have it, Mr. Parks?

MR. LOLLAR: Yes.

THE COURT: Okay. And so it reads now, And finally, if you have served on a jury of six or twelve people in Dallas County in either the George Allen or Frank Crowley court buildings since April 28th, 2008.

MR. ALEX: That's correct, Judge.

THE COURT: Is there any objection to the -- from the defense on that?

MR. LOLLAR: No, Your Honor.

THE COURT: Okay. So with that, are we now good to go on the script?

MR. LOLLAR: Yes, sir. Well, now, when you say good to go, I gave you a copy of the State's proposed script that I had highlighted the areas that we objected to?

THE COURT: Right.

MR. LOLLAR: It wasn't much left.

THE COURT: That's correct.

MR. LOLLAR: And I don't know how the Court wants to resolve that.

THE COURT: Well, you're objecting to all of the stuff in yellow.

MR. LOLLAR: Yes, sir.

THE COURT:  The objection's overruled.

All right.  What else?

MR. LOLLAR:  I think that's it.

THE COURT:  Okay.  And then y'all are going to get together on the motions?

What about this motion to exercise retroactive peremptory challenges?  What's that about, Mr. Lollar?

MR. ALEX:  Is that one y'all filed?

THE COURT:  It's one -- one of the two esteemed counsel for the defendant.

MR. PARKS:  That -- I cannot recall, Judge, if we have agreed.  That motion would be moot if we have agreed to select the entire panel before we exercise our challenges.

Have we agreed to do that?

MR. LOLLAR:  Yes.

MR. ALEX:  Is this -- is this a motion that you-all just filed or will it tend to --

MR. PARKS:  Yeah, I -- I think so.  That was just the motions I just filed.  But -- but that would be moot --

MR. ALEX:  Okay.  I see it now.

MR. PARKS:  -- if we have agreed to go ahead and selected and -- and qualify --

THE COURT:  Qualify a panel of 42.

MR. PARKS:  -- the panel and then make our strikes, then we don't need that motion.  I wasn't sure --

MR. ALEX:  We have agreed prior to today, Judge, that we would qualify the panel and then make the strikes not as we go, but at the end after we have enough qualified.

THE COURT:  Okay.

MR. ALEX:  And what I'm hearing counsel say is that they're going to withdraw this motion --

THE COURT:  So that motion is denied as moot.

MR. PARKS:  Yes.

THE COURT:  Okay.  What about the motion to read, mark, and inwardly digest -- first of all, what does that mean, "inwardly digest"?

MR. LOLLAR:  To take it to heart.

MR. PARKS:  Take it to heart.  That -- that is language directly out of the Anglican book of common prayer, Your Honor.  That's for whoever selects the jury.  I'm trying to get their attention to --

THE COURT:  Is there any objection from the State?

MR. ALEX:  Judge, I have not read these.

THE COURT: Are these the motions that y'all need to talk about?

MR. PARKS: Yeah. I just filed those just this morning.

THE COURT: Where are the rest of the motions?

MR. ALEX: There's a -- there's a book of them, Judge, and I -- I think probably we will be in agreement on a lot of the trial, pretrial motions, but the constitutional pretrial motions that basically say the death penalty is unconstitutional, we probably will have to address those individually on the record to have a complete record of it.

THE COURT: Okay.

MR. ALEX: But the trial motions --

THE COURT: When are we going to do that?

MR. ALEX: We're going to do that on the 21st.

THE COURT: All right. Now, tell me exactly -- give me a preview of how it's going to go down on the 24th and what I'm supposed to be doing. All of y'all have done this. I've never done it, so --

MR. LOLLAR: Right. We meet down in the Central Jury Room. Mr. Broadnax will be there.

THE COURT: What time?

MR. LOLLAR:  I suppose we better get there about 8:00 o'clock or so.

MR. PARKS:  8:00 or 8:30 at the latest.

MR. LOLLAR:  The jurors are told to be there at 8:30, but they drag in till 9:00, and I don't believe that they do anything down there until 9:00, formally.  So --

MR. ALEX:  And one of the things that held up the last panel that I was just on, Judge, is that for some reason, the defendant wasn't there dressed out, so we were waiting until 10:00 o'clock to even get started.

And then we've got another panel coming in after lunch, and so you can imagine how the day ended up that way.  So I don't know who needs to do what to make sure he's there so we can get rolling, but it's a different process than from him coming up here.

I guess you guys take care of that, talking to the sheriff.

I was asking him if they were the ones that make sure -- I think it was a matter of clothes the last time.  The clothes they wanted him to wear to that deal, he didn't have.

THE COURT:  I'll put some emphasis on that.

MR. ALEX: Okay.

THE COURT: All right. So, then, who's like the first person up talking to them?

MR. ALEX: That would be the Court.

THE COURT: Okay.

MR. ALEX: And --

THE COURT: Tell me exactly how that happens.

MR. ALEX: Judge, I would -- I would say that the script that -- that we -- that we propose is just you -- you greet them, and the very first thing that happens before anything else happens, is that they're given an oath. That way, anything that happens after that, they're -- it's done after they've taken the oath.

THE COURT: Okay.

MR. ALEX: And in --

THE COURT: I regard that initial greeting as rather ominous where it says Good afternoon.

MR. ALEX: Well, that was an evening panel that I took this from. When Judge Greene did it, there was one in the morning and one in the afternoon.

