*AP-76207*

REPORTER'S RECORD

VOLUME 6 OF ___

CAUSE NO. F08-24667

| | |
|---|---|
| THE STATE OF TEXAS | IN THE CRIMINAL DISTRICT |
| VS. | COURT NO. 7 |
| JAMES BROADNAX | DALLAS COUNTY, TEXAS |

PRETRIAL HEARING

FILED IN
COURT OF CRIMINAL APPEALS

S-P 1 6 2010

Louise Pearson, Clerk

**ON THE 18TH DAY OF MAY, 2009,** the following proceedings came on for hearing in the above-entitled and numbered cause before the Honorable Mike Snipes, Judge Presiding for the Criminal District Court No. 7, held in Dallas, Dallas County, Texas.

Proceedings reported by oral stenography.

— — — — —

ORIGINAL

SHARINA A. FOWLER, CSR
214-653-5696

A P P E A R A N C E S

**DAVID ALEX**
SBOT NO. 24003256
**ANDREA HANDLEY**
SBOT NO. 08898800
**ELAINE EVANS**
SBOT NO. 24032880
Assistant Criminal
District Attorneys of Dallas
133 N. Industrial Boulevard
Dallas, Texas  75207
214-653-3600

**FOR THE STATE OF TEXAS**


**DOUG PARKS**
SBOT NO. 15520000
Attorney at Law
321 Calm Waters Lane
Holly Lake Ranch, Texas 75765
903-769-3120

**BRAD LOLLAR**
SBOT NO. 125008700
Attorney at Law
1700 Commerce, Suite 450
Dallas, Texas 75201
214-384-8178

**KERI MALLON**
SBOT NO. 24049165
Public Defender
Dallas County
133 N. Industrial Boulevard
Dallas, Texas 75207
214-653-3550

**FOR THE DEFENDANT**

INDEX

|                             | PAGE | VOL |
|-----------------------------|------|-----|
| May 18, 2009                |      |     |
| APPEARANCES                 | 2    |     |
| PRETRIAL HEARING            | 5    |     |
| COURT REPORTER'S CERTIFICATE| 34   |     |

```
                          INDEX OF EXHIBITS

  ** RO - Record Only              ## DO - Demonstrative Only

  Number          Description        Offered Admitted Vol.

  State's:

  [None marked.]

  Defendant's:

  [None marked.]
```

Case 3:15-cv-01758-N    Document 39-5    Filed 06/28/16    Page 5 of 17    PageID 2338

Page 1

REPORTER'S RECORD
VOLUME ____ OF ____
CAUSE NO. F08-24667

| | |
|---|---|
| THE STATE OF TEXAS | IN THE CRIMINAL DISTRICT |
| VS. | COURT NO. 7 |
| JAMES BROADNAX | DALLAS COUNTY, TEXAS |

----------------------------------
PRETRIAL HEARING
----------------------------------

ON THE 18TH DAY OF MAY, 2009, the following proceedings came on for hearing in the above-entitled and numbered cause before the Honorable Mike Snipes, Judge Presiding for the Criminal District Court No. 7, held in Dallas, Dallas County, Texas.

Proceedings reported by oral stenography.

Page 3

INDEX

| | PAGE VOL |
|---|---|
| May 18, 2009 | |
| APPEARANCES | 2 |
| PRETRIAL HEARING | 5 |
| COURT REPORTER'S CERTIFICATE | 34 |

Page 2

A P P E A R A N C E S

DAVID ALEX
SBOT NO. 24003256
ANDREA HANDLEY
SBOT NO. 08898800
ELAINE EVANS
SBOT NO. 24032880
Assistant Criminal
District Attorneys of Dallas
133 N. Industrial Boulevard
Dallas, Texas 75207
214 653-3600
FOR THE STATE OF TEXAS

DOUG PARKS
SBOT NO. 15520000
Attorney at Law
321 Calm Waters Lane
Holly Lake Ranch, Texas 75765
903-769-3120

BRAD LOLLAR
SBOT NO. 125008700
Attorney at Law
1700 Commerce, Suite 450
Dallas, Texas 75201
214-384-8178
KERI MALLON
SBOT NO. 24049165
Public Defender
Dallas County
133 N. Industrial Boulevard
Dallas, Texas 75207
214-653-3550
FOR THE DEFENDANT

Page 4

Page 5

PROCEEDINGS

[Defendant present; 1:31 p.m.]

THE COURT: This is the State of Texas versus James Garfield Broadnax. This is Cause No. F08-24667.

Mr. Alex, would you introduce me to your colleague there on your left?

MR. ALEX: Yes, sir. This is Christy Dean. She's with our felony division, Judge. She will be assisting me in our pretrial portion of the case.

THE COURT: Also for the State is Ms. Andrea Hanley and Ms. Elaine Evans.

For the Defense are Mr. Brad Lollar, Mr. Doug Parks and Ms. Keri Mallon. The defendant is also present.

On April 7, 2009, we had a hearing on the questionnaire to be used and other matters by way of procedural history. On April 16th, the defendant was served with a jury list in the case. On April 21st, we had a motion hearing. At that time we set a 3822 hearing for July 23rd at 8:30, a 702 through 705 hearing was scheduled for July 24th at 8:30.

Mr. Lollar, would you remind me when we actually went down -- the date that we actually went down and had the big panel come in, when that was? I want to

Page 6

put it on the record. It was a Friday, I know that.

MR. LOLLAR: Yes, sir.

MR. PARKS: I think it was the 24th, April 24th.

MS. MALLON: That was the date.

THE COURT: Wow, time flies.

This case is set for jury trial, and what day is it set for, Mr. Parks?

MR. PARKS: I believe we have agreed today, Judge, to set that for August 10th.

MR. LOLLAR: It is currently set, Judge, for July 23rd -- No, no. The 22nd.

THE COURT: Are you agreeing to that new date, Mr. Alex?

MR. ALEX: We are, Your Honor. That's good.

THE COURT: How come we had to delay it?

MR. LOLLAR: We have noted how slow the process is going and the other one that is currently going on in the courthouse. They seem to have fewer issues to deal with. There is a retrial solely on punishment. They -- It looks like they have a lot fewer issues than we've got. They're five weeks into it and have five jurors.

We didn't want to get in the situation

Page 7

where starting next week as we talk to the panels that we tell them it's going to start July 27th and then they make their plans accordingly, come back and we have to tell them it's going to be a week or two later. So out of an abundance of caution, we decided to back it out a couple of weeks to --

THE COURT: They've probably got overly contentious acrimonious lawyers down there, though, don't they?

MR. LOLLAR: That's right. They do, Judge.

THE COURT: And we don't have that?

MR. LOLLAR: No, sir.

THE COURT: So I ruled on roughly twenty million motions last time. Who thinks they can put on the record the quickest what all has been ruled on and then let me know what else is left?

MR. ALEX: Ms. Dean typed up what she thought was already ruled on, Judge. I don't think we have shared that with Defense, but I'll pass it over to the Defense. I'll give this to the Court just by way of guidance.

THE COURT: Okay.

MR. ALEX: If we all agree, that will be something that's already --

Page 8

THE COURT: I'm going to go off the record right now. Y'all tell me when you're ready.

[Brief recess taken.]

MR. LOLLAR: The constitutionality of the statute, the State is opposed to the Court granting that.

THE COURT: Right. So I haven't ruled on it yet?

MR. LOLLAR: Right. You've not ruled on the first seven.

THE COURT: What I'm looking for now is for you to go through this and tell me if you agree with them or not. Then we can go to the ones that we haven't ruled on.

MR. LOLLAR: As to No. 8, I think we're in agreement. We're going to use questionnaires. We're already in that process.

As to No. 9, I think the State is in agreement with us that if they have juror selection data, they're going to share it with us.

MR. ALEX: I don't if he's --

THE COURT: Then we're going to go back and go over the ones that are not done yet.

MR. LOLLAR: 10, you've ruled on.

THE COURT: Right. You don't have to tell me this. I just want y'all to let me know when you're

SHARINA FOWLER, CSR  214-653-5696                    Page 5 - Page 8

Case 3:15-cv-01758-N    Document 39-5    Filed 06/28/16    Page 7 of 17    PageID 2340

Page 9

ready as to what you agree or disagree with.

Let's go off the record.

