Affidavit of Fact

STATE OF TEXAS              §
                           §    SS.
COUNTY OF DALLAS           §

BEFORE ME, the undersigned authority, on this day personally appeared Clifton Jenkins, who being by me duly sworn, did depose and state upon oath as follows:

1.  My name is Clifton (Cliff) Jenkins. I am over twenty-one years of age and am fully competent to make this affidavit.

2.  Except where stated that I have been told by someone else, I have personal knowledge of all the facts set forth herein, and all such facts are true and correct.

3.  I was appointed as the fact investigator in the state capital habeas litigation styled: Ex parte James Garfield Broadnax, Criminal District Court #7, Cause No. F08-24677-Y, Texas Court of Criminal Appeals, AP 76-207.

4.  I am a private investigator, License No. A05152, under the Texas Occupations Code and Rules Approved by the Department of Public Safety. I have been appointed by various state and federal court judges over the past twenty (20) years. I worked with defense attorneys in both capital and non-capital cases.

5.  On March 30, 2011, the Honorable Michael Snipes of Criminal District Court #7, Dallas County, TX appointed me the fact investigator to assist defense counsel in the preparation of the state application for writ of habeas corpus on behalf of James Broadnax,

Applicant, who was found guilty of capital murder and sentenced to death.

6. On December 12, 2011, I conducted an investigation into the media interviews of Mr. Broadnax on June 23, 2008. My investigation was as follows:

a. I did an internet search on the four TV news stations, who assigned reporters to interview Mr. Broadnax: Channels 4, 5, 8, and 11. After gathering the contact information, I attempted to contact persons at those media outlets.

b. I went to WFAA Channel 8 located at 606 Young Street. I contacted an assignments editor by telephone. The assignments editor would not speak with me. Instead, she told me I had to go to the Belo Legal Office and meet with the Belo Legal Attorneys. I did so and met with Attorney Sandy Braswell and another attorney, who did not give his name. I asked Attorney Braswell how the reporters for Channel 8 got information about arrested capital murder suspects, and Mr. Broadnax in particular, and thereafter learned about their movements within the Dallas County jail. Attorney Braswell stated that she preferred not to give out that information and that there are laws to protect Belo from having to disclose that information. With that, she concluded the interview.

c. I then went to KDFW Fox 4, located at 400 N. Griffin Street. I was told by a security officer at that building that I could not enter the building without an appointment. I called up to an assignments editor for Fox 4, who told me I had to speak with Bruce Smith, the News Director for Fox 4. Mr. Smith was not available to take my call. I left my cell phone number on Mr. Smith's voice mail, and asked Mr. Smith to call me back. After several days, Mr. Smith returned my phone call. I asked Mr. Smith how the reporters for Channel 4 got information about arrested capital murder suspects, and Mr. Broadnax in particular, and then found them within the Dallas County jail so the reporters could interview Mr. Broadnax. Mr. Smith said

2

261

that he did not want to give me any information on how Fox 4 locates jails suspects. Mr. Smith ended the conversation and hung up.

d. I contacted the Assignments Editor for Channel 5, Stephen Wright. I asked Mr. Wright how the reporters for Channel 5 got information about arrested capital murder suspects, and Mr. Broadnax in particular, and thereafter learned about their movements within the Dallas County jail so the reporters could be sent to interview Mr. Broadnax. Mr. Wright said that a suspect can be located by called the arresting agency, by doing an online records search for the jailed suspects, and by contacting the Dallas County Sheriff's Department. When they find the suspect, they fax a request for a media interview to the Dallas County Sheriff's Department.

e. I contacted an assignments editor for KTVT Channel 11, Mike Pool. I asked Mr. Pool how they know the locations of high profile murder suspects, like James Broadnax, who have been arrested. Mr. Pool told me that "they can be found" by calling the arresting law enforcement agency, by doing a web search of dallascounty.org, by doing a Dallas County JI54 computer check, by having an employee hanging out at the jail, or by contacting the Dallas County Sheriff's Department Inmate Location Desk.

7. On November 19, 2012, in preparation for the evidentiary hearing, I called Steven Wright, the assignments editor at NBC Channel 5 again. I also called Mike Pool, the assignments editor at Channel 11, again. Mike Pool said he remembered me. However, both he and Mr. Wright refused to provide me with any more specific information and told me that I would have to talk to the attorneys in their legal department. In particular, Mr. Pool told me that the attorney for Channel 11 is in New York and his name is Andrew Siegel, 212-975-

3

262

4480. None of the four Channels would provide me with any more information on the Broadnax interviews.

FURTHER AFFIANT SAYETH NOT.

Clifton Jenkins,    
Private Investigator
License No. A05152
2951 Harlee Drive
Dallas, TX 75234
(469) 438-7959

Before me, a Notary Public, on this day personally appeared Clifton Jenkins, known to me or through (description of identity card or other document) _____ to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this date: _____

Notary Public

AYESHA HUSSAIN KHAN
My Commission Expires
August 4. 2015

263

# *Tab* 24

AFFIDAVIT OF FACT

STATE OF TEXAS

COUNTY OF DALLAS

BEFORE ME, the undersigned authority, on this day personally appeared Clifton Jenkins, who being by me duly sworn, did depose and state upon his oath as following.

My name is Clifton Jenkins. I am over twenty-one years of age and am fully competent to make this affidavit.

1. I was appointed as the fact investigator in the state capital habeas litigation styled: Ex parte James Garfield Broadnax, Criminal District Court #7, Cause No. F08-24677-Y, Texas Court of Criminal Appeals, AP-76-207

2. I am a private investigator License No. A05152, under the Texas Occupations Code and Rules Approved by the Department of Public Safety. I have been appointed by various state and federal court judges over the past twenty (20) years. I worked with defense attorneys in both capital and non-capital cases.

3. On March 30th, 2011, the Honorable Michael Snipes of Criminal District Court #7, Dallas County, Texas appointed me the Fact Investigator to assist defense counsel in the preparation of the state Application for Writ of Habeas Corpus on behalf of the Applicant, James Garfield Broadnax, who was found guilty of capital murder and was sentenced to death.

4. A due diligence investigation into how the media learns about the location of a capital murder suspect in the Dallas County jail does not appear to have been done before the August 4, 2009 suppression hearing in the Broadnax case. Based on my investigation, had such an investigation been done, defense counsel would have learned that the media can and does obtain location information from various public information sources without prior law enforcement contact. They also would have learned that sometimes, to avoid answering questions, the media invokes legal privilege even outside a courtroom setting. With these facts, defense counsel would have been alerted to possible problems asserting "reporters as state agents," and been on notice to explore other theories as well.

265

Page    2

My investigation was as follows:

a.      I did an internet search on the four (4) TV news media stations assinging    reporters to make jail interviews with Ex parte James Broadnax.  I viewed and noted the  addresses and telephone numbers for Channel 4, Channel 5,  Channel 8, and Channel 11.

b.      I went to WFAA Channel 8 located a 606 Young Street. The assignment editor directed me to go to the Belo Legal Office and talk to Channel Eights attorneys. I met with two attorneys who stated that they prefered not to give information about how they know when a suspect is incarcerated in the Dallas Jail System. They also stated there are laws to protect them from giving out that information.

c.      I then went to KDFW Fox 4 located at 400 N. Griffin Street.  I was told by security that I couldn't enter the building without an appointment.  I contacted Channel fours assignment editor who refered me to the news director's voice mail.  I left my cell phone number and waited for his return call for several days. He returned my call informing me that he didn't care to give any information  on locating jail suspects. t.

d.      I contacted channel five's assignment editor and asked him how they know movements and locations of capital murder suspects that have been arrested.  He stated that locations can  be   found by calling the agency that arrested the suspect, by doing a online record search of jail lookup, and by contacting the Dallas County Sheriffs Department.  When they locate the suspect, they fax a request for inmate visitation.

e.      I contacted KTVT channel eleven's assignment editor and inquired how they know the locations of high profile murder suspects that have been arrested. He informed me that they can get that by calling the arresting law enforcement angency, by doing a websearch of Dallas County.Org, by doing a Dallas County JI54 computer check, or by contacting the the Dallas County Sheriffs Department Inmate Location desk.

FURTHER AFFIANT SAYETH NOT.

266

Page   3

_Clifton Jenkins_
Clifton Jenkins

Private Investigator
license #  A05152
2951 Harlee Drive
Farmers Branch,Tx
(469)438-7959

SUBSCRIBED AND SWORN TO before me this _16_ day _of December_ 2011

_Notary_
Notary Public

267



IN THE
TEXAS COURT OF CRIMINAL APPEALS
and
CRIMINAL DISTRICT COURT NO. 7, DALLAS COUNTY, TX

---

TCCA Cause No. AP-76,207
Criminal District Court No. 7, Cause No. F08-24667-Y

---

### Ex Parte JAMES GARFIELD BROADNAX, Petitioner

---

*Exhibits – VOLUME II OF II*
Exhibit 20 through and including Exhibit 26

---

**DEATH-PENALTY CASE**

Lydia M.V. Brandt
Texas Bar No. 00795262
THE BRANDT LAW FIRM, P.C.
P.O. Box 850843
Richardson, Texas   75085-0843
(972) 699-7020 Voice; (972) 699-7030 Fax
COUNSEL FOR JAMES BROADNAX

268

Affidavit of Fact

STATE OF TEXAS            §
                         §    SS.
COUNTY OF DALLAS         §


BEFORE ME, the undersigned authority, on this day personally appeared Lydia M.V. Brandt, who being by me duly sworn, did depose and state upon oath as follows:

1.  My name is Lydia M.V. Brandt. I am over twenty-one years of age and am fully competent to make this affidavit.

2.  Except where stated that I have been told by someone else, I have personal knowledge of all the facts set forth herein, and all such facts are true and correct.

3.  I am the state habeas attorney who represents James Broadnax in *State of Texas v. Broadnax*, in the Criminal District Court No. 7, Cause No. F08- 24667-Y, AP-76,207, Dallas County, TX.

4.  On November 19, 2012, I called Steven Wright, the assignments editor at NBC Channel 5. I identified my self as an attorney who represented Mr. Broadnax, who was filmed by Channel 5. I asked Mr. Wright if he would be willing to speak with me. Mr. Wright said no. I asked Mr. Wright if he was, or could refer me to the assignments editor who handled the Broadnax case. Again he said no. Mr. Wright said he would transfer me back to the operator who could put me through to the media's attorneys. When Mr. Wright returned me to the operator, Sharla? (spelling), she said there were no attorneys on premises and that she did not know who the media's attorneys were.

5.  On November 19, 2012, I called Mike Pool, the assignments editor at Channel 11. I identified my self as an attorney who represented Mr. Broadnax, who was filmed by Channel 11. I asked Mr. Pool if he would be willing to speak with me. Mr. Pool said no, that he was not

1

authorized to speak on behalf of station. Mr. Pool immediately said I would have to speak with the media's attorneys in New York, Andrew Siegel, 212-975-4480. Mr. Pool said he had given Mr. Cliff Jenkins, the fact investigator in Broadnax, this same information.

FURTHER AFFIANT SAYETH NOT.

Lydia M.V. Brandt
Texas Bar No. 00795262
THE BRANDT LAW FIRM, P.C.
P.O. Box 850843
Richardson, Texas   75085-0843
(972) 699-7020 Voice; (972) 699-7030 Fax
COUNSEL FOR BROADNAX

Before me, a Notary Public, on this day personally appeared Lydia M.V. Brandt, known to me (or proved to me on the oath of _Drivers License_ or through (description of identity card or other document) to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this date: November 19, 2012

Notary Public

OMAR JAVIER BACALLAO
My Commission Expires
August 23, 2015

2

270

CAUSE NO. F08-24667-Y

THE STATE OF TEXAS                    CRIMINAL DISTRICT COURT #7

v.

JAMES G. BROADNAX                     DALLAS COUNTY, TEXAS

## AFFIDAVIT

Before me, the undersigned authority, personally appeared _Elizabeth Lutton_, who, being by me duly sworn, deposed as follows:

My name is Elizabeth Lutton, I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

I am a custodian of the records of **Dallas Sheriff's Office (DSO), Dallas County, Texas**. Attached hereto is **4 pages** of records from **DSO**. This said **4 pages** of records are kept by **DSO** in the regular course of business, and it was the regular course of business of **DSO** for an employee or representative of **DSO**, with knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the original or exact duplicates of the original.

_Elizabeth Lutton_
AFFIANT

SWORN TO AND SUBSCRIBED before me on the _20_ day of _June_, _2011_.
My commission expires: _9/13/2011_



Notary Public, State of Texas
Notary's printed name:
Roberta Denise Whited

ROBERTA DENISE WHITED
Notary Public
STATE OF TEXAS
Commission Exp. 09-13-2011

271



Magistrate Hearing - BROADNAX , JAMES          Search          Referrals          User: Roberta Whited

| Identification | Offense (3) | Arrest (2) | Book-In | Magistrate | Warrants | Jail | Bonds | Pre-Trial Rel |
| Dist. Attorney | | | Grand Jury | | | Divert Court | Court | |

Current BookIn No: 10048680 - Released

## Adult Identification Information

| | AIS Number | DPS/SID Number | LAI Number | FBI Number |
| | 2725502 | 08189265 | 1077722 | |
| | True Last Name | Suffix | True First Name | Middle Name |
| | BROADNAX | | JAMES | GARDIELD |
| | Date of Birth | Current Age | Height | Weight |
| | 10/30/1988 | 22 | 6' 3" | 160 lb |
| | Photo | Fingerprints | In Dallas Jail Before | Native Language |
| | Unavailable | Unavailable | NO | |
| | Race | Sex | Ethnicity | Skin Tone |
| | Black | Male | Non Hispanic | Dark |

Date: 9/10/2010
Photos(2)

### Magistrate Research

Magistrate Research DT/TM          Magistrate Staff
Jun 21 2008 3:55 AM               Tolbert, Cassandra

#### Dallas County Court History

| Case No. | Agency | Offense Description | L/D | Offense DT/TM | Court | Disposition |
| --- | --- | --- | --- | --- | --- | --- |

#### Dallas County Criminal History

| Offense Description (Priors) | OffenseDT | Statute Citation | L/D | Warrant # | Dom./Fam. Viol. |
| --- | --- | --- | --- | --- | --- |
| BENCH WARRANT - CAPITAL MURDER | 06/19/2008 | 19.03 PC | FX | F0824667Y | No |

### TCIC/NCIC Information

☐ TCIC          ☐ NCIC

#### Current Offense/Hold Information

| Arresting Agency | Offense Description | OffenseDT | Statute Citation | L/D | Warrant # | Court | 1st Setting | Reason Code | PIA |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Garland Police | CAPITAL MURDER OF MULTIPLE PERSONS | 06/19/2008 | 19.03 (a)(7) PC | FX | F0824667 | F1 | | Computer Assigned | ☐ |
| Garland Police | CAPITAL MURDER OF MULTIPLE PERSONS | 06/20/2008 | 19.03 (a)(7) PC | FX | F0824629 | F1 | | Computer Assigned | ☑ |

☑ Research Complete

*Reason for Expedition*

**Clerk's Comments**
2. NO PRIOR FELONIES

### Magistrate Hearing

Arrest DT/TM                    Book-In #          Book-In DT/TM
Jun 20 2008 12:00 AM            08047374           Jun 21 2008 2:51 AM

**Book-In Comments**
CHG #90824629J ADDED PER PC WRNT.............TVARGHESE2 062108 BSO F0824629 $1,000,000.00 CASH/SURETY PER JONATHAN VICKERY 06/21/2008 05:45:00......MHUGHES 062108 CHG F0824667 ADDED PER WRNT 070308 BMCLEMORE CHG F0824629 WRNT RECD AND EXECUTED 070308 BMCLEMORE BSO F0824629 $1,000,000.00 CASH/SURETY PER JONATHAN VICKERY 06/21/2008 05:45:00 BSO F0824667 $1,000,000.00 CASH/SURETY PER KATHERINE MIRACLE 07/04/2008 01:25:00 CHG F0824667 JCJP DEFT GIVE NOTICE OF APPEAL TO THE CRTS PER DISPO LITTLES/TSMITH 082109 CASE#F0824629 CASE DISMISSED PER CRT DISPO LITTLES 082809 ZACHARIAH#

AIS                                                                                    Page 2 of 2

*Magistration Legend:*     New Offense       Judge Reviewed      Judge Magistrated      Bond Posted

Current Offenses                    Arresting Agency:  Garland Police

| Cng No. | Offense Description | Offense DT | Statute Citation | L/O | F.V. | Warrant # | No Bond Allowed | Bond Amount | Bond Type | High Bond | EPO | OFD | Bond Remarks | Pre-Trial Release |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | CAPITAL MURDER OF MULTIPLE PERSONS | 06/19/2008 | 19.03 (a)(7) PC | FX | No | F0824667 | ☐ | 1000000.00 | Cash/Surety | | | | Add/Update | ☐ |
| 1 | CAPITAL MURDER OF MULTIPLE PERSONS | 06/20/2008 | 19.03 (a)(7) PC | FX | No | F0824629 | ☐ | 1000000.00 | Cash/Surety | | | | Add/Update | ☐ |

