# TAMES Barcode Cover Sheet



1f7ded8781a04ebaad48ab75f0f9796a

**Case Number:** WR-81,573-01

**Style:** Broadnax, James Garfield

**Event Date:** 5/30/2014

**Event Details:** Unassigned/This Court/RR RECEIVED/11.071/

**Filename:** WR-81,573-01 RR RECEIVED 11.071 5-30-2014--Vo. 4 of 4 vols

**Document Description:** RECORD

**Document Remarks:** vol. 4 of 4 vols--Writ Hearing Exhibit Volume--Hearing held Dec. 6-7, 2012

**Document(s):**

**Generated By:** bhooper

**Generated On:** 7/22/2014 8:51:25 AM

343

SCANNED
APR 0 5 2016

I



REPORTER'S RECORD
VOLUME 4 OF 4 VOLUMES

TRIAL COURT CAUSE NO. F08-24667-Y

STATE OF TEXAS,                    )        IN THE CRIMINAL
                                   )
                                   )
            VS.                    )        DISTRICT COURT 7
                                   )
                                   )
    JAMES BROADNAX                 )        DALLAS COUNTY, TEXAS

This document contains some
pages that are of poor quality
at the time of imaging.

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 30 2014

- - - - - - - - - - - - - - - - - - - - - - - - - - Abel Acosta, Clerk

WRIT HEARING

EXHIBIT VOLUME

- - - - - - - - - - - - - - - - - - - - - - - - - - -

On the 6th-7th days of December, 2012, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Judge Michael Snipes, Judge presiding, held in Dallas County, Texas; Proceedings reported by machine shorthand.

SHARON HAZELWOOD, CSR                    972-739-3906
CRIMINAL DISTRICT COURT NO. 7, DALLAS COUNTY, TEXAS

A P P E A R A N C E S

FOR THE STATE:

CRIMINAL DISTRICT ATTORNEY
MS. AMY MURPHY
MS. KUBALAK
133 N. RIVERFRONT
DALLAS, TX  75207
(214) 653-3600


FOR THE DEFENDANT:
MS. LYDIA BRANDT
ATTORNEY AT LAW
DALLAS, TX  75206

```
                    EXHIBIT INDEX

NO.       DESCRIPTION                 IDEN. ADMTD. VOLUME

DX1-23    Sheriff's Dept. Records      27    27rpo    2

ADx-3      law                               29rpo    3

Dx-4      procedures                         30rpo    3

Dx-7      law                                34rpo    3

Dx-8      documents                          36rpo    3

Dx-9      opinion                            39rpo    3

Dx-10     law                                40rpo    3

Dx-11     media report                       45rpo    3

Dx-15     billing records                    130rpo   3

Dx-23     various documents                  146rpo   3
```

5

DEFENSE EXHIBIT 1          MOTION/ CONT OF EVID HEARING

6/6/2012

## What's The 411 on Gangs?

*Texas School Safety Center*

## What Defines a Gang?

- Section 71.01 (d) Texas Penal Code
- "Criminal Street Gang" means: three or more persons having a common identifying sign or symbol or an identifiable leadership who continuously or regularly associate in the commission of criminal activities.

## Gang- Free Zone

- Enhances engaging in organized criminal activity if:
- Person is 17 or older and
- Offense is committed in a gang-free zone
- **Gang-free zone:**
- With in 1000 ft. schools, youth centers, playgrounds
- With in 300 ft. of shopping malls, theaters, public pools, arcades or school bus

STATE'S EXHIBIT

1

6/6/2012

## Notification of Gang-Free Zone

- Public & private schools must ensure the student handbook for each campus includes information on gang-free zones and consequences of engaging in organized criminal activity within those zones. Daycare-higher ed.

## Gang Slang

- Smokers rental car
- Step on it-
- Flossing-
- Get Murked-
- Walk the line-
- Transfer the keys-
- In the Hat--
- Blackout-
- Blood drop-
- Heron- girl/ Alpo- brown like dog food
- Cocaine- boy or china blue
- Weed- Bin Laden, Buddha
- Gangster style

## Gang Slang

- Best Friend
- Black Flag
- Drop your flag
- Bumper kit
- Chow Hall
- Casket
- Codes
- Jellyfish

2

6/6/2012

## Gang Slang

- Blue Boy- Crip
- C-Queen
- Library- Crip
- Lid-Crip
- Lip- Crip
- Hit a Lick
- Line Backer- Crips
- Shadow-Crips

## Hate Number Symbols

- 14

we must secure the existence of our people and a future for white children"

- 88

Heil Hitler

- 1488
- 5

"I have nothing to say"

## Hate Number Symbols

- 311
- KKK
- 83
- Heil Christ- racist organization that considers themselves also to be a Christian
- 100%
- Pure Aryan

3

6/6/2012

## Hate Number Symbols

- 4/19
Anniversary date of two events- Branch Davidians in Waco and Timothy McVeigh- OK. City Bombing
- 4:20
Hitler's B-Day
- 18
Adolf Hitler

## Gang Characteristics

- Proud- Always walk with a sense of pride
- Tradition- Love to listen to war stories
- Aggressive- Any means necessary.
- Commitment- Little kids learning gang life
- Honor- Respect war stories and scars
- Organization-Conducts meeting/holds court (Order of business/ game plans/ meetings, BBQ's and church)
- Code of Silence and respect- respect elders
- Territorial- Claim parts of school (restrooms)

## Any means necessary Punishment

- Bloods- 50 to the chest
- MS 13- S with lines for snitching
- GD's- PHD pumpkin head deluxe
- LK's- slow burn
- Bloods- a buck 50- 150 stitches
- Drug Cartels- making stew

4

6/6/2012

### Gangs with Members in the US Military

- Bandidos- Army, Marines
- Bloods- All forces
- Crips- Army, AF, Marines, Navy
- GD's- Army, Marines, Navy, NG
- Hells Angles- all branches

- Juggalos/ICP- Army, AF
- Tango Blasters- Army
- Sur 13- Army, Marines, Navy
- Norte 14-
- Aryan Brotherhood- Army, Marines, Navy

---

### Why Girls Join Gangs

- Acceptance or attention
- Protection
- Money
- Boyfriend- Trend is to date the same type of man
- Power
- Family abuse
- Friends
- Abuse
- Drugs



---

### Why Have a Female in the Gang

- Relays messages for the gang
- Can gather gang intelligence
- Set up rivals
- Acts an accomplice in gang crimes
- Not likely to be searched by police
- Myth "girls do not gang bang"
- Can easily influence her to carry out gang violence
- Hide and carry weapon
- Attracts new recruits



5

6/6/2012

## Gang Recruitment Techniques

- Seduction – creating glorified myths about the gang (promise of money, sex, and glamour)
- Obligation – recruiters will do a favor for a prospective gang member, but expect something in return
- Coercion – forced recruitment
- Self-recruitment or Generational
- Internet – Recruitment and warnings

## Gang Initiation

- Rolled In
- Courted In
- Walked In
- Sexed in
- Commit Crimes



## BLOODS

| | |
|---|---|
| FOUNDED | • 1969 |
| WHERE? | • CENTENNIAL HIGH SCHOOL |
| | • LOS ANGELES, CA |
| WHY? | • IN RESPONSE TO THE FORMATION OF THE CRIPS |
| NOW LOCATED | • NATION WIDE |

6/6/2012

### Crips



FOUNDERS
- Raymond Washington
- Stanley "Tookie" Williams
• ORIGIN
- LOS ANGELES, CA.
• NOW LOCATED
- NATION WIDE
• MALES/FEMALES



### FOLK NATION

7

6/6/2012



6/6/2012



## Graffiti

- Graffiti is often referred to as the newspaper of the street. This is because a lot can be learned about the gang from their graffiti. Graffiti names the gang, members, territory, and it's a warning to rival gangs.



9

6/6/2012



6/6/2012



6/6/2012



6/6/2012





### Latin Kings

- Latin Kings – ALKN: Almighty Latin Kings Nation
- Affiliation – People Nation
- Founded – Chicago, Illinois
- Gino Colón and Raul Gonzáles
        75,000 members
- Five Pointed Crown = Love, Honor,    Obedience, Sacrifice, and Righteousness
- Three Pointed Crown = Imperial crown – "Beloved Nation"
- Chapter Constitution – "Kingism"



13

6/6/2012



6/6/2012

**La Mara**  **Salvatrucha**

## Mara Salvatrucha -MS 13

✓ Mara-Gang
✓ Salva- El Salvador
✓ Trucha- Fear us
✓ Infiltrated the suburbs
✓ Fastest growing gang in America
✓ FBI task force created to battle it
✓ Considered threat to domestic and international security



## MS 13

• True International gang
• Began in U.S. in 1980's when Salvadoran refugees formed groups in L.A. for protection
• Very organized, uses counter intelligence on law enforcement, uses high tech equipment
• Jump in- 13 seconds (for life)
• Some cliques require a felonious act (assault on police officer)
• Enemy- 18th street gang



15

6/6/2012

### The ms 13 - has

* No or little fear of law enforcement

* No fear of US prison system

* Demonstrated extreme violence

* Texas serves as an entry point!







### Satanic symbols are meant to intimidate...

"Satanic Member"



16

6/6/2012







## MS 13

- Put taxes on drugs, prostitutes, private business, street venders, etc. (Extortion)
- Mail Fraud (identity theft)
- Sell Drugs
- Alien smuggling
- Murder for hire
- Theft, guns and weapons, burglary, etc
- Auto theft- $3000 per vehicle- sell to cartels

17

6/6/2012



6/6/2012



Ft. Worth

6/6/2012



What does Valluco Mean?

- Valley
- Americans
- Leading
- Latinos
- United
- Conquering
- Oppressions

21

6/6/2012



Valluco

### Pre-Crisis Indicators - Violent Confrontation

- Gathering of rival gangs
- Movement of groups not common in your neighborhood
- Reports of fights on school property
- Crossing out of gang graffiti
- Violent incidents reported in neighborhood
- Sudden change in dress - flying colors

### A Proactive Approach to Discipline

- Include disruptive students in your problem-solving activities
- Establish a parents-as-partners attitude
- Maintain positive relationship with community

22

6/6/2012

## What Can Schools Do?

- Teach a violence-prevention curriculum
- Listen to your students
- Provide a hotline to report violence
- Provide positive student activities
- Build communication with teachers, staff, students, parents and community
- Clean up graffiti
- Work in conjunction with police

## What Can Parents Do?

- Know your children's friends
- Set curfews and know where your children are going
- Set limits and enforce them
- Be aware of changes
- Spend quality time
- Put high value on education
- Provide your family with family structure that builds unity

## What Can Kids Do

- Be sure about what you want to do
- If you decide to leave, stick with it
- Get support from family and neighbors
- Change your lifestyle
- Consider a more spiritual lifestyle
- Consider your location

23

6/6/2012

## How Can Gangs and Violence Be Diminished?

*"You have to parallel what a gang has provided for a kid in order to diminish the gang's hold on him. That parallel is simple. A gang gives consistency, consequence, and responsibility."*

*Chicago Tribune, Sunday, August 22, 1993*

## What Consistency is Needed?

- Consistent, fair rules
- Parents, students, community, and schools all working with the same goal in mind
- Communication
- Proactive, positive steps in:
  - Community service projects
  - Intergenerational activities
  - Anger management groups
  - Peer mediation

## What Consequence is Needed?

- Natural accountability
- All rules and laws enforced
- Consistency in enforcing rules and laws
- Parents involved in the accountability

24

6/6/2012

## What Responsibility is Needed?

- the community and school

- Student groups can take the lead in graffiti removal, trash patrol, and positive behavior

- Students can contribute to articles in the school newspaper as "Voices of the Future" where issues of violence and peaceful solutions are

## Websites

- www.projectspotlight.org/spotlight/as_gangs01.html
- http://davadnai.users.omniglobal.net/gang.html
- http://www.oag.state.tx.us/AG_publications/pdfs/2001gangrept.pdf
- www.tgia.net/index.html
- www.dc.state.fl.us/pub/gangs
- www.isp.state.il.us/crime/streetgangs.htm
- www.gangunformation.com

## Contact Information

Texas School Safety Center
www.txssc.txstate.edu
877.304.2727
245.8082

25

IN THE
TEXAS COURT OF CRIMINAL APPEALS
and
CRIMINAL DISTRICT COURT NO. 7, DALLAS COUNTY, TX

)
)
EX PARTE JAMES BROADNAX,    )
)    Writ Case No. AP-76,207
APPLICANT    )    Trial Ct. # F08-24667-Y
)
)

## MOTION FOR COURT-ORDERD DISCOVERY
## FOR COURT-ORDER BRADY MATERIAL FROM DALLAS DA
## &
## FOR CONTINUANCE OF THE EVIDENTIARY HEARING[1]

Applicant, JAMES BROADNAX, pursuant to Section 9 of Article 11.071 of the Texas Code

of Criminal Procedure, asks this court for an order of discovery of evidence, as more particularly

described below, and a reasonable time to conduct that discovery.

Currently the court has set a one-day evidentiary hearing to be held December 7, 2012. Mr.

Broadnax also requests that if the discovery proves fruitful, that the court allow him one or more

additional days for the evidentiary hearing beyond the December 7, 2012 hearing, so that he can

bring forth his proof.

As ground therefore, Mr. Broadnax would show as follows:

DEFENDANT'S
EXHIBIT
PENGAD-Bayonne, N.J.
1

----

[1]    Mr. Broadnax does not waive his attorney client privilege or work product privilege when referring specifically to certain facts that are necessary to show that court-ordered discovery is required to develop the facts of his claim.

# I.

## THE *BROADNAX* CLAIMS

Claims 1, 2, and 3 are premised on Mr. Broadnax assertion that he was deprived of his Sixth Amendment right to counsel with respect to the media interviews which took on June 23, 2008, while he was incarcerated in the Dallas County Jail (formally known as the Lew Sterret Justice Center). Mr. Broadnax contends that these media interviews were sufficiently solicited, encouraged, and coordinated with the Texarkana police, the Garland police, the Dallas Police, and the Dallas County Sheriff's Office so as to make the persons conducting the interviews agents of the State of Texas for purposes of the Sixth Amendment right to counsel, and to make the interviews a critical stage of the proceedings. Because Mr. Broadnax' right to counsel attached no later than June 21, 2008 he was entitled to the assistance and presence of counsel with respect to and during the June 23, 2008 media interviews.

### Preliminary Facts

Stephen Swan and Matthew Butler were murdered around 1:00 a.m. on June 19, 2008, in Garland, Texas. Mr. Broadnax and his codefendant, Damarius Cummings, were initially arrested in connection with the murders and taken to jail in Texarkana, Texas, around midnight on June 19, 2008.

On June 20, 2008, Mr. Broadnax and Mr. Cummings were transported from the Texarkana jail to the Garland City jail. (Vol 41:100). When he was in the Garland jail, Mr. Broadnax was advised of his right to counsel, and invoked that right. (Vol 41:48). Mr. Cummings admitted involvement in the murders and implicated Mr. Broadnax.

On June 21, 2008, around 2:51 am, Mr. Broadnax was booked into Dallas County Jail.

2

(Exhibit G:  Broadnax Book-in Dallas County Jail; State Hab. App. Exhibit 3).  About two hours later, he was taken before a Dallas County Magistrate and arraigned at 5:45 am. (Def Exhibit 9).  In the presence of one or more Dallas County jailers, the Magistrate Judge advised Mr. Broadnax of his right to counsel.  Mr. Broadnax completed the Defendant's Affidavit of Indigence, and in writing invoked his right to counsel. (Def Exhibit 9).

The Dallas County jail records show that Mr. Broadnax had been placed in the psych unit of the jail where he was evaluated on the morning of June 23, 2008, by Psych assessor, Jason Varghese, and psychiatrist Dr. H. Mirmesdagh.  Mr. Broadnax was diagnosed as being psychotic due to polysubstance abuse. (RR 43:74; 50:85-86).  Mr. Broadnax's medical records also reflect that before his arrest, and on June 23, 2008, Mr. Broadnax had been having auditory and visual hallucinations and was delusional, and that he was on "whack" [the street term for PCP] at the time of the commission of the charged offense. (RR 50:86-87).  PCP is a substance that can cause psychosis even a month after its ingestion. (RR 50:89-92).  Mr. Broadnax was 19 years old at the time.

At least as early as Friday, June 20, 2008, at 7:38, while Mr. Broadnax was still in the Garland City Jail and before he was taken to Dallas County Jail, WFAA TV Channel 8, had faxed a letter to Kim Leach.  Ms. Leach was the Public Information Officer for Dallas County Sheriff's Department, which was responsible for the inmates in the Dallas County Jail.  She was responsible for transmitting the WFAA Channel 8 letter to Mr. Broadnax.  The letter recites that WFAA "would like to request an on-camera interviews with you [Mr. Broadnax], which would "allow you to tell our viewers your side of the story" about the recent incarceration because "it is important to hear your side." (Vol 41:18-21; State's Exhibit 16; State Hab. App. Exhibit 7).

Likewise on Friday, June 20, 2008, while Mr. Broadnax was still in the Garland City Jail and

3

before he was taken to Dallas County Jail, Fox 4, KDFX Television faxed a letter to Kim Leach, so she could transmit the letter to Mr. Broadnax. Fox 4 also requested an interview stating that Mr. Broadnax "will be given this opportunity to tell your side of the story," and that if he was interested, "please notify the Sheriff's department as soon as they deliver this letter." (State Hab. App. Exhibit 7).

The language in the media letters is substantially similar to, or verbatim, from the language of a sample media request letter, drafted by and made a part of the policy and procedures of the Dallas County Sheriff's Office. Exhibit A: Dallas Sheriff's Office Inmate Interview Requests from the Media, 2 pages.

Ms. Leach forwarded these requests to the jail on Monday morning, June 23, 2008 at 10:08 am. The media outlets have refused to disclose specific information about how they became aware of Mr. Broadnax circumstances so quickly after his arrest an incarceration in the Garland jail, and even before his availability for such media interviews in the Dallas County jail.

The Dallas County jailers knew about Broadnax mental condition and that his request for counsel would result in appointment of counsel in the near future. The Dallas County jailers expedited the requests for media interviews with Mr. Broadnax, thereby ensuring that the interviews took place before counsel was appointed. The Dallas County Sheriff's Office's handling of media requests for interviews with capital defendants at least as of the date of Mr. Broadnax's incarceration and continuing to the current day, demonstrates a policy and practice of soliciting, encouraging and facilitating such media interviews to ensure that they take place before defense counsel has access to the defendant.

Indeed, Janet Cook counsel for capital defendant Charles Payne, wrote a letter of complaint

4

to Sheriff Lupe Valdez, which recites in pertinent part:

> I was denied access to my client; my client was denied access to his attorney and investigator by the Sheriff's Office in a timely manner. I believe it was done intentionally to allow Fox news to get in and interview a potential death penalty defendant. The interview would not have happened without the Sheriff's office aiding Fox 4 to have access to my client and denying me access. My investigator and I were there prior to Fox 4's arrival and were kept waiting longer than 15 minutes after they were taken upstairs.

Exhibit C: Janet Cook, Assistant Public Defender letter and Affidavits of Fact of Janet Cook and of Investigator Elizabeth Christian (admitted as Defense Exhibit 8, in the July 27, 2009 pretrial hearing, p. 89).

The media interviews of Mr. Broadnax occurred around 1:00 pm on June 23, 2008, (Vol 41:22, 24, 32), before his counsel, Brad Lollar, was appointed on June 24, 2008. The media interviews of Mr. Broadnax focused on three main topics:

- Did you do it?
- Are you remorseful?
- What punishment do you deserve?

In Mr. Broadnax's case, as with numerous other defendants in Dallas County, the video interview by the media were obtained by the prosecution and introduced at trial and published to the jury. The prosecutor referred to the videotapes in opening statement. (RR 45:56-58). Then the prosecutor presented its evidence in guilt/innocence phase on August 10 & 11, 2009. (RR 45, 46, 47). As promised in the opening statement, the prosecutor played the media interviews of Mr. Broadnax on each day. (August 10, 2009 – RR 45:125 – Channel 11; RR 45:277 – Channel 5); (August 11, 2009 – RR 46:230 – Channel 4). The videotapes became the focal point on the future dangerousness special issue in the punishment phase. (RR 50:212-213; (RR 52:248-249; RR 53: 68-69, 74).

5

Even the Texas Court of Criminal Appeals in its direct appeal opinion relied primarily on the television interviews to support a finding of future dangerousness. Slip Op. *Broadnax v. State*, slip op. No. AP,76,207 (Tex. Crim. App. 2011) *H. Sufficiency of the Evidence – Future Dangerousness*.

**Texas Is Among a Minority of States,
Who Fail to Appoint Counsel at the Time of Arraignment**

In *Rothgery v. Gillespie County*, TX, 554 U.S. 191, 194 (2008), the Supreme Court held that the Sixth Amendment right to counsel attaches at the Texas article 15.17 hearing (the "initial appearance" or "arraignment"). In its Answer, the State of Texas concedes that the Sixth Amendment rights of Mr. Broadnax attached at arraignment. Answer, p. 15 ("The State does not dispute that attachment occurs when applicant [Broadnax] went before the magistrate on June 21, 2008.").

There are 43 jurisdictions that appoint counsel "before, at, or just after initial appearance." *Rothgery*, 554 U.S. at 205, n.14. Texas is not one of them – a position that is contrary to the ABA's position "that counsel should be appointed 'certainly no later than the accused's initial appearance before a judicial officer.'" *Rothgery*, 554 U.S. at 205. *Rothgery* noted that "to the extent these States [including Texas] have been denying appointed counsel on the heels of the first appearance, they are a distinct minority," and added that the Court had not been "offered an acceptable justification for the minority practice" in Texas. *Rothgery*, 554 U.S. at 205.

6

## The Gap: 1 Working Day

Before the 2002 amendment to the Texas Fair Defense Act [TEX. CODE CRIM. PROC. Art. 1.051( c)], capital defendants were appointed counsel almost simultaneously with arraignment. Capital defense counsel who agreed to accept appointment were required to go to the jail to see the capital defendant within 30 minutes to an hour of the call, whether it was at night or on a Saturday or Sunday or holiday.

The 2002 amendment incorporated a "1 Working Day Rule" into the Texas Fair Defense Act, TEX. CODE CRIM. PROC. Art. 1.051( c) (requiring appointment of counsel within 1 working day from the date the district court is assigned the case). As a result, capital defense counsel can be appointed hours, days, weeks, even months after arraignment and written request for counsel. This is because "1 Working Day," does not include a Saturday, Sunday, or holiday. And worse, in Dallas County, the clock does not begin until the capital case finds its home in the "assigned" court. As a result of Dallas County court assignment procedures, Mr. Broadnax was not appointed counsel until June 24, 2008, four days after he was arrested and taken before a judge in Texarkana, two full days after his arraignment before a magistrate in Dallas County and one day after the media interviews took place on June 23, 2008.

## The Media Interviews – A Critical Stage

The media interviews of potential capital defendants, routinely take place in the Dallas County jail promptly after arrest and book-in, but before counsel is appointed or has access to the defendant. The media interviews are a "critical stage" in the legal proceedings – a post attachment proceeding at which counsel must be present, unless the right to counsel has been validly waived.

7

*See Rothgery*, 554 U.S. at 211.

The Dallas Sheriff's Office (DSO) works in tandem with the media to make interviews with capital defendants happen. DSO has a procedure and a form letter that DSO created especially for the media, which they use to pattern a request to interview the capital defendant. The DSO form letter reads:

> Channel "?" requests an interview with you regarding the charges that have been filed against you. We would like to give you an opportunity to tell your side of the story. If you are interested, please sign below so that the Sheriffs Department can notify us as soon as they receive your response about your situation."

Exhibit A: Dallas Sheriff's Office Inmate Interview Requests from the Media, 2 pages. The media outlets based their requests to interview Mr. Broadnax on this or a comparable DSO form. Exhibit B: Broadnax Media Requests (Fox 4 News, WFFA Channel 8).

The DSO procedure instructs the media to fax or email the media letter request. Although the DSO procedure recites that "your request will be forwarded to the inmate when time permits," almost always, the DSO provides unbridled, quick access of the media to the capital defendant. Indeed, the DSO has deliberately delayed capital defense counsel's access to her client, so that the Fox 4 employees (media) could interview the capital defendant, such as Mr. Payne. *See supra State v Broadnax*, July 27, 2009 pretrial hearing at p.86, Defense Exhibit 8.

In Mr. Broadnax's case, the media interview requests received from the Dallas County Sheriff's Officer contained a faxed time/date stamp of 10:08 am, June 23, 2008 (bottom). State App Exhibit 6: Business Records Affidavit, and Sheriff's Dept Records (Media Requests).[3] During the

---

[3] The fax time/date stamp at the top shows a date of June 20, 2008 at 7:38. Mr. Broadnax was not at the Dallas County jail at that time; he was in the Garland facility. *See* Exhibit G: Broadnax (from State Hab. App. Exhibit 3: Business Records Affidavit, and Sheriff's Dept Records (Dallas County Book In). *See also* RR 39:14-15. Even as early as June 20, 2008, Mr.

suppression hearing on the media interviews, Steve Pickett, the first reporter to interview Mr. Broadnax was not asked what time he had conducted the interview. However, the record does reflect that the second interview of Mr. Broadnax by Channel 8 was conducted in the early afternoon about 12:30 pm or 1:00 pm. (RR 43:49, 55).

Dallas County law enforcement consistently gives the media quick and unfettered access to capital defendants prior to the appointment of defense counsel. The quick access of the media to interview a capital defendant, before the capital defendant has been appointed counsel, are occurring with increasing frequency in Dallas County. Mr. Broadnax alleges, upon information and belief, that Dallas County law enforcement solicit and encourage and facilitate interviews of capital defendants by local media outlets as a means of obtaining incriminating statements from defendants who have asserted the right to counsel, or failed to incriminate themselves in statements to law enforcement, or as insurance if the defense succeeds in suppressing a law-enforcement-obtained confession.

In *Moulton*, the Supreme Court held:

> The Sixth Amendment guarantees the accused, at least after the initiation of formal charges, the right to rely on counsel as a "medium" between him and the State. As noted above, this guarantee includes the State's affirmative obligation not to act in a manner that circumvents the protections accorded the accused by invoking this right. The determination whether particular action by state agents violates the accused's right to the assistance of counsel must be made in light of this obligation. Thus, the Sixth Amendment is not violated whenever—by luck or happenstance—the State obtains incriminating statements from the accused after the right to counsel has attached. See *Henry*, 447 U.S., at 276, 100 S.Ct., at 2189 (POWELL, J., concurring). However, *knowing exploitation by the State of an opportunity to confront the accused without counsel being present is as much a breach of the State's obligation not to circumvent the right to the assistance of counsel as is the intentional creation of such an opportunity.* Accordingly, the Sixth Amendment is violated when the State obtains incriminating statements by knowingly circumventing the accused's right to have counsel present in a confrontation between

Broadnax had requested appointment of counsel when he in the Garland jail.

the accused and a state agent.

*Maine v. Moulton*, 474 U.S. 159, 176 (1985).

The State is, and has been, exploiting the 1 Working Day Rule by using these media interviews as an opportunity to confront Mr. Broadnax, and other similarly situated capital defendants, without counsel being present. In Mr. Broadnax's case, the media interviews were a critical stage in the legal proceedings and events that "so prejudice[d] the outcome of the defendant's prosecution that, as a practical matter, [Mr. Broadnax had to] be represented ... in order to enjoy genuinely effective assistance of counsel." *Rothgery v. Gillespie County*, TX, 554 U.S. 191, 217 (2008).

## II.

## MEDIA & DISCOVERY REQUEST

Upon information and belief, law enforcement officials act in tandem with the media; such that those media interviews of the capital defendant culminate in admissions-against-interest, which become part of the evidence in the prosecution's case-in-chief.

Mary Burdette, the mitigation investigator in this state habeas proceeding, conducted an email interview of a former Ft. Worth Star Telegram reporter, Diane Hunt. Ms. Hunt had been assigned to cover the criminal courts. Ms. Burdette asked Ms. Hunt how the media outlet initially learns of a capital offense and the defendant involved. Ms. Burdette attests that Ms. Hunt stated:

5. ... that other reporters are assigned to the 'jail beat' and keep tabs on what is happening regarding arrests and charges. These reporters utilize a variety of means in order to acquire this information but includes use of contacts and relationships with law enforcement who sometimes give the reporters a 'heads up' if a big arrest is about to be made or has been made. *These are*

10

> *relationships developed over the course of time between media and law enforcement as part of a reporter's professional efforts to report the news.*

Exhibit D: Affidavit of Burdette, dated December 1, 2012.

Mr. Broadnax seeks discovery and a continuance of the evidentiary hearing because he has attempted to, but was blocked, in his efforts to investigate the communications between the media and law enforcement in his case.

### A.    The Media Investigation

In December, 2011, Mr. Broadnax had attempted to learn about the interactions between the media and law enforcement in his case through the efforts of his investigator, Mr. Clifton Jenkins. Mr. Jenkins attempted to communicate with employees at Channels 4, 5, 8, and 11 to learn the media sources for Mr. Broadnax's case.

The employees of Channels 4, 5, 8, and 11 were unwilling to disclose that information. The media asserted First Amendment privilege. Mr. Cliff Jenkins attested that in December 2011, he had attempted to communicate with both WFAA Channel 8 and KDFW Fox 4, but both media outlets declined to provide any information. *See* Exhibit 24 to State Habeas Application: Affidavit of Jenkins, dated December 16, 2011, para. 4. When he contacted employees of Channel 5 and 11, the information he was provided was very general, despite having asked about Mr. Broadnax's case in particular. *Id.*

Mr. Jenkins tried again on November 19, 2012 to contact the media to learn about how they learned of Mr. Broadnax's case, Mr. Jenkins attests that both Channels 5 and 11 were unwilling to provide any more information than they had in December 2011, and referred Mr. Jenkins to their

11

legal counsel. Exhibit E: Affidavit of Clifton Jenkins, dated November 26, 2012.

Because Channels 5 and 11 had shown some willingness in December 2011 to engage in some communication, undersigned counsel, Brandt, attempted to speak with the assignment editors at Channels 5 and 11 about Mr. Broadnax's case. However, those employees referred Brandt to the attorneys representing the particular media outlet. Brandt's affidavit recites:

4. On November 19, 2012, I called Steven Wright, the assignments editor at NBC Channel 5. I identified my self as an attorney who represented Mr. Broadnax, who was filmed by Channel 5. *I asked Mr. Wright if he would be willing to speak with me. Mr. Wright said no.* I asked Mr. Wright if he was, or could refer me to the assignments editor who handled the Broadnax case. Again he said no. Mr. Wright said he would transfer me back to the operator who could put me through to the media's attorneys. When Mr. Wright returned me to the operator, Sharla? (spelling), she said there were no attorneys on premises and that she did not know who the media's attorneys were.

5. On November 19, 2012, I called Mike Pool, the assignments editor at Channel 11. I identified my self as an attorney who represented Mr. Broadnax, who was filmed by Channel 11. *I asked Mr. Pool if he would be willing to speak with me. Mr. Pool said no, that he was not authorized to speak on behalf of station.* Mr. Pool immediately said I would have to speak with the media's attorneys in New York, Andrew Siegel, 212-975-4480. Mr. Pool said he had given Mr. Cliff Jenkins, the fact investigator in Broadnax, this same information.

Exhibit F: Affidavit of Lydia Brandt, November 19, 2012.

Mr. Broadnax has also sought this information in other ways, as for example, by records requests for communications to/from the media outlets and (1) law enforcement, (2) the Dallas District Attorney's Office, and (3) the Dallas Police Department. Those requests are currently outstanding. *See Brady* section, *infra.*

12

## III.

## DEFENDANTS & DISCOVERY REQUEST

Upon information and belief, Mr. Broadnax asserts that jailers encourage the defendants to talk to the media. To further investigate this, Brandt sought to speak with the defendants who had been identified to her as having been interviewed by the media. Those defendants include:

1. Cummings, DeMarius, F08-24628
2. Davis, Franklin, F12-12630
3. Escamilla, Licho, F01-59398
4. Jones, Justin, F12-61728
5. Menager, Clohe, F12-59888
6. Palmer, William, F12-00445 and F12-51648
7. Payne, Charles, F09-50173, F09-50174, F09-50175
8. Pettigrew, Gary Wayne, F10-00854-Y
9. Sparks, Robert, F08-01020

Mr. Broadnax had made a good faith attempt to learn from these various defendants their version of how the media came to learn of them, and the course of communications that ultimately resulted in the videotaped interviews. However, the investigation was stymied either because counsel refused to allow her to interview the defendant, or the defendants refused to communicate with her.

*See e.g.,* Redacted Email dated 11/20/12 6:38 PM from Karo Johnson to Lydia Brandt ("lydia, at this time, I respectfully decline your request to interview palmer or davis. karo."); Email dated 11/15/12 9:09 PM from Mary Margaret Penrose to Lydia Brandt ("I cannot agree to give access to Mr. Escamilla or to encourage him to provide an affidavit in this case. I cannot compromise his interests as his case is currently pending before the Fifth Circuit Court of Appeals."); In a November 19, 2012 telephone message, Paul Brauchle said he had several clients who were interviewed, but did not return any further phone calls to provide additional detail; Email dated 11/19/12 4:09 PM

13

from Catherine Bernhard to Lydia Brandt ("You do NOT have my permission to interview my client Clohe Menager."); Mr. Pettigrew did not return undersigned counsel's phone calls; Email dated 11/22/12 01:59:50 PM from Seth Kretzer to Lydia Brandt (Although Mr. Kretzer agreed, he stated that he wanted to be present for an interview of his client, Charles Payne, and was not available until after December 7, 2012 because he working on Mr. Payne's federal habeas petition at this time. Mr. Kretzer did not provide any information about a definite date on which he would be available).

## IV.

## *BRADY* OBLIGATION OF THE STATE OF TEXAS
## MEDIA &
## DALLAS DISTRICT ATTORNEY, DALLAS SHERIFF'S OFFICE, DALLAS POLICE DEPARTMENT

Mr. Broadnax has made several requests for documentation, which are still outstanding. Among other things, Mr. Broadnax issued a subpoena to the Dallas County Sheriff's Office on November 15, 2012. On November 23, 2012, the Sheriff's Office responded with 3 inches of paper at a cost of $64.10. It was not responsive to the request. Among other things, Mr. Broadnax had specifically requested the media request interview forms filed by each news station that was signed by defendants who either consented or declined a media interview. The defendants had been identified by name, book in number, case number, and entry date. Mr. Broadnax made a follow-up email request on December 3, 2012.

On November 30, 2012, Mr. Broadnax also made a request to:

the Dallas Police Department;
the Dallas District Attorney's Office; and
the Dallas Sheriff's Department

14

to produce all correspondence (by way of example but not limitation, emails, telephone messages, faxes, letters) from the Dallas Sheriff's Office, Dallas District Attorney's Office, and the Dallas Police Department *to* any media outlet (including by way of example, Channels 4, 5, 8, 11, 21, 33, Dallas Morning News, Telemundo, Univision), AND ALSO *from* any media outlet (including by way of example, Channels 4, 5, 8, 11, 21, 33, Dallas Morning News, Telemundo, Univision) to the Dallas Sheriff's Office, Dallas District Attorney's Office, and the Dallas Police Department that pertains to each of the following individuals/defendants, who had been identified as having been interviewed prior to counsel being appointed or on the heels of appointment:

1.    James Broadnax, # F08-24667-Y
2.    Cummings, DeMarius, F08-24628
3.    Davis, Franklin, F12-12630
4.    Escamilla, Licho, F01-59398
5.    Jones, Justin, F12-61728
6.    Menager, Clohe, F12-59888
7.    Palmer, William, F12-00445 and F12-51648
8.    Payne, Charles, F09-50173, F09-50174, F09-50175
9.    Pettigrew, Gary Wayne, F10-00854-Y
10.    Sparks, Robert, F08-01020

The requests are outstanding.

On December 4, 2012, the State of Texas filed a motion to quash the subpoena served on the Dallas District Attorney's office.

The State of Texas has a *Brady* obligation to fulfill these requests. The State has asserted in its Answer that the media is not a state agent. Answer at p.16. It relies solely on this court ruling at the pre-trial suppression hearing. Upon information and belief, the State of Texas has not done any due diligence to discover if in fact there are and have been communications between law enforcement and the media that prove the court ruling in error.

This documentation may show state action on the part of state officials acting in tandem wit the media. *Brady v. Maryland*, 373 U.S. 83, 84 (1963). Upon information and belief, the State of Texas has not made any good faith efforts to search for and produce this *Brady* material.

15

# IV.

# DISCOVERY REQUESTS
# &
# CONTINUANCE OF THE EVIDENTIARY HEARING

Accordingly, Mr. Broadnax seeks the following from this court:

## A.    Request #1 – Media

Mr. Broadnax seeks an order from this Court that Channels 4, 5, 8, and 11, who interviewed Mr. Broadnax in the gap between arraignment and appointment of counsel, identify and produce for deposition duces tecum:

employees of Channels 4, 5, 8, and 11, who had direct contact with law enforcement, and by which the media initially learned of:

1.    the criminal offense conduct of Mr. Broadnax in Garland, TX,
2.    Mr. Broadnax's arrest in the following days in Texarkana, TX,
3.    Mr. Broadnax's transfer to Garland, TX, and
4.    Mr. Broadnax's transfer to the Dallas County jail.

## B.    Request #2 – Defendants

Mr. Broadnax seeks an order from this Court to depose the defendants identified below:

1.    Cummings, DeMarius, F08-24628
2.    Davis, Franklin, F12-12630
3.    Escamilla, Licho, F01-59398
4.    Jones, Justin, F12-61728
5.    Menager, Clohe, F12-59888
6.    Palmer, William, F12-00445 and F12-51648
7.    Payne, Charles, F09-50173, F09-50174, F09-50175
8.    Pettigrew, Gary Wayne, F10-00854-Y
9.    Sparks, Robert, F08-01020

16

## C.   Request #3 – *Brady* Obligation of the State of Texas

Mr. Broadnax requests that this Court enter an order requiring that the State of Texas satisfy

its *Brady* obligation to produce all correspondence (by way of example but not limitation, emails,

telephone messages, faxes, letters) from the Dallas Sheriff's Office, Dallas District Attorney's Office,

and the Dallas Police Department *to* any media outlet (including by way of example, Channels 4, 5,

8, 11, 21, 33, Dallas Morning News, Telemundo, Univision), AND ALSO *from* any media outlet

(including by way of example, Channels 4, 5, 8, 11, 21, 33, Dallas Morning News, Telemundo,

Univision) to the Dallas Sheriff's Office, Dallas District Attorney's Office, and the Dallas Police

Department that pertains to each of the following individuals/defendants, who had been identified

as having been interviewed prior to counsel being appointed or on the heels of appointment:

1.   James Broadnax, # F08-24667-Y
2.   Cummings, DeMarius, F08-24628
3.   Davis, Franklin, F12-12630
4.   Escamilla, Licho, F01-59398
5.   Jones, Justin, F12-61728
6.   Menager, Clohe, F12-59888
7.   Palmer, William, F12-00445 and F12-51648
8.   Payne, Charles, F09-50173, F09-50174, F09-50175
9.   Pettigrew, Gary Wayne, F10-00854-Y
10.   Sparks, Robert, F08-01020

## D.   Request #4 – Continuance of the Evidentiary Hearing

Mr. Broadnax detailed his discovery requests. Currently the court has set a one-day

17

evidentiary hearing to be held December 7, 2012. Mr. Broadnax also requests that if the discovery and/or *Brady* search proves fruitful, that the court allow him one or more additional days for the evidentiary hearing beyond the December 7, 2012 hearing, so that he can bring forth his proof.

A proposed order has been attached for the Court's convenience.

Date: December 6, 2012

Lydia M.V. Brandt
Texas Bar No. 00795262
THE BRANDT LAW FIRM, P.C.
P.O. Box 850843
Richardson, Texas 75085-0843
(972) 699-7020 Voice; (972) 699-7030 Fax
COUNSEL FOR BROADNAX

## CERTIFICATE OF SERVICE

I certify that on December 6, 2012, I hand delivered a copy of the foregoing to:

Attn: Amy Murphy, Assistant District Attorney
Capital Writs – Appellate Section
Dallas County District Attorney's Office
133 N. Riverfront Blvd., LB 19
Dallas, TX 75207

Lydia M.V. Brandt

cc:     Mr. James G. Broadnax
        #999-549
        Polunsky Unit, TDCJ
        3872 FM 350 South
        Livingston, TX 77351-8580

18

## EXHIBITS

Exhibit A:    Dallas Sheriff's Office Inmate Interview Requests from the Media, 2 pages

Exhibit B:    Broadnax Media Requests (Fox 4, WFFA Channel 8)

Exhibit C:    Janet Cook, Assistant Public Defender letter and Affidavits of Fact of Janet Cook and of Investigator Elizabeth Christian

Exhibit D:    Affidavit of Burdette, dated December 1, 2012

Exhibit E:    Affidavit of Clifton Jenkins, dated November 26, 2012

Exhibit F:    Affidavit of Lydia Brandt, November 19, 2012

Exhibit G:    Broadnax Book-in Dallas County Jail (State Hab. App. Exhibit 3)

19

CAUSE NO. F08-24667-Y

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE CRIMINAL COURT |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| JAMES GARFIELD BROADNAX | § | NO. 7 |

## AFFIDAVIT OF RECORDS

Before me, the undersigned authority, personally appeared **ELIZABETH LUTTON**, for the **Dallas Sheriff's Office ("DSO")** who, being by me duly sworn, deposed as follows:

My name is **ELIZABETH LUTTON**. I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

I am a custodian of the records of the **Dallas Sheriff's Office ("DSO")**, Dallas County, Texas. Attached hereto are **2 pages** of records from DSO. These said **2 pages** of records are kept by **Dallas Sheriff's Office** the regular course of business of **DSO** for an employee or representative of **DSO**, with knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the record or to transmit information thereof to be included in such records; and the records were made at or near the time or reasonably soon thereafter. The record attached hereto is the original or exact duplicate of the original.

_____
AFFIANT

SWORN AND SUBSCRIBED TO before me on this the _____ day of _____, _____

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

[SEAL]

JEANETTE F. BROWN
Notary Public
STATE OF TEXAS
My Comm. Exp. Feb. 07, 2014

MY COMMISSION EXPIRES: 02-07-2014

# INMATE INTERVIEW REQUESTS FROM THE MEDIA

Those members of the media who wish to request an interview with an inmate currently incarcerated in the Dallas County jail should write a short letter to the inmate indicating:

1. The inmate's full name, BNO (booking number), jail tower, cell number and D.O.B.
2. Your name and media affiliation
3. The purpose of your interview request
4. Please leave a space with a signature line for the inmate to sign yes or no to your request and a place for the officer to sign as a witness

Your request can be e-mailed to the Media Relations Unit at sheriffmedia@DallasCounty.org or faxed to (214) 653-2892.

If e-mailed or faxed, your request will be forwarded to the inmate when time permits. An inmate must be assigned housing for the request to be presented. When an answer is received, you will be notified by return e-mail or phone call from the Media Relations Unit.

*Inmates will not be coached or coerced into granting an interview for any reason.

*If approved by the inmate, interviews are only allowed between 8:00a.m. – 4:30p.m. M-F.

*Interviews may be denied based upon jail staffing, emergency conditions or the inmate's physical or mental condition at the time of the request.

*No interviews will be scheduled during court appearances or medical appointments.

If you need further information, please contact the P.I.O.

Carmen Castro
Public Information Officer/Media Relations
Dallas County Sheriff's Department
133 N. Industrial Blvd., LB-31
Dallas, Texas 75207-4313

# media logo on this request form

**MEDIA INMATE INTERVIEW REQUEST**

Date:  May 1, 2010

Name:  Smith, John

DOB:  1960-08-05

BNO:  09079432 (this is the inmate's booking number)

Jail Location:  North Tower

Tank Location:  2W 06

**Info above can be found by visiting**
http://www.dallascounty.org/jaillookup/search.jsp It also helps as a guide for your
reporter to know what tower the interview will take place in)

Mr. Smith,

Channel "?" requests an interview with you regarding the charges that have been filed against
you.  We would like to give you an opportunity to tell your side of the story.  If you are
interested, please sign below so that the Sheriff's Department can notify us as soon as they
receive your response.

Thank you,

Name of reporter

_____

Yes, I would like to be interviewed.

_____

No, I would not like to be interviewed.

_____

Officer/Badge# (Witness)

**Please fax back to the P.I.O. Carmen Castro at 214-653-2892

DEFENSE EXHIBIT 1B     AFFIDAVIT/ ELIZABETH LUTTON

CAUSE NO. F08-24667-Y

THE STATE OF TEXAS                                   CRIMINAL DISTRICT COURT #7

v.

JAMES G. BROADNAX                                   DALLAS COUNTY, TEXAS

AFFIDAVIT

Before me, the undersigned authority, personally appeared __Elizabeth Lutton__, who, being by me duly sworn, deposed as follows:

My name is Elizabeth Lutton, I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

I am a custodian of the records of **Dallas Sheriff's Office (DSO), Dallas County, Texas.** Attached hereto are **4 pages** of records from **DSO**. This said **4 pages** of records are kept by **DSO** in the regular course of business, and it was the regular course of business of **DSO** for an employee or representative of **DSO**, with knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the original or exact duplicates of the original.

_____
AFFIANT

SWORN TO AND SUBSCRIBED before me on the _20_ day of June , 2011 .
My commission expires: __9/13/2011__



Notary Public, State of Texas
Notary's printed name:
Roberta Denise Whited

ROBERTA DENISE WHITED
Notary Public
STATE OF TEXAS
Commission Exp. 09-13-2011

WFAA NEWS                Fax:9999999999              Jun 20 2008   7:38    P.05

5E

JAmes Broadnax
Bnv 08047374
West Tower
03 P 05

Mr. Broadnax:

On behalf of WFAA TV channel 8 , I would like to request an on-camera interview with you.

This would allow you to tell our viewers your side of the story regarding your recent incarceration. We firmly believe in telling both sides of a story and understand it is important to hear your side.

Thank you for your time and consideration

Carlos Rosales
WFAA Assignment editor
214-977-6213

Yes, James Broadnax

No,

DSD Spratling #5795
Officer/Badge witness

Kimberlee Leach - Broadnax.doc                                                    Page 1

**KDFW Fox Television**

FOX TELEVISION STATIONS, INC. ● A UNIT OF FOX INC.

June 20, 2008

James Gerdleid Broadnax        *B NO 0804137374*
Lew Sterrett                   *West Tower*
                               *03 P05*

James,

KDFW-TV Fox 4 would like to request an interview with you regarding the charges that have been filed against you. We are hoping by speaking with you, you will be given this opportunity to tell your side of the story. If you are interested in talking with KDFW-TV Fox 4, please notify the Sheriff's department as soon as they deliver this letter.

Yes _____

No _____

Thank you for your consideration,

Gregg Millett
Assignments Editor
KDFW Fox 4 News
214-720-3155

_____

*Officer/Badge # (witness)*

*Fax to P.I.O. Kim Leach*
*214-653-2852*

400 N. Griffin Street
Dallas, Texas 75202
Tel 214.720.4444



## KDFW Fox Television

FOX TELEVISION STATIONS, INC. ● A UNIT OF FOX INC.

June 20, 2008

James Gerdield Broadnax        B NO 08047374
Lew Sterrett                   West Tover
                               O3 P05                    1:20

James,

KDFW-TV Fox 4 would like to request an interview with you regarding the charges that have been filed against you. We are hoping by speaking with you, you will be given this opportunity to tell your side of the story. If you are interested in talking with KDFW-TV Fox 4, please notify the Sheriff's department as soon as they deliver this letter.

Yes: _James Broadnax_

No _____


Thank you for your consideration,

Gregg Millett                      _spratling #5795_
Assignments Editor                 Officer/Badge # (witness)
KDFW Fox 4 News
214-720-3155


Fax to P.I.O. Kim Leach
214-653-2892


400 N. Griffin Street
Dallas, Texas 75202
Tel 214.720.4444

WFAA NEWS                    Fax:9999999999            Jun 20 2008   7:38      P.05

JAMES Broadnax
BW 08047374
West Tower
03 P 05

Mr. Broadnax:

On behalf of WFAA TV channel 8 , I would like to request an on-camera interview with you.

This would allow you to tell our viewers your side of the story regarding your recent incarceration. We firmly believe in telling both sides of a story and understand it is important to hear your side.

Thank you for your time and consideration

Carlos Rosales
WFAA Assignment editor
214-977-6213

Yes,

No,

Officer/Badge witness

DEFENSE EXHIBIT 1C    LETTER/AFFIDAVIT OF JANET COOK



# Dallas County
## Public Defender's Office



January 14, 2009

Sheriff Lupe Valdez
Dallas County Sheriff's Office
133 N. Industrial, LB 31
Dallas, TX 75207

RE: Charles Patrick Payne.
Book In Number: 09001412

Dear Sheriff Valdez:

I was denied access to my client; my client was denied access to his attorney and investigator by the Sheriff's Office in a timely manner. I believe it was done intentionally to allow Fox news to get in and interview a potential death penalty defendant. The interview would not have happened without the Sheriff's office aiding Fox 4 to have access to my client and denying me access. My investigator and I were there prior to Fox 4's arrival and were kept waiting longer than 15 minutes after they were taken upstairs.

My Investigator, Christian Smith, and I went to Lew Sterrett West Tower to visit with our client Charles Patrick Payne on Tuesday January 13, 2009 about noon. When we arrived we gave our credentials and were told it would be a minute. After a couple of minutes someone from the Sheriff's office media department arrived with a reporter and cameraman from Fox 4 news. The Sheriff's employee walked into the booth looked at our paperwork along with the officers on duty in the booth and they looked at us. The media employee then walked out of the booth and took the Fox 4 employees up to the 3rd floor. My investigator asked if there was a problem and we were told that it would take some time before we were able to see our client due to it being the end of the lunch time and they were picking up trays. At this time, I asked the officers in the booth if the news personnel were going up to talk to my client. I believe it was Officer Salazar that stated he did not know who they were going to interview. We waited and then my investigator asked again if there was a problem. At this point we were told they were waiting on clarification or a phone call from someone. We waited a few more minutes and then asked again what the problem was. At this point they stated they were checking on my investigator's clearance. At this time she asked if they needed her Sterrett Justice Center card in addition to her Dallas County ID and driver's license. They stated they did not need that. Approximately 5 minutes later, my investigator again asked what the problem was and they stated they were waiting to hear back again. My investigator again showed her Sterrett Justice Center card for the second time and he stated that was all they needed and if she had shown that earlier (which she had) they would have let us up to the 3rd floor already. When we arrived on the 3rd floor, we showed our paperwork and they directed us to Booth J. In Booth J my client was being interviewed by the Fox 4 personnel with the Sheriff's office employee present.

The actions of the Sheriff's office violated my client's 6th amendment right to counsel. If

anything like this ever happens again, I will have no choice but to recommend to my client to file a civil rights lawsuit against the Sheriff's Department.

Respectfully,


Janet Cook
Assistant Public Defender
Dallas County, TX


cc: Lynn Richardson
Chief Public Defender
Dallas County, Texas



# AFFIDAVIT IN ANY FACT

THE STATE OF TEXAS
COUNTY OF DALLAS

BEFORE ME, <u>Eddy Herrera</u>, A Notary Public in and for said County, State of Texas, on this day personally appeared <u>Janet Cook</u> Who, after being by me duly sworn, on oath deposes and says:

January 14, 2009

RE: Charles Patrick Payne
Book In Number: 09001412

On January 13, 2009 I was denied access to my client, Charles Patrick Payne; my client was denied access to his attorney and investigator by the Sheriff's Office in a timely manner. I believe it was done intentionally to allow Fox news to get in and interview a potential death penalty defendant. The interview would not have happened without the Sheriff's office aiding Fox 4 to have access to my client and denying me access. My investigator and I were there prior to Fox 4's arrival and were kept waiting longer than 15 minutes after they were taken upstairs.

My Investigator, Christian Smith, and I went to Lew Sterrett West Tower to visit with our client Charles Patrick Payne on Tuesday January 13, 2009 about noon. When we arrived we gave our credentials and were told it would be a minute. After a couple of minutes someone from the Sheriff's office media department, who I have since learned was Kim Leach, arrived with a reporter and cameraman from Fox 4 news. Ms. Leach walked into the booth looked at our paperwork which is the Request for Inmate Interview that has my client's name and identifies me as his attorney. Then she, along with the officers on duty in the booth, looked over at us. Ms. Leach then walked out of the booth and took the Fox 4 employees up to the 3rd floor. My investigator asked if there was a problem and we were told that it would take some time before we were able to see our client due to it being the end of the lunch time and they were picking up trays. At this point I said to my investigator, I guess it's not a problem for Fox news to go while they are picking up trays. At this time, I asked the officers in the booth if the news personnel were going up to talk to my client. I believe it was Officer Salazar that stated he did not know who they were going to interview. We waited and then my investigator asked again if there was a problem. At this point we were told they were waiting on clarification or a phone call from someone. We waited a few more minutes and then asked again what the problem was. At this point they stated they were checking on my investigator's clearance. At this time she asked if they needed her Sterrett Justice Center card in addition to her Dallas County ID and driver's license. They stated they did not need that. Approximately 5 minutes later, my investigator again asked what the problem was and they stated they were waiting to hear back again. My investigator again showed her Sterrett Justice Center card for the second time and he stated that was all they needed and if she had shown that earlier (which she had) they would have let us up to

the 3rd floor already. When we arrived on the 3rd floor, we showed our paperwork and they directed us to Booth J. In Booth J my client was being interviewed by the Fox 4 personnel with the Sheriff's office employee present.

Respectfully,

Janet Cook
Assistant Public Defender


SUBSCRIBED AND SWORN TO BEFORE ME

THIS 14 January 2009 A.D.

_____
Notary Public , State of Texas



# Dallas County
## Public Defender's Office

January 13, 2009

Public Information Officer,
Kim Leach
Dallas Sheriff's Office

Please be advised that I am requesting that the media not be allowed to contact my client, Charles Patrick Payne, BIN 09001412.

If you have any questions you may contact me at 214-653-3550 or 214-761-1360.

Sincerely,

Janet Cook
Assistant Public Defender
Dallas County, Texas

DLS CO PUBLIC DEFENDER Fax:2148752363

## ** Transmit Confirmation Report **

P.1                                                    Jan 13 2009 03:20pm

| Name/Fax No. | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| DALLAS CO. SHERI | Normal | 13,03:19pm | 0'22" | 1 | # O K | Manual |

AFFIDAVIT IN ANY FACT

THE STATE OF TEXAS

COUNTY OF DALLAS

BEFORE ME, BILL GOODWIN

A Notary Public In and for said County, State of Texas, on this day personally appeared, **Elizabeth Christian Smith**, who, after being by me duly sworn, on oath deposes and says that I am competent and qualified to make this affidavit and I have personal knowledge of the fact stated herein and they are true and correct:

I.

I further declare that:

My name is E. Christian Smith. I am an investigator with the Dallas County Public Defender's office and I have been appointed to represent Charles Patrick Payne, Book In Number:09001412. On Tuesday January 13, 2009 I went with his attorney, Janet Cook to visit him in the West Tower of Lew Sterrett. I supplied my Dallas County ID card and my driver's license along with the sheet requesting visitation. These are the same credentials I have provided to visit clients in the jail over the last two years. Shortly after we arrived, 1-2 minutes, a team from Fox 4 news arrived with an employee of the Sheriff's department. We were waiting to see Mr. Payne prior to their arrival. The employee from the Sheriff's office walked through to the booth and spoke with the officers on duty. At one point, she looked at our forms (requesting to see our client), looked at us and went back to speaking with the officers. She exited the booth and came around and took the reporter and cameraman up to the 3rd floor. We were told it would be a while to see our client due to it being lunchtime. (I am not sure if this was before or after she took them upstairs.) Ms. Cook asked the officer in the booth if it was our client they were going to interview. The officer stated he did not know who they were going to interview. I asked if there was a problem and was told that he was waiting on a phone call from upstairs when it would be ok for us to go up. After at least 5 more minutes, I again asked if there was a problem. This time I was told they were trying to verify my credentials. I attempted to give them my Lew Sterrett Justice Center card and was told they did not need the card. I stated something to them about this being his attorney and what was the problem. I was just told we would need to wait a minute. After approximately 5 more minutes, I again asked was there a problem. This time I handed him the Lew Sterrett Justice Center card thru the slot and he stated that was all he needed. I should have just shown this in the first place and we could go up. Not only had I attempted to give him this card earlier, I have been told on previous visits to the jail that I did not need to show that, that I only needed to show the Dallas County ID and driver's license. I have not in the last two years ever had a problem when going to visit a client. When we arrived on the 3rd floor, Fox 4 news was interviewing our client in booth J. I believe we were intentionally held up from being able to meet with our client in order for a news interview to be conducted.

**I HAVE PERSONAL KNOWLEDGE OF THE ABOVE AND I SWEAR THAT THE ABOVE STATEMENTS ARE TRUE AND CORRECT.**

_____
AFFIANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS 16th DAY OF January, 2009.

_____
NOTARY PUBLIC
Dallas County, Texas

Commission expires _____



BILL GOODWIN
Notary Public, State of Texas
My Commission Expires
DECEMBER 05, 2010

BILL GOODWIN
Notary Public, State of Texas
My Commission Expires
DECEMBER 05, 2010

REPORTER'S RECORD

VOLUME ~~I~~H OF _____

CAUSE NO. F08-24667

| THE STATE OF TEXAS | IN THE CRIMINAL DISTRICT |
| VS. | COURT NO. 7 |
| JAMES BROADNAX | DALLAS COUNTY, TEXAS |

PRETRIAL HEARING

ON THE 27TH DAY OF JULY, 2009, the following proceedings came on for hearing in the above-entitled and numbered cause before the Honorable Mike Snipes, Judge Presiding for the Criminal District Court No. 7, held in Dallas, Dallas County, Texas.

Proceedings reported by oral stenography.

- - - - -

SHARINA A. FOWLER, CSR
214-653-5696

A P P E A R A N C E S

DAVID ALEX
SBOT NO.
ANDREA HANDLEY
SBOT NO.08898800
Assistant Criminal
District Attorneys of Dallas
Frank Crowley Courts Building
133 N. Industrial Blvd.
Dallas, Texas    75207
214-653-3600

FOR THE STATE OF TEXAS


DOUG PARKS
SBOT NO. 15520000
Attorney at Law
321 Calm Water Lane
Holly Lake Ranch, Texas 77765
903-769-3120

BRAD LOLLAR
SBOT NO. 12508700
Attorney at Law
1700 Commerce, Suite 450
Dallas, Texas    75201
214-384-8178

KERI MALLON
SBOT NO. 24049165
Assistant Public Defender
Frank Crowley Courts Building
131 N. Industrial Blvd., LB2
Dallas, Texas    75270-4399
214-653-3600

FOR THE DEFENDANT

A P P E A R A N C E S

DAVID ALEX
SBOT NO.
ANDREA HANDLEY
SBOT NO.08898800
Assistant Criminal
District Attorneys of Dallas
Frank Crowley Courts Building
133 N. Industrial Blvd.
Dallas, Texas   75207
214-653-3600

FOR THE STATE OF TEXAS


DOUG PARKS
SBOT NO. 15520000
Attorney at Law
321 Calm Water Lane
Holly Lake Ranch, Texas 77765
903-769-3120

BRAD LOLLAR
SBOT NO. 12508700
Attorney at Law
1700 Commerce, Suite 450
Dallas, Texas   75201
214-384-8178

KERI MALLON
SBOT NO. 24049165
Assistant Public Defender
Frank Crowley Courts Building
131 N. Industrial Blvd., LB2
Dallas, Texas   75270-4399
214-653-3600

FOR THE DEFENDANT

4

INDEX OF EXHIBITS

** RO - Record Only              ## DO - Demonstrative Only

| Number | Description | Offered | Admitted | Vol. |
|---|---|---|---|---|
| State's: | | | | |
| No. 16 | Business Records Affidavit | 12 | 12 | |
| Defendant's: | | | | |
| No. 1 | CV, K. Leach | 35 | 36 | |
| No. 2 | Media Relations Report | 35 | 36 | |
| No. 3 | Health Screening Assessment | 38 | 39 | |
| No. 4 | Mental Health Screening | 43 | 45 | |
| No. 5 | Contents of Court's File | 48 | 49 | |
| Nos. 6-7 | Suicide Information Log | 75 | 76 | |
| No. 8 | Report of J. Cook Letter to Sheriff Valdez | 88 | 89 | |
| No. 9 | CV, L. Platt | 91 | 92 | |
| No. 10 | Report of L. Platt | 91 | 92 | |

SHARINA A. FOWLER, CSR
214-653-5696

Page 1

REPORTER'S RECORD
VOLUME _____ OF _____
CAUSE NO. F08-24667

THE STATE OF TEXAS        :    IN THE CRIMINAL DISTRICT

VS.                       :    COURT NO. 7

JAMES BROADNAX           :    DALLAS COUNTY, TEXAS

_____

PRETRIAL HEARING

_____

ON THE 27TH DAY OF JULY, 2009, the following proceedings came on for hearing in the above-entitled and numbered cause before the Honorable Mike Snipes, Judge Presiding for the Criminal District Court No. 7, held in Dallas, Dallas County, Texas.

Proceedings reported by oral stenography.

Page 2

A P P E A R A N C E S

DAVID ALEX
SBOT NO.
ANDREA HANDLEY
SBOT NO.08898800
Assistant Criminal
District Attorneys of Dallas
Frank Crowley Courts Building
133 N. Industrial Blvd.
Dallas, Texas 75207
214-653-3600

FOR THE STATE OF TEXAS

DOUG PARKS
SBOT NO. 15520000
Attorney at Law
321 Calm Water Lane
Holly Lake Ranch, Texas 77765
903-769-3120
BRAD LOLLAR
SBOT NO. 12508700
Attorney at Law
1700 Commerce, Suite 450
Dallas, Texas 75201
214-384-8178

KERI MALLON
SBOT NO. 24049165
Assistant Public Defender
Frank Crowley Courts Building
121 N. Industrial Blvd., LB2
Dallas, Texas 75270-4399
214-653-3600

FOR THE DEFENDANT

Page 3

INDEX

                                           PAGE VOL

Proceedings, July 27, 2009

APPEARANCES                                    2

MOTION TO STAY HEARING                         4

TESTIMONY OF KIMBERLY LEACH
    Direct Examination by Mr. Alex             8
    Cross Examination by Mr. Lollar           33
    Redirect Examination by Mr. Alex          61
    Recross Examination by Mr. Lollar         63

TESTIMONY OF CHRISTIE HICKLEN
    Direct Examination by Mr. Alex            65
    Cross Examination by Mr. Lollar           73

TESTIMONY OF JANET COOK
    Direct Examination by Mr. Lollar          84

TESTIMONY OF LANCE PLATT, Ph.D.
    Direct Examination by Mr. Lollar          91
    Cross Examination by Mr. Alex             96
    Redirect Examination by Mr. Lollar       101
    Recross Examination by Mr. Alex          102

COURT REPORTER'S CERTIFICATE                 110

Page 4

INDEX OF EXHIBITS

** RO - Record Only          ## DO - Demonstrative Only

| Number | Description | Offered | Admitted | Vol. |
|--------|-------------|---------|----------|------|
| State's: | | | | |
| No. 16 | Business Records | 12 | 12 | |
|  | Affidavit | | | |
| Defendant's: | | | | |
| No. 1 | CV, K. Leach | 35 | 36 | |
| No. 2 | Media Relations | 35 | 36 | |
|  | Report | | | |
| No. 3 | Health Screening | 38 | 39 | |
|  | Assessment | | | |
| No. 4 | Mental Health | 43 | 45 | |
|  | Screening | | | |
| No. 5 | Contents of Court's | 48 | 49 | |
|  | File | | | |
| Nos. 6-7 | Suicide Information | 75 | 76 | |
|  | Log | | | |
| No. 8 | Report of J. Cook | 88 | 89 | |
|  | Letter to Sheriff Valdez | | | |
| No. 9 | CV, L. Platt | 91 | 92 | |
| No. 10 | Report of L. Platt | 91 | 92 | |

Page 84

motion --

THE COURT: Off the record.

[Off the record discussion.]

Whereupon,

JANET COOK.

having been first duly cautioned and sworn, testified as follows:

DIRECT EXAMINATION

BY MR. LOLLAR:

Q. State your name, please.

A. Janet Cook.

Q. What is your occupation or profession?

A. I am an assistant public defender in Dallas County.

Q. And how long have you been with the Dallas County Public Defender's office?

A. I started in August of '99. I was there until January of -- I believe it was 2002 or 2003 -- No, 2003, and then went to the -- as a senior staff attorney here in Dallas County working with Keri Young. I was there until March of 2006 when you rehired me for the Public Defender's Office.

Q. And to which court are you currently assigned?

A. 283rd, Judge Rick Magnis.

Q. And let me ask you, do you recall the events of

Page 85

January 13, 2009, as --

A. Yes.

Q. -- it relates to one of the defendants that you were appointed to represent?

A. Yes.

Q. And who was that defendant?

A. Charles Patrick Payne.

Q. And what was he charged with?

A. He's charged with one count of capital murder and two counts of attempted capital murder.

Q. Do you recall on what day you were appointed?

A. The very next day after the offense and -- I believe the offense was January 6th, so I would have been appointed the next morning, January the 7th. Or the offense was January 7th and I was appointed January 8th. I'm -- It's one of those two dates.

Q. Do you recall where Mr. Payne was being housed in the Dallas County jail at that time?

MR. ALEX: Judge, I'm going to object to relevance unless counsel can -- can give some proffer as to what Payne's case has to do with this.

THE COURT: Well, I think I know, but go ahead. Say -- Say what that is, why you --

MR. LOLLAR: Well, yes.

THE COURT: -- think it's relevant.

Page 86

MR. LOLLAR: Ms. Cook will testify that she and her investigator went over to the Dallas County jail to see Mr. Payne, that they were held up down at the -- oh, the booth downstairs where you present your credentials and get the badges.

THE COURT: So that the media can talk to them?

MR. LOLLAR: And she will further state that Kim Leach arrived with Shaun Rabb and his cameraman; that Ms. Leach walked into the booth where the credentials were, looked at our paperwork and saw the request for inmate interview that had her client's name and identifies her as his attorney. Then Ms. Leach looked over at Ms. Cook and her investigator. Ms. Leach then walked out of the booth and took the Fox 4 employees up.

The people downstairs kept holding them up --

THE COURT: And why is that relevant to this case?

MR. LOLLAR: We think that -- Well, and to wrap up, then she was finally allowed to go up to see her client and found him being interviewed with Shaun Rabb.

We think that this shows the Court a

Page 87

pattern of behavior by the public information officer, that she will perhaps put her perceptions of needing to help the press over the rights -- the substantial constitutional rights of the defendant as is reflected here in this case and as reflected in --

THE COURT: Any objection to my accepting your proffer as being what this witness would say?

MR. LOLLAR: Judge, can I ask -- It's all summarized here for the Court. If I can get Ms. Cook to identify the report, then I'll submit that.

THE COURT: Do you have objection?

MR. ALEX: I don't know what the report says, Judge. I'm prosecuting Charles Payne and I get the impression that they're here to try to make a record of something to use in that case, which is highly improper.

THE COURT: I -- I don't think they're doing that.

MR. ALEX: Well, I represent -- I'm -- I'm prosecuting Mr. Payne and Ms. Cook knows that. This looks to me like something that has been going on in the Payne case for some time now. It has nothing to do with this case at all, Judge. All these particulars and specifics has what to do with this case?

MR. PARKS: But, David, you brought the subject up to --

SHARINA FOWLER, CSR  214-653-5696                       Page 84 - Page 87

Page 88

MR. ALEX: I brought --

MR. PARKS: -- holster --

MR. ALEX: -- the subject up?

MR. PARKS: David, you --

UNKNOWN SPEAKER: What attorney was sitting downstairs with James Broadnax? What does this got to do with it?

THE COURT: What's that Defense exhibit?

MR. LOLLAR: No. 8, Your Honor.

THE COURT: Why can't you just offer it, I'll admit it and I'll consider it.

MR. LOLLAR: Okay.

THE COURT: Can we do that?

[Defendant's Exhibit No. 8 was marked for identification.]

MR. LOLLAR: We'll offer Defendant's Exhibit No. 8, which is a report that Ms. Cook did and a letter of complaint to Sheriff Valdez.

THE COURT: Okay.

MR. ALEX: And I object to all of this, Judge. I think it's totally irrelevant and improper.

MR. LOLLAR: Judge, if I could ask just one more question.

THE COURT: The objection is overruled. Defense Exhibit 8 is admitted.

Page 89

[Defendant's Exhibit No. 8 was admitted into evidence.]

Q. [By Mr. Lollar] Ms. Cook, where is Mr. Payne now?

A. Right now he is in Vernon. He's been found incompetent to stand trial at this time.

Q. Do you know where he was housed at the time y'all went over to try and see him?

A. On the 13th he was on -- in the third floor, west tower.

MR. LOLLAR: That's all the questions we have.

THE COURT: Cross examination?

MR. ALEX: No, sir.

THE COURT: You may step down, ma'am.

MR. LOLLAR: May Ms. Cook be excused?

THE COURT: Yes, sir.

Anything else from the Defense?

MR. LOLLAR: Not at this time.

THE COURT: Anything from the State?

MR. ALEX: Nothing further at this time.

THE COURT: When are we starting up again?

MR. LOLLAR: We await the arrival of Dr. Platt, and I think he -- I thought we were going to go ahead and have the hearings this morning, so I told

Page 90

him to be here this afternoon. He's driving up from College Station, so it should be 1:00 or so.

THE COURT: Let's start at 2:00.

MR. ALEX: Could we get a ruling from the Court of Appeals -- Criminal Appeals, I guess, today -- The reporters were told to be here today, I guess, with a court order. When -- When would you want to proceed?

THE COURT: I don't think we're going to get an answer from them today because the deadline for filing a briefing on that is the 29th, which is Wednesday.

MR. ALEX: The 29th?

THE COURT: Yes.

MR. LOLLAR: Close of business Wednesday.

THE COURT: So we're not going to -- this is not going to be resolved until probably Thursday or so.

We're in recess until 2:00.

[Recess taken from 10:52 a.m. to 2:19 p.m.]

THE COURT: Back on the case in Broadnax. This is a continuation of Rule 702 through 705, expert witness hearings.

Mr. Lollar, if you'll call your first witness.

Page 91

MR. LOLLAR: We'll call Lance Platt.

Whereupon,

LANCE PLATT, Ph.D.,

having been first duly cautioned and sworn, testified as follows:

DIRECT EXAMINATION

BY MR. LOLLAR:

Q. Would you state your name, please?

A. Lance Platt, P-l-a-t-t.

Q. Mr. Platt, what is your occupation or profession?

A. I'm a self employed consultant, consulting on drug and alcohol cases.

[Defendant's Exhibit Nos. 9 through 10 were marked for identification.]

Q. [By Mr. Lollar] Let me show you, Mr. Platt, your -- Defendant's Exhibit No. 9 and 10. Is Defendant's Exhibit No. 9 a CV of yours?

A. It is.

Q. And is No. 10 your report which you wrote to me?

A. It is.

MR. LOLLAR: We'd offer Defendant's 9 and 10.

THE COURT: Any objection?

Page 108

know from what I could hear him say.

MR. LOLLAR: I'm sorry?

THE COURT: I thought he said he didn't really know in this particular case.

MR. LOLLAR: Well, he says he's an 8 to 10 on a scale of 1 to 10, if the defendant was under the influence based on what he saw in the medical records and based on what he heard the defendant say in the interviews.

THE COURT: Have you got any reported case law where this kind of testimony came in? Because I just --

MR. LOLLAR: On drug recognition?

THE COURT: -- went through about 40 cases and I didn't see one.

MR. LOLLAR: I'll get some for the Court.

THE COURT: Okay. Because I'm concerned about the reliability of this and the possibility of it confusing the jury, even if it is reliable.

MR. LOLLAR: Okay.

MR. ALEX: And in particular, when we talk about DRE, usually there's some kind of interview done with a particular defendant --

THE COURT: That's what I'm talking about.

MR. LOLLAR: I don't know that I'd agree

Page 109

with that. Most --

THE COURT: Well, I --

MR. LOLLAR: -- of the time, they're called upon to look at videotapes.

THE COURT: Just see if you can get me something. I just went through about 50 cases in my annotations here and I don't see it.

MR. LOLLAR: Okay.

MR. ALEX: I didn't either.

THE COURT: I'm going to defer a ruling on this for now.

What else do we have?

MR. LOLLAR: We have a couple of juror issues that we need to discuss off the record.

THE COURT: Okay. Off the record.

[Whereupon, this days proceedings were concluded. To be continued in the next numbered volume.]

Page 110

THE STATE OF TEXAS          X

COUNTY OF DALLAS            X

Page 4

I, Sharina Fowler, Deputy Official Court County, Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record in the above styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, offered by the respective parties.

WITNESS MY OFFICIAL HAND, this the _____ day of March, 2010.

Sharina A. Fowler, Texas CSR #6132
Expiration Date: 12/31/11
Deputy Official Court Reporter
Criminal District Court No. 7
Dallas County, Texas
Crowley Courts Building
Dallas, Texas
214-653-5696

DEFENSE EXHIBIT 1D    AFFIDAVIT/BURDETTE

Dec 02 12 02:51p                                                                      p.1

## AFFIDAVIT OF FACT

STATE OF TEXAS              )
                           )
COUNTY OF TARRANT          )


Re:    James Garfield Broadnax
       Criminal District Court #7, Dallas County, TX, No. F08-24667-Y
       Ex parte Broadnax, Writ No. AP-76, 207


BEFORE ME, the undersigned authority, on this day personally appeared Mary Burdette, MSSW, who by me duly sworn, did depose and state upon her oath as follows:

1.  My name is Mary Burdette. I am over twenty-one years of age and am fully competent to make this affidavit.

2.  I am James Broadnax's court appointed mitigation specialist and hold a master degree in social work.

3.  Over the course of my practice as a mitigation specialist, I became acquainted with Dianna Hunt, who, at the time, was a reporter for the Fort Worth Star-Telegram newspaper, assigned to cover the criminal courts. Ms. Hunt has since left Fort Worth and resides and works in Lafayette, Louisiana.

4.  I contacted her and asked for information regarding the practice of news reporting on arrests, indictments and trials for persons charged with criminal offenses.

5.  She indicated to me that other reporters are assigned to the 'jail beat' and keep tabs on what is happening regarding arrests and charges. These reporters utilize a variety of means in order to acquire this information but includes use of contacts and relationships with law enforcement who sometimes give the reporters a 'heads up' if a big arrest is about to be made or has been made. These are relationships developed over the course of time between media and law enforcement as part of a reporter's professional efforts to report the news.

6.  She gave me the impression that this is the general practice for obtaining news regarding crime stories in both Fort Worth and Dallas, Texas.

FURTHER AFFIANT SAYETH NOT.

Mary Burdette, MSSW

SUBSCRIBED AND SWORN TO before me this 1st day of Dec, 2012.

Notary Public

GRANT BURDETTE MCDERMED
Notary Public, State of Texas
My Commission Expires
July 18, 2016

DEFENSE EXHIBIT 1E          AFFIDAVIT/CLIFTON JENKINS

Affidavit of Fact

STATE OF TEXAS                §
                             §     SS.
COUNTY OF DALLAS             §

BEFORE ME, the undersigned authority, on this day personally appeared Clifton Jenkins, who being by me duly sworn, did depose and state upon oath as follows:

1.  My name is Clifton (Cliff) Jenkins. I am over twenty-one years of age and am fully competent to make this affidavit.

2.  Except where stated that I have been told by someone else, I have personal knowledge of all the facts set forth herein, and all such facts are true and correct.

3.  I was appointed as the fact investigator in the state capital habeas litigation styled: Ex parte James Garfield Broadnax, Criminal District Court #7, Cause No. F08-24677-Y, Texas Court of Criminal Appeals, AP 76-207.

4.  I am a private investigator, License No. A05152, under the Texas Occupations Code and Rules Approved by the Department of Public Safety. I have been appointed by various state and federal court judges over the past twenty (20) years. I worked with defense attorneys in both capital and non-capital cases.

5.  On March 30, 2011, the Honorable Michael Snipes of Criminal District Court #7, Dallas County, TX appointed me the fact investigator to assist defense counsel in the preparation of the state application for writ of habeas corpus on behalf of James Broadnax,

1

Applicant, who was found guilty of capital murder and sentenced to death.

6.  On December 12, 2011, I conducted an investigation into the media interviews of Mr. Broadnax on June 23, 2008. My investigation was as follows:

a.  I did an internet search on the four TV news stations, who assigned reporters to interview Mr. Broadnax: Channels 4, 5, 8, and 11. After gathering the contact information, I attempted to contact persons at those media outlets.

b.  I went to WFAA Channel 8 located at 606 Young Street. I contacted an assignments editor by telephone. The assignments editor would not speak with me. Instead, she told me I had to go to the Belo Legal Office and meet with the Belo Legal Attorneys. I did so and met with Attorney Sandy Braswell and another attorney, who did not give his name. I asked Attorney Braswell how the reporters for Channel 8 got information about arrested capital murder suspects, and Mr. Broadnax in particular, and thereafter learned about their movements within the Dallas County jail. Attorney Braswell stated that she preferred not to give out that information and that there are laws to protect Belo from having to disclose that information. With that, she concluded the interview.

c.  I then went to KDFW Fox 4, located at 400 N. Griffin Street. I was told by a security officer at that building that I could not enter the building without an appointment. I called up to an assignments editor for Fox 4, who told me I had to speak with Bruce Smith, the News Director for Fox 4. Mr. Smith was not available to take my call. I left my cell phone number on Mr. Smith's voice mail, and asked Mr. Smith to call me back. After several days, Mr. Smith returned my phone call. I asked Mr. Smith how the reporters for Channel 4 got information about arrested capital murder suspects, and Mr. Broadnax in particular, and then found them within the Dallas County jail so the reporters could interview Mr. Broadnax. Mr. Smith said

2

that he did not want to give me any information on how Fox 4 locates jails suspects. Mr. Smith ended the conversation and hung up.

d.    I contacted the Assignments Editor for Channel 5, Stephen Wright. I asked Mr. Wright how the reporters for Channel 5 got information about arrested capital murder suspects, and Mr. Broadnax in particular, and thereafter learned about their movements within the Dallas County jail so the reporters could be sent to interview Mr. Broadnax. Mr. Wright said that a suspect can be located by called the arresting agency, by doing an online records search for the jailed suspects, and by contacting the Dallas County Sheriff's Department. When they find the suspect, they fax a request for a media interview to the Dallas County Sheriff's Department.

e.    I contacted an assignments editor for KTVT Channel 11, Mike Pool. I asked Mr. Pool how they know the locations of high profile murder suspects, like James Broadnax, who have been arrested. Mr. Pool told me that "they can be found" by calling the arresting law enforcement agency, by doing a web search of dallascounty.org, by doing a Dallas County JI54 computer check, by having an employee hanging out at the jail, or by contacting the Dallas County Sheriff's Department Inmate Location Desk.

7.    On November 19, 2012, in preparation for the evidentiary hearing, I called Steven Wright, the assignments editor at NBC Channel 5 again. I also called Mike Pool, the assignments editor at Channel 11, again. Mike Pool said he remembered me. However, both he and Mr. Wright refused to provide me with any more specific information and told me that I would have to talk to the attorneys in their legal department. In particular, Mr. Pool told me that the attorney for Channel 11 is in New York and his name is Andrew Siegel, 212-975-

3

4480. None of the four Channels would provide me with any more information on the Broadnax interviews.

FURTHER AFFIANT SAYETH NOT.

Clifton Jenkins,  C.J.,
Private Investigator
License No. A05152
2951 Harlee Drive
Dallas, TX 75234
(469) 438-7959

Before me, a Notary Public, on this day personally appeared Clifton Jenkins, known to me or through (description of identity card or other document) ___TXDL___ to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this date: ___11/26/12___

_____
Notary Public



AYESHA HUSSAIN KHAN
My Commission Expires
August 4, 2015

# *Tab* 24

AFFIDAVIT OF FACT


STATE OF TEXAS

COUNTY OF DALLAS

BEFORE ME, the undersigned authority, on this day personally appeared Clifton Jenkins, who being by me duly sworn, did depose and state upon his oath as following.

My name is Clifton Jenkins. I am over twenty-one years of age and am fully competent to make this affidavit.

1.  I was appointed as the fact investigator in the state capital habeas litigation styled: Ex parte James Garfield Broadnax, Criminal District Court #7, Cause No. F08-24677-Y, Texas Court of Criminal Appeals, AP-76-207

2.  I am a private investigator License No. A05152, under the Texas Occupations Code and Rules Approved by the Department of Public Safety. I have been appointed by various state and federal court judges over the past twenty (20) years. I worked with defense attorneys in both capital and non-capital cases.

3.  On March 30th, 2011, the Honorable Michael Snipes of Criminal District Court #7, Dallas County, Texas appointed me the Fact Investigator to assist defense counsel in the preparation of the state Application for Writ of Habeas Corpus on behalf of the Applicant, James Garfield Broadnax, who was found guilty of capital murder and was sentenced to death.

4.  A due diligence investigation into how the media learns about the location of a capital murder suspect in the Dallas County jail does not appear to have been done before the August 4, 2009 suppression hearing in the Broadnax case. Based on my investigation, had such an investigation been done, defense counsel would have learned that the media can and does obtain location information from various public information sources without prior law enforcement contact. They also would have learned that sometimes, to avoid answering questions, the media invokes legal privilege even outside a courtroom setting. With these facts, defense counsel would have been alerted to possible problems asserting "reporters as state agents," and been on notice to explore other theories as well.

Page  2

My investigation was as follows:

a.    I did an internet search on the four (4) TV news media stations assinging  reporters to make jail interviews with Ex parte James Broadnax.  I viewed and noted the  addresses and telephone numbers for Channel 4, Channel 5,  Channel 8, and Channel 11.

b.    I went to WFAA Channel 8 located a 606 Young Street. The assignment editor directed me to go to the Belo Legal Office and talk to Channel Eights attorneys. I met with two attorneys who stated that they prefered not to give information about how they know when a suspect is incarcerated in the Dallas Jail System. They also stated there are laws to protect them from giving out that information.

c.    I then went to KDFW Fox 4 located at 400 N. Griffin Street.  I was told by security that I couldn't enter the building without an appointment.  I contacted Channel fours assignment editor who refered me to the news director's voice mail.  I left my cell phone number and waited for his return call for several days. He returned my call informing me that he didn't care to give any information  on locating jail suspects. t.

d.    I contacted channel five's assignment editor and asked him how they know movements and locations of capital murder suspects that have been arrested.  He stated that locations can be   found by calling the agency that arrested the suspect, by doing a online record search of jail lookup, and by contacting the Dallas County Sheriffs Department.  When they locate the suspect, they fax a request for inmate visitation.

e.    I contacted KTVT channel eleven's assignment editor and inquired how they know the locations of high profile murder suspects that have been arrested. He informed me that they can get that by calling the arresting law enforcement angency, by doing a websearch of Dallas County.Org, by doing a Dallas County JI54 computer check, or by contacting the the Dallas County Sheriffs Department Inmate Location desk.

FURTHER AFFIANT SAYETH NOT.

Page   3


X _____ Clifton Jenkins

Private Investigator
license #  A05152
2951 Harlee Drive
Farmers Branch,Tx
(469)438-7959

SUBSCRIBED AND SWORN TO before me this 16 day of December 2011

_____
Notary Public



IN THE
TEXAS COURT OF CRIMINAL APPEALS
and
CRIMINAL DISTRICT COURT NO. 7, DALLAS COUNTY, TX

TCCA Cause No. AP-76,207
Criminal District Court No. 7, Cause No. F08-24667-Y

## Ex Parte JAMES GARFIELD BROADNAX, Petitioner

*Exhibits – VOLUME II OF II*
Exhibit 20 through and including Exhibit 26

## DEATH-PENALTY CASE

Lydia M.V. Brandt
Texas Bar No. 00795262
THE BRANDT LAW FIRM, P.C.
P.O. Box 850843
Richardson, Texas   75085-0843
(972) 699-7020 Voice; (972) 699-7030 Fax
COUNSEL FOR JAMES BROADNAX

DEFENSE EXHIBIT 1F            AFFIDAVIT/LYDIA BRANDT

Affidavit of Fact

STATE OF TEXAS             §
                          §    SS.
COUNTY OF DALLAS          §


BEFORE ME, the undersigned authority, on this day personally appeared Lydia M.V. Brandt, who being by me duly sworn, did depose and state upon oath as follows:


1.  My name is Lydia M.V. Brandt. I am over twenty-one years of age and am fully competent to make this affidavit.

2.  Except where stated that I have been told by someone else, I have personal knowledge of all the facts set forth herein, and all such facts are true and correct.

3.  I am the state habeas attorney who represents James Broadnax in *State of Texas v. Broadnax*, in the Criminal District Court No. 7, Cause No. F08- 24667-Y, AP-76,207, Dallas County, TX.

4.  On November 19, 2012, I called Steven Wright, the assignments editor at NBC Channel 5. I identified my self as an attorney who represented Mr. Broadnax, who was filmed by Channel 5. I asked Mr. Wright if he would be willing to speak with me. Mr. Wright said no. I asked Mr. Wright if he was, or could refer me to the assignments editor who handled the Broadnax case. Again he said no. Mr. Wright said he would transfer me back to the operator who could put me through to the media's attorneys. When Mr. Wright returned me to the operator, Sharla? (spelling), she said there were no attorneys on premises and that she did not know who the media's attorneys were.


5.  On November 19, 2012, I called Mike Pool, the assignments editor at Channel 11. I identified my self as an attorney who represented Mr. Broadnax, who was filmed by Channel 11. I asked Mr. Pool if he would be willing to speak with me. Mr. Pool said no, that he was not

authorized to speak on behalf of station. Mr. Pool immediately said I would have to speak with the media's attorneys in New York, Andrew Siegel, 212-975-4480. Mr. Pool said he had given Mr. Cliff Jenkins, the fact investigator in Broadnax, this same information.

FURTHER AFFIANT SAYETH NOT.

_____
Lydia M.V. Brandt
Texas Bar No. 00795262
THE BRANDT LAW FIRM, P.C.
P.O. Box 850843
Richardson, Texas  75085-0843
(972) 699-7020 Voice; (972) 699-7030 Fax
COUNSEL FOR BROADNAX

Before me, a Notary Public, on this day personally appeared Lydia M.V. Brandt, known to me (or proved to me on the oath of ___Drivers License___ or through (description of identity card or other document) to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this date: November 19, 2012

_____
Notary Public

OMAR JAVIER BACALLAO
My Commission Expires
August 23, 2015

2

CAUSE NO. F08-24667-Y

THE STATE OF TEXAS                    CRIMINAL DISTRICT COURT #7

v.

JAMES G. BROADNAX                    DALLAS COUNTY, TEXAS

AFFIDAVIT

Before me, the undersigned authority, personally appeared __Elizabeth Lutton__, who, being by me duly sworn, deposed as follows:

My name is Elizabeth Lutton, I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

I am a custodian of the records of **Dallas Sheriff's Office (DSO), Dallas County, Texas.** Attached hereto is **4 pages** of records from **DSO.** This said **4 pages** of records are kept by **DSO** in the regular course of business, and it was the regular course of business of **DSO** for an employee or representative of **DSO,** with knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the original or exact duplicates of the original.

_Elizabeth Lutton_
AFFIANT

SWORN TO AND SUBSCRIBED before me on the _20_ day of June , 2011 .
My commission expires: __9/13/2011__



Notary Public, State of Texas
Notary's printed name:
Roberta Denise Whited

ROBERTA DENISE WHITED
Notary Public
STATE OF TEXAS
Commission Exp. 09-13-2011

AIS                                                                                    Page 1 of 2



Magistrate Hearing - BROADNAX , JAMES          Search        Referrals        User: Roberta Whited

| Identification | Offense (3) | Arrest (2) | Book-In | Magistrate | Warrants | Jail | Bonds | Pro-Trial Rel |
| Dist. Attorney | | Grand Jury | | | Divert Court | Court |

Current Book-In No: 10048680 - Released

## Adult Identification Information



Date: 9/10/2010
Photos(2)

| AIS Number | DPS/SID Number | LAI Number | FBI Number |
| 2725502 | 08189265 | 1077722 | |
| **True Last Name** | **Suffix** | **True First Name** | **Middle Name** |
| BROADNAX | | JAMES | GARDIELD |
| **Date of Birth** | **Current Age** | **Height** | **Weight** |
| 10/30/1988 | 22 | 6' 3" | 160 lb |
| **Photo** | **Fingerprints** | **In Dallas Jail Before** | **Native Language** |
| Unavailable | Unavailable | NO | |
| **Race** | **Sex** | **Ethnicity** | **Skin Tone** |
| Black | Male | Non Hispanic | Dark |

## Magistrate Research

| Magistrate Research DT/TM | Magistrate Staff |
| Jun 21 2008 3:55 AM | Tolbert, Cassandra |

### Dallas County Court History

| Case No. | Agency | Offense Description | L/D | Offense DT/TM | Court | Disposition |
|----------|--------|---------------------|-----|---------------|-------|-------------|

### Dallas County Criminal History

| Offense Description (Priors) | OffenseDT | Statute Citation | L/D | Warrant # | Dom./Fam. Viol. |
|------------------------------|-----------|------------------|-----|-----------|-----------------|
| BENCH WARRANT - CAPITAL MURDER | 06/19/2008 | 19.03 PC | FX | F0824667Y | No |

### TCIC/NCIC Information

☐ TCIC        ☐ NCIC

### Current Offense/Hold Information

| Arresting Agency | Offense Description | OffenseDT | Statute Citation | L/D | Warrant # | Court | 1st Setting | Reason Code | PIA |
|------------------|---------------------|-----------|------------------|-----|-----------|-------|-------------|-------------|-----|
| Garland Police | CAPITAL MURDER OF MULTIPLE PERSONS | 06/19/2008 | 19.03 (a)(7) PC | FX | F0824667 | F1 | | Computer Assigned | ☐ |
| Garland Police | CAPITAL MURDER OF MULTIPLE PERSONS | 06/20/2008 | 19.03 (a)(7) PC | FX | F0824629 | F1 | | Computer Assigned | ☑ |

☑ Research Complete

Reason for Expedition

**Clerk's Comments**
2. NO PRIOR FELONIES

## Magistrate Hearing

| Arrest DT/TM | Book-In # | Book-In DT/TM |
| Jun 20 2008 12:00 AM | 08047374 | Jun 21 2008 2:51 AM |

**Book-In Comments**
CHG #90824629J ADDED PER PC WRNT............TVARGHESE2 062108 BSO F0824629 $1,000,000.00 CASH/SURETY PER JONATHAN VICKERY 06/21/2008 05:45:00......MHUGHES 062108 CHG F0824667 ADDED PER WRNT 070308 BMCLEMORE CHG F0824629 WRNT RECD AND EXECUTED 070308 BMCLEMORE BSO F0824629 $1,000,000.00 CASH/SURETY PER JONATHAN VICKERY 06/21/2008 05:45:00 BSO F0824667 $1,000,000.00 CASH/SURETY PER KATHERINE MIRACLE 07/04/2008 01:25:00 CHG F0824667 JCJP DEFT GIVE NOTICE OF APPEAL TO THE CRTS PER DISPO LITTLES/TSMITH 082109 CASE#F0824629 CASE DISMISSED PER CRT DISPO LITTLES 082809 ZACHARIAH#

AIS                                                                                                    Page 2 of 2

*Magistration Legend:*   New Offense   Judge Reviewed   Judge Magistrated   Bond Posted

Current Offenses                    Arresting Agency: Garland Police

| Chg Offense No. | Offense Description | Offense DT | Statute Citation | L/D | F.V. | Warrant # | No Bond Allowed | Bond Amount | Bond Type | High Bond | EPO | OFD | Bond Remarks | Pre-Trial Release |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | CAPITAL MURDER OF MULTIPLE PERSONS | 06/19/2008 | 19.03 (a)(7) PC | FX | No | F0824667 | ☐ | 1000000.00 | Cash/Surety | | | | Add/Update | ☐ |
| 1 | CAPITAL MURDER OF MULTIPLE PERSONS | 06/20/2008 | 19.03 (a)(7) PC | FX | No | F0824629 | ☐ | 1000000.00 | Cash/Surety | | | | Add/Update | ☐ |

*Magistration Legend:*   New Offense   Judge Reviewed   Judge Magistrated   Bond Posted

Holds

| Arresting Agency | Offense Description | Date Issued | Warrant # | No Bond Allowed | Bond Amount | Bond Type | Bond Remarks |
|---|---|---|---|---|---|---|---|

Affidavit of Indigence

| Felony | Misdemeanor | Psychological Assessment Program |
|---|---|---|
| English | None | No |

Vienna Convention

| Citizenship | | Country |
|---|---|---|
| United States | | |
| | Status | Notification |

*Magistration Legend:*   New Offense   Judge Reviewed   Judge Magistrated

Documents

| Offense Description | Arraignment Sheet | Interlock Order | Emergency Prot. Order | 24-Hr Det. Order | 48-Hr Det. Order |
|---|---|---|---|---|---|
| CAPITAL MURDER OF MULTIPLE PERSONS | Yes | None | None | None | None |
| CAPITAL MURDER OF MULTIPLE PERSONS | No | None | None | None | None |

Conditions of Bond

| UpdateDT | Warrant No | Offense Desc |
|---|---|---|
| | F0824667 | CAPITAL MURDER OF MULTIPLE PERSONS |
| | F0824629 | CAPITAL MURDER OF MULTIPLE PERSONS |

Judge's Comments History (empty)

Judge's Comments

| Initial Magistrate DT/TM | Last Updated By | Pre-Trial Release Approval |
|---|---|---|
| Jun 21 2008 5:45 AM | Whited, Roberta | ☐ |

AIS





# Dallas County
# Sheriff's Office
## Mugshot Profile



| | |
|---|---|
| Name: | BROADNAX , JAMES |
| Alias 1 | BROADNAX, JAMES |
| AIS #: | 2725502 |
| Book-In No.: | |
| Book-In Date/Time: | Saturday, June 21, 2008 |
| LAI#: | 1077722 |
| DOB: | 10/30/1988 |
| Arrest Age: | 19 |
| Current Age: | 22 |
| | |
| Sex: | Male |
| Race: | Black |
| Height: | 6' 3" |
| Weight: | 160 |
| Hair Color: | Black |
| Eye Color: | Brown |

AIS



# Dallas County
## Sheriff's Office
### Mugshot Profile



| | |
|---|---|
| Name: | BROADNAX , JAMES |
| Alias 1 | BROADNAX, JAMES |
| AIS #: | 2725502 |
| Book-In No.: | |
| Book-In Date/Time: | Friday. September 10, 2010 |
| LAI#: | 1077722 |
| DOB: | 10/30/1988 |
| Arrest Age: | 21 |
| Current Age: | 22 |
| | |
| Sex: | Male |
| Race: | Black |
| Height: | 6' 3" |
| Weight: | 160 |
| Hair Color: | Black |
| Eye Color: | Brown |



IN THE
TEXAS COURT OF CRIMINAL APPEALS
and
CRIMINAL DISTRICT COURT NO. 7, DALLAS COUNTY, TX

|  |  |  |
|---|---|---|
| EX PARTE JAMES BROADNAX, | ) ) ) ) | |
| APPLICANT | ) ) ) ) | Writ Case No. AP-76,207 Trial Ct. # F08-24667-Y |

## MOTION FOR COURT-ORDERD DISCOVERY
### FOR COURT-ORDER BRADY MATERIAL FROM DALLAS DA
&
### FOR CONTINUANCE OF THE EVIDENTIARY HEARING[1]

Applicant, JAMES BROADNAX, pursuant to Section 9 of Article 11.071 of the Texas Code of Criminal Procedure, asks this court for an order of discovery of evidence, as more particularly described below, and a reasonable time to conduct that discovery.

Currently the court has set a one-day evidentiary hearing to be held December 7, 2012. Mr. Broadnax also requests that if the discovery proves fruitful, that the court allow him one or more additional days for the evidentiary hearing beyond the December 7, 2012 hearing, so that he can bring forth his proof.

As ground therefore, Mr. Broadnax would show as follows:

**DEFENDANT'S EXHIBIT**
1

---

[1]  Mr. Broadnax does not waive his attorney client privilege or work product privilege when referring specifically to certain facts that are necessary to show that court-ordered discovery is required to develop the facts of his claim.

## I.

## THE *BROADNAX* CLAIMS

Claims 1, 2, and 3 are premised on Mr. Broadnax assertion that he was deprived of his Sixth Amendment right to counsel with respect to the media interviews which took on June 23, 2008, while he was incarcerated in the Dallas County Jail (formally known as the Lew Sterret Justice Center). Mr. Broadnax contends that these media interviews were sufficiently solicited, encouraged, and coordinated with the Texarkana police, the Garland police, the Dallas Police, and the Dallas County Sheriff's Office so as to make the persons conducting the interviews agents of the State of Texas for purposes of the Sixth Amendment right to counsel, and to make the interviews a critical stage of the proceedings. Because Mr. Broadnax' right to counsel attached no later than June 21, 2008 he was entitled to the assistance and presence of counsel with respect to and during the June 23, 2008 media interviews.

### Preliminary Facts

Stephen Swan and Matthew Butler were murdered around 1:00 a.m. on June 19, 2008, in Garland, Texas. Mr. Broadnax and his codefendant, Damarius Cummings, were initially arrested in connection with the murders and taken to jail in Texarkana, Texas, around midnight on June 19, 2008.

On June 20, 2008, Mr. Broadnax and Mr. Cummings were transported from the Texarkana jail to the Garland City jail. (Vol 41:100). When he was in the Garland jail, Mr. Broadnax was advised of his right to counsel, and invoked that right. (Vol 41:48). Mr. Cummings admitted involvement in the murders and implicated Mr. Broadnax.

On June 21, 2008, around 2:51 am, Mr. Broadnax was booked into Dallas County Jail.

2

(Exhibit G:    Broadnax Book-in Dallas County Jail; State Hab. App. Exhibit 3).  About two hours later, he was taken before a Dallas County Magistrate and arraigned at 5:45 am. (Def Exhibit 9).  In the presence of one or more Dallas County jailers, the Magistrate Judge advised Mr. Broadnax of his right to counsel. Mr. Broadnax completed the Defendant's Affidavit of Indigence, and in writing invoked his right to counsel. (Def Exhibit 9).

The Dallas County jail records show that Mr. Broadnax had been placed in the psych unit of the jail where he was evaluated on the morning of June 23, 2008, by Psych assessor, Jason Varghese, and psychiatrist Dr. H. Mirmesdagh. Mr. Broadnax was diagnosed as being psychotic due to polysubstance abuse. (RR 43:74; 50:85-86). Mr. Broadnax's medical records also reflect that before his arrest, and on June 23, 2008, Mr. Broadnax had been having auditory and visual hallucinations and was delusional, and that he was on "whack" [the street term for PCP] at the time of the commission of the charged offense. (RR 50:86-87). PCP is a substance that can cause psychosis even a month after its ingestion. (RR 50:89-92). Mr. Broadnax was 19 years old at the time.

At least as early as Friday, June 20, 2008, at 7:38, while Mr. Broadnax was still in the Garland City Jail and before he was taken to Dallas County Jail, WFAA TV Channel 8, had faxed a letter to Kim Leach.  Ms. Leach was the Public Information Officer for Dallas County Sheriff's Department, which was responsible for the inmates in the Dallas County Jail.  She was responsible for transmitting the WFAA Channel 8 letter to Mr. Broadnax. The letter recites that WFAA "would like to request an on-camera interviews with you [Mr. Broadnax], which would "allow you to tell our viewers your side of the story" about the recent incarceration because "it is important to hear your side." (Vol 41:18-21; State's Exhibit 16; State Hab. App. Exhibit 7).

Likewise on Friday, June 20, 2008, while Mr. Broadnax was still in the Garland City Jail and

3

before he was taken to Dallas County Jail, Fox 4, KDFX Television faxed a letter to Kim Leach, so she could transmit the letter to Mr. Broadnax. Fox 4 also requested an interview stating that Mr. Broadnax "will be given this opportunity to tell your side of the story," and that if he was interested, "please notify the Sheriff's department as soon as they deliver this letter." (State Hab. App. Exhibit 7).

The language in the media letters is substantially similar to, or verbatim, from the language of a sample media request letter, drafted by and made a part of the policy and procedures of the Dallas County Sheriff's Office. Exhibit A: Dallas Sheriff's Office Inmate Interview Requests from the Media, 2 pages.

Ms. Leach forwarded these requests to the jail on Monday morning, June 23, 2008 at 10:08 am. The media outlets have refused to disclose specific information about how they became aware of Mr. Broadnax circumstances so quickly after his arrest an incarceration in the Garland jail, and even before his availability for such media interviews in the Dallas County jail.

The Dallas County jailers knew about Broadnax mental condition and that his request for counsel would result in appointment of counsel in the near future. The Dallas County jailers expedited the requests for media interviews with Mr. Broadnax, thereby ensuring that the interviews took place before counsel was appointed. The Dallas County Sheriff's Office's handling of media requests for interviews with capital defendants at least as of the date of Mr. Broadnax's incarceration and continuing to the current day, demonstrates a policy and practice of soliciting, encouraging and facilitating such media interviews to ensure that they take place before defense counsel has access to the defendant.

Indeed, Janet Cook counsel for capital defendant Charles Payne, wrote a letter of complaint

4

to Sheriff Lupe Valdez, which recites in pertinent part:

> I was denied access to my client; my client was denied access to his attorney and investigator by the Sheriff's Office in a timely manner. I believe it was done intentionally to allow Fox news to get in and interview a potential death penalty defendant. The interview would not have happened without the Sheriff's office aiding Fox 4 to have access to my client and denying me access. My investigator and I were there prior to Fox 4's arrival and were kept waiting longer than 15 minutes after they were taken upstairs.

Exhibit C:  Janet Cook, Assistant Public Defender letter and Affidavits of Fact of Janet Cook and of Investigator Elizabeth Christian (admitted as Defense Exhibit 8, in the July 27, 2009 pretrial hearing, p. 89).

The media interviews of Mr. Broadnax occurred around 1:00 pm on June 23, 2008, (Vol 41:22, 24, 32), before his counsel, Brad Lollar, was appointed on June 24, 2008. The media interviews of Mr. Broadnax focused on three main topics:

- Did you do it?
- Are you remorseful?
- What punishment do you deserve?

In Mr. Broadnax's case, as with numerous other defendants in Dallas County, the video interview by the media were obtained by the prosecution and introduced at trial and published to the jury. The prosecutor referred to the videotapes in opening statement. (RR 45:56-58). Then the prosecutor presented its evidence in guilt/innocence phase on August 10 & 11, 2009. (RR 45, 46, 47). As promised in the opening statement, the prosecutor played the media interviews of Mr. Broadnax on each day. (August 10, 2009 – RR 45:125 – Channel 11; RR 45:277 – Channel 5); (August 11, 2009 – RR 46:230 – Channel 4). The videotapes became the focal point on the future dangerousness special issue in the punishment phase. (RR 50:212-213; (RR 52:248-249; RR 53: 68-69, 74).

5

Even the Texas Court of Criminal Appeals in its direct appeal opinion relied primarily on the television interviews to support a finding of future dangerousness. Slip Op. *Broadnax v. State*, slip op. No. AP,76,207 (Tex. Crim. App. 2011) *H. Sufficiency of the Evidence — Future Dangerousness.*

## Texas Is Among a Minority of States, Who Fail to Appoint Counsel at the Time of Arraignment

In *Rothgery v. Gillespie County*, TX, 554 U.S. 191, 194 (2008), the Supreme Court held that the Sixth Amendment right to counsel attaches at the Texas article 15.17 hearing (the "initial appearance" or "arraignment"). In its Answer, the State of Texas concedes that the Sixth Amendment rights of Mr. Broadnax attached at arraignment. Answer, p. 15 ("The State does not dispute that attachment occurs when applicant [Broadnax] went before the magistrate on June 21, 2008.").

There are 43 jurisdictions that appoint counsel "before, at, or just after initial appearance." *Rothgery*, 554 U.S. at 205, n.14. Texas is not one of them — a position that is contrary to the ABA's position "that counsel should be appointed 'certainly no later than the accused's initial appearance before a judicial officer.'" *Rothgery*, 554 U.S. at 205. *Rothgery* noted that "to the extent these States [including Texas] have been denying appointed counsel on the heels of the first appearance, they are a distinct minority," and added that the Court had not been "offered an acceptable justification for the minority practice" in Texas. *Rothgery*, 554 U.S. at 205.

6

### The Gap: 1 Working Day

Before the 2002 amendment to the Texas Fair Defense Act [TEX. CODE CRIM. PROC. Art. 1.051( c)], capital defendants were appointed counsel almost simultaneously with arraignment. Capital defense counsel who agreed to accept appointment were required to go to the jail to see the capital defendant within 30 minutes to an hour of the call, whether it was at night or on a Saturday or Sunday or holiday.

The 2002 amendment incorporated a "1 Working Day Rule" into the Texas Fair Defense Act, TEX. CODE CRIM. PROC. Art. 1.051( c) (requiring appointment of counsel within 1 working day from the date the district court is assigned the case). As a result, capital defense counsel can be appointed hours, days, weeks, even months after arraignment and written request for counsel. This is because "1 Working Day," does not include a Saturday, Sunday, or holiday. And worse, in Dallas County, the clock does not begin until the capital case finds its home in the "assigned" court. As a result of Dallas County court assignment procedures, Mr. Broadnax was not appointed counsel until June 24, 2008, four days after he was arrested and taken before a judge in Texarkana, two full days after his arraignment before a magistrate in Dallas County and one day after the media interviews took place on June 23, 2008.

### The Media Interviews – A Critical Stage

The media interviews of potential capital defendants, routinely take place in the Dallas County jail promptly after arrest and book-in, but before counsel is appointed or has access to the defendant. The media interviews are a "critical stage" in the legal proceedings – a post attachment proceeding at which counsel must be present, unless the right to counsel has been validly waived.

7

*See Rothgery*, 554 U.S. at 211.

The Dallas Sheriff's Office (DSO) works in tandem with the media to make interviews with capital defendants happen. DSO has a procedure and a form letter that DSO created especially for the media, which they use to pattern a request to interview the capital defendant. The DSO form letter reads:

> Channel "?" requests an interview with you regarding the charges that have been filed against you. We would like to give you an opportunity to tell your side of the story. If you are interested, please sign below so that the Sheriffs Department can notify us as soon as they receive your response about your situation."

Exhibit A: Dallas Sheriff's Office Inmate Interview Requests from the Media, 2 pages. The media outlets based their requests to interview Mr. Broadnax on this or a comparable DSO form. Exhibit B: Broadnax Media Requests (Fox 4 News, WFFA Channel 8).

The DSO procedure instructs the media to fax or email the media letter request. Although the DSO procedure recites that "your request will be forwarded to the inmate when time permits," almost always, the DSO provides unbridled, quick access of the media to the capital defendant. Indeed, the DSO has deliberately delayed capital defense counsel's access to her client, so that the Fox 4 employees (media) could interview the capital defendant, such as Mr. Payne. *See supra State v Broadnax*, July 27, 2009 pretrial hearing at p.86, Defense Exhibit 8.

In Mr. Broadnax's case, the media interview requests received from the Dallas County Sheriff's Officer contained a faxed time/date stamp of 10:08 am, June 23, 2008 (bottom). State App Exhibit 6: Business Records Affidavit, and Sheriff's Dept Records (Media Requests).[3] During the

---

[3] The fax time/date stamp at the top shows a date of June 20, 2008 at 7:38. Mr. Broadnax was not at the Dallas County jail at that time; he was in the Garland facility. *See* Exhibit G: Broadnax (from State Hab. App. Exhibit 3: Business Records Affidavit, and Sheriff's Dept Records (Dallas County Book In). *See also* RR 39:14-15. Even as early as June 20, 2008, Mr.

8

suppression hearing on the media interviews, Steve Pickett, the first reporter to interview Mr. Broadnax was not asked what time he had conducted the interview. However, the record does reflect that the second interview of Mr. Broadnax by Channel 8 was conducted in the early afternoon about 12:30 pm or 1:00 pm. (RR 43:49, 55).

Dallas County law enforcement consistently gives the media quick and unfettered access to capital defendants prior to the appointment of defense counsel. The quick access of the media to interview a capital defendant, before the capital defendant has been appointed counsel, are occurring with increasing frequency in Dallas County. Mr. Broadnax alleges, upon information and belief, that Dallas County law enforcement solicit and encourage and facilitate interviews of capital defendants by local media outlets as a means of obtaining incriminating statements from defendants who have asserted the right to counsel, or failed to incriminate themselves in statements to law enforcement, or as insurance if the defense succeeds in suppressing a law-enforcement-obtained confession.

In *Moulton*, the Supreme Court held:

> The Sixth Amendment guarantees the accused, at least after the initiation of formal charges, the right to rely on counsel as a "medium" between him and the State. As noted above, this guarantee includes the State's affirmative obligation not to act in a manner that circumvents the protections accorded the accused by invoking this right. The determination whether particular action by state agents violates the accused's right to the assistance of counsel must be made in light of this obligation. Thus, the Sixth Amendment is not violated whenever—by luck or happenstance—the State obtains incriminating statements from the accused after the right to counsel has attached. See *Henry*, 447 U.S., at 276, 100 S.Ct., at 2189 (POWELL, J., concurring). However, *knowing exploitation by the State of an opportunity to confront the accused without counsel being present is as much a breach of the State's obligation not to circumvent the right to the assistance of counsel as is the intentional creation of such an opportunity*. Accordingly, the Sixth Amendment is violated when the State obtains incriminating statements by knowingly circumventing the accused's right to have counsel present in a confrontation between

---

Broadnax had requested appointment of counsel when he in the Garland jail.

9

the accused and a state agent.

*Maine v. Moulton*, 474 U.S. 159, 176 (1985).

The State is, and has been, exploiting the 1 Working Day Rule by using these media interviews as an opportunity to confront Mr. Broadnax, and other similarly situated capital defendants, without counsel being present.  In Mr. Broadnax's case, the media interviews were a critical stage in the legal proceedings and events that "so prejudice[d] the outcome of the defendant's prosecution that, as a practical matter, [Mr. Broadnax had to] be represented ... in order to enjoy genuinely effective assistance of counsel." *Rothgery v. Gillespie County*, TX, 554 U.S. 191, 217 (2008).

## II.

## MEDIA & DISCOVERY REQUEST

Upon information and belief, law enforcement officials act in tandem with the media; such that those media interviews of the capital defendant culminate in admissions-against-interest, which become part of the evidence in the prosecution's case-in-chief.

Mary Burdette, the mitigation investigator in this state habeas proceeding, conducted an email interview of a former Ft. Worth Star Telegram reporter, Diane Hunt.  Ms. Hunt had been assigned to cover the criminal courts.  Ms. Burdette asked Ms. Hunt how the media outlet initially learns of a capital offense and the defendant involved.  Ms. Burdette attests that Ms. Hunt stated:

5.    ... that other reporters are assigned to the 'jail beat' and keep tabs on what is happening regarding arrests and charges.  These reporters utilize a variety of means in order to acquire this information but includes use of contacts and relationships with law enforcement who sometimes give the reporters a 'heads up' if a big arrest is about to be made or has been made. *These are*

10

> *relationships developed over the course of time between media and law enforcement as part of a reporter's professional efforts to report the news.*

Exhibit D: Affidavit of Burdette, dated December 1, 2012.

Mr. Broadnax seeks discovery and a continuance of the evidentiary hearing because he has attempted to, but was blocked, in his efforts to investigate the communications between the media and law enforcement in his case.

## A.    The Media Investigation

In December, 2011, Mr. Broadnax had attempted to learn about the interactions between the media and law enforcement in his case through the efforts of his investigator, Mr. Clifton Jenkins. Mr. Jenkins attempted to communicate with employees at Channels 4, 5, 8, and 11 to learn the media sources for Mr. Broadnax's case.

The employees of Channels 4, 5, 8, and 11 were unwilling to disclose that information. The media asserted First Amendment privilege. Mr. Cliff Jenkins attested that in December 2011, he had attempted to communicate with both WFAA Channel 8 and KDFW Fox 4, but both media outlets declined to provide any information. *See* Exhibit 24 to State Habeas Application: Affidavit of Jenkins, dated December 16, 2011, para. 4. When he contacted employees of Channel 5 and 11, the information he was provided was very general, despite having asked about Mr. Broadnax's case in particular. *Id.*

Mr. Jenkins tried again on November 19, 2012 to contact the media to learn about how they learned of Mr. Broadnax's case, Mr. Jenkins attests that both Channels 5 and 11 were unwilling to provide any more information than they had in December 2011, and referred Mr. Jenkins to their

11

legal counsel. Exhibit E: Affidavit of Clifton Jenkins, dated November 26, 2012.

Because Channels 5 and 11 had shown some willingness in December 2011 to engage in some communication, undersigned counsel, Brandt, attempted to speak with the assignment editors at Channels 5 and 11 about Mr. Broadnax's case. However, those employees referred Brandt to the attorneys representing the particular media outlet. Brandt's affidavit recites:

4.    On November 19, 2012, I called Steven Wright, the assignments editor at NBC Channel 5. I identified my self as an attorney who represented Mr. Broadnax, who was filmed by Channel 5. *I asked Mr. Wright if he would be willing to speak with me. Mr. Wright said no.* I asked Mr. Wright if he was, or could refer me to the assignments editor who handled the Broadnax case. Again he said no. Mr. Wright said he would transfer me back to the operator who could put me through to the media's attorneys. When Mr. Wright returned me to the operator, Sharla? (spelling), she said there were no attorneys on premises and that she did not know who the media's attorneys were.

5.    On November 19, 2012, I called Mike Pool, the assignments editor at Channel 11. I identified my self as an attorney who represented Mr. Broadnax, who was filmed by Channel 11. *I asked Mr. Pool if he would be willing to speak with me. Mr. Pool said no, that he was not authorized to speak on behalf of station.* Mr. Pool immediately said I would have to speak with the media's attorneys in New York, Andrew Siegel, 212-975-4480. Mr. Pool said he had given Mr. Cliff Jenkins, the fact investigator in Broadnax, this same information.

Exhibit F: Affidavit of Lydia Brandt, November 19, 2012.

Mr. Broadnax has also sought this information in other ways, as for example, by records requests for communications to/from the media outlets and (1) law enforcement, (2) the Dallas District Attorney's Office, and (3) the Dallas Police Department. Those requests are currently outstanding. *See Brady* section, *infra.*

12

## III.

## DEFENDANTS & DISCOVERY REQUEST

Upon information and belief, Mr. Broadnax asserts that jailers encourage the defendants to talk to the media. To further investigate this, Brandt sought to speak with the defendants who had been identified to her as having been interviewed by the media. Those defendants include:

1.   Cummings, DeMarius, F08-24628
2.   Davis, Franklin, F12-12630
3.   Escamilla, Licho, F01-59398
4.   Jones, Justin, F12-61728
5.   Menager, Clohe, F12-59888
6.   Palmer, William, F12-00445 and F12-51648
7.   Payne, Charles, F09-50173, F09-50174, F09-50175
8.   Pettigrew, Gary Wayne, F10-00854-Y
9.   Sparks, Robert, F08-01020

Mr. Broadnax had made a good faith attempt to learn from these various defendants their version of how the media came to learn of them, and the course of communications that ultimately resulted in the videotaped interviews. However, the investigation was stymied either because counsel refused to allow her to interview the defendant, or the defendants refused to communicate with her.

See e.g., Redacted Email dated 11/20/12 6:38 PM from Karo Johnson to Lydia Brandt ("lydia, at this time, I respectfully decline your request to interview palmer or davis. karo."); Email dated 11/15/12 9:09 PM from Mary Margaret Penrose to Lydia Brandt ("I cannot agree to give access to Mr. Escamilla or to encourage him to provide an affidavit in this case. I cannot compromise his interests as his case is currently pending before the Fifth Circuit Court of Appeals."); In a November 19, 2012 telephone message, Paul Brauchle said he had several clients who were interviewed, but did not return any further phone calls to provide additional detail; Email dated 11/19/12 4:09 PM

13

from Catherine Bernhard to Lydia Brandt ("You do NOT have my permission to interview my client Clohe Menager."); Mr. Pettigrew did not return undersigned counsel's phone calls; Email dated 11/22/12 01:59:50 PM from Seth Kretzer to Lydia Brandt (Although Mr. Kretzer agreed, he stated that he wanted to be present for an interview of his client, Charles Payne, and was not available until after December 7, 2012 because he working on Mr. Payne's federal habeas petition at this time. Mr. Kretzer did not provide any information about a definite date on which he would be available).

## IV.

### *BRADY* OBLIGATION OF THE STATE OF TEXAS
### MEDIA &
### DALLAS DISTRICT ATTORNEY, DALLAS SHERIFF'S OFFICE, DALLAS POLICE DEPARTMENT

Mr. Broadnax has made several requests for documentation, which are still outstanding. Among other things, Mr. Broadnax issued a subpoena to the Dallas County Sheriff's Office on November 15, 2012. On November 23, 2012, the Sheriff's Office responded with 3 inches of paper at a cost of $64.10. It was not responsive to the request. Among other things, Mr. Broadnax had specifically requested the media request interview forms filed by each news station that was signed by defendants who either consented or declined a media interview. The defendants had been identified by name, book in number, case number, and entry date. Mr. Broadnax made a follow-up email request on December 3, 2012.

On November 30, 2012, Mr. Broadnax also made a request to:

the Dallas Police Department;
the Dallas District Attorney's Office; and
the Dallas Sheriff's Department

14

to produce all correspondence (by way of example but not limitation, emails, telephone messages, faxes, letters) from the Dallas Sheriff's Office, Dallas District Attorney's Office, and the Dallas Police Department *to* any media outlet (including by way of example, Channels 4, 5, 8, 11, 21, 33, Dallas Morning News, Telemundo, Univision), AND ALSO *from* any media outlet (including by way of example, Channels 4, 5, 8, 11, 21, 33, Dallas Morning News, Telemundo, Univision) to the Dallas Sheriff's Office, Dallas District Attorney's Office, and the Dallas Police Department that pertains to each of the following individuals/defendants, who had been identified as having been interviewed prior to counsel being appointed or on the heels of appointment:

1.  James Broadnax, # F08-24667-Y
2.  Cummings, DeMarius, F08-24628
3.  Davis, Franklin, F12-12630
4.  Escamilla, Licho, F01-59398.
5.  Jones, Justin, F12-61728
6.  Menager, Clohe, F12-59888
7.  Palmer, William, F12-00445 and F12-51648
8.  Payne, Charles, F09-50173, F09-50174, F09-50175
9.  Pettigrew, Gary Wayne, F10-00854-Y
10. Sparks, Robert, F08-01020

The requests are outstanding.

On December 4, 2012, the State of Texas filed a motion to quash the subpoena served on the Dallas District Attorney's office.

The State of Texas has a *Brady* obligation to fulfill these requests. The State has asserted in its Answer that the media is not a state agent. Answer at p.16. It relies solely on this court ruling at the pre-trial suppression hearing. Upon information and belief, the State of Texas has not done any due diligence to discover if in fact there are and have been communications between law enforcement and the media that prove the court ruling in error.

This documentation may show state action on the part of state officials acting in tandem wit the media. *Brady v. Maryland*, 373 U.S. 83, 84 (1963). Upon information and belief, the State of Texas has not made any good faith efforts to search for and produce this *Brady* material.

15

# IV.

## DISCOVERY REQUESTS
## &
## CONTINUANCE OF THE EVIDENTIARY HEARING

Accordingly, Mr. Broadnax seeks the following from this court:

### A.    *Request #1 – Media*

Mr. Broadnax seeks an order from this Court that Channels 4, 5, 8, and 11, who interviewed

Mr. Broadnax in the gap between arraignment and appointment of counsel, identify and produce for

deposition duces tecum:

> employees of Channels 4, 5, 8, and 11, who had direct contact with law enforcement, and by
> which the media initially learned of:

1.    the criminal offense conduct of Mr. Broadnax in Garland, TX,
2.    Mr. Broadnax's arrest in the following days in Texarkana, TX,
3.    Mr. Broadnax's transfer to Garland, TX, and
4.    Mr. Broadnax's transfer to the Dallas County jail.

### B.    *Request #2 – Defendants*

Mr. Broadnax seeks an order from this Court to depose the defendants identified below:

1.    Cummings, DeMarius, F08-24628
2.    Davis, Franklin, F12-12630
3.    Escamilla, Licho, F01-59398
4.    Jones, Justin, F12-61728
5.    Menager, Clohe, F12-59888
6.    Palmer, William, F12-00445 and F12-51648
7.    Payne, Charles, F09-50173, F09-50174, F09-50175
8.    Pettigrew, Gary Wayne, F10-00854-Y
9.    Sparks, Robert, F08-01020

16

## C.    Request #3 – *Brady* Obligation of the State of Texas

Mr. Broadnax requests that this Court enter an order requiring that the State of Texas satisfy its *Brady* obligation to produce all correspondence (by way of example but not limitation, emails, telephone messages, faxes, letters) from the Dallas Sheriff's Office, Dallas District Attorney's Office, and the Dallas Police Department *to* any media outlet (including by way of example, Channels 4, 5, 8, 11, 21, 33, Dallas Morning News, Telemundo, Univision), AND ALSO *from* any media outlet (including by way of example, Channels 4, 5, 8, 11, 21, 33, Dallas Morning News, Telemundo, Univision) to the  Dallas Sheriff's Office, Dallas District Attorney's Office, and the Dallas Police Department that pertains to each of the following individuals/defendants, who had been identified as having been interviewed prior to counsel being appointed or on the heels of appointment:

1.    James Broadnax, # F08-24667-Y
2.    Cummings, DeMarius, F08-24628
3.    Davis, Franklin, F12-12630
4.    Escamilla, Licho, F01-59398
5.    Jones, Justin, F12-61728
6.    Menager, Clohe, F12-59888
7.    Palmer, William, F12-00445 and F12-51648
8.    Payne, Charles, F09-50173, F09-50174, F09-50175
9.    Pettigrew, Gary Wayne, F10-00854-Y
10.   Sparks, Robert, F08-01020

## D.    Request #4 – Continuance of the Evidentiary Hearing

Mr. Broadnax detailed his discovery requests.  Currently the court has set a one-day

17

evidentiary hearing to be held December 7, 2012. Mr. Broadnax also requests that if the discovery and/or *Brady* search proves fruitful, that the court allow him one or more additional days for the evidentiary hearing beyond the December 7, 2012 hearing, so that he can bring forth his proof.

A proposed order has been attached for the Court's convenience.

Date: December 6, 2012

_____

Lydia M.V. Brandt
Texas Bar No. 00795262
THE BRANDT LAW FIRM, P.C.
P.O. Box 850843
Richardson, Texas   75085-0843
(972) 699-7020 Voice; (972) 699-7030 Fax
COUNSEL FOR BROADNAX

## CERTIFICATE OF SERVICE

I certify that on December 6, 2012, I hand delivered a copy of the foregoing to:

Attn: Amy Murphy, Assistant District Attorney
Capital Writs – Appellate Section
Dallas County District Attorney's Office
133 N. Riverfront Blvd., LB 19
Dallas, TX 75207

_____

Lydia M.V. Brandt

cc:    Mr. James G. Broadnax
       #999-549
       Polunsky Unit, TDCJ
       3872 FM 350 South
       Livingston, TX 77351-8580

18

DEFENSE EXHIBIT 2          SUBPEONA FOR NEWS MEDIA

Case 3:15-cv-01758-N Document 42-18 Filed 06/29/16 Page 113 of 256 PageID 12204

## THE STATE OF TEXAS
### TO ANY SHERIFF OR ANY CONSTABLE OR ANY PEACE OFFICER
### OF THE STATE OF TEXAS – GREETINGS:
### YOU ARE HEREBY COMMANDED TO SUMMON

SHAWN RABB
CHANNEL FOX 4

To be and appear before the <u>CRIMINAL</u> District Court <u>#7</u> of Dallas County, Texas at the courthouse of said

County, in the City of Dallas, on the 7TH day of <u>DECEMBER</u> , 20 12 , at 9:00 o'clock <u>A.</u> M., Then and there to

testify as a witness in behalf of the <u>DEFENDANT</u> in a criminal Action pending in said court, wherein THE STATE

OF TEXAS is Plaintiff, and <u>JAMES BROADNAX,</u> Defendant No. F08-24667-Y

**DUECES TECUM (IF APPLICABLE)**  ☐ NOT APPLICABLE
and that he bring with him and produce in said Court, at said time and place,

SEE ATTACHMENT

desired as evidence in said Criminal action, to-wit: in a certain suit pending in said court.

and there remain from day to day and from term to term until discharged by the Court
HEREIN FAIL NOT, But of this Writ make due return, showing how you have executed the same.

**OUT OF COUNTY (IF APPLICABLE)**  ☒ NOT APPLICABLE
A DISOBEDIENCE OF this Subpoena is punishable by fine not exceeding $500, to be collected as
Fines and costs in other criminal cases.

WITNESS MY OFFICIAL SIGNATURE, THIS 5TH day of DECEMBER , 20 12
**GARY FITZSIMMONS**

Clerk, District Courts
Dallas, County Texas

By _____ Deputy
L. BAEZA

---

NO. F08-24667-Y

<u>CRIMINAL</u> DISTRICT COURT #7
DALLAS COUNTY, TEXAS

THE STATE OF TEXAS
VS.

JAMES BROADNAX

CAPITAL MURDER

SUBPOENA

ISSUED
This 5TH day of DECEMBER, 20 12
**GARY FITZSIMMONS**

Clerk, District Courts
Dallas County, Texas
By <u>L. BAEZA</u> Deputy

ATTORNEY:

LYDIA BRANDT
972-699-7020

REPORT TO:

FRANK CROWLEY COURTS BLDG.
133 N. RIVERFRONT BLVD.
DALLAS, TEXAS 75207


DEFENDANT'S
EXHIBIT
2

## OFFICER'S RETURN

CAME TO HAND on the .5.ᵀᴴ day of ..December......... 20 12 and executed by delivering a copy of the within Subpoena to the following within named witnesses, all of whom were summoned in .Dallas..................... County, on the dates and at the places hereinafter set forth, as follows:

| NAME | NAME | DATE | WHERE | COURSE | DISTANCE |
|---|---|---|---|---|---|
| .................... | .................... | .................... | ........ miles | ...... from .................. | ........ miles |
| .................... | .................... | .................... | ........ miles | ...... from .................. | ........ miles |
| .................... | .................... | .................... | ........ miles | ...... from .................. | ........ miles |
| .................... | .................... | .................... | ........ miles | ...... from .................. | ........ miles |
| .................... | .................... | .................... | ........ miles | ...... from .................. | ........ miles |
| .................... | .................... | .................... | ........ miles | ...... from .................. | ........ miles |

I actually and necessarily traveled .................... miles in the service of this Subpoena, in addition to any other mileage I may have traveled in the service of other Subpoenas, or Attachments, in this or any other case during the same trip.
AMOUNT OF MONEY FURNISHED ABOVE NAMED WITNESS................................

.................................................... ........................... $ ................
.................................................... ........................... $ ................
.................................................... ........................... $ ................

TOTAL ...........

The following named witnesses not summoned for the reasons set opposite their names:

Went To 400 N. Griffin, Fox 4 News station & Asked Security to contact Witness Rabb. Security did so and was told by Rabb that Rabb would Not Accept the Subpoena.

....................................................
....................................................
....................................................

To total amount of money furnished ................
witnesses .................................... $................
For summoning ................ Witnesses
at .................. each ................    ................
Mileage ........... miles at ...........    ................
TOTAL ................................    $....................
Subscribed and sworn to before me, this .................. day of

Sheriff ............................................................... County, Texas
By .Cliff Jenkins........................... Deputy

........................................................................................ 20........
...............................................................................................
...............................................................................................

**CHANNEL FOX 4 – SHAWN RABB**

to appear at the hearing to testify, and to produce the following:

1.   all documents in your possession or to which you have access (by way of example but not limitation, any written communication, notes, emails, telephone messages, faxes, letters, memo's) that are in any way about or related to James Broadnax, including documents (as defined above by way of example and not limitation) about or related to a criminal investigation, arrest, prosecution, and trial of Mr. Broadnax for the death of Stephen Swan and Matthew Butler, and media interviews of Mr. Broadnax which occurred on or about June 23, 2008;

2.   any tapes and/or video recordings of media interviews of James Broadnax of media interviews of Mr. Broadnax which occurred on or about June 23, 2008, which were provided to the office of the District Attorney of Dallas County;

3.   all communication (as defined above by way of example and not limitation) between any agent and/or employee of the Dallas Police Department, Dallas Sheriff's Office, the Dallas County District Attorney's office and/or any other law enforcement agency and Channel Fox 4, about or related to a criminal investigation, arrest, prosecution, and trial of Mr. Broadnax for the death of Stephen Swan, media interviews of Mr. Broadnax which occurred on or about June 23, 2008, and tapes and video recordings of interviews of Mr. Broadnax.

Case 3:15-cv-01758-N   Document 42-18   Filed 06/29/16   Page 116 of 256   PageID 12207

# THE STATE OF TEXAS
## TO ANY SHERIFF OR ANY CONSTABLE OR ANY PEACE OFFICER
### OF THE STATE OF TEXAS – GREETINGS:
### YOU ARE HEREBY COMMANDED TO SUMMON

NO. F08-24667-Y

CRIMINAL DISTRICT COURT #7
DALLAS COUNTY, TEXAS

GREGG MILLETT
CHANNEL FOX 4

THE STATE OF TEXAS
VS.

To be and appear before the CRIMINAL District Court #7 of Dallas County, Texas at the courthouse of said County, in the City of Dallas, on the 7TH day of DECEMBER , 20 12 , at 9:00 o'clock A. M., Then and there to testify as a witness in behalf of the DEFENDANT in a criminal Action pending in said court, wherein THE STATE OF TEXAS is Plaintiff, and JAMES BROADNAX, Defendant No. F08-24667-Y

JAMES BROADNAX

CAPITAL MURDER

SUBPOENA

**DUECES TECUM (IF APPLICABLE)**      ☐ NOT APPLICABLE
and that he bring with him and produce in said Court, at said time and place,

SEE ATTACHMENT

desired as evidence in said Criminal action, to-wit: in a certain suit pending in said court.

and there remain from day to day and from term to term until discharged by the Court
HEREIN FAIL NOT, But of this Writ make due return, showing how you have executed the same.

**OUT OF COUNTY (IF APPLICABLE)**      ☒ NOT APPLICABLE
A DISOBEDIENCE OF this Subpoena is punishable by fine not exceeding $500, to be collected as Fines and costs in other criminal cases.

WITNESS MY OFFICIAL SIGNATURE, THIS  5TH  day of  DECEMBER , 20 12
GARY FITZSIMMONS

Clerk, District Courts
Dallas, County Texas

By _____ Deputy
L. BAEZA

ISSUED
This 5TH day of DECEMBER, 20 12
GARY FITZSIMMONS

Clerk, District Courts
Dallas County, Texas
By L. BAEZA  Deputy

ATTORNEY:

LYDIA BRANDT
972-699-7020

REPORT TO:

FRANK CROWLEY COURTS BLDG.
133 N. RIVERFRONT BLVD.
DALLAS, TEXAS  75207

## OFFICER'S RETURN

CAME TO HAND on the **5ᵀᴴ** day of **December** ......... 20**12** and executed by delivering a copy
of the within Subpoena to the following within named witnesses, all of whom were summoned in **Dallas** ................
County, on the dates and at the places hereinafter set forth, as follows:

| NAME | NAME | DATE | WHERE | COURSE | DISTANCE |
|------|------|------|-------|--------|----------|
| ................................................................................ | | | ......... miles ............... | from ................................................. | ........... miles |
| ................................................................................ | | | ......... miles ............... | from ................................................. | ........... miles |
| ................................................................................ | | | ......... miles ............... | from ................................................. | ........... miles |
| ................................................................................ | | | ......... miles ............... | from ................................................. | ........... miles |
| ................................................................................ | | | ......... miles ............... | from ................................................. | ........... miles |
| ................................................................................ | | | ......... miles· ............... | from ................................................. | ........... miles |

I actually and necessarily traveled ................... miles in the service of this Subpoena, in addition to any other mileage I
may have traveled in the service of other Subpoenas, or Attachments, in this or any other case during the same trip.
AMOUNT OF MONEY FURNISHED ABOVE NAMED WITNESS................................

....................................................................    ..........................    $  .................
....................................................................    ..........................    $  .................
....................................................................    ..........................    $  .................

TOTAL ..........

The following named witnesses not summoned for the reasons set opposite their names:

Went To 400 N. Griffin (Witnessis, Place of employment/
KDFW Fox 4). WAs told by Security that Witness
Milott was No longer employed by Fox 4.
............................................................................................................
............................................................................................................
............................................................................................................
............................................................................................................

To total amount of money furnished ................
   witnesses .................................   $.................
For summoning ................ Witnesses
   at .................. each ..............   ....................
Mileage ........... miles at ...........   ....................
   TOTAL ..............................   $..................
Subscribed and sworn to before me, this ................. day of

Sheriff ........................................................... County, Texas
By ... **Cliff Jenkins** ...................... Deputy

........................................................................... 20........
...............................................................................................
...............................................................................................

## CHANNEL FOX 4 – GREGG MILLETT

to appear at the hearing to testify, and to produce the following:

1. all documents in your possession or to which you have access (by way of example but not limitation, any written communication, notes, emails, telephone messages, faxes, letters, memo's) that are in any way about or related to James Broadnax, including documents (as defined above by way of example and not limitation) about or related to a criminal investigation, arrest, prosecution, and trial of Mr. Broadnax for the death of Stephen Swan and Matthew Butler, and media interviews of Mr. Broadnax which occurred on or about June 23, 2008;

2. any tapes and/or video recordings of media interviews of James Broadnax of media interviews of Mr. Broadnax which occurred on or about June 23, 2008, which were provided to the office of the District Attorney of Dallas County;

3. all communication (as defined above by way of example and not limitation) between any agent and/or employee of the Dallas Police Department, Dallas Sheriff's Office, the Dallas County District Attorney's office and/or any other law enforcement agency and Channel Fox 4, about or related to a criminal investigation, arrest, prosecution, and trial of Mr. Broadnax for the death of Stephen Swan, media interviews of Mr. Broadnax which occurred on or about June 23, 2008, and tapes and video recordings of interviews of Mr. Broadnax.

Case 3:15-cv-01758-N   Document 42-18   Filed 06/29/16   Page 119 of 256   PageID 12210

**THE STATE OF TEXAS**
**TO ANY SHERIFF OR ANY CONSTABLE OR ANY PEACE OFFICER**
**OF THE STATE OF TEXAS – GREETINGS:**
**YOU ARE HEREBY COMMANDED TO SUMMON**

NO. F08-24667-Y

CRIMINAL DISTRICT COURT #7
DALLAS COUNTY, TEXAS

STEVEN ANTONIO PICKETT
CKTVT CBS CHANNEL 11

THE STATE OF TEXAS
VS.

JAMES BROADNAX.

CAPITAL MURDER.

To be and appear before the CRIMINAL District Court #7 of Dallas County, Texas at the courthouse of said County, in the City of Dallas, on the 7TH day of DECEMBER , 20 12 , at 9:00 o'clock A. M., Then and there to testify as a witness in behalf of the DEFENDANT in a criminal Action pending in said court, wherein THE STATE OF TEXAS is Plaintiff, and JAMES BROADNAX, Defendant No. F08-24667-Y.

SUBPOENA

**DUECES TECUM (IF APPLICABLE)**          ☐ NOT APPLICABLE
and that he bring with him and produce in said Court, at said time and place,

SEE ATTACHMENT

ISSUED
This 5TH day of DECEMBER, 20 12
GARY FITZSIMMONS

Clerk, District Courts
Dallas County, Texas
By L. BAEZA Deputy

desired as evidence in said Criminal action, to-wit: in a certain suit pending in said court.

and there remain from day to day and from term to term until discharged by the Court
HEREIN FAIL NOT, But of this Writ make due return, showing how you have executed the same.

**OUT OF COUNTY (IF APPLICABLE)**          ☒ NOT APPLICABLE
A DISOBEDIENCE OF this Subpoena is punishable by fine not exceeding $500, to be collected as Fines and costs in other criminal cases.

ATTORNEY:

LYDIA BRANDT
972-699-7020

REPORT TO:

FRANK CROWLEY COURTS BLDG.
133 N. RIVERFRONT BLVD.
DALLAS, TEXAS 75207

WITNESS MY OFFICIAL SIGNATURE, THIS 5TH day of DECEMBER , 20 12
GARY FITZSIMMONS

Clerk District Courts
Dallas, County Texas

By _____ Deputy

## OFFICER'S RETURN

CAME TO HAND on the .....5 ᵀ ... day of ...**December**......... 20 12 and executed by delivering a copy
of the within Subpoena to the following within named witnesses, all of whom were summoned in ..*TARRANT*...................
County, on the dates and at the places hereinafter set forth, as follows:

| NAME | NAME | DATE | WHERE | COURSE | DISTANCE |
|---|---|---|---|---|---|
| | | | ............. miles | ............. from ................................ | ............. miles |
| Sandi Williams | | 12-06-12 | ............. miles | ............. from ................................ | ............. miles |
| | | | ............. miles | ............. from ................................ | ............. miles |
| Williams will Forward Subpoena | | | ............. miles | ............. from ................................ | ............. miles |
| To Attorney Anthony Bongiorno | | | ............. miles | ............. from ................................ | ............. miles |
| CBS Law Department, 51 West 52 | | | ............. miles | ............. from ................................ | ............. miles |
| St, New York, NY  212-975 3406 | | | | | |

I actually and necessarily traveled .................. miles in the service of this Subpoena, in addition to any other mileage I
may have traveled in the service of other Subpoenas, or Attachments, in this or any other case during the same trip.
AMOUNT OF MONEY FURNISHED ABOVE NAMED WITNESS..............................

| | | |
|---|---|---|
| ........................................................... | ............................... | $ ................. |
| ........................................................... | ............................... | $ ................. |
| ........................................................... | ............................... | $ ................. |

TOTAL ...........

The following named witnesses not summoned for the reasons set opposite their names:

..................................................................................................................................................................
..................................................................................................................................................................
..................................................................................................................................................................
..................................................................................................................................................................
..................................................................................................................................................................
..................................................................................................................................................................
..................................................................................................................................................................

To total amount of money furnished .................
    witnesses ................................... $....................
For summoning ................. Witnesses        ........................................................................ County, Texas
    at ................... each ................  ...................... Sheriff
Mileage ........... miles at ...........  ...................... By ...Cliff Jenkins........................... Deputy
    TOTAL ................................ $....................
    Subscribed and sworn to before me, this ................. day of ................................................................. 20........
    .................................................................................................
    .................................................................................................

**CKTVT, CBS CHANNEL 11 – STEVEN ANTONIO PICKETT**

to appear at the hearing to testify, and to produce the following:

1.  all documents in your possession or to which you have access (by way of example but not limitation, any written communication, notes, emails, telephone messages, faxes, letters, memo's) that are in any way about or related to James Broadnax, including documents (as defined above by way of example and not limitation) about or related to a criminal investigation, arrest, prosecution, and trial of Mr. Broadnax for the death of Stephen Swan and Matthew Butler, and media interviews of Mr. Broadnax which occurred on or about June 23, 2008;

2.  any tapes and/or video recordings of media interviews of James Broadnax of media interviews of Mr. Broadnax which occurred on or about June 23, 2008, which were provided to the office of the District Attorney of Dallas County;

3.  all communication (as defined above by way of example and not limitation) between any agent and/or employee of the Dallas Police Department, Dallas Sheriff's Office, the Dallas County District Attorney's office and/or any other law enforcement agency and CKTVT, **CBS CHANNEL 11**, about or related to a criminal investigation, arrest, prosecution, and trial of Mr. Broadnax for the death of Stephen Swan, media interviews of Mr. Broadnax which occurred on or about June 23, 2008, and tapes and video recordings of interviews of Mr. Broadnax.

Case 3:15-cv-01758-N   Document 42-18   Filed 06/29/16   Page 122 of 256   PageID 12213

## THE STATE OF TEXAS
### TO ANY SHERIFF OR ANY CONSTABLE OR ANY PEACE OFFICER
### OF THE STATE OF TEXAS – GREETINGS:
### YOU ARE HEREBY COMMANDED TO SUMMON

REBECCA LOPEZ
WFAA CHANNEL 8

To be and appear before the CRIMINAL District Court #7 of Dallas County, Texas at the courthouse of said

County, in the City of Dallas, on the 7TH day of DECEMBER , 20 12 , at 9:00 o'clock A. M., Then and there to

testify as a witness in behalf of the DEFENDANT in a criminal Action pending in said court, wherein THE STATE

OF TEXAS is Plaintiff, and JAMES BROADNAX, Defendant No. F08-24667-Y

---

**DUECES TECUM (IF APPLICABLE)**                                       ☐ NOT APPLICABLE
and that he bring with him and produce in said Court, at said time and place,

SEE ATTACHMENT

desired as evidence in said Criminal action, to-wit: in a certain suit pending in said court.

---

and there remain from day to day and from term to term until discharged by the Court
HEREIN FAIL NOT, But of this Writ make due return, showing how you have executed the same.

---

**OUT OF COUNTY (IF APPLICABLE)**                                       ☒ NOT APPLICABLE
A DISOBEDIENCE OF this Subpoena is punishable by fine not exceeding $500, to be collected as
Fines and costs in other criminal cases.

---

WITNESS MY OFFICIAL SIGNATURE, THIS  5TH  day of  DECEMBER , 20 12
GARY FITZSIMMONS

Clerk, District Courts
Dallas, County Texas

By _____ Deputy
L. BAEZA

---

NO. F08-24667-Y

CRIMINAL DISTRICT COURT #7
DALLAS COUNTY, TEXAS

THE STATE OF TEXAS
VS.

JAMES BROADNAX

CAPITAL MURDER

SUBPOENA

ISSUED
This 5TH day of DECEMBER, 20 12
GARY FITZSIMMONS

Clerk, District Courts
Dallas County, Texas
By L. BAEZA Deputy

ATTORNEY:

LYDIA BRANDT
972-699-7020.

REPORT TO:

FRANK CROWLEY COURTS BLDG.
133 N. RIVERFRONT BLVD.
DALLAS, TEXAS 75207

## OFFICER'S RETURN

CAME TO HAND on the **5** _th_ day of ...**December**..... 20 **12** and executed by delivering a copy of the within Subpoena to the following within named witnesses, all of whom were summoned in ...**Dallas**...................... County, on the dates and at the places hereinafter set forth, as follows:

| NAME | NAME | DATE | WHERE | COURSE | DISTANCE |
|------|------|------|-------|--------|----------|
| | | | ....... miles | ....... from ....... | ....... miles |
| **Sandy Braswell** | | **12-05-12** | ....... miles | ....... from ....... | ....... miles |
| **Attorney for Channel 8** | | | ....... miles | ....... from ....... | ....... miles |
| **606 Young St** | | | ....... miles | ....... from ....... | ....... miles |
| **Dallas, Tx** | | | ....... miles | ....... from ....... | ....... miles |
| | **Belo Corp** | | ....... miles | ....... from ....... | ....... miles |

I actually and necessarily traveled ................... miles in the service of this Subpoena, in addition to any other mileage I may have traveled in the service of other Subpoenas, or Attachments, in this or any other case during the same trip.
AMOUNT OF MONEY FURNISHED ABOVE NAMED WITNESS...............................

.................................................................    ...........................    $ ...................
.................................................................    ...........................    $ ...................
.................................................................    ...........................    $ ...................

                                                    TOTAL ...........

The following named witnesses not summoned for the reasons set opposite their names:

..........................................................................................................................
..........................................................................................................................
..........................................................................................................................
..........................................................................................................................
..........................................................................................................................
..........................................................................................................................

To total amount of money furnished ................

witnesses .................................... $....................
For summoning ................ Witnesses
at .................. each ...............    ...................
Mileage ........... miles at ...........    ...................
TOTAL ............................... $...................
Subscribed and sworn to before me, this ................ day of

Sheriff ....................................................... County, Texas
By ...... **Cliff Jenkins** ............... Deputy

...................................................................................... 20........
..........................................................................................................................
..........................................................................................................................

## WFAA CHANNEL 8 – REBECCA LOPEZ

to appear at the hearing to testify, and to produce the following:

1.  all documents in your possession or to which you have access (by way of example but not limitation, any written communication, notes, emails, telephone messages, faxes, letters, memo's) that are in any way about or related to James Broadnax, including documents (as defined above by way of example and not limitation) about or related to a criminal investigation, arrest, prosecution, and trial of Mr. Broadnax for the death of Stephen Swan and Matthew Butler, and media interviews of Mr. Broadnax which occurred on or about June 23, 2008;

2.  any tapes and/or video recordings of media interviews of James Broadnax of media interviews of Mr. Broadnax which occurred on or about June 23, 2008, which were provided to the office of the District Attorney of Dallas County;

3.  all communication (as defined above by way of example and not limitation) between any agent and/or employee of the Dallas Police Department, Dallas Sheriff's Office, the Dallas County District Attorney's office and/or any other law enforcement agency and **WFAA CHANNEL 8**, about or related to a criminal investigation, arrest, prosecution, and trial of Mr. Broadnax for the death of Stephen Swan, media interviews of Mr. Broadnax which occurred on or about June 23, 2008, and tapes and video recordings of interviews of Mr. Broadnax.

Case 3:15-cv-01758-N    Document 42-18    Filed 06/29/16    Page 125 of 256    PageID 12216

# THE STATE OF TEXAS
## TO ANY SHERIFF OR ANY CONSTABLE OR ANY PEACE OFFICER
## OF THE STATE OF TEXAS – GREETINGS:
## YOU ARE HEREBY COMMANDED TO SUMMON

NO. F08-24667-Y

CRIMINAL DISTRICT COURT #7
DALLAS COUNTY, TEXAS

THE STATE OF TEXAS
VS.

JAMES BROADNAX

CAPITAL MURDER

SUBPOENA

JENNIFER EMILY
DALLAS MORNING NEWS

To be and appear before the CRIMINAL District Court #7 of Dallas County, Texas at the courthouse of said

County, in the City of Dallas, on the 7TH day of DECEMBER , 20 12 , at 9:00 o'clock A. M., Then and there to

testify as a witness in behalf of the DEFENDANT in a criminal Action pending in said court, wherein THE STATE

OF TEXAS is Plaintiff, and JAMES BROADNAX, Defendant No. F08-24667-Y-

**DUECES TECUM (IF APPLICABLE)**   ☐ NOT APPLICABLE
and that he bring with him and produce in said Court, at said time and place,

SEE ATTACHMENT

desired as evidence in said Criminal action, to-wit: in a certain suit pending in said court.

and there remain from day to day and from term to term until discharged by the Court
HEREIN FAIL NOT, But of this Writ make due return, showing how you have executed the same.

**OUT OF COUNTY (IF APPLICABLE)**   ☒ NOT APPLICABLE
A DISOBEDIENCE OF this Subpoena is punishable by fine not exceeding $500, to be collected as
Fines and costs in other criminal cases.

WITNESS MY OFFICIAL SIGNATURE, THIS   5TH day of DECEMBER , 20 12
GARY FITZSIMMONS
Clerk, District Courts
Dallas, County, Texas

By _____ Deputy
BAEZA

ISSUED
This 5TH day of DECEMBER, 20 12
GARY FITZSIMMONS

Clerk, District Courts
Dallas County, Texas
By L. BAEZA Deputy

ATTORNEY:

LYDIA BRANDT
972-699-7020

REPORT TO:

FRANK CROWLEY COURTS BLDG.
133 N. RIVERFRONT BLVD.
DALLAS, TEXAS 75207

## OFFICER'S RETURN

CAME TO HAND on the *5 Th* day of *December* 20*12* and executed by delivering a copy of the within Subpoena to the following within named witnesses, all of whom were summoned in *DALLAS* County, on the dates and at the places hereinafter set forth, as follows:

| NAME | NAME | DATE | WHERE | COURSE | DISTANCE |
|------|------|------|-------|--------|----------|
| | | | miles | from | miles |
| | | | miles | from | miles |
| | | | miles | from | miles |
| | | | miles | from | miles |
| | | | miles | from | miles |
| | | | miles | from | miles |

I actually and necessarily traveled .................... miles in the service of this Subpoena, in addition to any other mileage I may have traveled in the service of other Subpoenas, or Attachments, in this or any other case during the same trip.
AMOUNT OF MONEY FURNISHED ABOVE NAMED WITNESS.............................

| | | |
|---|---|---|
| | | $ ................ |
| | | $ ................ |
| | | $ ................ |

TOTAL ...........

The following named witnesses not summoned for the reasons set opposite their names:
*Went to 350 Nr St. Paul, Dallas office closed at 4:00 pm.*
*Went to The Dallas morning News Office earlier and was*
*told that Subpoenas were to be served to legal*
*CT Corp Systems on ST Paul St.*

To total amount of money furnished ................
witnesses ........................................ $...................
For summoning ................ Witnesses
at ................... each ................    ....................
Mileage ........... miles at ..........    ....................
TOTAL ................................    $...................

Sheriff ............................................................ County, Texas
By *Cliff F Jenkins* ........................... ~~Deputy~~

Subscribed and sworn to before me, this ................ day of .......................................................................... 20........

**DALLAS MORNING NEWS – JENNIFER EMILY**

to appear at the hearing to testify, and to produce the following:

1.  all documents in your possession or to which you have access (by way of example but not limitation, any written communication, notes, emails, telephone messages, faxes, letters, memo's) that are in any way about or related to James Broadnax, including documents (as defined above by way of example and not limitation) about or related to a criminal investigation, arrest, prosecution, and trial of Mr. Broadnax for the death of Stephen Swan, and media interviews of Mr. Broadnax which occurred on or about June 23, 2008;

2.  any tapes and/or video recordings of media interviews of James Broadnax of media interviews of Mr. Broadnax which occurred on or about June 23, 2008, which were provided to the office of the District Attorney of Dallas County;

3.  all communication (as defined above by way of example and not limitation) between any agent and/or employee of the Dallas Police Department, Dallas Sheriff's Office, the Dallas County District Attorney's office and/or any other law enforcement agency and **Dallas Morning News** about or related to a criminal investigation, arrest, prosecution, and trial of Mr. Broadnax for the death of Stephen Swan and Matthew Butler, media interviews of Mr. Broadnax which occurred on or about June 23, 2008, and tapes and video recordings of interviews of Mr. Broadnax.

Case 3:15-cv-01758-N   Document 42-18   Filed 06/29/16   Page 128 of 256   PageID 12219

THE STATE OF TEXAS
TO ANY SHERIFF OR ANY CONSTABLE OR ANY PEACE OFFICER
OF THE STATE OF TEXAS – GREETINGS:
YOU ARE HEREBY COMMANDED TO SUMMON

ELLEN GOLDBERG
CHANNEL 5

To be and appear before the <u>CRIMINAL</u> District Court <u>#7</u> of Dallas County, Texas at the courthouse of said County, in the City of Dallas, on the 7TH day of <u>DECEMBER</u> , 20 12 , at 9:00 o'clock <u>A.</u> M. Then and there to testify as a witness in behalf of the <u>DEFENDANT</u> in a criminal Action pending in said court, wherein THE STATE OF TEXAS is Plaintiff, and <u>JAMES BROADNAX,</u> Defendant No. F08-24667-Y.

**DUECES TECUM (IF APPLICABLE)**          ☐ NOT APPLICABLE
and that he bring with him and produce in said Court, at said time and place,

SEE ATTACHMENT

desired as evidence in said Criminal action, to-wit: in a certain suit pending in said court.

and there remain from day to day and from term to term until discharged by the Court
HEREIN FAIL NOT, But of this Writ make due return, showing how you have executed the same.

**OUT OF COUNTY (IF APPLICABLE)**          ☒ NOT APPLICABLE
A DISOBEDIENCE OF this Subpoena is punishable by fine not exceeding $500, to be collected as Fines and costs in other criminal cases.

WITNESS MY OFFICIAL SIGNATURE, THIS  5TH  day of  DECEMBER , 20 12
GARY FITZSIMMONS
Clerk, District Courts
Dallas, County Texas

By _____ Deputy
L. BAEZA

---

NO. F08-24667-Y

CRIMINAL DISTRICT COURT #7
DALLAS COUNTY, TEXAS

THE STATE OF TEXAS
VS.

JAMES BROADNAX

CAPITAL MURDER

SUBPOENA

ISSUED
This 5TH day of DECEMBER, 20 12
GARY FITZSIMMONS

Clerk, District Courts
Dallas County, Texas
By L. BAEZA Deputy

ATTORNEY:

LYDIA BRANDT
972-699-7020

REPORT TO:

FRANK CROWLEY COURTS BLDG.
133 N. RIVERFRONT BLVD.
DALLAS, TEXAS  75207

## OFFICER'S RETURN

CAME TO HAND on the ..*5*.. day of ..*December*.............. 20 *12* and executed by delivering a copy of the within Subpoena to the following within named witnesses, all of whom were summoned in *Tarrant*................ County, on the dates and at the places hereinafter set forth, as follows:

| NAME | NAME | DATE | WHERE | COURSE | DISTANCE |
|------|------|------|-------|--------|----------|
| .............................................. | .............. | ......... miles | ............... from | ................................... | ...... miles |
| .............................................. | .............. | ......... miles | ............... from | ................................... | ...... miles |
| .............................................. | .............. | ......... miles | ............... from | ................................... | ...... miles |
| .............................................. | .............. | ......... miles | ............... from | ................................... | ...... miles |
| .............................................. | .............. | ......... miles | ............... from | ................................... | ...... miles |
| .............................................. | .............. | ......... miles | ............... from | ................................... | ...... miles |

I actually and necessarily traveled ................... miles in the service of this Subpoena, in addition to any other mileage I may have traveled in the service of other Subpoenas, or Attachments, in this or any other case during the same trip.
AMOUNT OF MONEY FURNISHED ABOVE NAMED WITNESS............................

............................................................................        ....................... $ ..................
............................................................................        ....................... $ ..................
............................................................................        ....................... $ ..................

TOTAL ..........

The following named witnesses not summoned for the reasons set opposite their names:

*Went To 3900 Barnett, FT Worth/Channel 5*
*Witness Goldburg No IN. Was told by receptionist that*
*Subpoena would need to be served to witness*
*I had telephoned witness on the 5* *and left her*
*A voice message. Was told the witness may be at an*
*Address in Dalla 3100 McKinny Suith 800. Could not locate*
*that Address.*

To total amount of money furnished .................
witnesses .................................. $...................

For summoning ............... Witnesses
at ................. each .............   ...................
Mileage ........... miles at ...........   ...................
TOTAL ................................ $...................
Subscribed and sworn to before me, this ................ day of ........

Sheriff .................................................. County, Texas
By ..*Cliff Jenkins*.................. Deputy

....................................................................................
....................................................................................
.................................................................................... 20........

## CHANNEL 5 – ELLEN GOLDBERG

to appear at the hearing to testify, and to produce the following:

1.  all documents in your possession or to which you have access (by way of example but not limitation, any written communication, notes, emails, telephone messages, faxes, letters, memo's) that are in any way about or related to James Broadnax, including documents (as defined above by way of example and not limitation) about or related to a criminal investigation, arrest, prosecution, and trial of Mr. Broadnax for the death of Stephen Swan and Matthew Butler, and media interviews of Mr. Broadnax which occurred on or about June 23, 2008;

2.  any tapes and/or video recordings of media interviews of James Broadnax of media interviews of Mr. Broadnax which occurred on or about June 23, 2008, which were provided to the office of the District Attorney of Dallas County;

3.  all communication (as defined above by way of example and not limitation) between any agent and/or employee of the Dallas Police Department, Dallas Sheriff's Office, the Dallas County District Attorney's office and/or any other law enforcement agency and CHANNEL 5, about or related to a criminal investigation, arrest, prosecution, and trial of Mr. Broadnax for the death of Stephen Swan, media interviews of Mr. Broadnax which occurred on or about June 23, 2008, and tapes and video recordings of interviews of Mr. Broadnax.

Case 3:15-cv-01758-N   Document 42-18   Filed 06/29/16   Page 131 of 256   PageID 12222

**THE STATE OF TEXAS**
**TO ANY SHERIFF OR ANY CONSTABLE OR ANY PEACE OFFICER**
**OF THE STATE OF TEXAS – GREETINGS:**
**YOU ARE HEREBY COMMANDED TO SUMMON**

CARLOS ROSALES
WFAA CHANNEL 8

To be and appear before the <u>CRIMINAL</u> District Court <u>#7</u> of Dallas County, Texas at the courthouse of said

County, in the City of Dallas, on the 7TH day of <u>DECEMBER</u> , 20 <u>12</u> , at 9:00 o'clock <u>A.</u> M., Then and there to

testify as a witness in behalf of the <u>DEFENDANT</u> in a criminal Action pending in said court, wherein THE STATE

OF TEXAS is Plaintiff, and <u>JAMES BROADNAX,</u> Defendant No. F08-24667-Y

**DUECES TECUM (IF APPLICABLE)**                          ☐ NOT APPLICABLE
and that he bring with him and produce in said Court, at said time and place,

SEE ATTACHMENT

desired as evidence in said Criminal action, to-wit: in a certain suit pending in said court.

and there remain from day to day and from term to term until discharged by the Court
HEREIN FAIL NOT, But of this Writ make due return, showing how you have executed the same.

**OUT OF COUNTY (IF APPLICABLE)**                          ☒ NOT APPLICABLE
A DISOBEDIENCE OF this Subpoena is punishable by fine not exceeding $500, to be collected as
Fines and costs in other criminal cases.

WITNESS MY OFFICIAL SIGNATURE, THIS 5TH day of DECEMBER , 20 12
**GARY FITZSIMMONS**

Clerk, District Courts
Dallas, County Texas

By _____ Deputy

---

NO. F08-24667-Y

CRIMINAL DISTRICT COURT #7
DALLAS COUNTY, TEXAS

THE STATE OF TEXAS
VS.

JAMES BROADNAX

CAPITAL MURDER

SUBPOENA

ISSUED
This <u>5TH</u> day of DECEMBER, 20 12
GARY FITZSIMMONS

Clerk, District Courts
Dallas County, Texas
By <u>L. BAEZA</u> Deputy

ATTORNEY:

LYDIA BRANDT
972-699-7020

REPORT TO:

FRANK CROWLEY COURTS BLDG.
133 N. RIVERFRONT BLVD.
DALLAS, TEXAS 75207

## OFFICER'S RETURN

CAME TO HAND on the _5th_ day of _December_ 20 _12_ and executed by delivering a copy of the within Subpoena to the following within named witnesses, all of whom were summoned in _Dallas_ County, on the dates and at the places hereinafter set forth, as follows:

| NAME | NAME | DATE | WHERE | COURSE | DISTANCE |
|------|------|------|-------|--------|----------|
| | | | miles | from | miles |
| _Sandy Braswell_ | | _12-5-12_ | miles | from | miles |
| _Atty. for channel 8_ | | | miles | from | miles |
| _606 Young Street_ | | | miles | from | miles |
| | | | miles | from | miles |
| _Dallas_ | _Belo Corp._ | | miles | from | miles |

I actually and necessarily traveled ................ miles in the service of this Subpoena, in addition to any other mileage I may have traveled in the service of other Subpoenas, or Attachments, in this or any other case during the same trip.
AMOUNT OF MONEY FURNISHED ABOVE NAMED WITNESS.................................

|  |  | $ |
|--|--|---|
|  |  | $ |
|  |  | $ |

TOTAL ...........

The following named witnesses not summoned for the reasons set opposite their names:

To total amount of money furnished ................
witnesses ................................... $...................
For summoning ............... Witnesses
at ................. each ............... ....................
Mileage ........... miles at ........... ....................
TOTAL .............................. $...................
Subscribed and sworn to before me, this ................ day of ............................................................ 20........

Sheriff ....................................................... County, Texas
By _CLIFF JENKINS_ ................. Deputy

**WFAA CHANNEL 8 – CARLOS ROSALES**

to appear at the hearing to testify, and to produce the following:

1.   all documents in your possession or to which you have access (by way of example but not limitation, any written communication, notes, emails, telephone messages, faxes, letters, memo's) that are in any way about or related to James Broadnax, including documents (as defined above by way of example and not limitation) about or related to a criminal investigation, arrest, prosecution, and trial of Mr. Broadnax for the death of Stephen Swan and Matthew Butler, and media interviews of Mr. Broadnax which occurred on or about June 23, 2008;

2.   any tapes and/or video recordings of media interviews of James Broadnax of media interviews of Mr. Broadnax which occurred on or about June 23, 2008, which were provided to the office of the District Attorney of Dallas County;

3.   all communication (as defined above by way of example and not limitation) between any agent and/or employee of the Dallas Police Department, Dallas Sheriff's Office, the Dallas County District Attorney's office and/or any other law enforcement agency and **WFAA CHANNEL 8**, about or related to a criminal investigation, arrest, prosecution, and trial of Mr. Broadnax for the death of Stephen Swan, media interviews of Mr. Broadnax which occurred on or about June 23, 2008, and tapes and video recordings of interviews of Mr. Broadnax.

DEFENSE EXHIBIT 3       VERNON'S TEXAS STATUTES AND CODES

Art. 1.051. Right to representation by counsel, TX CRIM PRO Art. 1.051

Vernon's Texas Statutes and Codes Annotated
Code of Criminal Procedure (Refs & Annos)
Title 1. Code of Criminal Procedure of 1965
Introductory
Chapter One. General Provisions (Refs & Annos)

Vernon's Ann.Texas C.C.P. Art. 1.051

Art. 1.051. Right to representation by counsel



Effective: September 1, 2007
Currentness

(a) A defendant in a criminal matter is entitled to be represented by counsel in an adversarial judicial proceeding. The right to be represented by counsel includes the right to consult in private with counsel sufficiently in advance of a proceeding to allow adequate preparation for the proceeding.

(b) For the purposes of this article and Articles 26.04 and 26.05 of this code, "indigent" means a person who is not financially able to employ counsel.

(c) An indigent defendant is entitled to have an attorney appointed to represent him in any adversary judicial proceeding that may result in punishment by confinement and in any other criminal proceeding if the court concludes that the interests of justice require representation. Except as otherwise provided by this subsection, if an indigent defendant is entitled to and requests appointed counsel and if adversarial judicial proceedings have been initiated against the defendant, a court or the courts' designee authorized under Article 26.04 to appoint counsel for indigent defendants in the county shall appoint counsel as soon as possible, but not later than the end of the third working day after the date on which the court or the courts' designee receives the defendant's request for appointment of counsel. In a county with a population of 250,000 or more, the court or the courts' designee shall appoint counsel as required by this subsection as soon as possible, but not later than the end of the first working day after the date on which the court or the courts' designee receives the defendant's request for appointment of counsel.

(d) An eligible indigent defendant is entitled to have the trial court appoint an attorney to represent him in the following appellate and postconviction habeas corpus matters:

(1) an appeal to a court of appeals;

(2) an appeal to the Court of Criminal Appeals if the appeal is made directly from the trial court or if a petition for discretionary review has been granted;

(3) a habeas corpus proceeding if the court concludes that the interests of justice require representation; and

(4) any other appellate proceeding if the court concludes that the interests of justice require representation.

**Art. 1.051. Right to representation by counsel, TX CRIM PRO Art. 1.051**

(e) An appointed counsel is entitled to 10 days to prepare for a proceeding but may waive the preparation time with the consent of the defendant in writing or on the record in open court. If a nonindigent defendant appears without counsel at a proceeding after having been given a reasonable opportunity to retain counsel, the court, on 10 days' notice to the defendant of a dispositive setting, may proceed with the matter without securing a written waiver or appointing counsel. If an indigent defendant who has refused appointed counsel in order to retain private counsel appears without counsel after having been given an opportunity to retain counsel, the court, after giving the defendant a reasonable opportunity to request appointment of counsel or, if the defendant elects not to request appointment of counsel, after obtaining a waiver of the right to counsel pursuant to Subsections (f) and (g), may proceed with the matter on 10 days' notice to the defendant of a dispositive setting.

(f) A defendant may voluntarily and intelligently waive in writing the right to counsel. A waiver obtained in violation of Subsection (f-1) or (f-2) is presumed invalid.

(f-1) In any adversary judicial proceeding that may result in punishment by confinement, the attorney representing the state may not:

(1) initiate or encourage an attempt to obtain from a defendant who is not represented by counsel a waiver of the right to counsel; or

(2) communicate with a defendant who has requested the appointment of counsel, unless the court or the court's designee authorized under Article 26.04 to appoint counsel for indigent defendants in the county has denied the request and, subsequent to the denial, the defendant:

(A) has been given a reasonable opportunity to retain and has failed to retain private counsel; or

(B) waives or has waived the opportunity to retain private counsel.

(f-2) In any adversary judicial proceeding that may result in punishment by confinement, the court may not direct or encourage the defendant to communicate with the attorney representing the state until the court advises the defendant of the right to counsel and the procedure for requesting appointed counsel and the defendant has been given a reasonable opportunity to request appointed counsel. If the defendant has requested appointed counsel, the court may not direct or encourage the defendant to communicate with the attorney representing the state unless the court or the court's designee authorized under Article 26.04 to appoint counsel for indigent defendants in the county has denied the request and, subsequent to the denial, the defendant:

(1) has been given a reasonable opportunity to retain and has failed to retain private counsel; or

(2) waives or has waived the opportunity to retain private counsel.

(g) If a defendant wishes to waive the right to counsel for purposes of entering a guilty plea or proceeding to trial, the court shall advise the defendant of the nature of the charges against the defendant and, if the defendant is proceeding to trial, the dangers and disadvantages of self-representation. If the court determines that the waiver is voluntarily and intelligently made,

the court shall provide the defendant with a statement substantially in the following form, which, if signed by the defendant, shall be filed with and become part of the record of the proceedings:

"I have been advised this _____ day of _____, 2 ____, by the (name of court) Court of my right to representation by counsel in the case pending against me. I have been further advised that if I am unable to afford counsel, one will be appointed for me free of charge. Understanding my right to have counsel appointed for me free of charge if I am not financially able to employ counsel, I wish to waive that right and request the court to proceed with my case without an attorney being appointed for me. I hereby waive my right to counsel. (signature of defendant)"

(h) A defendant may withdraw a waiver of the right to counsel at any time but is not entitled to repeat a proceeding previously held or waived solely on the grounds of the subsequent appointment or retention of counsel. If the defendant withdraws a waiver, the trial court, in its discretion, may provide the appointed counsel 10 days to prepare.

(i) Except as otherwise provided by this subsection, if an indigent defendant is entitled to and requests appointed counsel and if adversarial judicial proceedings have not been initiated against the defendant, a court or the courts' designee authorized under Article 26.04 to appoint counsel for indigent defendants in the county shall appoint counsel immediately following the expiration of three working days after the date on which the court or the courts' designee receives the defendant's request for appointment of counsel. If adversarial judicial proceedings are initiated against the defendant before the expiration of the three working days, the court or the courts' designee shall appoint counsel as provided by Subsection (c). In a county with a population of 250,000 or more, the court or the courts' designee shall appoint counsel as required by this subsection immediately following the expiration of one working day after the date on which the court or the courts' designee receives the defendant's request for appointment of counsel. If adversarial judicial proceedings are initiated against the defendant before the expiration of the one working day, the court or the courts' designee shall appoint counsel as provided by Subsection (c).

(j) Notwithstanding any other provision of this section, if an indigent defendant is released from custody prior to the appointment of counsel under this section, appointment of counsel is not required until the defendant's first court appearance or when adversarial judicial proceedings are initiated, whichever comes first.

(k) A court or the courts' designee may without unnecessary delay appoint new counsel to represent an indigent defendant for whom counsel is appointed under Subsection (c) or (i) if:

(1) the defendant is subsequently charged in the case with an offense different from the offense with which the defendant was initially charged; and

(2) good cause to appoint new counsel is stated on the record as required by Article 26.04(j)(2).

**Credits**
Added by Acts 1987, 70th Leg., ch. 979, § 1, eff. Sept. 1, 1987. Amended by Acts 2001, 77th Leg., ch. 906, § 2, eff. Jan. 1, 2002; Acts 2007, 80th Leg., ch. 463, § 1, eff. Sept. 1, 2007.

Notes of Decisions (1272)

Vernon's Ann. Texas C. C. P. Art. 1.051, TX CRIM PRO Art. 1.051

**Art. 1.051. Right to representation by counsel, TX CRIM PRO Art. 1.051**

Current through the end of the 2011 Regular Session and First Called Session of the 82nd Legislature

End of Document

© 2012 Thomson Reuters. No claim to original U.S. Government Works.

2001 Tex. Sess. Law Serv. Ch. 906 (S.B. 7) (VERNON'S)

VERNON'S TEXAS SESSION LAW SERVICE 2001
Seventy-Seventh Legislature, 2001 Regular Session

. Additions are indicated by <<+ Text +>>; deletions by <<. Text ->>
Changes in tables are made but not highlighted.

CHAPTER 906
S.B. No. 7
PERIOD DURING WHICH A PERSON ARRESTED IS REQUIRED TO BE TAKEN BEFORE
A MAGISTRATE OR RELEASED ON BOND AND TO THE APPOINTMENT AND
COMPENSATION OF COUNSEL TO REPRESENT INDIGENT PERSONS ACCUSED OF CRIME

AN ACT relating to the period during which a person arrested is required to be taken before a magistrate or released on bond and to the appointment and compensation of counsel to represent indigent persons accused of crime.

Be it enacted by the Legislature of the State of Texas:

<< Note: TX CRIM PRO Art. 1.051 >>

SECTION 1. This Act may be known as the Texas Fair Defense Act.
SECTION 2. Article 1.051, Code of Criminal Procedure, is amended by amending Subsection (c) and adding Subsections (i), (j), and (k) to read as follows:

<< TX CRIM PRO Art. 1.051 >>

(c) An indigent defendant is entitled to have an attorney appointed to represent him in any adversary judicial proceeding that may result in punishment by confinement and in any other criminal proceeding if the court concludes that the interests of justice require representation. <<+Except as otherwise provided by this subsection, if+>> <<-If->> an indigent defendant is entitled to and requests appointed counsel <<+and if adversarial judicial proceedings have been initiated against the defendant+>>, << + a+>> <<-the->> court <<+or the courts' designee authorized under Article 26.04 to appoint counsel for indigent defendants in the county+>> shall appoint counsel <<-to represent the defendant->> as soon as possible<<+, but not later than the end of the third working day after the date on which the court or the courts' designee receives the defendant's request for appointment of counsel+>>. <<+In a county with a population of 250,000 or more, the court or the courts' designee shall appoint counsel as required by this subsection as soon as possible, but not later than the end of the first working day after the date on which the court or the courts' designee receives the defendant's request for appointment of counsel.+>>

<<+(i) Except as otherwise provided by this subsection, if an indigent defendant is entitled to and requests appointed counsel and if adversarial judicial proceedings have not been initiated against the defendant, a court or the courts' designee authorized under Article 26.04 to appoint counsel for indigent defendants in the county shall appoint counsel immediately following the expiration of three working days after the date on which the court or the courts' designee receives the defendant's request for appointment of counsel. If adversarial judicial proceedings are initiated against the defendant before the expiration of the three working days, the court or the courts' designee shall appoint counsel as provided by Subsection (c). In a county with a population of 250,000 or more, the court or the courts' designee shall appoint counsel as required by this subsection immediately following the expiration of one working day after the date on which the court or the courts' designee receives the defendant's request for appointment of counsel. If adversarial judicial proceedings are initiated against the defendant before the expiration of the one working day, the court or the courts' designee shall appoint counsel as provided by Subsection (c).+>>

<<+(j) Notwithstanding any other provision of this section, if an indigent defendant is released from custody prior to the appointment of counsel under this section, appointment of counsel is not required until the defendant's first court appearance or when adversarial judicial proceedings are initiated, whichever comes first.+>>

<<+(k) A court or the courts' designee may without unnecessary delay appoint new counsel to represent an indigent defendant for whom counsel is appointed under Subsection (c) or (i) if:+>>

<<+(1) the defendant is subsequently charged in the case with an offense different from the offense with which the defendant was initially charged; and+>>

<<+(2) good cause to appoint new counsel is stated on the record as required by Article 26.04(j)(2).+>>

SECTION 3. Subsection (a), Article 14.06, Code of Criminal Procedure, is amended to read as follows:

## << TX CRIM PRO Art. 14.06 >>

(a) Except as provided by Subsection (b), in each case enumerated in this Code, the person making the arrest <<+or the person having custody of the person arrested+>> shall take the person arrested or have him taken without unnecessary delay<<+, but not later than 48 hours after the person is arrested,+>> before the magistrate who may have ordered the arrest, before some magistrate of the county where the arrest was made without an order, or, if necessary to provide more expeditiously to the person arrested the warnings described by Article 15.17 of this Code, before a magistrate in a county bordering the county in which the arrest was made. The magistrate shall immediately perform the duties described in Article 15.17 of this Code.

SECTION 4. Article 15.17, Code of Criminal Procedure, is amended by amending Subsection (a) and adding Subsections (e) and (f) to read as follows:

## << TX CRIM PRO Art. 15.17 >>

(a) In each case enumerated in this Code, the person making the arrest <<+or the person having custody of the person arrested +>> shall without unnecessary delay<<+, but not later than 48 hours after the person is arrested,+>> take the person arrested or have him taken before some magistrate of the county where the accused was arrested or, if necessary to provide more expeditiously to the person arrested the warnings described by this article, before a magistrate in a county bordering the county in which the arrest was made. The arrested person may be taken before the magistrate in person or the image of the arrested person may be broadcast by closed circuit television to the magistrate. The magistrate shall inform in clear language the person arrested, either in person or by closed circuit television, of the accusation against him and of any affidavit filed therewith, of his right to retain counsel, of his right to remain silent, of his right to have an attorney present during any interview with peace officers or attorneys representing the state, of his right to terminate the interview at any time, <<-of his right to request the appointment of counsel if he is indigent and cannot afford counsel,->> and of his right to have an examining trial. <<+The magistrate shall also inform the person arrested of the person's right to request the appointment of counsel if the person cannot afford counsel. The magistrate shall inform the person arrested of the procedures for requesting appointment of counsel. If the person does not speak and understand the English language or is deaf, the magistrate shall inform the person in a manner consistent with Articles 38.30 and 38.31, as appropriate. The magistrate shall ensure that reasonable assistance in completing the necessary forms for requesting appointment of counsel is provided to the person at the same time. If the person arrested is indigent and requests appointment of counsel and if the magistrate is authorized under Article 26.04 to appoint counsel for indigent defendants in the county, the magistrate shall appoint counsel in accordance with Article 1.051. If the magistrate is not authorized to appoint counsel, the magistrate shall without unnecessary delay, but not later than 24 hours after the person arrested requests appointment of counsel, transmit, or cause to be transmitted to the court or to the courts' designee authorized under Article 26.04 to appoint counsel in the county, the forms requesting the appointment of counsel. The magistrate+>> <<-He->> shall also inform the person arrested that he is not required to make a statement and that any statement made by him may be used against him. The magistrate shall allow the person arrested reasonable time and opportunity to consult counsel and shall admit the person arrested to bail if allowed by law. A closed circuit television system may not be used under this subsection unless the system provides for a two-way communication of image and sound between the arrested person and the magistrate. A recording of the communication between the arrested person and the magistrate shall be made. The recording shall be preserved until the earlier of the following dates: (1) the date on which the pretrial hearing ends; or (2) the 91st day after the date on which the recording is made if the person is charged with a misdemeanor or the 120th day after the date on which the recording is made if the person is charged with a felony. The counsel for the defendant may obtain a copy of the recording on payment of a reasonable amount to cover costs of reproduction.



— REDACTED TO END —

PERIOD DURING WHICH A PERSON ARRESTED IS..., 2001 Tex. Sess. Law...

<< Note: TX CRIM PRO Art. 26.052 >>

SECTION 20. A local selection committee shall amend standards previously adopted by the committee to conform with the requirements of Subsection (d), Article 26.052, Code of Criminal Procedure, as amended by this Act, not later than April 1, 2002. An attorney appointed on or after April 1, 2002, to a death penalty case must meet the standards adopted in conformity with the amended Subsection (d), Article 26.052. An attorney appointed before April 1, 2002, to a death penalty case is covered by the law in effect when the attorney was appointed, and the former law is continued in effect for that purpose.

<< Note: TX CRIM PRO Art. 102.075 >>

SECTION 21. Subsection (h), Article 102.075, Code of Criminal Procedure, as amended by this Act, applies only to a court cost collected under that article on or after the effective date of this Act. A court cost collected under Article 102.075, Code of Criminal Procedure, before the effective date of this Act is governed by the law in effect when the court cost was collected, and the former law is continued in effect for that purpose.

SECTION 22. This Act takes effect January 1, 2002.

Passed the Senate on April 10, 2001, by a viva-voce vote; the Senate concurred in House amendments on May 24, 2001, by a viva-voce vote; passed the House, with amendments, on May 17, 2001, by a non-record vote.

Approved June 14, 2001.

Effective January 1, 2002.

TX LEGIS 906 (2001)

**End of Document**

© 2012 Thomson Reuters. No claim to original U.S. Government Works.

DEFENSE EXHIBIT 4                DALLAS COUNTY PROCEDURES

# DALLAS COUNTY PROCEDURES FOR APPOINTMENT OF COUNSEL IN DEATH PENALTY CASES AS AMENDED MAY 2007

## PURPOSE

The judges of the Criminal District Courts and the District Courts giving preference to criminal cases of Dallas County, in compliance with Article 26.052 of the Code of Criminal Procedure, establish the procedures for the appointment and payment of counsel to represent indigent defendants in death penalty cases. This statute sets forth the practices and procedures to be followed by the district courts trying capital cases in Dallas County. The purpose of the procedures set forth below is to further codify and publish the statutory requirements so that members of the bar and the public may be more fully informed about the operation of the criminal justice system and the procedures followed in Dallas County in death penalty cases. To that end, a copy of these procedures shall be filed with the Dallas County District Clerk and Indigent Defense Task Force in Austin for publication.

## ATTORNEY QUALIFICATIONS

As required by Article 26.052 of the Code of Criminal Procedure, the Courts adopt the standards and procedures for appointment of counsel in capital cases promulgated by the local selection committee for the First Administrative Judicial Region. The local selection committee is appointed by the Presiding Judge of the First Administrative Judicial Region and is comprised of not less than four members, including the Presiding Judge of the First Administrative Judicial Region, at least one district court judge, a representative from the local bar association, and at least one practitioner who is board certified by the State Bar of Texas in criminal law. [Art. 26.052 (c)]. The standards and procedures for the First Administrative Judicial Region are attached to this plan and are hereby incorporated by reference as if fully set forth in this plan.

In addition to the continuing legal education requirements for first chair or lead attorney set forth in the standards promulgated by the local selection committee for the First Administrative Judicial Region, in order to be qualified for appointment as first chair or lead attorney in a death penalty case in Dallas County, the attorney must have completed a minimum of at least four additional hours of continuing legal education or other training related to criminal defense in death penalty cases over the previous two year period, bringing the minimum amount of such training to sixteen hours over the previous two year period.

## APPOINTMENT OF COUNSEL

The presiding judge of the district court in which a capital case is filed shall appoint two attorneys, at least one of which is from the list of qualified attorneys approved by the local selection committee, to represent an indigent defendant. Attorneys shall be appointed as soon as practicable after charges are filed, unless the state gives notice in writing that the state will not seek the death penalty. [Art. 26.052(e)].

*Indigent Defense - Capital Murder, Amended 5-3-07*



DEFENDANT'S
EXHIBIT
4

In appointing an attorney from the approved list the Court should consider the attorney's schedule or availability, the complexities of the case, the individualized needs of the defendant, and such other relevant factors as the Court deems appropriate.

In lieu of appointing counsel from the list of attorneys approved by the local selection committee, members of the Public Defender's Office may be appointed in accordance with guidelines established by the Dallas County Public Defender's Office. [Art. 26.052 (b)].

The judges shall ensure that appointments are reasonably and impartially allocated.

## FEE SCHEDULE

The following fees shall be paid to appointed counsel in capital cases where the death penalty is sought:

$500.00 per half day of voir dire
$1000.00 for each full day of voir dire
$1500.00 for each day in trial

The judge of the court may approve additional time at a rate of $150.00 per hour for all other reasonable and necessary documented legal activity. Work on capital appeals and capital writs will also be compensated at a rate of $125.00 per hour for all reasonable and necessary documented legal activity. To be compensated for time not accounted for in the flat daily rates, an attorney must submit a separate hourly billing statement. The billing statement must reflect the date an itemized legal activity occurred and each itemized activity must be rounded to the nearest tenth of an hour. The billing statement must be signed by the attorney. The signature of the attorney is an attestation as to the billing statement's accuracy.

The courts shall approve reasonable and necessary expenses for investigators and expert witness fees.

Appointed counsel may file with the trial court a pretrial ex parte confidential request for advance payment of expenses to investigate potential defenses. The request for expenses must state: (1) the type of investigation to be conducted; (2) specific facts that suggest the investigation will result in admissible evidence; and (3) an itemized list of anticipated expenses for each investigation. [Art. 26.052 (f)].

The Court shall grant the request for advance payment of expenses in whole or in part if the request is reasonable. If the Court denies in whole or in part the request for expenses, the Court shall: (1) state the reasons for the denial in writing; (2) attach the denial to the confidential request; and (3) submit the request and denial as a sealed exhibit to the record. [Art. 26.052(g)].

Counsel may incur expenses without prior approval of the Court. On presentation of a claim for reimbursement, the Court shall order reimbursement of counsel for the expenses, if the expenses are reasonably necessary and reasonably incurred. [Art. 26.052(h)].

Advance payment of expenses anticipated, or reimbursement of expenses incurred for purpose of investigation or expert testimony may be paid directly to a private investigator licensed under Chapter 1702, Occupations Code, or to an expert witness in the manner designated by the appointed counsel and approved by the Court. [Art. 26.052 (l)].

*Indigent Defense - Capital Murder, Amended 5-3-07*

## RECOMMENDATIONS

The Judges of the Criminal District Courts and the District Courts giving preference to criminal cases of Dallas County recommend that all attorneys appointed pursuant to these procedures for appointment of counsel in death penalty cases read and follow the Guidelines and Standards for Texas Capital Counsel promulgated by the Standing Committee on Legal Services to the Poor in Criminal Matters which were adopted by the State Bar Board of Directors on April 21, 2006.

## FUTURE AMENDMENTS

This plan shall be automatically amended without further action of the judges to conform to any amendments to the standards promulgated by the First Administrative Judicial Region.

The foregoing amended plan was adopted by a unanimous vote of the judges of the Criminal District Courts and the judges of the District Courts giving preference to criminal cases of Dallas County, Texas, on May 3, 2007. The fee schedule contained herein is to be effective immediately.

SIGNED this the _____4_____ day of May, 2007.


JOHN CREUZOT, PRESIDING JUDGE
CRIMINAL DISTRICT COURTS
DALLAS COUNTY, TEXAS

*Indigent Defense - Capital Murder, Amended 5-3-07*

DEFENSE EXHIBIT 5    DALLAS COUNTY INDIGENT DEFENSE PLAN

DALLAS COUNTY INDIGENT DEFENSE PLAN
FOR THE APPOINTMENT OF COUNSEL IN FELONY CASES
REVISED JANUARY 2009

## SECTION 1 APPLICATION FOR PLACEMENT ON THE APPOINTMENT LIST WHEEL

1.1 Attorneys requesting court appointments must submit an application on the approved application form to the district court judges. A majority of the judges - 9 criminal district judges - must screen applicants who meet the objective qualifications and approve those attorneys whom they consider competent to handle cases corresponding to an appropriate level.

1.2 The master list will be multi-level, with four trial levels: 1st degree and non-death penalty capital cases, 2nd degree, 3rd degree, and state jail. Under each level there will be a sub-level for multi-lingual lawyers.

1.3 Attorneys on the master list at a certain level may petition to advance to a higher level by submitting a new application. A majority of the district judges must vote to approve the change.

1.4 An attorney who does not receive sufficient votes to be placed on any level of the master list may re-apply in 90 days.

1.5 A separate list will be maintained for appeals and writ appointments. Attorneys must submit the appropriate application. A majority of the judges - 9 criminal district judges - must screen applicants who meet the objective qualifications and approve those attorneys whom they consider competent to handle appeals and writs.

## SECTION 2 MINIMUM QUALIFICATIONS FOR APPOINTMENT

2.1 Requirements for attorneys qualifying at each level of the wheel will increase as the possible consequences to the defendant become more serious. Minimum requirements are as follows:

State Jail - Licensed for 2 years and at least 6 points on the application form; Third Degree - Licensed for 3 years and at least 12 points on the application form; Second Degree - Licensed for 4 years and at least 18 points on the application form;



DEFENDANT'S EXHIBIT
5

First Degree and Non Death Penalty Capital Murder  Licensed for 5 years and at least 25 points on the application form.

2.2 Unusual or exceptional experience demonstrating substantial involvement in criminal law may be substituted for trial experience on the application form. If claiming this exception, the attorney must provide a detailed explanation of the attorney's experience as an attachment to the application.

## SECTION 3 PLACEMENT ON THE APPOINTMENT LIST WHEEL

3.1    An attorney qualified for appointment to any felony level will automatically be qualified for all the levels below. Thus, a lawyer on the highest level will be on the felony levels below and his/her name will come up in rotation on each level independently of all other levels and will not result in a forfeiture of position on any other level.

3.2    Lawyers will be randomly, not alphabetically, listed on each level of the wheel. Names on the initial wheel will be shuffled. Thereafter, additional names will be randomly inserted at each level of the wheel.

## SECTION 4 APPOINTMENT OF COUNSEL

4.1    The court or its designee must evaluate each request for a court appointed attorney to determine whether the defendant is indigent. The court or its designee may not consider whether the defendant has posted or is capable of posting bail, except to the extent that it reflects the defendant's financial circumstances as measured by the following factors: (a) the defendant's income; (b) the source of the defendant's income; (c) the assets and property owned by the defendant; (d) the defendant's outstanding obligations and necessary expenses; (e) the number and age of the defendant's dependents, and (f) income of the defendant's spouse that is available to the defendant. The defendant will fill out a form addressing the above factors and if the court or its designee finds the defendant is indigent the form will be filed in the court file.

4.2    When an eligible defendant requests appointment of counsel and submits the required documents, the request and any required documentation shall be transmitted to the court within 24 hours of the request for appointment of counsel being made.

4.3    Counsel shall be appointed for eligible defendants within one working day of the court's receipt of a request for appointed counsel.

4.4    A master list of qualified attorneys will be maintained on the county computer. Daily access to that list will be limited to appointing courts and their designees. Those accessing the list will not be able to preview the order of the attorneys as they appear on the list. The court or its designee may draw as many names from the list, in the order that they appear at the required level, as there are appointments to be made that day. The court shall appoint attorneys from among the next five names on the appointment list unless the court makes a finding of good cause on the record for appointing an attorney out of order.

4.5    A court or its designee may appoint from the master list or the Public Defender's Office.

4.6    An attorney cannot be appointed on a case at a level higher than that for which the attorney has been qualified by a vote of the judges.

4.7    When a defendant has two or more cases one attorney will be appointed to all cases and will be appointed from the level of the greater offense.

4.8    An attorney will be appointed only after a case is pre-assigned to a court.

4.9    Defendants who speak only a foreign language will be matched to an attorney qualified to speak that language if available. Those attorneys will also be on the non-multi-lingual part of each level of the wheel and their names will come up on both parts, but an appointment as a multi-lingual speaker from any level of the wheel will result in forfeiture of position for appointment on the other part at the same level.

4.10    When a defendant is subsequently charged with a higher grade of offense, the court may appoint new counsel from the list.

4.11    Felonies with enhancement paragraphs may, in the discretion of the court, be classified for purposes of appointment at the level of the underlying offense or at the level of the potential maximum punishment.

4.12    A judge, for good cause stated either on the record or by written notation placed in the court's file, may appoint an attorney out of order. The replaced attorney will remain at the top of that level of the list from which the appointment was made.

### SECTION 5 DUTIES OF
### APPOINTED COUNSEL

5.1    A lawyer who is appointed from the wheel must either personally represent the client or withdraw. Cases will not be transferable or tradable.

5.2    Any attorney called for an appointment who does not respond to the notifying court by 9:45 a.m. the following morning, will be removed from that appointment and his/her name will go back on the bottom of the list for appointments in the future. Repeated failures to respond may be grounds for removal from the master list.

5.3    A lawyer who withdraws from a case will lose the appointment and will not be restored to his/her former place in the rotation.

5.4    All attorneys on the master list must notify the Court Manager for the Criminal District Courts of any change of address or contact information. Failure to maintain accurate contact information with the Court Manager's Office may result in automatic removal from the appointment list.

## SECTION 6 MAINTAINING ELIGIBILITY FOR APPOINTMENT

6.1    To remain eligible for appointment an attorney must:
(i)    complete a minimum of twelve hours of continuing legal education pertaining to criminal law during each 12 month reporting period; or (ii) attend all sessions of either the State Bar Advanced Criminal Law Course or the TCDLA Advanced Criminal Law Short Course once every two years; or (iii)    be currently certified in criminal law by the Texas Board of Legal Specialization.

6.2    Continuing legal education may include teaching at an accredited CLE activity, or other CLE activities accredited under Section 4 Article XII, of the State Bar Rules, which may include online courses and credit for teaching or publishing criminal law materials.

6.3    Self-study hours may not be included in meeting the required CLE hours.

6.4    CLE hours completed during any reporting period in excess of the minimum required hours may be applied to the following reporting period's requirement. CLE hours may only be carried over for one year.

6.5    The reporting period shall be from January 1st to December 31st of each year. Each attorney must provide proof that the attorney has met the CLE requirements during the reporting period by reporting their CLE hours each January on the form approved by the judges of the criminal district courts and the district courts giving preference to criminal cases. The CLE compliance report must be sworn to by the attorney.

6.6 The CLE compliance report form shall be turned in to the Criminal District Court Manager during the month of January following each reporting period and must be received by the Criminal District Court Manager no later than January 31st of each year.

## SECTION 7 REMOVAL FROM LIST AND REINSTATEMENT

7.1 An attorney who fails to comply with the CLE requirements or fails to submit a sworn CLE compliance form each January will be automatically removed from the master list.

7.2 An attorney may be removed from the master list or moved to a lower level of the wheel for reasons other than failure to comply with the CLE requirements by a majority vote (9 judges) of the district judges.

7.3 Any judge, for good cause, may raise an issue regarding representation by an attorney or attorney misconduct at a monthly judges meeting. Specific and timely allegations must form the basis of the complaint.

7.4 Upon motion of one district judge, after being seconded by another district judge, an attorney may be summoned before the district judges during a regularly scheduled judges meeting to explain his/her handling of a case or cases. The attorney is not entitled to the representation of counsel at the meeting. Failure to appear without good cause will be considered against the attorney. An attorney who appears before the judges is subject to questioning by the Judges.

7.5 If an attorney's presence is required, notice of the specific allegations of misconduct or issue must be sent to the investigated attorney in writing no less than two weeks prior to a requested appearance before the judges. A majority (9 judges) of the district judges will determine whether good cause exists for removal or sanctions.

7.6 Sanctions may consist of any of the following:

    a.    written reprimand signed by the Presiding Judge;
    b.    demotion to a lower level of the wheel;
    c.    temporary suspension from the appointment wheel;
    d.    removal from the appointment wheel; or
    e.    obtaining additional CLE hours or working with a mentor.

7.7 An attorney shall automatically be removed from the felony appointment list for following reasons:

    a.  conviction or deferred adjudication for any felony offense;

      b.  conviction or deferred adjudication for any crime of moral turpitude;

      c.  being under indictment or formally charged with a felony or crime of moral turpitude;

      d.  failure to meet the general qualifications for appointment; or

      e.  any suspension from the practice of law by the State Bar except for administrative suspensions for failure to pay fees or dues and failure to comply with CLE requirements. (See section 7.9 below regarding temporary suspensions).

7.8    An attorney may be removed from the felony appointment list for the following reasons:

      a.     failing to perform the attorney's duty owed the defendant;

      b.     failing to maintain compliance with each of the felony appointment guidelines;

      c.     finding by a court that the attorney provided ineffective assistance of counsel;

      d.     intentional misrepresentation on the application for court appointments or on the request for compensation or the annual re-certification; or

      e.     any other good cause at the discretion of the judges of the criminal district courts and district courts trying criminal cases.

7.9    An attorney shall be temporarily removed from the appointment list for the following reasons:

      a.     any suspension from the practice of law by the State Bar for failure to comply with CLE requirements or failure to pay dues or fees.

The attorney will be placed back on the appointment list upon providing proof of reinstatement from the State Bar.

7.10    The court coordinators for the district courts shall keep a list of attorneys who do not appear for an initial appointment or who habitually fail to reset cases. This list will be taken into consideration should an attorney's qualifications be under review by the district judges. Failure to reset cases may be grounds for appointing new counsel on an individual, case by case, basis.

7.11    An attorney who has been removed from the master list by a majority vote of the judges for reasons other than failure to comply with the CLE requirements may reapply after one year (12 months). An attorney who has been demoted may reapply after one year (12 months).

7.12    An attorney who has been automatically removed from the list for failure to comply with the CLE requirements will be reinstated to the master list at the

attorney's previous level upon providing proof of completion of the required CLE.

7.13 An attorney who has been removed from the master list at the attorney's request may be reinstated to the master list upon request and proof that that the CLE requirements have been met.

## SECTION 8
## COMPENSATION

8.1 Appointed attorneys shall be compensated in accordance with the fee schedule approved by the judges of the criminal district courts and the district courts giving preference to criminal cases.

8.2 Attorneys must submit documentation on the approved forms as required by the fee schedule. Failure to submit proper documentation may result in a delay in receiving payment or in a failure to receive full payment.

8.3 When an attorney has been appointed and the defendant subsequently retains counsel, the appointed attorney shall be compensated for any work performed prior to the substitution of retained counsel.

8.4 The county auditor will not pay any attorney who is not on the approved list at the time of appointment.

## SECTION 9
## APPLICABILITY

9.1 The wheel system set forth in this plan is not applicable to appeals, writs, or probation violations.

9.2 Attorneys appointed to handle probation revocations must be on the master list for court appointments in the felony courts.

9.3 Attorneys appointed to appeals or writs must be on the appellate list for appeal appointments, or the writ list for writ appointments. Attorneys desiring to be on the appeal or writ list must submit the approved application form and be approved by a majority of the judges.

9.4 This plan does not apply to death penalty cases.

9.5 A court may appoint any available, qualified attorney to advise a witness when the law requires representation.

## SECTION 10 DUTIES OF
### ARRESTING AGENCY

10.1 Each person arrested in Dallas County shall be brought before a magistrate within 48 hours of arrest.

10.2 Every Dallas County arresting agency shall comply with the requirements of the Order of the judges of the criminal district courts and district courts giving preference to criminal cases regarding detention of persons without charges filed. Any person who has not had charges filed within the time periods required by said Order shall be released in accordance with said Order.

## SECTION 11
### AMENDMENT OF PLAN

11.1 Amendments to this Plan and the Fee Schedule require a two-thirds vote of the judges of the criminal district courts and the district courts giving preference to criminal cases of Dallas County.

Adopted by the judges of the criminal district courts and the district courts giving preference w criminal cases of Dallas County, Texas, January, 2009.

Robert Burns, Judge
Criminal Diswfct Court

tdams, Judge
criminal District Court No. 2

Gracie Lewis, Judge
Criminal District Court No. 3

Jo fin Creuzot, Judge
Criminal District Court No 4

Fred Tinsley, Judge
195th Judicial District Court

Lana          Mypfs, Judge

203rd Judicial

tfark Stoltz, Judge "265"
Judicial District Court
District Court
Lefl5T^ey&i££Budge
204"! Judicial District
Cdurt

Carter Thompson, Judge

Criminal District Court No/5

Jeanine Howard, Judge
Criminal District Court No. 6

Mike Snipes, Judge Criminal
District Court No. 7

Ernest White, Judge
194th Judicial District Court

Tracy Holmes, Judge
363rd Judicial District Court

Andy Chatham, Judge
182nd Judicial District Court

Rick Magnis, Judge
283rd Judicial District Court

Susan Hawk, Judge
291st Judicial District Court

Larry Mitchell/Judge 292nd
Judicial District Court

13

DEFENSE EXHIBIT 6        LETTER TO LYDIA BRANDT

**Lydia Brandt (lydiamb@airmail.net) - Mon, 11/26/12 17:30:15 -0600**

**Show Full Headers | Print | Close Printer View**

**From:**  Joel Lieurance <Joel.Lieurance@txcourts.gov>
**To:**  "'lydiamb@airmail.net'" <lydiamb@airmail.net>
**Cc:**  Wesley Shackelford <Wesley.Shackelford@txcourts.gov>
**Subject:** Texas Indigent Defense Commission
**Date:**  Mon 11/26/12 05:18 PM

Ms. Brandt,

See attached documents:

Instructions for submitting indigent defense plans

Dallas County's district court plan

A screen shot showing that the plan was submitted for approval by Dana Nixon (10/24/2011 3:49:42 PM.) and approved by

Martin Lowy   10/28/2011 6:13:49 PM

Let me know if you have any issues.

-Joel Lieurance

Policy Monitor

Texas Indigent Defense Commission

512-936-7560

DEFENDANT'S
EXHIBIT
6

---

**Attachment:  Save View**
Name: 2011planinstructions.pdf
Type:  application/pdf

---

**Attachment:  Save View**
Name: Dallas District Courts Plan.pdf
Type:  application/pdf

---

**Attachment:  Save View**
Name: dallas_district_courts_approval_time_date.pdf
Type:  application/pdf

Internet America - Airmail Web Access

http://mail.airmail.net/email/scripts/view.pl?&mid=98242&folder=...

**Lydia Brandt (lydiamb@airmail.net) - Mon, 11/26/12 17:30:15 -0600**

## Dallas District Courts Plan

| Preamble | Prompt Magistration | Indigence Determination Standards | Minimum Attorney Qualifications | Prompt Appointment of Counsel | Attorney Selection Process | Fee and Expense Payment Process | Miscellaneous | Forms | Plan Submission |

### Submit Plan for Approval

The current plan was submitted for approval by Dana Nixon (10/24/2011 3:19:42 PM.)

[ Email Approvals ]

### Review Plan

Click on the link to review plan as a document: View

### Approval of Plan

If you are a designated official for plan submission and you have not approved the latest version of the plan, the Approve button should be enabled allowing you to approve the plan. If you are a designated official for multiple counties, you may have several Approve buttons. Once an approval has been made, the approval date will be indicated.

| | County | Approver | Approval Date |
|---|---|---|---|
| Approve | Dallas | Martin Lowy | 10/28/2011 6:13:49 PM |

# Dallas District Courts Plan
## Preamble
*11/30/2010*

## Prompt Magistration
*3/29/2011*
### SECTION I
### Conduct Prompt and Accurate Magistration Proceedings

**1.1**    Each person arrested in Dallas County shall be brought before a magistrate within 48 hours of arrest.

**1.2**    The magistrate shall comply with all the requirements of Article 15.17 of the Texas Code of Criminal Procedure which provides as follows:

- The magistrate shall inform in clear language the person arrested of the accusation against him and of any affidavit filed therewith, of his right to retain counsel, of his right to remain silent, of his right to have an attorney present during any interview with peace officers or attorneys representing the state, of his right to terminate the interview at any time, and of his right to an examining trial.
- The magistrate shall inform the person arrested of his right to request appointment of counsel if the person cannot afford counsel.
- The magistrate shall inform the person arrested of the procedures for requesting appointment of counsel.
- If the arrested person does not speak and understand the English language or is deaf, the magistrate shall inform the person through the use of an interpreter consistent with Article 38.30 or Article 38.31 of the Code of Criminal Procedure.
- The magistrate shall ensure that reasonable assistance in completing the necessary forms for requesting appointment of counsel is provided to the person.
- The magistrate without unnecessary delay, but not later than 24 hours after the person arrested requests appointment of counsel, transmit, or cause to be transmitted, to the court or the court's designee authorized to appoint counsel, the forms requesting appointment of counsel.
- The magistrate shall inform the arrested person that he is not required to make any statement and that any statement made by him may be used against him.
- The magistrate shall allow the arrested person reasonable time and opportunity to consult counsel, and shall, after determining whether the person is currently on bail for a separate criminal offense, admit the person to bail if allowed by law.
- A record shall be made of the magistrate informing the arrested person of the person's right to request appointment of counsel; the magistrate asking the person whether the person wants to request appointment of counsel; and whether the person requested appointment of counsel.  The record may consist of written forms or electronic recordings.

**1.3**    Every Dallas County arresting agency shall comply with the requirements of the Order of the

judges of the criminal district courts and district courts giving preference to criminal cases regarding detention of persons without charges filed. Any person who has not had charges filed within the time periods required by said Order shall be released in accordance with said Order.

1.4 A person arrested without a warrant for a misdemeanor who is detained in jail must be released on bond in an amount not to exceed $5,000 not later than the 24th hour after the person's arrest if a magistrate has not determined whether probable cause to believe the person committed the offense. A person arrested without a warrant for a felony who is detained in jail must be released on bond not to exceed $10,000 not later than the 48th hour after the person's arrest if a magistrate has not determined whether probable cause exists to believe the person committed the offense. If the person is unable to obtain a surety bond or unable to deposit money in the amount of the bond, the person must be released on personal bond. A magistrate may postpone the release of such persons for not more than 72 hours after the person's arrest upon the filing of an application by the state's attorney.

## Indigence Determination Standards
*11/30/2010*
### SECTION II
### Determination of Indigence

2.1 The court or its designee must evaluate each request for a court appointed attorney to determine whether the defendant is indigent. The court or its designee may not consider whether the defendant has posted or is capable of posting bail, except to the extent that it reflects the defendant's financial circumstances as measured by the following factors: (a) the defendant's income; (b) the source of the defendant's income; (c) the assets and property owned by the defendant; (d) the defendant's outstanding obligations and necessary expenses; (e) the number and age of the defendant's dependents, and (f) income of the defendant's spouse that is available to the defendant. The defendant will fill out a form addressing the above factors and if the court or its designee finds the defendant is indigent the form will be filed in the court file.

2.2 A person earning 150% or less of the federal HHS poverty guidelines is considered indigent for the purpose of appointment of counsel.

## Minimum Attorney Qualifications
*10/23/2011*
### SECTION III
### Minimum Attorney Qualifications

3.1 Attorneys requesting court appointments must submit an application on the approved application form to the district court judges. A majority of the judges - 9 criminal district court judges - must screen applicants who meet the objective qualifications and approve those attorneys whom they consider competent to handle cases corresponding to an appropriate level.

 

3.2     An attorney must reside in Dallas County or have his or her principal office in Dallas County in order to qualify for placement on the master list. Attorneys approved for placement on the master list prior to December 1, 2009, are grandfathered and are not required to meet the residency or office location requirement.

3.3     The master list will be multi-level, with four trial levels: 1st degree and non-death penalty capital cases, 2nd degree, 3rd degree, and state jail and probation revocations. Under each level there will be a sub-level for multi-lingual lawyers.

3.4     Attorneys on the master list at a certain level may petition to advance to a higher level by submitting a new application. A majority of the district judges must vote to approve the change.

3.5     An attorney who does not receive sufficient votes to be placed on any level of the master list may re-apply in 90 days.

3.6     Separate lists will be maintained for appeals and writ appointments. Attorneys must submit the appropriate application. A majority of the judges - 9 criminal district court judges - must screen applicants who meet the objective qualifications and approve those attorneys whom they consider competent to handle appeals and/or writs.

3.7     Requirements for attorneys qualifying at each level of the trial wheel will increase as the possible consequences to the defendant become more serious. Minimum requirements for trial and probation revocations are as follows:

State Jail and Probation Revocations – Licensed for 2 years and at least 6 points on the application form;
Third Degree – Licensed for 3 years and at least 12 points on the application form;
Second Degree – Licensed for 4 years and at least 18 points on the application form;
First Degree and Non-Death Penalty Capital Murder – Licensed for 5 years and at least 25 points on the application form.

Minimum Requirements for the appellate wheel are as follows:

(1) The applicant must have authored a minimum of eight state court appellate briefs within the two year period prior to the date of application;
(2) The applicant must have a minimum of twelve (12) hours of CLE pertaining to state criminal law or state criminal appellate law within the two year period prior to the date of application;
(3) The applicant must submit copies of two complete state court appellate briefs in criminal cases (excluding Anders briefs) authored by the applicant and submitted to an appellate court within the five year period prior to the date of application; and
(4) The applicant must list five appellate court judges or justices with knowledge of the applicant's abilities.

3.8     Unusual or exceptional experience demonstrating substantial involvement in criminal law may be substituted for trial or appellate experience on the application form. If claiming this exception, the attorney must provide a detailed explanation of the attorney's experience as an attachment to the application.

3.9    An attorney qualified for appointment to any felony level will automatically be qualified for all the levels below. Thus, a lawyer on the highest level will be on the felony levels below and his/her name will come up in rotation on each level independently of all other levels and will not result in a forfeiture of position on any other level.

3.10    Lawyers will be randomly, not alphabetically, listed on each level of the wheel. Names on the initial wheel will be shuffled. Thereafter, additional names will be randomly inserted at each level of the wheel.

3.11    A lawyer who is appointed from the wheel must either personally represent the client or withdraw. Cases will not be transferable or tradable.

3.12    Any attorney notified of an appointment who does not respond to the notifying court by 9:45 a.m. the following morning, will be removed from that appointment and his/her name will go back on the bottom of the list for appointments in the future. Repeated failures to respond may be grounds for removal from the master list.

3.13    Appointed counsel is to remain on the case until taken off by the Court. A lawyer who withdraws from a case will lose the appointment and will not be restored to his/her former place in the rotation.

3.14    All attorneys on the master list must notify the Court Manager for the Criminal District Courts of any change of address or contact information. Failure to maintain accurate contact information with the Court Manager's Office may result in automatic removal from the appointment list.

3.15    To remain eligible for appointment an attorney must:
   (i)      complete a minimum of twelve hours of continuing legal education pertaining to criminal law during each 12 month reporting period; or
   (ii)     attend all sessions of either the State Bar Advanced Criminal Law Course or the TCDLA Advanced Criminal Law Short Course once every two years; or
   (iii)    be currently certified in criminal law or criminal appellate law by the Texas Board of Legal Specialization; or
   (iv)     complete the applicable judicial continuing education hours.

3.16    Continuing legal education may include teaching at an accredited CLE activity, or other CLE activities accredited under Section 4 Article XII, of the State Bar Rules, which may include online courses and credit for teaching or publishing criminal law materials.

3.17    Self-study hours may not be included in meeting the required CLE hours.

3.18    CLE hours completed during any reporting period in excess of the minimum required hours may be applied to the following reporting period's requirement. CLE hours may only be carried over for one year. CLE hours may only be applied to one reporting period.

3.19    The reporting period shall be from January 1st to December 31st of each year. Each attorney must provide proof that the attorney has met the CLE requirements during the reporting period by reporting their CLE hours each January on the form approved by the judges of the criminal district courts and the district courts giving preference to criminal cases. The CLE compliance report must be sworn to by the attorney.

3.20    The CLE compliance report form shall be turned in to the Criminal District Court Manager during the month of January following each reporting period and must be received by the Criminal District Court Manager no later than January 31st of each year.

3.21    An attorney who fails to comply with the CLE requirements or fails to submit a sworn CLE compliance form each January will be automatically removed from the master list.

3.22    An attorney may be removed from the master list or moved to a lower level of the wheel for reasons other than failure to comply with the CLE requirements by a majority vote (9 judges) of the district judges.

3.23    Any judge, for good cause, may raise an issue regarding representation by an attorney or attorney misconduct at a monthly judges meeting. Specific and timely allegations must form the basis of the complaint.

3.24    Upon motion of one district judge, after being seconded by another district judge, an attorney may be summoned before the district judges during a regularly scheduled judges meeting to explain his/her handling of a case or cases. The attorney is not entitled to the representation of counsel at the meeting. Failure to appear without good cause will be considered against the attorney. An attorney who appears before the judges is subject to questioning by the Judges.

3.25    If an attorney's presence is required, notice of the specific allegations of misconduct or issue must be sent to the investigated attorney in writing no less than two weeks prior to a requested appearance before the judges. A majority (9 judges) of the district judges will determine whether good cause exists for removal or sanctions.

3.26    Sanctions may consist of any of the following:

    a.    written reprimand signed by the Presiding Judge;
    b.    demotion to a lower level of the wheel;
    c.    temporary suspension from the appointment wheel;
    d.    removal from the appointment wheel;
    e.    obtaining additional CLE hours; or
    f.    working with a mentor.

3.27    An attorney shall automatically be removed from the felony appointment lists for following reasons:

    a.    conviction or deferred adjudication for any felony offense;
    b.    conviction or deferred adjudication for any crime of moral turpitude;
    c.    being under indictment or formally charged with a felony or crime of moral turpitude;
    d.    failure to meet the general qualifications for appointment; or
    e.    any suspension from the practice of law by the State Bar except for administrative suspensions for failure to pay fees or dues and failure to comply with CLE requirements. (See section 7.9 below regarding temporary suspensions).

3.28    An attorney may be removed from the felony appointment lists for the following reasons:

  a.  failing to perform the attorney's duty owed the defendant;

  b.  failing to maintain compliance with each of the felony appointment guidelines;

  c.  finding by a court that the attorney provided ineffective assistance of counsel;

  d.  intentional misrepresentation on the application for court appointments or on the request for compensation or the annual re-certification; or

  e.  any other good cause at the discretion of the judges of the criminal district courts and district courts trying criminal cases.

**3.29**  An attorney shall be temporarily removed from the appointment lists for the following reasons:

  a.  any suspension from the practice of law by the State Bar for failure to comply with CLE requirements or failure to pay dues or fees.

The attorney will be placed back on the appointment list upon providing proof of reinstatement from the State Bar.

**3.30**  The court coordinators for the district courts shall keep a list of attorneys who do not appear for an initial appointment or who habitually fail to reset cases. This list will be taken into consideration should an attorney's qualifications be under review by the district judges. Failure to reset cases may be grounds for appointing new counsel on an individual, case by case, basis.

**3.31**  An attorney who has been removed from any master list by a majority vote of the judges for reasons other than failure to comply with the CLE requirements may reapply after one year (12 months). An attorney who has been demoted may reapply after one year (12 months).

**3.32**  An attorney who has been automatically removed from any list for failure to comply with the CLE requirements will be reinstated to the master list at the attorney's previous level upon providing proof of completion of the required CLE.

**3.33**  An attorney who has been removed from a master list at the attorney's request may be reinstated to the master list upon request and proof that that the CLE requirements have been met.

**3.34**  An attorney who has been removed from a master list by request or for failure to provide proof of CLE who is not reinstated within one year must re-apply for placement on the list.

**3.35**  All attorneys on the approved appellate list prior to September 1, 2011, who desire to continue receiving appellate appointments must re-apply using the revised appellate application form. Applicants must submit new applications no later than December 1, 2011, and must meet the revised qualifications to remain on the approved list for appellate appointments. Attorneys who do not re-apply shall be automatically removed from the appellate appointment wheel.

### Prompt Appointment of Counsel
*10/23/2011*

### SECTION IV
### Prompt Appointment of Counsel

**4.1**  When an eligible defendant requests appointment of trial counsel and submits the required

documents, the request and any required documentation shall be transmitted to the court within 24 hours of the request for appointment of counsel being made.

4.2       Counsel shall be appointed for eligible defendants within one working day of the court's receipt of a request for appointed counsel.

4.3       Counsel shall be appointed for eligible defendants who are not in custody at the defendant's first court appearance or when adversarial proceedings are initiated, whichever comes first.

4.4       In any adversarial judicial proceeding that may result in punishment by confinement, the court shall not direct or encourage the defendant to communicate with the attorney for the state until the court advises the defendant of the right to counsel and the procedures for requesting appointment of counsel, and the defendant has been given a reasonable opportunity to request appointed counsel.

## Attorney Selection Process
### 10/23/2011
### SECTION V
### Attorney Selection Process

5.1       A master list of qualified attorneys will be maintained by the Criminal District Court Manager's Office.

5.2       Daily access to that list will be limited to appointing courts and their designees. Those accessing the list will not be able to preview the order of the attorneys as they appear on the list. The court or its designee may draw as many names from the list, in the order that they appear at the required level, as there are appointments to be made that day. The court or its designee shall appoint the next attorney in the rotation unless the court makes a finding of good cause on the record for appointing an attorney out of order. The skipped attorney will remain at the top of that level of the list from which the appointment was made.

5.3       A court or its designee may appoint from the master list or the Public Defender's Office.

5.4       An attorney cannot be appointed on a case at a level higher than that for which the attorney has been qualified by a vote of the judges.

5.5       When a defendant has two or more cases one attorney will be appointed to all cases and will be appointed from the level of the greater offense.

5.6       An attorney will be appointed only after a case is pre-assigned to a court.

5.7       Defendants who speak only a foreign language will be matched to an attorney qualified to speak that language if available. Those attorneys will also be on the non-multi-lingual part of each level of the trial wheel and their names will come up on both parts, but an appointment as a multi-lingual speaker from any level of the wheel will result in forfeiture of position for appointment on the other part at the same level.

                                                             

5.8     When a defendant is subsequently charged with a higher grade of offense, the court may appoint new counsel from the list.

5.9     Felonies with enhancement paragraphs may, in the discretion of the court, be classified for purposes of appointment at the level of the underlying offense or at the level of the potential maximum punishment.

5.10    The wheel system set forth in this plan applies to trials, probation revocations, and appeals, but is not applicable to writs.

5.11    Attorneys appointed to handle probation revocations must meet the qualifications set forth for court appointments to state jail felony cases. When appointing counsel to a probation revocation the court may continue the attorney who was counsel for the defendant at the defendant's trial or plea on the case, or may appoint new counsel using the trial appointment wheel or the public defender's office.

5.12    Attorneys appointed to writs must be on the list of attorneys approved for writ appointments. Attorneys desiring to be on the writ list must submit the approved application form and be approved by a majority of the judges.

5.13    This plan does not apply to death penalty cases.

5.14    A court may appoint any available, qualified attorney to advise a witness when the law requires representation.

5.15    Before withdrawing as counsel for the defendant after a trial or plea of guilty, if the defendant is not represented by other counsel, counsel shall advise the defendant of the defendant's right to file a motion for new trial and a notice of appeal. If the defendant wishes to pursue a new trial or an appeal, counsel shall assist the defendant in requesting the prompt appointment of replacement counsel. If replacement counsel is not appointed promptly, counsel shall assist the defendant in filing a timely motion for new trial or notice of appeal if the defendant desires to pursue one or both of those remedies.

## Fee and Expense Payment Process
### 3/29/2011
### SECTION VI
### Fee and Expense Payment

6.1     Appointed attorneys shall be compensated in accordance with the fee schedule approved by the judges of the criminal district courts and the district courts giving preference to criminal cases.

6.2     Attorneys must submit documentation on the approved forms as required by the fee schedule. Failure to submit proper documentation may result in a delay in receiving payment or in a failure to receive full payment.

6.3     When an attorney has been appointed and the defendant subsequently retains counsel, the

appointed attorney shall be compensated for any work performed prior to the substitution of retained counsel.

6.4     The county auditor will not pay any attorney who is not on the approved list at the time of appointment.

6.5     If the judge disapproves the requested amount of payment, the judge shall make written findings stating the amount of payment the judge approves and each reason for approving an amount different from the requested amount. If an attorney is not satisfied with the amount of compensation approved by the judge, the attorney may appeal the judge's decision by filing a motion with the Presiding Judge of the First Administrative Judicial Region, Judge John Ovard located on the 5th floor of the Frank Crowley Criminal Courts Building.

6.6     Expenses incurred without prior court approval shall be reimbursed if the expenses are reasonably necessary and reasonably incurred. An attorney
should obtain prior court approval for any expenses exceeding $750.00.

## Miscellaneous
*11/30/2010*
## SECTION VII
## Amendment of Plan

7.1     Amendments to this Plan and the Fee Schedule require a two-thirds vote of the judges of the criminal district courts and the district courts giving
preference to criminal cases of Dallas County.

## Plan Documents

Dallas District Court Affidavit of Indigence.pdf (11/23/2009 1:26:54 PM) view
Dallas District Court Attorney Application for Appeals Appointment.pdf (10/24/2011 3:48:34 PM)
view
Dallas District Court Attorney Application for Appointment.doc (11/30/2010 3:07:41 PM) view
Dallas District Court Attorney Fee Schedule.pdf (11/23/2009 1:59:04 PM) view
Dallas District Court Attorney Fee Voucher.pdf (11/23/2009 1:51:29 PM) view
Dallas District Court Magistrates Warning Form.pdf (11/23/2009 1:19:43 PM) view
Dallas District Court Waiver of Counsel.pdf (11/23/2009 3:22:25 PM) view

# Texas Indigent Defense Commission
### (Formerly Task Force on Indigent Defense)

# 2011 Biennial Indigent Defense
# Countywide Plan Instructions

### September 8, 2011

## 2011 Biennial Indigent Defense Countywide Plan Instructions

Not later than November 1 of each odd-numbered year, every county is mandated by the Texas Legislature to submit a copy of its countywide indigent plan(s) and procedures, any revisions to the plan or forms previously submitted, or verify that the plan and forms previously submitted still remain in effect. These instructions govern the submission of the plans due to be submitted to the Texas Indigent Defense Commission (Commission) on or before November 1, 2011, pursuant to Section 79.036 of the Texas Government Code. Completion of this process is necessary for your county to maintain eligibility to receive grant funds awarded by the Commission.

The 82nd Texas Legislature passed several pieces of indigent defense related legislation. SB 1681 clarifies that the Fair Defense Act applies to attorney appointments for motions to revoke probation and appeals, which means that these types of cases need to be covered by the indigent defense plan using one of the systems authorized in statute (assigned counsel, public defender or alternative program). Plans that specifically indicate that they do not apply to probation revocations or appeals will need to be changed. Otherwise, the process of reviewing and approving the indigent defense plan on file with the Commission will be very straightforward and builds on the hard work put in to enter the plan in the online system two years ago. For your reference, though, we provide summaries of all the indigent defense related bills on the Commission's legislative website at http://www.courts.state.tx.us/tidc/Legislative82.asp.

| Summary of Steps to Submitting/Verifying the 2011 Countywide Indigent Defense Plan | |
|---|---|
| 1. | Click hyperlink in email from Texas Indigent Defense Commission (please follow Alternative Instructions in next section if you do not have an email on file or want to submit/verify your plan before receiving the email) |
| 2. | Enter your username and password (see note below on obtaining this from PPRI) |
| 3. | Update contact information for local officials and out of county arrest contacts as needed Note: If you are no longer the administrative judge/juvenile board chair when you change the contact an email will be generated to the new judge to complete the submission/verification process. |
| 4. | Review the plan and forms currently on file by scrolling down the screen |
| 5. | If the plan and all forms are still current, then click the "Approve" button(s) and you are finished* |
| 6. | If you want to make changes to the plan, then click the "Edit" button |
| 7. | Click the appropriate tab for the section of the plan to be amended and enter text |
| 8. | Click the Forms tab to upload a new or revised form (e.g. attorney fee schedule) |
| 9. | Click the "Submit" button on the plan submission tab and you are finished* |

*Note: In cases where a plan covers more than one county there may be multiple officials designated to complete the submission (e.g. different local administrative district judges for the counties covered by a single plan). All the officials will be listed on the plan submission website.

**Alternate Instructions-** Follow these instructions if you wish to proceed without waiting for the email or do not have an email address on file with the Commission:

1. Log onto http://tidc.tamu.edu
2. Enter your username and password (see note below on obtaining this from PPRI).
3. Update contact information for local officials and out of county arrest contacts as needed
4. Under the "ID Plan" heading on the left side of screen click "Verify/Amend County/District/Juvenile Plan," as appropriate.
5. If you would like to review and verify the plan on file, then click the "Plan Submission" tab at the right hand side of the menu where you can click "View" to see the entire document. Click the "Approve" button(s) at the bottom of the screen if it is still current and you do not want to make any changes.
6. If you would like to make changes to the plan, then click the appropriate tab for the section of the plan to be amended and enter text or click the "Forms" tab and upload the new form(s).
7. Click the "Plan Submission" tab and then click the "Submit" button and you are finished.

The Texas A&M University, Public Policy Research Institute (PPRI) manages the collection, storage and retrieval of data for the Commission. PPRI is available to assist local officials with completing the plan submission/verification process, as well as with updating contact information and local officials listed on the website. If a person other than the recipient of this letter needs to obtain a user name and password please contact County officials may contact Darby Brennan at PPRI through e-mail (dbrennan@ppri.tamu.edu), phone (979-845-2003), fax (888-351-3485), or by regular mail:

Darby Brennan, PPRI
314 H. C. Dulie Bell Building
TAMU, Mailstop 4476
College Station, Texas 77843-4476

PPRI will not provide user names and passwords over the phone. Individuals using personal e-mail accounts may be asked to provide additional information to verify their identity.

Below is more detailed information on how to complete the plan submission process:

1) **Log onto http://tidc.tamu.edu or click link from email and log in**
   ➤ Enter your Username and Password.  If you do not know your username and password, please contact Darby Brennan (dbrennan@ppri.tamu.edu).
   ➤ Sign in – The official responsible for submission of the plan (Local Administrative District Judge, Local Administrative Statutory County Court Judge/County Judge, or Chair of the Juvenile Board) logs in to the website using their unique username and password. This official is the only one who may complete the submission/verification process; however a designee may make updates to the plan at the official's direction. Once the designee submits changes to the plan an email will be sent to the appropriate official or officials for them to approve the submission.

2) **Update contact information for local officials and out of county arrest contacts as needed**
Verify and update the contact information for the officials responsible for the plans and the out of county arrest contacts. Use the "Change" button when the person listed is no longer the designated official and also to change contact information for a person. The out of county arrest contact is the person who should be contacted to arrange for appointment of counsel in your county when a person is arrested in another county based on an arrest warrant or directive to apprehend issued in your county on behalf of your jurisdiction (District, County, or Juvenile Courts). This is intended to facilitate appointment being made by the county with jurisdiction for the case, thereby saving money by eliminating an additional appointment being made in the county of arrest. This information is posted on the Commission's website for easy access.

3) **Review the plan and forms currently on file by scrolling down the screen (if you clicked the link in the email)**
➤ If you logged on to the website directly, select "Verify/Amend County/District/Juvenile Plan," depending on which plan(s) you are responsible for submitting.

4) **If the plan and all forms are still current, then Click the "Approve" button and you are finished.**
➤ If you logged on to the website directly, then Select the "Plan Submission" tab if you would like to verify the plan on file is still current without making any changes. On this page, you may review the plan on file by clicking the "View" link next to the review plan heading. If it is all still current, then click the "Approve" button(s) next to your name to complete the verification process.

5) **If you would like to make changes to the plan or upload a new form then Click the "Edit" button.**
➤ Select the plan section tab(s) where you want to make changes to your plan or "Forms" tab to upload a new or revised form, such as an attorney fee schedule. When you complete these updates go to the "Plan Submission" tab and click the "Approve" button(s) next to your name to complete the submission process.

**Notes related to making changes to your plan:**
➤ **Minimum plan requirements -** If you make changes to your plan, please be sure to review the minimum plan requirements for that section. These will appear above the text boxes for each section. Commission staff will review all amended sections to make sure they still meet these requirements. A complete listing of requirements for both adult and juvenile plans is attached to these instructions.
➤ **Review plan templates –** Immediately below the required elements are a listing of "Available Templates". These templates provide sample language that meet the requirements for that plan section and were created based on a review of all existing indigent defense plans. Click "View" and a new window will appear with the text for your review and potentially copy and paste into your plan. If you use the plan templates, be sure to insert text in the blanks to indicate your policy decision, such as the number of CLE hours required for attorneys.
➤ **Enter text into appropriate plan sections –** Edit the text of your plan in the text box shown below the plan requirements and plan templates. When you have completed entering the text for a section, save it by clicking the 💾 button on the left side of the

toolbar. Continue the next section you wish to review or edit by clicking the appropriate tab. You may leave the plan submission page and come back later to complete the process prior to submitting- just be sure you have saved the text in each section using the button.

➢ **Upload Forms used in the indigent defense process** – Upload forms by clicking the "Forms" tab. There are six categories of forms plus an other category:
- Magistrate's Warning Form
- Affidavit of Indigence
- Attorney Application for Appointment
- Attorney Fee Schedule
- Attorney Fee Voucher
- Waiver of Counsel
- Other Forms

As with the text in the plans, we have provided a variety of sample form templates that you may adopt and use as part of your own plan. Click "View" and a new window will appear with the form for your review. You may also save the form to your own computer if you would like to alter it in some way prior to uploading it. Click "Insert _name_ Template" to upload and use the template form.

You may also upload a form directly from your computer by first selecting the appropriate document type for each form to be uploaded by clicking the bubble adjacent to that category (e.g. attorney fee voucher). Then click "Browse" to locate the file containing the form on your computer or network. The forms will be automatically labeled based on the type you select. If you upload a form in the "Other Forms" category, please provide a description of the form in the text box provided. This, along with the county name and court level, will be used as its name when displaying the form on the website. Then click "Upload" and the form will be uploaded and immediately appear below under "Plan Document Folder" heading. Based on prior submissions we anticipate forms being submitted in at least the first six categories for most adult plans submitted and first four categories for juvenile plans. An attorney fee schedule[1] and an attorney fee voucher[2] are required by statute and must be included as part of your plan submission. If you do not have an electronic copy of a form, then you may scan it into a PDF file and upload it in the manner described above.

6) **Approval/Verification of plan by statutorily designated official** - If the person who completes the submission process is not the official designated by statute to make the submission, an email will then be generated to that official with a link to this page that the official must click to approve the submission. The following are the officials designated to submit the plans:
   ➢ The local administrative district judge is the designated official to submit the plan for the district courts trying felony cases.[3]
   ➢ The local administrative statutory county judge (or county judge if no statutory county judge) is the designated official to submit the plan for the county courts

---

[1] Tex. Code Crim. Proc. art. 26.05(b).
[2] Tex. Code Crim. Proc. art. 26.05(c).
[3] Tex. Gov't Code § 79.036(b)(1)

Texas Indigent Defense Commission                                    2011 Countywide Plan Submission Instructions

**4**

trying misdemeanor cases.[4]
- ➢ If the two levels of court submit a joint plan, then the local administrative district judge is the designated official to submit the plan.[5]
- ➢ The chair of the juvenile board is the official designated to submit the juvenile board's plan.[6]

In cases where a plan covers more than one county there may be multiple officials designated to complete the submission. As an example, if a plan is submitted for three counties, but the submitting judge is the local administrative district judge in only two of the counties, then the local administrative district judge of the third county would also have to approve the submission. This would be done via an automatic email to that judge in the process described above.

7) **Plan Amendments and New Forms** - Although the mandatory plan submission process is only every other year, we strongly encourage you to continue to submit any changes to your plan or forms as they occur. We want to make sure the information we publish on our website is current. You may do so in the same manner as the original plan submission by selecting the appropriate section(s) of your plan to amend or form to replace. Whenever a change is submitted, the system will automatically archive the prior version for later reference and note the date of the change and who made it. As with the original submission, if the person submitting the change is not the designated official an email to that official will be generated so that they may approve the submission.

---

[4] TEX. GOV'T CODE § 79.036 (b)(2)
[5] TEX. GOV'T CODE § 79.036 (c)
[6] TEX. GOV'T CODE § 79.036 (d)

**Adult Minimum Plan Requirements**

1. Conduct prompt and accurate magistration proceedings.
   - Accused must be brought before magistrate within 48 hours of arrest* [Art. 14.06(a), CCP]
   - Magistrate must inform and explain right to counsel and right to appointed counsel to accused [Art. 15.17(a), CCP]
   - Magistrate must ensure that reasonable assistance in completing forms necessary to request counsel is provided to the accused. [Art. 15.17(a), CCP]
   - Record must be made of:
     - ➢ Magistrate informing the accused of the accused's right to request appointment of counsel [Art. 15.17(e)(1), CCP]
     - ➢ Magistrate asking whether accused wants to request appointment of counsel [Art. 15.17(e)(2), CCP]
     - ➢ Whether the person requested court appointed counsel [Art. 15.17(e)(3), CCP]
   - If authorized to appoint counsel, magistrate must do so within 1 working day after receipt of request for counsel in counties with a population of 250,000 or more and within 3 working days in counties under 250,000 [Art. 15.17(a), CCP]
   - If not authorized to appoint counsel, magistrate within 24 hours must transmit or cause to be transmitted to the appointing authority an accused's request for counsel [Art. 15.17(a), CCP]

   * Note: Person arrested for misdemeanor without a warrant must be released on bond in an amount no more than $5,000 not later than 24 hours after arrest if a magistrate has not determined probable cause by that time [Art. 17.033, CCP]

2. Determine indigence according to standards directed by the indigent defense plan.
   - Detail procedures used to determine whether a defendant is indigent [Art. 26.04(l)-(r), CCP]
   - State financial standard(s) to determine whether a defendant is indigent [Art. 26.04(l), CCP]
   - List factors courts will consider when determining whether a defendant is indigent [Art. 26.04(m), CCP]

3. Establish minimum attorney qualifications.
   - Establish objective qualification standards for attorneys [Art. 26.04, CCP]
     - ➢ Standards must require attorneys to complete at least 6 hours of continuing legal education pertaining to criminal law during each 12-month reporting period (see 1 TAC §§174.1-174.4)
   - Attorneys must be approved by majority of judges to be placed on the appointment list [Art. 26.04, CCP]

4. Appoint counsel promptly.
   - Incarcerated persons: After receipt of request for counsel, counsel must be appointed within 1 working day in counties with a population of 250,000 or more and 3 working days in counties under 250,000 [Art. 1.051(c), CCP]

- Persons out of custody: Counsel must be appointed at defendant's first court appearance or when adversarial judicial proceedings are initiated, whichever comes first [Art. 1.051(j), CCP] (See also, *Rothgery v. Gillespie County* and presentation from indigent defense workshop)
- Advise unrepresented defendants of the right to counsel and procedures for obtaining counsel [Art. 1.051(f-2), CCP]

5. Institute a fair, neutral, and non-discriminatory attorney selection process.
   - Rotational method: Must appoint attorneys from among next five names on appointment list in the order in which the attorneys' names appear on the list, unless the court makes a finding of good cause on the record for appointing an attorney out of order [Art. 26.04(a), CCP]
   - Public Defender: Must meet the requirements in Article 26.044, CCP and process for appointment of the public defender needs to be in indigent defense plan [Art. 26.04(f), CCP]
   - Alternative method [Art. 26.04(g)-(h), CCP]:
     - Must be established by vote of two-thirds of the judges
     - Must be approved by presiding judge of administrative judicial region
     - Must allocate appointments reasonably and impartially among qualified attorneys
     - For contract defender program, must meet contract defender standards (see 1 TAC §§174.10 – 174.25)

6. Fee and expense payment process.
   - Payments shall be in accordance with a schedule of fees adopted by the judges [Art. 26.05(b), CCP]
   - No payment shall be made until judge approves payment after submission of attorney fee voucher [Art. 26.05(c), CCP]
   - If judge disapproves the requested amount of payment, the judge shall make written findings stating the amount that the judge approves and each reason for approving an amount different from the requested amount. [Art. 26.05(c), CCP]
     - An attorney whose request for payment is disapproved or is not acted upon within 60 days of submission may appeal the disapproval or failure to act by filing a motion with the presiding judge of the administrative judicial region
   - Expenses incurred without prior approval shall be reimbursed if expenses are reasonably necessary and reasonably incurred. [Arts. 26.05(d) & 26.052(h), CCP]

7. Forms.
   - Magistrate's Warning Form
   - Affidavit of Indigence
   - Attorney Application for Appointment
   - Attorney Fee Schedule [Art. 26.05(b), CCP]
   - Attorney Fee Voucher [Art. 26.05(c), CCP]
   - Waiver of Counsel
   - Other Forms

**Juvenile Minimum Plan Requirements**

1. Conduct prompt detention hearing if child not released by intake.
   - If child taken into custody, then must hold detention hearing by second working day, or first working day if detained on Friday or Saturday [Sec. 54.01(a), FC]
   - Prior to detention hearing, court must inform child's parent or other person responsible for child's support of child's right to appointed counsel if they are indigent [Sec. 54.01(b), FC]

2. Determine indigence according to standards directed by the indigent defense plan.
   - Detail procedures used to determine whether a child's parent(s) or other person(s) responsible for child's support are indigent [Sec. 51.102(b)(1), FC & Art. 26.04(l)-(r), CCP]
   - State financial standard(s) to determine whether a child's parent(s) or other person(s) responsible for child's support are indigent [Art. 26.04(l), CCP]
   - List factors courts will consider when determining whether a child's parent(s) or other person(s) responsible for child's support are indigent [Art. 26.04(m), CCP]

3. Establish minimum attorney qualifications.
   - Establish objective qualification standards for attorneys for three levels of conduct [Sec. 51.102(a),(b)(2), FC]:
     - Conduct indicating a need for supervision or delinquent conduct (no TYC possible);
     - Delinquent conduct (TYC possible); and
     - Determinate sentence or discretionary transfer to criminal court proceedings has been initiated.
   - Standards must require attorneys to complete at least 6 hours of continuing legal education pertaining to juvenile law during each 12-month reporting period (see 1 TAC §§174.1-174.4)
   - Attorneys must be approved by a majority of the Juvenile Board to be placed on the appointment list [Sec. 51.102(a), FC & Art. 26.04, CCP]

4. Appoint counsel promptly.
   - If the child was not represented by an attorney at the detention hearing and a determination was made to detain the child, the child shall immediately be entitled to representation by an attorney [Sec. 51.10(c), FC]
   - If not detained, attorney must be appointed on or before 5th working day after the date the petition for adjudication, motion to modify, or discretionary transfer hearing was served [Sec. 51.101(c)-(d), FC]

5. Institute a fair, neutral, and non-discriminatory attorney selection process.
   - Rotational method: Must appoint attorneys from among next five names on appointment list in the order in which the attorneys' names appear on the list, unless the court makes a finding of good cause on the record for appointing an attorney out of order [Art. 26.04(a), CCP]

- Public Defender: Must meet the requirements in Article 26.044, CCP and process for appointment of the public defender needs to be in indigent defense plan [Art. 26.04(f), CCP]
- Alternative method [Art. 26.04(g)-(h), CCP]:
  - ➢ Must be established by vote of two-thirds of the juvenile board
  - ➢ Must be approved by presiding judge of administrative judicial region
  - ➢ Must allocate appointments reasonably and impartially among qualified attorneys
  - ➢ For contract defender program, must meet contract defender standards (see 1 TAC §§174.10 – 174.25)

6. Fee and expense payment process.
   - Payments shall be in accordance with a schedule of fees adopted by the Juvenile Board [Art. 26.05(b), CCP]
   - No payment shall be made until judge approves payment after submissions on court's attorney fee voucher [Art. 26.05(c), CCP]
   - If judge disapproves the requested amount of payment, the judge shall make written findings stating the amount that the judge approves and each reason for approving an amount different from the requested amount [Art. 26.05(c), CCP]
     - ➢ An attorney whose request for payment is disapproved or is not acted upon within 60 days of submission may appeal the disapproval or failure to act by filing a motion with the presiding judge of the administrative judicial region
   - Expenses incurred without prior approval shall be reimbursed if expenses are reasonably necessary and reasonably incurred [Arts. 26.05(d) & 26.052(h), CCP]

7. Forms.
   - Affidavit of Indigence
   - Attorney Application for Appointment
   - Attorney Fee Schedule [Art. 26.05(b), CCP]
   - Attorney Fee Voucher [Art. 26.05(c), CCP]
   - Other Forms

State and County Courts, Dallas County, Texas          http://www.dallascounty.org/department/courts/civildistrictcourts/101...



| Home | About Us | County Government | Departments | How Do I... | Records | Services | Transparency |



 WEATHER/TRAFFIC

| Home |
| --- |
| 14th District Court |
| 44th Civil District Court |
| 68th Civil District Court |
| 95th Civil District Court |
| 101st Civil District Court |
| 116th Civil District Court |
| 134th Civil District Court |
| 160th Civil District Court |
| 162nd Civil District Court |
| 191st Civil District Court |
| 192nd Civil District Court |
| 193rd Civil District Court |
| 298th District Court |
| Tax Court and Visiting Judge Kent Sims |
| Associate Judge Snelson |
| Associate Judge McFarlin |
| Local Rules and Guidelines |

## 101st Judicial District Court
### Hon. Martin 'Marty' Lowy, Presiding

Court Phone: 214-653-6037 · Email: jmckinnon@dallascourts.org

Judge Lowy was elected to the 101st District Court in November, 2006 and has served as Judge since January 1, 2007.

Judge Lowy was born in 1950 in Baltimore, Maryland. He received his Bachelor of Arts degree with high honors from Michigan State University in 1973 and his Juris Doctor degree *magna cum laude* from Southern Methodist University School of Law in 1979. Judge Lowy was licensed to practice law in 1979, has been Board Certified in Civil Trial Law by the Texas Board of Legal Specialization since 1988, and is a member of the College of the State Bar of Texas.

For the first 18 years of his legal career, Judge Lowy practiced civil litigation with several small law firms and as a sole practitioner. From November, 1997 until taking the bench, he served as in-house litigation counsel for the Texas division of a major bank.

Judge Lowy has served as chair of numerous committees and sections of the Dallas Bar Association and was selected to serve as the Judicial At-Large member of the DBA Board of Directors for 2008. He is a fellow of the Dallas Bar Foundation and the Texas Bar Foundation. Since 2000, Judge Lowy has appeared almost every year in *Bar None*, the annual variety show produced by the Dallas Bar Association and Dallas Bar Foundation to benefit the Sarah T. Hughes Diversity Scholarships at the SMU Dedman School of Law.

| Policies & Procedures | Standard Orders | Judges Biography |
| --- | --- | --- |
|  | Court's Bulletin Board | Judges Home Page |

| Most Visited |
| --- |
| State and County Courts |
| Civil District Courts |
| County Criminal Courthouse |
| Most Visited State and County Courts Sites |
| Criminal District Courthouse |
| Family Courthouse |
| County Courts At Law Courthouse |
| 14th Judicial District Court |
| 68th Judicial District Court |
| 255th Family District Court |

| Dallas County Help Center |
| --- |
| Online Services |
| Employment |
| Emergency Preparedness |
| Report a Concern |
| Employee Self Service |
| Newsletters |





Home | Government | Online Services | Departments
Contact Us | Help | Privacy Policy | ADA Statement

Select Language
Powered by Google Translate

1 of 1                                                                          11/27/2012 7:42 AM

DEFENSE EXHIBIT 7        ARRAIGNMENT SHEET/HAL TURLEY

# ARRAIGNMENT SHEET

F1162543

Book-in No. 11087809
LAI No.    1034455

Black    Female    06/26/1989

The State of Texas, County of Dallas

I, _____Hal Turley_____, of Dallas County, Texas, sitting as a Magistrate, do hereby certify that on this, the __14__ day of _____December_____, 2011 at __4:44 AM__, sitting at 111 Commerce, City of Dallas, Dallas County, Texas appeared _____JESSICA EVETTE HENDERSON_____, being a person under arrest, and that I have in clear language informed the person arrested of the accusation against him and of any Affidavit filed herewith, and of his right to retain counsel, and of his right to the appointment of counsel if he is indigent and cannot afford counsel, and of his right to remain silent, and of his right to have an attorney present during any interview with peace officers or attorneys representing the State, and of his right to terminate the interview at any time, and of his right to have an examining trial.

I informed the person arrested that he does not have to make any statement at all, and that any statement made by him may be used in evidence against him on his trial for the offense concerning which the statement is made.

I informed the person arrested that reasonable time and opportunity would be allowed him to consult counsel and of his rights to bail if allowed by law.

I also informed the person arrested that if he is not a citizen of the United States that he may have the right to contact consular officials from his country and that if he is a citizen of certain countries that consular officials would be notified of this arrest without further action required on his part.

[✓] The person arrested stated that he is a citizen of the United States of America

| Offense(s): | Cause No. | Agency Name | Bond Amount |
|---|---|---|---|
| CAPITAL MURDER | F1162543 | Dallas Police | $500,000.00    Cash/Sur |

I, Gary Fitzsimmons, District Clerk of Dallas County, Texas do hereby certify that the foregoing is a true and correct copy as the same appears on record now on file in my office.

Witness my office, this _____

GARY FITZSIMMONS, DISTRICT CLERK
Dallas County, Texas

By: _____
Deputy

**DEFENDANT'S EXHIBIT**
1

Remanded to custody of _____DSO_____ in witness whereof, I have subscribed my name this the __14__ day of _____December_____, 2011.

_____Hal Turley_____
Magistrate    Dallas County, Texas

Page 1 of 1

## INSTRUCTIONS RELATING TO
## PRELIMINARY INITIAL APPEARANCE



Cause No. **F1162543**

Offense:   **CAPITAL MURDER**

The State of Texas

vs.
**JESSICA EVETTE HENDERSON**

On this date appeared **JESSICA EVETTE HENDERSON**, hereafter referred to as defendant, who makes his initial appearance in connection with the above numbered cause. At this appearance a hearing was held, at which the following took place:

1.   Defendant was informed as provided in Art. 15.17 CCP.

2.   Bail was set in the amount of $ **$500,000.00**

3.   All    felony    charges associated with this arrest are assigned to and shall be filed in
     **Robert Burns** Court, **Criminal District Court No. 1 (FH)**

Copies of these instructions served on defendant and transporting officer on this **14** day of **December**, 20**11**.

T.
COUNTY OF DALLAS
I, Gary Fitzsimmons, District Clerk of Dallas County, Texas do hereby certify that the foregoing is a true and correct copy as the same appears in the record now on file in my office.

Witness my hand and seal of office, this ___

GARY FITZSIMMONS, DISTRICT CLERK
Dallas County, Texas
By:

# ARRAIGNMENT SHEET



Book-in No. 11087809
LAI No.    1034455

Black    Female    06/26/1989

The State of Texas, County of Dallas

I, _____ Hal Turley _____, of Dallas County, Texas, sitting as a Magistrate, do hereby certify that on this, the 14 day of _____ December _____, 2011 at _4:44 AM_, sitting at 111 Commerce, City of Dallas, Dallas County, Texas appeared _____ JESSICA EVETTE HENDERSON _____, being a person under arrest, and that I have in clear language informed the person arrested of the accusation against him and of any Affidavit filed herewith, and of his right to retain counsel, and of his right to the appointment of counsel if he is indigent and cannot afford counsel, and of his right to remain silent, and of his right to have an attorney present during any interview with peace officers or attorneys representing the State, and of his right to terminate the interview at any time, and of his right to have an examining trial.

I informed the person arrested that he does not have to make any statement at all, and that any statement made by him may be used in evidence against him on his trial for the offense concerning which the statement is made.

I informed the person arrested that reasonable time and opportunity would be allowed him to consult counsel and of his rights to bail if allowed by law.

I also informed the person arrested that if he is not a citizen of the United States that he may have the right to contact consular officials from his country and that if he is a citizen of certain countries that consular officials would be notified of this arrest without further action required on his part.

[✓] The person arrested stated that he is a citizen of the United States of America

| Offense(s): | Cause No. | Agency Name | Bond Amount |
|---|---|---|---|
| CAPITAL MURDER | F1162543 | Dallas Police | $500,000.00    Cash/Sur |

I, Gary Fitzsimmons, District Clerk of Dallas County, Texas, do hereby certify that the foregoing is a true and correct copy as the same appears in record now on file in my office.

Witness my official seal of office, this _____

GARY FITZSIMMONS DISTRICT CLERK
Dallas County, Texas

By _____ Deputy

Remanded to custody of _____ DSO _____ in witness whereof. I have subscribed my name this the 14 day of _____ December _____, 2011.

_____ Hal Turley _____
Magistrate        Dallas County, Texas

Page 1 of 1

# INSTRUCTIONS RELATING TO
## PRELIMINARY INITIAL APPEARANCE



Cause No. **F1162543**

Offense:   **CAPITAL MURDER**

The State of Texas

vs.

**JESSICA EVETTE HENDERSON**

On this date appeared **JESSICA EVETTE HENDERSON**, hereafter referred to as defendant, who makes his initial appearance in connection with the above numbered cause. At this appearance a hearing was held, at which the following took place:

1. Defendant was informed as provided in Art. 15.17 CCP.

2. Bail was set in the amount of $ **$500,000.00**

3. All    felony    charges associated with this arrest are assigned to and shall be filed in **Robert Burns** Court, **Criminal District Court No. 1 (FH)**

Copies of these instructions served on defendant and transporting officer on this **14** day of **December**, 20**11**.

THE STATE OF TEXAS
COUNTY OF DALLAS

I, Gary Fitzsimmons, District Clerk of Dallas County, Texas, do hereby certify that the foregoing is a true and correct copy as the same appears on record now on file in my office.

Witness my official hand and seal of office, this _____

GARY FITZSIMMONS, DISTRICT CLERK
Dallas County, Texas

By:_____ Deputy

Cause# ___F1162543___    **ELECTION OF COUNSEL**    Special Needs: _____

Name: _____JESSICA EVETTE HENDERSON_____ DOB: 06/26/1989 Sex: F Race: B

## Select and initial one:

_____NO, I DO NOT WANT AN APPOINTED LAWYER. I have been warned by the magistrate that I have the right to request a determination of indigency to decide whether I am entitled to the appointment of a lawyer and I understood the warnings given to me by the magistrate. I will hire my own lawyer.

_____YES, I DO WANT AN APPOINTED LAWYER. I have been advised by the magistrate of my right to representation by counsel in the trial of the charge against me. I certify that I am without means to employ a lawyer of my own choosing and I now request the court to select and appoint a lawyer for me. I understand that I may be required to repay Dallas County for a court-appointed lawyer.

My total monthly income, including spouse's income, SSI, child support, disability or other is:
$_____

The total value of my assets, including house, cars, cash, stocks, bonds or other is:
$_____

I swear that the above information is true and correct.

*All information is subject to verification. Falsification of information is a criminal offense.*

_____    12-14-11
Arrested Person                   Date

STATE OF TEXAS
COUNTY OF DALLAS

I, Gary Fitzsimmons, District Clerk of Dallas County, Texas, do hereby certify that the foregoing is a true and correct copy as the same appears on record now on file in my office.

Witness my official hand and seal of office, this ___

GARY FITZSIMMONS, DISTRICT CLERK
Dallas County, Texas
BY:_____ Deputy

IMPORTANT – NEW COURT APPOINTMENT    · udit # 201147368

**Subject:** IMPORTANT – NEW COURT APPOINTMENT - Audit # 201147368
**From:** <AIS_Helpdesk@dallascounty.org>
**Date:** 12/16/2011 2:58 PM
**To:** <CBERNHARD@SBCGLOBAL.NET>, <jessica.esparza@dallascounty.org>

CATHERINE BERNHARD has been appointed on 12/16/2011 2:56:57 PM to represent JESSICA HENDERSON(6/26/1989, B, F).

The Defendant is to face the charge(s) of:

F1162543    CAPITAL MURDER    Which is classified as a FX

The Defendant is in jail under bookin number 11087809

The Defendant is located at West Tower 8P 8th Floor Control Center 08P 14

Please call, email, or fax to the court contact information below no later than 9:45 a.m. the following business day to confirm acceptance of this appointment and to confirm that you will make reasonable effort to contact the defendant as required by Texas Code of Criminal Procedure, Article 26.04(j).

This appointment does not become effective until you contact the Court listed below indicating whether you accept or decline the appointment. If you fail to notify the Court by the time set forth herein that you have accepted this appointment, a different attorney will be appointed to the case and you will not be compensated for the appointment.

The court contact information is as follows:

291st Judicial District Court - (U)
Jessica Esparza-Ramirez
Phone: 214-653-5872
jessica.esparza@dallascounty.org
Fax: 214-653-2768


291st Judicial District Court (FU)
Judge Susan Hawk presiding

If your client is interested in a Grand Jury waiver, contact the Court District Attorney

THIS IS AN AUTOMATED GENERATED EMAIL.  DO NOT RESPOND TO THIS EMAIL ADDRESS.

1 of 1                                                              12/16/2011 5:13 PM

DEFENSE EXHIBIT 8       ARRAIGNMENT SHEET/ ANTHONY RANDALL

# ARRAIGNMENT SHEET





Book-in No. 12013699
LAI No.    991963

White    Male    02/03/1965

### The State of Texas, County of Dallas

I, _____Anthony Randall_____, of Dallas County, Texas, sitting as a Magistrate, do hereby certify that on this, the _25_ day of _____February_____, _2012_ at _2:53 AM_, sitting at 111 Commerce, City of Dallas, Dallas County, Texas appeared _____MARK ANTHONY SPEERS_____, being a person under arrest, and that I have in clear language informed the person arrested of the accusation against him and of any Affidavit filed herewith, and of his right to retain counsel, and of his right to the appointment of counsel if he is indigent and cannot afford counsel, and of his right to remain silent, and of his right to have an attorney present during any interview with peace officers or attorneys representing the State, and of his right to terminate the interview at any time, and of his right to have an examining trial.

I informed the person arrested that he does not have to make any statement at all, and that any statement made by him may be used in evidence against him on his trial for the offense concerning which the statement is made.

I informed the person arrested that reasonable time and opportunity would be allowed him to consult counsel and of his rights to bail if allowed by law.

I also informed the person arrested that if he is not a citizen of the United States that he may have the right to contact consular officials from his country and that if he is a citizen of certain countries that consular officials would be notified of this arrest without further action required on his part.

☑ The person arrested stated that he is a citizen of the United States of America

| Offense(s): | Cause No. | Agency Name | Bond Amount |
|---|---|---|---|
| CAPITAL MURDER BY TERROR THREAT/OTHER FELONY | F1227999 | Garland Police | $1,000,000.00 Cash/Sur |

**DEFENDANT'S EXHIBIT**
8

THE STATE OF TEXAS
COUNTY OF DALLAS

I, Gary Fitzsimmons, District Clerk of Dallas County, Texas, do hereby certify that the foregoing is a true and correct copy as the same appears of record now on file in my office.

Witness my official hand and seal of office, this

GARY FITZSIMMONS DISTRICT CLERK
Dallas County, Texas

Remanded to custody of _____DSO_____ in witness whereof, I have subscribed my name this the _25_ day of _____February_____, _2012_.

Magistrate                    Dallas County, Texas

Page 1 of 1

## INSTRUCTIONS RELATING TO
## PRELIMINARY INITIAL APPEARANCE



Cause No. **F1227999**

Offense:   **CAPITAL MURDER BY TERROR THREAT/OTHER FELONY**

The State of Texas

vs.
**MARK ANTHONY SPEERS**

On this date appeared __**MARK ANTHONY SPEERS**__ , hereafter referred to as defendant, who makes his initial appearance in connection with the above numbered cause. At this appearance a hearing was held, at which the following took place:

1. Defendant was informed as provided in Art. 15.17 CCP.

2. Bail was set in the amount of $ **$1,000,000.00**

3. All    felony     charges associated with this arrest are assigned to and shall be filed in ____ **Robert Burns** ____ Court, **Criminal District Court No. 1 (FH)**

Copies of these instructions served on defendant and transporting officer on this __25__ day of __**February**__ , 20 __12__.

THE STATE OF TEXAS
COUNTY OF DALLAS

I, Gary Fitzsimmons, District Clerk of Dallas County, Texas, do hereby certify that the foregoing is a true and correct copy as the same appears in record now on file in my office.

Witness my official hand and seal of office this _____

GARY FITZSIMMONS, DISTRICT CLERK
Dallas County, Texas

_____ Deputy

NT – NEW COURT APPOINTMEN︑ Audit # 201210708

Subject: IMPORTANT – NEW COURT APPOINTMENT - Audit # 201210708
From: <AIS_Helpdesk@dallascounty.org>
Date: 2/28/2012 3:32 PM
To: <CBERNHARD@SBCGLOBAL.NET>, <lawrence.stokes@dallascounty.org>

CATHERINE BERNHARD has been appointed on 2/28/2012 3:25:41 PM to represent
MARK SPEERS(2/3/1965, W, M).

The Defendant is to face the charge(s) of:

f1227999    CAP MUR TER THRE Which is classified as a FX

The Defendant is in jail under bookin number 12013699

The Defendant is located at North Tower 4W West, 4th Floor Control Center
4W08

Please call, email, or fax to the court contact information below no later
than 9:45 a.m. the following business day to confirm acceptance of this
appointment and to confirm that you  will make reasonable effort to contact
the defendant as required by Texas Code of Criminal Procedure, Article
26.04(j).

This appointment does not become effective until you contact the Court
listed below indicating whether you accept or decline the appointment.  If
you fail to notify the Court by the  time set forth herein that you have
accepted this appointment, a different attorney will be appointed to the
case and you will not be compensated for the appointment.

The court contact information is as follows:

194th Judicial District Court (FM)
Lawrence Stokes
Phone: 214-653-5802
lawrence.stokes@dallascounty.org
Fax: N/A

194th Judicial District Court (FM)
Judge Ernest White presiding

If your client is interested in a Grand Jury waiver, contact the Court
District Attorney

THIS IS AN AUTOMATED GENERATED EMAIL.  DO NOT RESPOND TO THIS EMAIL ADDRESS.

DEFENSE EXHIBIT 9    ARRAIGNMENT SHEET/JANET LUSK

# ARRAIGNMENT SHEET

Book-in No. 12075340
LAI No.    1178213

Black    Male    05/19/1989

The State of Texas, County of Dallas

I, _____ Janet Lusk _____, of Dallas County, Texas, sitting as a Magistrate, do hereby certify that on this, the 11 day of _____ November _____, 2012 at _2:48 AM_, sitting at 111 Commerce, City of Dallas, Dallas County, Texas appeared _____ BRANDON JAROD FULWOOD _____, being a person under arrest, and that I have in clear language informed the person arrested of the accusation against him and of any Affidavit filed herewith, and of his right to retain counsel, and of his right to the appointment of counsel if he is indigent and cannot afford counsel, and of his right to remain silent, and of his right to have an attorney present during any interview with peace officers or attorneys representing the State, and of his right to terminate the interview at any time, and of his right to have an examining trial.

I informed the person arrested that he does not have to make any statement at all, and that any statement made by him may be used in evidence against him on his trial for the offense concerning which the statement is made.

I informed the person arrested that reasonable time and opportunity would be allowed him to consult counsel and of his rights to bail if allowed by law.

I also informed the person arrested that if he is not a citizen of the United States that he may have the right to contact consular officials from his country and that if he is a citizen of certain countries that consular officials would be notified of this arrest without further action required on his part.

[✓] The person arrested stated that he is a citizen of the United States of America

| Offense(s): | Cause No. | Agency Name | Bond Amount |
|---|---|---|---|
| CAPITAL MURDER | F1262325 | Dallas Police | $500,000.00    Cash/Sur |

**DEFENDANT'S EXHIBIT 9**
PENGAD-Bayonne, N.J.

COUNTY OF DALLAS

I, Gary Fitzsimmons, District Clerk of Dallas County, Texas, do hereby certify that the foregoing is a true and correct copy as the same appears on record now on file in my office.

Witness my official hand and seal of office, this _____ 12-17-12 _____.

GARY FITZSIMMONS, DISTRICT CLERK
Dallas County, Texas

By: _____ Deputy

Remanded to custody of _____ DSO _____ this the 11 day of _____ November _____, 2012.

in witness whereof, I have subscribed my name

_____ Magistrate    Dallas County, Texas

Page 1 of 1

Cause#___F1262325___    **ELECTION OF COUNSEL**    Special Needs: _____

Name: _____BRANDON JAROD FULWOOD_____ DOB: 05/19/1989 Sex: _M_ Race: _B_

**Select and initial one:**

_____NO, I DO NOT WANT AN APPOINTED LAWYER. I have been warned by the magistrate that I have the right to request a determination of indigency to decide whether I am entitled to the appointment of a lawyer and I understood the warnings given to me by the magistrate. I will hire my own lawyer.

___✓___YES, I DO WANT AN APPOINTED LAWYER. I have been advised by the magistrate of my right to representation by counsel in the trial of the charge against me. I certify that I am without means to employ a lawyer of my own choosing and I now request the court to select and appoint a lawyer for me. I understand that I may be required to repay Dallas County for a court-appointed lawyer.

My total monthly income, including spouse's income, SSI, child support, disability or other is:
$_____

The total value of my assets, including house, cars, cash, stocks, bonds or other is:
$_____

I swear that the above information is true and correct.

*'All information is subject to verification. Falsification of information is a criminal offense.*

X _Brandon Fulwell_                    _11-11-12_
 **Arrested Person**                        **Date**

STATE OF TEXAS
COUNTY OF DALLAS

I, Gary Fitzsimmons, District Clerk of Dallas County, Texas, do hereby certify that the foregoing is a true and correct copy as the same appears on record now on file in my office.

Witness my official hand and seal of office, this ___12-6-12___

GARY FITZSIMMONS, DISTRICT CLERK
Dallas County, Texas
By:_____
              Deputy

## INSTRUCTIONS RELATING TO
## PRELIMINARY INITIAL APPEARANCE



Cause No. **F1262325**
Offense: **CAPITAL MURDER**

The State of Texas

vs.

**BRANDON JAROD FULWOOD**

On this date appeared **BRANDON JAROD FULWOOD**, hereafter referred to as defendant, who makes his initial appearance in connection with the above numbered cause. At this appearance a hearing was held, at which the following took place:

1. Defendant was informed as provided in Art. 15.17 CCP.

2. Bail was set in the amount of $ **$500,000.00**

3. All    felony    charges associated with this arrest are assigned to and shall be filed in _____**Don Adams**_____ Court, **Criminal District Court No. 2 (FI)**

Copies of these instructions served on defendant and transporting officer on this **11** day of _____**November**_____, 20**12**.

I Gary Fitzsimmons, District Clerk of Dallas County, Texas, do hereby certify that the foregoing is a true and correct copy as the same appears on record now on file in my office.

Witness my official hand and seal of office, this _____

GARY FITZSIMMONS, DISTRICT CLERK
Dallas County, Texas

By:_____
Deputy



11/13/2012 12 53 56 PM

Loc North Tower 3W West 3rd Floor Central Center 3W04    Bookin Number: 12075340  · Audit Number 201259459

## APPOINTMENT OF COUNSEL FOR INDIGENT DEFENDANT

The State of Texas

Vs.

**BRANDON FULWOOD**

Criminal District Court No. 6 (FX)

District Court

Dallas County, Texas

| Cause No.: | Offense | LD |
|---|---|---|
| F1262325 | CAPITAL MURDER | FX |

It appearing that the defendant has executed a sworn statement certifying that he/she is without means to employ counsel and requesting appointment of counsel; the Court finds that the defendant is indigent and hereby appoints:  The Attorney: CATHERINE BERNHARD

Phone: 972-617-5548        Alt. Phone: 469-337-3398

Email: CBERNHARD@SBCGLOBAL.NET

Address: P O BOX 2817,  RED OAK, TX 75154

A practicing attorney of the State to represent the defendant in said case[s].

Signed this 13th day of November, 2012

TEXAS
COUNTY OF DALLAS

I Gary Fitzsimmons, District Clerk of Dallas County, Texas, do hereby certify that the foregoing is a true and correct copy as the same appears on record now on file in my office.

Witness my official hand and seal of office, this _____ 12-05-12

GARY FITZSIMMONS, DISTRICT CLERK
Dallas County, Texas

By: _____ Deputy

JUDGE

**Jeanine Howard**

IndigentAppointmentPD

IMPORTANT – NEW COURT APPOINTMENT - Audit # 201259459

Subject: IMPORTANT – NEW COURT APPOINTMENT - Audit # 201259459
From: <do-not-reply@dallascounty.org>
Date: 11/13/2012 12:53 PM
To: <CBERNHARD@SBCGLOBAL.NET>, <jbarker@dallascounty.org>

CATHERINE BERNHARD has been appointed on 11/13/2012 12:53:24 PM to
represent BRANDON FULWOOD(5/19/1989, B, M).

The Defendant is to face the charge(s) of:

F1262325    CAPITAL MURDER    Which is classified as a FX

The Defendant is in jail under bookin number 12075340

The Defendant is located at North Tower 3W West, 3rd Floor Control Center
3W04


Please call, email, or fax to the court contact information below no later
than 9:45 a.m. the following business day to confirm acceptance of this
appointment and to confirm that you  will make reasonable effort to
contact the defendant as required by Texas Code of Criminal Procedure,
Article 26.04(j).

This appointment does not become effective until you contact the Court
listed below indicating whether you accept or decline the appointment.  If
you fail to notify the Court by the  time set forth herein that you have
accepted this appointment, a different attorney will be appointed to the
case and you will not be compensated for the appointment.

The court contact information is as follows:

Criminal District Court No. 6 - (X)
Jerry Barker
Phone: 972-739-3910
jbarker@dallascounty.org
Fax: 214-875-2342


Criminal District Court No. 6 (FX)
Judge Jeanine Howard presiding

If your client is interested in a Grand Jury waiver, contact the Court
District Attorney

THIS IS AN AUTOMATED GENERATED EMAIL.  DO NOT RESPOND TO THIS EMAIL
ADDRESS.

1 of 1

11/13/2012 1:27 PM

DEFENSE EXHIBIT 10          ARRAIGNMENT SHEET/HAL TURLEY

# ARRAIGNMENT SHEET

Book-in No. 12060109
LAI No.    1174427

White    Female    10/20/1986

The State of Texas, County of Dallas

I, _____Hal Turley_____, of Dallas County, Texas, sitting as a Magistrate, do hereby certify that on this, the _7_ day of _____September_____, 2012 at _12:33 AM_, sitting at 111 Commerce, City of Dallas, Dallas County, Texas appeared _____CHLOE A MENAGER_____, being a person under arrest, and that I have in clear language informed the person arrested of the accusation against him and of any Affidavit filed herewith, and of his right to retain counsel, and of his right to the appointment of counsel if he is indigent and cannot afford counsel, and of his right to remain silent, and of his right to have an attorney present during any interview with peace officers or attorneys representing the State, and of his right to terminate the interview at any time, and of his right to have an examining trial.

I informed the person arrested that he does not have to make any statement at all, and that any statement made by him may be used in evidence against him on his trial for the offense concerning which the statement is made.

I informed the person arrested that reasonable time and opportunity would be allowed him to consult counsel and of his rights to bail if allowed by law.

I also informed the person arrested that if he is not a citizen of the United States that he may have the right to contact consular officials from his country and that if he is a citizen of certain countries that consular officials would be notified of this arrest without further action required on his part.

[✓] The person arrested stated that he is a citizen of _____FRANCE_____, a discretionary notification country.

[ ] The person arrested then stated that he did wish notice of this arrest to be sent to the consular officials of his country, and I informed him that notice would be sent as soon as possible

Offense(s):    Cause No.    Agency Name    Bond Amount
CAPITAL MURDER    F1259888    Dallas Police    THE STATE OF TEXAS Cash/Sur
                                                COUNTY OF DALLAS

THE STATE OF TEXAS
COUNTY OF DALLAS
I, Gary Fitzsimmons, District Clerk of Dallas County, Texas, do hereby certify that the foregoing is a true and correct copy as the same appears on record now on file in my office.

I, Gary Fitzsimmons, District Clerk of Dallas County, Texas, do hereby certify that the foregoing is a true and correct copy as the same appears on record now on file in my office.

Witness my official hand and seal of office, this ___11.21.12___.

Witness my official hand and seal of office ___12-6-12___

Remanded to custody of ___DSO___

Dallas County, Texas on the 7 day of _____September_____, 2012.

In witness whereof, I have subscribed my name

By _____
   Jean

_____
Magistrate    Dallas County, Texas

Page 1 of 1

DEFENDANT'S EXHIBIT
10

Cause#____f1259888____    **ELECTION OF COUNSEL**    Special Needs: _____

Name: _____CHLOE A MENAGER_____ DOB: 10/20/1986 Sex: _F_ Race: _W_

**Select and initial one:**

_____NO, I DO NOT WANT AN APPOINTED LAWYER. I have been warned by the magistrate that I have the right to request a determination of indigency to decide whether I am entitled to the appointment of a lawyer and I understood the warnings given to me by the magistrate. I will hire my own lawyer.

_____ YES, I DO WANT AN APPOINTED LAWYER. I have been advised by the magistrate of my right to representation by counsel in the trial of the charge against me. I certify that I am without means to employ a lawyer of my own choosing and I now request the court to select and appoint a lawyer for me. I understand that I may be required to repay Dallas County for a court-appointed lawyer.

My total monthly income, including spouse's income, SSI, child support, disability or other is:
$_____

The total value of my assets, including house, cars, cash, stocks, bonds or other is:
$_____

I swear that the above information is true and correct.

*All information is subject to verification. Falsification of information is a criminal offense.*

_____        _____
Arrested Person                             Date

THE STATE OF TEXAS
COUNTY OF DALLAS

I, Gary Fitzsimmons, District Clerk of
Dallas County, Texas, do hereby certify
that the foregoing is a true and correct
copy ... ... appears on record now
on file ...

Witness ... ial hand and seal of
office, ...                          2012

## INSTRUCTIONS RELATING TO
## PRELIMINARY INITIAL APPEARANCE



Cause No. **f1259888**
Offense:   **CAPITAL MURDER**

The State of Texas
vs.
**CHLOE A MENAGER**

On this date appeared ____ **CHLOE A MENAGER** ____ , hereafter referred to as defendant, who makes his initial appearance in connection with the above numbered cause. At this appearance a hearing was held, at which the following took place:

1. Defendant was informed as provided in Art. 15.17 CCP.

2. Bail was set in the amount of $ **$1,000,000.00**

3. All   felony   charges associated with this arrest are assigned to and shall be filed in _____ **Don Adams** _____ Court, **Criminal District Court No. 2 (FI)**

Copies of these instructions served on defendant and transporting officer on this __7__ day of ____ **September** ____ , 20 **12**.

THE STATE OF TEXAS
COUNTY OF DALLAS
I, Gary F... :Immons, District Clerk of Dallas County, Texas, do hereby certify that the ... correct copy ... record now on file ...
With ... office ... 2012
GARY FITZSIMMONS, DISTRICT CLERK
Dallas County, Texas
By

9/7/2012 4:00.17 PM



Loc. West Tower 6P 6th Floor Central Center 06P 01    Bookin number: 12060109    Audit number: 201246761

## APPOINTMENT OF COUNSEL FOR INDIGENT DEFENDANT

The State of Texas

Vs.

## CHLOE MENAGER

In the Criminal District Court No. 6 (FX)

District Court

Dallas County, Texas

| Cause No.: | Offense |
|---|---|
| f1259888 | CAPITAL MURDER |

'LD

FX

THE STATE OF TEXAS
COUNTY OF DALLAS

I, Gary Fitzsimmons, District Clerk of
Dallas County, Texas, do hereby certify
that the foregoing is a true and correct
copy as the same appears on record now
on file in my office

Witness my official hand and seal of
office, this

GARY FITZSIMMONS, DISTRICT CLERK
Dallas County, Texas

Deputy

It appearing that the defendant has executed a sworn statement certifying that he/she is without means to employ counsel and requesting appointment of counsel; the Court finds that the defendant is indigent and hereby appoints: The Attorney: CATHERINE BERNHARD

Phone: 972-617-5548        Alt. Phone: 469-337-3398

Email: CBERNHARD@SBCGLOBAL.NET

Address: P O BOX 2817,  RED OAK, TX 75154

A practicing attorney of the State to represent the defendant in said case(s).

Signed this 7th day of September, 2012

JUDGE

Jeanine Howard

IndigentAppointmentRP

IMPORTANT – NEW COURT APPOINTMENT - Audit # 201246761

Subject: IMPORTANT – NEW COURT APPOINTMENT - Audit # 201246761
From: <do-not-reply@dallascounty.org>
Date: 9/7/2012 4:11 PM
To: <CBERNHARD@SBCGLOBAL.NET>, <jbarker@dallascounty.org>

CATHERINE BERNHARD has been appointed on 9/7/2012 4:00:17 PM to represent
CHLOE MENAGER(10/20/1986, W, F).

The Defendant is to face the charge(s) of:

f1259888    CAPITAL MURDER - Which is classified as a FX

The Defendant is in jail under bookin number 12060109

The Defendant is located at West Tower 9P 9th Floor Control Center 09P 01

Please call, email, or fax to the court contact information below no later
than 9:45 a.m. the following business day to confirm acceptance of this
appointment and to confirm that you  will make reasonable effort to
contact the defendant as required by Texas Code of Criminal Procedure,
Article 26.04(j).

This appointment does not become effective until you contact the Court
listed below indicating whether you accept or decline the appointment.  If
you fail to notify the Court by the  time set forth herein that you have
accepted this appointment, a different attorney will be appointed to the
case and you will not be compensated for the appointment.

The court contact information is as follows:

Criminal District Court No. 6 - (X)
Jerry Barker
Phone: 972-739-3910
jbarker@dallascounty.org
Fax: 214-875-2342


Criminal District Court No. 6 (FX)
Judge Jeanine Howard presiding

THIS IS AN AUTOMATED GENERATED EMAIL.  DO NOT RESPOND TO THIS EMAIL
ADDRESS.

1 of 1

DEFENSE EXHIBIT 11    MEDIA REPORTS

Mother Charged With Capital Murder in Infant Son's Drowning | NBC. .    http://www.nbcdfw.com/news/local/Mother-Charged-With-Infant-So..


HOME    NEWS    VIDEO    WEATHER    INVESTIGATIONS    ENTERTAINMENT    THE SCENE    ON AIR

LOCAL    U S & WORLD    DECISION 2012    SPORTS    HEALTH    TECH    WEIRD    WEATHER    BLOGS    BLUE STAR

HOME > NEWS > LOCAL

# Mother Charged With Capital Murder in Infant Son's Drowning

By Frank Hoxe | Friday, Sep 7, 2012 | Updated 7 47 PM CST

View Comments (24) | Email | Print        0        Tweet 7        Recommend 52        Send



Randy McIlwain, NBC 5 News

Chloe Menager, 25, is charged with capital murder, police say she held her 1-year-old Elijahu Perez under water in a bath tub until he died



Chilly Night Forecasted for DFW



Lighting Up Sundance Square



© Celebrity Magazine Spreads: Keira Knightley

FOLLOW NBCDFW

DEFENDANT'S EXHIBIT

H

advertisement

A Dallas mother is facing murder charges after the death of her 1-year-old son.

Chloe Menager, 25, was arrested and charged with capital murder less than 24 hours after Dallas police officers found the body of her infant son, 1-year-old Elijahu Perez

The Dallas County Medical Examiner's Office has ruled Perez's death as a homicide According to the medical examiner, the boy drowned

Investigators say Menager drowned the child in the bathtub She is being held on $1 million bond

## PHOTOS AND VIDEOS

In a jailhouse interview with NBC 5 on Friday, Menager said, "I don't know," when asked if she believed she had killed her son

"Right now, the only thing I know is that I have to pray," she said "I have to be strong, and I cannot lose faith I cannot lose faith "

## TOP STORIES

TODAY | MOST WATCHED | MOST EMAILED




**1-Year-Old's Death Investigated as Homicide**

"Dallas" Star Larry Hagman Dead at 81



Chilly Night Forecasted for DFW



Lighting Up Sundance Square



O Celebrity Magazine Spreads: Keira Knightley

FOLLOW NBCDFW

Menager said she wanted to let her husband that she wants him to come visit her in jail

"I just want to talk about everything -- what's going to happen," she said. "I don't know what's going to happen to me here, and I just need to talk to him."

Menager said she did not think that her husband did not want to see her because of the death of their child. She said she talked to him

i't screaming at me on the phone.    I'm just trying to visit me. Maybe today he was busy. I just wanted to tell

uld's death during a routine traffic stop. During the as rushing to an apartment after learning of his son's

the 4300 block of Wyoming Street, where they found

is on the case and said the investigation is ongoing.

man told The Associated Press that Menager hadn't

id she was not yet familiar with the case.

nd Randy McIlwain contributed to this report

-Fort Worth



| box! | EMAIL | SIGN UP |
| --- | --- | --- |

Privacy Policy | More Newsletters

52    Send

19

DEFENSE EXHIBIT 13      LETTER TO MR. DAVIS

*Fax* Sep 10 2012 10:25am P004:004

Media Inmate Interview Req.A.

Inmate: Franklin Davis

BNO# 12060633

Location: West Tower /03P11

DATE: September 10, 2012                      **Univision**

TO: Franklin Davis

FROM: KUVN 23-Univision Dallas

REFERENCE: Interview request

Mr. Davis.

KUVN 23-Univision would like to request an on-camera interview with you in regards to your arrest. The incident that you are being accused of has captured the attention of many viewers and we would like to hear your side of the story and share it with the public. Thank you for your attention and let us know your answer.

Sincerely,

Marysol González

Assignments Editor Supervisor

KUVN-23/ Univision Dallas

Hotline 2140-758-2340

Fax 214-758-2351

margonzalez@univision.net

Yes I would like to interview

No I would not like an interview

7355

Officer/Badg # (witness)

Please Fax to 214 653.2892

**DEFENDANT'S EXHIBIT**
**13**

**SheriffMedia**

Fax. Sep 10 2012 10.30an PAGE/005

*[handwritten]* Inmate. Franklin Davs
BNo# 12060633
Location: West Tower / 03P11

From: Bach, Dan <Dan Each@cw33.com>
Sent: Sunday September 09 2012 10:00 PM
To: SheriffMedia
Subject: FW· Interview Recuest Franklin Davis

CW33 News at Nine
214-252-3327
Cw33news@tribune.com

"MEDIA INMATE
INTERVIEW REQUEST"

Date. September 9, 2012

Name: Davis, Franklin
DOB 1982-01-17
BNO 12060633
Jail Location: West Tower
Tank Location: 03P 11

Mr Davis.

CW33 News would like to request an interview with you. We would like to offer you the opportunity to tell your side of the story regarding the capital murder charge you are facing.

Thank you.

Dan Bach
Assignment Editor
The 33 News

_Fardo Pein_
Yes. I would like to be interviewed.

_____
No, I would not like to be interviewed.

_[signature]_  7739
Officer/Badge# (Witness)

Dan Bach

*[handwritten]* Please Fax to 214 653.2892



**MEDIA INMATE INTERVIEW REQUEST**

Date:  September 10 2012

Name:  Franklin, Davis

DOB:  1982-01-17

BNO:  12060633

Jail Location:  West Tower

Tank Location:  O3P 11

Mr. Davis,

Channel "39" Telemundo requests an interview with you regarding the charges that have been filed against you. We would like to give you an opportunity to tell your side of the story. If you are interested, please sign below so that the Sheriff's Department can notify us as soon as they receive your response.

Thank you,

Fernando Mejia

_____

Yes, I would like to be interviewed.

_____

No, I would not like to be interviewed.

_____

Officer/Badge# (Witness)

**Please fax back to the P.I.O. Carmen Castro at 214-653-2892

Fax: ......    Sec 10 2012 10.24ae    PDE: (ec

Inmate. Franklin Davis
BUO #12060633
Location West Tower / 03P11



KTVT / KTXA Television
10111 N. Central Expwy · Dallas · TX · 75231

Date: Sept. 10, 2012

Name:  Davis, Franklin

DOB : 1982-01-17

Book In #:   12060633

Jail Location:   West Tower

Tank Location:   03P 11

KTVT-CBS11News requests the opportunity for a brief interview.  We feel you
deserve the chance to speak about the charges against you.   There are
questions about accuracy of the allegations that we would like to give you the
chance to address.  If you are interested, please sign below so that the Sheriff's
Department can notify us as soon as they receive your response.  You may call
directly at 214 739 1199 if you so choose.

_____
Yes. I would like to be interviewed.

_____
No, I would not like to be interviewed.

_____
Officer/Badge# (Witness)

*Please fax response back to 214 653.2892.

## SheriffMedia

From: Conner, Mike (NBCUniversal, KXAS) <Mike.Conner@nbcun'.com>
Sent: Monday, September 10, 2012 10:34 AM
To: SheriffMedia
Cc: Villeda, Ray (NBCUniversal)
Subject: Inmate Interview Request

*Media Inmate Interview Request
Inmate: Franklin Davis
BNO#12060633
Location West-Tower (O3P1)*

INMATE INTERVIEW REQUEST

September 10, 2012

Name: Franklin Davis
DOB: 1982-01-17
BNO: 12060633
West Tower  03P 11

Mr Franklin:

I'm an Assignments Editor with KXAS Channel 5, and we would like the opportunity to speak with you.

We think our viewers would be very interested in hearing what you have to say about your predicament, and the circumstances of your arrest  We would like to send a reporter and a photographer to interview you.

It is, of course, your right to decline, but it may also be to your advantage to have people learn about your situation. If you are interested, please sign below so the Sheriff's Department can notify us as soon as they receive your response.

We look forward to hearing from you.

Sincerely,

Mike Conner
KXAS
817-654-6300

X _____
Yes, I would like to be interviewed.

_____
No, I would not like to be interviewed.

*Out 3/7/12*

_____
Officer/Badge# (Witness)

Fax:                                      Sep 10 2012 10.25am PCC:CCJ

Inmate: Franklin B. Davis
BNO# 12060633
Location: West Tower / OOP1|

**SheriffMedia**

From:      Young, Steven <syoung@wfaa com.>
Sent:      Sunday, September 09, 2012 2:05 PM
To:        SheriffMedia
Cc         syoung1234
Subject:   Inmate interview request

## MEDIA INMATE INTERVIEW REQUEST"

Date: September 9, 2012

Name: Franklin B. Davis
DOB: 01/17/1982
BNO: Unknown
Jail Location: Unknown
Tank Location: Unknown

Name: Mr. Davis,

News8/WFAA-TV would like to request an interview with you regarding the capital murder charges that have been filed against you in relation to the death of Shania Gray. We would like to give you an opportunity to tell your story. If you are interested, please sign below so that the Sheriff's Department can notify us as soon as they receive your response Thank you for your consideration. Steve Young Assignments Editor. News8/WFAA-TV.

_____
Yes. I would like to be interviewed.

_____
No, I would not like to be interviewed

_____
Officer/Badge# (Witness)

Please Fax to 214.653.2892

1



Fax                                Sep 10 2012 10:25am P003/004

214-720-3155 OFFICE
214-720-3263 FAX
KDFW@KDFWFOX4.COM
400 N. Griffin St.   Dallas, TX 75202

*Media Inmate Interview Req-st*
*Inmate: Franklin Davis*
*Bkoot 12060633*
*Location West Tower /03P11*

S-10-2012

Franklin Davis
West Tower
03p 11

Dear Mr. Davis

KDFW-TV, Fox 4 would like to have the opportunity to talk with you about your current situation. It would also allow you to tell your side of what happened and any other details you would like to share

If you are willing to talk with one of our reporters, please let the Dallas County Sheriff Department know of your willingness as soon as they deliver this letter.

Thank you for your consideration and we would appreciate your response as soon as possible.

YES, I am willing to talk with KDFW-TV _____
NO, I decline _____

_____
Officer Badge # (witness)

Kevin Lynch
Assignments Editor
KDFW Fox 4 News
400 N. Griffin St.
Dallas, TX  75202
214-720-3155

*Please Fax to 214.653.2892*

**SheriffMedia**

From:
Sent:
To:
Subject:

Pantazi, Andrew <apantazi@dallasnews.com>
Monday, September 10, 2012 10:45 AM
SheriffMedia
DMN -- Interview request

# The Dallas Morning News

Sept. 10, 2012

Andrew Pantazi

The Dallas Morning News
P O Box 224866

Dallas, TX 75222-4866

Franklin Davis

Dob: 1982-01-17

Booking no  12060633

Jail location: West Tower

Tank Location 03P 11

Mr Davis

I am a reporter with The Dallas Morning News and I'm writing about Shania Gray's death. I would like to give you the opportunity to tell us what happened with Shania and the capital murder charge filed against you. We would like to give you an opportunity to tell your side of the story. If you are interested, please sign below so that the Sheriff's Department can notify us as soon as they receive your response.

Thanks

Andrew Pantazi / Reporter
The Dallas Morning News

_Yes to interview_

_No to interview_

_Witness | Badge # Officer_

DEFENSE EXHIBIT 14      AFFIDAVIT OF RECORDS

CAUSE NO.  F08-24667-Y

| THE STATE OF TEXAS | § | IN THE CRIMINAL COURT |
|---|---|---|
| v. | § § | DALLAS COUNTY, TEXAS |
| JAMES GARFIELD BROADNAX | § § | NO. 7 |

## AFFIDAVIT OF RECORDS

Before me, the undersigned authority, personally appeared **ELIZABETH LUTTON**, for the **Dallas Sheriff's Office ("DSO")** who, being by me duly sworn, deposed as follows:

My name is **ELIZABETH LUTTON**. I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

I am a custodian of the records of the **Dallas Sheriff's Office ("DSO")**, Dallas County, Texas. Attached hereto are **2 pages** of records from DSO. These said **2 pages** of records are kept by **Dallas Sheriff's Office** the regular course of business of DSO for an employee or representative of DSO, with knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the record or to transmit information thereof to be included in such records; and the records were made at or near the time or reasonably soon thereafter. The record attached hereto is the original or exact duplicate of the original.

_____
AFFIANT

SWORN AND SUBSCRIBED TO before me on this the _____ day of _____, _____,

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

[SEAL]

JEANETTE F. BROWN
Notary Public
STATE OF TEXAS
My Comm. Exp. Feb. 07, 2014

MY COMMISSION EXPIRES: _02-07-2014_



DEFENDANT'S
EXHIBIT
14

# INMATE INTERVIEW REQUESTS FROM THE MEDIA

Those members of the media who wish to request an interview with an inmate currently incarcerated in the Dallas County jail should write a short letter to the inmate indicating:

1. The inmate's full name, BNO (booking number), jail tower, cell number and D.O.B.
2. Your name and media affiliation
3. The purpose of your interview request
4. Please leave a space with a signature line for the inmate to sign yes or no to your request and a place for the officer to sign as a witness

Your request can be e-mailed to the Media Relations Unit at sheriffmedia@DallasCounty.org or faxed to (214) 653-2892.

If e-mailed or faxed, your request will be forwarded to the inmate when time permits. An inmate must be assigned housing for the request to be presented. When an answer is received, you will be notified by return e-mail or phone call from the Media Relations Unit.

*Inmates will not be coached or coerced into granting an interview for any reason.

*If approved by the inmate, interviews are only allowed between 8:00a.m. – 4:30p.m. M-F.

*Interviews may be denied based upon jail staffing, emergency conditions or the inmate's physical or mental condition at the time of the request.

*No interviews will be scheduled during court appearances or medical appointments.

If you need further information, please contact the P.I.O.

Carmen Castro
Public Information Officer/Media Relations
Dallas County Sheriff's Department
133 N. Industrial Blvd., LB-31
Dallas, Texas 75207-4313

/5

## BUSINESS RECORDS AFFIDAVIT

I, Virginia Porter, certify that I am employed by the County of Dallas and that my official title is County Auditor. I am a custodian of records for the Auditor's Office. I state that each of the records for payment of services rendered in the defense of James Broadnax that were provided in response to the Public Information Act request made on June 15, 2011 by Cliff Jenkins are true duplicates of the original records, in the custody of the Auditor's Office and that I am the custodian of those records.

I further state that:

1.    Such records were kept in the course of a regularly conducted business activity of the County Auditor; and

2.    Such records were made by deputized staff as a regular practice.

I hereby certify under penalty of perjury that the aforesaid is true and correct.

Executed on the 8th day of December, 2011.

Name: Virginia Porter
Title: County Auditor

DEFENDANT'S
EXHIBIT
15

4407- 6185

## REQUEST FOR PAYMENT BY APPOINTED COUNSEL

THE STATE OF TEXAS            §    IN THE _Criminal_ DISTRICT COURT _No. 1_
VS. _James Breadway_          §    OF DALLAS COUNTY, TEXAS

Appointment Date: _2-16-09_ Disposition Date: _____ Partial/Supplemental Payment Request: YES / NO
Dates of Jail Visits: _____

OFFENSE: _Cap. Murder_        CASE NO.: _F08-24667-FY_    GRADE: _Death Penalty_

I UNDERSTAND THAT I MAY BE COMPENSATED UNDER SECTION "A" BELOW ONLY IF THE CASE HAS BEEN FINALLY DISPOSED OF EITHER BY A DISMISSAL, PLEA, TRIAL, CONTINUATION OF COMMUNITY SUPERVISION, OR COMPETENCY DISPOSITION. I FURTHER UNDERSTAND THAT WHEN I AM COMPENSATED UNDER SECTION "A" BELOW, I AM NOT REQUIRED TO LIST THE LEGAL SERVICES PROVIDED. IF THERE ARE EXCEPTIONAL CIRCUMSTANCES IN THE CASE, ADDITIONAL COMPENSATION MAY BE REQUESTED AS PROVIDED IN SECTION "B".
This case has been finally disposed of in the following manner (circle one):

DISMISSAL--AGREED PLEA--OPEN PLEA--JURY TRIAL--TBC--REVOCATION HEARING--COMPETENCY HEARING

A. I request standard compensation for this case as follows (check one):
    ☐ PROBATION VIOLATION.......$300    ☐ STATE JAIL/3RD DEGREE FELONY.........$400
    ☐ 2ND DEGREE FELONY...............$500    ☐ 1ST DEGREE FELONY/MINI-CAP.............$600
    ☐ CONTESTED TRIAL ..............☐$800 (Full day).........☐$400 (Half day)
    ☐ COMPETENCY HEARING........☐$600 (Contested)......☐$300 (Agreed)

B. I request additional compensation (at the rate of $100 per hour) in the amount of $ _____
for services performed. If I am requesting additional compensation, or if I am requesting compensation for services performed prior to counsel being retained, I must attach the form entitled *"Detailed List of Legal Services Provided."*

C. Death Penalty Case. I request compensation at the rate of $150.00 per hour in the amount of $ _7920.00_ for services performed and/or $ _____ for voir dire and each day of trial as listed on the attached *"Detailed List of Legal Services Provided."*

D. Appeal/Writ. I request compensation (at the rate of $100 per hour) in the amount of $ _____
for services performed as listed on the attached *"Detailed List of Legal Services Provided."*

E. I request payment for ~~expert witness/investigator~~ expenses in the amount of $ _151.52_ for services performed as listed on the attached itemized bill.

TOTAL AMOUNT REQUESTED: $ _8,071.52_    COURT APPROVED AMOUNT: $ _8,071.52_

### AFFIRMATION

I the undersigned attorney, am appointed to represent the above-named defendant and am requesting payment in accordance with the laws of the State of Texas. I further affirm to the truth and correctness to the information stated above, and that I have not received any other monies or anything else of value for said services.

_____, Attorney at Law.    Date: _____

ATTORNEY INFORMATION (Print):    (For Auditor Use Vendor I.D. _____)

Name _Douglas H Parks_    State Bar No. _15520000_

Mailing Address: _321 Calm Water Lane, Holly Lake Ranch, TX 75765_
    Number    Street    Suite    City    State    Zip
Telephone: _(214) 521-2670_ Soc. Sec. No. _____
    (Not required if S.S. number is on file with County Auditor's Office)

TO THE COMMISSIONERS COURT OF DALLAS COUNTY, TEXAS:
I the undersigned Judge of Dallas County, Texas do hereby certify that the defendant in the above cause(s) has on file with this court an affidavit reflecting indigency and an inability to afford counsel, that the attorney shown above has been appointed to represent the defendant and that said attorney is entitled under Article 26.05, Texas Code of Criminal Procedure, to be paid from the General Fund of Dallas County, Texas, for services performed in the amount shown above.

_28 may 09_
Date

_____
Judge

Reason for Denial or variation: ☐ Request exceeds flat rate. ☐ Request exceeds hourly rate. ☐ Other, see attached.

## SUMMARY OF SERVICES
### Cause No. F08-24667-FY
*The State of Texas v. James Broadnax*

| Date | Service | Time |
|------|---------|------|
| 2-11-09 | To Court for meeting with Judge; appointed 2nd chair by Court; discuss scheduling; to jail to meet client - notes in file; letter to client. | 2.50 |
| 2-13-09 | Meeting with Judge; ADA - telephone to Judge Biard. | 1.00 |
| 2-18-09 | Telephone conference with Brad regarding general voir dire; research; telephone to Brad. | .30 |
| 2-19-09 | To Brad's office for preparation conference. | 1.50 |
| 2-24-09 | Telephone to mitigation investigator; telephone to ADA. | .20 |
| 2-25-09 | Letter to client regarding mitigation investigator; letter to Sheriff for mitigation investigator; email to relevant parties; telephone from mitigation investigator who nee ds Court Order to see client; draft order. | 1.00 |
| 2-27-09 | To Court to get Order signed; to Sheriff for conference with Vicki Duran; meet mitigation investigator; to jail to visit client. | 1.80 |
| 3-2-09 | return to office; review for needs; telephone to mitigation investigator regarding ***. | .30 |
| 3-5-09 | Take discovery CD to Kinkos for copying; review crime scene photos; autopsy reports. | .80 |
| 3-19-09 | Deliver hard copy discovery to Brad Lollar and mitigation investigator; get order signed to hire expert. | .50 |
| 3-20-09 | Review file and list needs; telephone to *** -left message. | .50 |
| 3-30-09 | Telephone to ***; email mitigation investigator; | |

|  |  |  |
|---|---|---|
|  | organize file. | 1.00 |
| 4-2-09 | Telephone from Brad regarding questionnaires; open email questionnaire, review; telephone to Brad with concerns; begin review of discovery on hand and begin construction of trial notebook. | 1.50 |
| 4-5-09 | Research, draft objections to questionnaire; copy and prepare for filing; email to Brad. | 2.10 |
| 4-6-09 | To Court to file motion; to ADA to serve; conference with Brad. | .50 |
| 4-7-09 | To Court for hearing on questionnaire issue; to ADA for additional discovery; to Kinkos to leave CD for copying. | 1.50 |
| 4-9-09 | Review motions filed by Brad; draft additional motions. | 1.80 |
| 4-10-09 | Review ADA's "jury script"; telephone from Brad; prepare motions for filing; email Brad. | .60 |
| 4-14-09 | Review email from ***; draft jail letter for *** and email to her; review and respond to email from David Alex regarding the questionnaire. | .50 |
| 4-15-09 | Prepare for hearing tomorrow; box discovery for distribution; update contact numbers; to Court to meet Mitigation investigator; email motions to ADA. | 1.20 |
| 4-16-09 | To Court to serve client with jury list; review motions with David Alex. | 1.50 |
| 4-18-09 | Continue discovery review and continue organization into trial notebooks. | 3.60 |
| 4-19-09 | Pull death penalty standard files and update; continue discovery review. | 2.50 |
| 4-21-09 | To Court for pretrial hearing. | 1.50 |

| Date | Description | Time |
|---|---|---|
| 4-21-09 | Email form *** problems with ^^^ - notes in file; Telephone to mitigation investigator. | .20 |
| 4-24-09 | To Court for big panel. | 8.00 |
| 5-2-09 | Complete hard copy trial notebooks; review for needs. | 3.20 |
| 5-16-09 | Prepare for pretrial and team meeting.  Begin review of questionnaires. | 1.00 |
| 5-18-09 | To Court for pretrial - re-scheduled to 1:30 from 8:30; team meeting; return to Court for pretrial. | 5.00 |
| 5-21-09 | Review questionnaires; telephone from Brad regarding status of experts. | 2.50 |
| 5-22-09 | Begin preparation for voir dire. | 1.50 |
| 5-25-09 | Finish voir dire outline; final review of law of voir dire. | 1.20 |

TOTAL TIME                                                                52.80

52.80 @ $150.00 = $7,920.00

## EXPENSES

| Date | | Amount |
|---|---|---|
| 3-6-09 | Copying - Kinkos | $98.66 |
| 3-7-09 | Copying - Kinkos | 52.86 |

Total Expenses                          $151.52

TOTAL REQUEST FOR PAYMENT:
    Services                          $7,920.00
    Expenses                          151.52

                        $8,071.52

## REQUEST FOR PAYMENT BY APPOINTED COUNSEL

THE STATE OF TEXAS § IN THE _Criminal_ DISTRICT COURT _No. 7_
VS. _James Broadnax_ § OF DALLAS COUNTY, TEXAS

Appointment Date: _2-11-09_ Disposition Date: _____ Partial/Supplemental Payment Request: YES / NO
Dates of Jail Visits: _____

OFFENSE: _Cap. Murder_   CASE NO.: _F08-24667-Y_   GRADE: _Death Penalty_

I UNDERSTAND THAT I MAY BE COMPENSATED UNDER SECTION "A" BELOW ONLY IF THE CASE HAS BEEN FINALLY DISPOSED OF EITHER BY A DISMISSAL, PLEA, TRIAL, CONTINUATION OF COMMUNITY SUPERVISION, OR COMPETENCY DISPOSITION. I FURTHER UNDERSTAND THAT WHEN I AM COMPENSATED UNDER SECTION "A" BELOW, I AM NOT REQUIRED TO LIST THE LEGAL SERVICES PROVIDED. IF THERE ARE EXCEPTIONAL CIRCUMSTANCES IN THE CASE, ADDITIONAL COMPENSATION MAY BE REQUESTED AS PROVIDED IN SECTION "B".

This case has been finally disposed of in the following manner (circle one):

DISMISSAL--AGREED PLEA--OPEN PLEA--(JURY TRIAL)--TBC--REVOCATION HEARING--COMPETENCY HEARING

A. I request standard compensation for this case as follows (check one):
- ☐ PROBATION VIOLATION........$300
- ☐ STATE JAIL/3RD DEGREE FELONY........$400
- ☐ 2ND DEGREE FELONY..............$500
- ☐ 1ST DEGREE FELONY/MINI-CAP............$600
- ☐ CONTESTED TRIAL................☐$800 (Full day)........☐$400 (Half day)
- ☐ COMPETENCY HEARING........☐$600 (Contested)......☐$300 (Agreed)

_Search Made for previous payment_

B. I request additional compensation (at the rate of $100 per hour) in the amount of $_____ for services performed. If I am requesting additional compensation, or if I am requesting compensation for services performed prior to counsel being retained, I must attach the form entitled "Detailed List of Legal Services Provided."

X C. Death Penalty Case. I request compensation at the rate of $150.00 per hour in the amount of $ _5,050.00_ for services performed and/or $ _____ for voir dire and each day of trial as listed on the attached "Detailed List of Legal Services Provided."

D. Appeal/Writ. I request compensation (at the rate of $100 per hour) in the amount of $_____ for services performed as listed on the attached "Detailed List of Legal Services Provided."

E. I request payment for expert witness/investigator expenses in the amount of $ _____ for services performed as listed on the attached itemized bill.

TOTAL AMOUNT REQUESTED: $ _3,050.00_ COURT APPROVED AMOUNT: $ _3,050._

### AFFIRMATION

I the undersigned attorney, am appointed to represent the above-named defendant and am requesting payment in accordance with the laws of the State of Texas. I further affirm to the truth and correctness to the information stated above, and that I have not received any other monies or anything else of value for said services.

_____, Attorney at Law.  Date: _____

ATTORNEY INFORMATION (Print):                    (For Auditor Use Vendor I.D. _____)
Name _Douglas H. Parks_                          State Bar No. _15520000_
Mailing Address: _321 Calm Water Lane_ _Holly Lake Ranch_ _TX_ _75765_
                 Number    Street    Suite    City    State    Zip
Telephone: _(214) 521-2670_    Soc. Sec. No. _____
                                 (Not required if S.S. number is on file with County Auditor's Office)

TO THE COMMISSIONERS COURT OF DALLAS COUNTY, TEXAS.

I the undersigned Judge of Dallas County, Texas do hereby certify that the defendant in the above cause(s) has on file with this court an affidavit reflecting indigency and an inability to afford counsel, that the attorney shown above has been appointed to represent the defendant and that said attorney is entitled under Article 26.05, Texas Code of Criminal Procedure, to be paid from the General Fund of Dallas County, Texas for services performed in the amount shown above.

_2 Jun 09_
Date                                    Judge

Reason for Denial or variation: ☐ Request exceeds flat rate. ☐ Request exceeds hourly rate. ☐ Other, see attached.

## SUMMARY OF SERVICES
### Cause No. F08-24667-FY
### *The State of Texas v. James Broadnax*

| Date | Service | Time |
|------|---------|------|
| 5-26-09 | To Court to begin voir dire. | 8.00 |
| 5-27-09 | To Court to continue voir dire. | 8.50 |
| 5-28-09 | To Court to continue voir dire. | 7.00 |
| 5-29-09 | To Court to continue voir dire. | 7.00 |
| TOTAL TIME | | 30.50 |

30.50 HOURS @ $150.00 PER HOUR = $3,050.00

## REQUEST FOR PAYMENT BY APPOINTED COUNSEL

STATE OF TEXAS §  IN THE _Criminal_ DISTRICT COURT _No. 1_
VS. _James Broadway_ §  OF DALLAS COUNTY, TEXAS

Appointment Date: _2/1-08_  Disposition Date: _____  Partial/Supplemental Payment Request: (YES / NO
Dates of Jail Visits. _____
OFFENSE: _Cap. Murder_    CASE NO.: _F09-24667-FY_    GRADE: _Death Penalty_

I UNDERSTAND THAT I MAY BE COMPENSATED UNDER SECTION "A" BELOW ONLY IF THE CASE HAS BEEN FINALLY DISPOSED OF EITHER BY A DISMISSAL, PLEA, TRIAL, CONTINUATION OF COMMUNITY SUPERVISION, OR COMPETENCY DISPOSITION. I FURTHER UNDERSTAND THAT WHEN I AM COMPENSATED UNDER SP   ** ** BELOW, I AM NOT REQUIRED TO LIST THE LEGAL SERVICES PROVIDED. IF THERE ARE EXCEPTIONAL CIRC ****** ***** IN THE CASE. ADDITIONAL COMPENSATION MAY BE REQUESTED AS PROVIDED IN SECTION "B".
**This case has been finally disposed of in the following manner (circle one).**

DISMISSAL--AGREED PLEA--OPEN PLEA--JURY TRIAL--TBC--REVOCATION HEARING--COMPETENCY HEARING

☐ A.  I request standard compensation for this case as follows (check one):
     ☐ PROBATION VIOLATION.......$300     ☐ STATE JAIL/3ʳᵈ DEGREE FELONY.........$400
     ☐ 2ᴺᴰ DEGREE FELONY..............$500     ☐ 1ˢᵀ DEGREE FELONY/MINI-CAP.............$600
     ☐ CONTESTED TRIAL.................☐$800 (Full day)...
     ☐ COMPETENCY HEARING........☐$600 (Contested)......☐$300 (Agreed)

☐ B.  I request additional compensation (at the rate of $100 per hour) in the amount of $ _____ for services performed. If I am requesting additional compensation, or if I am requesting compensation for services performed prior to counsel being retained. I must attach the form entitled "*Detailed List of Legal Services Provided.*"

☒ C.  Death Penalty Case. I request compensation at the rate of $150.00 per hour in the amount of $ _600.00_ for services performed and/or $ _4,725.00_ for voir dire and each day of trial as listed on the attached "*Detailed List of Legal Services Provided.*"

☐ D.  Appeal/Writ. I request compensation (at the rate of $100 per hour) in the amount of $ _____ for services performed as listed on the attached "*Detailed List of Legal Services Provided.*"

☐ E.  I request payment for expert witness/investigator expenses in the amount of $ _PAY_ for services performed as listed on the attached itemized bill.

TOTAL AMOUNT REQUESTED: $ _5,325.00_   COURT APPROVED AMOUNT: $ _5,325.00_

### AFFIRMATION

I the undersigned attorney, am appointed to represent the above-named defendant and am requesting payment in accordance with the laws of the State of Texas. I further affirm to the truth and correctness to the information stated above, and that I have not received any other monies or anything else of value for said services.

_____, Attorney at Law.   Date: _____

ATTORNEY INFORMATION (Print):   (For Auditor Use Vendor I D. _____)
Name _Douglas H. Parks_   State Bar No. _15520000_
Mailing Address: _321 Calm Water Lane_   _Holly Lake Ranch, TX_  _75765_
     Number / Street         City     State     Zip
Telephone. _(214) 521-2670_   Suite _____ Soc. Sec. No. _____
         (Not required if S S number is on file with County Auditor's Office)

TO THE COMMISSIONERS COURT OF DALLAS COUNTY, TEXAS:

     I the undersigned Judge of Dallas County, Texas do hereby certify that the defendant in the above cause(s) has on file with this court an affidavit reflecting indigency and an inability to afford counsel, that the attorney shown above has been appointed to represent the defendant and that said attorney is entitled under Article 26.05, Texas Code of Criminal Procedure, to be paid from the General Fund of Dallas County, Texas, for services performed in the amount shown above.

_10 June 2009_
Date                         Judge

Reason for Denial or variation: ☐ Request exceeds flat rate. ☐ Request exceeds hourly rate. ☐ Other, see attached.

## SUMMARY OF SERVICES
Cause No. F08-24667-FY
*The State of Texas v. James Garfield Broadnax*
May 31, 2009 through June 4, 2009

| Date | Service | Time |
|------|---------|------|
| 5-31-09 | Review questionnaires; organize file. | 2.50 |
| 6-1-09 | To Court to continue voir dire. | 8.50 |
| 6-2-09 | To Court to continue voir dire. | 8.00 |
| 6-3-09 | To Court to continue voir dire. | 7.50 |
| 6-3-09 | Download qualified venireperson photos; review questionnaires. | 1.50 |
| 6-4-09 | To Court to continue voir dire. | 7.50 |
| TOTAL TIME | | 35.50 |

35.50 HOURS @ $150.00 = $5,325.00

4401 6185

:QUEST FOR PAYMENT BY APPOINTED COUNSEL

..ATE OF TEXAS                §   IN THE _Crimial_ DISTRICT COURT _No. 7_
VS. _James Broadway_        §   OF DALLAS COUNTY, TEXAS

Appointment Date: _2-16-08_ Disposition Date: _____ Partial/Supplemental Payment Request: (YES) NO
Dates of Jail Visits: _____
OFFENSE:                              CASE NO.:                    GRADE:
_Cap. Murder_                         _F08-24667-FY_               _Death Penalty_
_____          _____        _____
_____          _____        _____

I UNDERSTAND THAT I MAY BE COMPENSATED UNDER SECTION "A" BELOW, ONLY IF THE CASE HAS BEEN FINALLY DISPOSED OF EITHER BY A DISMISSAL, PLEA, TRIAL, CONTINUATION OF COMMUNITY SUPERVISION, OR COMPETENCY DISPOSITION. I FURTHER UNDERSTAND THAT WHEN I AM COMPENSATED UNDER SECTION "A" BELOW, I AM NOT REQUIRED TO LIST THE LEGAL SERVICES PROVIDED. IF THERE ARE EXCEPTIONAL CIRCUMSTANCES IN THE CASE, ADDITIONAL COMPENSATION MAY BE REQUESTED AS PROVIDED IN SECTION "B".
This case has been finally disposed of in the following manner (circle one):

DISMISSAL--AGREED PLEA--OPEN PLEA--JURY TRIAL--TBC--REVOCATION HEARING--COMPETENCY HEARING

☐ A. I request standard compensation for this case as follows (check one):
  ☐ PROBATION VIOLATION........$300       ☐ STATE JAIL/3RD DEGREE FELONY........$400
  ☐ 2ND DEGREE FELONY.............$500    ☐ 1ST DEGREE FELONY/MINI-CAP........$600
  ☐ CONTESTED TRIAL................☐$800 (Full day)........☐$400 (Half day)
  ☐ COMPETENCY HEARING........☐$600 (Contested)......☐$300 (Agreed)

☐ B. I request additional compensation (at the rate of $100 per hour) in the amount of 6—23-2009 for services performed. If I am requesting additional compensation, or if I am requesting compensation for services performed prior to counsel being retained, I must attach the form entitled *Detailed List of Legal Services Provided.*

☐ C. Death Penalty Case. I request compensation at the rate of $150.00 per hour in the amount of $ _1,090.00_ for services performed and/or $ _3,750.00_ for voir dire and each day of trial as listed on the attached *Detailed List of Legal Services Provided.*

☐ D. Appeal/Writ. I request compensation (at the rate of $100 per hour) in the amount of $ _____ for services performed as listed on the attached *Detailed List of Legal Services Provided.*

☐ E. I request payment for expert witness/investigator expenses in the amount of $ _140.94_ for services performed as listed on the attached itemized bill.

TOTAL AMOUNT REQUESTED: $ _4,970.94_   COURT APPROVED AMOUNT: $ _4,970.94_

**AFFIRMATION**

I the undersigned attorney, am appointed to represent the above-named defendant and am requesting payment in accordance with the laws of the State of Texas. I further affirm to the truth and correctness to the information stated above, and that I have not received any other monies or anything else of value for said services.

_____ Attorney at Law    Date: _____

ATTORNEY INFORMATION (Print).                      (For Auditor Use Vendor I.D. _____ )
Name _Douglas H. Parks_                             State Bar No _15520000_
Mailing
Address: _321 Calm Water Lane  Holly Lake Ranch, TX 75765_
          Number    Street                         City        State    Zip
Telephone: _(214) 521-2670_ Soc. Sec. No. _____
                                   (Not required if S.S. number is on file with County Auditor's Office)

TO THE COMMISSIONERS COURT OF DALLAS COUNTY, TEXAS.
    I the undersigned Judge of Dallas County, Texas do hereby certify that the defendant in the above cause(s) has on file with this court an affidavit reflecting indigency and an inability to afford counsel, that the attorney shown above has been appointed to represent the defendant and that said attorney is entitled under Article 26.05, Texas Code of Criminal Procedure, to be paid from the General Fund of Dallas County, Texas, for services performed in the amount shown above

_16 Jun 09_                         _____
Date                                Judge

Reason for Denial or variation: ☐ Request exceeds flat rate. ☐ Request exceeds hourly rate. ☐ Other, see attached.

## SUMMARY OF SERVICES
Cause No. F08-24667-FY
*The State of Texas v. James Broadnax*
June 5, 2009 through June 11, 2009

| Date | Service | Time |
|------|---------|------|
| 6-7-09 | Review questionnaires. | 1.50 |
| 6-8-09 | To Court to continue voir dire. | 7.00 |
| 6-8-09 | Update primary trial notebook; email mitigation investigator; begin review of school and medical records. | 3.60 |
| 6-9-09 | To Court to continue voir dire. | 6.50 |
| 6-10-09 | To Court to continue voir dire. | 5.50 |
| 6-11-09 | To Court to continue voir dire. | 6.00 |
| 6-11-09 | Review additional materials and update primary trial notebook; review questionnaires. | 2.10 |
| TOTAL TIME | | 32.20 |

32.20 HOURS @ $150.00 = $4,830.00

### TO EXPENSES

| 4-8-09 | FedEx Kinkos - Copying | $140.94 |

TOTAL AMOUNT REQUESTED        $4,970.94

## REQUEST FOR PAYMENT BY APPOINTED COUNSEL

THE STATE OF TEXAS,       §    IN THE _Criminal_ DISTRICT COURT _No. 7_
VS. _James Broadway_        §    OF DALLAS COUNTY, TEXAS

Appointment Date: _2-16-08_ Disposition Date: _____ Partial/Supplemental Payment Request: (YES) NO
Dates of Jail Visits: _____
OFFENSE:
_Cap. Murder_                    CASE NO.: _F08-24667-FY_        GRADE: _Death Penalty_

I UNDERSTAND THAT I MAY BE COMPENSATED UNDER SECTION "A" BELOW ONLY IF THE CASE HAS BEEN FINALLY DISPOSED OF EITHER BY A DISMISSAL, PLEA, TRIAL, CONTINUATION OF COMMUNITY SUPERVISION, OR COMPETENCY DISPOSITION. I FURTHER UNDERSTAND THAT WHEN I AM COMPENSATED UNDER SECTION "A" BELOW, I AM NOT REQUIRED TO LIST THE LEGAL SERVICES PROVIDED. IF THERE ARE EXCEPTIONAL CIRCUMSTANCES IN THE CASE, ADDITIONAL COMPENSATION MAY BE REQUESTED AS PROVIDED IN SECTION "B".
**This case has been finally disposed of in the following manner (circle one):**

DISMISSAL--AGREED PLEA--OPEN PLEA--JURY TRIAL--TBC--REVOCATION HEARING--COMPETENCY HEARING

☐ A. I request standard compensation for this case as follows (check one):
    ☐ PROBATION VIOLATION........$300    ☐ STATE JAIL/3ᴿᴰ DEGREE FELONY.......$400
    ☐ 2ᴺᴰ DEGREE FELONY..............$500    ☐ 1ˢᵀ DEGREE FELONY/MINI-CAP.......$600
    ☐ CONTESTED TRIAL................☐$800 (Full day).......☐$400 (Half day)
    ☐ COMPETENCY HEARING.......☐$600 (Contested)......☐$300 (Agreed)

☐ B. I request additional compensation (at the rate of $100 per hour) in the amount of $_____
for services performed. If I am requesting additional compensation, or if I am requesting compensation for services performed prior to counsel being retained, I must attach the form entitled _"Detailed List of Legal Services Provided."_

☐ C. Death Penalty Case. I request compensation at the rate of $150.00 per hour in the amount of $ _1,080.00_ for services performed and/or $ _3,750.00_ for voir dire and each day of trial as listed on the attached _"Detailed List of Legal Services Provided."_

☐ D. Appeal/Writ. I request compensation (at the rate of $100 per hour) in the amount of $_____
for services performed as listed on the attached _"Detailed List of Legal Services Provided."_

☐ E. I request payment for ~~expert witness/investigator~~ expenses in the amount of $ _140.94_ for services performed as listed on the attached itemized bill.

TOTAL AMOUNT REQUESTED: $ _4,970.94_    COURT APPROVED AMOUNT: $ _4,970.94_

### AFFIRMATION
I the undersigned attorney, am appointed to represent the above-named defendant and am requesting payment in accordance with the laws of the State of Texas. I further affirm to the truth and correctness to the information stated above, and that I have not received any other monies or anything else of value for said services.

_Douglas H. Parks_____, Attorney at Law.    Date: _____

ATTORNEY INFORMATION (Print).
Name _Douglas H. Parks_____    (For Auditor Use Vendor I.D. _____)
    State Bar No. _15520000_
Mailing
Address: _321 Calm Water Lane  Holly Lake Ranch, TX 75765_
    Number   (Street)           City    State    Zip
Telephone: _(214) 521-2670_ Soc. Sec. No. _____
    (Not required if S.S. number is on file with County Auditor's Office)

TO THE COMMISSIONERS COURT OF DALLAS COUNTY, TEXAS.
I the undersigned Judge of Dallas County, Texas do hereby certify that the defendant in the above cause(s) has on file with this court an affidavit reflecting indigency and an inability to afford counsel, that the attorney shown above has been appointed to represent the defendant and that said attorney is entitled under Article 26.05, Texas Code of Criminal Procedure, to be paid from the General Fund of Dallas County, Texas, for services performed in the amount shown above.

_16 Jun 09_____    _____
Date                                      Judge
Reason for Denial or variation: ☐ Request exceeds flat rate. ☐ Request exceeds hourly rate. ☐ Other, see attached.

SUMMARY OF SERVICES
Cause No. F08-24667-FY
*The State of Texas v. James Broadnax*
June 5, 2009 through June 11, 2009

| Date | Service | Time |
|------|---------|------|
| 6-7-09 | Review questionnaires. | 1.50 |
| 6-8-09 | To Court to continue voir dire. | 7.00 |
| 6-8-09 | Update primary trial notebook; email mitigation investigator; begin review of school and medical records. | 3.60 |
| 6-9-09 | To Court to continue voir dire. | 6.50 |
| 6-10-09 | To Court to continue voir dire. | 5.50 |
| 6-11-09 | To Court to continue voir dire. | 6.00 |
| 6-11-09 | Review additional materials and update primary trial notebook; review questionnaires. | 2.10 |
| TOTAL TIME | | 32.20 |

32.20 HOURS @ $150.00 = $4,830.00

## TO EXPENSES

4-8-09          FedEx Kinkos - Copying    $140.94

TOTAL AMOUNT REQUESTED        $4,970.94



FedEx Kinko's
3905 Oaklawn Ave Ste 110
Dallas, TX 75219-4007
(214) 522-7434

4/8/2009                    11:16:08 AM CST
Trans.: 7208                Branch: 0191
Register: 003               T111:T291943
Team Member: Ingrid L.
Customer: Doug Parks

SALE

*0191003720 8*

CAP MURDER                      130.20
                    4 @ 65.1000

  FS BW SS Standard             130.20 T
  0001      2,804.00 @ 0.1000
  Item Discount Amt.      0.0500
  Price                   0.0500


Total Discount                  130.20
Sub-Total                       130.20
Deposit                           0.00
 Tax                             10.74
Total                           140.94
  Visa (S)                      140.94
  Account:  8163
  Auth: 08702A (A)
Total Tender                    140.84
Change Due                        0.00

Thank you for visiting

FedEx Kinko's
Make It. Print It. Pack It. Ship It.
www.fedexkinkos.com

Customer Copy

59603                                                                            4407-6185

### REQUEST FOR PAYMENT BY APPOINTED COUNSEL

THE STATE OF TEXAS                    §    IN THE _Criminal_ DISTRICT COURT _No. 7_
VS. _James Broadnax_                   §    OF DALLAS COUNTY, TEXAS

Appointment Date: _2-11-09_  Disposition Date: _____  Partial/Supplemental Payment Request: YES / NO
Dates of Jail Visits: _____
OFFENSE: _Cap. Murder_          CASE NO.: _F08-24661-FY_         GRADE: _Death Penalty_

I UNDERSTAND THAT I MAY BE COMPENSATED UNDER SECTION "A" BELOW ONLY IF THE CASE HAS BEEN FINALLY
DISPOSED OF EITHER BY A DISMISSAL, PLEA, TRIAL, CONTINUATION OF COMMUNITY SUPERVISION, OR COMPETENCY
DISPOSITION. I FURTHER UNDERSTAND THAT WHEN I AM COMPENSATED UNDER SECTION "A" BELOW, I AM NOT
REQUIRED TO LIST THE LEGAL SERVICES PROVIDED. IF THERE ARE EXCEPTIONAL CIRCUMSTANCES IN THE CASE,
ADDITIONAL COMPENSATION MAY BE REQUESTED AS PROVIDED IN SECTION "B".
**This case has been finally disposed of in the following manner (circle one):**

DISMISSAL--AGREED PLEA--OPEN PLEA--JURY TRIAL—TBC--REVOCATION HEARING--COMPETENCY HEARING

☐ A.  I request standard compensation for this case as follows (check one):
    ☐ PROBATION VIOLATION........$300          ☐ STATE JAIL/3RD DEGREE FELONY........$400
    ☐ 2ND DEGREE FELONY...............$500     ☐ 1ST DEGREE FELONY/MINI-CAP............$600
    ☐ CONTESTED TRIAL.................☐$800 (Full day)........☐$400 (Half day)
    ☐ COMPETENCY HEARING........☐$600 (Contested)......☐$300 (Agreed)

☐ B.  I request additional compensation (at the rate of $100 per hour) in the amount of $_____
for services performed. If I am requesting additional compensation, or if I am requesting compensation for
services performed prior to counsel being retained, I must attach the form entitled *"Detailed List of Legal
Services Provided."*

☒ C.  Death Penalty Case. I request compensation at the rate of $150.00 per hour in the amount of
$ _450.00_ for services performed and/or $ _4,050.00_ for voir dire and each day of
trial as listed on the attached *"Detailed List of Legal Services Provided."*

☐ D.  Appeal/Writ. I request compensation (at the rate of $100 per hour) in the amount of $_____
for services performed as listed on the attached *"Detailed List of Legal Services Provided."*

☐ E.  I request payment for expert witness/investigator expenses in the amount of $ _____ for services
performed as listed on the attached itemized bill.

TOTAL AMOUNT REQUESTED: $ _4,500.00_  COURT APPROVED AMOUNT: $ _4,500.00_

#### AFFIRMATION
I the undersigned attorney, am appointed to represent the above-named defendant and am requesting payment in
accordance with the laws of the State of Texas. I further affirm to the truth and correctness to the information stated above, and
that I have not received any other monies or anything else of value for said services.

_____, Attorney at Law.  Date: _____

ATTORNEY INFORMATION (Print):                          (For Auditor Use Vendor I.D. _____ )
Name _Douglas H. Parks_                                State Bar No. _15520000_
Mailing
Address: _321 Calm Water Lane    Holly Lake Ranch, TX    75765_
                 Number        Street                  City        State        Zip
Telephone: _(214) 521-2670_  Suite _____  Soc. Sec. No. _____
                               (Not required if S.S. number is on file with County Auditor's Office)
TO THE COMMISSIONERS COURT OF DALLAS COUNTY, TEXAS.
I the undersigned Judge of Dallas County, Texas do hereby certify that the defendant in the above cause(s) has on file
with this court an affidavit reflecting indigency and an inability to afford counsel, that the attorney shown above has been
appointed to represent the defendant and that said attorney is entitled under Article 26.05, Texas Code of Criminal Procedure, to
be paid from the General Fund of Dallas County, Texas, for services performed in the amount shown above.

_23 June 09_                              _____
Date                                         Judge
Reason for Denial or variation: ☐ Request exceeds flat rate. ☐ Request exceeds hourly rate. ☐ Other, see attached.

Cap Murder Death

120 44076185

## REQUEST FOR PAYMENT BY APPOINTED COUNSEL

THE STATE OF TEXAS      §    IN THE _Criminal_ DISTRICT COURT _No. 7_
VS. _James Broadnax_     §    OF DALLAS COUNTY, TEXAS

Appointment Date: _2-11-09_ Disposition Date: _____ Partial/Supplemental Payment Request: (YES)/ NO
Dates of Jail Visits: _____

OFFENSE: _Cap Murder_       CASE NO.: _F08-24667-Y_       GRADE: _Death Penalty_

I UNDERSTAND THAT I MAY BE COMPENSATED UNDER SECTION "A" BELOW ONLY IF THE CASE HAS BEEN FINALLY
DISPOSED OF EITHER BY A DISMISSAL, PLEA, TRIAL, CONTINUATION OF COMMUNITY SUPERVISION, OR COMPETENCY
DISPOSITION. I FURTHER UNDERSTAND THAT WHEN I AM COMPENSATED UNDER SECTION "A" BELOW, I AM NOT
REQUIRED TO LIST THE LEGAL SERVICES PROVIDED. IF THERE ARE EXCEPTIONAL CIRCUMSTANCES IN THE CASE,
ADDITIONAL COMPENSATION MAY BE REQUESTED AS PROVIDED IN SECTION "B".
This case has been finally disposed of in the following manner (circle one):

DISMISSAL--AGREED PLEA--OPEN PLEA--JURY TRIAL--TBC--REVOCATION HEARING--COMPETENCY HEARING

☐ A. I request standard compensation for this case as follows (check one):
    ☐ PROBATION VIOLATION.......$300    ☐ STATE JAIL/3ᴿᴰ DEGREE FELONY.........$400
    ☐ 2ᴺᴰ DEGREE FELONY..............$500    ☐ 1ˢᵀ DEGREE FELONY/MINI-CAP............$600
    ☐ CONTESTED TRIAL................☐$800 (Full day)........☐$400 (Half day)
    ☐ COMPETENCY HEARING........☐$600 (Contested)......☐$300 (Agreed)

☐ B. I request additional compensation (at the rate of $100 per hour) in the amount of $ _____
for services performed. If I am requesting additional compensation, or if I am requesting compensation for
services performed prior to counsel being retained, I must attach the form entitled "Detailed List of Legal
Services Provided."

☒ C. Death Penalty Case. I request compensation _See Attached - Supplemental._ at the rate of $150.00 per hour in the amount of
$ _____ for services performed and/or $ _1,525.00_ for voir dire and each day of
trial as listed on the attached "Detailed List of Legal Services Provided."

☐ D. Appeal/Writ. I request compensation (at the rate of $100 per hour) in the amount of $ _____
for services performed as listed on the attached "Detailed List of Legal Services Provided."

☐ E. I request payment for expert witness/investigator expenses in the amount of $ _____ for services
performed as listed on the attached itemized bill.

TOTAL AMOUNT REQUESTED: $ _1,525.00_     COURT APPROVED AMOUNT: $ _1,525.00_

### AFFIRMATION

I the undersigned attorney, am appointed to represent the above-named defendant and am requesting payment in
accordance with the laws of the State of Texas. I further affirm to the truth and correctness to the information stated above, and
that I have not received any other monies or anything else of value for said services.

_[signature]_ _____, Attorney at Law.    Date: _____

ATTORNEY INFORMATION (Print):                    (For Auditor Use Vendor I.D. _____)
Name _Douglas H. Parks_                          State Bar No. _15520000_

Mailing Address: _321 Calm Water Lane    Holly Lake Ranch, TX 25765_
        Number    Street    Suite    City    State    Zip
Telephone: _(214) 521-2670_    Soc. Sec. No. _____
                              (Not required if S.S. number is on file with County Auditor's Office)

TO THE COMMISSIONERS COURT OF DALLAS COUNTY, TEXAS:
I the undersigned Judge of Dallas County, Texas do hereby certify that the defendant in the above cause(s) has on file
with this court an affidavit reflecting indigency and an inability to afford counsel, that the attorney shown above has been
appointed to represent the defendant and that said attorney is entitled under Article 26.05, Texas Code of Criminal Procedure, to
be paid from the General Fund of Dallas County, Texas, for services performed in the amount shown above.

_25 JUN 09_ _____    _[signature] R. Sandoval_ _____
Date                                          Judge

Reason for Denial or variation: ☐ Request exceeds flat rate. ☐ Request exceeds hourly rate. ☐ Other, see attached.

## SUMMARY OF SERVICES
Cause No. F08-24667-FY
*The State of Texas v. James Broadnax*
May 26, 2009 through May 29, 2009

| Date | Service | Time |
|------|---------|------|
| 5-26-09 | To Court to begin voir dire. | 8.00 |
| 5-27-09 | To Court to continue voir dire. | 8.50 |
| 5-28-09 | To Court to continue voir dire. | 7.00 |
| 5-29-09 | To Court to continue voir dire. | 7.00 |
| TOTAL HOURS | | 30.50 |

30.50 HOURS @ $150.00 PER HOUR = $4,575.00

$4,575.00 less $3,050 paid per invoice paid 6-29-09 = $1,525.00

**THIS IS AN AMENDED AND SUPPLEMENTAL PAYMENT REQUEST DUE TO ERROR IN CALCULATION ON ORIGINAL PAYMENT REQUEST OF 6-29-09.**

*Death Pen*

REQUEST FOR PAYMENT BY APPOINTED COUNSEL

THE STATE OF TEXAS          §    IN THE _Criminal_ DISTRICT COURT _No. 7_
VS. _James Broadnax_        §    OF DALLAS COUNTY, TEXAS

Appointment Date: _2-11-09_  Disposition Date: _____  Partial/Supplemental Payment Request: (YES) NO
Dates of Jail Visits: _____

OFFENSE: _Cap Murder_          CASE NO.: _F08-24667-Y_          GRADE: _Death Penalty_

I UNDERSTAND THAT I MAY BE COMPENSATED UNDER SECTION "A" BELOW ONLY IF THE CASE HAS BEEN FINALLY DISPOSED OF EITHER BY A DISMISSAL, PLEA, TRIAL, CONTINUATION OF COMMUNITY SUPERVISION, OR COMPETENCY DISPOSITION. I FURTHER UNDERSTAND THAT WHEN I AM COMPENSATED UNDER SECTION "A" BELOW, I AM NOT REQUIRED TO LIST THE LEGAL SERVICES PROVIDED. IF THERE ARE EXCEPTIONAL CIRCUMSTANCES IN THE CASE, ADDITIONAL COMPENSATION MAY BE REQUESTED AS PROVIDED IN SECTION "B".
**This case has been finally disposed of in the following manner (circle one):**

DISMISSAL--AGREED PLEA--OPEN PLEA--JURY TRIAL--TBC--REVOCATION HEARING--COMPETENCY HEARING

☐ A. I request standard compensation for this case as follows (check one):
    ☐ PROBATION VIOLATION........$300    ☐ STATE JAIL/3RD DEGREE FELONY.........$400
    ☐ 2ND DEGREE FELONY..............$500    ☐ 1ST DEGREE FELONY/MINI-CAP............$600
    ☐ CONTESTED TRIAL................☐$800 (Full day).......☐$400 (Half day)
    ☐ COMPETENCY HEARING........☐$600 (Contested)......☐$300 (Agreed)

☐ B. I request additional compensation (at the rate of $100 per hour) in the amount of $_____ for services performed. If I am requesting additional compensation, or if I am requesting compensation for services performed prior to counsel being retained, I must attach the form entitled *"Detailed List of Legal Services Provided."*
    _7-15-09_

☑ C. Death Penalty Case. I request compensation at the rate of $150.00 per hour in the amount of $ _1,425.00_ for services performed and/or $ _3,000.00_ for voir dire and each day of trial as listed on the attached *"Detailed List of Legal Services Provided."*

☐ D. Appeal/Writ. I request compensation (at the rate of $100 per hour) in the amount of $_____ for services performed as listed on the attached *"Detailed List of Legal Services Provided."*

☐ E. I request payment for expert witness/investigator expenses in the amount of $ _____ for services performed as listed on the attached itemized bill.

TOTAL AMOUNT REQUESTED: $ _4,425.00_  COURT APPROVED AMOUNT: $ _4,425.00_

AFFIRMATION

I the undersigned attorney, am appointed to represent the above-named defendant and am requesting payment in accordance with the laws of the State of Texas. I further affirm to the truth and correctness to the information stated above, and that I have not received any other monies or anything else of value for said services.

_Douglas H. Parks_ , Attorney at Law.    Date: _____

ATTORNEY INFORMATION (Print):                    (For Auditor Use Vendor I.D. _____ )
Name _Douglas H. Parks_ _____ State Bar No. _15520000_
Mailing Address: _321 Calm Water Lane    Holly Lake Ranch, TX  75765_
    Number    Street    Suite    City    State    Zip
Telephone. _(214) 521-2620_ Soc. Sec. No. _____
    (Not required if S.S. number is on file with County Auditor's Office)

TO THE COMMISSIONERS COURT OF DALLAS COUNTY, TEXAS:
    I the undersigned Judge of Dallas County, Texas do hereby certify that the defendant in the above cause(s) has on file with this court an affidavit reflecting indigency and an inability to afford counsel, that the attorney shown above has been appointed to represent the defendant and that said attorney is entitled under Article 26.05, Texas Code of Criminal Procedure, to be paid from the General Fund of Dallas County, Texas, for services performed in the amount shown above.

_29 Jun 09_ _____          _Michael R. Snipes_ _____
Date                                  Judge
Reason for Denial or variation: ☐ Request exceeds flat rate. ☐ Request exceeds hourly rate. ☐ Other, see attached.

_Death Pen_

<u>REQUEST FOR PAYMENT BY APPOINTED COUNSEL</u>

THE STATE OF TEXAS    §    IN THE _Criminal_ DISTRICT COURT _No. 7_
VS _James Broadnax_    §    OF DALLAS COUNTY, TEXAS

Appointment Date: _2-11-09_ Disposition Date: _____ Partial/Supplemental Payment Request (YES) NO
Dates of Jail Visits: _____
OFFENSE: _Cap. Murder_    CASE NO.: _F08-24662-PY_    GRADE: _Death Penalty_

I UNDERSTAND THAT I MAY BE COMPENSATED UNDER SECTION "A" BELOW ONLY IF THE CASE HAS BEEN FINALLY
DISPOSED OF EITHER BY A DISMISSAL, PLEA, TRIAL, CONTINUATION OF COMMUNITY SUPERVISION, OR COMPETENCY
DISPOSITION. I FURTHER UNDERSTAND THAT WHEN I AM COMPENSATED UNDER SECTION "A" BELOW, I AM NOT
REQUIRED TO LIST THE LEGAL SERVICES PROVIDED. IF THERE ARE EXCEPTIONAL CIRCUMSTANCES IN THE CASE,
ADDITIONAL COMPENSATION MAY BE REQUESTED AS PROVIDED IN SECTION "B".
**This case has been finally disposed of in the following manner (circle one):**

DISMISSAL--AGREED PLEA--OPEN PLEA--JURY TRIAL--TBC--REVOCATION HEARING--COMPETENCY HEARING

☐ A. I request standard compensation for this case as follows (check one):
    ☐ PROBATION VIOLATION.......$300    ☐ STATE JAIL/3^RD DEGREE FELONY.........$400
    ☐ 2^ND DEGREE FELONY..............$500    ☐ 1^ST DEGREE FELONY/MINI-CAP............$600
    ☐ CONTESTED TRIAL.................☐$800 (Full day)........☐$400 (Half day)
    ☐ COMPETENCY HEARING........☐$600 (Contested)......☐$300 (Agreed)

☐ B. I request additional compensation (at the rate of $100 per hour) in the amount of $_____
for services performed. If I am requesting additional compensation, or if I am requesting compensation for
services performed prior to counsel being retained, I must attach the form entitled _"Detailed List of Legal
Services Provided."_

☒ C. Death Penalty Case. I request compensation at the rate of $150.00 per hour in the amount of
$ _2,400.00_ for services performed and/or $ _7,425.00_ for voir dire and each day of
trial as listed on the attached _"Detailed List of Legal Services Provided."_

☐ D. Appeal/Writ. I request compensation (at the rate of $100 per hour) in the amount of $_____
for services performed as listed on the attached _"Detailed List of Legal Services Provided."_

☐ E. I request payment for expert witness/investigator expenses in the amount of $_____ for services
performed as listed on the attached itemized bill.

TOTAL AMOUNT REQUESTED: $ _9,825.00_ COURT APPROVED AMOUNT: $ _9,825.00_

**AFFIRMATION**

I the undersigned attorney, am appointed to represent the above-named defendant and am requesting payment in
accordance with the laws of the State of Texas. I further affirm to the truth and correctness to the information stated above, and
that I have not received any other monies or anything else of value for said services.

_____, Attorney at Law.    Date: _____

ATTORNEY INFORMATION (Print):    (For Auditor Use Vendor I.D. _____)
Name _Douglas H. Parks_    State Bar No. _15520000_
Mailing Address: _321 Calm Water Lane  Holly Lake Ranch, TX  75765_
   Number    Street    Suite    City    State    Zip
Telephone: _(214) 521-2670_ Soc. Sec. No _____
    (Not required if S.S. number is on file with County Auditor's Office)

TO THE COMMISSIONERS COURT OF DALLAS COUNTY, TEXAS:
I the undersigned Judge of Dallas County, Texas do hereby certify that the defendant in the above cause(s) has on file
with this court an affidavit reflecting indigency and an inability to afford counsel, that the attorney shown above has been
appointed to represent the defendant and that said attorney is entitled under Article 26.05, Texas Code of Criminal Procedure, to
be paid from the General Fund of Dallas County, Texas, for services performed in the amount shown above.

_14 July 09_
Date    Judge

Reason for Denial or variation: ☐ Request exceeds flat rate. ☐ Request exceeds hourly rate. ☐ Other, see attached.



## SUMMARY OF SERVICES
Cause No. F08-24667-FY
*The State of Texas v. James Broadnax*
June 29, 2009 through July 10, 2009

| Date | Service | Time |
|---|---|---|
| 6-29-09 | To Court to continue voir dire. | 7.00 |
| 6-29-09 | To Oak Lawn office to meet with Dr. ***; pull and review added questionnaires; research gang issue. | 3.50 |
| 6-30-09 | To Court to continue voir dire. | 8.50 |
| 7-1-09 | To Court to continue voir dire. | 2.50 |
| 7-2-09 | To Court to continue voir dire. | 2.50 |
| 7-5-09 | Pull and review remaining questionnaires. | 2.00 |
| 7-6-09 | To Court to continue voir dire; pretrial conference with David Alex. | 6.50 |
| 7-6-09 | Re-pull new list of questionnaires and review. | 1.00 |
| 7-7-09 | To Court to continue voir dire. | 7.00 |
| 7-7-09 | Pull questionnaires for new schedule; review to end of week. | 1.00 |
| 7-8-09 | To Court to continue voir dire. | 7.00 |
| 7-9-09 | To Court to continue voir dire.  Finish pool selection. | 8.50 |
| 7-10-09 | Final organization of jury pool; to courthouse to meet Brad Lollar, Brendan Ross; Keri Mallon for conference; to Public Defender's Office to review and rate prospective jurors. | 8.50 |
| TOTAL TIME | | 65.50 |

65.50 HOURS @ $150.00 = $9,825.00

59603                                C                                    4407- 6185

## REQUEST FOR PAYMENT BY APPOINTED COUNSEL

THE STATE OF TEXAS  _Broadway_  §  IN THE _Criminal_ DISTRICT COURT _No. 7_
VS. _James Broadnay_  §  OF DALLAS COUNTY, TEXAS

Appointment Date: _2-11-09_ Disposition Date: _8-21-09_ Partial/Supplemental Payment Request: YES (NO)
Dates of Jail Visits: _____
OFFENSE: _Cap. Murder_          CASE NO.: _F08-24667-FY_   GRADE: _Death Penalty_

I UNDERSTAND THAT I MAY BE COMPENSATED UNDER SECTION "A" BELOW ONLY IF THE CASE HAS BEEN FINALLY DISPOSED OF EITHER BY A DISMISSAL, PLEA, TRIAL, CONTINUATION OF COMMUNITY SUPERVISION, OR COMPETENCY DISPOSITION. I FURTHER UNDERSTAND THAT WHEN I AM COMPENSATED UNDER SECTION "A" BELOW, I AM NOT REQUIRED TO LIST THE LEGAL SERVICES PROVIDED. IF THERE ARE EXCEPTIONAL CIRCUMSTANCES IN THE CASE, ADDITIONAL COMPENSATION MAY BE REQUESTED AS PROVIDED IN SECTION "B".
**This case has been finally disposed of in the following manner (circle one):**

DISMISSAL--AGREED PLEA--OPEN PLEA--JURY TRIAL--TBC--REVOCATION HEARING--COMPETENCY HEARING

☐ A. I request standard compensation for this case as follows (check one):
   ☐ PROBATION VIOLATION........$300      ☐ STATE JAIL/3ʳᵈ DEGREE FELONY.........$400
   ☐ 2ᴺᴰ DEGREE FELONY..............$500    ☐ 1ˢᵀ DEGREE FELONY/MINI-CAP............$600
   ☐ CONTESTED TRIAL................☐$800 (Full day)........☐$400 (Half day)
   ☐ COMPETENCY HEARING........☐$600 (Contested)......☐$300 (Agreed)          SEP 16 2005

☐ B. I request additional compensation (at the rate of $100 per hour) in the amount of $_____
   for services performed. If I am requesting additional compensation, or if I am requesting compensation for services performed prior to counsel being retained, I must attach the form entitled *"Detailed List of Legal Services Provided."*

☒ C. Death Penalty Case. I request compensation at the rate of $150.00 per hour for the amount of
   $ _1,095.00_ for services performed and/or $ _15,000.00_ for each day of trial as listed on the attached *"Detailed List of Legal Services Provided."*  By _____ Date _____

☐ D. Appeal/Writ. I request compensation (at the rate of $100 per hour) in the amount of $_____
   for services performed as listed on the attached *"Detailed List of Legal Services Provided."*

☐ E. I request payment for expert witness/investigator expenses in the amount of $_____ for services performed as listed on the attached itemized bill.

TOTAL AMOUNT REQUESTED: $ _16,095.00_ COURT APPROVED AMOUNT: $ _16,695.00_

### AFFIRMATION

I the undersigned attorney, am appointed to represent the above-named defendant and am requesting payment in accordance with the laws of the State of Texas. I further affirm to the truth and correctness to the information stated above, and that I have not received any other monies or anything else of value for said services.

_____, Attorney at Law.    Date: _____

ATTORNEY INFORMATION (Print)                 (For Auditor Use Vendor I.D _____)
Name _Douglas H. Parks_                          State Bar No. _15520000_
Mailing
Address: _321 Calm Water Lane Holly Lake Ranch, TX    75765_
          Number    Street    Suite              City        State        Zip
Telephone. _(214) 571-2670_   Soc. Sec. No. _____
                                   (Not required if S.S number is on file with County Auditor's Office)

TO THE COMMISSIONERS COURT OF DALLAS COUNTY, TEXAS:
   I the undersigned Judge of Dallas County, Texas do hereby certify that the defendant in the above cause(s) has on file with this court an affidavit reflecting indigency and an inability to afford counsel, that the attorney shown above has been appointed to represent the defendant and that said attorney is entitled under Article 26.05, Texas Code of Criminal Procedure, to be paid from the General Fund of Dallas County, Texas, for services performed in the amount shown above.

_28A4609_                       _____
Date                            Judge
Reason for Denial or variation: ☐ Request exceeds flat rate. ☐ Request exceeds hourly rate. ☐ Other, see attached.

## SUMMARY OF SERVICES
### Cause No. F08-24667-FY
*The State of Texas v. James Broadnax*
August 10, 2009 through August 21, 2009

| Date | Activity | Time |
|------|----------|------|
| 8-10-09 | To Court for jury trial and return. Prepare for tomorrow. | Trial Day |
| 8-11-09 | To Court to continue jury trial and return. Prepare for tomorrow. | Trial Day |
| 8-12-09 | To Court to continue jury trial and return. Prepare for tomorrow. | Trial Day |
| 8-13-09 | To Court to continue jury trial and return. Prepare for tomorrow. | Trial Day |
| 8-14-09 | To Court to continue jury trial and return. Prepare for tomorrow. | Trial Day |
| 8-16-09 | To hotel to meet with witnesses; preparation for witness testimony; review court's charge and prepare objections. | 7.30 |
| 8-17-09 | To Court to continue trial and return. Prepare for tomorrow. | Trial Day |
| 8-18-09 | To Court to continue trial and return. Prepare for tomorrow. | Trial Day |
| 8-19-09 | To Court to continue trial and return. Prepare for tomorrow. | Trial Day |
| 8-20-09 | To Court to continue trial and return. Prepare for tomorrow. | Trial Day |
| 8-21-09 | To Court to continue and complete trial. | Trial Day |

TOTAL DAYS = 10 @ $1,500.00 PER DAY = $15,000.00

7.3 HOURS @ $150.00 = $1,095.00

TOTAL REQUEST FOR PAYMENT = $16,095.00

10876|                                                              4407- 6185

## REQUEST FOR PAYMENT BY APPOINTED COUNSEL

THE STATE OF TEXAS _Jamus Broadway_ §    IN THE _Criminal_ DISTRICT COURT _No. 7_
vs. _____ §    OF DALLAS COUNTY, TEXAS

Appointment Date: _____    Disposition Date: _8-21-09_ Partial/Supplemental Payment Request: YES / NO

Dates of Jail Visits: _____

OFFENSE: _Cap. Murder_                CASE NO.: _F02-24667_         GRADE: _Death Penalty_

I UNDERSTAND THAT I MAY BE COMPENSATED UNDER SECTION "A" BELOW ONLY IF THE CASE HAS BEEN FINALLY DISPOSED OF EITHER BY A DISMISSAL, PLEA, TRIAL, CONTINUATION OF COMMUNITY SUPERVISION, OR COMPETENCY DISPOSITION. I FURTHER UNDERSTAND THAT WHEN I AM COMPENSATED UNDER SECTION "A" BELOW, I AM NOT REQUIRED TO LIST THE LEGAL SERVICES PROVIDED. IF THERE ARE EXCEPTIONAL CIRCUMSTANCES IN THE CASE, ADDITIONAL COMPENSATION MAY BE REQUESTED AS PROVIDED IN SECTION "B".

**This case has been finally disposed of in the following manner (circle one):**

DISMISSAL--AGREED PLEA--OPEN PLEA--JURY TRIAL—TBC--REVOCATION HEARING--COMPETENCY HEARING

☐ A. I request standard compensation for this case as follows (check one):
   ☐ PROBATION VIOLATION. ......$300         ☐ STATE JAIL/3ᴿᴰ DEGREE FELONY... ...$400
   ☐ 2ᴺᴰ DEGREE FELONY..............$500      ☐ 1ˢᵀ DEGREE FELONY/MINI-CAP............$600
   ☐ CONTESTED TRIAL................☐$800 (Full day)........☐$400 (Half day)
   ☐ COMPETENCY HEARING........☐$600 (Contested)......☐$300 (Agreed)

☐ B. I request additional compensation (at the rate of $100 per hour) in the amount of $ _____ for services performed. If I am requesting additional compensation, or if I am requesting compensation for services performed prior to counsel being retained, I must attach the form entitled *"Detailed List of Legal Services Provided."*

☐ C. Death Penalty Case. I request compensation at the rate of $150.00 per hour in the amount of $ _____ for services performed and/or $ _____ for voir dire and each day of trial as listed on the attached *"Detailed List of Legal Services Provided."*

☐ D. Appeal/Writ. I request compensation (at the rate of $100 per hour) in the amount of $ _____ for services performed as listed on the attached *"Detailed List of Legal Services Provided."*

☑ E. I request payment for expert witness/investigator expenses in the amount of $ _8,380.00_ for services performed as listed on the attached itemized bill.

TOTAL AMOUNT REQUESTED: $ _8,380.00_   COURT APPROVED AMOUNT: $ _8,380.00_

### AFFIRMATION

I the undersigned attorney, am appointed to represent the above-named defendant and am requesting payment in accordance with the laws of the State of Texas. I further affirm to the truth and correctness to the information stated above, and that I have not received any other monies or anything else of value for said services.

_____, Attorney at Law    Date: _____

ATTORNEY INFORMATION (Print)                    (For Auditor Use Vendor I.D. _1552 0000_ )

Name _Gilda Kessner_                            State Bar No. _15520000_

Mailing
Address. _P.O. Box 181954_ _Dallas, TX_ _75218-1954_
          Number   Street          Suite          City          State   Zip
Telephone: _____ Soc. Sec. No. _25-2828281_

(Not required if S.S. number is on file with County Auditor's Office)

TO THE COMMISSIONERS COURT OF DALLAS COUNTY, TEXAS:

I the undersigned Judge of Dallas County, Texas do hereby certify that the defendant in the above cause(s) has on file with this court an affidavit reflecting indigency and an inability to afford counsel, that the attorney shown above has been appointed to represent the defendant and that said attorney is entitled under Article 26.05, Texas Code of Criminal Procedure to be paid from the General Fund of Dallas County, Texas, for services performed in the amount shown above.

_____        _____
Date                                  Judge

Reason for Denial or variation: ☐ Request exceeds flat rate. ☐ Request exceeds hourly rate. ☐ Other, see attached.

**Gilda Kessner, Psy.D., P.C.**

PO Box 181954
Dallas, TX 75218-1954
214.455.7692

| Bill To: | In Reference To: |
|---|---|
| Doug Parks<br>321 Calm Water Lane<br>Holly Lake Ranch, Texas 75765 | State of Texas vs. Jar<br>Cause No. F08-24667 |

| DATE | SERVICE PROVIDED | HOURS | R | |
|---|---|---|---|---|
| 7/10/2009 | Research & Literature Review | 2 | | |
| 7/15/2009 | Attorney Conference, Travel | 3 | | |
| 7/15/2009 | Records Review | 4 | | |
| 7/16/2009 | Attorney Conference | 0.5 | | |
| 7/22/2009 | Research & Literature Review | 2 | | |
| 7/27/2009 | Records Review | 3 | 200.00 | |
| 8/2/2009 | Telephone Conference: Attorney | 0.3 | 200.00 | 600.00 |
| 8/3/2009 | Records Review | 3.4 | 200.00 | 60.00 |
| 8/11/2009 | Attorney Conference, Travel | 2.5 | 200.00 | 680.00 |
| 8/12/2009 | Attorney Conference, Testimony Observation, Travel | 4.5 | 200.00 | 500.00 |
| | | | | 900.00 |
| 8/14/2009 | Testimony Observation, Travel | 2.5 | 200.00 | 500.00 |
| 8/17/2009 | Testimony Observation, Attorney Conference, Travel | 6.4 | 200.00 | 1,280.00 |
| 8/18/2009 | Records Review | 2.5 | 200.00 | 500.00 |
| 8/19/2009 | Testimony Observation, Attorney Conference, Travel | 1.7 | 200.00 | 340.00 |
| 8/19/2009 | Testimony Observation, Attorney Conference, Travel | 3.6 | 200.00 | 720.00 |

Payable: Gilda Kessner, Psy.D., P.C.
Tax ID 75-2828281, Texas Lic. 2-6886

**Total** $8,380.00

DEFENSE EXHIBIT 16          AFFIDAVIT/ELIZABETH LUTTON

CAUSE NO. F08-24667-Y

THE STATE OF TEXAS                          CRIMINAL DISTRICT COURT #7

v.

JAMES G. BROADNAX                           DALLAS COUNTY, TEXAS

### AFFIDAVIT

Before me, the undersigned authority, personally appeared __Elizabeth Lutton__, who, being by me duly sworn, deposed as follows:

My name is __Elizabeth Lutton__, I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

I am a custodian of the records of **Dallas Sheriff's Office (DSO), Dallas County, Texas.** Attached hereto is **4 pages** of records from DSO. This said **4 pages** of records are kept by **DSO** in the regular course of business, and it was the regular course of business of **DSO** for an employee or representative of **DSO**, with knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the original or exact duplicates of the original.

_Elizabeth Lutton_
AFFIANT

SWORN TO AND SUBSCRIBED before me on the __20__ day of __June__, __2011__ .
My commission expires: __9/13/2011__

_____
Notary Public, State of Texas
Notary's printed name:
Roberta Denise Whited



DEFENDANT'S
EXHIBIT



ROBERTA DENISE WHITED
Notary Public
STATE OF TEXAS
Commission Exp. 09-13-2011

AIS



Quick Links... ▧

**Magistrate Hearing - BROADNAX , JAMES**          Search          Referrals          User: Roberta Whited

| Identification | Offense (3) | Arrest (2) | Book-In | Magistrate | Warrants | Jail | Bonds | Pro.Trial Rel |
| Dist. Attorney | | Grand Jury | | | Divert Court | Court | | |

Current Bookin No: 10048680 - Released

## Adult Identification Information

| AIS Number | DPS/SID Number | LAI Number | FBI Number |
|---|---|---|---|
| 2725502 | 08189265 | 1077722 | |
| **True Last Name** | **Suffix** | **True First Name** | **Middle Name** |
| BROADNAX | | JAMES | GARDIELD |
| **Date of Birth** | **Current Age** | **Height** | **Weight** |
| 10/30/1988 | 22 | 6' 3" | 160 lb |
| **Photo** | **Fingerprints** | **In Dallas Jail Before** | **Native Language** |
| Unavailable | Unavailable | NO | |
| **Race** | **Sex** | **Ethnicity** | **Skin Tone** |
| Black | Male | Non Hispanic | Dark |

Date: 9/10/2010
Photos(2)

### Magistrate Research

Magistrate Research DT/TM
Jun 21 2008 3:55 AM

Magistrate Staff
Tolbert, Cassandra

### Dallas County Court History

| Case No. | Agency | Offense Description | L/D | Offense DT/TM | Court | Disposition |
|---|---|---|---|---|---|---|

### Dallas County Criminal History

| Offense Description (Priors) | OffenseDT | Statute Citation | L/D | Warrant # | Dom./Fam. Viol. |
|---|---|---|---|---|---|
| BENCH WARRANT - CAPITAL MURDER | 06/19/2008 | 19.03 PC | FX | F0824667Y | No |

### TCIC/NCIC Information

☐ TCIC          ☐ NCIC

### Current Offense/Hold Information

| Arresting Agency | Offense Description | OffenseDT | Statute Citation | L/D | Warrant # | Court | 1st Setting | Reason Code | PIA |
|---|---|---|---|---|---|---|---|---|---|
| Garland Police | CAPITAL MURDER OF MULTIPLE PERSONS | 06/19/2008 | 19.03 (a)(7) PC | FX | F0824667 | F1 | | Computer Assigned | ☐ |
| Garland Police | CAPITAL MURDER OF MULTIPLE PERSONS | 06/20/2008 | 19.03 (a)(7) PC | FX | F0824629 | F1 | | Computer Assigned | ☑ |

☑ Research Complete

Reason for Expedition

Clerk's Comments
2. NO PRIOR FELONIES

### Magistrate Hearing

Arrest DT/TM
Jun 20 2008 12:00 AM

Book-In #
08047374

Book-In DT/TM
Jun 21 2008 2:51 AM

### Book-In Comments

CHG #90824629J ADDED PER PC WRNT............TVARGHESE2 062108 BSO F0824629 $1,000,000.00 CASH/SURETY PER JONATHAN VICKERY 06/21/2008 05:45:00......MHUGHES 062108 CHG F0824667 ADDED PER WRNT 070308 BMCLEMORE CHG F0824629 WRNT RECD AND EXECUTED 070308 BMCLEMORE BSO F0824629 $1,000,000.00 CASH/SURETY PER JONATHAN VICKERY 06/21/2008 05:45:00 BSO F0824667 $1,000,000.00 CASH/SURETY PER KATHERINE MIRACLE 07/04/2008 01:25:00 CHG F0824667 JCJP DEFT GIVE NOTICE OF APPEAL TO THE CRTS PER DISPO LITTLES/TSMITH 082109 CASE#F0824629 CASE DISMISSED PER CRT DISPO LITTLES 082809 ZACHARIAH#

AIS

**Magistration Legend:**   New Offense      Judge Reviewed      Judge Magistrated      Bond Posted

**Current Offenses**                Arresting Agency: Garland Police

| Chg No. | Offense Description | Offense DT | Statute Citation | L/D | F.V. | Warrant # | No Bond Allowed | Bond Amount | Bond Type | High Bond | EPO | OFD | Bond Remarks | Pre-Trial Release |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | CAPITAL MURDER OF MULTIPLE PERSONS | 06/19/2008 | 19.03 (a)(7) PC | FX | No | F0824667 | ☐ | 1000000.00 | Cash/Surety | | | | Add/Update | ☐ |
| 1 | CAPITAL MURDER OF MULTIPLE PERSONS | 06/20/2008 | 19.03 (a)(7) PC | FX | No | F0824629 | ☐ | 1000000.00 | Cash/Surety | | | | Add/Update | ☐ |

**Magistration Legend:**   New Offense      Judge Reviewed      Judge Magistrated      Bond Posted

**Holds**

| Arresting Agency | Offense Description | Date Issued | Warrant # | No Bond Allowed | Bond Amount | Bond Type | Bond Remarks |
|---|---|---|---|---|---|---|---|

**Affidavit of Indigence**

| Felony | Misdemeanor | Psychological Assessment Program |
|---|---|---|
| English | None | No |

**Vienna Convention**

| Citizenship | Country |
|---|---|
| United States | |
| | Status      Notification |

**Magistration Legend:**   New Offense      Judge Reviewed      Judge Magistrated

**Documents**

| Offense Description | Arraignment Sheet | Interlock Order | Emergency Prot. Order | 24-Hr Det. Order | 48-Hr Det. Order |
|---|---|---|---|---|---|
| CAPITAL MURDER OF MULTIPLE PERSONS | Yes | None | None | None | None |
| CAPITAL MURDER OF MULTIPLE PERSONS | No | None | None | None | None |

**Conditions of Bond**

| UpdateDT | Warrant No | Offense Desc |
|---|---|---|
| | F0824667 | CAPITAL MURDER OF MULTIPLE PERSONS |
| | F0824629 | CAPITAL MURDER OF MULTIPLE PERSONS |

■ Judge's Comments History (empty)

Judge's Comments

| Initial Magistrate DT/TM | Last Updated By | Pre-Trial Release Approval |
|---|---|---|
| Jun 21 2008 5:45 AM | Whited, Roberta | ☐ |

AIS





# Dallas County
## Sheriff's Office
### Mugshot Profile

| | |
|---|---|
| **Name:** | BROADNAX , JAMES |
| **Alias 1** | BROADNAX, JAMES |
| **AIS #:** | 2725502 |
| **Book-In No.:** | |
| **Book-In Date/Time:** | Saturday, June 21, 2008 |
| **LAI#:** | 1077722 |
| **DOB:** | 10/30/1988 |
| **Arrest Age:** | 19 |
| **Current Age:** | 22 |
| | |
| **Sex:** | Male |
| **Race:** | Black |
| **Height:** | 6' 3" |
| **Weight:** | 160 |
| **Hair Color:** | Black |
| **Eye Color:** | Brown |





# Dallas County
# Sheriff's Office
## Mugshot Profile



| | |
|---|---|
| **Name:** | BROADNAX , JAMES |
| **Alias 1** | BROADNAX, JAMES |
| **AIS #:** | 2725502 |
| **Book-In No.:** | |
| **Book-In Date/Time:** | Friday, September 10, 2010 |
| **LAI#:** | 1077722 |
| **DOB:** | 10/30/1988 |
| **Arrest Age:** | 21 |
| **Current Age:** | 22 |
| | |
| **Sex:** | Male |
| **Race:** | Black |
| **Height:** | 6' 3" |
| **Weight:** | 160 |
| **Hair Color:** | Black |
| **Eye Color:** | Brown |

# ARRAIGNMENT SHEET

Book-in No. 08047374
LAI No.    1077722

Black    Male    10/30/1988

The State of Texas, County of Dallas

I, _____Jonathan Vickery_____, of Dallas County, Texas, sitting as a Magistrate, do hereby certify that on this, the _21_ day of _____June_____, 2008 at _5:45 AM_, sitting at 111 Commerce, City of Dallas, Dallas County, Texas appeared _____JAMES GARDIELD BROADNAX_____, being a person under arrest, and that I have in clear language informed the person arrested of the accusation against him and of any Affidavit filed herewith, and of his right to retain counsel, and of his right to the appointment of counsel if he is indigent and cannot afford counsel, and of his right to remain silent, and of his right to have an attorney present during any interview with peace officers or attorneys representing the State, and of his right to terminate the interview at any time, and of his right to have an examining trial.

I informed the person arrested that he does not have to make any statement at all, and that any statement made by him may be used in evidence against him on his trial for the offense concerning which the statement is made.

I informed the person arrested that reasonable time and opportunity would be allowed him to consult counsel and of his rights to bail if allowed by law.

I also informed the person arrested that if he is not a citizen of the United States that he may have the right to contact consular officials from his country and that if he is a citizen of certain countries that consular officials would be notified of this arrest without further action required on his part.

[✓] The person arrested stated that he is a citizen of the United States of America

| Offense(s): | Cause No. | Agency Name | Bond Amount |
|---|---|---|---|
| CAPITAL MURDER OF MULTIPLE PERSONS | F0824629 | Garland Police | $1,000,000.00 Cash/Sur |

DEFENDANT'S EXHIBIT
17

THE STATE OF TEXAS
COUNTY OF DALLAS

I, Gary Fitzsimmons, District Clerk of Dallas County, Texas, do hereby certify that the foregoing is a true and correct copy as the same appears on record now on file in my office.

Witness my official hand and seal of office, this _____

GARY FITZSIMMONS DISTRICT CLERK
Dallas County Texas
By:_____

Remanded to custody of _____DSO_____ in witness whereof, I have subscribed my name
this the _21_ day of _____June_____, 2008.

_____    _____
Magistrate    Dallas County, Texas

Page 1 of 1

*unfiled / J*

# DEFENDANT'S AFFIDAVIT
## OF INDIGENCE



Cause No. **F0824629**   *Cap Murder Mult*
Court   **Criminal District Court No. 1 (FH)**
Dallas County, Texas

*B/ M 10/30/88*

*BKM 08047374*

The State of Texas
·vs.
**JAMES GARDIELD BROADNAX**

Before me, the undersigned authority, of this date, personally appeared the defendant in the above styled and numbered cause, known to me to be the person whose name is subscribed hereto as affiant. The defendant, having stated that he was indigent and unable to employ counsel, was placed under oath and inquiry was made in the following factors: the defendant's income and source of income, property owned, outstanding obligations, necessary expenses, number and ages of dependents, spousal income and other matters indicating that he is in fact indigent.

The defendant then deposed and stated as follows:
On this **21** day of **June**, **08**, I have been advised by the Court of my right to representation by counsel in the trial of the charges pending against me. I certify that I am without means to employ counsel of my own choosing, and I hereby request the Court to appoint counsel for me.

My total monthly income, including spouse's income, SSI, child support, disability or other is:
$ **0**

The total value of my assets, including house, cars, cash, stocks, bonds or other is:
$ **0**

*James Broadnax*
Defendant/Affiant

SUBSCRIBED AND SWORN before me, the undersigned authority, on this the **21** day of **June**, **08**.

Magistrate

## ORDER

On this the _____ day of _____, _____, the Court, having reviewed the foregoing affidavit finds that the defendant is NOT indigent and is financially able to employ counsel.

Signed this _____ day of _____, _____.

_____
Judge, **Criminal District Court No. 1 (FH)**
Dallas County, Texas

## ORDER

On this the _____ day of _____, _____, the Court, having reviewed the foregoing affidavit finds that the defendant is indigent and unable to employ counsel, and hereby approves the affidavit and appoints: *Brad Lollar*, Phone: _____, the Chief Public Defender represented by the Honorable _____, a practicing attorney of this state to represent the defendant in said causes.
Signed this _____ day of _____, _____.

_____
Judge, **Criminal District Court No. 1 (FH)**
Dallas County, Texas

I, Gary Fitzsimmons, Clerk of The Honorable Criminal District Court of Dallas County, Texas, do hereby certify that the foregoing is a true and correct copy as the same appears on record now on file in my office.
Witness my official hand and seal of office; this _____
GARY FITZSIMMONS, DISTRICT CLERK
Dallas County, Texas
By_____, Deputy

## INSTRUCTIONS RELATING TO
## PRELIMINARY INITIAL APPEARANCE



Cause No. **f0824629**

Offense:  **CAPITAL MURDER OF MULTIPLE PERSONS**

The State of Texas

vs.

**JAMES GARDIELD BROADNAX**

On this date appeared **JAMES GARDIELD BROADNAX** , hereafter referred to as defendant, who makes his initial appearance in connection with the above numbered cause. At this appearance a hearing was held, at which the following took place:

1. Defendant was informed as provided in Art. 15.17 CCP.

2. Bail was set in the amount of $ **$1,000,000.00**

3. All    felony    charges associated with this arrest are assigned to and shall be filed in
   **Robert Burns**    Court, **Criminal District Court No. 1 (FH)**

Copies of these instructions served on defendant and transporting officer on this **21** day of
**June** , 20 **08**.

THE STATE OF TEXAS
COUNTY OF DALLAS

I, Gary Fitzsimmons, District Clerk of Dallas County, Texas, do hereby certify that the foregoing is a true and correct copy as the same appears on record now on file in my office.

Witness my official hand and seal of office, this ___

GARY FITZSIMMONS, DISTRICT CLERK
Dallas County, Texas

By: ___
                                    Deputy

DEFENSE EXHIBIT 18          AFFIDAVIT/ELIZABETH LUTTON

CAUSE NO. F08-24667-Y

THE STATE OF TEXAS                          CRIMINAL DISTRICT COURT #7

v.

JAMES G. BROADNAX                           DALLAS COUNTY, TEXAS

## AFFIDAVIT

Before me, the undersigned authority, personally appeared __Elizabeth Lutton__, who, being by me duly sworn, deposed as follows:

My name is Elizabeth Lutton, I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

I am a custodian of the records of **Dallas Sheriff's Office (DSO), Dallas County, Texas**. Attached hereto is **1 page** of records from DSO. This said **1 page** of records are kept by DSO in the regular course of business, and it was the regular course of business of **DSO** for an employee or representative of **DSO**, with knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the original or exact duplicates of the original.

_Elizabeth Lutton_
AFFIANT

SWORN TO AND SUBSCRIBED before me on the _20_ day of June_, _2011_.
My commission expires: ___9/13/2011___



Notary Public, State of Texas
Notary's printed name:
Roberta Denise Whited



DEFENDANT'S
EXHIBIT
18

ROBERTA DENISE WHITED
Notary Public
STATE OF TEXAS
Commission Exp. 09-13-2011

AIS                                                                    Page 1 of 1



**BROADNAX , JAMES**                    Search        Referrals        User: Roberta Whited

| Identification | Offense (3) | Arrest (2) | Book-In | Magistrate | Warrants | Jail | Bonds | Pre-Trial Rel |
| Dist. Attorney | | Grand Jury | | Divert Court | Court | | | |

Current Bookin No: 10048680 - Released

## Adult Identification Information

| | | | |
|---|---|---|---|
| **AIS Number** 2725502 | **DPS/SID Number** 08189265 | **LAI Number** 1077722 | **FBI Number** |
| **True Last Name** BROADNAX | **Suffix** | **True First Name** JAMES | **Middle Name** GARDIELD |
| **Date of Birth** 10/30/1988 | **Current Age** 22 | **Height** 6' 3" | **Weight** 160 lb |
| **Photo** Unavailable | **Fingerprints** Unavailable | **In Dallas Jail Before** NO | **Native Language** |
| **Race** Black | **Sex** Male | **Ethnicity** Non Hispanic | **Skin Tone** Dark |

Date: 9/10/2010
Photos(2)

| Jail Classification | Custody Assessment | Jail Incidents | Jail Misc. | Jail Visitors | D/O | EMO |

### Jail Visitors

| | Book-In No. | Last Name | First Name | DOB | Sex | Race | Book-in DT/TM | Jail |
|---|---|---|---|---|---|---|---|---|
| | 08047374 | BROADNAX | JAMES | 10/30/1988 | Male | Black | 6/21/2008 2:51:00 AM | North Tower |

| # | Last Name | First Name | Driver's License | Visitor Type | Status | Visit DT/TM |
|---|---|---|---|---|---|---|
| 1 | LOLLAR | BRAD | | Attorney | Cleared | 6/24/2008 10:15:00 AM |
| 2 | thompson | teresa | | Other | Cleared | 6/28/2008 12:00:00 AM |
| 3 | kelly | audry | | Family Member | Cleared | 8/18/2008 7:14:00 PM |
| 4 | lollar | brad | | Attorney | Cleared | 12/3/2008 12:00:00 AM |
| 5 | KELLY | AUDREY | | Family Member | Cleared | 12/21/2008 8:55:00 AM |
| 6 | ROSS | BRANDON | | Attorney | Cleared | 2/27/2009 1:30:00 PM |
| 7 | ross | wade | mitigation specialis | Parole Officer | Cleared | 3/12/2009 1:30:00 PM |
| 8 | ROSS | BRENDA | | Attorney | Cleared | 4/8/2009 12:00:00 AM |
| 9 | LOLLAR | BRAD | | Attorney | Cleared | 5/20/2009 10:00:00 AM |
| 10 | MAILON | KERI | | Attorney | Cleared | 6/7/2009 12:00:00 AM |
| 11 | FINDLEY | MEGANN | | Other | Cleared | 6/9/2009 12:00:00 AM |
| 12 | ROSS | WADE | | Attorney | Cleared | 6/26/2009 12:00:00 AM |
| 13 | findley | megann | | Other | Cleared | 7/8/2009 8:28:00 PM |
| 14 | FINDLEY | MEGANN | | Other | Cleared | 7/20/2009 8:25:00 PM |
| 15 | FINDLEY | MEGANN | | Other | Cleared | 8/11/2009 12:00:00 AM |
| 18 | EASON | KEVEN | | Family Member | Cleared | 8/17/2009 7:00:00 PM |
| 21 | MARTIN-WYNN | AIQUIA | | Family Member | Cleared | 8/17/2009 7:00:00 PM |
| 19 | AARON | JACKIE | | Family Member | Cleared | 8/17/2009 7:00:00 PM |
| 16 | AARON | GARY | | Family Member | Cleared | 8/17/2009 7:00:00 PM |
| 20 | WYNN | PARNELL | | Family Member | Cleared | 8/17/2009 7:00:00 PM |
| 17 | KELLY | AUDREY | | Family Member | Cleared | 8/17/2009 7:00:00 PM |
| 22 | FINDLEY | MEGANN | | Other | Cleared | 8/18/2009 12:00:00 AM |
| 23 | KELLY | AUDREY | | Other | Cleared | 8/19/2009 12:00:00 AM |
| 24 | Tatum | John | | Attorney | Cleared | 8/24/2009 12:15:00 PM |
| 25 | FINDLEY | MEGANN | | Other | Cleared | 8/24/2009 8:10:00 PM |
| 26 | findley | megann | | Other | Cleared | 8/28/2009 8:35:00 PM |
| 27 | FINDLEY | MEAGANN | | Other | Cleared | 8/31/2009 8:36:00 PM |

| | 10048680 | BROADNAX | JAMES | 10/30/1988 | Male | Black | 7/1/2010 7:46:00 PM | North Tower |

DEFENSE EXHIBIT 19     REQUEST FOR PAYMENT FROM COUNSEL

DEFENSE EXHIBIT 20     AFFIDAVIT/ JAMES BROADNAX