# Exhibit B

# BROADNAX JURORS LIKELY EXERCISING PEREMTORY ON & SUMMARY OF EXPLANATION:

Each of these jurors were struck for their status as a (3) in terms of their beliefs on the death penalty that also ultimately played out in their answers during individual voir dire:

Sue McCormick #123
S. McCraney #165
Curtis Riser #222
Johnny Sanford #265
Carl Jackson #544
Betty Jackson #1391

Each of these jurors were struck b/c they "are not in favor of the death penalty" and this also ultimately played out in their answers during individual voir dire:

Mattie Vation #131
Angelita Rivera #208
Dedric Morrison #1062

Below were struck for various reasons elicited during voir dire: (NOT SURE WHICH INDIVIDUAL IS BEING REMOVED FROM THESE BELOW AT THIS TIME SO PUT MY THOUGHTS ON ALL TO BE CONSIDERED)

Jerome Williams #6 – there is something odd about how much he wants to serve on this jury, maybe just because he's quite and academic and believes himself to be a legal scholar; concerned about his affiliation w/ capital defendants and work with the Fed PDs

"more influence than other jurors in last jury service;" paralegal w/ criminal justice degree who is anxious to get on this jury; his mother not in favor of d.p. but he is a 8 on the scale; worked w/ the Federal Public Defender's office in past and would still be there if d/n move to Dallas; in response to the question do we need the d.p. in TX, "probably yes, I hedge on what brought the situation up, why the d.p. is a viable option;" felt sorry for 1 client who was in wrong place at wrong time & thought good chance Judge would give probation & when didn't shell shocked & not a dry eye in the place; w/ mitigation wants to make sure have every bit of info to look at...(sounded very serious when talking about mitigation); said age could make a difference; during defense voir dire he said "hope I was able to give you info you are looking for"

Jason Ross #58 – defense attys liked him b/c he is one of them, has done work on death penalty writs and for his answers regarding serious consideration of intoxication as mitigation in the punishment phase

Only favors d.p. when LWOP would be inappropriately light; believe used to often especially in Dallas County under previous administration but understands the mission of our office now is to do justice and feels good about our office now; a 5 on the scale; currently a lawyer doing white collar criminal defense; in 2000 worked

on capital cases at UT cap clinic and did 2-3 d.p. writs and met 2 of the defendants but no relationship w/ either; "we were looking to see if followed the law and I believe jury did the right thing on those;" "as a lawyer I take the oath as a juror very seriously and if case calls for death I will vote for it;" volunteer work in prison though the church but he "knows a lot of people in there are guilty and b/c they committed a crime; "would be a shame if being intox meant otherwise horrible crime goes unpunished or punished less;" BUT also believes "but for being intox the person probably wouldn't have done something like this;" "whether their judgment was impaired could be an important factor in punishment; upbringing as mitigation → "we all got tough lives don't we"

**John Wherry #34 – will increase the State's burden on guilt innocence and in answering special issue on future dangerousness/ really looking for a Ted Bundy & will have a problem w/ defendant having no prior convictions**

Statistician; would require "overwhelming evidence & the likelihood of further violence would have to be highly likely to choose death;" believe d.p. should only apply in very limited circumstances; he is a 6 on the scale; could not answer SI #1 based solely on the facts of the offense; "intox may weigh on how act executed & likelihood of further acts; a persons upbringing, social conditions and genetics make them dangerous; Must hear all these factors b/f impose death, "history of violence, doesn't appear to be any possible chance of changing, person would kill again given the opportunity;" lived in FL in Ted Bundy era but says d.p. feelings go to situations less than Ted Bundy in terms of who should receive it; there would have to be very convincing evidence; uncomfortable w/ eyewitness testimony and would need physical evidence; "if first time occurrence do not think would be any basis for saying likely to occur again; difficult to think probability defendant would do it again if had not been a prior violent act;" he also studied sociology

**Leah Kunard #401 – ultimately she has personal, moral and religious beliefs that will prevail and cause her to overturn sentence of death in SI # 3**