THE COURT: Right.

MR. ALEX: And so this was one that I took from the evening panel --

THE COURT:  Okay.

MR. ALEX:  -- discussion.  So I -- I apologize for that.

THE COURT:  I was kidding, Mr. Alex.

MR. ALEX:  It would be appropriate for the afternoon panel.

THE COURT:  Right.  Okay.  So -- so I start it off; go through this whole thing, right?

MR. ALEX:  That's what we would propose; yes, sir.

THE COURT:  All right.  Any objection to that?

MR. LOLLAR:  Well, I object to some of the language.

THE COURT:  Other than the language?  I'll look at it again.

MR. LOLLAR:  We -- we would expect the Court to use their own language and not that written here.

MR. ALEX:  And then there's an introduction of the parties, which you would typically do when you do a voir dire; is that correct?

THE COURT:  Yeah.

MR. ALEX:  Okay.

THE COURT:  And we don't have to go

through this line by line.

MR. ALEX:  Okay.

THE COURT:  So it's just this entire script, --

MR. ALEX:  I would --

THE COURT:  -- unless I modify it in some way.

MR. ALEX:  I would propose that, and then after you're done with that, Judge, you will have a line that will be circling around the jury room down there, and then what will happen is the folks will come up one by one.  The court reporter will be at that table.  Both defense counsel will be there.  And they will propose to the Court why it is, one, they're either claiming an exemption, --

THE COURT:  Right.

MR. ALEX:  -- or, two, why they're disqualified.

THE COURT:  Right.

MR. ALEX:  The Court would make the ruling right there on the record.  The juror will have their -- part of their card there, and then on it, if you excuse them at that point, they will take that, they will go through the -- the office where the -- the folks that work in jury services, because they have to

mark it off that they were there and that they were excused. And then from there, they leave.

And that proceeds in that fashion for pretty much the whole rest of the morning while the other jurors are filling out the questionnaires.

THE COURT: Okay. Which case are we going on, by the way? 667 or 629?

MR. ALEX: I want to make sure I tell you the right one.

THE COURT: By the way, I want to thank all of the defense lawyers in this case for accepting this appointment. I appreciate it very much.

MR. ALEX: It's going to be the 667, Judge. It's going to be the murder during the course of a robbery --

THE COURT: Okay.

MR. ALEX: -- of Stephen Swan.

THE COURT: Mr. Lollar, do you understand that?

MR. LOLLAR: Yes, sir.

THE COURT: Okay. What else do we need to take up?

MR. LOLLAR: Well, we need to get the defendant served with the jury list.

THE COURT: Okay. Let's do that.

(Bailiff complied.)

MR. PARKS:  Let the record reflect that that has been done.

THE COURT:  Okay.  Mr. Broadnax, you understand you've just been served with the jury list in this case?

THE DEFENDANT:  Yes, sir.

THE COURT:  All right.  What else do we need to take up?

So we're in recess until the 21st.  At what time?  Because I'm in jury trial that day.

MR. ALEX:  You're in jury trial that day?  I guess it's --

THE COURT:  Yes.  Imagine that.

MR. ALEX:  I guess it's going to depend on -- and, Judge, after talking to Lisa Smith in appellate, she has cautioned the trial prosecutors on just going in and agreeing or disagreeing what the Constitutional motions -- because she says that we really need to make a record for the next -- how many ever years this case may or may not be on appeal.

THE COURT:  Okay.  Here's what we're going to do.

MR. ALEX:  Potentially, it could take some time.

THE COURT: All right. Well, we're going to meet at 8:30 on the 21st, and I'll tell my jury not to be here until 10:00.

MR. ALEX: Okay.

THE COURT: What else do we need to take up?

MR. LOLLAR: I believe that's it.

MR. ALEX: And -- and what we'll do, Judge, after we agree or disagree on the trial motions, we'll let the Court know on that date if we'll need to set pretrial hearings for, let's say, ID, or for -- like one of the motions that I read was about the defendant's statements to the media, suppression issues and that kind of thing. I would think that the Court would want to do that well in advance of trial so we don't delay the trial.

THE COURT: I agree with that. We get -- we don't actually start the case until July, right?

MR. ALEX: Right. Right. But we could -- we could agree on which ones that we would actually need live testimony on and see if we can find dates to do that.

THE COURT: Right.

MR. ALEX: Because I think we only have about three or four weeks after we -- after we expect

to finish the individual before we start trial; is that correct?

THE COURT:  Right.

MR. ALEX:  And it could potentially go longer on individual, depending on how it goes.

THE COURT:  All right.  Okay.  Anything else?

MR. LOLLAR:  No, sir.

THE COURT:  All right.

MR. LOLLAR:  Thank you.

THE COURT:  We're in recess until 8:30 on the 21st for hearings.


(Court adjourned.)

THE STATE OF TEXAS )

COUNTY OF DALLAS    )

I, SHARON HAZLEWOOD, Official Court Reporter in and for Criminal District Court No. 7 of Dallas County, State of Texas, do HEREBY CERTIFY that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and -numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, offered by the respective parties.

Witness my hand this the ___1st___ day of ____June____, 2010.

_____Sharon Hazlewood_____
SHARON HAZLEWOOD, CSR
Certified Shorthand Reporter
Official Court Reporter
Criminal District Court No. 7
972-739-3906
Texas CSR No. 628
Expiration Date: 12/31/10