[Recess taken.]

THE COURT: The State has presented the Court with what it believes is the current posture on motions pending before the Court.

Does the Defense agree that as of now, there's been no ruling on 1 through 7?

MR. LOLLAR: Yes.

THE COURT: Have the parties come up with what they believe my ruling was on 8 and 9?

MR. ALEX: Judge, what we'll do in an abundance of caution, we've agreed to No. 8, which is what we've already done, and that was pass out the written questionnaires.

No. 9, the --

THE COURT: So No. 8 is granted. The motion to present written questionnaires.

MR. ALEX: No. 9, the State has agreed to share with the Defense the criminal history of any of the jurors we are calling up to --

THE COURT: On No. 9?

MR. ALEX: Yes.

THE COURT: So I'm granting that motion as well.

Page 10

MR. ALEX: However, Judge, the State is not agreeing to giving them prior jury history. We put on the record that that's the work product of the State.

THE COURT: So it's granted except as to prior jury history.

Mr. Lollar, do you agree that I denied the motion to videotape?

MR. LOLLAR: Judge, you did deny it. We might ask the Court to reconsider that motion. I brought the Court a law school article review about it and then some examples from other jurisdictions where apparently they do videotape voir dire in these type of cases on a routine basis. I found two cases for the Court where it helped the State avoid a mistrial.

THE COURT: Do you have those?

MR. LOLLAR: Yes, sir.

THE COURT: Can I have them?

MR. LOLLAR: Yes, sir.

THE COURT: I'll take a look at that and based on whatever I have on that, if I'm considering -- reconsidering that, I'll give the State a chance to respond.

Did you get that, Mr. Alex?

MR. ALEX: Yes.

THE COURT: As to No. 11, what is the

Page 11

State's position on that?

MR. ALEX: It's contrary to the law, Judge. I'll let Ms. Dean speak on that.

MS. DEAN: Our position is this. It's not usually done and it's not error to refuse it. There's two recent Court of Criminal Appeals cases, Mendoza and Saldono that say it's not error to refuse.

THE COURT: What's the cites on those two cases?

MS. DEAN: Mendoza is -- Hold on. I've got them referenced in other cases, in other motions.

I think Mendoza is unpublished and -- I'm not finding it right at my fingertips. I can email you the cites.

THE COURT: Would you do that?

MS. DEAN: Yes. It's Saldono v. State. I've got it written in another one. We may run across it then.

THE COURT: The Court is going to deny the request for the trial Court to allow counsel to inform the jury that a life sentence, not a mistrial, results from failure to unanimously answer special issues.

Now, have y'all agreed on No. 12?

MR. LOLLAR: Yes.

THE COURT: And so that's granted?

Page 12

MR. ALEX: Yes, sir.

THE COURT: No. 12 is granted.

No. 13 is a motion to question venire persons regarding the burden of proof on mitigation special issue.

What is the State's position on that?

MS. DEAN: State's position is there is no burden of proof on mitigation. The motion here is posing that there is. Escamea [phonetic] v. State, a Court of Criminal Appeals case from 2004 says mitigation special issue imposes the burden on neither party.

THE COURT: Is that right, Mr. Lollar?

MR. LOLLAR: That's the current state of law, yes, sir.

THE COURT: No. 13 is denied.

Do you agree with all of the annotations made in -- all the way down to -- Well, I can tell you right now that I remember what I did on the one about notice of intent to impeach the defendant with priors if he takes the stand.

Was that a *theus request, Mr. Lollar?

MR. LOLLAR: Yes, that's a *theus request.

THE COURT: I'm going to deny that. So all of those in 14, starting with disclosing exculpatory or mitigating evidence, all the way down through the

Page 13

notice of intent to impeach the defendant with priors, Mr. Lollar, do you agree with the State's annotations on all of those?

MR. LOLLAR: Yes.

MR. ALEX: Judge, the only caveat that -- 14 would be statements of the defendant. I think that at one point we thought we would not have a hearing on that because we were just thinking about the news videos. But there is statements --

THE COURT: Right. We're having a July 23rd hearing on all that.

Do you agree with the position on 15, Mr. Lollar?

MR. LOLLAR: Yes, sir.

THE COURT: Same with 16?

MR. LOLLAR: Yes.

THE COURT: 17 is granted.

18 is granted.

The motion to allow an incarcerated defendant access to a hot meal, the State put agreed and a question mark, but I don't care. I'm granting that no matter what.

Motion for discovery of victim impact testimony. I wouldn't think you would oppose that, Mr. Alex, do you?

Page 14

MR. ALEX: I think the way this motion was -- They wanted to have a hearing in advance of trial of what the victim was going to testify to. I think we'll get it on the record. The victim is going to identify the person -- A family member is going to identify our victims in this case, and they're going to do what they always do, and that is to personalize them to the jury. I think you said we weren't going to have a hearing on it, but I didn't have --

THE COURT: Is it any different -- anything different than straight up murder?

MR. ALEX: No, sir, not from my position. I don't think that having another hearing on it in advance is going to do anything but cause the loved one of the deceased to have to go through it twice.

THE COURT: Mr. Lollar?

MR. LOLLAR: But even as any straight up murder, there is limitations of what they can get into with the victim's relatives. You know, it's a short encapsulated thing and not very long.

THE COURT: And he knows that, I know that, and I won't let them do anything beyond what they're allowed to do.

So No. 20 is denied as to a hearing to preview the testimony, but is otherwise granted.

Page 15

The motion in limine regarding victim character and impact evidence is granted. Motion in limine regarding character witnesses was granted.

What was the motion in limine regarding photographs and videos, Mr. Lollar? No. 23?

MR. LOLLAR: Judge, I think that has to do with certain gruesomeness of the photographs that might be displayed by the State. At this point, I'd ask the Court to uphold that until we see exactly what the State is going to want to introduce. If we have any particular objections, we can voice that at the time.

THE COURT: I'll do that.

MR. ALEX: Judge, we're not -- I think the Court has accepted an agreement to do an evidentiary hearing. I will prepare a complete evidence list, and we can go through it. And they'll see what I'm offering and they can make their objections at that time.

THE COURT: When do you want to do that?

MR. ALEX: Did we not put it on the schedule?

THE COURT: No.

MR. ALEX: The --

THE COURT: Let's try and get it done on either the 23rd or 24th. Can you be ready to do it then?

MR. ALEX: Sure. Is that the --

Page 16

THE COURT: That's the same -- The 23rd is the Jackson versus Denno day. The 24th is the 702, 704, 705 day.

MR. ALEX: The 23rd is fine.

THE COURT: Is that all right, Mr. Lollar?

MR. LOLLAR: Yes, sir.

THE COURT: So special evidence rulings day, July 23rd.

The defendant's request for notice of extraneous offenses and character evidence was granted.

Motion for discovery production, granted.

Motion in limine regarding prior convictions is granted.

Motion to request a notice of State's intent to use prior convictions, that's granted.

Motion for hearing on admissibility of any statement by defendant whether written or oral, it says, "Mute," but actually we're having a hearing on that on July 23rd, right?

MR. ALEX: Yes, sir.

THE COURT: Motion for limiting instructions to the jury on extraneous offenses. I'm virtually certain that will be granted unless we don't have any extraneous offense evidence.

Motion regarding victim character impact

Page 17

testimony after Mosley versus State. I thought I granted that.

MR. LOLLAR: Yes.

THE COURT: No. 31, the two things on statements, 32 and 33, held for hearing on July 23rd. That's correct.

Motion for discovery related to DNA is granted. That's No. 34.

Motion for discovery production, Rule 702 hearing. We are going to have that 702 hearing on July 24th. It says, "I think this is being held until July 24th hearing." Well, it's not being held to the extent you've got to follow the rule on that as far as disclosure of your experts. That's ten days, I think, right?

MR. ALEX: I think the law says 20 days notice.

THE COURT: Is that right, Mr. Lollar?

MR. LOLLAR: Yes, sir.

THE COURT: Okay. 20 days it is.

MR. LOLLAR: And we hit seven, I believe, on June 22nd.

MR. ALEX: And one of the State's motions, Judge, I'm asking for the same thing. The date I put in there was June 22nd, and I'll comply with that same date.

Page 18

THE COURT: Will you do that also, Mr. Lollar?