*Magistration Legend:*     New Offense       Judge Reviewed      Judge Magistrated      Bond Posted

Holds

| Arresting Agency | Offense Description | Date Issued | Warrant # | No Bond Allowed | Bond Amount | Bond Type | Bond Remarks |
|---|---|---|---|---|---|---|---|

**Affidavit of Indigence**
Felony                      Misdemeanor              Psychological Assessment Program
English                     None                     No

**Vienna Convention**
Citizenship                              Country
United States

                                         Status          .          Notification

*Magistration Legend:*     New Offense       Judge Reviewed      Judge Magistrated

Documents

| Offense Description | Arraignment Sheet | Interlock Order | Emergency Prot. Order | 24-Hr Det. Order | 48-Hr Det. Order |
|---|---|---|---|---|---|
| CAPITAL MURDER OF MULTIPLE PERSONS | Yes | None | None | None | None |
| CAPITAL MURDER OF MULTIPLE PERSONS | No | None | None | None | None |

Conditions of Bond

| UpdateDT | Warrant No | Offense Desc |
|---|---|---|
| | F0824667 | CAPITAL MURDER OF MULTIPLE PERSONS |
| | F0824629 | CAPITAL MURDER OF MULTIPLE PERSONS |

▓ Judge's Comments History (empty)

Judge's Comments

Initial Magistrate DT/TM              Last Updated By          Pre-Trial Release Approval
Jun 21 2008 5:45 AM                   Whited, Roberta          ☐

273

AIS



 

# Dallas County
## Sheriff's Office
### Mugshot Profile

| | |
|---|---|
| Name: | BROADNAX , JAMES |
| Alias 1 | BROADNAX, JAMES |
| AIS #: | 2725502 |
| Book-In No.: | |
| Book-In Date/Time: | Saturday, June 21, 2008 |
| LAI#: | 1077722 |
| DOB: | 10/30/1988 |
| Arrest Age: | 19 |
| Current Age: | 22 |
| | |
| Sex: | Male |
| Race: | Black |
| Height: | 6' 3" |
| Weight: | 160 |
| Hair Color: | Black |
| Eye Color: | Brown |



274

AIS



# Dallas County
## Sheriff's Office
### Mugshot Profile





| | |
|---|---|
| **Name:** | BROADNAX , JAMES |
| **Alias 1** | BROADNAX, JAMES |
| **AIS #:** | 2725502 |
| **Book-In No.:** | |
| **Book-In Date/Time:** | Friday, September 10, 2010 |
| **LAI#:** | 1077722 |
| **DOB:** | 10/30/1988 |
| **Arrest Age:** | 21 |
| **Current Age:** | 22 |
| | |
| **Sex:** | Male |
| **Race:** | Black |
| **Height:** | 6' 3" |
| **Weight:** | 160 |
| **Hair Color:** | Black |
| **Eye Color:** | Brown |

WRIT NO. W08-24667-Y(A)

FILED

2012 DEC -6 AM 8:07

| | | |
|---|---|---|
| EX PARTE | § | IN THE CRIMINAL |
| JAMES BROADNAX, | § | DISTRICT COURT NO. |
| Applicant | § | DALLAS COUNTY, TX |

GARY
DISTRICT CLERK
DALLAS CO. TEXAS
DEPUTY

## MOTION FOR DISCLOSURE OF DEFENSE COUNSEL'S FILES

The State, by and through its Criminal District Attorney of Dallas County, respectfully asks the Court to order the release of the files of applicant's trial counsel, Brad Lollar and Doug Parks. In support of the motion, the State presents the following:

### FACTUAL & PROCEDURAL HISTORY

In his article 11.071 application for habeas relief, applicant accuses his trial counsel of ineffective assistance.

### LEGAL AUTHORITY FOR DISCLOSURE TO STATE

The attorney-client privilege protects confidential communications between a client and his attorney, or their representatives, made for the purpose of obtaining legal services. TEX. R. EVID. 503(a) & (b). Needless to say, any document in the files of applicant's counsel that is not a communication is not protected by the attorney-client privilege. Furthermore, some confidential communications in the files may be not be protected by the privilege. The privilege does not extend to communications "relevant to an issue of breach of duty by the lawyer to the client or by the client to the lawyer." TEX. R. EVID. 503(d)(3). Thus, by accusing his trial and appellate counsel of ineffectiveness, applicant waived the privilege as to any communications relevant to those allegations. See Laughner v. United States, 373 F.2d 326 (5th Cir.1967) ("[Wh]ere, as here, the client

## ORIGINAL

276

alleges a breach of duty to him by the attorney, we have not the slightest scruple about deciding that he thereby waives the privilege as to all communications relevant to that issue."); *Joseph v. State*, 3 S.W.3d 627, 637 (Tex. App. – Houston [14th Dist.] 1999, no pet.) ("[T]the Fifth Circuit has long held that a claim of ineffective assistance of counsel by a defendant against a former attorney waives the attorney-client privilege.").

The State expects that the remainder of the files' contents consist of counsel's work product, i.e., notes, research, reports, etc. that were prepared or assembled in anticipation of litigation. To the extent these materials have any bearing on applicant's ineffectiveness allegations, they too should be disclosed to the State.

While the attorney-client privilege belongs to and protects the client, the work-product doctrine belongs to and protects the attorney. *Pope v. State*, 207 S.W.3d 352, 357-58 (Tex. Crim. App. 2006). It is premised on the notion that an attorney should not be compelled to disclose the fruits of his labor to his adversary. *Id.* at 358. Thus, where the interests of the client and attorney are at odds, the client may not invoke the doctrine against his attorney. *See In re Grand Jury Proceedings*, 604 F.2d 798, 801 (3rd Cir. 1979) (holding crime-fraud exception applies to work-product as well as confidential attorney-client communications).

When applicant accused his counsel of ineffective assistance, he made himself their adversary and the State their ally, if not their legal representative. Indeed, none of applicant's trial counsel have invoked their work-product privilege against the State.

As their adversary, applicant now seeks to prevent from disclosure the very materials likely to contradict his allegations against his former counsel and, consequently,

2

277

prevent the full and fair litigation of his complaints against them. This is a perversion of the doctrine's intent of assuring the proper functioning of the criminal justice system. *See Washington v. State*, 856 S.W.2d 184, 187 (Tex. Crim. App. 1993) ("The work-product doctrine is vital in assuring the proper functioning of the criminal justice system.") (citing *United States v. Nobles*, 422 225, 238 (1975)).

In light of the foregoing, the State respectfully moves the Court (1) turn over trial counsel files to the State and (2) turn over items pulled from the files and not disclosed to the State for this Court's in camera review.

Respectfully submitted by,

Amy Sue Melo Murphy (24041545)
Assistant District Attorney
Frank Crowley Courts Bldg.
133 N. Riverfront Blvd., LB-19
Dallas, TX 75207-4399
(214) 653-3639 (office)
(214) 653-3643 (fax)

Craig Watkins
Criminal District Attorney
Dallas County, TX

## Certificate of Service

The State served the foregoing motion and exhibits on applicant's counsel, Lydia Brandt, by hand-delivery on December 6, 2012

Amy Sue Melo Murphy

3

278

WRIT NO. W08-24667-Y(A)

| | | |
|---|---|---|
| EX PARTE | § | IN THE CRIMINAL |
| JAMES BROADNAX, | § | DISTRICT COURT NO. 7 OF |
| Applicant | § | DALLAS COUNTY, TX |

## ORDER

The Court GRANTS / DENIES the State's Motion to Disclose Defense Counsel's files.

_____
Judge Michael Snipes
Criminal District Court No. 7
Dallas County, TX

4

279

CAUSE NO. W08-24667-Y(A)

EX PARTE § IN THE CRIMINAL

JAMES GARFIELD BROADNAX, § DISTRICT COURT NO. 7
APPLICANT
§ DALLAS COUNTY, TEXAS

## ORDER

The Court, having considered Applicant's Motion for Court-Ordered Discovery and Continuance of the Evidentiary Hearing, the State's Motion to Quash Subpoena, and the arguments of counsel, now enters the following order:

Applicant's request for this Court to order Channels 4, 5, 8, and 11, to identify and produce for deposition duces tecum employees who interviewed James Broadnax between arraignment and appointment of counsel is **DENIED**.

Applicant's request for this Court to issue an order authorizing the Applicant to depose each of the defendants identified in Applicant's motion is **DENIED**.

Applicant's request for this Court to enter an order requiring the State of Texas to produce all correspondence of the Dallas Sheriff's Office, the Dallas District Attorney's Office, and the Dallas Police Department to or

280

from any media outlet pertaining to any of the defendants identified in Applicant's motion is **DENIED**.

The State's Motion to Quash Subpoena is in all things **GRANTED**.

Applicant's request for additional days to conduct the evidentiary hearing in this case is **DENIED** at this time.

So **ORDERED** this __6__ day of December, 2012.

**MICHAEL SNIPES, JUDGE**
**CRIMINAL DISTRICT COURT NO. 7**
**DALLAS COUNTY, TEXAS**

281

CAUSE NO. W08-24667-Y(A)

EX PARTE § IN THE CRIMINAL

JAMES GARFIELD BROADNAX, § DISTRICT COURT NO. 7
APPLICANT
§ DALLAS COUNTY, TEXAS

## ORDER

The Court, having considered Applicant's Motion for Court-Ordered Discovery and Continuance of the Evidentiary Hearing, the State's Motion to Quash Subpoena, and the arguments of counsel, now enters the following order:

Applicant's request for this Court to order Channels 4, 5, 8, and 11, to identify and produce for deposition duces tecum employees who interviewed James Broadnax between arraignment and appointment of counsel is **DENIED.**

Applicant's request for this Court to issue an order authorizing the Applicant to depose each of the defendants identified in Applicant's motion is **DENIED.**

Applicant's request for this Court to enter an order requiring the State of Texas to produce all correspondence of the Dallas Sheriff's Office, the Dallas District Attorney's Office, and the Dallas Police Department to or

282

from any media outlet pertaining to any of the defendants identified in Applicant's motion is **DENIED**.

The State's Motion to Quash Subpoena is in all things **GRANTED**.

Applicant's request for additional days to conduct the evidentiary hearing in this case is **DENIED** at this time.

So **ORDERED** this ___6___ day of December, 2012.

_____
**MICHAEL SNIPES, JUDGE**
**CRIMINAL DISTRICT COURT NO. 7**
**DALLAS COUNTY, TEXAS**

283

Case 3:15-cv-01758-N Document 42-4 Filed 06/29/16 Page 25 of 93 PageID 11276

# TRIAL DOCKET - CRIMINAL DISTRICT COURT - DALLAS COUNTY, TEXAS

BAIL STATUS:

NO. W-0824669-A

284

| STATE OF TEXAS | ATTORNEYS | OFFENSE | DATE OF FILING |
|---|---|---|---|
| James Broadway | | | |

| DATE OF ORDER | ORDER OF COURT |
|---|---|
| 6 Dec 12 | Hearing on various defense motions to compel discovery and for continuance. All motions are denied. Hearing on state's motion to quash subpoena. Motion to quash is granted. Michael R. Snipes |
| DEC 7 2012 | J,7 writ hearing. Parties ordered to file findings of fact and conclusions of law. 30 days after transcript. Michael R. Snipes J,7 |

Case 3:15-cv-01758-N Document 42-4 Filed 06/29/16 Page 26 of 93 PageID 11277

**CAUSE NO. F08-24667-Y**

| | | |
|---|---|---|
| **THE STATE IF TEXAS** | § | **IN THE CRIMINAL** |
| | § | |
| **V.** | § | **DISTRICT COURT NO. 7** |
| | § | |
| **JAMES BROADNAX** | § | **DALLAS COUNTY, TEXAS** |

**ORDER**

The Court has considered the motion to quash subpoenas and for protective order filed on behalf of non-parties Carlos Rosales, Rebecca Lopez, and WFAA-TV. The Court finds that the hearing at which movants were to appear and produce documents, and/or tapes, and/or video recordings has concluded and therefore the issue is moot.

**IT IS THEREFORE ORDERED** that the motion to quash subpoenas is **GRANTED.**

SIGNED this _/2_ day of December, 2012.

_____
**MICHAEL SNIPES, JUDGE**
**CRIMINAL DISTRICT COURT NO. 7**
**DALLAS COUNTY, TEXAS**

285

IN THE
TEXAS COURT OF CRIMINAL APPEALS
and
CRIMINAL DISTRICT COURT NO. 7, DALLAS COUNTY, TX

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| EX PARTE JAMES BROADNAX, | ) | |
| | ) | TCCA No. AP-76,207 |
| APPLICANT | ) | Trial Court WR08-24667-Y |
| | ) | |
| | ) | |

**MOTION
TO RECONSIDER & RESCIND THE 12-12-2012 ORDER,
TO REOPEN THE EVIDENTIARY HEARING,
&
TO COMPEL ROSALES, LOPEZ, AND WFAA-TV
TO
TESTIFY & PRODUCE DOCUMENTS**

Applicant, JAMES BROADNAX, files this Motion asking the court to reconsider and rescind

its 12-12-2012 order, Exhibit A: 12-12-2012 Order Granting the WFAA M/Quash as Moot, reopen

the evidentiary hearing, and compel Rosales, Lopez and WFAA-TV (hereinafter collectively referred

to as "WFAA") to testify and provide the documentation in the subpoenas duces tecum all of which

pertain to material in the Broadnax case that predates the effective date of the Texas Free Flow Act

(TFFA), which was May 13, 2009. As grounds therefore, Broadnax would show:

<u>Facts</u>

Prior to the trial of Mr. Broadnax, the Dallas District Attorney's Office had served the media

with several subpoenas concerning their broadcast interviews of Mr. Broadnax, as well as for

286

"testimony to discuss the physical and mental condition of Broadnax during the various interviews as well as the procedural steps taken by the reporters to obtain the interviews." *In re Rabb*, 293 S.W.3d 865, 866-67 (Tex. App. 2009).

The media filed motions to quash, in which it asserted a multitude of legal theories and arguments. Among these theories was that the TFFA, Texas common law, and the Texas Constitution shielded them from complying with the subpoenas. (CR 1:216, 1:260, 2:280, 2:285, 2:505, 2:520, 2:308-671). Judge Michael Snipes entered a May 28, 2009 order and a June 16, 2009 amended order, which denied the media motions to quash. (CR 2:259, 2:524 − attached as Exhibit B1 & B2).

The reporters and photographers for the various local television stations, including Shaun Rabb, Steve Pickett, Troy Larkins, Ellen Goldberg, and Rebecca Lopez, filed a mandamus with the Dallas Court of Appeals from the 2009 rulings of Judge Snipes. The intermediate appellate court upheld the trial court. The opinion recites:

> Relators are reporters and photographers for various local television stations. In June of 2008, relators conducted or participated in taped interviews with James Broadnax, who is the defendant in the underlying criminal case. The taped footage from these interviews has been provided to the State. On or about May 22, 2009, the State subpoenaed relators for various pretrial hearings and the trial. *The State claims to need relators' testimony to discuss the physical and mental condition of Broadnax during the various interviews as well as the procedural steps taken by the reporters to obtain the interviews*. Relators then moved to quash the subpoenas, and the trial court denied the motions.
>
> Relators argue that the subpoenas cannot be enforced under the Texas Free Flow of Information Act, which was enacted by the legislature on May 13, 2009.
>
> ....
>
> By its very terms, the "Act applies only to information, documents, or items or the source of any information, document, or item obtained or prepared for publication

2

287

in a news medium or communication service provider *on or after* the effective date of this Act." *Id.* at § 3. ***It is undisputed the evidence sought through the subpoenas relates to information obtained or prepared long before the effective date of the Act.***

Relators argue that section 3 only applies to subpoenas duces tecum, and not to testimonial subpoenas. According to them, the statutory privilege should be applied retrospectively to prevent their testimony because the privilege is a procedural, rather than a substantive, legal change. However, ***the clear language of section 3 demonstrates that it applies to the Act as a whole, and that the prospective nature of the Act applies to all "information" obtained or prepared by the journalist, regardless of the form of the information obtained or prepared. Id.***

Relators further argue that, even if the act does not apply, the subpoenas should be quashed under common law and the Texas Constitution. However, ***prior to the Act, the well-settled law of this state was that "newsmen have no constitutional privilege, qualified or otherwise, to withhold evidence relevant to a pending criminal prosecution."*** *State ex rel. Healey v. McMeans,* 884 S.W.2d 772, 775 (Tex. Crim. App.1994).

Exhibit C: *In re Rabb,* 293 S.W.3d 865, 866-67 (Tex. App. 2009) (emphasis supplied).