CMC nurse; "as a Christian because of my faith I don't believe it's right to take another person's life;" "wouldn't refuse to serve but wouldn't be thrilled about having someone's life in my hands and I wouldn't take it lightly;" Can rectify above position and serve b/c recognize "people can sit in judgment on days here on earth but ultimately God decides somebody's eternal judgment;" "in a perfect world yes, it should be reserved only for God;" "I was surprised robbery could be considered as a secondary crime that goes w/ murder to make capital b/c do not think robbery is offensive enough of a crime to warrant death penalty b/c it happens a lot, everyday;" "would require a lot of damage to property and it would have had to affected a lot of people;" A "6" on the scale and says "leans more toward the end b/c believe important to engage in but not overly sold on doing it b/c of her spiritual beliefs;" in some ways see sitting on this type of case as a burden; would impose death for sex harass that effects person's dignity and effects person more than just physically if repeatedly sexually harassed, or would need multiple victims to impose death; "eye for eye" → "I think there are other Biblical terms like I think you should just turn the other cheek but I don't think the State of TX should necessarily do that;" "just because a person does something 1 time doesn't mean they're going

to do it again;" she gives a speech regarding defense theory basically saying, "individuals each have an internal moral compass and as individuals we stand alone and can listen to people but ultimately we are guided by our own choices and what we believe is right and wrong;" How would your religious beliefs impact how you answer #3? "I believe like what punishment somebody should receive that would be based on my own beliefs"

**Wesley Marshall#551 – dangerous on SI# 3 and really too young to appreciate process**

Very young and his answers show it; what makes a person dangerous to him is "emotional trauma that was never dealt with, especially in childhood;" He is a "3" on the scale; in favor of rehab; what would determine death over life to him is in egregious cases + the character of the defendant; Too philosophical and believes we have a "moral obligation as a society to improve others;" Based on discussions w/ his girlfriend he has a view that they "run a tight ship" in prison and not likely people have opportunity to commit many violent acts once there

**Agwana Long #868 – death penalty only appropriate where child/elderly victim + auto could not impose death if person intox at time of offense; will not base verdict on law/evidence but on sympathy if she find any so dangerous on SI# 1 & #3**

I challenged her on the record based on her "mixed feelings" on the death penalty & that she could not assess it unless a very fact specific set of circumstances involving children and elderly & mind closed to consider death in all other scenarios; She limits both in her questionnaire and during this individual voir dire the cases she could impose a death sentence on to only cases involving the elderly and children as victims; She says she can follow the law but said if find "sympathy" for the non-shooter ex. Parties then she would not vote for death penalty; believes violence less likely to occur in controlled environment of penitentiary; could not come up with anything that would help her find someone would be a future danger; does not believe an individual would ever take drugs and then go out and commit a criminal offense; if a person was not in their right mind could not give death; intoxication at time of offense would auto prevent death sentence; has been dealt with on multiple check cases out of check dept but received a restitution dismissal;

**Robert Patterson #930 – not in favor of abortion or the death penalty but will do it b/c it's the law (at end of day I believe he is truly a "3" in his d.p. beliefs. He is dangerous on SI # 3 also.**

*you have my additional handwritten notes on him

**ALTERNATE STRIKE:**

**GEORGE PARADISE #1389 – concerns over wife unsolved murder; a bit critical of DPD for their investigation of that case so possible law enforcement bias; he has worked as an investigator and now a lawyer and may over think things and he came off as a bit of a know it all; statement regarding OJ, "leave him alone he was found not guilty;"**

He interviewed 80 inmates on Florida death row and as a result of his work legislature changed conditions and how people treated on death row; did social work with juvenile delinquents; "always going to want to look at everything, he may not be bad at all, he may meet badder guys in prison, give me an opportunity to speak to him for a couple of hours and then I'd know…;" "if I learned this man was the man that killed my wife during the trial I would not consider and hold that against him because it would go against my moral fibers..would I want him to be tried again for her death, absolutely." "met only 7 people I thought were purely evil, 2 on death row and rest murdered somewhere down road"