MR. LOLLAR: Yes, sir. Now, we're backing trial up a couple of weeks. Did you want us to go ahead and get that done?

THE COURT: Yes. Don't do trial by surprise or ambush. The earlier we can get this exchange, the better.

MR. LOLLAR: That is one of the days we're supposed to be in voir dire, but we'll just cancel the voir dire for those days -- for that day.

THE COURT: Motion to preserve right to file additional motions, No. 36 is granted.

Motion to exclude evidence upon extraneous offenses was denied. That's No. 37.

Now, there's a motion in limine to preclude testimony concerning violent acts committed by others in prison.

I assume that was your motion, Mr. Lollar?

MR. LOLLAR: Yes.

THE COURT: What's the State's position on that?

MR. ALEX: I think that this motion addresses probably one of the State's witnesses that we always call in these cases, talking about the

Page 19

environment, the community in which the defendant would be living in. It is one of the elements of special issue.

Included in that, there is testimony about the environment the defendant would be living in if he was just in general population versus death row. I think that's the spirit of what this motion is sticking to. We believe that all of that can be relevant for the jury to decide whether or not the defendant can be a future danger in that community.

THE COURT: I think the law is that the expert gets to testify about the general environment, but not about it in specific instances of conduct that have taken place.

Isn't that right, Mr. Lollar?

MR. LOLLAR: Well, that's partially, yes, sir. It's our opinion that they're going to call Mr. Mernoff [phonetic] or Mr. Snippey [phonetic] to come say that people commit criminal acts of violence in the penitentiary. Well, that may be, but it's irrelevant whether or not this defendant will in the future commit criminal acts of violence. It's irrelevant, number one.

THE COURT: Hasn't -- Have the Appellate Courts let it in in the past?

MR. LOLLAR: Yes.

Page 20

THE COURT: 38 is granted.

MR. ALEX: So, Judge, you say it's granted for --

THE COURT: It's granted, but no specific instances of conduct.

Then there's a motion to introduce the testimony of the defendant's family and friends regarding their feelings on the prospect of the death sentence and the impact the execution would have. As I look at that, that looks like to me something I should let in.

MS. DEAN: State will oppose --

THE COURT: Why?

MS. DEAN: First of all, Court of Criminal Appeals in Gallo v. State, 239 SW3rd 757, said this type of evidence is objectionable because it does not pertain to appellate's background, character, record or the circumstances of the offense.

THE COURT: But it doesn't say that if I do that, that cause is going to be error, right?

MS. DEAN: Well, this was a case where the trial court did exclude it, but it went on to say what I just read, that this type of evidence is objectionable.

MR. ALEX: And, Judge, specifically what I -- what I would object to is anything that is confusing to the jury. What we allow in typically is relevant,

Page 21

even if it's minimally relevant.

If it's not relevant to the jury at all, then they go back and they take it in, but what do they take it in for? Do they take it in for future dangerousness? Do they take it in for whether or not there's something mitigating about the defendant?

Typically, you'll have arguments about evidence that's not relevant that just creates problems for them back there when they're deliberating.

THE COURT: Okay. Enough talking about this. I'm inclined to allow it. The State is going to have to do a better job convincing me not to allow it than what you've done so far today. I'm not going to make a final ruling on it yet, but it seems to me that that's only fair, which is what I try to be. That's No. 39.

MR. ALEX: We'll present to the judge a brief -- a very brief on it and give the defendant a chance to respond.

THE COURT: Motion in limine to exclude psychiatric or psychological testimony concerning future dangerousness. I've denied that motion.

Do you agree with that, Mr. Lollar?

MR. LOLLAR: Yes, sir.

THE COURT: Motion for jury instructions.

Page 22

We'll have jury instructions, but we're not going to decide what those are today.

Requested instruction to the jury regarding residual doubt.

What is that about, Mr. Lollar?

MR. LOLLAR: If they have a residual doubt about the defendant's guilt, that's a mitigating factor they can consider and assess a life sentence instead of the death penalty.

THE COURT: And I take it the State opposes that?

MS. DEAN: Yes, Your Honor.

THE COURT: I think the law is -- I don't give that, but --

MR. LOLLAR: It says you don't have to. It's the discretion of the Court.

THE COURT: I'm going to wait and see what the evidence shows, so I'm not going to rule on 42.

MS. DEAN: Your Honor, if I may, I would like to direct the Court to Williams v. State, 270 SW3rd 112. It talks about this, and there's no constitutional right to a residual doubt instruction.

THE COURT: Okay. I'll do that.

The motion to allow the Defense to close arguments on Special Issue No. 2 or 3. I don't think

Page 23

that's the law either.

Mr. Lollar, are you just asking me to be nice to you guys? Is that about it?

MR. LOLLAR: Well, in regards to special issue No. 3, Judge, the Court has recognized that the current law in Texas is that there is no burden on either side. Therefore, if there is no burden on either side, the traditional reason the State gets for closing is because they have the burden of proof. Well, they don't have the burden of proof.

Since the psychological social studies indicate that the jury tends to believe who they last heard, we think it only fair on that issue that we get to close last.

THE COURT: You got any case law to support that?

MR. LOLLAR: No, sir.

THE COURT: That's denied. No. 43 is denied.

Then on the punishment charge, I'm not going to rule on that today. We'll wait and see what happens when we get there.

Then there was a motion in limine on voir dire, No. 45. Mr. Parks, can you tell me about that?

MR. PARKS: Yes, Judge. This is just a

Page 24

motion in limine that I've filed. Basically it covers some things that are falling out of favor, I think, in the District Attorney's Office. It essentially is asking that the State be instructed not to give examples, for instance, with respect to future dangerousness of persons who could not possibly be a future danger. The quadriplegic, paraplegic examples of how a person could find another guilty of capital murder, yet find that there not a future danger because they can't get out of a wheelchair.

THE COURT: Response from the State?

MR. ALEX: Judge, I find it very difficult at this point to do a motion in limine regarding voir dire. We don't know that during voir dire jurors are going to -- the venire is going to -- There's going to be questions because the answers, by way of example -- the example that Mr. Parks just gave may be a perfect example depending on what the question is and what's being talked about.

If we're going to start doing motion in limine regarding examples of voir dire, I could probably come up with 100 of them for the Defense. But here, what he's got written on this paper on all the examples, they're proper under -- under the proper circumstances and they're used everyday. They're being used today,

Page 25

they'll be used tomorrow and there's no law that says -- As long as we're not committing the jurors to anything or going outside the bounds of voir dire, all these things are perfectly fine as far as examples.

THE COURT: Well, Judge Baird is doing the voir dire, so I'll let him decide this.

MR. PARKS: This is more in the -- along the lines of giving notice to the State, that if they veer into these areas, we're going to be screaming.

THE COURT: That's what I was going to say. I was going to say you will emit that as a term of art, I'm sure. I had enough screaming last week to last me for a lifetime.

Motion to exclude evidence of so-called lack of remorse. What's that about, Mr. Parks?

MR. PARKS: Well, that's basically the State arguing or making statements that -- that's actually a comment outside the record that, I'm assuming from nothing more than their beliefs, that there's been a lack of remorse exhibited by the defendant either during the course of the trial, which is outlawed by Good versus State, or just -- or -- It's a pretty simple motion. I -- It's short.

THE COURT: How is lack of remorse not relevant to the jury's determination in punishment?

Page 26

MR. PARKS: Well, it's relevant if it's based in -- in the evidence. And it may be that there would be evidence that would support the State's argument. But just to -- I --

THE COURT: What if there's evidence that the defendant had given an interview to TV saying that he's got no remorse? Are you saying that doesn't come in?

MR. PARKS: No, I'm not saying that. I'm just saying that if there is such evidence, then -- It depends on what the evidence is.

THE COURT: Well, I'll hold off on that, then.

What's the motion in limine to preclude testimony about violent acts by others?

MR. PARKS: That is the exact same motion almost just with a little bit more authority. It's one of Brad's that I overlooked when I filed this that the Court has already granted.

MR. ALEX: Is that the mere* mirror* --

MR. PARKS: The mere* life motion.

THE COURT: I granted that?

MR. ALEX: In part.

MR. PARKS: In part.