Thereafter, the reporters were called to testify. The defense was unsuccessful in a pre-trial suppression hearing at proving its "reporters-as-state-agents" theory. (RR 43:113). Ultimately, the videotaped interviews were admitted at the trial of Mr. Broadnax. The prosecutor referred to the videotapes in opening statement. (RR 45:56-58). When the prosecutor presented its evidence in guilt/innocence phase on August 10 & 11, 2009, (RR 45, 46, 47), as promised in the opening statement, the prosecutor played the media interviews of Mr. Broadnax on each day. (August 10, 2009 – RR 45:125 – Channel 11; RR 45:277 – Channel 5); (August 11, 2009 – RR 46:230 – Channel 4). The videotapes became the focal point on the future dangerousness special issue in the punishment phase. (RR 50:212-213; RR 52:248-249; RR 53: 68-69, 74).

On December 5, 2012, in state habeas, Mr. Broadax had attempted to serve subpoenas duces tecum on these same media who had been involved in the Broadnax media interviews. Among

3

others, Mr. Broadnax attempted to serve Carlos Rosales, assignments editor, WFAA Channel 8, and Rebecca Lopez, reporter, to appear at the December 7, 2012 evidentiary hearing, testify, and bring the documents identified in the attachment to the subpoena. Exhibit D: WFAA Motion to Quash with Subpoenas attached. Mr. Broadax sought to prove that the media interviews were sufficiently solicited, encouraged, and coordinated with law enforcement that there was state action, and that the media interviews were a critical stage in the legal proceedings.

On December 6, 2012, in the early afternoon, Mr. Chris Bankler of Jackson Walker, called Brandt, and identified himself as counsel for Rosales, Lopez and WFAA-TV. Mr. Bankler offered to provide the videotape made by WFAA of the interview of Broadnax. He stated that many subpoenas are just requests for the video footage and he would be willing to provide that. Undersigned counsel stated that this was not the Broadnax request, that Broadnax was requesting information concerning the communications between media and law enforcement about the Broadnax matter at various points in the apprehension and incarceration of Mr. Broadnax (time of offense, arrest, incarceration in the Garland jail, and then transfer to and incarceration in the Dallas County jail), and referred Mr. Bankler to the subpoena and the attachment. Mr. Bankler asserted he would send a formal letter ("Formal Letter") about the reporter shield laws that protected the reporters from testifying and stated that no one would attend the hearing (not the reporters subpoenaed, nor their counsel). Mr. Bankler stated that before he sent the letter, he still needed to contact WFAA-TV, and would call back. Ms. Brandt also provided contact information for herself, as well as the State of Texas, for purposes of service on the parties.

On December 6, 2012, several hours later Mr. Bankler called again and left a voice message for Brandt. The voice message was that he had spoken with WFAA-TV who had told him they had

4

provided information to the State of Texas (but did not detail what was provided), and that "maybe we can do a deal in this matter."

On December 6, 2012, at about 4:00 pm and shortly after picking up Mr. Bankler's voice message, Ms. Brandt called Mr. Bankler. A female voice answered the telephone and told Ms. Brandt that Mr. Bankler was not available and in a meeting. Ms. Brandt left a message asking Mr. Bankler to call her back.

On December 6, 2012 at about 5:10-5:15 pm, still not having heard from Mr. Bankler, and not having received any documentation or response from Mr. Bankler, Ms. Brandt called Mr. Bankler again. This time, Ms. Brandt left a message on the voice mail of Mr. Bankler because no person answered the telephone. Because she could not be a witness in her own case, and did not wish to make any representations on behalf of WFAA-TV representing the media's position on the record, and because Mr. Bankler had stated that no one would attend the hearing, Ms. Brandt's voice message asked that Mr. Bankler file something such as a motion to quash so that their position would be on the record. Ms. Brandt stated that she would be in court all day on December 7, 2012, that the hearing was scheduled for 9:00 am, and there would be no one to take a message at her land line. Ms. Brandt left her cell phone number also in her voice message to Mr. Bankler but told him that her cell phone would be turned off during the court proceedings on December 7, 2012.

On December 6, 2012, after her last voice message about 5:15 pm on December 6, 2012, there were no other written or oral communications from Jackson Walker, Mr. Bankler, Mr. Rosales, Ms. Lopez, or WFAA, to Ms. Brandt.

On December 7, 2012, at about 7:00-7:30 am, Ms. Brandt left for the 9:00 am evidentiary hearing scheduled to be held in Criminal District Court #1.

5

290

At the December 7, 2012 evidentiary hearing, the presiding Judge Michael Snipes, announced in open court that the court had received a motion to quash the subpoenas issued to WFAA-TV, Rosales and Lopez. (The record of the hearing is not available at this time because of the workload of the court reporter, and thus, can not be quoted directly). Judge Snipes stated that he assumed that he had disposed of the issue by denying the Motion for Discovery filed and argued on behalf of Mr. Broadnax the preceding day, December 6, 2012. At the hearing, Brandt put the court on notice that his ruling on the discovery motion was not dispositive of the failure to respond to the subpoenas by WFAA-TV. She asserted that the prior day's request concerned a Discovery Motion, and that the subpoenas were a different matter. The court did not rule on the Motion to Quash the subpoenas at that time.

As reflected in Exhibit D: WFAA Motion to Quash, undersigned counsel had not been served with a copy of the Motion to Quash.

On December 7, 2012, sometime after 3:00 pm, Ms. Brandt returned to her office following the evidentiary hearing and found a faxed letter from Mr. Bankler, as well as an email from Mr. Bankler also attaching this same letter (*e.g.*, the Formal Letter). Exhibit E: Faxed Formal Letter from Bankler to Brandt, dated 12-7-2012 @ 10:17 am. Although the first page of the Formal Letter is dated December 6, 2012, the two pages that follow after that, are dated December 7, 2012. Mr. Bankler did not fax or email undersigned counsel with a copy of the Motion to Quash. Ms. Brandt later followed up and asked Mr. Bankler to send her the Motion to Quash that he had filed with the court, which he did.

On December 8, 2012, at 6:00 am, undersigned counsel asked the court to rule on the motion to quash. Exhibit F: 12-8-2012 Email of Brandt to Snipes and Dallas ADA's Murphy and Kubalak.

6

291

On December 14, 2012, undersigned counsel received the court's December 12, 2012 order

concerning WFAA's Motion to Quash, which recites:

> The Court has considered the motion to quash the subpoenas and for protective order filed on behalf of non-parties Carlos Rosales, Rebecca Lopez, and WFAA-TV. The Court finds that the hearing at which movants were to appear and produce documents, and/or tapes, and/or video recordings has concluded and therefore the issue is moot.
>
> It is therefore ordered that the motion to quash subpoenas is granted.
>
> Signed this 12 days of December, 2012.

Exhibit A: 12-12-2012 Order of Michael Snipes, Judge CDC #1.

## ARGUMENT
### concerning
### Request to Reconsider and Rescind the 12-12-2012 Order
### Request to Reopen the Evidentiary Hearing, &
### Request to Compel Testimony from WFAA

Mr. Broadnax asks this court to reconsider and rescind its December 12, 2012 order. The

issue is not moot. Undersigned counsel for Mr. Broadnax had not been served with a copy of the

Motion to Quash to which the Court referred at the December 7, 2012. More importantly, when the

Court made inquiry as to whether its ruling on the Motion for Discovery settled the matter pertaining

to the Motion to Quash of WFAA, Mr. Broadnax *did* put the court on notice that the matter had *not*

been resolved by the court's order the day before on the Motion for Discovery. She specifically drew

a distinction between the discovery request and subpoenas. The Court did not rule on WFAA's

Motion to Quash.

7

292

The Court was in possession of WFAA's Motion to Quash, and thus aware of the legal theories set out therein.  Presumably, the Court was also aware of its 2009 rulings, and that of the Dallas Court of Appeals.  *See*  CR 2:259, 2:524; *In re Rabb*, 293 S.W.3d 865, 866-67 (Tex. App. 2009).

Because of the 2009 trial court rulings and the opinion of the intermediate appellate court, the State of Texas was given unrestricted access to the testimony of the reporters and camera men, and the information relating to "the physical and mental condition of Broadnax during the various interviews as well as *the procedural steps taken by the reporters to obtain the interviews*."

Mr. Broadnax in state habeas, has the same right to the information sought from the media that was developed on or before June 23, 2008, the date of the media interviews of Mr. Broadnax, and prior to the effective date of the TFFA, May 13, 2009. *See*  Exhibit B1&2:  May 28, 2009 Order and June 16, 2009 amendment Order of Michael Snipes, Judge;  Exhibit C:  *In re Rabb*, 293 S.W.3d 865, 866-67 (Tex. App. 2009).  Thus, none of the shield assertions of WFAA apply.

There is no prejudice to the State of Texas from this request.  The 30 day deadline for filing the  Findings of Fact and Conclusions of Law does not begin to run until all parties are provided copies of the transcription of the evidentiary hearing.  That deadline has not yet begun to run because the court reporter stated at the end of the evidentiary hearing on December 7, 2012, that because of her workload, she would not be able to transcribe the hearing in December 2012.  Furthermore, this Court had changed its initial position, which had been that the evidentiary hearing would be completed in a single day, and was willing to continue to the hearing into the future as necessary. *See* Exhibit G: Emails of Snipes, J., Amy Murphy, ADA, and Lydia Brandt, counsel for Broadnax (consisting of a series of emails labeled Exhibits A-G emails) and Exhibit H: 12-06-2012 Order

8

293

Denying "at this time" request for additional days to conduct the evidentiary hearing.

The Supreme Court has emphasized that "Section 2254(d) is part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." *Harrington v. Richter*, 131 S. Ct. 770, 787 (2011). Thus, it is Mr. Broadnax's contention that this court's failure to compel the testimony from WFAA results in federal due process violations of meaningful opportunity to be heard in state and federal court, adversely impacts Mr. Broadnax's right to meaningful review in state and federal court, and limits the state and federal courts' ability to make a reasonable determination of the facts. In addition, it also results in an unfair advantage to the State of Texas who was given unrestricted access to the media in its prosecution, conviction, and death sentence of Mr. Broadnax, while at the same time denying Mr. Broadnax a full and fair opportunity to defend himself in state habeas.

Accordingly, Mr. Broadnax requests that this Court reconsider and rescind its 12-12-2012 order, reset the hearing, and enter an order compelling the testimony and production of documents from and of WFAA, Rosales, and Lopez.

9

294

A proposed order has been attached for the Court's convenience.

Date: December 18, 2012

Lydia M.V. Brandt
Texas Bar No. 00795262
THE BRANDT LAW FIRM, P.C.
P.O. Box 850843
Richardson, Texas   75085-0843
(972) 699-7020 Voice; (972) 699-7030 Fax
COUNSEL FOR BROADNAX

## CERTIFICATE OF SERVICE

I certify that on December 18, 2012, I sent by U.S. Mail a copy of the foregoing to:

Attn: Amy Murphy, Assistant District Attorney
Capital Writs – Appellate Section
Dallas County District Attorney's Office
133 N. Riverfront Blvd., LB 19
Dallas, TX 75207

Mr. Chris Bankler
(214) 953-6000
Jackson & Walker
901 Main Street, Ste 6000
Dallas, TX 75202

Lydia M.V. Brandt

cc:   Mr. James G. Broadnax
#999-549
Polunsky Unit, TDCJ
3872 FM 350 South
Livingston, TX 77351-8580

10

295

## EXHIBITS

Exhibit A:    12-12-2012 Order Granting WFAA M/Quash as Moot

Exhibit B:    B-1:    May 28, 2009 Order of Michael Snipes, Judge
              B-2:    June 16, 2009 Amended Order of Michael Snipes, Judge

Exhibit C:    *In re Rabb*, 293 S.W.3d 865, 866-67 (Tex. App. 2009)

Exhibit D:    WFAA Motion to Quash with Subpoenas attached

Exhibit E:    Faxed Formal Letter from Bankler to Brandt, dated 12-7-2012 @ 10:17 am

Exhibit F:    12-8-2012 Email of Brandt to Snipes and Dallas ADA's Murphy and Kubalak

Exhibit G:    Emails of Snipes, J., Amy Murphy, ADA, and Lydia Brandt, counsel for Broadnax
              (consisting of a series of emails labeled Exhibits A-F emails).

Exhibit H:    12-06-2012 Order December 18, 2012 Denying Discovery Motion and Request to

11

296

CAUSE NO. F08-24667-Y

| | | |
|---|---|---|
| THE STATE IF TEXAS | § | IN THE CRIMINAL |
| | § | |
| V. | § | DISTRICT COURT NO. 7 |
| | § | |
| JAMES BROADNAX | § | DALLAS COUNTY, TEXAS |

## ORDER

The Court has considered the motion to quash subpoenas and for protective order filed on behalf of non-parties Carlos Rosales, Rebecca Lopez, and WFAA-TV. The Court finds that the hearing at which movants were to appear and produce documents, and/or tapes, and/or video recordings has concluded and therefore the issue is moot.

IT IS THEREFORE ORDERED that the motion to quash subpoenas is GRANTED.

SIGNED this /2 day of December, 2012.

MICHAEL SNIPES, JUDGE
CRIMINAL DISTRICT COURT NO. 7
DALLAS COUNTY, TEXAS

297

B-1

CAUSE NO. F08-24667-Y

| | | |
|---|---|---|
| THE STATE OF TEXAS | * | IN THE DISTRICT COURT OF |
| | * | |
| VS. | * | DALLAS COUNTY, TEXAS |
| | * | |
| JAMES BROADNAX | * | CRIMINAL COURT #7 |

O R D E R

Before the Court is Movants' Motion to Quash the subpoena of non-party Shaun Rabb. The Dallas County District Attorney's Office served KDFW Fox 4 with the subpoena on June 25, 2008.

The Movants' cite the recently enacted Texas Free Flow of Information Act in support of their Motion to Quash. By its terms, "this Act applies only to information, documents, or items or the source of any informtion, document or item obtained or prepared for publication in a news medium or communication service provider on or after the effective date of this Act." (Emphasis added.) The Act does not apply retroactively.

The effective date of the Act was May 13, 2009. The subpoenaed broadcast was dated June 19, 2008. It is clear then that the Act does not apply to the subpoenaed broadcast.

Accordingly, without otherwise addressing the merits of the Movants' Motion to Quash, the motion is DENIED.

O ORDERED.

_____    28 MAY 2009
JUDGE MICHAEL R. SNIPES
CRIMINAL DISTRICT COURT 7
DALLAS COUNTY, TEXAS

FILED

00259

CAUSE NO. F08-24667-Y

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE CRIMINAL DISTRICT |
| | § | |
| V. | § | COURT NUMBER SEVEN |
| | § | |
| JAMES BROADNAX | § | DALLAS COUNTY, TEXAS |

## AMENDED ORDER ON MOVANTS' MOTIONS TO QUASH

Before this Court are the Supplemental Motions to Quash and Motions to Reconsider with regard to Shaun Rabb (Channel 4), Rebecca Lopez (Channel 8), and Ellen Goldberg (Channel 5), Steve Pickett and Troy Larkins (Channel 11), hereinafter (Movants). On May 28, 2009, this Court denied the Motions to Quash filed by the Movants. After considering the supplemental motions and responses filed by the parties and Movants, the Court issues the following order:

The Movants rely on the Texas Free Flow of Information Act (TFFIA) to support their Motions. This Court has determined, however, that TFFIA does not apply to information, documents, or items obtained or prepared by a journalist before its enactment date of May 13, 2009. Accordingly, the testimony the Movants seek to quash is not protected by the Act.

Moreover, in the alternative, to the extent the TFFIA could apply to the testimony of the journalists in this case, this Court has determined that the Act does not protect a journalist from providing testimony regarding a non confidential published item if the party seeking the unpublished information makes a clear and specific showing that all reasonable efforts have been exhausted to obtain the information from alternative sources. And, that the unpublished information is: 1) relevant and material to the proper administration of the official proceeding for which the testimony is sought and is essential to the maintenance or a claim or defense of the person seeking the testimony; and 2) central to the investigation or prosecution of a criminal case and is based on more than an assertion of the requesting party and there exist reasonable grounds to believe a crime has occurred. Based on this determination this Court finds that the requested testimony in this case is admissible.

IT IS THEREFORE ORDERED, ADJUDGED, and DECREED that Movants' Motions to Quash are hereby DENIED.

Signed on this the ___16___ day of June, 2009.

JUDGE MICHAEL R. SNIPES
CRIMINAL DISTRICT COURT NO. 7
DALLAS COUNTY, TEXAS

00534

299

293 S.W.3d 865
Court of Appeals of Texas,
Dallas.

In re Shaun RABB, Steve Pickett, Troy Larkins,
Ellen Goldberg, and Rebecca Lopez, Relators.

No. 05–09–00857–CV. | July 31, 2009.

**Synopsis**
**Background:** Reporters and photographers for various local television stations filed mandamus proceeding, seeking to quash subpoenas issued by Criminal Court No. 7, Dallas County, Michael R. Snipes, J., in underlying criminal action.