## Broadnax's Jury Selection

**EXCUSED OR CAUSED JURORS**

| Juror # | Name | Race/Sex | Excused/Caused | *Death Penalty # |
|---|---|---|---|---|
| 968 | Horne, Johnath Tirone | B/M | Exused by agreement. No show. | 1 |
| 473 | Anderson, Luther Jr. | B/M | Disqualified: too nervous | 2 |
| 1384 | Carter, Alvin Jr. | B/M | Excused- wife med. | 2 |
| 193 | Green, Michael Lynn | B/M | Caused | 2 |
| 709 | Hamilton, Kylar F. | B/M | Disqualified: caused, can't follow the law on SI #1) | 2 |
| 1029 | Horton, Fannie M. | B/F | Caused | 2 |
| 183 | Jackson, Jerry Wayne | B/M | Did not show up.  Caused: did not "up" his criminal history | 2 |
| 927 | Konugah, Richard D. | B/M | Caused on courts motion: buying a house in Allen, TX at end of July | 2 |
| 317 | Lane, Sheryl Ann | B/F | Disqualified: theft conviction | 2 |
| 357 | Murphy, Andrew Ray | B/M | Caused: juror does not understand. | 2 |
| 247 | Odam, Bemsha Elaine | B/F | Excused/caused: Because her son is in jail for murder and seeing the defendant now makes it more difficult | 2 |
| 446 | Phlatts, Leonard Antonio | B/M | Caused | 2 |
| 809 | Sanders, Tanya Renee | B/F | Caused.  Did not show. | 2 |
| 493 | Young, Danny Wayne | B/M | Caused: larceny in 1970's, didn't disclose | 2 |
| 804 | Bell, Bertran J. | B/M | Disqualified: criminal history. | 3 |
| 788 | Heard, Loy Dell | B/F | Caused: may now defendant. Not in favor of death penalty. | 3 |
| 829 | Jackson, Sara Susette | B/F | Disqualified: knows Brad. | 3 |
| 903 | Smith, Melvin L. | B/M | Caused: medical reason. | 3 |
| 461 | Hall, Anise Lynette | B/F | Caused: Not in favor of the death penalty.  Life in prison is sufficient | 4 |
| 782 | Hinton, Mary J. | B/F | Caused: not in favor of death penalty. | 4 |
| 156 | Adams, Kimberly | B/F | Caused: not in favor of death penalty. | 4 |
| 677 | Coleman, Eric Jermone | B/M | Excused by agreement | 5 |
| 593 | Davis, Charles Edward | B/M | Caused: not in favor of deah penalty. | 5 |
| 135 | Dews, Pashia Pleshuanna | B/F | Caused: not in favor of death penalty. | 5 |
| 213 | Dobbins, Michael Calvin | B/M | Caused: does not believe in the death penalty.  Nephew is serving life for murder. | 5 |
| 24 | Fontaine, Dorothy Louise | B/F | No show. | 5 |
| 417 | Harrison, Cha Lendia Elece | B/F | Caused: the death penalty is against God's will | 5 |
| 463 | Munson, Pamela Denise | B/F | Caused: not in favor of the death penalty. | 5 |
| 341 | Price, Christie Veronica | B/F | Excused: no show. | 5 |
| 581 | Rhodes, Alana Evette | B/F | Caused: not in favor of death penalty. | 5 |

* With reference to the death penalty, which of the following statements best represents your feelings?
1. I believe that the death penalty is appropriate in all murder cases.
2. I believe that the death penalty is appropriate in some murder cases, and I could return a verdict in a proper case which assessed the death penalty.
3. Although I do not believe that the death penalty ever ought to be invoked, as long as the law provides for it, I could assess it under the proper set of circumstances.
4. I believe that the death penalty is appropriate in some murder cases, but I could never return a verdict which assessed the death penalty.
5. I could never, under any circumstances, return a verdict which assessed the death penalty.