MR. ALEX: This is the one, Judge, where

Page 27

you said we could get into the community -- the prison community and talk about it, but not about the specific violent acts --

THE COURT: All right. Okay. That's No. 47.

The motion to limit the State's cross examination of the defendant to the scope of the direct examination by the Defense during the punishment phase. I'm very liberal on the scope of cross examination, and I won't confine you just to the direct examination. I only govern by the relevant rules of evidence, 608, 609, 404. I'm going to deny that. 48 is denied.

Motion to remark and inwardly digest Jones versus State and Threadgill versus State.

What's that about?

MR. PARKS: That is actually -- It's probably not exactly a motion. It's a -- It's a request to the judge who selects the jury to read the concurring opinions in those two states -- those two cases, admonishing the trial court to liberally grant motions for cause from the Defense because the Court of Criminal Appeals, Jones versus State, pretty much took away --

THE COURT: This is a voir dire motion?

MR. PARKS: It's a voir dire.

THE COURT: Judge Baird can decide that.

Page 28

That's all the motions that I have before me.

MR. ALEX: I think, Judge, we've got some motions for the State, and we've gone over -- I don't think they'll take very long.

THE COURT: Where are these?

MR. ALEX: Are they in the Court's file?

THE COURT: This is a State's motion for psychiatric examination of defendant for rebuttal testimony.

Do you oppose that, Mr. Lollar?

MR. LOLLAR: Yes, sir, we do.

THE COURT: Based on what?

MR. LOLLAR: We think they're kind of jumping the gun because obviously we haven't presented any psychiatric testimony.

THE COURT: How is it going to hurt?

MR. LOLLAR: If it's executed perfectly well, it wouldn't.

THE COURT: All right. That's not going to hurt. That motion is granted. Then if you don't do it, they won't have anything to rebut. If they do, then we won't have to tell they jury we've got to wait, which I won't do that.

Motion to disclose experts and hearings.

Case 3:15-cv-01758-N    Document 39-5    Filed 06/28/16    Page 12 of 17    PageID 2345

Page 29

I've already granted that.

MR. LOLLAR: Judge, we had asked the Court -- Mr. Parks can speak to this issue.

MR. PARKS: Well, Judge, I think that

Case 3:15-cv-01758-N   Document 39-5   Filed 06/28/16   Page 13 of 17   PageID 2346

**-\*-**

*theus [2]   12:21
12:22

**-0-**

08898800 [1]   2:3

**-1-**

1 [28]   3:1   4:1
5:1   6:1   7:1
8:1   9:1   9:8
10:1   11:1   12:1
13:1   14:1   15:1
16:1   17:1   18:1
19:1   20:1   21:1
22:1   23:1   24:1
25:1   26:1   27:1
28:1   29:1
10 [27]   3:10   4:10
5:10   6:10   7:10
8:10   8:23   9:10
10:10   11:10   12:10
13:10   14:10   15:10
16:10   17:10   18:10
19:10   20:10   21:10
22:10   23:10   24:10
25:10   26:10   27:10
28:10
100 [1]   24:22
10th [1]   6:10
11 [28]   1:11   3:11
4:11   5:11   6:11
7:11   8:11   9:11
10:11   10:25   11:11
12:11   13:11   14:11
15:11   16:11   17:11
18:11   19:11   20:11
21:11   22:11   23:11
24:11   25:11   26:11
27:11   28:11
112 [1]   22:21
12 [29]   1:12   3:12
4:12   5:12   6:12
7:12   8:12   9:12
10:12   11:12   11:23
12:2   12:12   13:12
14:12   15:12   16:12
17:12   18:12   19:12
20:12   21:12   22:12
23:12   24:12   25:12
26:12   27:12   28:12
125008700 [1]   2:14
13 [30]   1:13   2:13
3:13   4:13   5:13
6:13   7:13   8:13
9:13   10:13   11:13
12:3   12:13   12:15
13:13   14:13   15:13
16:13   17:13   18:13
19:13   20:13   21:13
22:13   23:13   24:13
25:13   26:13   27:13
28:13
133 [2]   2:6   2:19
14 [29]   1:14   3:14
4:14   5:14   6:14
7:14   8:14   9:14

10:14   11:14   12:14
12:24   13:6   13:14
14:14   15:14   16:14
17:14   18:14   19:14
20:14   21:14   22:14
23:14   24:14   25:14
26:14   27:14   28:14
15 [28]   1:15   3:15
4:15   5:15   6:15
7:15   8:15   9:15
10:15   11:15   12:15
13:12   13:15   14:15
15:15   16:15   17:15
18:15   19:15   20:15
21:15   22:15   23:15
24:15   25:15   26:15
27:15   28:15
15520000 [1]   2:10
16 [28]   1:16   3:16
4:16   5:16   6:16
7:16   8:16   9:16
10:16   11:16   12:16
13:15   13:16   14:16
15:16   16:16   17:16
18:16   19:16   20:16
21:16   22:16   23:16
24:16   25:16   26:16
27:16   28:16
16th [1]   5:18
17 [28]   1:17   3:17
4:17   5:17   6:17
7:17   8:17   9:17
10:17   11:17   12:17
13:17   13:17   14:17
15:17   16:17   17:17
18:17   19:17   20:17
21:17   22:17   23:17
24:17   25:17   26:17
27:17   28:17
1700 [1] 2:15
18 [29]   1:18   3:3
3:18   4:18   5:18
6:18   7:18   8:18
9:18   10:18   11:18
12:18   13:18   13:18
14:18   15:18   16:18
17:18   18:18   19:18
20:18   21:18   22:18
23:18   24:18   25:18
26:18   27:18   28:18
18TH [1]   1:13
19 [27]   1:19   3:19
4:19   5:19   6:19
7:19   8:19   9:19
10:19   11:19   12:19
13:19   14:19   15:19
16:19   17:19   18:19
19:19   20:19   21:19
22:19   23:19   24:19
25:19   26:19   27:19
28:19
1:31 [1]   5:2

**-2-**

2 [29]   3:2   3:4
4:2   5:2   6:2
7:2   8:2   9:2
10:2   11:2   12:2
13:2   14:2   15:2

16:2   17:2   18:2
19:2   20:2   21:2
22:2   22:25   23:2
24:2   25:2   26:2
27:2   28:2   29:2
20 [29]   1:20   3:20
5:20   6:20   7:20
8:20   9:20   10:20
11:20   12:20   13:20
14:20   14:24   15:20
16:20   17:16   17:20
17:20   18:20   19:20
20:20   21:20   22:20
23:20   24:20   25:20
26:20   27:20   28:20
2004 [1]   12:10
2009 [3]   1:13   3:3
5:16
21 [26]   1:21   3:21
5:21   6:21   7:21
8:21   9:21   10:21
11:21   12:21   13:21
14:21   15:21   16:21
17:21   18:21   19:21
20:21   21:21   22:21
23:21   24:21   25:21
26:21   27:21   28:21
214-384-8178 [1]   2:16
214-653-3550 [1]   2:20
214-653-3600 [1]   2:7
21st [1]   5:19
22 [27]   1:22   2:22
3:22   5:22   6:22
7:22   8:22   9:22
10:22   11:22   12:22
13:22   14:22   15:22
16:22   17:22   18:22
19:22   20:22   21:22
22:22   23:22   24:22
25:22   26:22   27:22
28:22
22nd [3]   6:12   17:22
17:25
23 [28]   1:23   2:23
3:23   5:23   6:23
7:23   8:23   9:23
10:23   11:23   12:23
13:23   14:23   15:5
15:23   16:23   17:23
18:23   19:23   20:23
21:23   22:23   23:23
24:23   25:23   26:23
27:23   28:23
239 [1]   20:14
23rd [9]   5:21   6:12
13:11   15:24   16:1
16:4   16:8   16:19
17:5
24 [27]   1:24   2:24
3:24   5:24   6:24
7:24   8:24   9:24
10:24   11:24   12:24
13:24   14:24   15:24
16:24   17:24   18:24
19:24   20:24   21:24
22:24   23:24   24:24

25:24   26:24   27:24
28:24
24003256 [1]   2:2
24032880 [1]   2:4
24049165 [1]   2:17
24th [7]   5:22   6:3
6:4   15:24   16:2
17:11   17:12
25 [27]   1:25   2:25
3:25   5:25   6:25
7:25   8:25   9:25
10:25   11:25   12:25
13:25   14:25   15:25
16:25   17:25   18:25
19:25   20:25   21:25
22:25   23:25   24:25
25:25   26:25   27:25
28:25
270 [1]   22:20
27th [1]   7:2