**Holdings:** The Court of Appeals, Jim Moseley, J., held that:

[1] prospective nature of the Free Flow of Information Act applies to all "information" obtained or prepared by the journalist, regardless of the form of the information obtained or prepared, and

[2] no constitutional privilege permitted newsmen to withhold evidence relevant to a pending criminal prosecution.

Writ denied.

West Headnotes (3)

[1] **Mandamus**
&- Remedy by Appeal or Writ of Error
**Mandamus**
&- Matters of discretion
In order to obtain mandamus relief, relators must show both that the trial court has abused its discretion and that they have no adequate appellate remedy.

[2] **Privileged Communications and Confidentiality**
&- Journalists

Prospective nature of the Free Flow of Information Act applies to all "information" obtained or prepared by the journalist, regardless of the form of the information obtained or prepared. V.T.C.A., Civil Practice & Remedies Code § 22.021 et seq.; Vernon's Ann.Texas C.C.P. arts. 38.11, 38.111.

1 Cases that cite this headnote

[3] **Constitutional Law**
&- Reporter's privilege
Newsmen have no constitutional privilege, qualified or otherwise, to withhold evidence relevant to a pending criminal prosecution.

**Attorneys and Law Firms**

***866** Laura Lee Prather, Sedgwick, Detert, Moran & Arnold, LLP, Austin, TX, Brian A. Calhoun, Dallas, TX, for Relator.

Christina O'Neil, District Attorney Office, Dallas, TX, for Respondent.

David M. Alex, Lisa Smith, Assistant District Attorney, Dallas, TX, for Real Party.

Before Justices MOSELEY, FITZGERALD and LANG-MIERS.

**Opinion**

**OPINION**

JIM MOSELEY, Justice.

[1] Relators filed this mandamus proceeding after the trial court denied their motions to quash subpoenas that had been issued to them by the state.[1] In order to obtain mandamus relief, relators must show both that the trial court has abused its discretion and that they have no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex.2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding). We conclude we have jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221 (Vernon 2004). Because we conclude that the trial court did

300

In re Rabb, 293 S.W.3d 865 (2009)

not abuse its discretion, we deny the petitions and lift the stay ordered by this Court on July 24, 2009.

Relators are reporters and photographers for various local television stations. In June of 2008, relators conducted or participated in taped interviews with James Broadnax, who is the defendant in the underlying criminal case. The taped footage from these interviews has been provided to the State. On or about May 22, 2009, the State subpoenaed relators for various pretrial hearings and the trial. The State claims to need relators' testimony to discuss the physical and mental condition of Broadnax during the various interviews as well as the procedural steps taken by the reporters to obtain the interviews. **867** Relators then moved to quash the subpoenas, and the trial court denied the motions.

Relators argue that the subpoenas cannot be enforced under the Texas Free Flow of Information Act, which was enacted by the legislature on May 13, 2009. *See* Qualified Privilege of a Journalist Not to Testify, 81st Leg., R.S., ch. 29, 2009 Tex. Sess. Law Serv. 29 (Vernon) (to be codified at TEX. CIV. PRAC. & REM.CODE ANN. §§ 22.021–22.027 and TEX.CODE CRIM. PROC. ANN. ARTS. 38.11 and 38.111). This act, *inter alia,* creates a "journalist's qualified testimonial privilege in criminal proceedings." The act does not apply in this instance.

By its very terms, the "Act applies only to information, documents, or items or the source of any information, document, or item obtained or prepared for publication in a news medium or communication service provider *on or after* the effective date of this Act." *Id.* at § 3. It is undisputed the evidence sought through the subpoenas relates to information obtained or prepared long before the effective date of the Act.

[2] Relators argue that section 3 only applies to subpoenas duces tecum, and not to testimonial subpoenas. According to

them, the statutory privilege should be applied retrospectively to prevent their testimony because the privilege is a procedural, rather than a substantive, legal change. However, the clear language of section 3 demonstrates that it applies to the Act as a whole, and that the prospective nature of the Act applies to all "information" obtained or prepared by the journalist, regardless of the form of the information obtained or prepared. *Id.*

[3] Relators further argue that, even if the act does not apply, the subpoenas should be quashed under common law and the Texas Constitution. However, prior to the Act, the well-settled law of this state was that "newsmen have no constitutional privilege, qualified or otherwise, to withhold evidence relevant to a pending criminal prosecution." *State ex rel. Healey v. McMeans,* 884 S.W.2d 772, 775 (Tex.Crim.App.1994).

Relators also argue that the subpoenas do not comply with TEX.CODE CRIM. PROC. ANN. ART. 24.03. The record before us does not support this contention.

Lastly, relators argue the testimony sought through the subpoenas would be: irrelevant; not material; duplicative; inadmissible; and subject to objections. Under the circumstances of this case, we decline to hold that the trial court abused its discretion with respect to its consideration and resolution of those issues.

We thus conclude relators have not shown they are entitled to the relief requested. *See* TEX.R.APP. P. 52.8(a); *Walker v. Packer,* 827 S.W.2d 833, 837 (Tex.1992). Accordingly, we **DENY** relators' petitions for writ of mandamus and **VACATE** our July 24, 2009 order granting a stay in the trial court proceedings.

Footnotes

1    Originally, three separate petitions were filed: *In re Shaun Rabb, Steve Pickett and Troy Larkins,* No. 05–09–00857–CV; *In re Ellen Goldberg,* No. 05–09–00871–CV; and *In re Rebecca Lopez,* No. 05–09–00873–CV. The Court consolidated these proceedings on July 31, 2009.

**End of Document**                                    © 2012 Thomson Reuters. No claim to original U.S. Government Works.



# JACKSON WALKER L.L.P.
### ATTORNEYS & COUNSELORS

## FACSIMILE

| | | | |
|---|---|---|---|
| DATE: | December 12, 2012 | DIRECT DIAL NUMBER: | (214) 953-6053 |
| FROM: | Chris Bankler | DIRECT FAX NUMBER: | (214) 661-6856 |

| NAME | COMPANY NAME | FACSIMILE NUMBER | PHONE NUMBER |
|---|---|---|---|
| Lydia Brandt, Esq. | The Brandt Law Firm, P.C. | 972-699-7030 | 972-699-7020 |

**PLEASE CALL (214) 953-5770
IF YOU DO NOT RECEIVE ALL PAGES.**

FOR INTERNAL USE ONLY:

CLIENT/MATTER NO.:    131016.00004

TK ID:    CRB2    PAGE COUNT:    9

This facsimile is intended only for the use of the addressee. If the addressee of this facsimile is a client or agent for one of our clients, you are further advised that the facsimile contains legally privileged and confidential information which we intended to send to the addressee only.

In any event, if you are not the intended recipient of the facsimile, you are hereby notified that you have received this facsimile inadvertently and in error. Any review, dissemination, distribution or copying of this is strictly prohibited. If you have received this in error, please immediately notify us by telephone and return the original facsimile to us at the address above via the United States Postal Service. We will reimburse any costs you incur in notifying us and returning the facsimile to us.

MESSAGE:

Re:    No. F085-2466-Y; *The State of Texas v. James Broadnax*; 7th Criminal District Court; In the District Court of Dallas County, Texas

Please find attached a copy of Non-Parties Carlos Rosales, Rebecca Lopez, WFAA-TV, Inc.'s Objections and Motion to Quash Defendant's Subpoenas and for Protective Order in connection with the above referenced matter.

CRB

901 Main Street, Suite 6000   •   Dallas, Texas 75202   •   (214) 953-6000   •   fax (214) 953-5822

www.jw.com   •   Austin   •   Dallas   •   Fort Worth   •   Houston   •   San Angelo   •   San Antonio   •   Member of GLOBALAW™

302

FILED
JOHN F. WARREN, COUNTY CLERK
DEC 7 2012
COUNTY CRIMINAL COURT
DALLAS COUNTY, TEXAS
BY_____DEPUTY

2012 DEC -7 AM 8:09

**NO. F08-2466-Y**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| v. | § | 7th CRIMINAL DISTRICT COURT |
| JAMES BROADNAX | § | DALLAS COUNTY, TEXAS |

## NON-PARTIES CARLOS ROSALES, REBECCA LOPEZ, WFAA-TV, INC.'S OBJECTIONS AND MOTION TO QUASH DEFENDANT'S SUBPOENAS AND FOR PROTECTIVE ORDER

TO THE HONORABLE JUDGE SNIPES:

Non-parties *Carlos Rosales, Rebecca Lopez,* and *WFAA-TV, Inc.* (collectively, "WFAA-TV") submit this Objections and Motion to Quash Defendant's Subpoenas and for Protective Order as follows:

### I.    BACKGROUND

Defendant issued subpoenas duces tecum ("Subpoenas") to WFAA-TV, Carlos Rosales, and Rebecca Lopez on or about December 5, 2012. Copies of the Subpoenas are attached hereto as Exhibit "1." The Subpoenas seek to compel WFAA-TV, by and through Mr. Rosales and Ms. Lopez, to appear and testify at 9 a.m. on December 7, 2012 in the Criminal District Court No. 7 of Dallas County, Texas, and to produce, among other things "all documents, including notes, emails, telephone messages, faxes, letters, memo's [sic]... that are in any way related to James Broadnax" at the same time.

### II.    ARGUMENT AND AUTHORITIES

By their terms, the Subpoenas in substantial part seek to require the production of materials protected by privilege under the Free Flow of Information Act (the "Act"), codified at

303

Articles 38.11 and 38.111 of the Texas Code of Criminal Procedure. WFAA-TV does not object to producing its broadcast report. Defendant does not seek the WFAA-TV broadcast report; instead, Defendant seeks WFAA-TV's notes, emails, memos and other documents related to WFAA-TV's investigation. Therefore, WFAA-TV objects to the Subpoenas based on the Texas journalist shield law.

Under the Act, a journalist[1] has a privilege to not produce or disclose in an official proceeding[2] any unpublished information, document, or item obtained or prepared while acting as a journalist. TEX. CODE CRIM. P. Art. 38.11 § 3. This privilege applies unless the person seeking the unpublished information, document, or item first establishes the requisite conditions specified in the Act with respect to the unpublished information, document, or item sought. Art. 38.11 §§ 3, 5.

Defendant has not made the required showing under the Act. Thus, pursuant to the Act, WFAA-TV objects to the Subpoenas as follows:

1.    WFAA-TV has not been afforded an opportunity to be heard. Art. 38.11 § 5(a).

2.    Defendant has not made a clear and specific showing that all reasonable efforts have been exhausted to obtain the journalists' testimony and the unpublished information, document, or item from alternative sources. Art. 38.11 § 5(a)(1).

---

[1]  "Journalist" is defined to include Carlos Rosales, Rebecca Lopez, and WFAA-TV's custodian of records. *See* TEX. CODE CRIM. art. 38.11 § 1(2).

[2]  "Official proceeding" is defined to include the above-referenced criminal matter. *See* TEX. CODE CRIM. art. 38.11 § 4.

**NON-PARTY PARTIES CARLOS ROSALES, REBECCA LOPEZ, WFAA-TV, INC.'S OBJECTIONS AND MOTION TO QUASH TO DEFENDANT'S SUBPOENAS AND FOR PROTECTIVE ORDER– Page 2**

8811236v.1 131016/00004

304

3. Defendant has not made a clear and specific showing that the journalists' testimony and the unpublished information, document, or item is relevant and material to the proper administration of the official proceeding for which the production or disclosure is sought and is essential to the maintenance of the investigation at issue. Art. 38.11 § 5(a)(2)(A).

4. Defendant has not made a clear and specific showing that the journalists' testimony and the unpublished information, document, or item is central to the matters at issue. Art. 38.11 § 5(a)(2)(B).

5. The Subpoenas are overbroad, unreasonable, and oppressive. Art. 38.11 § 5(b)(1).

6. The Subpoenas did not give reasonable and timely notice of the demand for the journalists' testimony and the information, document, or item. Art. 38.11 § 5(b)(2).

7. In this instance, the interest in the journalists' testimony and the information, document, or item fails to outweigh the public interest in the gathering and dissemination of news, including the concerns of the journalists. Art. 38.11 § 5(b)(3).

8. The Subpoenas are being used to obtain peripheral, nonessential, or speculative testimony and information. Art. 38.11 § 5(b)(4).

9. The Court has not issued an order to compel the requested testimony after giving WFAA-TV, Mr. Rosales, and Ms. Lopez timely notice of its intent to seek such an order. Art. 38.11 § 6.

NON-PARTY PARTIES CARLOS ROSALES, REBECCA LOPEZ, WFAA-TV, INC.'S OBJECTIONS AND MOTION TO QUASH TO DEFENDANT'S SUBPOENAS AND FOR PROTECTIVE ORDER– Page 3

8811236v.1 131016/00004

305

## III.    PRAYER

Non-parties Carlos Rosales, Rebecca Lopez, and WFAA-TV, Inc. respectfully request that Court enter an Order to Quash the Subpoena delivered upon WFAA-TV, Rebecca Lopez, and Carlos Rosales, enter a Protective Order, and grant such other relief to which they are entitled.

Respectfully submitted,

Paul C. Watler
State Bar No. 20931600
pwatler@jw.com
Ryan D. Pittman
State Bar No. 24060428
rpittman@jw.com
Christopher Bankler
State Bar No. 24066754
cbankler@jw.com

**JACKSON WALKER L.L.P.,**
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 953-6000
Telecopy: (214) 953-5822

**ATTORNEYS FOR NON-PARTIES CARLOS ROSALES, REBECCA LOPEZ, AND WFAA-TV, INC.**

NON-PARTY PARTIES CARLOS ROSALES, REBECCA LOPEZ, WFAA-TV, INC.'S OBJECTIONS AND MOTION TO QUASH TO DEFENDANT'S SUBPOENAS AND FOR PROTECTIVE ORDER– Page 4

8811236v.1 131016/00004

306

12/12/2012 10:01 FAX

**TO ANY SHERIFF OR ANY CONSTABLE OR ANY PEACE OFFICER OF THE STATE OF TEXAS – GREETINGS:**
**YOU ARE HEREBY COMMANDED TO SUMMON**

CARLOS ROSALES
WFAA CHANNEL 8

To be and appear before the CRIMINAL District Court #7 of Dallas County, Texas at the courthouse of said County, in the City of Dallas, on the 7TH day of DECEMBER, 20 12, at 9:00 o'clock A. M., Then and there to testify as a witness in behalf of the DEFENDANT in a criminal Action pending in said court, wherein THE STATE OF TEXAS is Plaintiff, and JAMES BROADNAX, Defendant No. F08-24667-Y

**DUECES TECUM (IF APPLICABLE)** ☐ NOT APPLICABLE
and that he bring with him and produce in said Court, at said time and place,

SEE ATTACHMENT

desired as evidence in said Criminal action, to-wit: in a certain suit pending in said court.

and there remain from day to day and from term to term until discharged by the Court HEREIN FAIL NOT, But of this Writ make due return, showing how you have executed the same.

**OUT OF COUNTY (IF APPLICABLE)** ☒ NOT APPLICABLE
A DISOBEDIENCE OF this Subpoena is punishable by fine not exceeding $500, to be collected as Fines and costs in other criminal cases.

WITNESS MY OFFICIAL SIGNATURE, THIS 5TH day of DECEMBER, 2012
**GARY FITZSIMMONS**

District Courts
Dallas County Texas

By _____ Deputy



EXHIBIT 1

---

CRIMINAL DISTRICT COURT #7
DALLAS COUNTY, TEXAS

THE STATE OF TEXAS
VS.

JAMES BROADNAX

CAPITAL MURDER

SUBPOENA

ISSUED
This 5TH day of DECEMBER, 20 12
GARY FITZSIMMONS

Clerk, District Courts
Dallas County, Texas
By L. BAEZA Deputy

ATTORNEY:

LYDIA BRANDT
972-699-7020

REPORT TO:

FRANK CROWLEY COURTS BLDG.
133 N. RIVERFRONT BLVD.
DALLAS, TEXAS 75207

## WFAA CHANNEL 8 – CARLOS ROSALES

to appear at the hearing to testify, and to produce the following:

1.  all documents in your possession or to which you have access (by way of example but not limitation, any written communication, notes, emails, telephone messages, faxes, letters, memo's) that are in any way about or related to James Broadnax, including documents (as defined above by way of example and not limitation) about or related to a criminal investigation, arrest, prosecution, and trial of Mr. Broadnax for the death of Stephen Swan and Matthew Butler, and media interviews of Mr. Broadnax which occurred on or about June 23, 2008;

2.  any tapes and/or video recordings of media interviews of James Broadnax of media interviews of Mr. Broadnax which occurred on or about June 23, 2008, which were provided to the office of the District Attorney of Dallas County;

3.  all communication (as defined above by way of example and not limitation) between any agent and/or employee of the Dallas Police Department, Dallas Sheriff's Office, the Dallas County District Attorney's office and/or any other law enforcement agency and WFAA CHANNEL 8, about or related to a criminal investigation, arrest, prosecution, and trial of Mr. Broadnax for the death of Stephen Swan, media interviews of Mr. Broadnax which occurred on or about June 23, 2008, and tapes and video recordings of interviews of Mr. Broadnax.