**-3-**

3 [29]   3:3   4:3
5:3   6:3   7:3
8:3   9:3   10:3
11:3   12:3   13:3
14:3   15:3   16:3
17:3   18:3   19:3
20:3   21:3   22:3
22:25   23:3   23:5
24:3   25:3   26:3
27:3   28:3   29:3
31 [1]   17:4
32 [1]   17:5
321 [1]   2:11
33 [1]   17:5
34 [2]   3:6   17:8
36 [1]   18:13
37 [1]   18:15
38 [1]   20:1
3822 [1] 5:20
39 [1]   21:16

**-4-**

4 [27]   3:4   4:4
5:4   6:4   7:4
8:4   9:4   10:4
11:4   12:4   13:4
14:4   15:4   16:4
17:4   18:4   19:4
20:4   21:4   22:4
23:4   24:4   25:4
26:4   27:4   28:4
29:4
404 [1]   27:11
42 [1]   22:18
43 [1]   23:18
45 [1]   23:24
450 [1]   2:15
47 [1]   27:5
48 [1]   27:12

**-5-**

5 [27]   3:5   3:5

6:5
7:5   8:5   9:5
10:5   11:5   12:5
13:5   14:5   15:5
16:5   17:5   18:5
19:5   20:5   21:5
22:5   23:5   24:5
25:5   26:5   27:5
28:5

**-6-**

6 [26]   3:6   4:6
5:6   6:6   7:6
8:6   9:6   10:6
11:6   12:6   13:6
14:6   15:6   16:6
17:6   18:6   19:6
20:6   21:6   22:6
23:6   24:6   25:6
26:6   27:6   28:6
608 [1]   27:11
609 [1]   27:11

**-7-**

7 [31]   1:5   1:7
1:16   3:7   4:7
5:7   5:16   6:7
7:7   8:7   9:7
9:8   10:7   11:7
12:7   13:7   14:7
15:7   16:7   17:7
18:7   19:7   20:7
21:7   22:7   23:7
24:7   25:7   26:7
27:7   28:7
702 [4]   5:21   16:2
17:9   17:10
704 [1]   16:3
705 [2]   5:21   16:3
75201 [1]   2:15
75207 [2]   2:6
2:19
757 [1]   20:14
75765 [1]   2:12

**-8-**

8 [30]   3:8   4:8
5:8   6:8   7:8
8:8   8:14   9:8
9:11   9:13   9:17
10:8   11:8   12:8
13:8   14:8   15:8
16:8   17:8   18:8
19:8   20:8   21:8
22:8   23:8   24:8
25:8   26:8   27:8
28:8
8:30 [2]   5:21   5:22

**-9-**

9 [32]   2:9   3:9
4:9   5:9   6:9
7:9   8:9   8:17
9:9   9:11   9:16
9:19   9:22   10:9
11:9   12:9   13:9

14:9    15:9    16:9
17:9    18:9    19:9
20:9    21:9    22:9
23:9    24:9    25:9
26:9    27:9    28:9
903-769-3120 [1]
2:12

**-A-**

above-entitled [1]
1:14
abundance [2]    7:5
9:13
accepted [1]    15:14
access [1]    13:20
accordingly [1] 7:3
acrimonious [1]
7:8
acts [5]    18:17    19:19
19:22    26:15    27:3
additional [1]    18:13
addresses [1]    18:24
admissibility [1]
16:16
admonishing [1]
27:20
advance [2]    14:2
14:14
agree [9] 7:24    8:11
9:1    9:7    10:6
12:16    13:2    13:12
21:23
agreed [5]    6:9
9:13    9:19    11:23
13:20
agreeing [2]    6:13
10:2
agreement [3]    8:15
8:18    15:14
ahead [1]    18:4
Alex [38]    2:2
5:6    5:8    6:14
6:15    7:18    7:24
8:20    9:12    9:19
9:23    10:1    10:23
10:24    11:2    12:1
13:5    13:25    14:1
14:12    15:13    15:19
15:22    15:25    16:4
16:20    17:16    17:23
18:23    20:2    20:23
21:17    24:12    26:20
26:23    26:25    28:3
28:7
allow [6]    11:20
13:19    20:25    21:11
21:12    22:24
allowed [1]    14:23
almost [1]    26:17
along [1]    25:7
always [2]    14:7
18:25
ambush [1]    18:7
Andrea [2]    2:3
5:12

annotations [2] 12:16
13:2
answer [1]    11:22
answers [1]    24:16
Appeals [4]    11:6
12:10    20:14    27:22
APPEARANCES [1]
3:4
Appellate [1]    19:23
appellate's [1]    20:16
April [4]    5:16
5:18    5:19    6:4
areas [1] 25:9
arguing [1]    25:17
argument [1]    26:4
arguments [2]    21:7
22:25
art [1]    25:12
article [1]    10:10
assess [1]    22:8
Assistant [1]    2:5
assisting [1]    5:10
assume [1]    18:19
assuming [1]    25:18
Attorney [2]    2:11
2:14
Attorney's [1]    24:3
Attorneys [1]    2:5
August [1]    6:10
authority [1]    26:17
avoid [1]    10:14
away [1] 27:22

**-B-**

background [1] 20:16
backing [1]    18:3
Baird [2]    25:5
27:25
based [3]    10:20
26:2    28:13
basis [1] 10:13
beliefs [1]    25:19
believes [1]    9:5
better [2]    18:8
21:12
beyond [1]    14:22
big [1]    5:25
bit [1]    26:17
Boulevard [2]    2:6
2:19
bounds [1]    25:3
Brad [2] 2:13    5:13
Brad's [1]    26:18
brief [2] 21:18    21:18
Broadnax [2]    1:6
5:4
brought [1]    10:9
burden [7]    12:4
12:8    12:11    23:6
23:7    23:9    23:10

**-C-**

C [2]    2:1    5:1
Calm [1]    2:11
cancel [1]    18:10
capital [1]    24:8
care [1]    13:21
case [7]    5:10    5:19
6:7    12:10    14:6
20:20    23:15
cases [7]    10:12
10:13    11:6    11:9
11:11    18:25    27:19
caution [2]    7:5
9:13
caveat [1]    13:5
certain [2]    15:7
16:23
CERTIFICATE [1]
3:6
chance [2]    10:21
21:19
character [5]    15:2
15:3    16:10    16:25
20:16
charge [1]    23:20
Christy [1]    5:8
circumstances [2]
20:17    24:24
cites [2] 11:8    11:14
close [2] 22:24    23:14
closing [1]    23:8
colleague [1]    5:7
comment [1]    25:18
Commerce [1]    2:15
commit [2]    19:19
19:21
committed [1]    18:17
committing [1] 25:2
community [4] 19:1
19:10    27:1    27:2
complete [1]    15:15
comply [1]    17:25
concerning [2] 18:17
21:21
concurring [1]    27:18
conduct [2]    19:13
20:5
confine [1]    27:10
confusing [1]    20:24
consider [1]    22:8
considering [1] 10:20
constitutional [1]
22:22
constitutionality [1]
8:4
contentious [1] 7:8
contrary [1]    11:2
convictions [2] 16:13
16:15
convincing [1] 21:12
correct [1]    17:6

counsel [1]    11:20
County [3]    1:6
1:17    2:18
couple [2]    7:6
18:4
course [1]    25:21
court [108]    1:5
1:16    3:6    5:3
5:11    6:6    6:13
6:17    7:7    7:12
7:14    7:21    7:23
8:1    8:5    8:6
8:10    8:21    8:24
9:4    9:5    9:6
9:10    9:17    9:22
9:24    10:4    10:9
10:10    10:13    10:15
10:17    10:19    10:25
11:6    11:8    11:15
11:19    11:19    11:20
11:25    12:2    12:9
12:12    12:15    12:23
13:10    13:15    13:17
14:10    14:16    14:21
15:9    15:12    15:14
15:18    15:21    15:23
16:1    16:5    16:7
16:21    17:4    17:18
17:20    18:1    18:6
18:12    18:21    19:11
19:23    20:1    20:4
20:12    20:13    20:18
20:21    21:10    21:20
21:25    22:10    22:13
22:16    22:17    22:20
22:23    23:5    23:15
23:18    24:11    25:5
25:10    25:24    26:5
26:12    26:19    26:22
27:4    27:20    27:21
27:23    27:25    28:6
28:8    28:13    28:17
28:20    29:3
Court's [1]    28:7
courthouse [1]    6:20
Courts [1]    19:24
covers [1]    24:1
creates [1]    21:8
criminal [10]    1:4
1:16    2:5    9:20
11:6    12:10    19:19
19:22    20:13    27:21
cross [2] 27:6    27:9
current [3]    9:5
12:13    23:6