308

12/12/2012 10:02 FAX

THE STATE OF TEXAS
TO ANY SHERIFF OR ANY CONSTABLE OR ANY PEACE OFFICER
OF THE STATE OF TEXAS – GREETINGS:
YOU ARE HEREBY COMMANDED TO SUMMON

REBECCA LOPEZ
WFAA CHANNEL 8

To be and appear before the CRIMINAL District Court #7 of Dallas County, Texas at the courthouse of said County, in the City of Dallas, on the 7TH day of DECEMBER, 20 12, at 9:00 o'clock A. M., Then and there to testify as a witness in behalf of the DEFENDANT in a criminal Action pending in said court, wherein THE STATE OF TEXAS is Plaintiff, and JAMES BROADNAX. Defendant No. F08-24667-Y

DUECES TECUM (IF APPLICABLE)                                    ☐ NOT APPLICABLE
and that he bring with him and produce in said Court, at said time and place,

SEE ATTACHMENT

desired as evidence in said Criminal action, to-wit: in a certain suit pending in said court.

and there remain from day to day and from term to term until discharged by the Court
HEREIN FAIL NOT, But of this Writ make due return, showing how you have executed the same.

OUT OF COUNTY (IF APPLICABLE)                                    ☒ NOT APPLICABLE
A DISOBEDIENCE OF this Subpoena is punishable by fine not exceeding $500, to be collected as Fines and costs in other criminal cases.

WITNESS MY OFFICIAL SIGNATURE, THIS 5TH day of DECEMBER, 20 12
GARY FITZSIMMONS

Clerk, District Courts
Dallas County, Texas

By _____ Deputy

---

CRIMINAL DISTRICT COURT #7
DALLAS COUNTY, TEXAS

THE STATE OF TEXAS
VS.

JAMES BROADNAX

CAPITAL MURDER

SUBPOENA

ISSUED
This 5TH day of DECEMBER, 20 12
GARY FITZSIMMONS

Clerk, District Courts
Dallas County, Texas
By L. BAEZA Deputy

ATTORNEY:

LYDIA BRANDT
972-699-7020

REPORT TO:

FRANK CROWLEY COURTS BLDG.
133 N. RIVERFRONT BLVD.
DALLAS, TEXAS 75207

309

**WFAA CHANNEL 8 – REBECCA LOPEZ**

to appear at the hearing to testify, and to produce the following:

1.     all documents in your possession or to which you have access (by way of example but not limitation, any written communication, notes, emails, telephone messages, faxes, letters, memo's) that are in any way about or related to James Broadnax, including documents (as defined above by way of example and not limitation) about or related to a criminal investigation, arrest, prosecution, and trial of Mr. Broadnax for the death of Stephen Swan and Matthew Butler, and media interviews of Mr. Broadnax which occurred on or about June 23, 2008;

2.     any tapes and/or video recordings of media interviews of James Broadnax of media interviews of Mr. Broadnax which occurred on or about June 23, 2008, which were provided to the office of the District Attorney of Dallas County;

3.     all communication (as defined above by way of example and not limitation) between any agent and/or employee of the Dallas Police Department, Dallas Sheriff's Office, the Dallas County District Attorney's office and/or any other law enforcement agency and WFAA CHANNEL 8, about or related to a criminal investigation, arrest, prosecution, and trial of Mr. Broadnax for the death of Stephen Swan, media interviews of Mr. Broadnax which occurred on or about June 23, 2008, and tapes and video recordings of interviews of Mr. Broadnax.

310

12/07/2012 10:17 FAX                                                                                                      @001/004



## JACKSON WALKER L.L.P.
### ATTORNEYS & COUNSELORS

## FACSIMILE

| DATE: | December 7, 2012 | DIRECT DIAL NUMBER: | (214) 953-6053 |
| --- | --- | --- | --- |
| FROM: | Christopher R. Bankler | FAX NUMBER: | (214) 518.5800 |

| NAME | COMPANY NAME | FACSIMILE NUMBER | PHONE NUMBER |
| --- | --- | --- | --- |
| Lydia Brandt, Esq. | Law Office | 972.699.7030 | |

**PLEASE CALL (214) 953-6057
IF YOU DO NOT RECEIVE ALL PAGES.**

FOR INTERNAL USE ONLY:

CLIENT/MATTER NO.:    219111.00126

TK ID:    CRB2    PAGE COUNT:   4

MESSAGE:

This facsimile is intended only for the use of the addressee. If the addressee of this facsimile is a client or agent for one of our clients, you are further advised that the facsimile contains legally privileged and confidential Information which we intended to send to the addressee only.

In any event, if you are not the intended recipient of the facsimile, you are hereby notified that you have received this facsimile inadvertently and in error. Any review, dissemination, distribution or copying of this is strictly prohibited. If you have received this in error, please immediately notify us by telephone and return the original facsimile to us at the address above via the United States Postal Service. We will reimburse any costs you incur in notifying us and returning the facsimile to us.

901 Main Street, Suite 6000   •   Dallas, Texas 75202   •   (214) 953-6000   •   fax (214) 953-5822

www.jw.com   •   Austin   •   Dallas   •   Fort Worth   •   Houston   •   San Angelo   •   San Antonio   •   Member of GLOBALAW

311

12/07/2012 10:17 FAX                                                                    ⊠002/004



## JACKSON WALKER L.L.P.

### ATTORNEYS & COUNSELORS

Chris Bankler
(214) 953-6053 (Direct Dial)
(214) 661-6853 (Direct Fax)
cbankler@jw.com

December 6, 2012

***Via Electronic Mail and Fax at 972-699-7030***
Lydia Brandt, Esq.
PO Box 850843
Richardson, Texas 75085
lydiamb@airmail.com

      RE:    Case No. F08-2466; *State of Texas v. James Broadnax*, in the Criminal District
           Court #7 of Dallas County, Texas

Dear Ms. Brandt:

On behalf of WFAA-TV, Carlos Rosales, and Rebecca Lopez (collectively, "WFAA-TV"), I write to object to the subpoenas duces tecum ("Subpoenas") issued to WFAA-TV on or about December 5, 2012. Copies of the Subpoenas are attached hereto as Exhibit "1." The Subpoenas seek to compel WFAA-TV, by and through Mr. Rosales and Ms. Lopez, to appear and testify at 9 a.m. on December 7, 2012 in the Criminal District Court No. 7 of Dallas County, Texas, and to produce, among other things "all documents, including notes, emails, telephone messages, faxes, letters, memo's [sic]... that are in any way related to James Broadnax" at the same time.

By their terms, the Subpoenas in substantial part seek to require the production of materials protected by privilege under the Free Flow of Information Act (the "Act"), codified at Articles 38.11 and 38.111 of the Texas Code of Criminal Procedure. As I discussed with you via telephone on December 6, 2012, WFAA-TV does not object to producing its broadcast report. In response, however, you stated that you are not seeking the WFAA-TV broadcast report; instead, you are seeking WFAA-TV's notes, emails, memos and other documents related to WFAA-TV's investigation. Therefore, it is necessary to make the following objections based on the journalist shield law.

Under the Act, a journalist[1] has a privilege to not produce or disclose in an official proceeding[2] any unpublished information, document, or item obtained or prepared while acting

---

[1] "Journalist" is defined to include Carlos Rosales, Rebecca Lopez, and WFAA-TV's custodian of records. *See* TEX. CODE CRIM. art. 38.11 § 1(2).

312

12/07/2012 10:18 FAX                                                          ☐005/004

Lydia Brandt, Esq.
December 7, 2012
Page 2

as a journalist. TEX. CODE CRIM. P. Art. 38.11 § 3. This privilege applies unless the person seeking the unpublished information, document, or item first establishes the requisite conditions specified in the Act with respect to the unpublished information, document, or item sought. Art. 38.11 §§ 3, 5.

You have not made the required showing under the Act. Thus, pursuant to the Act, WFAA-TV objects to the Subpoenas as follows:

1.    WFAA-TV has not been afforded an opportunity to be heard. Art. 38.11 § 5(a).

2.    There has not been a clear and specific showing that all reasonable efforts have been exhausted to obtain the journalists' testimony and the unpublished information, document, or item from alternative sources. Art. 38.11 § 5(a)(1).

3.    There has not been a clear and specific showing that the journalists' testimony and the unpublished information, document, or item is relevant and material to the proper administration of the official proceeding for which the production or disclosure is sought and is essential to the maintenance of the investigation at issue. Art. 38.11 § 5(a)(2)(A).

4.    There has not been a clear and specific showing that the journalists' testimony and the unpublished information, document, or item is central to the matters at issue. Art. 38.11 § 5(a)(2)(B).

5.    The Subpoenas are overbroad, unreasonable, and oppressive. Art. 38.11 § 5(b)(1).

6.    The Subpoenas did not give reasonable and timely notice of the demand for the journalists' testimony and the information, document, or item. Art. 38.11 § 5(b)(2).

7.    In this instance, the interest in the journalists' testimony and the information, document, or item fails to outweigh the public interest in the gathering and dissemination of news, including the concerns of the journalists. Art. 38.11 § 5(b)(3).

8.    The Subpoenas are being used to obtain peripheral, nonessential, or speculative testimony and information. Art. 38.11 § 5(b)(4).

9.    The Court has not issued an order to compel the requested testimony after giving WFAA-TV, Mr. Rosales, and Ms. Lopez timely notice of its intent to seek such an order. Art. 38.11 § 6.

Accordingly, WFAA-TV refuses to comply with the Subpoenas because they are improper under the Act. In the event that you seek to enforce the Subpoenas, WFAA-TV respectfully requests that you immediately notify me.

---

[2]  "Official proceeding" is defined to include the above-referenced criminal matter. See TEX. CODE CRIM. art. 38.11 § 4.

88109081v.1 219111/00126

313

12/07/2012 10:18 FAX                                                      004/004

Lydia Brandt, Esq.
December 7, 2012
Page 3

_____

Should you have any questions or concerns regarding this matter, please do not hesitate to contact me.

Best regards,

Chris Bankler

cc:   Paul C. Watler, Esq. *(firm)*

8810981v.1 219111/00126

314

**Lydia Brandt (lydiamb@airmail.net) - Sat, 12/08/12 06:00:40 -0600**

**Show Full Headers | Print | Close Printer View**

**From:**     "Lydia Brandt" <lydiamb@airmail.net>
**To:**        "Michael Snipes" <Michael.Snipes@dallascounty.org>, "Cliff Jenkins"
              <cliffjenkinspi@yahoo.com>, "Mary Burdette" <mary.burdette13@yahoo.com>
**Cc:**        "Amy Murphy" <Amy.Murphy@dallascounty.org>, "Anna Kubalak"
              <Anna.Kubalak@dallascounty.org>
**Subject:** Broadnax: Motion to Quash by Jackson Walker (WFAA Channel 8)
**Date:**     Sat 12/08/12 06:00 AM

Good Morning Judge,

At the beginning of yesterday's evidentiary hearing, you stated on the record that you had received a Motion to Quash the subpoena from Jackson Walker, but I was not given notice of that and do not have a copy of it.

As I argued yesterday, your order denying discovery as to all the media involved in the Broadnax case was directed at a request for deposition duces tecum. The subpoenas the defense issued were for actual testimony by the media at evidentiary hearing. None of the media showed, including in particular the two individuals from WFFA Channel 8.

The defense is requesting that the court enter a ruling on the motion filed by Jackson Walker.

Thank you,
lydia

Lydia M.V. Brandt, Esq.
lydiamb@airmail.net
The Brandt Law Firm, P.C.
P.O. Box 850843
Richardson, TX  75085-0843
(972) 699-7020 Voice
(972) 699-7030 Fax

The information contained in this electronic mail and any attachments is intended for the exclusive use of the addressee(s) and may contain confidential, privileged, or proprietary information. Any other interception or use of these materials is strictly prohibited. If you have received these materials in error, please notify me immediately by telephone and destroy all electronic, paper, or other versions.

**Lydia Brandt (lydiamb@airmail.net) - Sat, 12/08/12 06:00:40 -0600**

315

**Lydia Brandt (lydiamb@airmail.net) - Tue, 11/13/12 06:15:06 -0600**

**Show Full Headers | Print | Close Printer View**

**From:**     Sharon A Johnson <SHARONA.JOHNSON@dallascounty.org>
**To:**       Amy Murphy <Amy.Murphy@dallascounty.org>, "lydiamb@airmail.net"
              <lydiamb@airmail.net>
**Subject:** Broadnax Writ Hearing
**Date:**     Thu 08/02/12 03:24 PM

*Judge Snipes sent an email stating that the date for the writ hearing is December 7, 2012 at 9:00 am.  Just making sure everyone got the email.*

*Also, based on his review of the issues the Judge anticipates the hearing should not take any longer than one day.  If the parties believe the hearing will require more than one day, they need to meet with the Judge to discuss scheduling.*

*Thank you.*

*Sharon Johnson*

*Court coordinator*

*Criminal District Court 7*

*972-739-3905*

Exhibit A

**Lydia Brandt (lydiamb@airmail.net) - Tue, 11/13/12 06:15:06 -0600**

316

**Lydia Brandt (lydiamb@airmail.net) - Tue, 11/13/12 06:16:03 -0600**

**Show Full Headers | Print | Close Printer View**

**From:**    "Lydia Brandt" <lydiamb@airmail.net>
**To:**      "Amy Murphy" <Amy.Murphy@dallascounty.org>
**Subject:** RE: Broadnax Writ Hearing
**Date:**    Fri 08/03/12 07:29 AM

I can not meet Amy.  I am up to my teeth in work and it is about an hour
and half to just drive down there and back. And I am racing against
several dead lines.

Can you ask on behalf of the state and defense (with my permission) to
have the hearing scheduled for two days, the 6th and 7th?

lydia

Lydia M.V. Brandt, Esq.
lydiamb@airmail.net
The Brandt Law Firm, P.C.
P.O. Box 850843
Richardson, TX  75085-0843
(972) 699-7020 Voice
(972) 699-7030 Fax



The information contained in this electronic mail and any attachments is
intended for the exclusive use of the addressee(s) and may contain
confidential, privileged, or proprietary information.  Any other
interception or use of these materials is strictly prohibited.  If you
have received these materials in error, please notify me immediately by
telephone and destroy all electronic, paper, or other versions.

--- Amy.Murphy@dallascounty.org wrote:

From: Amy Murphy <Amy.Murphy@dallascounty.org>
To: Lydia Brandt <lydiamb@airmail.net>
Subject: RE: Broadnax Writ Hearing
Date: Thu, 2 Aug 2012 19:38:34 -0500

Lydia,

I already left for the day when you sent your message.  Can you meet
tomorrw?  I will be at work from 8 to 2:30

Amy
Amy Sue Melo Murphy
Assistant District Attorney
Appellate Division
(214) 653-3639

_____
From: Lydia Brandt [lydiamb@airmail.net]
Sent: Thursday, August 02, 2012 16:40
To: Amy Murphy
Subject: RE: Broadnax Writ Hearing

Hi Amy,  the court coordinator wrote:

If the parties believe the hearing will require more than one day, they
need to meet with the Judge to discuss scheduling.

317

I can't get down there right now.  Though I am always worried about ex parte problems, can you ask the judge for two days like thursday and friday the 6th and 7th?


Lydia M.V. Brandt, Esq.
lydiamb@airmail.net
The Brandt Law Firm, P.C.
P.O. Box 850843
Richardson, TX  75085-0843
(972) 699-7020 Voice
(972) 699-7030 Fax

The information contained in this electronic mail and any attachments is intended for the exclusive use of the addressee(s) and may contain confidential, privileged, or proprietary information.  Any other interception or use of these materials is strictly prohibited.  If you have received these materials in error, please notify me immediately by telephone and destroy all electronic, paper, or other versions.

--- Amy.Murphy@dallascounty.org wrote:

From: Amy Murphy <Amy.Murphy@dallascounty.org>
To: Lydia Brandt <lydiamb@airmail.net>, Sharon A Johnson
<SHARONA.JOHNSON@dallascounty.org>
CC: Michael Snipes <Michael.Snipes@dallascounty.org>
Subject: RE: Broadnax Writ Hearing
Date: Thu, 2 Aug 2012 15:35:21 -0500

I agree, two days.

Amy
Amy Sue Melo Murphy
Assistant District Attorney
Appellate Division
(214) 653-3639


_____

From: Lydia Brandt [lydiamb@airmail.net]
Sent: Thursday, August 02, 2012 15:26
To: Sharon A Johnson
Cc: Amy Murphy; Michael Snipes
Subject: Re: Broadnax Writ Hearing

I expect the hearing to take at least two days.  We did a day and half in Ruiz with less than 10 witnesses.