**-D-**

D [1]    5:1
Dallas [8]    1:6
1:17    1:17    2:5
2:6    2:15    2:18
2:19
danger [3]    19:10
24:6    24:9
dangerousness [3]
21:5    21:22    24:5
data [1]    8:18
date [5]    5:24    6:5

17:25
DAVID [1]    2:2
days [5] 17:14    17:16
17:20    18:9    18:11
deal [1]    6:21
Dean [12]    5:9
7:18    11:3    11:4
11:10    11:16    12:7
20:11    20:13    20:20
22:12    22:19
death [3]    19:6
20:8    22:9
deceased [1]    14:15
decide [4]    19:9
22:2    25:6    27:25
decided [1]    7:5
defendant [18]    2:21
5:14    5:18    12:19
13:1    13:6    13:20
16:17    19:1    19:5
19:9    19:21    21:6
21:18    25:20    26:6
27:7    28:9
defendant's [3] 16:9
20:7    22:7
Defender [1]    2:18
Defense [9]    5:13
7:20    7:21    9:7
9:20    22:24    24:22
27:8    27:21
delay [1]    6:17
deliberating [1] 21:9
denied [8]    10:6
12:15    14:24    18:15
21:22    23:18    23:19
27:12
Denno [1]    16:2
deny [4] 10:8    11:19
12:23    27:12
depending [1]    24:18
determination [1]
25:25
different [2]    14:10
14:11
difficult [1]    24:12
digest [1]    27:13
dire [11] 10:12    18:10
18:11    23:24    24:14
24:14    24:21    25:3
25:6    27:23    27:24
direct [3]    22:20
27:7    27:10
disagree [1]    9:1
disclose [1]    28:25
disclosing [1]    12:24
disclosure [1]    17:14
discovery [4]    13:23
16:11    17:7    17:9
discretion [1]    22:16
displayed [1]    15:8
District [4]    1:4
1:16    2:5    24:3
division [1]    5:9
DNA [1]    17:7

Case 3:15-cv-01758-N    Document 39-5    Filed 06/28/16    Page 15 of 17    PageID 2348

**doesn't** [2] 20:18 26:7

**done** [6] 8:22 9:14 11:5 15:23 18:5 21:13

**doubt** [3] 22:4 22:6 22:22

**Doug** [2] 2:10 5:14

**down** [5] 5:24 5:24 7:8 12:17 12:25

**during** [3] 24:14 25:20 27:8

**-E-**

**E** [4] 2:1 2:1 5:1 5:1

**either** [5] 15:24 23:1 23:6 23:7 25:20

**Elaine** [2] 2:4 5:12

**elements** [1] 19:2

**email** [1] 11:13

**emit** [1] 25:11

**encapsulated** [1] 14:20

**environment** [3] 19:1 19:5 19:12

**error** [3] 11:5 11:7 20:19

**Escamea** [1] 12:9

**essentially** [1] 24:3

**Evans** [2] 2:4 5:12

**everyday** [1] 24:25

**evidence** [18] 12:25 15:2 15:15 16:7 16:10 16:24 18:14 20:15 20:22 21:8 22:18 25:14 26:2 26:3 26:5 26:10 26:11 27:11

**evidentiary** [1] 15:14

**exact** [1] 26:16

**exactly** [2] 15:9 27:17

**examination** [5] 27:7 27:8 27:9 27:10 28:9

**example** [3] 24:16 24:17 24:18

**examples** [6] 10:11 24:4 24:7 24:21 24:23 25:4

**except** [1] 10:4

**exchange** [1] 18:8

**exclude** [4] 18:14 20:21 21:20 25:14

**exculpatory** [1] 12:24

**executed** [1] 28:18

**execution** [1] 20:9

**exhibited** [1] 25:20

**expert** [1] 19:12

**experts** [2] 17:14 28:25

**extent** [1] 17:13

**extraneous** [4] 16:10 16:22 16:24 18:14

**-F-**

**F08-24667** [2] 1:3 5:5

**factor** [1] 22:7

**failure** [1] 11:22

**fair** [2] 21:15 23:13

**falling** [1] 24:2

**family** [2] 14:5 20:7

**far** [3] 17:13 21:13 25:4

**favor** [1] 24:2

**feelings** [1] 20:8

**felony** [1] 5:9

**fewer** [2] 6:20 6:22

**file** [2] 18:13 28:7

**filed** [2] 24:1 26:18

**final** [1] 21:14

**finding** [1] 11:13

**fine** [2] 16:4 25:4

**fingertips** [1] 11:13

**first** [2] 8:9 20:13

**five** [2] 6:23 6:24

**flies** [1] 6:6

**follow** [1] 17:13

**following** [1] 1:13

**found** [1] 10:13

**Friday** [1] 6:1

**friends** [1] 20:7

**future** [7] 19:9 19:21 21:4 21:21 24:5 24:6 24:9

**-G-**

**G** [1] 5:1

**Gallo** [1] 20:14

**Garfield** [1] 5:4

**general** [2] 19:6 19:12

**given** [1] 26:6

**giving** [2] 10:2 25:8

**gone** [1] 28:4

**good** [2] 6:16 25:21

**govern** [1] 27:11

**grant** [1] 27:20

**granted** [24] 9:17 10:4 11:25 12:2 13:17 13:18 14:25 15:2 15:3 16:10 16:11 16:13 16:15 16:23 17:1 17:8 18:13 20:1 20:2

20:4 26:19 26:22 28:21 29:1

**granting** [3] 8:5 9:24 13:21

**gruesomeness** [1] 15:7

**guidance** [1] 7:22

**guilt** [1] 22:7

**guilty** [1] 24:8

**gun** [1] 28:15

**guys** [1] 23:3

**-H-**

**HANDLEY** [1] 2:3

**Hanley** [1] 5:12

**heard** [1] 23:13

**hearing** [20] 1:9 1:14 3:5 5:16 5:20 5:20 5:21 13:7 13:11 14:2 14:9 14:13 14:24 15:15 16:16 16:18 17:5 17:10 17:10 17:12

**hearings** [1] 28:25

**held** [4] 1:16 17:5 17:11 17:12

**helped** [1] 10:14

**history** [4] 5:18 9:20 10:2 10:5

**hit** [1] 17:21

**hold** [2] 11:10 26:12

**Holly** [1] 2:12

**Honor** [3] 6:15 22:12 22:19

**Honorable** [1] 1:15

**hot** [1] 13:20

**hurt** [2] 28:17 28:21

**-I-**

**identify** [2] 14:5 14:6

**impact** [4] 13:23 15:2 16:25 20:9

**impeach** [2] 12:19 13:1

**imposes** [1] 12:11

**incarcerated** [1] 13:19

**inclined** [1] 21:11

**Included** [1] 19:4

**INDEX** [1] 3:1

**indicate** [1] 23:12

**Industrial** [2] 2:6 2:19

**inform** [1] 11:20

**instance** [1] 24:5

**instances** [2] 19:13 20:5

**instead** [1] 22:8

**instructed** [1] 24:4

**instruction** [2] 22:3

22:22

**instructions** [3] 16:22 21:25 22:1

**intent** [3] 12:19 13:1 16:15

**interview** [1] 26:6

**introduce** [3] 5:6 15:10 20:6

**inwardly** [1] 27:13

**irrelevant** [1] 19:20 19:22

**issue** [7] 12:5 12:11 19:3 22:25 23:5 23:13 29:3

**issues** [3] 6:21 6:23 11:22

**-J-**

**Jackson** [1] 16:2

**James** [2] 1:6 5:4

**job** [1] 21:12

**Jones** [2] 27:13 27:22

**judge** [27] 1:15 5:9 6:10 6:11 7:11 7:19 9:12 10:1 10:8 11:3 13:5 15:6 15:13 17:24 20:2 20:23 21:17 23:5 23:25 24:12 25:5 26:25 27:18 27:25 28:3 29:2 29:4