Lydia M.V. Brandt, Esq.
lydiamb@airmail.net
The Brandt Law Firm, P.C.
P.O. Box 850843
Richardson, TX  75085-0843
(972) 699-7020 Voice
(972) 699-7030 Fax

The information contained in this electronic mail and any attachments is intended for the exclusive use of the addressee(s) and may contain confidential, privileged, or proprietary information.  Any other interception or use of these materials is strictly prohibited.  If you have received these materials in error, please notify me immediately by telephone and destroy all electronic, paper, or other versions.

318

--- SHARONA.JOHNSON@dallascounty.org wrote:

From: Sharon A Johnson <SHARONA.JOHNSON@dallascounty.org>
To: Amy Murphy <Amy.Murphy@dallascounty.org>, "lydiamb@airmail.net"
<lydiamb@airmail.net>
Subject: Broadnax Writ Hearing
Date: Thu, 2 Aug 2012 15:24:38 -0500


Judge Snipes sent an email stating that the date for the writ hearing is
December 7, 2012 at 9:00 am.  Just making sure everyone got the email.

Also, based on his review of the issues the Judge anticipates the
hearing should not take any longer than one day.  If the parties believe
the hearing will require more than one day, they need to meet with the
Judge to discuss scheduling.



Thank you.



Sharon Johnson

Court coordinator

Criminal District Court 7

972-739-3905




**Lydia Brandt (lydiamb@airmall.net) - Tue, 11/13/12 06:16:03 -0600**

**Lydia Brandt (lydiamb@airmail.net) - Tue, 11/13/12 06:16:12 -0600**

**Show Full Headers | Print | Close Printer View**

**From:**  Amy Murphy <Amy.Murphy@dallascounty.org>
**To:**    Sharon A Johnson <SHARONA.JOHNSON@dallascounty.org>, "lydiamb@airmail.net"
           <lydiamb@airmail.net>
**Subject:** Broadnax Hearing
**Date:**  Fri 08/03/12 09:29 AM

I spoke with the Judge.  Two days, the hearing can be two days, the 6th and the 7th.

Amy
Amy Sue Melo Murphy
Assistant District Attorney
Appellate Division
(214) 653-3639

**Lydia Brandt (lydiamb@airmail.net) - Tue, 11/13/12 06:16:12 -0600**

**Lydia Brandt (lydiamb@airmail.net) - Tue, 11/13/12 06:16:35 -0600**

**Show Full Headers | Print | Close Printer View**

**From:**    Amy Murphy <Amy.Murphy@dallascounty.org>
**To:**    Michael Snipes <Michael.Snipes@dallascounty.org>, Lydia Brandt<lydiamb@airmail.net>, Sharon A Johnson <SHARONA.JOHNSON@dallascounty.org>
**Subject:**  RE: Broadnax Writ Hearing
**Date:**    Fri 08/03/12 09:37 PM



Judge; I am sorry. I misunderstood you this morning.

My apologies for my earlier email indicating that you had approved a two day hearing.

Amy
Amy Sue Melo Murphy
Assistant District Attorney
Appellate Division
(214) 653-3639

From: Michael Snipes
Sent: Friday, August 03, 2012 14:23
To: Amy Murphy; Lydia Brandt; Sharon A Johnson
Subject: RE: Broadnax Writ Hearing

The hearing will be completed in a day.

From: Amy Murphy
Sent: Thursday, August 02, 2012 3:35 PM
To: Lydia Brandt; Sharon A Johnson
Cc: Michael Snipes
Subject: RE: Broadnax Writ Hearing

I agree, two days.

Amy
Amy Sue Melo Murphy
Assistant District Attorney
Appellate Division
(214) 653-3639


From: Lydia Brandt [lydiamb@airmail.net]
Sent: Thursday, August 02, 2012 15:26
To: Sharon A Johnson
Cc: Amy Murphy; Michael Snipes
Subject: Re: Broadnax Writ Hearing
I expect the hearing to take at least two days. We did a day and half in Ruiz with less than 10 witnesses.

Lydia M.V. Brandt, Esq.
lydiamb@airmail.net
The Brandt Law Firm, P.C.
P.O. Box 850843
Richardson, TX  75085-0843
(972) 699-7020 Voice
(972) 699-7030 Fax

321

The information contained in this electronic mail and any attachments is intended for the exclusive use of the addressee(s) and may contain confidential, privileged, or proprietary information. Any other interception or use of these materials is strictly prohibited. If you have received these materials in error, please notify me immediately by telephone and destroy all electronic, paper, or other versions.

--- SHARONA.JOHNSON@dallascounty.org wrote:

From: Sharon A Johnson <SHARONA.JOHNSON@dallascounty.org>
To: Amy Murphy <Amy.Murphy@dallascounty.org>, "lydiamb@airmail.net"
<lydiamb@airmail.net>
Subject: Broadnax Writ Hearing
Date: Thu, 2 Aug 2012 15:24:38 -0500

Judge Snipes sent an email stating that the date for the writ hearing is December 7, 2012 at 9:00 am. Just making sure everyone got the email.

Also, based on his review of the issues the Judge anticipates the hearing should not take any longer than one day. If the parties believe the hearing will require more than one day, they need to meet with the Judge to discuss scheduling.


Thank you.


Sharon Johnson

Court coordinator

Criminal District Court 7

972-739-3905




**Lydia Brandt (lydiamb@airmail.net) - Tue, 11/13/12 06:16:35 -0600**

**Lydia Brandt (lydiamb@airmail.net) - Tue, 11/13/12 07:09:54 -0600**

**<u>Show Full Headers</u> | <u>Print</u> | <u>Close Printer View</u>**

**From:**    "Lydia Brandt" <lydiamb@airmail.net>
**To:**      "Michael Snipes" <Michael.Snipes@dallascounty.org>, "Amy Murphy"
           <Amy.Murphy@dallascounty.org>, "Anna Kubalak"<Anna.Kubalak@dallascounty.org>
**Cc:**      "Sian Schilhab" <sian.schilhab@txcourts.gov>, "Sharon Johnson"
           <sajohnson@dallascounty.org>, "Lisa Smith" <LISA.SMITH@dallascounty.org>,"Kerry
           Young" <Kerry.Young@dallascounty.org>
**Subject:** Broadnax Cause No. WR08-24667-Y, TCCA No. AP-76,207 -- Defense Objectionand
           Witness List
**Date:**    Tue 11/13/12 07:09 AM

Broadnax Cause No. WR08-24667-Y, TCCA No. AP-76,207

Dear Judge Snipes and ADA's Amy Murphy and Anna Kubalak:

I am responding to ADA Murphy's 11-7-2012 email listing the witnesses of the prosecution, reciprocating with the defense (Broadnax) witness list (below), and objecting to the single-day ruling for the evidentiary hearing. The defense acknowledges that the court has twice ruled that the evidentiary hearing will be a single day, December 7, 2012. However, I did want the judge to know that ADA Murphy and I had made three, good-faith attempts (August 2, 2012, August 16, 2012, October 26, 2012) to visit with Judge Snipes about additional time for the hearing.

I was not with ADA Murphy on August 2, 2012 when she spoke with Judge Snipes because I had had the extraordinary situation that in the past 5 months, the Amarillo and Dallas DAs set 4 executions despite my requests with the trial courts, following unsuccessful negotiations with the prosecution, to not set a date. Those settings were: Hines, 6-6- 2012 - 2nd execution setting, withdrawn by court order for further DNA testing; Balentine, 3rd execution setting 8-22- 2012, stayed by Supreme Court and case currently pending in SCT; Harris, 2nd executing setting, 9-20-2012 (executed); and Hines, 3rd execution setting 10-24-2012 (executed). The other two times Judge Snipes was not available when Murphy and Brandt came by.

OBJECTION: The Supreme Court has emphasized that "Section 2254(d) is part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 131 S. Ct. 770, 787 (2011). Thus, it is Mr. Broadnax's contention that the fact-development-limitation as a result of a single-day hearing results in federal due process violations of meaningful opportunity to be heard in state and federal court, adversely impacts Mr. Broadnax's right to meaningful review in state and federal court, and limits the state and federal courts' ability to make a reasonable determination of the facts.

The Order Designating Issues sets out eight (8) issues. A particularly complex fact situation in the case is the unlimited access of the media to criminal defendants. Upon information and belief, this media access appears to be a systemic problem in Dallas County, (and to Mr. Broadnax in particular), and is done at encouragement of law enforcement. The media contact often occurs, as it did in Mr. Broadnax's case, in the interim between arraignment (and 2 requests for counsel by Mr. Broadnax) but prior to appointment of counsel. It resulted in a violation of Broadnax's substantive and procedural rights to counsel and to a fair trial because the media interviews occurred at a critical stage in the post attachment proceedings, making it impossible for defense counsel to render any meaningful assistance whatsoever. Rothgery, 554 U.S. 191, 212 (2008).

DEFENSE WITNESS LIST: The defense acknowledges that twice the court has ruled that the evidentiary hearing will be a single day, although given the length of the defense witness list, it is obvious that it is unlikely that all or even most of the witnesses can be called to testify. Mr. Broadnax reserves the right to amend the defense witness list.

Defense (Broadnax) Witness List

323

Shawn Rabb
Rebecca Lopez
Steven Pickette
Ellen Goldberg
Kim Leach
Audrey Kelly
Mary Burdette
Cliff Jenkins
Dr. John Edens
Dwight Stewart
Maurice Owens
Nequia Williams
Keerin Martin
Clara Holyfield
Juanita Mays
Teresa Thompson
Jackie Aaron
Kevon Eason
Casey Norman
David Alex
Andrea Handley
Brauchle, Paul
Busbey, Brook
Franklin, Richard
Johnson, Karo
Johnson, Paul
Lollar, Brad
McClung, Robbie
Parks, Doug
Sanchez, Juan
Tatum, John

Capital defendants who have been interviewed by the media before appointment of counsel, and following further investigation to confirm their identities and the relevancy of their information, I will provide their names, etc.

Other persons, who I have been told have relevant information about media interviews of Dallas County criminal defendants, and following further investigation to confirm their identities and the relevancy of their information, I will provide their names, etc.

Expert(s) on first amendment law

cc:    Lisa Smith, ADA Dallas County; Kerry Young, Staff Attorney Dallas County; Sian Schilhab, General Counsel TCCA; sharon Johnson, court coordinator

SEE ATTACHED EXHIBITS:    Exhibit A: Email dated Thur 08/02/12 03:24 PM from Sharon Johnson to Murphy and Brandt, Subject: Broadnax Writ Hearing; Exhibit B: Email dated Fri 08/03/12 07:29 AM From Brandt to Murphy,  Subject: Broadnax Writ Hearing; Exhibit C: Email dated Fri 08/03/12 09:29 AM from Murphy to Brandt, Subject: Broadnax Hearing; Exhibit D: Email from Snipes, J. dated Friday, August 03, 2012 14:23 to Murphy, Brandt, Johnson, Subject Broadnax Writ Hearing ("The hearing will be completed in a day"); Exhibit E: Email dated  Fri 08/03/12 09:37 PM from Murphy to Snipes, J. cc: Brandt and Johnson, Subject: Broadnax Writ Hearing

Lydia M.V. Brandt, Esq.
lydiamb@airmail.net
The Brandt Law Firm, P.C.
P.O. Box 850843
Richardson, TX  75085-0843
(972) 699-7020 Voice
(972) 699-7030 Fax

**324**

The information contained in this electronic mail and any attachments is intended for the exclusive use of the addressee(s) and may contain confidential, privileged, or proprietary information.  Any other interception or use of these materials is strictly prohibited.  If you have received these materials in error, please notify me immediately by telephone and destroy all electronic, paper, or other versions.

**Lydia Brandt (lydiamb@airmail.net) - Tue, 11/13/12 07:09:54 -0600**

325

**Lydia Brandt (lydiamb@airmail.net) - Tue, 12/18/12 09:20:31 -0600**

**Show Full Headers | Print | Close Printer View**

**From:**    Michael Snipes <Michael.Snipes@dallascounty.org>
**To:**      Amy Murphy <Amy.Murphy@dallascounty.org>, Lydia Brandt<lydiamb@airmail.net>,
            Sharon A Johnson <SHARONA.JOHNSON@dallascounty.org>
**Subject:** RE: Broadnax Cause No. WR08-24667-Y, TCCA No. AP-76,207 - expertaffidavits
            admitted as evid in lieu of live testimony
**Date:**    Tue 11/27/12 03:23 PM

As you know, I am in trial on December 6..  I will have Mr. Broadnax in
court on the 7th, but  not the 6th, although he has been bench warranted
to arrive in Lew Sterritt on November 29 if you need to see him.

-----Original Message-----
From: Amy Murphy
Sent: Tuesday, November 27, 2012 12:45 PM
To: Michael Snipes; Lydia Brandt
Cc: Anna Kubalak
Subject: RE: Broadnax Cause No. WR08-24667-Y, TCCA No. AP-76,207 -
expert affidavits admitted as evid in lieu of live testimony

The State does NOT agree.  One of the only reason the State agreed to
have a hearing in this case was to have the chance to cross examine your
experts, experts you now claim the trial attorneys were ineffective for
not calling to testify at trial.  The other reason the State agreed to a
hearing is to allow the trial attornies to defend themselves.

I propose that, in an effort to speed up the hearing, we start with the
relevant witnesses to the actual claims in the application:  Doug, Brad,
Stewart, and Edens.  After those witnesses testify, then we can handle
the remainder of the witnesses.  Please let me know if you are amenable
to this proposal.

Amy
Amy Sue Melo Murphy
Assistant District Attorney
Appellate Division
(214) 653-3639

From: Michael Snipes
Sent: Tuesday, November 27, 2012 9:56
To: Lydia Brandt
Cc: Amy Murphy; Anna Kubalak
Subject: RE: Broadnax Cause No. WR08-24667-Y, TCCA No. AP-76,207 -
expert affidavits admitted as evid in lieu of live testimony

I WILL agree, but not forcing the state to do so.  That's up to them.

From: Lydia Brandt [mailto:lydiamb@airmail.net]
Sent: Tuesday, November 27, 2012 9:49 AM
To: Michael Snipes
Cc: Amy Murphy; Anna Kubalak
Subject: RE: Broadnax Cause No. WR08-24667-Y, TCCA No. AP-76,207 -
expert affidavits admitted as evid in lieu of live testimony

Dear ADAs Murphy and Kubalak and Judge Snipes,

I would like to enter into agreement with the DA (and with the approval

326

of the court) to have the expert affidavits of Dwight Stewart and John
Edens admitted as evidence at the evidentiary hearing, instead of
calling them to testify in person at the evidentiary hearing.  I believe
that this will accomplish Mr. Broadnax's purpose, while at the same time
saving costs and substantial money in having to bring them in from out
of town.

The two affidavits are exhibits 25 (stewart) and 26 (edens) attached to
the state habeas application.

Please let me know if the DA and court will agree so I can let my two
experts know asap.

Thank you,
lydia

Lydia M.V. Brandt, Esq.
lydiamb@airmail.net
The Brandt Law Firm, P.C.
P.O. Box 850843
Richardson, TX   75085-0843
(972) 699-7020 Voice
(972) 699-7030 Fax

The information contained in this electronic mail and any attachments is
intended for the exclusive use of the addressee(s) and may contain
confidential, privileged, or proprietary information.  Any other
interception or use of these materials is strictly prohibited.  If you
have received these materials in error, please notify me immediately by
telephone and destroy all electronic, paper, or other versions.

--- Michael.Snipes@dallascounty.org wrote:

From: Michael Snipes <Michael.Snipes@dallascounty.org>
To: Lydia Brandt <lydiamb@airmail.net>
CC: Amy Murphy <Amy.Murphy@dallascounty.org>, Anna Kubalak
<Anna.Kubalak@dallascounty.org>
Subject: RE: Broadnax Cause No. WR08-24667-Y, TCCA No. AP-76,207 -
additional witness & missing exhibit
Date: Mon, 26 Nov 2012 11:19:21 -0600

Don't forget about chambers meeting on Dec 6 at 8.  Does this need to be
on the record?

From: Lydia Brandt [mailto:lydiamb@airmail.net]
Sent: Monday, November 26, 2012 8:44 AM
To: Lydia Brandt
Cc: Michael Snipes; Amy Murphy; Anna Kubalak
Subject: RE: Broadnax Cause No. WR08-24667-Y, TCCA No. AP-76,207 -
additional witness & missing exhibit

Hi Amy,

I have an additional witness to add to my witness list, Catherine
Bernhard.

Also,  do you have Defense Exhibit 8, that was admitted in the July 27,
2009 pretrial hearing (Vol 41) (and also listed in the Master Index).
It is identified as Report of J. Cook, Letter to Sheriff Valdez.  This

327

document is no where in my file and the defense exhibits volume, exhibit
3, is something else entirely.