**July** [10] 5:21 5:22 6:12 7:2 13:11 16:8 16:19 17:5 17:11 17:12

**jumping** [1] 28:15

**June** [2] 17:22 17:25

**jurisdictions** [1] 10:11

**juror** [1] 8:18

**jurors** [4] 6:24 9:21 24:14 25:2

**jury** [16] 5:19 6:7 10:2 10:5 11:21 14:8 16:22 19:8 20:25 21:2 21:25 22:1 22:3 23:12 27:18 28:23

**jury's** [1] 25:25

**-K-**

**Keri** [2] 2:17 5:14

**kind** [1] 28:14

**knows** [1] 14:21

**-L-**

**lack** [3] 25:15 25:20 25:24

**Lake** [1] 2:12

**Lane** [1] 2:11

**last** [5] 7:15 23:12

23:1 23:2 25:12

**law** [12] 2:11 2:14 10:10 11:2 12:14 17:16 19:11 22:13 23:1 23:6 23:15 25:1

**lawyers** [1] 7:8

**left** [2] 5:7 7:17

**liberal** [1] 27:9

**liberally** [1] 27:20

**life** [3] 11:21 22:8 26:21

**lifetime** [1] 25:13

**limine** [11] 15:1 15:3 15:4 16:12 18:16 21:20 23:23 24:1 24:13 24:21 26:14

**limit** [1] 27:6

**limitations** [1] 14:18

**limiting** [1] 16:21

**lines** [1] 25:8

**list** [2] 5:19 15:15

**living** [2] 19:2 19:5

**Lollar** [58] 2:13 5:13 5:23 6:2 6:11 6:18 7:10 7:13 8:4 8:8 8:14 8:23 9:9 10:6 10:8 10:16 10:18 11:24 12:12 12:13 12:21 12:22 13:2 13:4 13:13 13:14 13:16 14:16 14:17 15:5 15:6 16:5 16:6 17:3 17:18 17:19 17:21 18:2 18:3 18:9 18:19 18:20 19:15 19:16 19:25 21:23 21:24 22:5 22:6 22:15 23:2 23:4 23:17 28:11 28:12 28:14 28:18 29:2

**look** [2] 10:19 20:9

**looking** [1] 8:10

**looks** [2] 6:22 20:10

**loved** [1] 14:14

**-M-**

**Mallon** [3] 2:17 5:14 6:5

**mark** [1] 13:21

**matter** [1] 13:22

**matters** [1] 5:17

**may** [7] 1:13 3:3 11:17 19:20 22:19 24:17 26:2

**meal** [1] 13:20

**member** [1] 14:5

**Mendoza** [3] 11:6 11:10 11:12

**mere** [2] 26:20 26:21

**Mernoff** [1] 19:18
**might** [2] 10:9, 15:7
**Mike** [1] 1:15
**million** [1] 7:15
**minimally** [1] 21:1
**mirror** [1] 26:20
**mistrial** [2] 10:14, 11:21
**mitigating** [3] 12:25, 21:6, 22:7
**mitigation** [3] 12:4, 12:8, 12:10
**Mosley** [1] 17:1
**motion** [48] 5:20, 9:18, 9:24, 10:7, 10:9, 12:3, 12:8, 13:19, 13:23, 14:1, 15:1, 15:2, 15:4, 16:11, 16:12, 16:14, 16:16, 16:21, 16:25, 17:7, 17:9, 18:12, 18:14, 18:16, 18:19, 18:23, 19:7, 20:6, 21:20, 21:22, 21:25, 22:24, 23:23, 24:1, 24:13, 24:20, 25:14, 25:22, 26:14, 26:16, 26:21, 27:6, 27:13, 27:17, 27:23, 28:8, 28:21, 28:25
**motions** [8] 7:15, 9:6, 11:11, 17:23, 18:13, 27:20, 28:1, 28:4
**Ms** [15] 5:12, 5:12, 5:14, 6:5, 7:18, 11:3, 11:4, 11:10, 11:16, 12:7, 20:11, 20:13, 20:20, 22:12, 22:19
**murder** [3] 14:11, 14:18, 24:8
**Mute** [1] 16:18

**-N-**

**N** [4] 2:1, 2:6, 2:19, 5:1
**neither** [1] 12:11
**new** [1] 6:13
**news** [1] 13:8
**next** [1] 7:1
**nice** [1] 23:3
**noted** [1] 6:18
**nothing** [1] 25:19
**notice** [6] 12:19, 13:1, 16:9, 16:14, 17:17, 25:8
**now** [7] 8:2, 8:10, 9:7, 11:23, 12:18, 18:3, 18:16
**number** [1] 19:22
**numbered** [1] 1:15

**-O-**

**O** [1] 5:1
**object** [1] 20:24
**objectionable** [2] 20:15, 20:22
**objections** [2] 15:11, 15:17
**obviously** [1] 28:15
**off** [3] 8:1, 9:2, 26:12
**offense** [2] 16:24, 20:17
**offenses** [3] 16:10, 16:22, 18:15
**offering** [1] 15:16
**Office** [1] 24:3
**one** [12] 6:19, 11:17, 12:18, 13:7, 14:14, 17:23, 18:9, 18:24, 19:2, 19:22, 26:17, 26:25
**ones** [2] 8:12, 8:22
**opinion** [1] 19:17
**opinions** [1] 27:19
**oppose** [3] 13:24, 20:11, 28:11
**opposed** [1] 8:5
**opposes** [1] 22:11
**oral** [2] 1:18, 16:17
**otherwise** [1] 14:25
**outlawed** [1] 25:21
**outside** [2] 25:3, 25:18
**overlooked** [1] 26:18
**overly** [1] 7:7

**-P-**

**P** [3] 2:1, 2:1, 5:1
**p.m.]** [1] 5:2
**PAGE** [1] 3:2
**panel** [1] 5:25
**panels** [1] 7:1
**paper** [1] 24:23
**paraplegic** [1] 24:7
**Parks** [20] 2:10, 5:14, 6:3, 6:8, 6:9, 23:24, 23:25, 24:17, 25:7, 25:15, 25:16, 26:1, 26:9, 26:16, 26:21, 26:24, 27:16, 27:24, 29:3, 29:4
**part** [2] 26:23, 26:24
**partially** [1] 19:16
**particular** [1] 15:10
**parties** [1] 9:10
**party** [1] 12:11
**pass** [2] 7:20, 9:14
**past** [1] 19:24
**penalty** [1] 22:9
**pending** [1] 9:6

**penitentiary** [1] 19:20
**people** [1] 19:19
**perfect** [1] 24:17
**perfectly** [2] 25:4, 28:18
**person** [2] 14:5, 24:7
**personalize** [1] 14:7
**persons** [2] 12:4, 24:5
**pertain** [1] 20:15
**phase** [1] 27:8
**photographs** [2] 15:5, 15:7
**place** [1] 19:14
**plans** [1] 7:3
**point** [3] 13:7, 15:8, 24:13
**population** [1] 19:6
**portion** [1] 5:10
**posing** [1] 12:8
**position** [7] 11:1, 11:4, 12:6, 12:7, 13:12, 14:12, 18:21
**possibly** [1] 24:6
**posture** [1] 9:5
**preclude** [2] 18:17, 26:14
**prepare** [1] 15:15
**present** [4] 5:2, 5:15, 9:18, 21:17
**presented** [2] 9:4, 28:15
**preserve** [1] 18:12
**Presiding** [1] 1:16
**pretrial** [3] 1:9, 3:5, 5:10
**pretty** [2] 25:22, 27:22
**preview** [1] 14:25
**priors** [2] 12:19, 13:1
**prison** [2] 18:18, 27:1
**problems** [1] 21:8
**procedural** [1] 5:18
**proceedings** [2] 1:14, 1:18
**process** [2] 6:19, 8:16
**product** [1] 10:3
**production** [2] 16:11, 17:9
**proof** [4] 12:4, 12:8, 23:9, 23:10
**proper** [2] 24:24
**prospect** [1] 20:8
**psychiatric** [3] 21:21, 28:9, 28:16
**psychological** [2] 21:21, 23:11