If you do have it and can make it available to me (scan and email if
possible) I would appreciate it.
Thank you,

lydia

Lydia M.V. Brandt, Esq.
lydiamb@airmail.net
The Brandt Law Firm, P.C.
P.O. Box 850843
Richardson, TX  75085-0843
(972) 699-7020 Voice
(972) 699-7030 Fax

The information contained in this electronic mail and any attachments is
intended for the exclusive use of the addressee(s) and may contain
confidential, privileged, or proprietary information.  Any other
interception or use of these materials is strictly prohibited.  If you
have received these materials in error, please notify me immediately by
telephone and destroy all electronic, paper, or other versions.

--- lydiamb@airmail.net wrote:

From: "Lydia Brandt" <lydiamb@airmail.net>
To: "Michael Snipes" <Michael.Snipes@dallascounty.org>
Cc: <Amy.Murphy@dallascounty.org>, <Anna.Kubalak@dallascounty.org>
Subject: RE: Broadnax Cause No. WR08-24667-Y, TCCA No. AP-76,207 -
additional time and timing of evid hg
Date: Tue, 13 Nov 2012 15:11:37 -0800

Dear Judge Snipes and Amy,

The list of witnesses I identified by name on my witness list should
take care of your concern, Amy.  I will draw from them to call at the
hearing.

As to those persons that the witness list identifies generically on the
bottom of the list, obviously I can't and won't call at the 12-7-2012
hearing.  This is an issue that I would still like to take up with the
judge.  As I mentioned in my earlier email, it is for this reason, that
I continue to work on the motion for evid hg and other issues in the
hope that the judge will permit a continuance of the hearing for a later
date(s).

I hope, Amy, that you and I can get together to set a date and then call
Judge Snipes office so we both see Judge Snipes to address the defense
issues concerning its motion about the evidentiary hearing.  I will call
you when I get the motion completed, Amy.

I have been summoned for jury duty tomorrow and don't expect to be
around for most/all of the day.

lydia

Lydia M.V. Brandt, Esq.
lydiamb@airmail.net
The Brandt Law Firm, P.C.
P.O. Box 850843
Richardson, TX  75085-0843

328

(972) 699-7020 Voice
(972) 699-7030 Fax

The information contained in this electronic mail and any attachments is
intended for the exclusive use of the addressee(s) and may contain
confidential, privileged, or proprietary information.  Any other
interception or use of these materials is strictly prohibited.  If you
have received these materials in error, please notify me immediately by
telephone and destroy all electronic, paper, or other versions.

--- Michael.Snipes@dallascounty.org wrote:

From: Michael Snipes <Michael.Snipes@dallascounty.org>
To: Amy Murphy <Amy.Murphy@dallascounty.org>, Lydia Brandt
<lydiamb@airmail.net>
CC: Anna Kubalak <Anna.Kubalak@dallascounty.org>
Subject: RE: Broadnax Cause No. WR08-24667-Y, TCCA No. AP-76,207 -
additional time and timing of evid hg
Date: Tue, 13 Nov 2012 15:54:32 -0600

I agree Ms. Brandt.  Please do so unless exigent circumstances arise.
Thank you.


From: Amy Murphy
Sent: Tuesday, November 13, 2012 3:24 PM
To: Lydia Brandt
Cc: Michael Snipes; Anna Kubalak
Subject: RE: Broadnax Cause No. WR08-24667-Y, TCCA No. AP-76,207 -
additional time and timing of evid hg


Lydia,


I thought that both parties had agreed to have the witness lists to each
other by last week.  I do appreciate your rather lengthy witness list.
However, you have indicated that you reserve the right to add witnesses.
Out of professional courtesy, and in light of the fact that the State
needs to prepare for all witnesses so that we do not waste valuable
court time, can you please have a list of witnesses to the Judge and
myself by this Friday.  I do not think that this is being unreasonable,
given the upcoming holiday and the fact that the hearing is only weeks
away.


Thank you,


Amy

Amy Sue Melo Murphy

Assistant District Attorney

Appellate Division

(214) 653-3639

---

From: Lydia Brandt [lydiamb@airmail.net]
Sent: Tuesday, November 13, 2012 10:22
To: Michael Snipes
Cc: Amy Murphy; Anna Kubalak
Subject: RE: Broadnax Cause No. WR08-24667-Y, TCCA No. AP-76,207 -
additional time and timing of evid hg

Dear Judge Snipes,

Thank you for your response. I believe the evidentiary hearing will take
a minimum of 3-4 days.  So that I am prepared to discuss the issue with
you, I am in the process of drafting a motion concerning this and other
issues relating to the evidentiary hearing.  I hope to have it
researched and drafted within the next several days.

Once I have completed it, I will call the ADAs Murphy and Kubalak, and
also arrange with your court coordinator for a date and time so that all
of us can meet with you and discuss the amount of time and the timing of
the evidentiary hearing.

Thank you for your openness to reconsider this matter.

I will be back in touch with everyone soon.
lydia

Lydia M.V. Brandt, Esq.
lydiamb@airmail.net
The Brandt Law Firm, P.C.
P.O. Box 850843
Richardson, TX  75085-0843
(972) 699-7020 Voice
(972) 699-7030 Fax

The information contained in this electronic mail and any attachments is
intended for the exclusive use of the addressee(s) and may contain
confidential, privileged, or proprietary information.  Any other
interception or use of these materials is strictly prohibited.  If you
have received these materials in error, please notify me immediately by
telephone and destroy all electronic, paper, or other versions.

--- Michael.Snipes@dallascounty.org wrote:

From: Michael Snipes <Michael.Snipes@dallascounty.org>
To: Lydia Brandt <lydiamb@airmail.net>
Subject: RE: Broadnax Cause No. WR08-24667-Y, TCCA No. AP-76,207 --
Attached R Omitted Attachments A thru E email; Defense Objection and
Witness List
Date: Tue, 13 Nov 2012 08:53:20 -0600

Also, I don't why you have been having a hard time seeing me; I haven't
missed a day of work this year and all you have to do is call ahead, but
I am sorry if you feel that I have been unavailable.


From: Lydia Brandt [mailto:lydiamb@airmail.net]

330

Sent: Tuesday, November 13, 2012 8:49 AM
To: Lydia Brandt
Cc: Michael Snipes; Amy Murphy; Anna Kubalak;
sian.schilhab@txcourts.gov; Sharon A Johnson; Lisa Smith; Kerry Young
Subject: Re: Broadnax Cause No. WR08-24667-Y, TCCA No. AP-76,207 --
Attached R Omitted Attachments A thru E email; Defense Objection and
Witness List


I inadvertently omitted attaching the email attachments.  Here they are
emails Exhibits A thru and including E.

Lydia M.V. Brandt, Esq.
lydiamb@airmail.net
The Brandt Law Firm, P.C.
P.O. Box 850843
Richardson, TX  75085-0843
(972) 699-7020 Voice
(972) 699-7030 Fax

The information contained in this electronic mail and any attachments is
intended for the exclusive use of the addressee(s) and may contain
confidential, privileged, or proprietary information.  Any other
interception or use of these materials is strictly prohibited.  If you
have received these materials in error, please notify me immediately by
telephone and destroy all electronic, paper, or other versions.

--- lydiamb@airmail.net wrote:

From: "Lydia Brandt" <lydiamb@airmail.net>
To: "Michael Snipes" <Michael.Snipes@dallascounty.org>, "Amy Murphy"
<Amy.Murphy@dallascounty.org>, "Anna Kubalak"
<Anna.Kubalak@dallascounty.org>
Cc: "Sian Schilhab" <sian.schilhab@txcourts.gov>, "Sharon Johnson"
<sajohnson@dallascounty.org>, "Lisa Smith"
<LISA.SMITH@dallascounty.org>, "Kerry Young"
<Kerry.Young@dallascounty.org>
Subject: Broadnax Cause No. WR08-24667-Y, TCCA No. AP-76,207 -- Defense
Objection and Witness List
Date: Tue, 13 Nov 2012 05:09:23 -0800

Broadnax Cause No. WR08-24667-Y, TCCA No. AP-76,207

Dear Judge Snipes and ADA's Amy Murphy and Anna Kubalak:

I am responding to ADA Murphy's 11-7-2012 email listing the witnesses of
the prosecution, reciprocating with the defense (Broadnax) witness list
(below), and objecting to the single-day ruling for the evidentiary
hearing.  The defense acknowledges that the court has twice ruled that
the evidentiary hearing will be a single day, December 7, 2012.
However, I did want the judge to know that ADA Murphy and I had made
three, good-faith attempts (August 2, 2012, August 16, 2012, October 26,
2012) to visit with Judge Snipes about additional time for the hearing.

I was not with ADA Murphy on August 2, 2012 when she spoke with Judge
Snipes because I had had the extraordinary situation that in the past 5
months, the Amarillo and Dallas DAs set 4 executions despite my requests
with the trial courts, following unsuccessful negotiations with the
prosecution, to not set a date.  Those settings were:  Hines, 6-6- 2012
- 2nd execution setting, withdrawn by court order for further DNA
testing; Balentine, 3rd execution setting 8-22- 2012, stayed by Supreme

Court and case currently pending in SCT; Harris, 2nd executing setting, 9-20-2012 (executed); and Hines, 3rd execution setting 10-24-2012 (executed). The other two times Judge Snipes was not available when Murphy and Brandt came by.

OBJECTION: The Supreme Court has emphasized that "Section 2254(d) is part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 131 S. Ct. 770, 787 (2011). Thus, it is Mr. Broadnax's contention that the fact-development-limitation as a result of a single-day hearing results in federal due process violations of meaningful opportunity to be heard in state and federal court, adversely impacts Mr. Broadnax's right to meaningful review in state and federal court, and limits the state and federal courts' ability to make a reasonable determination of the facts.

The Order Designating Issues sets out eight (8) issues. A particularly complex fact situation in the case is the unlimited access of the media to criminal defendants. Upon information and belief, this media access appears to be a systemic problem in Dallas County, (and to Mr. Broadnax in particular), and is done at encouragement of law enforcement. The media contact often occurs, as it did in Mr. Broadnax's case, in the interim between arraignment (and 2 requests for counsel by Mr. Broadnax) but prior to appointment of counsel. It resulted in a violation of Broadnax's substantive and procedural rights to counsel and to a fair trial because the media interviews occurred at a critical stage in the post attachment proceedings, making it impossible for defense counsel to render any meaningful assistance whatsoever. Rothgery, 554 U.S. 191, 212 (2008).

DEFENSE WITNESS LIST: The defense acknowledges that twice the court has ruled that the evidentiary hearing will be a single day, although given the length of the defense witness list, it is obvious that it is unlikely that all or even most of the witnesses can be called to testify. Mr. Broadnax reserves the right to amend the defense witness list.

Defense (Broadnax) Witness List

Shawn Rabb
Rebecca Lopez
Steven Pickette
Ellen Goldberg
Kim Leach
Audrey Kelly
Mary Burdette
Cliff Jenkins
Dr. John Edens
Dwight Stewart
Maurice Owens
Nequia Williams
Keerin Martin
Clara Holyfield
Juanita Mays
Teresa Thompson
Jackie Aaron
Kevon Eason
Casey Norman
David Alex
Andrea Handley
Brauchle, Paul

332

Busbey, Brook
Franklin, Richard
Johnson, Karo
Johnson, Paul
Lollar, Brad
McClung, Robbie
Parks, Doug
Sanchez, Juan
Tatum, John

    Capital defendants who have been interviewed by the media before appointment of counsel, and following further investigation to confirm their identities and the relevancy of their information, I will provide their names, etc.

    Other persons, who I have been told have relevant information about media interviews of Dallas County criminal defendants, and following further investigation to confirm their identities and the relevancy of their information, I will provide their names, etc.

Expert(s) on first amendment law

cc:    Lisa Smith, ADA Dallas County; Kerry Young, Staff Attorney Dallas County; Sian Schilhab, General Counsel TCCA; sharon Johnson, court coordinator

SEE ATTACHED EXHIBITS:    Exhibit A: Email dated Thur 08/02/12 03:24 PM from Sharon Johnson to Murphy and Brandt, Subject: Broadnax Writ Hearing; Exhibit B: Email dated Fri 08/03/12 07:29 AM From Brandt to Murphy,  Subject: Broadnax Writ Hearing; Exhibit C: Email dated Fri 08/03/12 09:29 AM from Murphy to Brandt, Subject: Broadnax Hearing; Exhibit D: Email from Snipes, J. dated Friday, August 03, 2012 14:23 to Murphy, Brandt, Johnson, Subject Broadnax Writ Hearing ("The hearing will be completed in a day"); Exhibit E: Email dated  Fri 08/03/12 09:37 PM from Murphy to Snipes, J. cc: Brandt and Johnson, Subject: Broadnax Writ Hearing

Lydia M.V. Brandt, Esq.
lydiamb@airmail.net
The Brandt Law Firm, P.C.
P.O. Box 850843
Richardson, TX  75085-0843
(972) 699-7020 Voice
(972) 699-7030 Fax

The information contained in this electronic mail and any attachments is intended for the exclusive use of the addressee(s) and may contain confidential, privileged, or proprietary information.  Any other interception or use of these materials is strictly prohibited.  If you have received these materials in error, please notify me immediately by telephone and destroy all electronic, paper, or other versions.

**Lydia Brandt (lydiamb@airmail.net) - Tue, 12/18/12 09:20:31 -0600**

CAUSE NO. W08-24667-Y(A)

EX PARTE                                    §    IN THE CRIMINAL

JAMES GARFIELD BROADNAX, §    DISTRICT COURT NO. 7
APPLICANT
                                           §    DALLAS COUNTY, TEXAS

## ORDER

The Court, having considered Applicant's Motion for Court-Ordered

Discovery and Continuance of the Evidentiary Hearing, the State's Motion

to Quash Subpoena, and the arguments of counsel, now enters the following

order:

Applicant's request for this Court to order Channels 4, 5, 8, and 11, to

identify and produce for deposition duces tecum employees who interviewed

James Broadnax between arraignment and appointment of counsel is

**DENIED.**

Applicant's request for this Court to issue an order authorizing the

Applicant to depose each of the defendants identified in Applicant's motion

is **DENIED.**

Applicant's request for this Court to enter an order requiring the State

of Texas to produce all correspondence of the Dallas Sheriff's Office, the

Dallas District Attorney's Office, and the Dallas Police Department to or

334

from any media outlet pertaining to any of the defendants identified in Applicant's motion is **DENIED**.

The State's Motion to Quash Subpoena is in all things **GRANTED**.

Applicant's request for additional days to conduct the evidentiary hearing in this case is **DENIED** at this time.

So **ORDERED** this ___6___ day of December, 2012.

MICHAEL SNIPES, JUDGE
CRIMINAL DISTRICT COURT NO. 7
DALLAS COUNTY, TEXAS

335

## CAUSE NO. W08-24667-Y(A)

| | | |
|---|---|---|
| EX PARTE | § | IN THE CRIMINAL |
| JAMES GARFIELD BROADNAX, § APPLICANT | | DISTRICT COURT NO. 7 |
| | § | DALLAS COUNTY, TEXAS |

## ORDER

The Court, having considered Applicant's Motion to Reconsider and Rescind the 12-12-2012 Order, to Reopen the Evidentiary Hearing, and to Compel Rosales, Lopez, and WFAA-TV to Testify and Produce Documents, finds that there is no need to reopen the evidentiary hearing.

The Court finds that the Court has sufficient evidence to resolve the issues before the Court.

The Court further finds that Rosales, Lopez, and WFAA-TV would not produce any evidence relevant to the Court's determination.

**IT IS THEREFORE ORDERED** that Applicant's Motion to Reconsider is in all things **DENIED**.

**SIGNED** this _2 0_ day of December, 2012.

_____

**MICHAEL SNIPES, JUDGE**
**CRIMINAL DISTRICT COURT NO. 7**
**DALLAS COUNTY, TEXAS**

336

CAUSE NO. W08-24667-Y(A)

EX PARTE § IN THE CRIMINAL

JAMES GARFIELD BROADNAX, § DISTRICT COURT NO. 7
                    APPLICANT
                         § DALLAS COUNTY, TEXAS

## ORDER

The Court, having considered Applicant's Motion to Reconsider and Rescind the 12-12-2012 Order, to Reopen the Evidentiary Hearing, and to Compel Rosales, Lopez, and WFAA-TV to Testify and Produce Documents, finds that there is no need to reopen the evidentiary hearing.

The Court finds that the Court has sufficient evidence to resolve the issues before the Court.

The Court further finds that Rosales, Lopez, and WFAA-TV would not produce any evidence relevant to the Court's determination.

**IT IS THEREFORE ORDERED** that Applicant's Motion to Reconsider is in all things **DENIED**.

SIGNED this __2 0__ day of December, 2012.