**Public** [1] 2:18
**punishment** [4] 6:22, 23:20, 25:25, 27:8
**put** [6] 6:1, 7:15, 10:2, 13:20, 15:19, 17:24

**-Q-**

**quadriplegic** [1] 24:7
**questionnaire** [1] 5:17
**questionnaires** [3] 8:15, 9:15, 9:18
**questions** [1] 24:16
**quickest** [1] 7:16

**-R-**

**R** [2] 2:1, 5:1
**Ranch** [1] 2:12
**read** [2] 20:22, 27:18
**ready** [3] 8:2, 9:1, 15:24
**reason** [1] 23:8
**rebut** [1] 28:22
**rebuttal** [1] 28:9
**recent** [1] 11:6
**recess** [1] 8:3
**recognized** [1] 23:5
**reconsider** [1] 10:9
**reconsidering** [1] 10:21
**record** [9] 1:1, 6:1, 7:16, 8:1, 9:2, 10:3, 14:4, 20:16, 25:18
**referenced** [1] 11:11
**refuse** [2] 11:5, 11:7
**regarding** [10] 12:4, 15:1, 15:3, 15:4, 16:12, 16:25, 20:7, 22:4, 24:13, 24:21
**regards** [1] 23:4
**related** [1] 17:7
**relatives** [1] 14:19
**relevant** [8] 19:8, 20:25, 21:1, 21:2, 21:8, 25:25, 26:1, 27:11
**remark** [1] 27:13
**remember** [1] 12:18
**remind** [1] 5:23
**remorse** [4] 25:15, 25:20, 25:24, 26:7
**reported** [1] 1:18
**REPORTER'S** [2] 1:1, 3:6
**request** [6] 11:20, 12:21, 12:22, 16:9, 16:14, 27:17
**Requested** [1] 22:3

**residual** [3] 22:4, 22:6, 22:22
**respect** [1] 24:5
**respond** [2] 10:22, 21:19
**Response** [1] 24:11
**results** [1] 11:21
**retrial** [1] 6:21
**review** [1] 10:10
**right** [19] 7:10, 8:2, 8:6, 8:8, 8:24, 11:13, 12:12, 12:18, 13:10, 16:5, 16:19, 17:15, 17:18, 18:12, 19:15, 20:19, 22:22, 27:4, 28:20
**roughly** [1] 7:14
**routine** [1] 10:13
**row** [1] 19:6
**rule** [4] 17:9, 17:13, 22:18, 23:21
**ruled** [7] 7:14, 7:16, 7:19, 8:6, 8:8, 8:13, 8:23
**rules** [1] 27:11
**ruling** [3] 9:8, 9:11, 21:14
**rulings** [1] 16:7
**run** [1] 11:17

**-S-**

**S** [2] 2:1, 5:1
**Saldono** [2] 11:7, 11:16
**says** [6] 12:10, 16:17, 17:11, 17:16, 22:15, 25:1
**SBOT** [6] 2:2, 2:3, 2:4, 2:10, 2:14, 2:17
**schedule** [1] 15:20
**scheduled** [1] 5:22
**school** [1] 10:10
**scope** [2] 27:7, 27:9
**screaming** [2] 25:9, 25:12
**see** [4] 15:9, 15:16, 22:17, 23:21
**seem** [1] 6:20
**selection** [1] 8:18
**selects** [1] 27:18
**sentence** [3] 11:21, 20:8, 22:8
**served** [1] 5:19
**set** [5] 5:20, 6:7, 6:8, 6:10, 6:11
**seven** [2] 8:9, 17:21
**share** [2] 8:19, 9:20
**shared** [1] 7:20
**short** [2] 14:19, 25:23
**shows** [1] 22:18

side [2] 23:7    23:7
simple [1]    25:22
situation [1]    6:25
slow [1] 6:18
Snipes [1]    1:15
Snippey [1]    19:18
so-called [1]    25:14
social [1]    23:11
solely [1]    6:21
speak [2]    11:3
29:3
special [7]    11:22
12:5    12:10    16:7
19:2    22:25    23:4
specific [3]    19:13
20:4    27:2
specifically [1] 20:23
spirit [1]    19:7
stand [1]    12:20
start [2]  7:2    24:20
starting [2]    7:1
12:24
state [34]    1:4
2:8    5:3    5:11
8:5    8:17    9:4
9:19    10:1    10:3
10:14    10:21    11:16
12:9    12:13    13:20
15:8    15:9    17:1
20:11    20:14    21:11
22:10    22:20    23:8
24:4    24:11    25:8
25:17    25:22    27:14
27:14    27:22    28:4
State's [11]    11:1
12:6    12:7    13:2
16:14    17:23    18:21
18:24    26:3    27:6
28:8
statement [1]    16:17
statements [4]    13:6
13:9    17:5    25:17
states [1]    27:19
statute [1]    8:5
stenography [1]
1:18
sticking [1]    19:7
straight [2]    14:11
14:17
studies [1]    23:11
such [1]  26:10
Suite [1] 2:15
support [2]    23:16
26:3
supposed [1]    18:10
surprise [1]    18:7
SW3rd [2]    20:14
22:21

-T-

taken.] [2]    8:3
9:3
takes [1] 12:20

talks [1] 22:21
ten [1]    17:14
tends [1]    23:12
term [1] 25:11
testify [2]    14:3
19:12
testimony [10]    13:24
14:25    17:1    18:17
19:4    20:7    21:21
26:15    28:10    28:16
Texas [10]    1:4
1:6    1:17    2:6
2:8    2:12    2:15
2:19    5:3    23:6
Therefore [1]    23:7
They've [1]    7:7
thinking [1]    13:8
thinks [1]    7:15
thought [3]    7:19
13:7    17:1
Threadgill [1]    27:14
through [6]    5:21
8:11    9:8    12:25
14:15    15:16
today [5]    6:10
21:13    22:2    23:21
24:25
tomorrow [1]    25:1
took [1]  27:22
traditional [1]    23:8
trial [8]  6:7    11:20
14:2    18:4    18:6
20:21    25:21    27:20
try [2]    15:23    21:15
TV [1]    26:6
twenty [1]    7:14
twice [1]    14:15
two [7]  7:4    10:13
11:6    11:8    17:4
27:19    27:19
type [3]  10:12    20:14
20:22
typed [1]    7:18
typically [2]    20:25
21:7

-U-

unanimously [1]
11:22
under [2]    24:24
24:24
unless [1]    16:23
unpublished [1]
11:12
up [7]    7:18    9:10
9:21    14:11    14:17
18:4    24:22
uphold [1]    15:9
used [4] 5:17    24:25
24:25    25:1
usually [1]    11:5

-V-

v [4]    11:16    12:9
20:14    22:20
veer [1]    25:9
venire [2]    12:3
24:15
versus [8]    5:4
16:2    17:1    19:6
25:21    27:14    27:14
27:22
victim [5]    13:23
14:3    14:4    15:1
16:25
victim's [1]    14:19
victims [1]    14:6
videos [2]    13:8
15:5
videotape [2]    10:7
10:12
violence [2]    19:19
19:22
violent [3]    18:17
26:15    27:3
virtually [1]    16:23
voice [1]    15:11
voir [11] 10:12    18:10
18:11    23:23    24:13
24:14    24:21    25:3
25:6    27:23    27:24
VOL [1] 3:2
VOLUME [1]    1:2
VS [1]    1:5

-W-

wait [3]  22:17    23:21
28:23
Waters [1]    2:11
week [3] 7:1    7:4
25:12
weeks [3]    6:23
7:6    18:4
wheelchair [1]    24:10
Williams [1]    22:20
witnesses [2]    15:3
18:24
Wow [1] 6:6
written [5]    9:15
9:18    11:17    16:17
24:23

-Y-

y'all [3] 8:2    8:25
11:23
yet [4]    8:7    8:22
21:14    24:8

-[-

[Brief [1]    8:3
[Defendant [1] 5:2
[phonetic] [3]    12:9
19:18    19:18
[Recess [1]    9:3

-I-

I [5]    1:4    1:4
1:5    1:5    1:6