_____
**MICHAEL SNIPES, JUDGE**
**CRIMINAL DISTRICT COURT NO. 7**
**DALLAS COUNTY, TEXAS**

*** Transmit Confirmation Report ***

Dec 20 2012 10:20am

P.1
Criminal Dist.Ct.7   Fax:9727393917

| Name/Fax No. | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 99726697030 | Normal | 20.10:19am | 0.34" | 1 | O K | |

337

IN THE CRIMINAL DISTRICT COURT #7
OF DALLAS COUNTY, TEXAS

EX PARTE JAMES BROADNAX,

APPLICANT

)
)
)
)
)
)
)
)

TCCA  AP-76,207
Trial Ct. # WR08-24667

## ORDER

Before the Court is Applicant JAMES BROADNAX's Motion to Reconsider & Rescind the 12-12-2012 Order, to Reopen the Evidentiary Hearing, & to Compel Rosales, Lopez, and WFAA-TV to Testify & Produce Documents.

WHEREFORE, this Court GRANTS the motion, rescinds its 12-12-2012 order, resets the evidentiary hearing to _____[date], and orders WFAA, Rosales, and Lopez to testify and produce to counsel for Mr. Broadnax the documents identified in the subpoenas attached to its 12-7-2012 Motion to Quash.

Dated this ____ day of _____, 2012.

MICHAEL SNIPES
DISTRICT COURT JUDGE
CRIMINAL DISTRICT COURT #7
DALLAS COUNTY, TEXAS

338



**FILED**

Cause No. W08-24667-Y

2013 OCT -4 PM 3: 18

GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO.. TEXAS

_____ DEPUTY

| | | |
|---|---|---|
| EX PARTE | § | IN CRIMINAL DISTRICT |
| | § | |
| | § | COURT NUMBER 7 OF |
| JAMES GARFIELD BROADNAX, | § | |
| Applicant | § | DALLAS COUNTY, TEXAS |

### STATE'S FILING OF ADDITIONAL EXHIBIT
TO THE HONORABLE JUDGE OF SAID COURT:

Respondent in this matter, the State of Texas, through the Criminal District Attorney of Dallas County, respectfully files an additional exhibit.

### I.

Applicant was convicted of the capital murder of Stephen Swan, and the jury answered the special issues in a manner requiring the imposition of the death penalty. On August 20, 2009, this Court assessed punishment at death. Applicant filed an original application for writ of habeas corpus on December 20, 2011. A hearing was held on December 7, 2012.

### II.

Prior to the hearing, counsel, Lydia Brandt, objected to this Court's limiting of the hearing to one day. The arguments at the hearing regarding this issue were brief. The emails attached to this motion contain information relevant and material to the issue. In particular, they detail the many conversations between the trial court and the parties regarding the amount of time allotted for the hearing.



339

Respectfully submitted,

AMY SUE MELO MURPHY
Bar No. 240041545
Assistant Criminal District Attorney
Dallas County District Attorney
133 N. Riverfront Blvd., LB 19
Dallas, Texas 75207-4399
(214) 653-3639

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing motion has been served on Lydia Brandt,

Attorney for Applicant, The Brandt Law Firm, P.O. Box 850843, Richardson, Texas, 75085-

0843, by depositing same in the United States mail on October 4, 2013, and by email at

lydiamb@airmail.net on the same day.

AMY SUE MELO MURPHY

2

340

# Message



**From:** Amy Murphy                    **Sent:** 8/13/2012 12:21:47 PM

**To:** Lydia Brandt

**Subject:** RE: Broadnax Writ Hearing R U available this Thur, 8-16-2012?

Lydia,

My daughter's school coes not open until after 7am and I live in Allen. The earliest I can meet is 8:15am. Does that work?
Amy Sue Melo Murphy
Assistant District Attorney
Appellate Division
(214) 653-3639

---

From: Lydia Brandt [lydiamb@airmail.net]
Sent: Monday, August 13, 2012 11:55
To: Amy Murphy
Subject: RE: Broadnax Writ Hearing R U available this Thur, 8-16-2012?

Hi Amy,

If I drive down there this Thursday can I meet you outside Judge Snipes chambers between 7:30 and 7:45?

lydia

Lydia M.V. Brandt, Esq.
lydiamb@airmail.net
The Brandt Law Firm, P.C.
P.O. Box 850843
Richardson, TX 75085-0843
(972) 699-7020 Voice
(972) 699-7030 Fax

The information contained in this electronic mail and any attachments is
intended for the exclusive use of the addressee(s) and may contain
confidential, privileged, or proprietary information. Any other
interception or use of these materials is strictly prohibited. If you
have received these materials in error, please notify me immediately by
telephone and destroy all electronic, paper, or other versions.

--- Amy.Murphy@dallascounty.org wrote:

From: Amy Murphy <Amy.Murphy@dallascounty.org>
To: Lydia Brandt <lydiamb@airmail.net>
Subject: RE: Broadnax Writ Hearing
Date: Wed, 8 Aug 2012 12:56:18 -0500

Lydia,

That sounds good; a day advance notice will work. If I can't make it, I will send Lisa or Grace Shin.

Amy
Amy Sue Melo Murphy
Assistant District Attorney
Appellate Division
(214) 653-3639

---

From: Lydia Brandt [lydiamb@airmail.net]
Sent: Wednesday, August 08, 2012 12:36
To: Amy Murphy
Cc: Lisa Smith
Subject: RE: Broadnax Writ Hearing

Hi Amy,

I was thinking about just driving down there early one morning and hoping to catch the judge around 8:00 am or so. If I

341

call you the day before I go, would that work for you? Because things are popping right now, I am reluctant to set an appointment because I don't know if I will be able to make it.

Lydia M.V. Brandt, Esq.
lydiamb@airmail.net
The Brandt Law Firm, P.C.
P.O. Box 850843
Richardson, TX 75085-0843
(972) 699-7020 Voice
(972) 699-7030 Fax

The information contained in this electronic mail and any attachments is intended for the exclusive use of the addressee(s) and may contain confidential, privileged, or proprietary information. Any other interception or use of these materials is strictly prohibited. If you have received these materials in error, please notify me immediately by telephone and destroy all electronic, paper, or other versions.

--- Amy.Murphy@dallascounty.org wrote:

From: Amy Murphy <Amy.Murphy@dallascounty.org>
To: Lydia Brandt <lydiamb@airmail.net>
CC: Lisa Smith <LISA.SMITH@dallascounty.org>
Subject: RE: Broadnax Writ Hearing
Date: Wed, 8 Aug 2012 09:16:07 -0500

Lydia,

I am open to two days. However, I think both parties should speak to the jduge at the same time. Go ahead and schedule a meeting with the judge for a time that is best for you. Email me with the date and time, and myself or someone from the division will be there.

Amy
Amy Sue Melo Murphy
Assistant District Attorney
Appellate Division
(214) 653-3639

From: Lydia Brandt [lydiamb@airmail.net]
Sent: Saturday, August 04, 2012 15:34
To: Amy Murphy
Subject: RE: Broadnax Writ Hearing

No fault. Just miscommunication. I think we can turn this around and get two days.

There is a financial consideration that might get him to change his mind. If the hearing spills over from Friday into Monday, the court will have to either pay to fly the expert home for the weekend and then back for Monday, or pay for hotel for the weekend, etc.

Second, the hearings I have had with an experienced trial/habeas counsel who practices before Judge Snipes runs about 1.5 days and that is with ONE issue only.

I have been told Judge Snipes is fair. We just need to give him solid reasons for two days. I am working all this weekend and probably next (and during the week days too) because of these executions. It is hard for me to justify driving down there right now with the expedited deadlines that are being set by the federal courts.

Let's talk Wednesday.
lydia

Lydia M.V. Brandt, Esq.
lydiamb@airmail.net
The Brandt Law Firm, P.C.
P.O. Box 850843
Richardson, TX 75085-0843
(972) 699-7020 Voice
(972) 699-7030 Fax

The information contained in this electronic mail and any attachments is
intended for the exclusive use of the addressee(s) and may contain
confidential, privileged, or proprietary information. Any other
interception or use of these materials is strictly prohibited. If you
have received these materials in error, please notify me immediately by
telephone and destroy all electronic, paper, or other versions.

--- Amy.Murphy@dallascounty.org wrote:

From: Amy Murphy <Amy.Murphy@dallascounty.org>
To: Lydia Brandt <lydiamb@airmail.net>
Subject: RE: Broadnax Writ Hearing
Date: Sat, 4 Aug 2012 14:14:55 -0500

Lydia,

I won't be in until Wednesday. We can chat then. It was a very confusing conversation, at the end of it I guess I
misunderstood him. I should have asked for clarification, but I didn't. That was my fault.
Amy Sue Melo Murphy
Assistant District Attorney
Appellate Division
(214) 653-3639
_____
From: Lydia Brandt [lydiamb@airmail.net]
Sent: Saturday, August 04, 2012 9:04
To: Amy Murphy
Subject: RE: Broadnax Writ Hearing

Hi Amy,

When you get a chance on Monday, can you give me a call and we can chat. I am a little confused on the communications.
And I am trying to figure out how to address the "one day" directive.

lydia

Lydia M.V. Brandt, Esq.
lydiamb@airmail.net
The Brandt Law Firm, P.C.
P.O. Box 850843
Richardson, TX 75085-0843
(972) 699-7020 Voice
(972) 699-7030 Fax

The information contained in this electronic mail and any attachments is
intended for the exclusive use of the addressee(s) and may contain
confidential, privileged, or proprietary information. Any other
interception or use of these materials is strictly prohibited. If you
have received these materials in error, please notify me immediately by
telephone and destroy all electronic, paper, or other versions.

--- Amy.Murphy@dallascounty.org wrote:

From: Amy Murphy <Amy.Murphy@dallascounty.org>
To: Michael Snipes <Michael.Snipes@dallascounty.org>, Lydia Brandt <lydiamb@airmail.net>, Sharon A Johnson
<SHARONA.JOHNSON@dallascounty.org>
Subject: RE: Broadnax Writ Hearing
Date: Fri, 3 Aug 2012 21:34:11 -0500

Judge; I am sorry. I misunderstood you this morning.

My apologies for my earlier email indicating that you had approved a two day hearing.

Amy
Amy Sue Melo Murphy
Assistant District Attorney
Appellate Division
(214) 653-3639
_____
From: Michael Snipes
Sent: Friday, August 03, 2012 14:23

343

To: Amy Murphy; Lydia Brandt; Sharon A Johnson
Subject: RE: Broadnax Writ Hearing

The hearing will be completed in a day.

From: Amy Murphy
Sent: Thursday, August 02, 2012 3:35 PM
To: Lydia Brandt; Sharon A Johnson
Cc: Michael Snipes
Subject: RE: Broadnax Writ Hearing

I agree, two days.

Amy
Amy Sue Melo Murphy
Assistant District Attorney
Appellate Division
(214) 653-3639

---

From: Lydia Brandt [lydiamb@airmail.net]
Sent: Thursday, August 02, 2012 15:26
To: Sharon A Johnson
Cc: Amy Murphy; Michael Snipes
Subject: Re: Broadnax Writ Hearing
I expect the hearing to take at least two days. We did a day and half in Ruiz with less than 10 witnesses.

Lydia M.V. Brandt, Esq.
lydiamb@airmail.net
The Brandt Law Firm, P.C.
P.O. Box 850843
Richardson, TX 75085-0843
(972) 699-7020 Voice
(972) 699-7030 Fax

The information contained in this electronic mail and any attachments is
intended for the exclusive use of the addressee(s) and may contain
confidential, privileged, or proprietary information. Any other
interception or use of these materials is strictly prohibited. If you
have received these materials in error, please notify me immediately by
telephone and destroy all electronic, paper, or other versions.

--- SHARONA.JOHNSON@dallascounty.org wrote:

From: Sharon A Johnson <SHARONA.JOHNSON@dallascounty.org>
To: Amy Murphy <Amy.Murphy@dallascounty.org>, "lydiamb@airmail.net" <lydiamb@airmail.net>
Subject: Broadnax Writ Hearing
Date: Thu, 2 Aug 2012 15:24:38 -0500

Judge Snipes sent an email stating that the date for the writ hearing is December 7, 2012 at 9:00 am. Just making sure everyone got the email.

Also, based on his review of the issues the Judge anticipates the hearing should not take any longer than one day. If the parties believe the hearing will require more than one day, they need to meet with the Judge to discuss scheduling.

Thank you.

Sharon Johnson

Court coordinator

Criminal District Court 7

972-739-3905

Quest Software Archive Manager : Print Message                                Page 5 of 6

345

346

# Message

| | | | | |
|---|---|---|---|---|
| **From:** | Lydia Brandt | **Sent:** | 10/30/2012 12:49:56 PM |  |
| **To:** | Amy Murphy | | | |
| **CC:** | Grace Shin | | | |
| **Subject:** | Broadnax: visit to judge | | | |

Hi Amy,

Two things:

first, do you have a problem if I go to Judge Snipes alone and ask about two days for the hearing 12-6 & 7. I was planning on get there at the crack of dawn and I know you have kids to take to school and don't come in until later.

second, I would still like the DA's current ["every changing"] policy on viewing the DAs files, since your oral version is different from the one I was given at the inception of the case where I had to turn over all trial counsel files to the Dallas DA.

Thanks,
lydia

Lydia M.V. Brandt, Esq.
lydiamb@airmail.net
The Brandt Law Firm, P.C.
P.O. Box 850843
Richardson, TX  75085-0843
(972) 699-7020 Voice
(972) 699-7030 Fax

The information contained in this electronic mail and any attachments is intended for the exclusive use of the addressee(s) and may contain confidential, privileged, or proprietary information. Any other interception or use of these materials is strictly prohibited. If you have received these materials in error, please notify me immediately by telephone and destroy all electronic, paper, or other versions.

Quest Software Archive Manager : Print Message                                        Page 2 of 2

348

# Message

| | | | |
|---|---|---|---|
| From: | Lydia Brandt | Sent: | 10/30/2012 2:26:24 PM |
| To: | Amy Murphy | | |
| Subject: | RE: Broadnax: visit to judge | | |



amy, I am going to file a motion for the two days for record purposes.  I'll send you a copy when I get it done.

lydia

Lydia M.V. Brandt, Esq.
lydiamb@airmail.net
The Brandt Law Firm, P.C.
P.O. Box 850843
Richardson, TX  75085-0843
(972) 699-7020 Voice
(972) 699-7030 Fax

The information contained in this electronic mail and any attachments is
intended for the exclusive use of the addressee(s) and may contain
confidential, privileged, or proprietary information.  Any other
interception or use of these materials is strictly prohibited.  If you
have received these materials in error, please notify me immediately by
telephone and destroy all electronic, paper, or other versions.

--- Amy.Murphy@dallascounty.org wrote:

From: Amy Murphy <Amy.Murphy@dallascounty.org>
To: Lydia Brandt <lydiamb@airmail.net>
Subject: RE: Broadnax: visit to judge
Date: Tue, 30 Oct 2012 12:58:02 -0500

Lydia,

I have no problem with you visiting with the Judge alone.

I will write you an email with the current version of the open file privileges when I get into the office
tomorrow.  I have my notes in my desk, and I am at home now.

Amy
Amy Sue Melo Murphy
Assistant District Attorney
Appellate Division
(214) 653-3639

From: Lydia Brandt [lydiamb@airmail.net]
Sent: Tuesday, October 30, 2012 12:49
To: Amy Murphy
Cc: Grace Shin
Subject: Broadnax: visit to judge

Hi Amy,

Two things:

349

first, do you have a problem if I go to Judge Snipes alone and ask about two days for the hearing 12-6 & 7. I was planning on get there at the crack of dawn and I know you have kids to take to school and don't come in until later.

second, I would still like the DA's current ["every changing"] policy on viewing the DAs files, since your oral version is different from the one I was given at the inception of the case where I had to turn over all trial counsel files to the Dallas DA.

Thanks,
lydia

Lydia M.V. Brandt, Esq.
lydiamb@airmail.net
The Brandt Law Firm, P.C.
P.O. Box 850843
Richardson, TX 75085-0843
(972) 699-7020 Voice
(972) 699-7030 Fax

The information contained in this electronic mail and any attachments is intended for the exclusive use of the addressee(s) and may contain confidential, privileged, or proprietary information. Any other interception or use of these materials is strictly prohibited. If you have received these materials in error, please notify me immediately by telephone and destroy all electronic, paper, or other versions.

Case 3:15-cv-01758-N    Document 42-4    Filed 06/29/16    Page 92 of 93    PageID 11343

The State of Texas    §
                      §
County of Dallas      §

I, Gary Fitzsimmons, Clerk of the District Courts of Dallas County, Texas, do hereby certify that the documents contained in this record to which this certification is attached are all of the documents specified by Texas Rule of Appellate Procedure 34.5(a) or Code of Criminal Procedure Section 11.07(3)(a) including all other documents timely requested by a party to this proceeding under Texas Rule of Appellate Procedure 34.5(b), and that have been filed with the trial court clerk, and unless otherwise indicated in this record.

**GIVEN UNDER MY HAND AND SEAL** at my office in Dallas County, Texas, on this OCTOBER 16, 2014.



Clerk Signature: *Regina Taylor*

Name                REGINA TAYLOR
                    Deputy District Clerk

352